Case 1:00-cv-00173   Document 1   Filed in TXSD on 11/03/2000   Page 1 of 43

JS 44
(Rev. 12/96)

# #114391
# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

ROBERT & GWENDOLYN BROOKS, ALICE CESPEDES MADRAZO, DAVID & JUDITH CLEMENCE, ELISA P. De SIUN aka ELISA P. CHAIX, ET AL

**DEFENDANTS**

KEN PLASTERER and NANCY JEANETTE BAILEY, Each Individually, and LOS CAMPEONES, INC., Individually and dba VALLEY INN & COUNTRY CLUB

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF DULUTH, MN
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT CAMERON
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

United States District Court
Southern District of Texas
FILED

NOV 0 3 2000

Michael N. Milby
Clerk of Court

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

CHRISTOPHER LEE PHILLIPPE
Attorney at Law
307-3 McFadden, Brownsville, TX 78520

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION   (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES   (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT   (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury – Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R R & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☒ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt Report- ing & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U S Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl Ret Inc Security Act | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION   (CITE THE U S CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Through a pattern of racketeering activity, Defendants acquired and maintained control of the enterprises of illegally operating and managing Valley Inn & Country Club Estates, Valley Inn & Country Club Condominiums, and the Valley Inn & Country Club itself, in violation of 18 USC 1962 (b) (c) and (d). The Defendants knowingly and willfully devised a scheme and artifice to defraud lot owners and condominium owners in the subdivision through numerous false and fraudulent pretenses, representations and promises, among others:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES   ☐ NO

## VIII. RELATED CASE(S) IF ANY   (See instructions):

None

JUDGE

DOCKET NUMBER

DATE 11/3/00

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

This form was electronically produced by Elite Federal Forms, Inc

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

## Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.    (a) Plaintiffs – Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.    Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.   Residence (citizenship) of Principal Parties.** This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.    Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**V.    Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV above, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**VI.   Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause.

**VII. Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

CMsPDF · www.fesno.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | |
|---|---|
| ROBERT & GWENDOLYN BROOKS, | § |
| ALICIA CESPEDES MADRAZO, | § |
| DAVID & JUDITH CLEMENCE, | § |
| ELISA P. De SIUN aka ELISA P. CHAIX, | § |
| SANDRA MADARIA, | § |
| RONALD L. MANN, | § |
| HECTOR ELIZONDO NAJERA | § |
| MARY PEABODY, | § |
| WALTER E. PLITT, III, | § |
| ADOLFO PUMAJERO, | § |
| JEAN & H. REED SMITH, | § |
| MARIA ESTHER SOTO, | § |
| JORGE & BERTHA SUSTAETA, | § |
| JUAN & MARIA del CARMEN CUADRA, | § |
| PAUL & ROSALYN CHILTON, | § |
| JAMES & LORRAINE DEWAR, | § |
| CARLOS J. FLORES, | § |
| HUMBERTO RUIZ GARZA, | § |
| ANKJAER JANSEN, | § |
| FOREST & ANN JOSTROM, | § |
| JOHN S. LIGHT, | § |
| ROBERT LIGHT, | § |
| JOAQUIN & ANDELIA B. de MADERO, | § |
| NORMAN & ELAINE MEISSNER, | § |
| CHRISTOPHER L. PHILLIPPE, | § |
| ILA VIRGINIA PHILLIPPE, | § |
| MONICA K. PIER, | § |
| CHARLES & JESSIE RADLIFF, | § |
| PETE de la ROSA, III, | § |
| PATRICIA SMITH-WILLIS, | § |
| HARRY O. WHITE, Jr. | § |
| and ALLEN & RUTH WOLFE | § |
| | § |
| VS. | § |
| | § |
| KEN PLASTERER and NANCY JEANETTE BAILEY, | § |
| Each Individually, and LOS CAMPEONES, INC., | § |
| Individually and dba VALLEY | § |
| INN & COUNTRY CLUB | § |

United States District Court
Southern District of Texas
FILED

NOV - 3 2000

Michael N. Milby
Clerk of Court

CAUSE NO. B - 00 - 173

**DEMAND FOR JURY TRIAL**

1

## COMPLAINT

The Plaintiffs, by and through their attorney, Christopher Lee Phillippe, for their Complaint against the Defendants state as follows:

## PARTIES AND RELATIONSHIPS

### Plaintiffs:

1. Plaintiffs, **ALICIA CESPEDES MADRAZO, ELISA P. De SIUN aka ELIZA P. CHAIX, SANDRA MADARIA, RONALD L. MANN, WALTER E. PLITT, III, ADOLFO PUMAJERO, MARIA ESTHER SOTO, and JORGE & BERTHA SUSTAETA** are individuals who reside in Cameron County, Texas, and own real property (single family residences) located in Brownsville, Cameron County, Texas.

2. Plaintiffs **ROBERT & GWENDOLYN BROOKS** are residents of Duluth, Minnesota, and own real property (a single family residence and several condominium units) located in Brownsville, Cameron County, Texas.

3. Plaintiffs **DAVID & JUDITH CLEMENCE** are residents of Sayner, Wisconsin, and own or owned real property (a single family residence and a condominium) located in Brownsville, Cameron County, Texas.

4. Plaintiff **HECTOR ELIZONDO NAJERA** is a resident of Tampico, Mexico, and owns real property (a single family residence) located in Brownsville, Cameron County, Texas.

5. Plaintiff **MARY PEABODY** is a resident of Ft. Lauderdale, Florida, and owns real property (a single family residence) located in Brownsville, Cameron County, Texas.

6. Plaintiffs **JEAN & H. REED SMITH** are residents of Houston, Texas, and owns real property (a single family residence) located in Brownsville, Cameron County, Texas.

7. Plaintiffs **JUAN I. CUADRA, PAUL L. CHILTON, JOAQUIN & ANDELIA B. de MADERO, CARLOS J. FLORES, ANKJAER JANSEN, JOHN S. LIGHT, ROBERT LIGHT, NORMAN & ELAINE MEISSNER, CHRISTOPHER L. PHILLIPPE, ILA**

2

CVAPDF - www.fenrir.com

**VIRGINIA PHILLIPPE, MONICA K. PIER, CHARLES & JESSIE RADLIFF, PETE de la ROSA, III, HARRY O. WHITE, Jr., and ALLEN & RUTH WOLFE** are individuals who reside in Cameron County, Texas, and own real property (condominiums) located in Brownsville, Cameron County, Texas.

8.   Plaintiffs **JAMES & LORRAINE DEWAR** is a resident of Eau Claire, Wisconsin, and owns real property (a condominium) located in Brownsville, Cameron County, Texas.

9.   Plaintiff **HUMBERTO RUIZ GARZA** and **PATRICIA SMITH-WILLIS** are residents of Tampico, Mexico, and own real property (condominiums) located in Brownsville, Cameron County, Texas.

10.   Plaintiffs **FOREST & ANN JOSTROM** is a resident of Spring Park, Minnesota, and owns real property (a condominium) located in Brownsville, Cameron County, Texas.

**Defendants:**

11.   Defendant KEN PLASTERER is an individual who rides in Brownsville, Texas and may be served at Highway 77 at F.M. Road 802, Brownsville, Cameron County, Texas 78520.

12.   Defendant NANCY JEANETTE BAILEY formerly known as Nancy Bailey Plasterer is an individual who currently rides in Bennettsville, South Carolina and may be served at Jennings Street, Bennettsville, Marlboro County, South Carolina 29512.

13.   Defendant LOS CAMPEONES, INC. is a Texas corporation and has filed an assumed name as doing business as Valley Inn & Country Club, and may be served with process by serving: Ken Plasterer, registered agent and sole shareholder, at Highway 77 at F.M. Road 802, Brownsville, Cameron County, Texas 78520.

## COUNT 1:

## RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT

## (18 UNITED STATES CODE SECTIONS 1962(a),(b),(c), and (d) )

### SUBJECT MATTER JURISDICTION

14.     Plaintiffs repeat and re-allege the allegations contained in paragraphs 1 through 13 of this

complaint as fully as if set forth herein.

15.     This Court has jurisdiction over these claims for relief under 18 U.S.C. sec. 1964(a) and

1964(c); and 28 U.S.C. sec. 1331; and has diversity jurisdiction under 28 U.S.C. § 1332

in that this action is between citizens of different states and different countries.

### PERSONAL JURISDICTION AND VENUE

16.     Personal jurisdiction and venue are predicated upon 18 U.S.C. sec. 1965(a) and (b) and

28 U.S.C. sec. 1391(b) since the Defendants are residents of, have an agent or agents, or

transact their affairs in the Southern District of Texas, and the acts and occurrences in

furtherance of the claims alleged herein arose in the Southern District of Texas, and

because the ends of justice require that other parties residing in other districts be brought

before the court.

### BACKGROUND INFORMATION

17.     The land in question comprises thousands of acres located in Brownsville, Cameron

County, Texas in the general area commonly referred to as Valley Inn & Country Club

Estates.  Over the past thirty years, this area has been developed by a number of different

entities: Valley Inn & Country Club, Inc., Los Rios, Valley International Properties, Inc.,

Los Conquistadores, Ltd. and Valley International Construction Co., Inc.

18.     VALLEY INN & COUNTRY CLUB, INC., a Texas profit corporation, was organized

"to deal in all kinds of real and personal property" and incorporated on or about February

15, 1965.  Its Articles of Incorporation were amended on August 28, 1972, changing the

CAMPDF - www.fastio.com

number of shares and its name to VALLEY INTERNATIONAL PROPERTIES, INC.
Copies of the Articles of Incorporation and Articles of Amendment are annexed hereto
and made a part of this complaint, and are marked *Exhibits 1 and 2*, respectively.

19.   VALLEY INTERNATIONAL PROPERTIES, INC. was a Texas profit corporation,
which was involuntarily dissolved by the Texas Secretary of State on October 23, 1980
for failure to maintain a registered agent.  Pat Stanford, the President and Registered
Agent continued to "operate" Valley International Properties Inc. until his death on May
1, 1997, during which time Pat Stanford and Valley International Properties, Inc. were
additional actors in the enterprise and activities complained of herein.  A copy of the
Death Certificate is annexed hereto and made a part of this complaint, and marked
*Exhibit 105*.

20.   R.G. VALLEY INN & COUNTRY CLUB, INC. was incorporated on or about December
21, 1965 to "operate and maintain a private club and country club," subsequently known
as the Valley Inn & Country Club.  A copy of the Articles of Incorporation of the R.G.
VALLEY INN & COUNTRY CLUB, INC., as a nonprofit corporation, under the laws of
the State of Texas is annexed hereto and made a part of this complaint, and marked
*Exhibit 3*.

21.   The real property constituting the amenities/facilities of Valley Inn & Country Club was
owned (until June 1977) by LOS CONQUISTADORES, LTD., a partnership comprised
of a general partner, Bill D. Bass, and a limited partner, Martin Harper.

22.   R.G. VALLEY INN & COUNTRY CLUB, INC. subsequently forfeited its charter for
failure to pay franchise taxes since. March 13, 1978, and was not in good standing when
its charter was forfeited.  A copy of the Determination of Forfeiture is annexed hereto
and made a part of this complaint, and marked *Exhibit 4*.

23.   VALLEY INTERNATIONAL CONSTRUCTION CO., INC., was incorporated on or about April 14, 1969; and forfeited its corporate charter for failure to pay franchise taxes on or about March 16, 1981.  Copies of the Articles of Incorporation and a letter from the State Comptroller's Office of Public Accounts requesting the forfeiture of the charter effective March 16, 1981 are annexed hereto and made a part of this complaint, and marked *Exhibits 5 and 6*, respectively.

24.   Between 1969 and 1977, Valley Inn & Country Club, Inc. (later to be known as Valley International Properties Inc.), Valley International Construction Company, Inc., Rio Properties and Valley International Properties, Inc. developed and/or purchased and sold real property in the general area commonly known as Valley Inn & Country Club Estates and Rancho Viejo.  In Covenants and Restrictions and Condominium Declarations this area has been referred to as Valley Inn & Country Club Estates, as well as "property located in and adjacent to Brownsville Land and Improvement Company Subdivision," and tracts out of the "Media Luna Subdivision",  subdivisions of Brownsville, Cameron County, Texas.  Copies of the pertinent Covenants and Restrictions are annexed hereto and made a part of this complaint, and are marked *as Exhibits 7 and 8*.  Condominium Declarations affecting related real property were filed of record in Cameron County, Texas; specifically Valley Inn & Country Club Condominium Nos. 1, 2, 3, 4, 5, 6, and 9. Copes of the pertinent Condominium Declarations are annexed hereto and made a part of this complaint, and are marked respectively, *Exhibits 9 through 15*, inclusive.

25.   During this time period certain other real property located in Brownsville, Cameron County, Texas was allegedly set aside by Valley Inn & Country Club, Inc., Valley International Construction Company, Inc. and/or Valley International Properties Inc. and/or Rio Properties as Condominiums; however no Condominium Declarations have

6

been located in the real property records of Cameron County, Texas. Specifically, Plaintiffs refer to Valley Inn & Country Club Condominiums Nos. 7 and 8.

26. Regimes, otherwise known as Rules, Regulations and Bylaws, for Valley Inn & Country Club Condominium Nos. 1 and 5 have been located but they were not recorded. Copies of those Regimes are annexed hereto and made a part of this complaint, and are marked *Exhibits 16 and 17*, respectively. A Regime for Condominium No. 9 was filed of record in the real property records of Cameron County, Texas, and is annexed hereto and made a part of this complaint, and marked *Exhibit 18*.

27. Neither Declarations for Condominiums Nos. 7 and 8, nor Regimes for Condominiums Nos. 2, 3, 4, 6, 7 or 8 have been located in the real property records, condominium records or miscellaneous records of Cameron County, Texas.

28. On December 6, 1976, Valley International Properties, Inc. ("VIP") and Los Conquistadores, Ltd. filed Chapter 11 Proceedings for an Arrangement. The proceedings were subsequently dismissed on November 30, 1977 for Debtors' failure to post ordered deposit. A copy of that dismissal is annexed hereto and made a part of this complaint, and is marked *Exhibit 19*. A final determination as to the Estates of VIP and Los Conquistadores, Ltd. was signed on February 8, 1979, and a copy is annexed hereto and made a part of this complaint, and is marked *Exhibit 20*. The Debtors were not discharged by the bankruptcy court.

29. On June 6, 1977, at foreclosure sale authorized under Chapter 11 Bankruptcy proceedings, LOS CAMPEONES, INC. purchased the real property on which the amenities/facilities of Valley Inn & Country Club are located. Also sold at the same foreclosure sale were 250,661 shares of the 424,000 outstanding shares of stock of VIP, which were also purchased by LOS CAMPEONES, INC. Copies of two articles, *Country Club Tracts Sold*, The Brownsville Herald, June 7, 1977, at 1 and 14, and

7

*Campeones Buys Stock to Control VIP Here*, The Brownsville Herald, June 8, 1977 at 1 and 16-A, are annexed hereto and made a part of this complaint, and are marked ***Exhibits 21 and 22***, respectively.

30.    On December 16, 1978, Los Campeones, Inc. filed an Assumed Name Certificate with the Secretary of State of Texas to transact business in the name of VALLEY INN & COUNTRY CLUB.  A copy of that certificate is annexed hereto and made a part of this complaint, and is marked ***Exhibit 23***.

31.    On May 13, 1993 Los Campeones, Inc. filed an Assumed Name Certificate with the Secretary of State of Texas to transact business in the name of VALLEY INTERNATIONAL COUNTRY CLUB.  A copy of that certificate is annexed hereto and made a part of this complaint, and is marked ***Exhibit 24***.

32.    On May 27, 1993 Los Campeones, Inc. filed an Assumed Name Certificate with the Secretary of State of Texas to transact business in the name of VALLEY INN & COUNTRY CLUB.  A copy of that certificate is annexed hereto and made a part of this complaint, and is marked ***Exhibit 25***.

33.    In March 1995, Pat Stanford sold his shares in Los Campeones, Inc. to Ken Plasterer, making him the sole shareholder of Los Campeones, Inc.  A copy of his announcement letter is annexed hereto and made a part of this complaint, and is marked ***Exhibit 26***.

34.    Los Campeones, Inc. has declared that it had "bought" the "Valley Inn & County Club" ("VICC") and has in the past, and continues to illegally collect and attempt to collect, "social club" fees ( i.e. country club membership fees).  In truth and fact it only purchased real property, "land," like any other purchaser in the area.  Los Campeones, Inc. did not purchase R.G. VALLEY INN & COUNTRY CLUB, INC., the business entity of VICC, and has/had no legal right to assess country club membership fees, nor

8

file liens on real property and foreclose on same for failure to pay assessed membership fees in VICC.

35.     While Los Campeones, Inc. has declared itself to be the successor-in-interest to "the Developer", in truth and fact, it is the successor only of VIP, which was only one of several developers of the real property. Alleging to be *the* successor-in-interest to "the Developer," of the real property commonly known as Valley Inn & Country Club Estates, (including both single family residences and declared condominiums), Los Campeones, Inc. has in the past, and continues to illegally collect and attempt to collect, maintenance fees and other assessments, pursuant to the Deed Restrictions, Covenants and Bylaws of Country Club Estates and as allegedly applicable per the Declarations of Condominiums Nos. 1 through 9, inclusive. Such illegal activity has included enforced collection of such fees by illegal foreclosures.

36.     Furthermore, assessments of maintenance fees and execution of liens for same by Los Campeones, Inc. against the owners of the condominiums and their property is in direct violation of the provisions of the Texas Condominium Act (Texas Property Code §81.011, *et. seq.*) and the Texas Uniform Condominium Act (Texas Property Code § 82.001, *et. seq.*).

37.     V.I.C.C. HOMEOWNER'S ASSOCIATION, INC. ("VICC HOA") was incorporated on or about December 13, 1982 as a non-profit corporation. This entity's corporate charter is currently in good standing. Copies of the Articles of Incorporation the Bylaws of VICC HOA (Valley Inn and Country Club Homeowners Handbook, 1990, pgs. 7-11) are annexed hereto and made a part of this complaint, and marked ***Exhibits 27 and 28***, respectively.

38.     Los Campeones, Inc. has denied and usurped the authority and power of VICC HOA by the unlawful manipulation and control of the condominiums through void/voidable

provisions of the Condominium Declarations and Regimes (Bylaws) enacted by the

developers/sponsors of the condominiums. Contrary to state law, the condominium

Regimes (as opposed to the Declarations) name the entity that is to control the

condominiums. Regimes for Condominiums 1 and 5 (and presumably Condominiums 2,

3, 4, 6, 7 and 8) state the condominiums are to be controlled by a Board of Managers,

originally chosen by the Developer, to be subsequently elected by the condominium

owners. Defendants have failed and refused to allow the condominium owners to elect

their own Board of Managers and/or have failed and refused to turn over control of the

condominiums to a Board of Managers elected by the property owners. The Regime for

Condominium No. 9, in total opposition to applicable state law, states that the

condominiums are to be controlled by the Board of Directors of Valley Inn & Country

Club (which is controlled by R.G. Valley Inn & Country Club, Inc, an entity which is in

no way associated with the condominium owners) with no provision for control by the

property owners. (See Exhibits 16 through 18, inclusive, previously referenced and

incorporated herein.)

39.   The provisions of the Regimes are contrary to the Texas Uniform Condominium Act

§82.102. Pursuant to §82.002(c) to the Texas Condominium Act, §82.102(a)(1) is

applicable herein, and states: "[unless otherwise provided by *the declaration*, the

[condominium] association, acting through *its board*, may adopt and amend bylaws;"

(emphasis added). The provisions of the Regimes either directly or indirectly contravene

both the Texas Condominium Act and the Uniform Condominium Act. Los Campeones,

Inc. has fraudulently misrepresented and denied the condominium owners' right to elect

their Board of Managers, as stated in the majority of the condominium declarations and

regimes, and has fraudulently denied the authority of the condominium owners to control

10

the condominiums and amend the Regimes and Bylaws as set forth in the Texas

Condominium Act, Texas Property Code §81.201, 81.203 and 82.102.

## (A) SCHEME TO INFILTRATE AND CONTROL THE

## AREA KNOWN AS "VALLEY INN & COUNTRY CLUB"

40.     Commencing on or about June 7, 1977, and continuing through the present, LOS

CAMPEONES, INC., individually and doing business as VALLEY INN & COUNTRY

CLUB, as well as Defendants NANCY JEANETTE BAILEY formerly known as Nancy

Bailey Plasterer and KEN PLASTERER individually, together with Pat Stanford and

Valley International Properties, Inc., through a pattern of racketeering activity, acquired

and maintained control of the enterprises of illegally operating and managing Valley Inn

& Country Club Estates, Valley Inn & Country Club Condominiums, and the Valley Inn

& Country Club itself, in violation of 18 USC 1962 (b) (c) and (d). The defendants

knowingly and willfully devised a scheme and artifice to defraud lot owners and

condominium owners in the subdivision through numerous false and fraudulent

pretenses, representations and promises, among others:

        a. representing, in numerous mass mailings, that LOS CAMPEONES had bought

the "Valley Inn & Country Club Estates", including all of the rights reserved to Valley

Inn Country Club Inc. and Valley International Properties Inc. in the old abandoned

Covenants and Restrictions recorded by the old developer, when in truth and fact LOS

CAMPEONES was only a "purchaser" of land pursuant to the Covenants and

Restrictions;

        b. representing, in numerous mass mailings, that LOS CAMPEONES had the

right to collect the maintenance fees and social club fees which it assessed, when in truth

and fact it had no right to do so;

11

c. representing, in numerous mass mailings, that LOS CAMPEONES had the right to collect maintenance fees, unilaterally set by LOS CAMPEONES, based on the rights of Valley Inn & Country Club, Inc. and Valley International Properties Inc. ("VIP") in the old Covenants and Restrictions;

d. representing, in numerous mass mailings, that LOS CAMPEONES was taking control of the subdivision and country for the purpose of developing it into the "Premier Resort in the South Texas", including numerous improvements, discussed infra, when in truth and fact LOS CAMPEONES intended to defraud lot and condominium owners and purchasers.

41.    For the purpose of executing the scheme to infiltrate and maintain control of the area commonly referred to as Valley Inn & Country Club subdivision, Pat Stanford, and Defendant KEN PLASTERER, both individually and as the sole shareholders of LOS CAMPEONES, utilizing Los Campeones, Inc. as their alter ego, together with together with NANCY JEANETTE BAILEY formerly known as Nancy Bailey Plasterer, devised a fraudulent trade name, scheme, device, artifice to defraud, and/or representation by appropriating the old developer's trade name "Valley Inn & Country Club" and its logo and using same for the purpose of holding themselves out as the legal successors to VALLEY INN & COUNTRY CLUB, INC. ("VICC Inc.") and/or Valley International Properties, Inc. ("VIP"), with the right to enforce the covenants and restrictions recorded by VICC Inc. and/or VIP., when in truth and fact the Defendants only purchased the land and a portion of VIP stock, which had been foreclosed by VIP and Los Conquistadores, Ltd.'s mortgagee.  They did not purchase all of the stock of VIP; are not successors to the other developers of title record, and made no purchase of stock or personal property of R.G. Valley Inn & Country Club Inc.  Defendants caused to be mailed numerous letters through the U.S. Postal Service using this fraudulent device, as detailed infra.

12

42. VIP, NANCY JEANETTE BAILEY formerly known as Nancy Bailey Plasterer, PAT

STANFORD and KEN PLASTERER, using the corporate fiction of LOS CAMPEONES

as their alter ego, refused to recognize the power and authority of the Property Owners

Association, V.I.C.C. Homeowner's Association Inc.  In furtherance of this scheme to

infiltrate and maintain control of the subdivision, VIP, Pat Stanford, NANCY

JEANETTE BAILEY formerly known as Nancy Bailey Plasterer, KEN PLASTERER

and LOS CAMPEONES made numerous misrepresentations to the various property

owners of both single family residences and condominiums, stating that they/he/it had

sole power and authority as the "successor-in-interest to the Developer" for maintenance

and assessment purposes concerning the country club, the single family residences, and

the condominiums, and thus not pay assessments that would be due rightfully to the

Home Owners Association.

43. A copy of the **Condominium Declaration** for Valley International **Condominium No.**

**1**, recorded by Valley Inn & Country Club Inc. and Rio Properties, a partnership, in the

Condominium Records of Cameron County, Texas, Vol. 1, Page 203, *et seq.*, has been

previously annexed hereto and made a part of this complaint, and marked *Exhibit 9*.

44. A copy of the **Condominium Declaration** for Valley International **Condominium No.**

**2**, executed on December 30, 1971 by Bill Bass as President of Valley Inn & Country

Club Inc., and together with Anne Glenn and J. M. Heaner, on behalf of Rio Properties, a

partnership, and recorded on January 18, 1972, in the Condominium Records of Cameron

County, Texas, Vol. 2, Page 135, *et seq.*, has been previously annexed hereto and made a

part of this complaint, and marked *Exhibit 10*.

45. A copy of the **Condominium Declaration** for Valley Inn & Country Club **Condomi-**

**nium No. 3** executed on June 19, 1972 by J. M. Heaner, President of Valley International

Construction Company, Inc., and recorded on June 20, 1972, in the Condominium

13

Records of Cameron County, Texas, Vol. 2, Page 443, *et seq.*, has been previously annexed hereto and made a part of this complaint, and marked ***Exhibit 11.***

46.   A copy of the **Condominium Declaration** for Valley Inn & Country Club **Condominium No. 4** executed on June 19, 1972 by J. M. Heaner, President of Valley International Construction Company, Inc., and recorded on June 20, 1972, in the Condominium Records of Cameron County, Texas, Vol. 2, Page 405, *et seq.*, has been previously annexed hereto and made a part of this complaint, and marked ***Exhibit 12.***

47.   A copy of the **Condominium Declaration** for Valley Inn & Country Club **Condominium No. 5**, executed on December 14, 1972 by J. M. Heaner, President, of Valley International Construction Company, Inc., and recorded on February 22, 1973, in the Condominium Records of Cameron County, Texas, Vol. 2, Page 679, *et. seq.*, has previously been annexed hereto and made a part of this complaint, and marked ***Exhibit 13.***

48.   A copy of the **Condominium Declaration** for Valley Inn & Country Club **Condominium No. 6**, executed on March 8, 1973 by J. M. Heaner, President of Valley International Construction Company, Inc., and recorded on March 19, 1973, in the Condominium Records of Cameron County, Texas, Vol. 3, Page 1, *et. seq.* has previously been annexed hereto and made a part of this complaint, and marked ***Exhibit 14.***

49.   A copy of the **Condominium Declaration** for Valley Inn & Country **Club Condominium No. 9**, executed on June 14, 1974 by Bill Bass, President of Valley International Properties, Inc., and recorded on November 7, 1974, in the Condominium Records of Cameron County, Texas, together with the attendant **Regime** ("Management Association Rules, Regulations and By-Laws), Vol. 5, Page 164, *et. seq.*, have previously been annexed hereto and made a part of this complaint, and marked ***Exhibits 15 and 18***, respectively.

14

50.     An unrecorded copy of the **Regime** for Valley Inn & Country Club **Condominium No. 1**, executed on September 20, 1971 by Bill D. Bass, President of Valley Inn & Country Club, Inc., as well as by Bill D. Bass, Anne H. Glean and J.M. Heaner on behalf of Rio Properties, a partnership, has previously been annexed hereto and made a part of this complaint, and marked *Exhibit 16*.

51.     An unrecorded copy of the **Regime** for Valley Inn & Country Club **Condominium No. 5**, executed on September 20, 1971 by Bill D. Bass, President of Valley Inn & Country Club, Inc., as well as by Bill D. Bass, Anne H. Glean and J.M. Heaner on behalf of Rio Properties, a partnership, has previously been annexed hereto and made a part of this complaint, and marked *Exhibit 17*.

52.     The foregoing Covenants and Restrictions, and Condominium Declarations and Regimes are devices used to commit numerous extortion schemes, and contain various provisions contrary to Texas condominium law.  VIP, Pat Stanford, NANCY JEANETTE BAILEY formerly known as Nancy Bailey Plasterer, KEN PLASTERER and LOS CAMPEONES, INC. had no right to unilaterally control the entire subdivision or to collect maintenance fees based on these covenants and restrictions, particularly since an active property owner's association, V.I.C.C. Inc. has been in existence since December 13, 1982.

53.     Furthermore, VIP, Pat Stanford, NANCY JEANETTE BAILEY formerly known as Nancy Bailey Plasterer, KEN PLASTERER and LOS CAMPEONES, INC. had no right to unilaterally control the various condominiums through a Board of Managers or the Board of Directors of VICC, which boards were unilaterally picked and controlled by the Defendants, contrary to Texas condominium law.  Defendants, through fraudulent misrepresentations and coercion had no right prevent the proper establishment and organization of property owners associations for the various condominiums pursuant to Texas law.

54.   In furtherance of these scheme, since June 7, 1977, VIP and Pat Stanford acted with
NANCY JEANETTE BAILEY formerly known as Nancy Bailey Plasterer, KEN
PLASTERER and LOS CAMPEONES, INC., and KEN PLASTERER and LOS
CAMPEONES, Inc. have subsequently continued to the present and caused numerous
mailings to be placed in the U.S. Postal Service and mailed through the U.S. in order to
carry out defendants extortion plan for purposes of obtaining money:

(a)   collecting from property owners "past due charges," and current charges, including
but not limited to various maintenance fees, social club fees, and street
maintenance/repair assessments, which many property owners had refused to pay
since they had not received the services promised for;

(b)   to extort from property owners fees, including but not limited to various maintenance
fees, social club fees, and street maintenance/repair assessments for future periods in
which VIP, PAT STANFORD, KEN PLASTERER and LOS CAMPEONES, INC.
failed to provide the promised services; and

(c)   threaten and/or carry-out foreclosure based upon false and illegal liens for
such fees.

55.   As part of the extortion schemes of Defendants, Defendants took enforcement action by
illegally placing liens on properties, and charged numerous fees for services not
rendered, such as maintenance fees for water and lawn mowing, where no such
maintenance was done.  Additionally, instead of maintaining all of the common areas and
amenities, Defendants have, without the required property owners' approval, closed a
number of the swimming pools.

56.   As part of the extortion schemes of Defendants, Defendants continue to asset and collect
alleged "mandatory" social fees for the "private" country club and its facilities, but
subsequently have opened the facilities to the public at large, without prior "member"

16

"member" (i.e. property owners) approval. Defendants have continued to bill fraudulent

charges, and this practice continues to the present time

## ENTERPRISE

57.   The racketeering enterprise, with the meaning of 18 U.S.C. Section 1961, is an

association in fact of Valley International Properties, Inc. ("VIP"), Pat Stanford, NANCY

JEANETTE BAILEY formerly known as Nancy Bailey Plasterer and KEN PLASTERER

and LOS CAMPEONES, INC., organized around the Valley Inn & Country Club

subdivision and country club based on each defendant's particular function within the

enterprise.  These various associates function as a continuing unit.

58.   In the alternative, the racketeering enterprise is VIP, Pat Stanford, NANCY JEANETTE

BAILEY formerly known as Nancy Bailey Plasterer and KEN PLASTERER, employed

and/or formerly employed by LOS CAMPEONES, INC. and is associated with LOS

CAMPEONES, INC.

59.   The enterprise is an entity separate and apart from the pattern in which it engages, to wit:

a. the enterprise has a distinct structure based on the essential functions of operating

what defendants refer to as the "Valley Inn & Country Club", e.g. marketing functions,

security functions, financing functions, etc.;

b. the enterprise has employed numerous employees in order to discharge the functions

of the "Valley Inn & Country Club";

c. the enterprise has a distinct structure including the Valley Inn & Country Club

administration building, security and marketing force;

d. the enterprise has fraudulently enforced covenants and restrictions and rules and

regulations in support of the enterprise.

17

60.     The common purpose of the enterprise is to extort yearly maintenance fees and social club fees from property owners while failing to provide the promised maintenance and other services.

61.     The enterprise is engaged in interstate or foreign commerce.

## MAIL FRAUD (18 U.S.C.§ 1341)

62.     From on or about November 1, 1990, and continuing through the present date, in the Southern District of Texas and elsewhere, the Defendants, knowingly devised and/or intended to devise a scheme or artifice to defraud Plaintiffs, in order to obtain money and property by means of false and fraudulent pretenses, representations and promises, through the mailing of false and fraudulent invoices for maintenance fees, social club fees and road assessments, and dunning and collection notices.

63.     The effect of the scheme and artifice was that, based on false and fraudulent invoices for maintenance fees, social club fees, and road assessments, the Plaintiffs, have paid funds to the Defendants, under threat of legal action and foreclosure on real property, which funds were not legally due and owing to the Defendants.

64.     The manner and means of the scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations and promises included preparing monthly invoices for maintenance fees, social club fees, road assessments and other sundry services.  Plaintiffs would pay these fraudulent invoices, usually by check.  If Plaintiffs failed to pay these invoices, they received dunning and collection notices, including letters that foreclosure actions on their property would be taken if the invoices and amounts outstanding, as alleged by Defendants, were not paid.

65.     On or about the 15th of each month, in the Southern District of Texas and elsewhere, Defendants, for the purpose of executing and attempting to execute the above described scheme and artifice to defraud, and to obtain money and property by means of false and

18

fraudulent pretenses, representations and promises, knowingly placed in post office(s) or other authorized depositories for mail matter, invoices, dunning notices, and liens and/or foreclosure notices, which are been sent and continue to be sent or delivered by the Postal Service, or deposited or caused to be deposited invoices, dunning notices, and liens and/or foreclosure notices, to be sent or delivered by any private or commercial interstate carrier, and have taken and received therefrom, and continue to take and receive therefrom, invoices, dunning notices, and liens and/or foreclosure notices, and have knowingly caused and continue to be caused to be delivered by mail or such carrier according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed invoices, dunning notices, and liens and/or foreclosure notices, in violation of Title 18 United States Code Section 1341.

66.    Annexed hereto and made a part of this complaint, and marked as *Exhibit 29* are copies of representative invoices/billing statements sent by Defendants to Robert  & Gwendolyn Brooks.

67.    Annexed hereto and made a part of this complaint, and marked as *Exhibit 30* are copies of representative dunning notices sent by Defendants to Robert & Gwendolyn Brooks.

68.    Annexed hereto and made a part of this complaint, and marked as *Exhibit 31* are copies of representative invoices/billing statements sent by Defendants to Alicia Cespedes Madrazo.

69.    Annexed hereto and made a part of this complaint, and marked as *Exhibit 31a* are copies of representative dunning notices sent by Defendants to Alicia Cespedes Madrazo.

70.    Annexed hereto and made a part of this complaint, and marked as *Exhibit 32* are copies of representative invoices/billing statements sent by Defendants to Paul & Rosalyn Chilton.

71.  Annexed hereto and made a part of this complaint, and marked as *Exhibit 33* are copies of representative dunning notices sent by Defendants to Paul & Rosalyn Chilton.

72.  Annexed hereto and made a part of this complaint, and marked as *Exhibit 34* are copies of representative invoices/billing statements sent by Defendants to David & Judith Clemence.

73.  Annexed hereto and made a part of this complaint, and marked as *Exhibit 35* are copies of representative invoices/billing statements sent by Defendants to Juan & Maria Cuadra.

74.  Annexed hereto and made a part of this complaint, and marked as *Exhibit 36* are copies of representative invoices/billing statements sent by Defendants to Elisa de Siun (aka Elisa Chaix).

75.  Annexed hereto and made a part of this complaint, and marked as *Exhibit 37* are copies of representative invoices/billing statements sent by Defendants to James & Lorraine Dewar.

76.  Annexed hereto and made a part of this complaint, and marked as *Exhibit 38* are copies of representative invoices/billing statements sent by Defendants to John S. Light.

77.  Annexed hereto and made a part of this complaint, and marked as *Exhibit 39* are copies of representative dunning notices sent by Defendants to John S. Light.

78.  Annexed hereto and made a part of this complaint, and marked as *Exhibit 40* are copies of representative invoices/billing statements sent by Defendants to Norman & Elaine Meissner.

79.  Annexed hereto and made a part of this complaint, and marked as *Exhibit 41* are copies of Notice of Lien for Unpaid Maintenance Assessments, Trustee's Deed, Collection letters and Petition for Declaratory Judgment to Remove Cloud of Title sent by Defendants' legal representative to Hector Elizondo Najera.

80.   Annexed hereto and made a part of this complaint, and marked as *Exhibit 42* are copies of representative invoices/billing statements sent by Defendants to Mary Peabody.

81.   Annexed hereto and made a part of this complaint, and marked as *Exhibit 43* is a copy of a representative dunning notice sent by Defendants' legal representative to Mary Peabody.

82.   Annexed hereto and made a part of this complaint, and marked as *Exhibit 44* is a copy of a lawsuit filed on Defendants' behalf against Mary Peabody.

83.   Annexed hereto and made a part of this complaint, and marked as *Exhibit 45* are copies of representative invoices/billing statements sent by Defendants to Walter E. Plitt, III.

84.   Annexed hereto and made a part of this complaint, and marked as *Exhibit 46* are copies of representative invoices/billing statements sent by Defendants to Charles & Jessie Radliff.

85.   Annexed hereto and made a part of this complaint, and marked as *Exhibit 47* are copies of representative invoices/billing statements sent by Defendants to Patricia Smith-Willis.

86.   Annexed hereto and made a part of this complaint, and marked as *Exhibit 48* are copies of representative invoices/billing statements sent by Defendants to Harry O. White, Jr.

87.   Annexed hereto and made a part of this complaint, and marked as *Exhibit 49* are copies of representative invoices/billing statements sent by Defendants to Allen & Ruth Wolfe

### WIRE FRAUD (18 U.S.C. § 1343)

88.   Defendants having devised or intending to devise a scheme or artifice to defraud Plaintiffs, have obtained and continue to obtain money or property by means of false or fraudulent pretenses, representations, or promises, and have transmitted and continue to transmit by means of wire in interstate and foreign commerce, various writings for the transfer of currency, for the purpose of executing such scheme or artifice.  Defendants have received, accepted and deposed into their accounts, checks, money orders, money

21

wires and bank wires falsely solicited from Plaintiffs in payment of false and fraudulent

invoices for maintenance fees, social club fees, and road assessments.  Annexed hereto

and made a part of this complaint, and marked as *Exhibit 50A-50C* are copies of wires

transfers received by Defendants from Plaintiffs Alicia Cespedes Madrazo, Juan Cuadra

and Patricia Smith-Willis.

## PATTERN OF UNLAWFUL RACKETEERING ACTIVITY

89.   All of the predicate acts of racketeering activity are part of the nexus of the affairs and

functions of the racketeering enterprise.

90.   The Defendants were enabled to commit the predicate offenses by virtue of their position

in the enterprise or involvement in or control over the affairs of the enterprise.

91.   All of the predicate acts of racketeering activity occurred after the effective date of 18

U.S.C. Section 1961 *et. seq.*

92.   The pattern of racketeering activity is currently ongoing and open ended, and threatens to

continue indefinitely unless this Court enjoins the racketeering activity.

93.   Numerous schemes have been completed involving repeated criminal conduct that by its

nature projects into the future with a threat of repetition.

94.   The predicate acts have the same or similar purposes, results, participants, victims, and

methods of commission.

## SUMMARY OF EACH DEFENDANT'S ASSOCIATION WITH THE RACKETEERING ENTERPRISE AND PARTICIPATION IN THE PATTERN OF RACKETEERING ACTIVITY

95.   VALLEY INTERNATIONAL PROPERTIES, INC., while only one of the several

developers of the Valley Inn & Country Club subdivision, has joined with the other

Defendants named herein in falsely representing itself as the "successor-in-interest" of the

developer with all legal rights to assess and collect fees and assessments from property

owners, with the attendant enforcement right of foreclosure upon real property. As such, Valley International Properties Inc. has engaged with the other Defendants in the enterprise of extorting yearly maintenance fees and social club fees from property owners while failing to provide the promised maintenance and other services. Defendant has committed mail fraud under 18 U.S.C. §1341 and wire fraud under 18 U.S.C. § 1343 in carrying out this enterprise.

96. LOS CAMPEONES, INC. has joined with the other Defendants named herein in falsely representing itself as the "successor-in-interest" of developer and of Valley Inn & Country Club, with all legal rights to assess and collect fees and assessments from property owners, with the attendant enforcement right of foreclosure upon real property. As such, Valley International Properties Inc. has engaged with the other Defendants in the enterprise of extorting yearly maintenance fees and social club fees from property owners while failing to provide the promised maintenance and other services. Furthermore, LOS CAMPEONES, INC. control 50% or more of Defendant VALLEY INTERNATIONAL PROPERTIES, INC. Defendant has committed mail fraud under 18 U.S.C. §1341 and wire fraud under 18 U.S.C. § 1343 in carrying out this enterprise.

97. Prior to March 1995, LOS CAMPEONES, INC. served as the alter ego of its two shareholders, PAT STANFORD and KEN PLASTERER. NANCY JEANETTE BAILEY formerly known as Nancy Bailey Plasterer, was a Director of Los Campeones, and wife of KEN PLASTERER. As such, NANCY JEANETTE BAILEY formerly known as Nancy Bailey Plasterer was a key actor in running LOS CAMPEONES, INC. which was the alter ego for NANCY JEANETTE BAILEY formerly known as Nancy Bailey Plasterer, Ken Plasterer and Pat Stanford. In March PAT STANFORD sold stock interest in Los Campeones, Inc. to KEN PLASTERER. See copy of Letter from PAT STANFORD owners annexed hereto as Exhibit 26. Since March 1995, KEN PLASTERER and NANCY

23

JEANETTE BAILEY formerly known as Nancy Bailey Plasterer operated LOS

CAMPEONES, INC., using the corporate form as their alter ego. PAT STANFORD, KEN

PLASTERER and NANCY JEANETTE BAILEY formerly known as Nancy Bailey

Plasterer have joined with the other Defendants named herein in falsely representing

themselves as the "successor-in-interest" of the developer and Valley Inn & Country Club,

with all legal rights to assess and collect fees and assessments from property owners, with

the attendant enforcement right of foreclosure upon real property. As such, PAT

STANFORD, KEN PLASTERER, and NANCY JEANETTE BAILEY formerly known as

Nancy Bailey Plasterer have engaged with the other Defendants in the enterprise of extorting

yearly maintenance fees and social club fees from property owners while failing to provide

the promised maintenance and other services. Defendants have committed mail fraud under

18 U.S.C. §1341 and wire fraud under 18 U.S.C. § 1343 in carrying out this enterprise.

### SUMMARY OF EACH PLAINTIFF'S INJURY<br>TO BUSINESS OR PROPERTY

98a.    Plaintiffs, **ROBERT & GWENDOLYN BROOKS,** purchased Lot No. 427 from Ival W.

& Doris McIlvain, recorded in the Cameron County Deed Records, Vol. 989, Page 477 to

Page 479 (*Exhibit 51*) on or about  April 15, 1974, and have resided on the property, and

were injured in their business and/or property as a direct result of the pattern of racketeering.

98b.    Plaintiffs, **ROBERT & GWENDOLYN BROOKS,** purchased Condominium 309-7 in

from Warren F. & Clara May Keller, recorded in the Cameron County Deed Records, Vol.

2564, Page 256 to Page 257 (*Exhibit 52*) on or about September 9, 1993, and were injured

in their business and/or property as a direct result of the pattern of racketeering.

98c.    Plaintiffs, **ROBERT & GWENDOLYN BROOKS,** purchased Condominiums 309-7 &

309-8 from A. Ronald & Elizabeth S. Johnson, recorded in the Cameron County Deed

24

Records, Vol. 1195, Page 153 to Page 156 (*Exhibit 53*) on or about May 30, 1990, and were injured in their business and/or property as a direct result of the pattern of racketeering.

98d.   Plaintiff, **ROBERT BROOKS,** purchased Condominium 313-5 from Daniel Alexander, Independent Administr4ator of the Estate of Jack M. Alexander, Deceased, recorded in the Cameron County Deed Records, Vol. 4456, Page 207 to Page 210 (*Exhibit 54*) on or about July 23, 1997, and was injured in his business and/or property as a direct result of the pattern of racketeering.

98e.   Plaintiffs, **ROBERT & GWENDOLYN BROOKS,** purchased Condominium 323-4 from Karin M. Sumser, recorded in the Cameron County Deed Records, Vol. 1362, Page 152 to Page 155 (*Exhibit 55*) on or about November 13, 1990, and were injured in their business and/or property as a direct result of the pattern of racketeering.

98f.   Plaintiffs, **ROBERT & GWENDOLYN BROOKS,** purchased Condominiums 402-7 and 402-8 from United Savings Association of Texas, recorded in the Cameron County Deed Records, Vol. 302, Page 78 to Page 79 (*Exhibit 56*) on or about December 18, 1987, and were injured in their business and/or property as a direct result of the pattern of racketeering.

98g.   Plaintiffs, **ROBERT & GWENDOLYN BROOKS,** purchased Condominium 418-3 from United Savings Association of Texas, recorded in the Cameron County Deed Records, Vol.352 Page 267 to Page 269   (*Exhibit 57*) on or about February 12, 2000,  and were injured in their business and/or property as a direct result of the pattern of racketeering.

98h.   Plaintiffs, **ROBERT & GWENDOLYN BROOKS,** purchased Condominium 428-3 from VICC Special Properties Inc., recorded in the Cameron County Deed Records, Vol. 4102, Page 108 to Page 110 (*Exhibit 58*) on or about March 6, 1996, and were injured in their business and/or property as a direct result of the pattern of racketeering.

98i.   Plaintiffs, **ROBERT & GWENDOLYN BROOKS,** purchased Condominiums 448-5 and 448-6 from Fernando A. and Alicia Villarreal and Eduardo A. Villarreal, recorded in the

25

Cameron County Deed Records, Vol. 3768, Page 106 to Page 107 (***Exhibit 59***) on or about March 14, 1996, and were injured in their business and/or property as a direct result of the pattern of racketeering.

98j.   Plaintiffs, **ROBERT & GWENDOLYN BROOKS,** purchased Condominium 811-3 from Frederick W. & Judith Piper and Walter L. & Mary Ann Nilsen, recorded in the Cameron County Deed Records, Vol. 1180, Page 90 to Page 91 (***Exhibit 60***) on or about May 16, 1990, and were injured in their business and/or property as a direct result of the pattern of racketeering.

98k.   Plaintiffs, **ROBERT & GWENDOLYN BROOKS,** purchased Condominium No. 813-1 from Areminda Aceves de Altamirano, Individually and as Attorney-in-Fact on behalf of Carlos Altamirano (Salazar), recorded in the Cameron County Deed Records, Vol. 5316, Page 301 to Page 302 (***Exhibit 61***) on or about December 9, 1998, and were injured in their business and/or property as a direct result of the pattern of racketeering.

99a.   Plaintiff, **ALICIA CESPEDES MADRAZO,** purchased Lot No. 465 from D & D Trust, recorded in the Cameron County Deed Records, Vol. 945, Page 224 to Page 226 (***Exhibit 62***) on or about  October 30, 1972, and has resided on the property, and was injured in her business and/or property as a direct result of the pattern of racketeering.

99b.   Plaintiff, **ALICIA CESPEDES MADRAZO** purchased Lot No. 814 from William A. Faulk, Trustee, recorded in the Cameron County Deed Records, Vol. 3485, Page 60 to Page 61 (***Exhibit 63***) on or about January 12, 1995, and has resided on the property, and was injured in her business and/or property as a direct result of the pattern of racketeering.

100a.   Plaintiffs, **DAVID B. CLEMENCE and JUDITH C. CLEMENCE,** his wife, purchased Condominium No. 428-6, recorded in the Cameron County Deed Records, Vol. 4792, Page 300 to Page302 (***Exhibit 64***) on or about March 10, 1998, and have resided on the property,

and were injured in their business and/or property as a direct result of the pattern of racketeering.

100b.   Plaintiffs, **DAVID B. CLEMENCE and JUDITH C. CLEMENCE,** his wife, purchased Lot No. 431 from Ronald & Mary Forbes, recorded in the Cameron County Deed Records, Vol. 6183, Page 62 to Page 65 (*Exhibit 65*) on or about March 23, 2000, and have resided on the property, and were injured in their business and/or property as a direct result of the pattern of racketeering.

101a.   Plaintiff, **ELISA P. DeSIUN aka ELISA CHAIX,** purchased Lot No. from J. Kenneth & Mary Elene Stringer, recorded in the Cameron County Deed Records, Vol. 1222, Page 107 to Page 110 (*Exhibit 66*) on or about February 10, 1981, and has resided on the property, and was injured in her business and/or property as a direct result of the pattern of racketeering.

101b.   Plaintiff, **ELISA P. DeSIUN aka ELISA CHAIX,** purchased Condominium No. 813-4 from Joaquin & Maria Luisa Fernandez, recorded in the Cameron County Deed Records, Vol. 1171, Page 527 to Page 529 (*Exhibit 66a*) on or about September 27, 1979, and has resided on the property, and was injured in her business and/or property as a direct result of the pattern of racketeering.

102.   Plaintiff, **SANDRA MADARIA, as heir of Lottie Harper Diaz Ceballos,** who purchased 0.064 acres of land, partially out of Lot No. 453 from Los Campeones, Inc., recorded in the Cameron County Deed Records, Vol. 402, Page 307 to Page 308 (*Exhibit 67*) on or about March 8, 1988, and has resided on the property, and was injured in her business and/or property as a direct result of the pattern of racketeering.

103.   Plaintiff, **RONALD L. MANN,** purchased Lot No. 467, Country Club Estates, recorded in the Cameron County Deed Records, Vol. 946, Page 553 to Page 556   (*Exhibit 68*) on or about and has resided on the property, and was injured in his business and/or property as a direct result of the pattern of racketeering.

27

104.    Plaintiff, **HECTOR ELIZONDO NAJERA,** purchased Lot No. 501 from Hal T. Baylor

Company, recorded in the Cameron County Deed Records, Vol. 1048, Page 347 to Page 376

(*Exhibit 69)* on or about April 22, 1976, and has resided on the property, and was injured

in his business and/or property as a direct result of the pattern of racketeering.

105.    Plaintiff, **MARY PEABODY,** purchased Lots Nos. 139 & 140 from Jeannette Margaret

Grant, recorded in the Cameron County Deed Records, Vol. 4005, Page 64 to Page 68

(*Exhibit 70*) on or about August 24, 1996, and has resided on the property, and was injured

in her business and/or property as a direct result of the pattern of racketeering.

106.    Plaintiff, **WALTER E. PLITT, III,** purchased Lot No. 107 from Walter E. Plitt, Jr.,

recorded in the Cameron County Deed Records, Vol. 990, Page 452, et. seq. (*Exhibit 71)* on

or about November 7, 1969, and has resided on the property, and was injured in his business

and/or property as a direct result of the pattern of racketeering.

107.    Plaintiffs, **ADOLFO & LUZ MARIA F. PUMAJERO,** purchased Lot Nos. 137 & 138

from Hans J. & Hildeard Rosenlund, recorded in the Cameron County Deed Records, Vol.

1273, Page 333 to Page 338 (*Exhibit 72*) on or about April 13, 1982, and have resided on

the property, and were injured in their business and/or property as a direct result of the

pattern of racketeering.

108.    Plaintiffs, **JEAN & H. REED SMITH,** purchased Lot No. 425 from Valley Inn & Country

Club, Inc., A Texas Corporation, recorded in the Cameron County Deed Records, Vol. 922,

Page 835 to Page 838 (*Exhibit 73*) on or about December 20, 1971, and have resided on the

property, and were injured in their business and/or property as a direct result of the pattern

of racketeering.

109.    Plaintiff, **MARIA ESTHER SOTO,** purchased Condominium No. 807-4 from B.R.E.I.T.II,

recorded in the Cameron County Deed Records, Vol. 3931, Page 1 to Page 3 (*Exhibit 74*)

on or about July 10, 1996, and has resided on the property, and was injured in her business and/or property as a direct result of the pattern of racketeering.

110.   Plaintiff, **JORGE & BERTHA SUSTAETA,** purchased Lot No. 443 from United Savings Association of Texas (formerly Brownsville Savings and Loan Association), recorded in the Cameron County Deed Records, Vol. 755, Page 621, et seq. (***Exhibit 75***) on or about March 23, 1978, and have resided on the property, and were injured in their business and/or property as a direct result of the pattern of racketeering.

111.   Plaintiffs, **JUAN & MARIA DEL CARMEN CUADRA,** purchased Condominium No. 609-2 from Chylde & Doreis Schmachtenberger, recorded in the Cameron County Deed/Condominium Records, Vol. 1398, Page 243 to Page 244 (***Exhibit 76***) on or about January 25, 1985, and have resided on the property, and were injured in their business and/or property as a direct result of the pattern of racketeering.

112.   Plaintiffs, **PAUL & ROSALYN CHILTON,** purchased Condominium Nos. 510-1 & 510-2 from United Savings Association of Texas, recorded in the Cameron County Deed/Condominium Records, Vol. 218, Page 918 to Page 919 (***Exhibit 77*** on or about August 11, 1987, and have resided on the property, and were injured in their business and/or property as a direct result of the pattern of racketeering.

113.   Plaintiffs, **JAMES & LORRAINE DEWAR,** purchased Condominium No. 315-5 from Suszanne R. Gillen & Carole R. Vukelic, recorded in the Cameron County Deed/Condominium Records, Vol. 1154, Page 551 (***Exhibit 78***) on or about May 16, 1979, and have resided on the property, and were injured in their business and/or property as a direct result of the pattern of racketeering.

114.   Plaintiff, **CARLOS J. FLORES,** purchased Condominium No. 813-4 from Elisa P. De Chaix, recorded in the Cameron County Deed Records, Vol. 1229, Page 511 to Page 514

(*Exhibit 79*) on or about April 21, 1981, and has resided on the property, and was injured in his business and/or property as a direct result of the pattern of racketeering.

115.   Plaintiff, **HUMBERTO RUIZ GARZA,** purchased Condominium No. 804-2 from M.D. LaGrone and Wife, Jane LaGrone, recorded in the Cameron County Deed/Condominium Records, Vol. 1255, Page 711 to Page 712  (*Exhibit 80*) on or about November 13, 1981, and has resided on the property, and was injured in his business and/or property as a direct result of the pattern of racketeering.

116.   Plaintiff, **ANKJAER JANSEN,** purchased Condominium No. 317-4 from James & Lorraine Dewar, recorded in the Cameron County Deed/Condominium Records, Vol. 1112, Page 203 to Page 206 (*Exhibit 81* on or about March 13, 1990, and has resided on the property, and was injured in his business and/or property as a direct result of the pattern of racketeering.

117.   Plaintiffs, **FOREST & ANN JOSTROM,** purchased Condominium No. 444-5 from Alfred John Diebold, Jr., individually and as Independent Executory of the Estate of Wanda Roppele Diebold, Deceased, recorded in the Cameron County Deed/Condominium Records, Vol. 1476, Page 39 to Page 42 (*Exhibit 82*) on or about March 6, 1991, and have resided on the property, and were injured in their business and/or property as a direct result of the pattern of racketeering.

118.   Plaintiffs, **DONNA & JOHN S. LIGHT, Jr.,** purchased Condominium Lot No. 4481 (consisting of 4481 & 4482) from Johnny & Norma Solis, recorded in the Cameron County Deed/Condominium Records, Vol. 2535, Page 328 to Page 330 (*Exhibit 83*) on or about August 17, 1993, and have resided on the property, and were injured in their business and/or property as a direct result of the pattern of racketeering.

119.   Plaintiffs, **DONNA & JOHN S. LIGHT, Jr.,** purchased Condominium Unit No. 715-1 from Texas Commerce Bank, N.A., recorded in the Cameron County Deed/Condominium Records, Vol. 2973, Page 154 to Page 156 (*Exhibit 84*) on or about July 11, 1994, and have

30

resided on the property, and were injured in their business and/or property as a direct result of the pattern of racketeering.

120.   Plaintiff, **ROBERT S. LIGHT,** purchased Condominium No. 812-3 from Refugio & Sylvia Covarrubias, recorded in the Cameron County Deed/Condominium Records, Vol. 6079, Page 145 to Page 148 (***Exhibit 85***) on or about February 1, 2000, and has resided on the property, and was injured in his business and/or property as a direct result of the pattern of racketeering.

121.   Plaintiffs, **JOAQUIN & ANDELIA B. de MADERO,** purchased Condominium No. 605-1 from Rio Grande Plasma Products Inc., recorded in the Cameron County Deed/Condominium Records, Vol. 1246, Page 318, et seq. (***Exhibit 86***), and have resided on the property, and were injured in their business and/or property as a direct result of the pattern of racketeering.

122a.   Plaintiffs, **NORMAN & ELAINE MEISSNER,** purchased Condominium No. 514-2 from International Bank, N.A., recorded in the Cameron County Deed/Condominium Records, Vol. 220, Page 663 to Page 664 (***Exhibit 87***) on or about August 17, 1987, and have resided on the property, and were injured in their business and/or property as a direct result of the pattern of racketeering.

122b.   Plaintiffs, **NORMAN & ELAINE MEISSNER,** purchased Condominium No. 517-2 from Kenneth & Anita Stafford (Anita aka Spicer), recorded in the Cameron County Deed/Condominium Records, Vol. 4863, Page 80 to Page 81 (***Exhibit 88***) on or about April 17, 1998, and have resided on the property, and were injured in their business and/or property as a direct result of the pattern of racketeering.

123.   Plaintiff, **CHRISTOPHER L. PHILLIPPE,** purchased Condominiums Nos. 307-3 & 307-4 from Robert B. Benton, recorded in the Cameron County Deed/Condominium Records, Vol. 2435, Page 273 to Page 276 (***Exhibit 89***) on or about June 1, 1999, and has resided on the

property, and was injured in his business and/or property as a direct result of the pattern of racketeering.

124. Plaintiffs, **ILA VIRGINIA PHILLIPPE & CHRISTOPHER PHILLIPPE,** purchased Condominium No. 307-6 on Lot. 307-5 from Josephine White, recorded in the Cameron County Deed/Condominium Records, Vol. 5195, Page 165 to Page 167 (***Exhibit 90***) on or about October 8, 1998, and has resided on the property, and was injured in her business and/or property as a direct result of the pattern of racketeering.

125. Plaintiff, **MONICA K. PIER,** purchased Condominium No. 813-3 from Joaquin & Maria Luisa L. Fernandez, recorded in the Cameron County Deed/Condominium Records, Vol. 829, Page 100 to Page 105 (***Exhibit 91***) on or about September 10, 1979, and has resided on the property, and was injured in her business and/or property as a direct result of the pattern of racketeering.

126. Plaintiffs, **CHARLES & JESSIE RADLIFF,** purchased Condominium No. 810-1 from The Estate of Keith A. & Olive Dolores Keller, recorded in the Cameron County Deed/Condominium Records, Vol. 4998, Page 194 to Page 195 (***Exhibit 92***) on or about June 19, 1998, and have resided on the property, and were injured in their business and/or property as a direct result of the pattern of racketeering.

127. Plaintiff, **JESSIE RADLIFF,** purchased Condominium No. 709-1 from Donald & Julie Field Snodgrass, recorded in the Cameron County Deed/Condominium Records, Vol. 2845, Page 84 to Page 85 (***Exhibit 93*** on or about April 7, 1994, and has resided on the property, and was injured in her business and/or property as a direct result of the pattern of racketeering.

128. Plaintiff, **PETE de la ROSA, III** purchased Condominium No. 801-4 from Donald J. & Elizabeth Baier Lobdell, recorded in the Cameron County Deed/Condominium Records, Vol. 2219, Page 36 to Page 38 (***Exhibit 94)*** on or about December 2, 1992, and has resided on the

property, and was injured in his business and/or property as a direct result of the pattern of racketeering.

129. Plaintiff, **PATRICIA SMITH-WILLIS,** purchased Condominium No. 305-4 from Roman Paez, Trustee, recorded in the Cameron County Deed/Condominium Records, Vol. 1240, Page 269 to Page 271 (***Exhibit 95***) on or about July 13, 1981, and has resided on the property, and was injured in her business and/or property as a direct result of the pattern of racketeering.

130. Plaintiff, **HARRY O. WHITE, Jr.,** purchased Condominium No. 800-4 from Allen J. Wolfe, recorded in the Cameron County Deed/Condominium Records, Vol. 1925, Page 3 to Page 4 (***Exhibit 96***) on or about April 1, 1992, and has resided on the property, and was injured in his business and/or property as a direct result of the pattern of racketeering.

131a. THIS WAS LEFT BLANK ON PURPOSE.

131b. Plaintiffs, **ALLEN & RUTH WOLFE,** purchased Condominium Nos. 8051, 8052, 8053, and 8054 from Harold & Leonora Colin, recorded in the Cameron County Deed/Condominium Records, Vol. 5389, Page 266 to Page 270 (***Exhibit 98***) on or about February 1, 1999, and have resided on the property, and were injured in their business and/or property as a direct result of the pattern of racketeering.

## COUNT II

### CIVIL RIGHTS VIOLATION UNDER THE
### CONSTITUTION OF THE UNITED STATES
### (VIOLATION OF 42 UNITED STATES CODE SECTION 1983)

132. Plaintiffs repeat and re-allege the allegations contained in COUNT I of this complaint as fully as if set forth here.

133. COUNT II is brought by all of the Plaintiffs against Defendants VALLEY INTERNATIONAL PROPERTIES, INC., PAT STANFORD and KEN PLASTERER,

33

CNXPDF - www.faxisx.com

Individually, and LOS CAMPEONES, INC., Individually and doing business as VALLEY INN & COUNTRY CLUB.

134.    Jurisdiction is conferred on this court by 28 U.S.C. 1331.

135.    By virtue of owning property in the "Valley Inn & Country Club" subdivision, the Plaintiffs have a property interest and liberty interests secured by the Constitution and laws of the United States.

136.    The Defendants have systematically deprived Plaintiffs of property interest and/or liberty interests under color of statute, ordinance, regulation, or usage.

## COUNT III

## COMMON LAW FRAUD AND DECEIT

137.    Plaintiffs repeat and re-allege the allegations contained in COUNT I of this complaint as fully as if set forth here.

138.    COUNT III of this complaint is brought by all Plaintiffs against Defendants VALLEY INTERNATIONAL PROPERTIES, INC., PAT STANFORD and KEN PLASTERER, Individually, and LOS CAMPEONES, INC., Individually and doing business as VALLEY INN & COUNTRY CLUB for common law fraud and deceit.

139.    The court has jurisdiction of this state claim under the doctrine of pendent jurisdiction.

140.    Defendants' acts, schemes, misrepresentations, etc., constitute common law fraud under the law of the State of Texas.

141.    Defendants acted intentionally, willfully, wantonly, maliciously, for profit, and without just cause or excuse.

142.    Plaintiffs suffered damages as a result of Defendants wrongful actions.

## COUNT IV

## COMMON LAW FRAUD AND DECEIT

34

143. Plaintiffs repeat and re-allege the allegations contained in COUNT I of this complaint as fully as if set forth here.

144. COUNT III of this complaint is brought by all Plaintiffs against Defendants VALLEY INTERNATIONAL PROPERTIES, INC., PAT STANFORD and KEN PLASTERER, Individually, and LOS CAMPEONES, INC., Individually and doing business as VALLEY INN & COUNTRY CLUB for common law fraud and deceit.

145. The court has jurisdiction of this state claim under the doctrine of pendent jurisdiction.

146. Defendants' acts, schemes, misrepresentations, etc., constitute common law fraud under the law of the State of Texas, i.e. Defendants made false representations of present and/or past facts, which were relied upon by Plaintiffs, to their detriment..

147. Defendants acted intentionally, willfully, wantonly, maliciously, for profit, and without just cause or excuse.

148. Plaintiffs suffered damages as a result of Defendants wrongful actions.

## COUNT IV

## BREACH OF FIDUCIARY DUTY

149. Plaintiffs repeat and re-allege the allegations contained in COUNT I of this complaint as fully as if set forth here.

150. COUNT IV of this complaint is brought by all Plaintiffs against NANCY JEANETTE BAILEY formerly known as Nancy Bailey Plasterer and KEN PLASTERER, Individually, and LOS CAMPEONES, INC., Individually and doing business as VALLEY INN & COUNTRY CLUB for breach of fiduciary duty.

151. The court has jurisdiction of this state claim under the doctrine of pendent jurisdiction.

152. Defendants owed a fiduciary duty to the Plaintiffs for the monies collected for maintenance fees and road assessments, which under state law were to be keep in separate accounts and subject to annual independent audits. Defendants failed to maintain such separate accounts

and/or have such audits performed.   Defendants' acts, omissions, schemes, misrepresentations, etc., constitute a breach of the fiduciary duty owed to Plaintiffs.

153.   Defendants acted intentionally, willfully, wantonly, maliciously, for profit, and without just cause or excuse.

154.   Plaintiffs suffered damages as a result of Defendants wrongful actions.

## COUNT V

## TRESPASS and DAMAGE TO PROPERTY

155.   Plaintiffs repeat and re-allege the allegations contained in COUNT I of this complaint as fully as if set forth here.

156.   COUNT V of this complaint is brought by all Plaintiffs against NANCY JEANETTE BAILEY formerly known as Nancy Bailey Plasterer and KEN PLASTERER, Individually, and as LOS CAMPEONES, INC., Individually and doing business as VALLEY INN & COUNTRY CLUB for trespass and damage to property.

157.   The court has jurisdiction of this state claim under the doctrine of pendent jurisdiction.

158.   Defendants having assessed maintenance fees and separate assessments for road maintenance have not been properly/adequately maintained the private roads.  Additionally, improper re-surfacing has caused flood and damage to various property owners.  Many recreational facilities have been closed, while other facilities have not been adequately maintained.  Defendants acts and omissions constitute trespass and damage to the Plaintiffs' property, both to common elements and to individually owned property, to Plaintiffs' damage.

159.   Furthermore, commencing on or about September 23, 1999, Defendant KEN PLASTERER, both Individually and using the corporate form of LOS CAMPEONES, INC., permitted dumping of waste in the resacas of the subdivision, in contravention of local and state health

36

CibiPDF - www.fesiia.com

laws, to all Plaintiffs' damage, as well as trespass and damage to the property of **ROBERT & GWEN BROOKS** and **ALICE CESPEDES MADRAZO** specifically.

a. Copy of City of Brownsville Building Inspections Department Building Permit dated September 23, 1999 is annexed hereto and made a part of this complaint, and marked *Exhibit 99*.

b. Copy of City of Brownsville Police Department Offense/Incident Report dated February 10, 2000 is annexed hereto and made a part of this complaint, and marked *Exhibit 100.*

c. Copy of Texas Natural Resource Conservation Commission Inspect Report on Complaint Number 150000068 dated February 16, 2000 is annexed hereto and made a part of this complaint, and marked *Exhibit 101.*

d. Copy of Letter by Robert C. Brooks to Marie Pattillo, U.S. Army Corp of Engineers, Regulatory Field Office, dated February 25, 2000 is annexed hereto and made a part of this complaint, and marked *Exhibit 102*.

e. Copies of photographs taken February 26, 2000 of dumped concrete are annexed hereto and made a part of this complaint, and marked *Exhibit 103*.

f. Copy of Letter from attorney, René B. González on behalf of Robert Brooks, to attorney, William A. Faulk, Jr. on behalf of VICC, dated March 6, 2000 is annexed hereto and made a part of this complaint, and marked *Exhibit 104.*.

160.      All Plaintiffs generally, and Plaintiffs Robert & Gwen Brooks and Alice Cespedes, specifically, have suffered damages as a result of Defendants wrongful actions.

## PRAYER FOR RELIEF

**WHEREFORE** the Plaintiffs pray on for relief on behalf of themselves against Defendants as follows, in general:

1.      Compensatory damages, for a sum duly trebled, plus interest;

2.      Punitive damages;

3.   Declaratory and injunctive relief;

4.   Reasonable attorney's fees;

5.   Together with all costs and expenses, and

6.   For such other further relief as the Court deems proper.

## JURY DEMAND

Plaintiffs demand a trial by jury with respect to all triable issues.

RESPECTFULLY SUBMITTED,

Christopher Phillippe
SBOT # 15915400
Christopher Phillippe
Attorney at Law
Federal Bar # 709
307-3 McFadden Drive
Brownsville, Texas 78520
Phone: (956) 544-6096
Fax: (956) 982-1921
Attorney for Plaintiffs

38

AO 440  (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

SOUTHERN _____ District of _____ TEXAS

ROBERT & GWENDOLYN BROOKS,
ET AL
V.
KEN PLASTERER and
NANCY JEANETTE BAILEY,
Each Individually, and
LOS CAMPEONES, INC.
Individually and dba
VALLEY INN & COUNTRY CLUB

**SUMMONS IN A CIVIL CASE**

CASE

B - 00 - 173

TO: (Name and address of Defendant)

KEN PLASTERER
Highway 77 at F.M. Road 802
Brownsville, Cameron County, Texas 78520

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

CHRISTOPHER LEE PHILLIPPE
Attorney at Law
307-3 McFadden Drive
Brownsville, Cameron County, Texas 78520

an answer to the complaint which is herewith served upon you, _____20_____ days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Michael N  Milby, Clerk                              11-3-00

CLERK                                                                DATE

(By) DEPUTY CLERK

AO 440 (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

| SOUTHERN | District of | TEXAS |

| | |
|---|---|
| ROBERT & GWENDOLYN BROOKS, ET AL V. KEN PLASTERER and NANCY JEANETTE BAILEY, Each Individually, and LOS CAMPEONES, INC. Individually and dba VALLEY INN & COUNTRY CLUB | **SUMMONS IN A CIVIL CASE** |

CASE  **B-00-173**

TO: (Name and address of Defendant)

**NANCY JEANETTE BAILEY formerly known as Nancy Bailey Plasterer**
**Jennings Street**
**Bennettsville, Marlboro County, South Carolina 29512**

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

**CHRISTOPHER LEE PHILLIPPE**
**Attorney at Law**
**307-3 McFadden Drive**
**Brownsville, Cameron County, Texas 78520**

an answer to the complaint which is herewith served upon you, _____20_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Michael N Milby, Clerk

CLERK

DATE  11-3-00

(By) DEPUTY CLERK

AO 440  (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

SOUTHERN _____ District of _____ TEXAS

ROBERT & GWENDOLYN BROOKS,
ET AL
V.
KEN PLASTERER and
NANCY JEANETTE BAILEY,
Each Individually, and
LOS CAMPEONES, INC.
Individually and dba
VALLEY INN & COUNTRY CLUB

**SUMMONS IN A CIVIL CASE**

CASE  **B - 0 0 - 1 7 3**

**TO:** (Name and address of Defendant)

LOS CAMPEONES, INC., Individually and dba Valley Inn & Country Club
Ken Plasterer, registered agent
Highway 77 at F.M. Road 802
Brownsville, Cameron County, Texas 78520

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTI〔                 〕d address)

CHRISTOPHER LEE PHILLIPPE
Attorney at Law
307-3 McFadden Drive
Brownsville, Cameron County, Texas 78520

an answer to the complaint which is herewith served upon you, _____20_____ days after service of this
summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against
you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within
a reasonable period of time after service.

Michael N  Milby, Clerk _____ 11-3-00

CLERK _____

DATE _____

(By) DEPUTY CLERK