4

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROBERT & GWENDOLYN BROOKS, | § | |
| ALICIA CESPEDES MADRAZO, | § | |
| DAVID & JUDITH CLEMENCE, | § | United States District Court |
| ELISA P. DeSIUN aka ELISA P. CHAIX, | § | Southern District of Texas |
| SANDRA MADARIA, RONALD L. MANN, | § | FILED |
| HECTOR ELIZONDO NAJERA, | § | NOV 2 2 2000 |
| MARY PEABODY, | § | |
| WALTER E. PLITT, III, | § | Michael N. Milby |
| ADOLFO PUMAJERO, | § | Clerk of Court |
| JEAN & H. REED SMITH, | § | |
| MARIA ESTHER SOTO, | § | |
| JORGE & BERTHA SUSTAETA, | § | |
| JUAN & MARIA DEL CARMEN CUADRA, | § | |
| PAUL & ROSALYN CHILTON, | § | CAUSE NO. B-00-173 |
| JAMES & LORRAINE DEWAR, | § | |
| CARLOS J. FLORES, | § | |
| HUMBERTO RUIZ GARZA, | § | |
| ANKJAER JANSEN, | § | |
| FOREST & ANN JOSTROM, | § | |
| JOHN S. LIGHT, ROBERT LIGHT, | § | |
| JOAQUIN & ANDELIA B. de MADERO, | § | |
| NORMAN & ELAINE MEISSNER, | § | |
| CHRISTOPHER L. PHILLIPPE, | § | |
| ILA VIRGINIA PHILLIPPE, | § | |
| MONICA K. PIER, CHARLES & | § | |
| JESSIE RADLIFF, PETE DE LA ROSA, III, | § | |
| PATRICIA SMITH-WILLIS, | § | |
| HARRY O. WHITE, JR. and | § | |
| ALLEN & RUTH WOLFE | § | |
| | § | |
| VS. | § | |
| | § | |
| KEN PLASTERER and NANCY JEANETTE | § | |
| BAILEY, Each Individually, and LOS | § | |
| CAMPEONES, INC., Individually and dba | § | |
| VALLEY INN & COUNTRY CLUB | § | |

**DEFENDANTS' MOTION TO DISMISS AND MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO JOIN INDISPENSABLE PARTIES AND PLAINTIFFS' FAILURE TO STATE A CLAIM**

1

Defendants file this Motion to Dismiss for failure to join indispensable and necessary parties and for failure to state a claim upon which relief can be granted, as authorized by Federal Rule of Civil Procedure 12(b)(7) and 12(b)(6).

### A. Introduction

1. Robert and Gwendolyn Brooks, et al, are Plaintiffs. Ken Plasterer and Nancy Jeanette Bailey, each individually, and Los Campeones, Inc., for itself and d/b/a Valley Inn and Country Club are Defendants.

2. Plaintiffs sued Defendants for violations of the Racketeer Influenced and Corrupt Organizations Act, for a Civil Rights Violation Under the Constitution of the United States pursuant to Title 42 U.S.C. sec. 1983, for common law fraud and deceit, for breach of fiduciary duty and for trespass and damage to property.

### B. Failure to Join Indispensable Party

3. Absent parties include other property owners who have paid dues and fees since 1969 and who are subject to the restrictive covenants made the basis of this lawsuit; other property owners who are deceased and who may not have personal representatives for their estates; lien holders such as a mortgage holder of certain property; and Pat Stanford's estate which is a lien holder and another potential party as a Defendant; all of which are indispensable to the final resolution of Plaintiffs' Complaint but cannot and/or have not been joined as an appropriate party to this suit; therefore the Court should dismiss Plaintiff's suit, or in the alternative, order that all necessary parties be joined.

4. The Court should dismiss a suit for failure to join an indispensable party when (1) the absent party is necessary to the suit, (2) the absent party cannot be joined, and (3) the absent party is indispensable to the resolution of the suit. *Fed. R. Civ. P. 19(a), (b), U.S. ex rel. Morongo Band*

2

*of Mission Indians v. Rose,* 34 F.3d 901, 907-08 (9th Cir. 1994). In this case, the remaining property owners who are subject to the restrictive covenants, are necessary parties to the suit because complete relief is not possible among existing parties. These additional property owners and absent parties are necessary to the complete resolution of the dispute because they have an interest in the outcome of the litigation. To proceed without the absent parties could leave one or more of the existing parties subject to substantial risk of incurring double, multiple, or inconsistent obligations by reason of the claimed interests. In other words, should the Court render a judgment upholding the enforceablilty of the restrictive covenants with respect to the current Plaintiffs, Defendants would be susceptible to multiple claims by the remaining property owners who may not be subject to the Court's ruling. On the other hand, should the Court render a judgment against Defendants, all property owners' and lien holder's interests in this action should be protected by including them as a party to this suit. Further, should Plaintiffs' be able to prove their claims, Pat Stanford's estate should be included as a Defendant.

5. Upon information and belief, several parties cannot be joined in this litigation because many the absent parties cannot be served as involuntary-plaintiffs or desire not to participate. Many of the property owners who are not parties, but have an interest in this action reside in the Republic of Mexico and cannot or have not been served or notified of this action. The absent parties are indispensable because if they are not a party, the judgment that may be rendered will be prejudicial to the absent parties and to the existing parties. Specifically, as to the absent parties, if the Court determines that the restrictive covenants are not enforceable and therefore, Defendants are not entitled to collect dues and fees, that decision would not be binding as to non-parties who should be Plaintiffs, and also not applicable to a necessary defendant, the estate of Pat Stanford. Additionally, the existing parties, especially the Defendants would be exposed to future litigation on the same or

3

similar claims if not all interested parties are joined. Because of the circumstances surrounding this action, the prejudice cannot be lessened or avoided by the insertion of protective provisions in the judgment, by shaping the relief, or by any other measures available to the Court. There are over 400 property owners in the area known as VICC, most of whom are not parties to this suit and whose best interests would be difficult to determine. For instance, if dues and fees were not collected for matters such as trash collection, maintenance and yard keep, the standards of the community would quickly deteriorate which may not be in those parties' particular interest. Any judgment rendered without the absent party will not be adequate, therefore, each party must be joined for a complete and fair resolution of this cause of action, or the suit should be dismissed.

### C. Failure to State a Claim

6. In their Complaint, Plaintiffs did not state a claim under Title 42 U.S.C. sec. 1983 for which relief can be granted. Therefore, the Court should dismiss this claim from Plaintiffs' suit. The Court has authority to dismiss a suit for failure to state a claim upon which relief can be granted if the complaint demonstrates, beyond doubt, that Plaintiffs cannot prove any set of facts that would entitle it to relief. *Garrett v. Commonwealth Mortg. Corp. of America*, 938 F.2d 591 (5th Cir. 1991).

7. In the Complaint, Plaintiffs allege that they have been deprived of property interest and/or liberty interests under color of statute, ordinance regulation or usage. Even if Plaintiffs prove each of these allegations, Plaintiffs have not set forth the essential elements necessary to state a claim upon which relief can be granted. Plaintiffs attempted to state a cause of action for a civil rights violation under Title 42 U.S.C. 1983. Plaintiffs, however, did not establish that the conduct complained of was committed by a person acting under the color of state law and that such conduct is what deprived them of the property and/or liberty interest. *Resident Council of Allen Parkway Village v. U. S. Dept. of Housing and Urban Development*, 980 F.2d 1043, 1050 (5th Cir. 1993).

4

Therefore, even if Plaintiffs prove the facts alleged in the complaint, they cannot prove the elements necessary to state a claim under sec. 1983, and therefore said claim should be dismissed.

### D. Conclusion

8. Because Plaintiffs did not properly join an indispensable party, the Court should dismiss the suit, or in the alternative, if the Court determines that any of the parties are necessary, Defendants ask the Court to order the absent parties to be joined by Plaintiffs at Plaintiffs' cost and expense. Further, because Plaintiffs failed to state a claim upon which relief can be granted under sec. 1983, the Court should dismiss that claim from Plaintiffs' suit.

DATED this 22nd day of November, 2000.

Respectfully submitted,

RENTFRO, FAULK & BLAKEMORE, L.L.P.
185 E. Ruben M. Torres, Sr. Blvd.
Brownsville, Texas 78520-9136
(956) 541-9600        Telephone
(956) 541-9695        Facsimile

_____
William A. Faulk, Jr.
Federal Bar No. 5944
State Bar No. 06855000
Roman "Dino" Esparza
Federal Bar No. 22703
State Bar No. 00795337

ATTORNEY FOR DEFENDANTS

5

## CERTIFICATE OF SERVICE

I certify that on ____ day of November, 2000, a true and correct copy of the foregoing Defendants' Motion to Dismiss and Memorandum in Support of Motion to Dismiss for Failure to Join Indispensable Parties and Plaintiff's Failure to State a Claim was mailed via Certified Mail, R.R.R., to:

Mr. Christopher Lee Phillippe
307-3 McFadden Dr.
Brownsville, Texas 78520

_____
William A. Faulk, Jr.

6