IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 1 2 2000

Michael N. Milby
Clerk of Court

| | |
|---|---|
| ROBERT & GWENDOLYN BROOKS, § | |
| ALICE CESPEDES MADRAZO, § | |
| DAVID & JUDITH CLEMENCE, § | |
| ELISA P. De SIUN aka ELISA P. CHAIX, § | |
| SANDRA MADARIA, § | |
| RONALD L. MANN, § | |
| HECTOR ELIZONDONAJERA § | |
| MARY PEABODY, § | |
| WALTER E. PLITT, III, § | |
| ADOLFO PUMAJERO, § | |
| JEAN & H. REED SMITH, § | |
| MARIA ESTHER SOTO, § | |
| JORGE & BERTHA SUSTAETA, § | |
| JUAN & MARIA del CARMEN CAUDRA, § | |
| PAUL & ROSALYN CHILTON, § | CIVIL ACTION NO. B-00-173 |
| JAMES & LORRAINE DEWAR, § | |
| CARLOS J. FLORES, § | |
| HUMBERTO RUIZ GARZA, § | |
| ANKJAER JANSEN, § | |
| FOREST & ANN JOSTROM, § | |
| JOHN S. LIGHT, § | |
| ROBERT LIGHT, § | PLAINTIFFS' RESPONSE |
| JOAQUIN & ANDELIA B. de MADERO, § | TO MOTION TO DISMISS |
| NORMAN & ELAINE MEISSNER, § | |
| CHRISTOPHER L. PHILLIPPE, § | and in the Alternative: |
| ILA VIRGINIA PHILLIPPE, § | |
| MONICA K. PIER, § | |
| CHARLES & JESSIE RADLIFF, § | MOTION FOR LEAVE TO |
| PETE de la ROSA, III, § | AMEND COMPLAINT |
| PATRICIA SMITH-WILLIS, § | |
| HARRY O. WHITE, Jr. § | |
| and ALLEN & RUTH WOLFE § | |
| § | |
| VS. § | |
| § | |
| KEN PLASTERER and NANCY JEANETTE BAILEY§ | |
| Each Individually, and LOS CAMPEONES, INC., § | |
| Individually and dba VALLEY § | |
| INN & COUNTRY CLUB § | |

1

Comes now, Plaintiffs herein, and in Response to Defendants' Motion to Dismiss, would show unto the Court the following:

### Response to Defendants' Claim of Failure to Join Indispensable Party and in the Alternative, Motion to Amend Plaintiffs' Original Complaint

1.  Defendants claim that there are various categories of absent parties who are all indispensable to the final resolution of this suit but who cannot or have not been joined as appropriate parties. For ease of reference, Plaintiffs will address these parties by the following categories: **Category 1** includes various property owners, alive or deceased, with or without estate representatives. "who have paid dues and fees *since 1969* and who are subject to the restrictive covenants made the basis of this suit" (emphasis added). **Category 2** is comprised of "lien holders such as "a mortgage holder of certain property". **Category 3** consists of "Pat Stanford's estate which is a lien holder and another potential party as a Defendant."

2.  As to **Category 1**, Plaintiffs would first refer to the various statutes of limitations. The longest statute of limitation applicable to Plaintiffs' claims is the ten (10) year statute of limitations as to Civil RICO actions. Since Plaintiffs' Complaint was filed in November 3, 2000, of necessity, all such RICO actions before November 3, 1990 are barred by the statute of limitations. All of Plaintiffs' other causes of action have much shorter statutes of limitations, limiting even further "potential parties" who would be barred in bringing such claims.

3.  As to both **Categories 1 and 2**: if the Restrictive Covenants are ultimately declared invalid, they are invalid as to the respective real property, irrelevant of who owns such property. Again, *also working in the ever present parameters of Statutes of Limitations*, the

identity of various lien holders is likewise equally irrelevant, unless the lien holder is a named defendant, and has or is currently trying to foreclose on subject property based upon the Restrictive Covenants in question. The applicable, succeeding questions would then either be one of damages, which is limited by statute of limitations as previously stated, or questions of cloud upon title for illegal foreclosure. Title questions will not necessarily arise as to each and every possible past, and current property owner. As to those questions which will arise, such issues are not the proper subject of this suit nor of this court's jurisdiction; but instead, depending on ultimate resolution of this cause, should be brought by the theretofore undecided entities in state court where real property jurisdiction is proper.

4. As to **Category 3** "the estate of Pat Stanford" as a lien holder; until Defendants' motion, Plaintiffs were unaware that "the estate of Pat Stanford" was a possible lien holder, which would have to be proved by some entity or party, and which would only serve to make the Estate a possible but not mandatory Defendant herein. Furthermore, since Pat Stanford's Texas estate was admitted to probate in 1997, any claims against the Estate of Pat Stanford are now barred under Texas Probate Code §298. Hence the Estate of Pat Stanford is not an applicable party to this suit.

5. Defendants have argued that "several parties cannot be joined in this litigation because many (sic) the absent party cannot be served as involuntary-plaintiffs or desire not to participate" and some "reside in the Republic of Mexico". The only question raised by Plaintiffs' Complaint affecting <u>all</u> property owners is the validity of the Restrictive Covenants. If the Restrictive Covenants are declared invalid, then the Homeowner's Association(s) will be able to draft and approve new restrictive covenants, which will provide for the protection of

3

the real property and the community as a whole, which Defendants, in Paragraph 5 of their motion to dismiss, claim will suffer otherwise.

6. Meanwhile, it is only the Plaintiffs currently before the Court who are seeking monetary damages. There is no requirement that a party who has possibly sustained damages at the hand of a Defendant actually seek those damages. In that regard, Plaintiffs agree with Defendants that there are potential plaintiffs who simply do not desire to participate in this suit. That is their choice. Additionally, review of the Complaint reveals that many of the Plaintiffs named herein <u>are</u> residents of the Republic of Mexico.

7. Additionally, Plaintiffs would point the court to the following court rulings concerning persons needed for just adjudication.

> "[I]f the defendant is capable of bringing into the litigation a non-party whose presence is allegedly required to fully resolve the controversy and if that nonparty is otherwise capable of intervening, then the nonparty *cannot* be considered indispensable under [FRCP] 19(b)." <u>Thunder Basin Coal Co. v. Southwestern Pub. Serv. Co.</u>, 104 F.3d 1205, 1211 (10th Cir. 1997) (emphasis added).

8. Plaintiffs have shown herein that the alleged "indispensable plaintiffs" can be joined by Defendants, who most certainly have addresses for all the past and current property owners who may or could be affected by this suit. Therefore, Defendants are capable of joining them. Additionally, since these same individuals are capable of intervening in this cause, if they so desire, pursuant to the holding in <u>Thunder Basin</u>, those "nonpart[ies] *cannot* be considered indispensable under [FRCP] 19(b)."

> Furthermore, "... the findings of indispensability [of a party] must be based on stated *pragmatic considerations, especially the effect on parties and on litigation*. Rule 19 does not prevent the assertion of compelling substantive interests; it merely commands the courts to examine each controversy to make certain that the interests really exist. *To say a court 'must' dismiss in the absence of an indispensable party and that it 'cannot' proceed' without him puts the matter the wrong way around: a court does not know whether a particular person is 'indispensable' until it has examined the situation to*

4

*determine whether it can proceed without him."* In re Torcise, 116 F. 3d 860, 865-66 (11th Cir. 1997) (emphasis added).

9. Plaintiffs have set forth above the pragmatic considerations of claims barred by the various statutes of limitations applicable to numerous of the alleged indispensable plaintiffs "who have paid dues and fees since 1969". The court in Torcise has clearly ruled that there a pragmatic reasons why nonparties are not always "indispensable" parties.

10. In summary, Plaintiffs pray that their Complaint not be dismissed for lack of Indispensable Parties as such allegedly "indispensable" parties are neither indispensable since their actions are barred by statute of limitation; or they are exercising their right not to seek monetary damages; or as in the case of the Estate of Pat Stanford as a potential defendant, it is protected by various statutes of limitations, including those of the Texas Probate Code. Furthermore, other claims/other plaintiffs alluded to by Defendants are not yet ripe for adjudication; nor in all likelihood would be subject to the jurisdiction of this Court. For the foregoing reasons and arguments, Plaintiffs pray that Defendants' Motion to Dismiss for Failure to Join Indispensable Party (sic) be denied.

11. Alternatively, should the Court rule that there are certain indispensable "plaintiff" parties who should be joined herein; Plaintiffs pray: 1) that Defendant is capable of joining those parties, whether plaintiffs or defendants, (as per Thunder Basin), and bear the cost of same; or alternatively, Plaintiffs prays 2) for leave to amend their complaint, setting forth their claims as class actions, where appropriate. Additionally, if the Court should rule that the Estate of Pat Stanford is a necessary party, then Plaintiffs pray the Court order Defendants' join their co-defendant, and bear the costs of same.

## Response to Defendants' Claim of Failure to State A Claim Under 42 U.S.C. §1983 and in the Alternative, Motion to Amend Plaintiffs' Original Complaint

12. Defendants allege that Plaintiffs failed to properly state a claim under Title 42 U.S.C § 1983 for which relief can be granted. The two essential elements of a 42 U.S.C. § 1983 claim are that (1) the conduct complained of was committed by a person acting under color of state law and (2) the conduct deprived a person of rights, privileges, or immunities secured by the Constitution or the laws of the United States. <u>Baker v. McCollan</u>, 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979). Rule 8(2) of the Federal Civil Rules of Procedure states in pertinent part: "... a pleading which sets for a claim for relief, ... shall contain .... (2) *a short and plain statement of the claim* showing that the pleader is entitled to relief, ... ." Furthermore, Rule 8(e) states: "(1) Each averment of a pleading shall be *simple, concise, and direct*. No technical forms of pleading or motions are required. (2) A party may set forth two or more statements of a claim or defense alternately or hypothetically, either in one count ... or in separate counts." (Emphasis added).

13. The pertinent portion of Plaintiffs' petition follows, with emphasis added:

### COUNT II
### CIVIL RIGHTS VIOLATION UNDER THE
### CONSTITUTION OF THE UNITED STATES
### (VIOLATION OF 42 UNITED STATES CODE SECTION 1983)

133. Plaintiffs *repeat and re-allege the allegations contained in COUNT I of this complaint as fully as if set forth here.*

134. COUNT II is brought by all of the Plaintiffs against Defendants VALLEY INTERNATIONAL PROPERTIES, INC., PAT STANFORD and KEN PLASTERER, Individually, and LOS CAMPEONES, INC., Individually and doing business as VALLEY INN & COUNTRY CLUB.

135. Jurisdiction is conferred on this court by 28 U.S.C. 1331.

136. By virtue of owning property in the "Valley Inn & Country Club" subdivision, the Plaintiffs have a property interest and liberty interests secured by the Constitution and laws of the United States.

137. The Defendants have systematically deprived Plaintiffs of property interest and/or liberty interests under color of statute, ordinance, regulation, or usage.

14. In following both the spirit and the letter of Rule 8 of the Federal Civil Rules of Procedure, Plaintiffs <u>have</u> alleged that the conduct of the Defendants *(see Count I, consisting of paragraphs 14 through and inclusive of 132, with particular emphasis on paragraphs 34 through and inclusive of 39, paragraphs 53 through and inclusive of 57, and paragraphs 96 through and inclusive of 98)*, acting under color of Texas state law by virtue of statute, ordinance regulation or usage have misused state law and their conduct in such misuse have deprived Plaintiffs of their lawful property. More precisely, as referenced hereinabove, the Defendants have acted under color of state law, i.e. claiming authority under the Texas Property Code, the Texas Condominium Act and the Texas Uniform Condominium Act, and through the intentional and fraludent conduct in the *misuse and misrepresentation* of such state laws, have deprived Plaintiffs of their lawful property. Pursuant to 42 U.S.C. §1981, even a private entity or person, regardless of its/his affiliation with the state, can become a wrongdoer under 42 U.S.C. § 1983 when exercising power possessed by virtue of state law and made possible only because the alleged wrongdoer is clothed with the authority of state law. <u>Doe v. Rains County I.S.D.</u>, 66 F.3d 1402, 1146, quoting <u>Polk County v. Dodson</u>, 4545 U.S. 312, 317-318, 102 S.Ct. at 449 (1981). Defendants clothed their illegal actions under

alleged authority of the Texas Property Code, the Texas Condominium Act and the Texas Uniform Condominium Act. Having correctly raised the allegations of Defendants' misconduct under color of state statute, ordinance, regulation or usage, Plaintiffs therefore are now entitled to have the issues resolved by the trier of fact, rather than be subjected to a motion to dismiss. Therefore, Plaintiffs pray that the Defendants' Motion to Dismiss Count II of Plaintiffs' Complaint (42 U.S.C. § 1983 action) be denied.

15. Alternatively, should the Court determine that Plaintiffs' pleadings as set forth in paragraphs 14 through and inclusive of paragraph 132, together with the pleadings of paragraphs 133 through and inclusive of 137 are insufficient to properly state Plaintiffs' claim for violations under 42 U.S.C. §1983, then Plaintiffs seek permission of the Court to Amend its Complaint to replead Count II.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants' Motion to be Dismiss be denied in all things; or in the alternative, the Plaintiffs' be granted leave to Amend the Complaint in compliance with the Court's order(s) pertaining to the issues set forth in both the Motion to Dismiss and Plaintiffs' Response thereto.

RESPECTFULLY SUBMITTED,

_____
Christopher Lee Phillippe
SBOT # 15915400
Federal Bar # 709
Christopher Lee Phillippe
Attorney at Law
307-3 McFadden Drive,
Brownsville, Texas 78520
(956) 544-6096
(956) 982-1921
Attorney for Plaintiffs

8

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Response to Defendants' Motion to Dismiss, and alternatively, Plaintiffs' Motion for Leave to Amend Complaint has been served upon Mr. William A. Faulk, Jr. of Rentfro, Faulk & Blakemore, L.L.P., 185 E. Rube M. Torres, Sr. Blvd., Brownsville, Texas 78520-9135; facsimile: (956) 541-9695, either by facsimile, hand delivery, or certified mail, return receipt requested on this 13th day of December, 2000.

_____
Christopher Lee Phillippe

## AFFIDAVIT OF CONFERENCE

I, Christopher Lee Phillippe attempted to reach an agreement with Mr. William A. Faulk, Jr., representing Ken Plasterer and Nancy Jeanette Bailey Each Individually, and Los Campeones, Inc., Individually and dba Valley Inn & Country Club. My efforts were unsuccessful and a hearing will be required.

_____
Christopher Lee Phillippe
Federal Bar No. 709
State Bar No: 15915400