IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROBERT & GWENDOLYN BROOKS, | § | |
| ALICIA CESPEDES MADRAZO, | § | |
| DAVID & JUDITH CLEMENCE, | § | |
| ELISA P. DeSIUN aka ELISA P. CHAIX, | § | |
| SANDRA MADARIA, RONALD L. MANN, | § | |
| HECTOR ELIZONDO NAJERA, | § | |
| MARY PEABODY, | § | |
| WALTER E. PLITT, III, | § | |
| ADOLFO PUMAJERO, | § | |
| JEAN & H. REED SMITH, | § | |
| MARIA ESTHER SOTO, | § | |
| JORGE & BERTHA SUSTAETA, | § | |
| JUAN & MARIA DEL CARMEN CUADRA, | § | |
| PAUL & ROSALYN CHILTON, | § | CAUSE NO. B-00-173 |
| JAMES & LORRAINE DEWAR, | § | |
| CARLOS J. FLORES, | § | |
| HUMBERTO RUIZ GARZA, | § | |
| ANKJAER JANSEN, | § | |
| FOREST & ANN JOSTROM, | § | |
| JOHN S. LIGHT, ROBERT LIGHT, | § | |
| JOAQUIN & ANDELIA B. de MADERO, | § | |
| NORMAN & ELAINE MEISSNER, | § | |
| CHRISTOPHER L. PHILLIPPE, | § | |
| ILA VIRGINIA PHILLIPPE, | § | |
| MONICA K. PIER, CHARLES & | § | |
| JESSIE RADLIFF, PETE DE LA ROSA, III, | § | |
| PATRICIA SMITH-WILLIS, | § | |
| HARRY O. WHITE, JR. and | § | |
| ALLEN & RUTH WOLFE | § | |
| | § | |
| VS. | § | |
| | § | |
| KEN PLASTERER and NANCY JEANETTE | § | |
| BAILEY, Each Individually, and LOS | § | |
| CAMPEONES, INC., Individually and dba | § | |
| VALLEY INN & COUNTRY CLUB | § | |

United States District Court
Southern District of Texas
FILED

DEC 2 2 2000

Michael N. Milby
Clerk of Court

**DEFENDANTS' MOTION TO DISMISS AND MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

TO THE HONORABLE JUDGE OF SAID COURT:

1

Defendants file this Motion to Dismiss for failure to state a claim upon which relief can be granted, as authorized by Federal Rule of Civil Procedure 12(b)(6).

### A. Introduction

1. Robert and Gwendolyn Brooks, et al, are Plaintiffs. Ken Plasterer and Nancy Jeanette Bailey, each individually, and Los Campeones, Inc., for itself and d/b/a Valley Inn and Country Club are Defendants.

2. Plaintiffs sued Defendants for violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), for a Civil Rights Violation Under the Constitution of the United States pursuant to Title 42 U.S.C. sec. 1983, for common law fraud and deceit, for breach of fiduciary duty and for trespass and damage to property.

### B. Failure to State of Claim

3. In their Complaint, certain Plaintiffs did not state a claim under the Racketeer Influenced and Corrupt Organization Act for which relief can be granted, in that the Statute of Limitations has expired. Therefore, the Court should dismiss Plaintiffs' suit.

4. The Court has authority to dismiss a suit for failure to state a claim upon which relief can be granted if the complaint demonstrates, beyond doubt, that Plaintiffs cannot prove any set of facts that would entitle it to relief. *Garrett v. Commonwealth Mortg. Corp. of America*, 938 F.2d 591 (5th Cir. 1991).

5. In the Complaint, certain Plaintiffs alleged an injury to their business or property as a direct result of a racketeering activity committed by Defendants. Plaintiffs have alleged that Defendants have unlawfully collected membership dues. Even if Plaintiffs prove each of these allegations, Plaintiffs are barred by the Statute of Limitations. The most appropriate statute of

2

limitations to be applied in a civil RICO action is four years. *Agency Holding Corp. v. Malley-Duff & Associates, Inc.*, 483 U.S. 143(1987).

6. In their Complaint, Plaintiffs summarize each of their injuries, starting on page 24, paragraph 98a through paragraph 131b, ending on page 33, to be incorporated by reference herein. Most Plaintiffs acquired their property, well beyond the four year statute of limitations period, subject to the Restrictive Covenants which are made the basis of this suit, and furthermore, many Plaintiffs paid maintenance fees and membership dues accordingly during that same time period. Now, Plaintiffs challenge the validity and enforceability of the Restrictive Covenants. Defendants assert, that if Plaintiffs really believe that a racketeering activity exists, Plaintiffs knew or should have known have known of such activity much sooner, because Defendants have been collecting maintenance fees and membership dues for the benefit of the community for many years outside the limitations period. With regard to RICO actions, the Fifth Circuit adopted the "injury discovery" rule, which states a civil RICO claim accrues when the plaintiff discovers or should have discovered the injury. *Love v. National Medical Enterprises*, 230 F.3d 765, 773 (5th Cir. 2000), *Klehr v. A.O. Smith Corp.*, 521 U.S. 179, (1997). The Fifth Circuit also adopted the "separate accrual" which considers whether the RICO pattern causes a continuing series of separate injuries. *Id.* at 774-775. Defendants and their predecessor have been lawfully collecting maintenance fees and membership dues since 1969 pursuant to the Restrictive Covenants. Unlike the circumstances in *Love*, the Defendants' conduct is not an injurious act separate from the alleged prior misconduct made the basis of this suit, and therefore, the "separate accrual" rule is not applicable. In addition, because Plaintiffs cannot show how any new act could have caused them harm over and above the harm caused by the earlier acts, this suit should be dismissed as to those Plaintiffs who do not conform to the four year statue of limitations period. *Klehr v. A.O. Smith Corp.*, 521 U.S. 179, 190 (1997).

## D. Conclusion

7. Because Plaintiffs failed to state a claim upon which relief can be granted within the appropriate statute of limitations, the Court should dismiss certain Plaintiffs' from this suit.

DATED this 22nd day of December, 2000.

                              Respectfully submitted,

                              RENTFRO, FAULK & BLAKEMORE, L.L.P.
                              185 E. Ruben M. Torres, Sr. Blvd.
                              Brownsville, Texas 78520-9136
                              (956) 541-9600     Telephone
                              (956) 541-9695     Facsimile

                              _____
                              William A. Faulk, Jr.
                              Federal Bar No. 5944
                              State Bar No. 06855000
                              Roman "Dino" Esparza
                              Federal Bar No. 22703
                              State Bar No. 00795337

                              ATTORNEY FOR DEFENDANTS

ClibPDF - www.fastio.com

## CERTIFICATE OF SERVICE

I certify that on ____ day of December, 2000, a true and correct copy of the foregoing Defendants' Motion to Dismiss and Memorandum in Support of Motion to Dismiss for Failure to State a Claim was mailed via Certified Mail, R.R.R., to:

Mr. Christopher Lee Phillippe
307-3 McFadden Dr.
Brownsville, Texas 78520

_____
William A. Faulk, Jr.