//

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ROBERT & GWENDOLYN BROOKS, § <br> ALICIA CESPEDES MADRAZO, § <br> DAVID & JUDITH CLEMENCE, § <br> ELISA P. DeSIUN aka ELISA P. CHAIX, § <br> SANDRA MADARIA, RONALD L. MANN, § <br> HECTOR ELIZONDO NAJERA, § <br> MARY PEABODY, § <br> WALTER E. PLITT, III, § <br> ADOLFO PUMAJERO, § <br> JEAN & H. REED SMITH, § <br> MARIA ESTHER SOTO, § <br> JORGE & BERTHA SUSTAETA, § <br> JUAN & MARIA DEL CARMEN CUADRA, § <br> PAUL & ROSALYN CHILTON, § <br> JAMES & LORRAINE DEWAR, § <br> CARLOS J. FLORES, § <br> HUMBERTO RUIZ GARZA, § <br> ANKJAER JANSEN, § <br> FOREST & ANN JOSTROM, § <br> JOHN S. LIGHT, ROBERT LIGHT, § <br> JOAQUIN & ANDELIA B. de MADERO, § <br> NORMAN & ELAINE MEISSNER, § <br> CHRISTOPHER L. PHILLIPPE, § <br> ILA VIRGINIA PHILLIPPE, § <br> MONICA K. PIER, CHARLES & § <br> JESSIE RADLIFF, PETE DE LA ROSA, III, § <br> PATRICIA SMITH-WILLIS, § <br> HARRY O. WHITE, JR. and § <br> ALLEN & RUTH WOLFE § <br> § <br> VS. § <br> § <br> KEN PLASTERER and NANCY JEANETTE § <br> BAILEY, Each Individually, and LOS § <br> CAMPEONES, INC., Individually and dba § <br> VALLEY INN & COUNTRY CLUB § | United States District Court <br> Southern District of Texas <br> FILED <br><br> DEC 2 2 2000 <br><br> Michael N. Milby <br> Clerk of Court <br><br><br><br><br> CAUSE NO. B-00-173 |

**DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO MOTION TO DISMISS**

TO THE HONORABLE JUDGE OF SAID COURT:

1

Defendants file this Reply to Plaintiffs' Response to Defendants' Motion to Dismiss for failure to join indispensable and necessary parties and for failure to state a claim upon which relief can be granted, as authorized by Federal Rule of Civil Procedure 12(b)(7) and 12(b)(6).

### A. Joinder of Persons Needed for Just Adjudication: FRCP 19

1. In this case, the remaining property owners who are subject to the restrictive covenants, are necessary parties to the suit because complete relief is not possible among existing parties. The core issue in this case will require the interpretation of the restrictions that apply to the lots or owners. These additional property owners and absent parties are necessary to the complete resolution of the dispute because they have an interest in the outcome of the litigation. To proceed without the absent parties could leave one or more of the existing parties subject to substantial risk of incurring double, multiple, or inconsistent obligations by reason of the claimed interests. Many of the property owners who are not parties, but have an interest in this action have not been served or notified of this action. The absent parties are indispensable and/or necessary for a just adjudication of this matter, because if they are not joined as a party, any judgment that may be rendered will be prejudicial to the absent parties as well as to the existing parties. There are over 400 property owners in the area known as VICC, most of whom are not parties to this suit and whose best interests would be difficult to determine. For instance, if fees were not collected for matters such as trash collection, maintenance and yard keep, the standards of the community would quickly deteriorate which may not be in those parties' particular interest. Therefore, Defendants respectfully request that each necessary party be joined for a complete and fair resolution of this cause of action, or that the suit be dismissed for failure to join an indispensable party.

## B. Failure to State a Claim

2. Plaintiffs failed to state a claim under Title 42 U.S.C. sec. 1983 for which relief can be granted and the Court should dismiss this claim from Plaintiffs' suit. In the Complaint, Plaintiffs allege that they have been deprived of property interest and/or liberty interests under color of statute, ordinance, regulation or usage. Plaintiffs cannot set forth the essential elements necessary to state a claim upon which relief can be granted under Title 42 U.S.C. 1983. Referring to the case Plaintiffs relied on in their Response, *Doe v. Rains County Independent School Dist.*, 66 F.3d 1402 (5th Cir. 1995), Plaintiffs must establish that the conduct complained of was committed by a person acting under the color of state law and that such conduct is what deprived them of the property and/or liberty interest. Plaintiffs claim that Defendants, as private citizens or entities, acted with state authority and under state law to deprive Plaintiffs of their lawful property pursuant to the Texas Property Code, the Texas Condominium Act and the Texas Uniform Condominium Act. "While state law imposes a panoply of legally enforceable obligations on both citizens and state employees, not every law creating a duty establishes that the obligated party is a state actor for purposes of fulfilling a duty. If the imposition of a duty on a person by itself cloaked that person with state authority such that a breach entailed an exercise of state power, then every citizen would act under color of state law and face federal liability when breaching virtually any state law obligation. Such an outcome is untenable." *Id.* at 1411. Plaintiffs must show that Defendants were acting under color of state law and that such acts deprived Plaintiffs of their constitutional right in order to prove liability under Sec. 1983. "A person acts under color of state law only when exercising power possessed by virtue of state law and made possible only because the wrongdoer is clothed with authority of state law." *Id.* (Citing Polk County v. Dodson, 454 U.S. 312 (1981)). Defendants were not clothed with the authority of state law and therefore were not acting under color of state law.

3

Furthermore, Defendants enforced their rights under the Restrictive Covenants which are made the basis of this lawsuit and not pursuant to the statutes referenced above.

    3. Defendants are private parties in this matter, and in order for the actions of private parties to constitute state action, "the conduct allegedly causing the deprivation of federal right must be fairly attributable to the state". *Landry v. A-Able Bonding, Inc.* 75 F.3d 200 (5th Cir. 1996), *Clapp v. Leboeuf, Lamb, Leiby & Macae*, 862 F. Supp. 1050 (S.D.N.Y., 1994), *Lugar v. Edmondson Oil Co.* 457 U.S. 922 (1982). The Supreme Court has adopted a two part approach to the question of "fair attribution". "First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible. Second, the party charged with the deprivation must a person who may fairly be said to be a state actor. This may be because he is a state official, because he has acted together with or has obtained significant aid from state officials or because his conduct is otherwise chargeable to the State." *Lugar* at 937. The Supreme Court further states that without such criteria, private parties could face constitutional litigation whenever they seek to rely on some state rule governing interaction with the community surrounding them. *Id.* Defendants are not state officials, Defendants did not act jointly with state officials and further, Defendants' conduct is not chargeable to the State. Plaintiffs rely on specific statutes to qualify each Defendant as a state actor. This alone is not sufficient. The Supreme Court has held that action by a private party pursuant to a statute, without something more, is insufficient to justify the characterization of a private party as a state actor. *Lugar* at 939-940. Plaintiffs cannot prove the elements necessary to state a claim under sec. 1983, therefore said claim should be dismissed.

## D. Conclusion

4. Because Plaintiffs did not properly join an indispensable party, the Court should dismiss the suit, or in the alternative, if the Court determines that any of the parties are necessary, Defendants ask the Court to order the absent parties to be joined by Plaintiffs at Plaintiffs' cost and expense. Further, because Plaintiffs failed to state a claim upon which relief can be granted under sec. 1983, the Court should dismiss that claim from Plaintiffs' suit.

DATED this _____ day of December, 2000.

                              Respectfully submitted,

                              RENTFRO, FAULK & BLAKEMORE, L.L.P.
                              185 E. Ruben M. Torres, Sr. Blvd.
                              Brownsville, Texas 78520-9136
                              (956) 541-9600       Telephone
                              (956) 541-9695       Facsimile

                              */s/ William A. Faulk, Jr.*
                              William A. Faulk, Jr.
                              Federal Bar No. 5944
                              State Bar No. 06855000
                              Roman "Dino" Esparza
                              Federal Bar No. 22703
                              State Bar No. 00795337

                              ATTORNEY FOR DEFENDANTS

ClibPDF - www.fastio.com

## CERTIFICATE OF SERVICE

    I certify that on _____ day of December, 2000, a true and correct copy of the foregoing Defendants' Motion to Dismiss and Memorandum in Support of Motion to Dismiss for Failure to Join Indispensable Parties and Plaintiff's Failure to State a Claim was mailed via Certified Mail, R.R.R., to:

    Mr. Christopher Lee Phillippe
    307-3 McFadden Dr.
    Brownsville, Texas 78520

    _____
    William A. Faulk, Jr.

6