*12*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 0 9 2001

Michael N. Milby
Clerk of Court

| | |
|---|---|
| ROBERT & GWENDOLYN BROOKS, § | |
| ALICE CESPEDES MADRAZO, § | |
| DAVID & JUDITH CLEMENCE, § | |
| ELISA P. De SIUN aka ELISA P. CHAIX, § | |
| SANDRA MADARIA, § | |
| RONALD L. MANN, § | |
| HECTOR ELIZONDONAJERA § | |
| MARY PEABODY, § | |
| WALTER E. PLITT, III, § | |
| ADOLFO PUMAJERO, § | |
| JEAN & H. REED SMITH, § | |
| MARIA ESTHER SOTO, § | |
| JORGE & BERTHA SUSTAETA, § | |
| JUAN & MARIA del CARMEN CAUDRA, § | |
| PAUL & ROSALYN CHILTON, § | CIVIL ACTION NO. B-00-173 |
| JAMES & LORRAINE DEWAR, § | |
| CARLOS J. FLORES, § | |
| HUMBERTO RUIZ GARZA, § | |
| ANKJAER JANSEN, § | |
| FOREST & ANN JOSTROM, § | |
| JOHN S. LIGHT, § | |
| ROBERT LIGHT, § | PLAINTIFFS' SUPPLEMEN- |
| JOAQUIN & ANDELIA B. de MADERO, § | TAL RESPONSE TO |
| NORMAN & ELAINE MEISSNER, § | MOTION(S) TO DISMISS |
| CHRISTOPHER L. PHILLIPPE, § | and SUPPORTING |
| ILA VIRGINIA PHILLIPPE, § | MEMORANDUM |
| MONICA K. PIER, § | |
| CHARLES & JESSIE RADLIFF, § | and in the Alternative: |
| PETE de la ROSA, III, § | MOTION FOR LEAVE TO |
| PATRICIA SMITH-WILLIS, § | AMEND COMPLAINT |
| HARRY O. WHITE, Jr. § | |
| and ALLEN & RUTH WOLFE § | |
| § | |
| VS. § | |
| § | |
| KEN PLASTERER and NANCY JEANETTE BAILEY§ | |
| Each Individually, and LOS CAMPEONES, INC., § | |
| Individually and dba VALLEY § | |
| INN & COUNTRY CLUB § | |

1

**Comes now, Plaintiffs herein, and files this their Response to Defendants' Second Motion to Dismiss, and in Supplemental Response to Defendants' First Motion to Dismiss, would show unto the Court the following:**

## Motion to Dismiss Based upon Statute of Limitations

1. Defendants have moved that Plaintiffs' Complaint be dismissed as barred by the statute of limitations. In order to address this issue, it is necessary to address the fact that there no express statute of limitations, neither for criminal prosecution nor for civil prosecution, is set forth in the RICO statute (Agency Holding Corp. v. Malley-Duff & Associates, Inc., 483, U.S. 143, 146, 155, 157; 107 S.Ct. 2875 (1987)) and it is necessary to examine subsequent appellate decisions on the issue of accrual. Rico's civil enforcement provision simply provides as follows:

> "Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee." 18 U.S.C. § 1964 (c).

2. Although the published text of Supreme Court Justice Antonin Scalia's lengthy, scholarly opinion in Agency Holding states he "concurr[ed] in the judgment, " in Agency Holding, upon actual reading the opinion is a specific and particularly forceful dissent in which Justice Scalia is joined by Justices Stevens and Brennan (with minor variances). Justice Scalia repeatedly asserts that where the legislature has remained silent as to the limitations period in the enacting of federal statute, and any state limitations that would apply under state law is pre-empted because it is inconsistent with the federal statute, "that is the end of the matter, and there is no limitation on the federal cause of action." Agency Holding at 163, 614.

3. The Court in Agency Holding compared the RICO statute with various other congressional enactments, including the Clayton Antitrust Act. However, Justice Scalia strongly

pointed out that in comparing RICO to the Clayton Act, the ordinary principles of construction "demonstrate – if any intent to depart from the state borrowing rule – a desire for no limitations period at all. The same is suggested by the legislative history discussed by the Court, showing that Congress has passed up several opportunities to impose a federal limitations period on civil RICO claims, *ante*, at 154-155." *Id.*, at 166.

4. Justice Scalia further argues that while the Court in <u>Agency Holding</u> objected to the applications of 18 U.S.C. §2181, the general 5-year criminal statute of limitations, "on the ground that it 'does not reflect any congressional balancing of the competing equities unique to civil RICO actions.' *Ante*, at 156. That objection should also, however, lead it to reject a 4-year limitations period, which clearly reflects only the balance of equities Congress deemed appropriate to the Clayton Act." *Id.* at 170.

5. Justice Scalia concluded that he agreed with the Court in refusing to apply state statute of limitations to civil RICO claims; however he "would hold that if state codes do not furnish an "appropriate" limitations period, there is none to apply." *Id.*

6. Since the decision of <u>Agency Holding</u>, the focus has shifted to the question of when the cause of action accrues for purposes of commencing the limitations period, since the U.S. Supreme Court had explicitly left open the question of when RICO claims accrue. <u>Beneficial Standard life Ins. Co. v. Madariaga, et al.</u>, 851 F.2d 1271 (9th Cir. 1988). The Fifth Circuit has not ruled on this issue.

7. However, various appellate courts have rejected the general federal rule of accrual and instead have adopted the middle ground, the separate accrual rule, which has been followed by the Eighth, Tenth, Fourth, Eleventh and Second Circuits: the RICO cause of action accrues, not at the time of the violation, but rather on the date the plaintiff discovers both the existence and

3

source of the injury and that the injury is due to a pattern of racketeering activity. <u>Granite Falls Bank v. Henrikson</u>, 924 F. 2d 150 (8th Cir. 1991); 1991); <u>Bath v. Buskin, Gaims, Gaines, and Jonas</u>, 913 F.2d 817 (10th Cir. 1990); <u>Bivens Gardens Office Building, Inc. v. Barnett Book of Florida</u>, 906 F.2d 1546 (11th Cir. 1990); <u>Bankers Trust Co. v. Rhoades, et al</u>, 859 F.2d 1096 (2d Cir. 1988). The Seventh Circuit has commented that the concept of equitable tolling might well delay the running of the RICO limitations period while a victim diligently investigated the possible existence in extent of a pattern of racketeering. <u>McCool v. Strata Oil Co.</u>, 972 F.2d 1452 (7th Cir. 1992). Furthermore, the court in <u>Beneficial Standard Life</u>, <u>Id.</u>, has stated that the question of whether a plaintiff knew of or should have become aware of a RICO claim was left to the jury.

8. This issue has been reserved to the trier of fact for the reason that there is no simple and easy way for a layman to determine if and/or when the necessary predicate RICO offenses have occurred. This is especially true when, as in this case, the defendants -- sophisticated investors claiming successor authority from the alleged original developers, use the mantle of state law to enforce "their" alleged rights to enforce restrictions, albeit one-sidedly, and utilize state foreclosure laws to deprive or threaten to deprive others of their property; while at the same time misrepresenting their authority, in contravention of state law, to maintain control of the very property which has been "dedicated" as a matter of public record under state law as condominiums.

9. The Plaintiffs herein are victims who diligently investigated the possible existence in extent of a pattern of racketeering and wrongdoing, and after intensive, convoluted investigation of the facts, as set forth in Plaintiffs Original Complaint, "discovered" their injuries and have brought their complaint before this court. Following the arguments and decisions of not only

<u>Agency Holding</u>, but the subsequent appellate decisions on the accrual issue cited hereinabove, Plaintiffs complaints are timely brought.

### Supplemental Response to Defendants' Claim of Failure to Join Indispensable Parties

10.    Plaintiffs would point out that if this court were to adopt Defendants' position of a strict four-year statute of limitations, absent any issue of accrual, then the allegedly indispensable defendant party, the Estate of Pat Stanford, could not be a defendant party as Pat Stanford sold his shares in Los Campeones, Inc. to Ken Plasterer in March 1995, thus ending his actions relevant to this matter.

11.    Defendants have alleged that the homeowners that have not joined this suit are indispensable parties. Plaintiffs reiterate their prior response that there is no requirement that a party who has possibly sustained damages at the hand of a defendant actually seek recovery of those damages. In that regard, Plaintiffs agree with Defendants that there are potential plaintiffs who simply do not desire to participate in this suit. That is their choice.

12.    Defendants have also argued that these same parties are "unserved" and therefore unaware of this action. Refuting that argument is a recent letter from Dale Hills, President, Community Association of Valley Inn, Inc. this letter was sent using Defendants computerized billing list to all property owners of the Valley Inn and Country Club. The Valley International Country Club envelope was utilized and mailing labels were employed that were provided by Defendants. A copy of the letter is attached hereto as Exhibit A and incorporated herein by reference, and an original of the envelope with mailing label attached is attached hereto as Exhibit B and incorporated herein by reference. On information and belief a sizeable number of property owners even received this letter with their monthly assessment of dues from Defendants. The argument can no longer be made by Defendants that other property

owners in addition to Plaintiffs at VICC are unaware of this lawsuit and thus have not had an opportunity to participate if they so desire.

13. The Court in <u>Thunder Basin Coal Co. v. Southwestern Pub. Serv. Co</u>. rule that "[I]f the defendant is capable of bringing into the litigation a non-party whose presence is allegedly required to fully resolve the controversy and if that nonparty is otherwise capable of intervening, then the nonparty *cannot* be considered indispensable under [FRCP] 19(b). (104 F.3d 1205, 1211 (10th Cir. 1997) (emphasis added).

14. Clearly, the alleged "indispensable plaintiffs" can be joined by Defendants, who most certainly have addresses for all the past and current property owners who may or could be affected by this suit, and whom in fact Defendants have recently put on notice of this proceedings, if they were previously unaware of same. Therefore, Defendants are capable of joining these "nonparties" if they so desire. Since these same individuals are capable of intervening or joining of their own accord for recovery of monetary damages, if <u>they</u> so desire, pursuant to the holding in <u>Thunder Basin</u>, those "nonpart[ies] *cannot* be considered indispensable under [FRCP] 19(b)."

15. Finally, Plaintiffs would point out that even if the Court were to adopt a strict four-year statute of limitations, without any consideration of the accrual issue, many if not all of the existing Plaintiffs would still have viable causes of action with the statute of limitations due to the continuing and on-going actions of certain of the Defendants. The only limitations would be a limitation of the damages accrued before the four years immediately preceding the filing of Plaintiffs' Complaint. Therefore an outright dismissal of Plaintiffs' Complaint would be unjustified. Therefore, Plaintiffs' would alternatively request leave of court to amend their complaint as may be necessitated by the court's ruling.

6

## SUMMARY

16.     Pursuant to the holding in Thunder Basin, those property owners who have not joined in Plaintiffs' Complaint "*cannot* be considered indispensable under [FRCP] 19(b)." Furthermore, pursuant to the holding in Thunder Basin, Defendants are capable of joining these parties if Defendants so desire. Hence Defendants' Motion to Dismiss for Lack of Indispensable Parties should be denied. Alternatively, Defendants' should be ordered to join any applicable parties.

17.     On the issue of statute of limitations and accrual of cause of action, Plaintiffs' Complaint is timely as per the holdings of the cases cited herein, hence Defendants' Motion to Dismiss for Bar by Statute of Limitations should be denied. Alternatively, the accrual issue is an issue reserved for the trier of fact, and Defendants' Motion to Dismiss for Bar by Statute of Limitations should be denied. Alternatively, Plaintiffs' should be granted leave of court to amend their Complaint to conform to the court's ruling on the statute of limitations issue.

        WHEREFORE, PREMISES CONSIDERED, Defendants' Motions to Dismiss should be denied.

                                                RESPECTFULLY SUBMITTED,

                                                _____
                                                Christopher Phillippe
                                                SBOT # 15915400
                                                Christopher Lee Phillippe
                                                Attorney at Law
                                                307-3 McFadden Drive,
                                                Brownsville, Texas 78520
                                                (956) 544-6096
                                                (956) 982-1921
                                                Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing Response to Defendants' Motion to Dismiss, and alternatively, Plaintiffs' Motion for Leave to Amend Complaint has been served upon Mr. William A. Faulk, Jr. of Rentfro, Faulk & Blakemore, L.L.P., 185 E. Rube M. Torres, Sr. Blvd., Brownsville, Texas 78520-9135; facsimile: (956) 541-9695, either by facsimile, hand delivery, or certified mail, return receipt requested on this 9th day of January, 2001.

                                          _____
                                          Christopher Lee Phillippe
                                          Attorney at Law

8

**COMMUNITY ASSOCIATION OF VALLEY INN, INC.**
60 Waterfront Drive
Brownsville, Texas 78520

December 11, 2000

Dear Fellow Homeowner:

To bring you up-to-date on those who oppose the management of VICC, thirty-two homeowners have filed a suit against Ken, Nancy Bailey, and Los Campeones, Inc. in federal court on charges of racketeering, mail fraud, and wire fraud. The charge is that Los Campeones, Inc. is not the developer and has been collecting money illegally for dues, maintenance fees and other assessments. Copy of the front page of this lawsuit is on the backside of this letter.

As members of the Community Association, we support Ken and his management of the VICC area. These individuals have filed claims against Ken in the local courts and have lost each time. Why these people are against Ken and our way of life, we cannot understand!.

If by any chance Ken should lose this case and we hope and pray that he doesn't, the Country Club atmosphere of the area will be gone because VICC might not continue to exist. We might just be residents of Brownsville and have to arrange for our own garbage collection or have it picked up once a week. Large garbage cans will be standing in front of every residence, there will be no security except by Brownsville Police and how many times have you seen them patrol your area, and everyone will have to do their own yards or hire it done individually. WE DO NOT KNOW WHY ANYONE WOULD WISH THIS ON EVERYONE!

In the past, homeowners have not joined the Community Association because they did not want to get involved. We say this now--YOU HAD BETTER GET INVOLVED--we need to support Ken so that our area remains a VICC area.

The Community Association will help Ken in every way it can. If you wish to join us, come to our cocktail party on January 8, 2001, when old members and new members come together to enjoy the Country Club Life that we have become accustomed to.

Yours Truly,

*Dale Hills*

Dale Hills
President

Exhibit "A"



Exhibit "B"