IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROBERT & GWENDOLYN BROOKS, | § | |
| ALICIA CESPEDES MADRAZO, | § | United States District Court |
| DAVID & JUDITH CLEMENCE, | § | Southern District of Texas |
| ELISA P. DeSIUN aka ELISA P. CHAIX, | § | FILED |
| SANDRA MADARIA, RONALD L. MANN, | § | JAN 1 7 2001 |
| HECTOR ELIZONDO NAJERA, | § | |
| MARY PEABODY, | § | Michael N. Milby |
| WALTER E. PLITT, III, | § | Clerk of Court |
| ADOLFO PUMAJERO, | § | |
| JEAN & H. REED SMITH, | § | |
| MARIA ESTHER SOTO, | § | |
| JORGE & BERTHA SUSTAETA, | § | |
| JUAN & MARIA DEL CARMEN CUADRA, | § | |
| PAUL & ROSALYN CHILTON, | § | CAUSE NO. B-00-173 |
| JAMES & LORRAINE DEWAR, | § | |
| CARLOS J. FLORES, | § | |
| HUMBERTO RUIZ GARZA, | § | |
| ANKJAER JANSEN, | § | |
| FOREST & ANN JOSTROM, | § | |
| JOHN S. LIGHT, ROBERT LIGHT, | § | |
| JOAQUIN & ANDELIA B. de MADERO, | § | |
| NORMAN & ELAINE MEISSNER, | § | |
| CHRISTOPHER L. PHILLIPPE, | § | |
| ILA VIRGINIA PHILLIPPE, | § | |
| MONICA K. PIER, CHARLES & | § | |
| JESSIE RADLIFF, PETE DE LA ROSA, III, | § | |
| PATRICIA SMITH-WILLIS, | § | |
| HARRY O. WHITE, JR. and | § | |
| ALLEN & RUTH WOLFE | § | |
| | § | |
| VS. | § | |
| | § | |
| KEN PLASTERER and NANCY JEANETTE | § | |
| BAILEY, Each Individually, and LOS | § | |
| CAMPEONES, INC., Individually and dba | § | |
| VALLEY INN & COUNTRY CLUB | § | |

**DEFENDANTS' REPLY TO PLAINTIFFS' SUPPLEMENTAL RESPONSE TO MOTION TO DISMISS**

TO THE HONORABLE JUDGE OF SAID COURT:

1

Defendants file this Reply to Plaintiffs' Supplemental Response to Defendants' Motion to Dismiss for failure to state a claim upon which relief can be granted, as authorized by Federal Rule of Civil Procedure 12(b)(6).

### A. Failure to State of Claim

1. Plaintiffs remain unconvinced and question the U.S. Supreme Court's decision in *Agency Holding Corp. v. Malley-Duff & Associates, Inc.*, 483 U.S. 143(1987) with regard to the applicable four year statute of limitations in civil RICO actions. Plaintiffs further muddle the issue by stating that "since the decision of *Agency Holding*, the focus has shifted to the question of when the cause of action accrues for purposes of commencing the limitations period, since the U.S. Supreme Court had explicitly left open the question of when RICO claims accrue." While in some respects this may have been true in the past, the Plaintiffs are incorrect in stating that the Fifth Circuit has not ruled on the issue. In *Rotella v. Wood*, 528 U.S. 549, 120 S.Ct. 1075,1079 (2000), a case that originated in the Fifth Circuit, the Supreme Court confirmed the four year statute of limitations period for civil RICO claims established by *Agency Holding* and further, the Court adopted the "injury discovery" rule and held that the accrual of an action was not delayed until the discovery of any alleged pattern of racketeering activity.

2. Plaintiffs have attempted to extend the accrual of their cause of action by relying on the theory that the "RICO claim accrues not at the time of the violation, but rather on the date that the Plaintiff discovers both the existence and source of the injury and that the injury is due to a pattern of racketeering activity." *Rotella* abrogated this approach of determining the accrual date for a RICO claim and adopted the "injury discovery" rule, which states that an action accrues when the plaintiff discovers or should have discovered the injury. The Plaintiffs alleged an injury to their business or property as a direct result of Defendants having collected membership dues. Therefore, the injury

2

in question is the obligation to pay dues and fees pursuant to the Restrictive Covenants. Each Plaintiff was made aware of these covenants upon the purchase of the property, and further, should have discovered any harm or injury upon making the initial payments of fees and dues in accordance with the Restrictive Covenants. Accordingly, there is no issue of fact that needs to be left to the jury with regarding to the accrual of the claim. Furthermore, the Defendants and their predecessor have been lawfully collecting maintenance fees and membership dues since 1969, and the Plaintiffs cannot show how the concept of enforcing an obligation under the Restrictive Covenants today could have caused them harm over and above the harm caused by collecting dues and fees for approximately thirty years prior. Therefore, even if Plaintiffs prove each of their racketeering allegations, this suit should be dismissed as to those Plaintiffs who do not conform to the four year statue of limitations period. *Klehr v. A.O. Smith Corp.*, 521 U.S. 179, 190 (1997).

## B. Conclusion

3. Because Plaintiffs failed to state a claim upon which relief can be granted within the appropriate statute of limitations, the Court should dismiss certain Plaintiffs' from this suit.

DATED this 17th day of January, 2001.

                Respectfully submitted,

                RENTFRO, FAULK & BLAKEMORE, L.L.P.
                185 E. Ruben M. Torres, Sr. Blvd.
                Brownsville, Texas 78520-9136
                (956) 541-9600        Telephone
                (956) 541-9695        Facsimile

                William A. Faulk, Jr.
                Federal Bar No. 5944
                State Bar No. 06855000
                Roman "Dino" Esparza
                Federal Bar No. 22703
                State Bar No. 00795337
                ATTORNEY FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I certify that on 17th day of January, 2001, a true and correct copy of the foregoing Defendants' Reply to Plaintiffs' Supplemental Response to Defendants' Motion to Dismiss was mailed via Certified Mail, R.R.R., to:

**Via Facsimile (956) 982-1921 & CMRRR No. 7000 0520 0022 1406 2834**
Mr. Christopher Lee Phillippe
307-3 McFadden Dr.
Brownsville, Texas 78520

_____
William A. Faulk, Jr.

4