United States District Court
Southern District of Texas
FILED

FEB 0 6 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ROBERT & GWENDOLYN BROOKS, §
ALICE CESPEDES MADRAZO, §
DAVID & JUDITH CLEMENCE, §
ELISA P. De SIUN aka ELISA P. CHAIX, §
SANDRA MADARIA, §
RONALD L. MANN, §
HECTOR ELIZONDONAJERA §
MARY PEABODY, §
WALTER E. PLITT, III, §
ADOLFO PUMAJERO, §
JEAN & H. REED SMITH, §
MARIA ESTHER SOTO, §
JORGE & BERTHA SUSTAETA, §
JUAN & MARIA del CARMEN CAUDRA, §
PAUL & ROSALYN CHILTON, § CIVIL ACTION NO. B-00-173
JAMES & LORRAINE DEWAR, §
CARLOS J. FLORES, §
HUMBERTO RUIZ GARZA, §
ANKJAER JANSEN, §
FOREST & ANN JOSTROM, §
JOHN S. LIGHT, §
ROBERT LIGHT, § PLAINTIFFS' SUPPLEMEN-
JOAQUIN & ANDELIA B. de MADERO, § TAL REPLY TO
NORMAN & ELAINE MEISSNER, § MOTION(S) TO DISMISS
CHRISTOPHER L. PHILLIPPE, § and SUPPORTING
ILA VIRGINIA PHILLIPPE, § MEMORANDUM
MONICA K. PIER, §
CHARLES & JESSIE RADLIFF, § and in the Alternative:
PETE de la ROSA, III, § MOTION FOR LEAVE TO
PATRICIA SMITH-WILLIS, § AMEND COMPLAINT
HARRY O. WHITE, Jr. §
and ALLEN & RUTH WOLFE §
§
VS. §
§
KEN PLASTERER and NANCY JEANETTE BAILEY§
Each Individually, and LOS CAMPEONES, INC., §
Individually and dba VALLEY §
INN & COUNTRY CLUB §

ReplySuppRespM/Dismiss/Limitations 1



Comes now, Plaintiffs herein, and files this their Supplemental Reply to Defendants' Second Motion to Dismiss, and would show unto the Court the following:

<u>Motion to Dismiss Based upon Statute of Limitations</u>

1.  Defendants have moved that Plaintiffs' Complaint be dismissed as barred by the four year statute of limitations, and Plaintiffs have raised the accrual issue as to when the statute is tolled. While Plaintiffs stand corrected regarding the existence of the Fifth Circuit's ruling on the accrual issue, neither the ruling of the Fifth Circuit nor that of the Supreme Court in and of themselves are complete or final rulings. <u>Rotella v. Wood</u>, 528 U.S. 549, 554, 120 S.Ct. 1075, 1080 (2000).

2.  In generally affirming the Fifth Circuit's ruling in <u>Rotella v. Wood</u>, (which as Defendants acknowledge), the Court adopted the "injury discovery", or more precisely stated, "an injury discovery accrual rule", which states that an action accrues when the plaintiff discovers or should have discovered the injury. <u>Id.</u>, 528 U.S. 549, 120 S.Ct. 1077-1078, 1080. Defendants have implied that Plaintiffs' sole cause of action is based upon alleged injury to their business or property as a result of Defendants having collected membership dues pursuant to Restrictive Covenants, of which each Plaintiff was made aware upon purchase of the property. Therefore, any harm or injury occurred upon making the initial payment of fees and dues, leaving no issue regarding the accrual of the claims. This is an incorrect statement of both fact and law.

3.  Plaintiffs' claims stem from a number of issues concerning the Restrictive Covenants: 1) were the Restrictive Covenants in fact valid and enforceable during the time periods in question; 2) were Defendants in fact legal "successors" of the original developers and thus entitled to enforce the Restrictive Covenants, if such covenants were in fact still valid and

enforceable (also an issue of fraudulent concealment); 3) did the Defendants selectively enforce the covenants; 4) did Defendants breach of the contract of the covenants by failing to perform the services required of the developer(s) and/or their legal successors; 5) did Defendants fraudulently misrepresent their power and authority under state law to foreclose or threaten to foreclose on properties (also an issue of fraudulent concealment); and 6) did Defendants fraudulently misrepresent their alleged power and authority, contrary to state law (also an issue of fraudulent concealment) to manage and control the dedicated condominiums in such a manner as to literally have a stranglehold on the property owners, created by the alleged fraudulent misrepresentations, all to the sole end of collecting or extorting funds from Plaintiffs without legal authority or fulfilling their responsibilities under the same Restrictive Covenants which they utilized to strangle, harass, terrorize and financially bludgeon Plaintiffs.

4) If, as alleged by Plaintiffs, Defendants actions were illegal, then there is a definite issue concerning the injury discovery <u>accrual</u> rule. Unlike the Plaintiffs' case at bar, <u>Rotella</u> was a case based upon a medical malpractice case, wherein the plaintiff admitted that he <u>knew</u> when his injury occurred; thus <u>Rotella</u> is totally different in facts from the case at bar, as Plaintiffs herein did not learn of the injury until they learned of the illegality of Defendants action. Even in <u>Rotella</u>, the United States Supreme Court citing <u>United States v. Kubrick</u>, 444 U.S. 111, 122, 100 S.Ct. 352, 62 L.Ed. 2d 259 (1979), stated:

> "We are unconvinced that for statute of limitations purposes a plaintiff's ignorance of his *legal rights* and his ignorance of the fact of his injury or its cause should receive identical treatment. That he has been injured in fact may be unknown or unknowable until the injury manifests itself; and the facts about causation may be in the control of the putative defendant, unavailable to the plaintiff or at least very difficult to obtain." <u>Rotella</u>, 528 U.S. at 555-556, 120S.Ct. at 1081 (emphasis added).

5. The Supreme Court first acknowledged that federal statutes of limitations are generally subject to the equitable principles of tolling; and then acknowledged that since a pattern of racketeering activity often remains obscure in the face of the RICO Act requirements, the plaintiff's diligence in seeking to identify the pattern (which must in and of itself include the identification of a violation of legal rights) may equitably toll the civil RICO's limitations period:

> "In rejecting pattern discovery as a basic rule, we do not unsettle the understanding that federal statutes of limitations are generally subject to equitable principles of tolling, see *Holmberg v. Armbrecht*, 327 U.S. 392, 297, 66 S.Ct. 582, 90 L.Ed. 743 (1946) and where a pattern remains obscure in the face of a plaintiff's diligence in seeking to identify it, equitable tolling may be one answer to the plaintiff's difficulty, complementing Federal Rule of Civil Procedure (11)(b)(3)." Rotella, 548 U.S. at 560-561, 120 S.Ct. at 1084.

6. Subsequent to the Supreme Court's affirmation and ruling in Rotella, the United States District Court for the Southern District of Texas in Love v. National Medical Enterprises, 230 F.3d 765 (Oct. 2000), (rehearing and suggestion for rehearing en banc denied Nov. 2000), made a number of rulings applicable to Plaintiffs' case at bar:

   a. the separate accrual rule applies in civil RICO actions;

   b. the fraudulent concealment doctrine tolls the limitations period until the plaintiff discovers the concealed fraud; and

   c. issues of due diligence of discovery and fraud are issues for the trier of fact, not to be determined by summary judgment.

7. The Court in Love noted that the Supreme Court in Rotella "did not decide, however, whether an 'injury discovery' or 'straight injury occurrence' rule should apply for [civil RICO] actions." Rotella at 1080 and n.2. "When a pattern of RICO activity causes a continuing series of separate injuries, the 'separate accrual' rule allows a civil RICO claim to accrue for each injury when the plaintiff discovers, or should have discovered, that injury." *Bankers Trust Co. v. Rhoades,*, 859 F.2d 1096, 1102 (2d Cir. 1988), cert. denied, 490 U.S. 1007, 109 S.Ct. 1642, 1643, 104 L.Ed.2d. 158 (1989)(emphasis added).

8.  After discussing the separate accrual rule at length, the Court in <u>Love</u> concluded:

    > [W]e perceive no barrier to our adopting the "separate accrual" rule for civil RICO actions. Moreover, as discussed, such a rule is consistent with, and based on, the "injury discovery" rule previously adopted by our court. It is well-suited for cases, such as this, in which a pattern of RICO activity is alleged to have caused a continuing series of similar, independent injuries. Accordingly, we hold that the Bankers Trust "separate accrual" rule applies in civil RICO actions.

<u>Love</u> at 774-775. Thus, just as in the Plaintiffs' case at bar, the Court held that "[e]ach time [the plaintiff] became obligated to pay a fraudulent (assumed) ... claim submitted by [the defendants], [plaintiff] suffered an injury 'to its business or property' within the meaning of 18 U.S.C. § 1964(c)." <u>Id.</u> at 775.

9.  The Court then continued onto the issue of fraudulent claims and fraudulent concealment. In <u>Love</u>, as in Plaintiffs' case at bar, there was a material fact issue regarding whether the limitations periods are tolled by fraudulent concealment. The issue of fraudulent concealment is an issue reserved for the trier of fact. The doctrine of fraudulent concealment is a matter of law: the limitations period is tolled until the plaintiff discovers, or with reasonable diligence should have discovered, the concealed fraud. <u>Id.</u> at 779, citing <u>Klehr v. A.O. Smith Corp.</u>, 521 U.S. 179, 194, 117 S.Ct. 1984, 138 L.Ed.2d 373 (1997); <u>Computer Assocs. Int'l, Inc. v. Altai, Inc.</u>, 918 S.W.2d 453, 455 (Tex. 1996).

10. Plaintiffs in the case at bar have raised allegations as to the illegality or fraudulent nature of Defendants' actions, as well as the fraudulent concealment of the illegality of their actions.

Thus issues of material fact are raised not only as to fraud but as to when the Plaintiffs knew or should have known of their injuries.

11. Additionally, the Court in <u>Love</u> ruled that a genuine issue of material fact was involved in determining whether a plaintiff's efforts to investigate allegedly fraudulent conduct outside the limitations period were reasonably diligent, so as to equitably toll the limitations period as to the issue of when the plaintiff "knew or should have known" of its injury; thus barring summary judgment for the defendant on the issue of limitations.

## SUMMARY

12. In the case at bar, we have law-abiding plaintiffs versus defendants who are sophisticated investors, claiming successor authority from the alleged original developers; who used the mantle of state law to enforce "their" alleged rights to enforce restrictions, albeit one-sidedly, and utilize state foreclosure laws to deprive or threaten to deprive others of their property; while at the same time fraudulently misrepresented their authority in direct contravention of state law, (and fraudulent concealment of their lack of true authority) to maintain control of the very property which has been "dedicated" as a matter of public record under state law as condominiums.

13. The Plaintiffs herein are victims who diligently investigated the fraudulent actions of Defendants, as well as the possible existence in extent of a pattern of racketeering and wrongdoing. The nature of the facts evolved is highly convoluted, and the underlying investigation intensive, as set forth in Plaintiffs' Original Complaint. It was only upon the completion of the intense, convoluted maze of events and facts, that Plaintiffs "discovered" their injuries; especially in light of Defendants fraud and fraudulent concealment. Thus Plaintiffs have brought their complaints before this court in a timely fashion.

14. Having noted the case law and similarity between <u>Love</u>, and the Plaintiffs' case at bar, if the defendants in <u>Love</u> could not prevail on summary judgment on the similar limitations issue presented therein, obviously Defendants in the case at bar are not entitled to prevail on their motion to dismiss on the same limitations issue as there are: 1) genuine issues of material fact as to the fraudulent actions of Defendants and their fraudulent concealment of same; and thus 2) a genuine issue of material fact as to when Plaintiffs knew or should have known of their injury. Therefore the application of equitable tolling of the four-year statute of limitations in this civil RICO action is clearly an applicable issue and standard. Therefore Plaintiffs' Complaint is timely as per the holdings of the cases cited herein, and Defendants' Motion to Dismiss for Bar by Statute of Limitations should be denied. Alternatively, Plaintiffs' should be granted leave of court to amend their Complaint to conform to the court's ruling on the statute of limitations issue.

    WHEREFORE, PREMISES CONSIDERED, Defendants' Motions to Dismiss should be denied.

RESPECTFULLY SUBMITTED,

_____
Christopher Phillippe
SBOT # 15915400
Christopher Phillippe
Attorney at Law
307-3 McFadden Drive
Brownsville, Texas 78520
Phone: (956) 544-6096
Facsimile: (956) 982-1921
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Response to Defendants' Motion to Dismiss, and alternatively, Plaintiffs' Motion for Leave to Amend Complaint has been served upon Mr. William A. Faulk, Jr. of Rentfro, Faulk & Blakemore, L.L.P., 185 E. Ruben M. Torres, Sr. Blvd., Brownsville, Texas 78520-9135; facsimile: (956) 541-9695, either by facsimile, hand delivery, or certified mail, return receipt requested on this 6th day of February, 2001.

Christopher Phillippe