17

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROBERT & GWENDOLYN BROOKS, | § | |
| ALICIA CESPEDES MADRAZO, | § | |
| DAVID & JUDITH CLEMENCE, | § | |
| ELISA P. DeSIUN aka ELISA P. CHAIX, | § | |
| SANDRA MADARIA, RONALD L. MANN, | § | |
| HECTOR ELIZONDO NAJERA, | § | |
| MARY PEABODY, | § | |
| WALTER E. PLITT, III, | § | |
| ADOLFO PUMAJERO, | § | |
| JEAN & H. REED SMITH, | § | |
| MARIA ESTHER SOTO, | § | |
| JORGE & BERTHA SUSTAETA, | § | |
| JUAN & MARIA DEL CARMEN CUADRA, | § | |
| PAUL & ROSALYN CHILTON, | § | CAUSE NO. B-00-173 |
| JAMES & LORRAINE DEWAR, | § | |
| CARLOS J. FLORES, | § | |
| HUMBERTO RUIZ GARZA, | § | |
| ANKJAER JANSEN, | § | |
| FOREST & ANN JOSTROM, | § | |
| JOHN S. LIGHT, ROBERT LIGHT, | § | |
| JOAQUIN & ANDELIA B. de MADERO, | § | |
| NORMAN & ELAINE MEISSNER, | § | |
| CHRISTOPHER L. PHILLIPPE, | § | |
| ILA VIRGINIA PHILLIPPE, | § | |
| MONICA K. PIER, CHARLES & | § | |
| JESSIE RADLIFF, PETE DE LA ROSA, III, | § | |
| PATRICIA SMITH-WILLIS, | § | |
| HARRY O. WHITE, JR. and | § | |
| ALLEN & RUTH WOLFE | § | |
| | § | |
| VS. | § | |
| | § | |
| KEN PLASTERER and NANCY JEANETTE | § | |
| BAILEY, Each Individually, and LOS | § | |
| CAMPEONES, INC., Individually and dba | § | |
| VALLEY INN & COUNTRY CLUB | § | |

**DEFENDANTS' SUPPLEMENTAL REPLY TO PLAINTIFFS' SUPPLEMENTAL
RESPONSE/REPLY TO MOTION TO DISMISS**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants hereby incorporate by reference its Reply to Plaintiffs' Supplemental Response to Defendants' Motion to Dismiss and file this Supplemental Reply to Plaintiffs' Supplemental Response/Reply to Defendants' Motion to Dismiss.

### A. Accrual Dates for the RICO Cause of Action

1. As discussed at length in Defendants previous Reply, the accrual date for a RICO claim is determined by the "injury discovery" rule, which states that an action accrues when the plaintiff discovers or should have discovered the injury. However, the Plaintiffs continue to attempt to extend the accrual of their claim "until they learned of the illegality of Defendants". *Plaintiffs' Supplemental Reply to Motions to Dismiss and Supporting Memorandum, Pg. 3, Para. 4.* A claim accrues at the time of the injury was discovered or should have been discovered. The Plaintiffs alleged an injury to their business or property as a result of Defendants having collected membership dues and fees, therefore, the injury in question should have been discovered on several dates prior to the four year statute of limitations deadline.

2. The Restrictive Covenants obligated the Plaintiffs to pay dues and fees and therefore each Plaintiff was aware of these covenants upon the purchase of their property, and further, should have discovered any harm or injury upon making the initial payments of fees and dues in accordance with the Restrictive Covenants. This would have been at the time of purchase of their property or within one month from such times when they received their monthly statement from Defendant Los Campeones, Inc.

3. On June 6, 1977, at a foreclosure sale authorized under Chapter 11 Bankruptcy proceedings, Defendant Los Campeones, Inc., purchased the real property on which the amenities /facilities of Valley Inn & Country Club are located as well as the outstanding shares of stock in Valley International Properties, Inc. Defendant Los Campeones, Inc., as a successor in interest,

thereafter proceeded to conduct the business affairs of Valley Inn & Country Club in accordance with the Restrictive Covenants. The acquisition was public knowledge and all property owners were notified of the ownership change. Therefore, if Plaintiffs claim an injury because Defendant Los Campeones, Inc. is not the proper party authorized to collect dues and fees, then Plaintiffs' claim accrued back in June of 1977 when Plaintiffs should have discovered the ownership change or when Plaintiffs made their first payments of fees and dues to Defendant Los Campeones, Inc.

4. In March of 1995, Pat Stanford sold his shares in Los Campeones, Inc., to Ken Plasterer, making Ken Plasterer the sole shareholder of Los Campeones, Inc. Plaintiffs were certainly aware of this transaction, because they were notified of the change by letter which Plaintiffs have attached to their Complaint as **Exhibit 26**. Therefore, since Plaintiffs challenge Defendants' rights to assess country club dues and fees, their claim, at the latest, would have accrued in March of 1995 when they learned Ken Plasterer had assumed ownership of Los Campeones, Inc.

5. Each of the above mentioned dates bar Plaintiffs' pursuit of this claim, since Plaintiffs discovered or should have discovered their injury before November 3, 1996, four years prior to filing their Original Complaint. Therefore, with regard to Plaintiffs who purchased their property before November 3, 1996, their RICO claims are barred by the four year statute of limitations. There is no issue of fact that needs to be left to the jury with regard to the accrual of their RICO claim. Furthermore, the Defendants and their predecessor have been lawfully collecting maintenance fees and membership dues since 1969, and the Plaintiffs cannot show how the concept of enforcing an obligation under the Restrictive Covenants today could have caused them harm over and above the harm caused by collecting dues and fees for approximately thirty years prior.

3

## B. Conclusion

6.  Because Plaintiffs failed to state a claim upon which relief can be granted within the appropriate statute of limitations, the Court should dismiss certain Plaintiffs' from this suit.

DATED this 16th day of February, 2001.

Respectfully submitted,

RENTFRO, FAULK & BLAKEMORE, L.L.P.
185 E. Ruben M. Torres, Sr. Blvd.
Brownsville, Texas 78520-9136
(956) 541-9600        Telephone
(956) 541-9695        Facsimile

_____
William A. Faulk, Jr.
Federal Bar No. 5944
State Bar No. 06855000
Roman "Dino" Esparza
Federal Bar No. 22703
State Bar No. 00795337
ATTORNEY FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I certify that on 16th day of February, 2001, a true and correct copy of the foregoing Defendants' Supplemental Reply to Plaintiffs' Supplemental Response/Reply to Defendants' Motion to Dismiss was mailed via Certified Mail, R.R.R., to:

Mr. Christopher Lee Phillippe
307-3 McFadden Dr.
Brownsville, Texas 78520

_____
William A. Faulk, Jr.

4