18

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROBERT & GWENDOLYN BROOKS, | § | |
| ALICIA CESPEDES MADRAZO, | § | |
| DAVID & JUDITH CLEMENCE, | § | |
| ELISA P. DeSIUN aka ELISA P. CHAIX, | § | |
| SANDRA MADARIA, RONALD L. MANN, | § | |
| HECTOR ELIZONDO NAJERA, | § | |
| MARY PEABODY, | § | |
| WALTER E. PLITT, III, | § | |
| ADOLFO PUMAJERO, | § | |
| JEAN & H. REED SMITH, | § | |
| MARIA ESTHER SOTO, | § | |
| JORGE & BERTHA SUSTAETA, | § | |
| JUAN & MARIA DEL CARMEN CUADRA, | § | |
| PAUL & ROSALYN CHILTON, | § | CAUSE NO. B-00-173 |
| JAMES & LORRAINE DEWAR, | § | |
| CARLOS J. FLORES, | § | |
| HUMBERTO RUIZ GARZA, | § | |
| ANKJAER JANSEN, | § | |
| FOREST & ANN JOSTROM, | § | |
| JOHN S. LIGHT, ROBERT LIGHT, | § | |
| JOAQUIN & ANDELIA B. de MADERO, | § | |
| NORMAN & ELAINE MEISSNER, | § | |
| CHRISTOPHER L. PHILLIPPE, | § | |
| ILA VIRGINIA PHILLIPPE, | § | |
| MONICA K. PIER, CHARLES & | § | |
| JESSIE RADLIFF, PETE DE LA ROSA, III, | § | |
| PATRICIA SMITH-WILLIS, | § | |
| HARRY O. WHITE, JR. and | § | |
| ALLEN & RUTH WOLFE | § | |
| | § | |
| VS. | § | |
| | § | |
| KEN PLASTERER and NANCY JEANETTE | § | |
| BAILEY, Each Individually, and LOS | § | |
| CAMPEONES, INC., Individually and dba | § | |
| VALLEY INN & COUNTRY CLUB | § | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR MORE DEFINITE STATEMENT**

1

Defendants file this Motion for More Definite Statement, as authorized by Federal Rule of Civil Procedure 12(e).

## A. Introduction

1. Robert and Gwendolyn Brooks, et al, are Plaintiffs. Ken Plasterer and Nancy Jeanette Bailey, each individually, and Los Campeones, Inc., for itself and d/b/a Valley Inn and Country Club are Defendants.

2. Plaintiffs sued Defendants for violations of the Racketeer Influenced and Corrupt Organizations Act, for a Civil Rights Violation Under the Constitution of the United States pursuant to Title 42 U.S.C. sec. 1983, for common law fraud and deceit, for breach of fiduciary duty and for trespass and damage to property. The Complaint is so vague that Defendants are unable to file a responsive pleading; therefore, the Court should require Plaintiffs to amend their Complaint with a more definite statement.

## B. Argument

3. A motion for more definite statement is proper when a complaint is so vague or ambiguous that the Defendant cannot frame a responsive pleading. Fed. R. Civ. P. 8(a)(2); *Sisk v. Texas Parks & Wildlife Dept.*, 644 F. 2d 1056, 1059 (5th Cir. 1981). In the Complaint, Plaintiffs alleged facts that are so vague and ambiguous that Defendants cannot file a responsive pleading. Generally, Plaintiffs alleged that Los Campeones, Inc., is not authorized to collect membership dues and maintenance fees under the Restrictive Covenants and that such acts by Los Campeones, Inc., are fraudulent and in violation of the RICO statute. Any averments of fraud shall be stated with particularity. Fed. R. Civ. P. 9(b). Therefore, Plaintiffs' RICO claim which involves the allegation of fraud must be more particularly stated.

2

4. The Plaintiffs' factual allegations are vague and certain details are required to eliminate the vagueness. For instance:

a. Plaintiffs have not alleged sufficient facts which would suggest that they even have standing to sue under RICO. Plaintiffs must assert and explain the specific injury to their business or property as well as satisfy the causation element. The injury for which Plaintiffs seek relief under RICO is not stated nor is a causal connection made to any RICO activity.

b. Plaintiffs have not alleged sufficient facts to show a violation of RICO. "To state a civil RICO claim the Plaintiff must allege: (1) the conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Price v. Pinnacle Brands, Inc.,* 138 F. 3d 602, 606 (5th Cir. 1998). Plaintiffs must set forth particular facts as to each Defendant to satisfy the above elements of a RICO claim. Plaintiffs allege that Defendants have engaged in an enterprise to conduct the enterprises' affairs through a pattern of racketeering activity. "Racketeering Activity" means "any act or threat involving murder, kidnaping, gambling, arson, robbery, bribery, extortion, or dealing in narcotics or dangerous drugs, which is chargeable under State law and punishable by imprisonment for more than one year". *Title 18 U.S.C. Section 1961(1).* Plaintiffs have not pleaded sufficient facts to show an injury caused by a "racketeering activity", sufficient facts to constitute a "racketeering activity" or the State law by which Defendants could be charged and punished by imprisonment for more than one year as required under RICO. Plaintiffs must plead sufficient facts to support a "racketeering activity" and sufficient facts that support a violation of the law. These allegations should be specific as to each Defendant.

c. Plaintiffs must allege sufficient facts to establish each Defendant as a RICO person, by describing each person's interest and role in the enterprise.

3

d. Plaintiffs appear to allege that Defendant Los Campeones, Inc. is not a successor in interest to the Developers and therefore is not authorized to collect membership dues and maintenance fees. The Plaintiffs have failed to show how Defendant Los Campeones, Inc., is not a successor in interest to the Developer, especially since, Los Campeones, Inc., along with its predecessors, have been legally collecting dues and fees since 1969. Refer to Plaintiff's **Exhibit 7**, Covenants and Restrictions of Country Club Estates, the Restrictive Covenants made the basis of this lawsuit. The first few pages of the Restrictive Covenants discuss the definitions of certain terms such as the "Developer", the "Country Club", the "Valley Inn and Country Club, Inc.", and the "R. G. Valley Inn & Country Club, Inc.". On page three, the Covenants provide that the above terms shall also include and be construed to mean "its successors and assigns". Defendants are clearly the successors in interest and have been operating as such since June 6, 1977, when Los Campeones, Inc. purchased the shares of stock and real estate of the "Country Club" from the "Developer" at the foreclosure sale. Plaintiffs should specify how it is they claim Los Campeones, Inc., is not a successor in interest, and therefore not entitled to collect membership dues and maintenance fees.

5. Moreover, in a Supplemental Reply, Plaintiffs state that their claims "stem from a number of issues concerning the Restrictive Covenants: (a) were the Restrictive Covenants in fact valid and enforceable during the time periods in question; (b) were Defendants in fact legal "successors" of the original developers and thus entitled to enforce the Restrictive Covenants, if such covenants were in fact still valid and enforceable (also an issue of fraudulent concealment); (c) did the Defendants selectively enforce the covenants; (d) did Defendants breach of the contract of the covenants by failing to perform services required of the developer(s) and/or their legal successors; (e) did Defendants fraudulently misrepresent the power and authority under state law to foreclose or threaten to foreclose on properties (also issue of fraudulent concealment); and (f) did Defendants

4

fraudulently misrepresent their alleged power and authority, contrary to state law (also an issue of fraudulent concealment) to manage and control the dedicated condominiums......" Plaintiffs failed to allege specific facts to support any of the above claims and have failed to state a claim under RICO.

### D. Conclusion

6. Because Plaintiffs have not pleaded sufficient facts to allow Defendants to file a responsive pleading, the Court should require Plaintiff to amend their Complaint with a more definite statement of the suit.

DATED this 16th day of February, 2001.

Respectfully submitted,

RENTFRO, FAULK & BLAKEMORE, L.L.P.
185 E. Ruben M. Torres, Sr. Blvd.
Brownsville, Texas 78520-9136
(956) 541-9600     Telephone
(956) 541-9695     Facsimile

_____
William A. Faulk, Jr.
Federal Bar No. 5944
State Bar No. 06855000
Roman "Dino" Esparza
Federal Bar No. 22703
State Bar No. 00795337

ATTORNEY FOR DEFENDANTS

5

## CERTIFICATE OF SERVICE

I certify that on 14th day of February, 2001, a true and correct copy of the foregoing Defendants' Memorandum in Support of Motion for More Definite Statement was mailed via Certified Mail, R.R.R., to:

Mr. Christopher Lee Phillippe
307-3 McFadden Dr.
Brownsville, Texas 78520

_____
William A. Faulk, Jr.