19

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 16 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ROBERT & GWENDOLYN BROOKS, | § | |
| ALICIA CESPEDES MADRAZO, | § | |
| DAVID & JUDITH CLEMENCE, | § | |
| ELISA P. DeSIUN aka ELISA P. CHAIX, | § | |
| SANDRA MADARIA, RONALD L. MANN, | § | |
| HECTOR ELIZONDO NAJERA, | § | |
| MARY PEABODY, | § | |
| WALTER E. PLITT, III, | § | |
| ADOLFO PUMAJERO, | § | |
| JEAN & H. REED SMITH, | § | |
| MARIA ESTHER SOTO, | § | |
| JORGE & BERTHA SUSTAETA, | § | |
| JUAN & MARIA DEL CARMEN CUADRA, | § | |
| PAUL & ROSALYN CHILTON, | § | CAUSE NO. B-00-173 |
| JAMES & LORRAINE DEWAR, | § | |
| CARLOS J. FLORES, | § | |
| HUMBERTO RUIZ GARZA, | § | |
| ANKJAER JANSEN, | § | |
| FOREST & ANN JOSTROM, | § | |
| JOHN S. LIGHT, ROBERT LIGHT, | § | |
| JOAQUIN & ANDELIA B. de MADERO, | § | |
| NORMAN & ELAINE MEISSNER, | § | |
| CHRISTOPHER L. PHILLIPPE, | § | |
| ILA VIRGINIA PHILLIPPE, | § | |
| MONICA K. PIER, CHARLES & | § | |
| JESSIE RADLIFF, PETE DE LA ROSA, III, | § | |
| PATRICIA SMITH-WILLIS, | § | |
| HARRY O. WHITE, JR. and | § | |
| ALLEN & RUTH WOLFE | § | |
| | § | |
| VS. | § | |
| | § | |
| KEN PLASTERER and NANCY JEANETTE | § | |
| BAILEY, Each Individually, and LOS | § | |
| CAMPEONES, INC., Individually and dba | § | |
| VALLEY INN & COUNTRY CLUB | § | |

**DEFENDANTS' MOTION TO DISMISS AND MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UNDER RICO**

TO THE HONORABLE JUDGE OF SAID COURT:

1

Defendants file this Motion to Dismiss for failure to state a claim upon which relief can be granted under the Racketeer Influenced and Corrupt Organizations Act (RICO), as authorized by Federal Rule of Civil Procedure and 12(b)(6).

## A. Introduction

1. Robert and Gwendolyn Brooks, et al, are Plaintiffs. Ken Plasterer and Nancy Jeanette Bailey, each individually, and Los Campeones, Inc., for itself and d/b/a Valley Inn and Country Club are Defendants.

2. Plaintiffs sued Defendants for violations of the Racketeer Influenced and Corrupt Organizations Act, for a Civil Rights Violation Under the Constitution of the United States pursuant to Title 42 U.S.C. sec. 1983, for common law fraud and deceit, for breach of fiduciary duty and for trespass and damage to property.

## B. Failure to State a Claim

3. In their Complaint, Plaintiffs did not state a claim under Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. §1962) for which relief can be granted. Therefore, the Court should dismiss this claim from Plaintiffs' suit. The Court has authority to dismiss a suit for failure to state a claim upon which relief can be granted if the complaint demonstrates, beyond doubt, that Plaintiffs cannot prove any set of facts that would entitle it to relief. *Garrett v. Commonwealth Mortg. Corp. of America*, 938 F.2d 591 (5th Cir. 1991).

4. In the Complaint, Plaintiffs allege that they have been injured by reason of a violation of *Title 18 U.S.C. §1962*, Racketeer Influenced and Corrupt Organizations Act (RICO). "To state a civil RICO claim the Plaintiff must allege: (1) the conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Price v. Pinnacle Brands, Inc.*, 138 F.3d 602, 606 (5th Cir. 1998). The Plaintiff must also establish standing to sue by satisfying the elements of an injury to his business

2

or property and causation. *Id.* The Plaintiffs have not set forth the essential elements necessary to state a claim upon which relief can be granted.

5. Plaintiffs fail to set forth the injury which they have suffered and further fail to allege that Defendants have engaged in an enterprise to conduct the enterprises' affairs through a pattern of racketeering activity. "Racketeering Activity" as applicable to this case means "any act or threat involving murder, kidnaping, gambling, arson, robbery, bribery, extortion, or dealing in narcotics or dangerous drugs, which is chargeable under State law and punishable by imprisonment for more than one year". *Section 1961(1).* In addition, Plaintiffs appear to allege that Defendant Los Campeones, Inc. is not a successor in interest to the Developers and therefore is not authorized to collect membership dues and maintenance fees. Under this premise, Plaintiffs alleged that Defendants have extorted and continue to extort money from Plaintiffs by the collection of dues and fees.

6. Plaintiffs have not pleaded sufficient facts to show an injury caused by a "racketeering activity", sufficient facts to constitute a "racketeering activity" or the State law by which Defendants could be charged and punished by imprisonment for more than one year as required under RICO. Moreover, Plaintiffs have failed to state a claim because Defendants are in fact a successor in interest to the Developer and along with their predecessors have been legally collecting dues and fees since 1969. Refer to Plaintiff's **Exhibit 7**, Covenants and Restrictions of Country Club Estates, the Restrictive Covenants made the basis of this lawsuit. The first few pages of the Restrictive Covenants discuss the definitions of certain terms such as the "Developer", the "Country Club", the "Valley Inn and Country Club, Inc.", and the "R. G. Valley Inn & Country Club, Inc.". On page three, the Covenants provide that the above terms shall also include and be construed to mean "its successors and assigns". Defendants are clearly the successors in interest and have been operating

as such since June 6, 1977, when Los Campeones, Inc. purchased the shares of stock and real estate of the "Country Club" from the "Developer" at the foreclosure sale. Even if Plaintiffs prove the facts alleged in the complaint, they cannot prove the elements necessary to state a claim under RICO, and therefore said claim should be dismissed.

### D. Conclusion

7. Because Plaintiffs failed to state a claim upon which relief can be granted under RICO, the Court should dismiss that claim from Plaintiffs' suit.

DATED this 14th day of February, 2001.

Respectfully submitted,

RENTFRO, FAULK & BLAKEMORE, L.L.P.
185 E. Ruben M. Torres, Sr. Blvd.
Brownsville, Texas 78520-9136
(956) 541-9600        Telephone
(956) 541-9695        Facsimile

_____
William A. Faulk, Jr.
Federal Bar No. 5944
State Bar No. 06855000
Roman "Dino" Esparza
Federal Bar No. 22703
State Bar No. 00795337

ATTORNEY FOR DEFENDANTS

ClibPDF - www.fastio.com

## CERTIFICATE OF SERVICE

I certify that on 14th day of February, 2001, a true and correct copy of the foregoing Defendants' Motion to Dismiss and Memorandum in Support of Motion to Dismiss for Failure to State a Claim Under RICO was mailed via Certified Mail, R.R.R., to:

Mr. Christopher Lee Phillippe
307-3 McFadden Dr.
Brownsville, Texas 78520

_____
William A. Faulk, Jr.