24

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 0 2 2001

Michael N. Milby
Clerk of Court

| | |
|---|---|
| ROBERT & GWENDOLYN BROOKS, | § |
| ALICIA CESPEDES MADRAZO, | § |
| DAVID & JUDITH CLEMENCE, | § |
| ELISA P. DeSIUN aka ELISA P. CHAIX, | § |
| SANDRA MADARIA, RONALD L. MANN, | § |
| HECTOR ELIZONDO NAJERA, | § |
| MARY PEABODY, | § |
| WALTER E. PLITT, III, | § |
| ADOLFO PUMAJERO, | § |
| JEAN & H. REED SMITH, | § |
| MARIA ESTHER SOTO, | § |
| JORGE & BERTHA SUSTAETA, | § |
| JUAN & MARIA DEL CARMEN CUADRA, | § |
| PAUL & ROSALYN CHILTON, | § CAUSE NO. B-00-173 |
| JAMES & LORRAINE DEWAR, | § |
| CARLOS J. FLORES, | § |
| HUMBERTO RUIZ GARZA, | § |
| ANKJAER JANSEN, | § |
| FOREST & ANN JOSTROM, | § |
| JOHN S. LIGHT, ROBERT LIGHT, | § |
| JOAQUIN & ANDELIA B. de MADERO, | § |
| NORMAN & ELAINE MEISSNER, | § |
| CHRISTOPHER L. PHILLIPE, | § |
| ILA VIRGINIA PHILLIPPE, | § |
| MONICA K. PIER, CHARLES & | § |
| JESSIE RADLIFF, PETE DE LA ROSA, III, | § |
| PATRICIA SMITH-WILLIS, | § |
| HARRY O. WHITE, JR. and | § |
| ALLEN & RUTH WOLFE | § |
| | § |
| VS. | § |
| | § |
| KEN PLASTERER and NANCY JEANETTE | § |
| BAILEY, Each Individually, and LOS | § |
| CAMPEONES, INC., Individually and dba | § |
| VALLEY INN & COUNTRY CLUB | § |

## DEFENDANTS' ORIGINAL ANSWER TO
## PLAINTIFFS' ORIGINAL COMPLAINT

1

COME NOW Defendants, Ken Plasterer and Nancy Jeanette Bailey, each individually, and Los Campeones, Inc., Individually and dba Valley Inn & Country Club, by and through the undersigned counsel, and answers the Plaintiffs' Complaint as follows in accordance with the numbered paragraphs therein:

## A. PRELIMINARY MATTERS

1. This Court lacks jurisdiction over the subject matter of this case.

2. Venue is currently improper in this case.

3. Plaintiff has failed to state a claim upon which relief can be granted.

## B. ADMISSIONS AND DENIALS

### Parties and Relationships

4. Defendants are without knowledge or information to form a belief regarding the averments contained in ¶¶ 1 through 10 about the current residential status of each Plaintiff, which averments Defendants therefore denies. Further, Defendants are without knowledge or information to form a belief regarding the averments contained in ¶¶ 1 through 10 regarding the ownership status, therefore Defendants deny that each Plaintiff owns or owned real property located in Brownsville, Cameron County, Texas. However, Defendants admit that the Plaintiffs have or have in the past been listed on the accounts of Los Campeones, Inc., as the record owner.

5. Defendants admit the averments contained in ¶¶ 11 through 13, except that Plaintiffs sued Defendants Ken Plasterer and Nancy Jeanatte Bailey, in the wrong capacity, as individuals, because Defendant Ken Plasterer as an officer/director and Defendant Nancy Jeanatte Bailey as an officer of the corporation should have been sued in their official capacity rather than their individual capacity.

### Count 1: Racketeer Influenced and Corrupt Organizations Act

6. With respect to ¶ 14, Defendants admit that Plaintiffs repeat and re-allege the

allegations contained in ¶¶ 1 through 13 and further, reaffirm the admissions and denials made above.

7.      Defendants admit in ¶ 15 that this Court has jurisdiction over claims for relief under 18 U.S.C. sec. 1964(a). Defendants admit that this Court has jurisdiction over 18 U.S.C. sec. 1964(a) claims for relief under 28 U.S.C. sec. 1331, however Defendants deny that this Court has jurisdiction over any other claims under 28 U.S.C. sec. 1331. Defendants further deny that this Court has diversity jurisdiction under 28 U.S.C sec. 1332 because diversity is not complete.

8.      Defendants admit the averments contained in ¶ 16.

9.      Defendants deny the averments contained in ¶ 17. Defendants specifically deny that the area comprises thousands of acres and that it is referred to as the Valley Inn & Country Club Estates. The correct reference, as stated in the restrictive covenants is the Country Club Estates. Defendants further state that they are without knowledge or information to form a belief regarding whether certain entities have developed the area in question, specifically Los Rios and Los Conquistadores, Ltd., which averments Defendants therefore deny. Defendants admit that at one time or another, the remaining entities had been involved in development and that other contractors and developers have also participated in construction and development of residences as contemplated by the restrictive covenants.

10.     Defendants admit the averments contained in ¶ 18, without admitting to the authenticity of the documents referred to as Exhibit 1 and Exhibit 2.

11.     With regard to ¶ 19, Defendants admit that Valley International Properties, Inc. was a Texas profit corporation which was dissolved by the Secretary of State and further admit that Pat Standford has died and that a copy of his death certificate is annexed to the Complaint, without admitting to the authenticity of the document referred to as Exhibit 105. Defendants deny all remaining averments in ¶ 19.

CVAPDF - www.fastio.com

12.     Defendants admit the averments contained in ¶ 20, without admitting to the authenticity of the document referred to as Exhibit 3.

13.     Defendants are without knowledge or information to form a belief regarding the averments contained in ¶ 21, for reason which Defendants deny.

14.     Defendants admit the averments contained in ¶ 22, without admitting to the authenticity of the document referred to as Exhibit 4.

15.     Defendants admit the averments contained in ¶ 23, without admitting to the authenticity of the documents referred to as Exhibit 5 and Exhibit 6.

16.     Defendants admit the averments contained in ¶ 24, without admitting to the authenticity of the documents referred to as Exhibits 7 and 8 and Exhibits 9 through 15.  Further, Defendants would state that the correct reference to the property in question as reflected on the Restrictive Covenants attached to the Complaint as Exhibit 7.  Also, Defendants would disclose another set of Restrictive Covenants recorded Cameron County Deed of Records, Volume 793, Page 1691 which are pertinent to this matter.

17.     Defendants deny the averments contained in ¶ 25 as they apply to properties outside Country Club Estates.

18.     Defendants admit the averments contained in ¶ 26, without admitting to the authenticity of the documents referred to as Exhibits 16, 17 and 18.

19.     Defendants are without knowledge or information to form a belief regarding the averments contained in ¶27, as Defendants have not conducted a search of public records, therefore Defendants deny said averments.

20.     Defendants admit the averments contained in ¶ 28, without admitting the Date of December 6, 1976 and admitting to the authenticity of the documents referred to as Exhibit 19 and Exhibit 20.

21.     Defendants admit the averments contained in ¶ 29, without admitting to the authenticity of the documents referred to as Exhibit 21 and Exhibit 22.

4

22.   Defendants admit the averments contained in ¶ 30, without admitting to the authenticity of the document referred to as Exhibit 23.

23.   Defendants admit the averments contained in ¶ 31, without admitting to the authenticity of the document referred to as Exhibit 24.

24.   Defendants admit the averments contained in ¶ 32, without admitting to the authenticity of the document referred to as Exhibit 25.

25.   Defendants deny the averments contained in ¶ 33, and admit that Plaintiffs have attached to the Complaint, what appears to be a copy of a letter without admitting to the authenticity of the document referred to as Exhibit 26.  For clarification, Defendants state that on January 1, 1995 Pat Stanford sold one share of Los Campeones, Inc., stock to Defendant Ken Plasterer, and in March of 1995, Stanford sold the remaining shares of stock to Los Campeones, Inc., making Defendant Ken Plasterer the sole shareholder of Los Campeones.

26.   Defendants deny each and every averment contained in ¶ 34.  Defendant Los Campeones, Inc., purchased the golf course and other amenities, the remaining development property and the stock of Valley International Properties, Inc., the former Valley Inn and Country Club, Inc., which is referred to as the "Developer" in the Covenants and Restrictions of the Country Club Estates.  According to the Restrictive Covenants, R.G. Valley Inn and Country Club, Inc, a non-profit corporation, was created to administer the business affairs of the Country Club, however this entity forfeited its charter.  Its forfeiture, however, did not change the owner ship status of the "Country Club" which remained owned by the "Developer", also known as Valley Inn and Country Club, Inc.  Defendant Los Campeones, Inc., as a successor in interest, has in the past and will continue to lawfully assess and collect membership dues and maintenance fees necessary to provide satisfactory living standards and services expected by the owners and members, and as contemplated by the original developer and the restrictive covenants.

CthPDF - www.fasiss.com

27.   Defendants deny each and every averment contained in ¶ 35. Defendant Los Campeones, Inc., purchased the golf course and other amenities, the remaining development property and the stock of Valley International Properties, Inc., the former Valley Inn and Country Club, Inc., which is referred to as the "Developer" in the Covenants and Restrictions of the Country Club Estates. According to the Restrictive Covenants, R.G. Valley Inn and Country Club, Inc, a non-profit corporation, was created to administer the business affairs of the Country Club, however this entity forfeited its charter. Its forfeiture, however, did not change the owner ship status of the "Country Club" which remained owned by the "Developer", also known as Valley Inn and Country Club, Inc. Defendant Los Campeones, Inc., as a successor in interest, has in the past and will continue to lawfully assess and collect membership dues and maintenance fees necessary to provide satisfactory living standards and services expected by the owners and members, and as contemplated by the original developer and the restrictive covenants. Further, Defendant Los Campeones, Inc., has enforced its legal right to collect dues and fees by foreclosing on delinquent owners.

28.   Defendants deny the averments contained in ¶ 36, in that foreclosures are executed pursuant to the Restrictive Covenants and not pursuant to any Condominium Regime.

29.   Defendants admit the averments contained in ¶ 37, without admitting to the authenticity of the documents referred to as Exhibit 27 and Exhibit 28.

30.   Defendants deny the averments contained in ¶ 38. Defendants have never attempted to limit the control of any condominium regime or homeowner association. Further, as to the Regime for Condominium No. 9, Defendants have never even assessed or collected dues or fees.

31.   Defendants deny the averments contained in ¶ 39.

32.   With regard to ¶ 40, Defendants admit that on or about June 7, 1977 Los Campeones, Inc., acquired the golf course and other amenities, the remaining development property and the stock of Valley International Properties, Inc., the former Valley Inn and Country

Club, Inc., which is referred to as the "Developer" in the Covenants and Restrictions of the Country Club Estates. Defendants deny the remaining averments contained in ¶ 40 as well as the sub- parts, especially as the averments pertain to a racketeering activity and/ or a fraudulent scheme. However, Defendants admit that they attempted to collect membership dues and maintenance fees under the law and pursuant to the active, not abandoned, restrictive covenants in order to maintain the living standards of the subdivision and the club.

33.  Defendants deny the averments contained in ¶ 41.

34.  Defendants deny the averments contained in ¶ 42.

35.  Defendants admit the averments contained in ¶¶ 43 through 51, without admitting to the authenticity of the Exhibits already referenced herein.

36.  Defendants deny the averments contained in ¶ 52.

37.  Defendants deny the averments contained in ¶ 53.

38.  Defendants deny the averments contained in ¶ 54, however, Defendants admit that they attempted to collect membership dues and maintenance fees under the law and pursuant to the active, not abandoned, restrictive covenants in order to maintain the living standards of the subdivision and the club.

39.  Defendants deny the averments contained in ¶ 55, however Defendants admit that swimming pools were closed.

40.  Defendants deny the averments contained in ¶ 56, however, Defendants admit that they attempted to collect membership dues and maintenance fees under the law and pursuant to the active, not abandoned, restrictive covenants in order to maintain the living standards of the subdivision and the club.

41.  Defendants deny the averments contained in ¶¶ 57 and 58.

42.  Defendants deny the averments contained in ¶ 59.

43.  Defendants deny the averments contained in ¶ 60, however Defendants admit that they collected fees pursuant to the restrictive covenants and furthermore, the failure to collect

7

assessments and collect membership dues and maintenance fees, would cause the demise of the Country Club and defeat the purpose of the Restrictive Covenants.

44.   Defendants deny the averments contained in ¶ 61.

45.   Defendants deny the averments contained in ¶ 62.

46.   Defendants deny the averments contained in ¶ 63.

47.   Defendants deny the averments contained in ¶¶ 64 and 65, however Defendants did attempt to collect membership dues and maintenance fees under the law and pursuant to the restrictive covenants and further exercised their rights under the law to enforce the payment

48.   Defendants admit the averments contained in ¶¶ 66 through 87, without admitting to the authenticity of the documents referred to as Exhibit 29 through 49.

49.   Defendants deny the averments contained in ¶ 88, however, Defendants admit that Exhibit 50A-50C are copies of wire transfers received by Defendants from Alicia Cespedes Madrazo, Jaun Cuadra and Patricia Smith-Willis which are attached to the Complaint without admitting to the authenticity of the documents.

50.   Defendants deny the averments contained in ¶¶ 89 through 94.

51.   Defendants deny the averments contained in ¶¶ 95 and 96.

52.   Defendants deny the averments contained in ¶ 97.

53.   Defendants deny the averments contained in ¶¶ 98a through 98k, 99a and 99b, 100a and 100b, 101a and 101b, 102 through 121, 122a and 122b, 123 through 130 and 131a and 131b, as they pertain to Plaintiffs being injured in their business and/or property as a direct or indirect result of the alleged pattern of racketeering.   With regard to the properties referenced in ¶¶ 98a through 98k, 99a and 99b, 100a and 100b, 101a and 101b, 102 through 121, 122a and 122b, 123 through 130 and 131a and 131b, Defendants admit the documents were recorded in Cameron County Deed of Records as reflected by Exhibits 51 through 98, without admitting to the authenticity of the documents.

### Count II: Civil Rights Violation

54. Defendants reaffirm the admissions and denials made above with regard to ¶ 132.

55. Defendants deny the averments contained in ¶ 133.

56. Defendants deny the averments contained in ¶ 134.

57. Defendants deny the averments contained in ¶ 135 as set out under this claim.

58. Defendants deny the averments contained in ¶ 136 in that Plaintiffs have failed to establish that the conduct complained of was committed by a person acting under the color of state law and that this conduct is what deprived them of rights, privileges or immunities secured by the Constitution or Federal laws.

### Count III: Common Law Fraud and Deceit

59. Defendants reaffirm the admissions and denials made above with regard to ¶ 137.

60. Defendants deny the averments contained in ¶ 138.

61. Defendants admit the averments contained in ¶ 139.

62. Defendants deny the averments contained in ¶¶ 140 through 142.

### Count IV: Common Law Fraud and Deceit

63. Defendants reaffirm the admissions and denials made above with regard to ¶ 143.

64. Defendants deny the averments contained in ¶ 144.

65. Defendants admit the averments contained in ¶ 145.

66. Defendants deny the averments contained in ¶¶ 146 through 148.

### Count IV: Breach of Fiduciary Duty

67. Defendants reaffirm the admissions and denials made above with regard to ¶ 149.

68. Defendants deny the averments contained in ¶ 150.

69. Defendants admit the averments contained in ¶ 151.

70. Defendants deny the averments contained in ¶ 152.

71. Defendants deny the averments contained in ¶ 153.

72. Defendants deny the averments contained in ¶ 154.

### Count V: Trespass and Damage to Property

73.     Defendants reaffirm the admissions and denials made above with regard to ¶ 155.

74.     Defendants deny the averments contained in ¶ 156.

75.     Defendants admit the averments contained in ¶ 157.

76.     Defendants deny the averments contained in ¶ 158.

77.     Defendants deny the averments contained in ¶ 159, however admit that Plaintiffs have annexed and made a part of the Complaint Exhibits 99 - 104 in parts (a) - (f) of ¶ 159, without admitting to the authenticity of said documents.

78.     Defendants deny the averments contained in ¶ 160.

### C. AFFIRMATIVE DEFENSES

79.     Even if Plaintiffs prove the allegations in their Complaint, Defendants are not liable to the Plaintiffs because of Collateral Estoppel defense. The Plaintiffs' allegations concerning the Defendants authority to collect membership fees for maintenance and other services are barred by collateral estoppel and the doctrine of issue preclusion. More specifically, certain Plaintiffs participated in prior litigation as follows:

> a) Plaintiff Los Campeones, Inc. instituted a lawsuit on April 28, 1999 against Defendant Patricia Smith Willis in the 107th District Court of Cameron County, Texas, Cause Number 99-04-2032-A. This case was based on Defendant's desire to avoid paying assessments, maintenance fees and membership dues, and challenge of the restrictive covenants in force and affect. A true and correct copy of Plaintiff's original petition in cause number 99-04-2032-A is attached hereto as **Exhibit 1**, and is incorporated by reference. On final hearing, the 107th District Court, Cameron County, Texas, rendered a judgment in Plaintiff's favor recognizing that the restrictive covenants were enforceable and therefore Plaintiff was entitled to collect assessments, maintenance fees and membership dues. True and correct copies of the summary judgment in cause number 99-04-2032-A is attached hereto as **Exhibit 2** and is incorporated by reference. Because the present action, as alleged in Plaintiffs' Complaint, is based on the issue of Los Campeones, Inc.'s right to impose maintenance and service fees on members, which was fully litigated in the prior suit, Plaintiffs are collaterally estopped from asserting this issue in the present suit.

b) Plaintiff **Maria Esther Soto** was a party to a lawsuit instituted by Defendants on September 10, 1998 in the 107th District Court of Cameron County, Texas, Cause Number 98-09-3502-A. This case was based on Defendant Los Campeones, Inc.'s right to collect dues and maintenance fees pursuant to the restrictive covenants. Plaintiff failed to make required payments and a foreclosure proceeding was initiated. A true and correct copy of Plaintiff's original petition is attached hereto as **Exhibit 3**, and is incorporated by reference. On final hearing, the 107th District Court, Cameron County, Texas, signed an Agreed Judgment in Defendants' favor, thus recognizing the enforceability of the restrictive covenants which are made the basis of this lawsuit. A true and correct copy of the Agree Judgment is attached hereto as **Exhibit 4** and is incorporated by reference. Because the present action, as alleged in Plaintiffs' Complaint, is based on the issue of Defendants' right to impose maintenance and service fees on members, which was litigated in the prior suit, Plaintiff is collaterally estopped from asserting this issue in the present suit.

c) Plaintiffs **Robert and Gwendolyn Brooks and Ankjaer Jenson** instituted a lawsuit on November 24, 1999 against Defendant Los Campeones, Inc. in the 197th District Court of Cameron County, Texas, Cause Number 98-11-4579-C. This was a declaratory judgment action wherein Plaintiffs acknowledge the enforcement of the Restrictive Covenants and request an interpretation of the covenants as to how many property owners would be necessary to terminate, modify or revise the restrictive covenants. A true and correct copy of Plaintiffs' original petition is attached hereto as **Exhibit 5**, and is incorporated by reference. On final hearing for summary judgment, the 197th District Court, Cameron County, Texas, rendered a Final Summary Judgment in Defendant Los Campeones, Inc.'s favor clarifying the effect of the restrictive covenants which are made the basis of this lawsuit. A true and correct copy of the Final Summary Judgment is attached hereto as **Exhibit 6** and is incorporated by reference. Because the present action, as alleged in Plaintiffs' Complaint, is based on the issues of the enforceablility of the Restrictive Covenants and of Defendants' right to impose maintenance and service fees on members, which was litigated in the prior suit, Plaintiffs are collaterally estopped from asserting this issue in the present suit. Further, Plaintiff recognized Los Campeones, Inc. as a successor to R.G. Valley Inn & Country Club, Inc.

80.    Even if Plaintiffs prove the allegations in their Complaint, Defendants are not liable to the Plaintiffs because of laches. Plaintiffs have been paying fees collected by Defendants for an extended period of time.

81.    Even if Plaintiffs prove the allegations in their Complaint, Defendants are not liable to Plaintiffs because Plaintiffs ratified Defendant's conduct, and/or because Plaintiffs have waived their claims, and/or because Plaintiffs are estopped to assert such claims.

Plaintiffs were fully aware that Defendants had purchased the Country Club and a controlling interest in VIP fka VICC with the express intent of operating the subdivision and the Club through the exercise of the authority conferred by the subdivision restrictions and other documents permitting the exercise of such authority. Furthermore, for many years Plaintiffs and their predecessors undertook no action whatsoever to challenge Defendants' right to exercise such authority as purchasers of the Country Club and as successors to VIP fka VICC, but, acquiesced in the exercise of such authority by paying the dues and fees which were assessed and by accepting the services provided therefor and the use of the Country Club and Club facilities.

82. Even if Plaintiffs prove the allegations in their Complaint, Defendants are not liable to Plaintiffs because the statute of limitations has run on Plaintiffs' claims. The Plaintiffs acquired their property well before the limitations periods applicable to their claims, and were fully aware of the restrictive covenants made the basis of this suit and the facts underlying their claims, but nevertheless paid maintenance and membership dues during the entire period in question. Because Plaintiffs' claims all accrued prior to the limitations periods which are applicable thereto, same are, as a matter of law, barred by the statutes of limitations applicable thereto.

83. Even if Plaintiffs prove the allegations in their Complaint, Defendants are not liable to Plaintiffs because the doctrines of *res judicata*, collateral estoppel and/or judicial estoppel bar recovery. In the past, Plaintiffs have engaged in litigation with Defendants over the meaning of the said restrictive covenants, and the Defendants' right to enforce same could have been, but was not, questioned or challenged by the said Plaintiffs in that litigation.

## REQUEST FOR ATTORNEYS' FEES

In an action brought under 42 U.S.C. § 1983, the prevailing party may be entitled to its reasonable attorneys fees. 42 U.S.C. § 1988. If Defendants prevail against Plaintiffs regarding

said cause of action, Defendants request that they be awarded their reasonable attorneys fees incurred herein, or such amount as may be fair and equitable.

## REQUEST FOR RELIEF

WHEREFORE, Defendants respectfully request that this Court:

1. Dismiss the Original Complaint with prejudice and without cost to Defendant;

2. Award Defendants  its costs and expenses including attorneys' fees incurred in defending this action and (including, *inter alia*, Plaintiffs' live Complaint);

3. Award to Defendants such other relief as this Court deems just and equitable.

Respectfully submitted,

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

By: _____

Norton A. Colvin, Jr. (will permission)
Federal Admissions No. 1941   Fed ID
State Bar No. 04632100   No. 15558
1201 East Van Buren
P. O. Box 2155
Brownsville, Texas  78522
Tel: (956) 542-7441
Fax: (956) 541-2170
ATTORNEYS FOR DEFENDANT
LOS CAMPEONES, INC.

LAW OFFICES OF ERNEST GAMEZ, JR., P.C.

By: _____

Ernesto Gamez, Jr. (with permission)
Federal Admissions No. 8645   Federal Id.
State Bar No. 07606600   No. 16073
777 E. Harrison
Brownsville, Texas  78520-7118
Tel: (956) 541-3820
Fax: (956) 541-7694

ATTORNEYS FOR DEFENDANT NANCY
JEANETTE BAILEY

RENTFRO, FAULK & BLAKEMORE, L.L.P.

By: _Dino Esparza_ _with permission._

William A. Faulk, Jr.          Fed. No. 22703
Federal Bar No. 5944
State Bar No. 06855000
Roman "Dino" Esparza
Federal Bar No. 22703
State Bar No. 00795337
185 E. Ruben M. Torres, Sr. Blvd.
Brownsville, Texas 78520-9136
Tel: (956) 541-9600
Fax: (956) 541-9695
ATTORNEYS FOR DEFENDANT
KEN PLASTERER

OF COUNSEL:

NORQUEST & BRISACK, L.L.P.

Neil E. Norquest
State Bar No. 15088500
Chris A. Brisack
State Bar No. 03008030
4900 North 10th Street, Bldg. A-2
McAllen, Texas 78504
Tel: (956) 682-3195
Fax: (956) 682-6693

## CERTIFICATE OF SERVICE

I certify that on __2nd__ day of April, 2001, a true and correct copy of the foregoing Defendants' Original Answer to Plaintiffs' Original Complaint was mailed via Certified Mail, R.R.R., to:

Mr. Christopher Lee Phillippe
307-3 McFadden Dr.
Brownsville, Texas 78520

Norton A. Colvin, Jr.

Case 1:00-cv-00173   Document 24   Filed in TXSD on 04/02/2001   Page 15 of 35

CAUSE NO. 99-04-02632-A                                    APR 2 8 1999

LOS CAMPEONES, INC.,              §        IN THE DISTRICT COURT
    PLAINTIFF                     §
                                  §
vs.                               §        CAMERON COUNTY, TEXAS
                                  §
PATRICIA SMITH-WILLIS,            §
    DEFENDANT                     §        107th JUDICIAL DISTRICT

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, LOS CAMPEONES, INC., hereinafter referred to as Plaintiff, complaining of

PATRICIA SMITH-WILLIS, hereinafter referred to as Defendant, and, for cause of action, would

respectfully show unto the Court the following:

### I.
### PARTIES

Plaintiff is LOS CAMPEONES, INC., a Texas corporation and the successor in interest to the

development rights of VALLEY INN AND COUNTRY CLUB AKA VALLEY INTERNATIONAL COUNTRY

CLUB located and situated in Brownsville, Cameron County, Texas.  Defendant is an individual

residing in Tampico, Tamaulipas, Mexico and may be served with process via *REGISTERED MAIL,*

*RETURN RECEIPT REQUESTED* at *Agua Dulce 907, Colonia Petrolera, Tampico, Tamaulipas,*

*Mexico,* or via *PERSONAL SERVICE* at *258 McFadden Hut, Brownsville, Texas,* which are her last

known mailing addresses according to the records of LOS CAMPEONES, INC.

1

Case 1:00-cv-00173   Document 24   Filed in TXSD on 04/02/2001   Page 16 of 35

## II.
## FACTS

Plaintiff is the developer as defined in the Covenants and Restrictions of Country Club Estates and is charged with the responsibility of providing maintenance, services, membership, and road maintenance to the lot owners of the Country Club property owners. The Defendant is further bound to pay for such amounts as arising for the expenses for maintenance, dues, road maintenance and other services as provided for in those certain Covenants and Restrictions of Country Club Estates recorded in Volume 870, Page 140 of the Deed Records of Cameron County, Texas and also as adopted and ratified in instrument recorded in Volume 61, Page 423 of the Miscellaneous Deed Records of Cameron County, Texas.

### III.

Defendant is the owner of the property which is more particularly described in Warranty Deed With Vendor's Lien from Roman A. Paez, Trustee to PATRICIA SMITH-WILLIS, dated June 17, 1981, as shown on Warranty Deed With Vendor's Lien recorded in Volume 1240, Page 269 of the Official Records of Cameron County, Texas; which property is subject to the above referenced Restrictive Covenants.

### IV.

Plaintiff has filed a Notice of Lien against the property in order to secure the repayment of the amounts as set forth on the attached account. Plaintiff has notified the Defendant of the account and the Defendant has failed and refused and continues to fail and refuses to pay such account when due. The principal amount of the account is *Two Thousand One Hundred Five and 41/100*

2

Case 1:00-cv-00173   Document 24   Filed in TXSD on 04/02/2001   Page 17 of 35

Dollars($2,105.41) after all just and lawful offsets, credits and payments have been allowed. Plaintiff has demanded payment of these amounts however Defendant has failed to make payments as demanded.

## V.
## ATTORNEY'S FEES

Defendant's default has made it necessary to employ the undersigned attorney to file suit and to seek foreclosure of its lien. This claim was timely presented to the Defendant and remains unpaid. A reasonable fee for the attorney's services rendered and to be rendered is at least *One Thousand Five Hundred and 00/100 Dollars ($1,500.00)*.

## VI.
## FORECLOSURE

In order to secure the repayment of the above amounts, Plaintiff has filed its Notice of Lien and Plaintiff is entitled to such lien as provided in the above referenced Restrictive Covenants pertaining to Country Club Estates. Under the terms of the said Covenants and Restrictions, Plaintiff is entitled to foreclose the lien in the same manner as the foreclosure of a vendor's lien without prejudice to any purchase money liens which may exist. Plaintiff requests upon final judgment that the Court enter an Order of Sale of the above described property in order to satisfy all amounts owed under the judgment.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays:

1. That the Defendant be cited to appear and answer herein.

3

CVAPDF - www.fastio.com

Case 1:00-cv-00173   Document 24   Filed in TXSD on 04/02/2001   Page 18 of 35

2. That Plaintiff be granted judgment for *Two Thousand One Hundred Five and 41/100 Dollars($2,105.41)* as principal amount of the debt and that Plaintiff be granted judgment for prejudgment and post judgment interest at the rates provided by law.

3. Plaintiff be allowed foreclosure of its lien.

4. Plaintiff be granted judgment for reasonable and necessary attorney's fees in an amount of at least *One Thousand Five Hundred and 00/100 Dollars ($1,500.00)*.

5. Plaintiff requests judgment for costs of court.

6. Plaintiff prays for such other and further relief both in law and in equity to which it may prove itself justly entitled to receive.

Respectfully Submitted,
RENTFRO, FAULK & BLAKEMORE, L.L.P.
185 E. RUBEN TORRES, SR. BLVD.
BROWNSVILLE, TEXAS 78520
*TELEPHONE:*      (956) 541-9600
*FACSIMILE:*      (956) 541-9695

BY: _William C. Faulk_

WILLIAM A. FAULK, JR.
STATE BAR No. 06855100
CCB #162701

CutePDF - www.tacsu.com

Case 1:00-cv-00173   Document 24   Filed in TXSD on 04/02/2001   Page 19 of 35

11/10/1999

**PATRICIA SMITH-WILLIS - UNIT 305-4**
**ACCOUNT W1999**
305-4 MCFADDEN DRIVE
BROWNSVILLE, TX 78520

BAL FWD. $1,771.28

| YEAR 1999 | DUES | H.O. SER | OTHER CHGS. | SER. CHG. | PAY. | BAL FWD. CURRENT | BAL FWD |
|---|---|---|---|---|---|---|---|
| JANUARY | $28.15 | $66.27 | $8.00 | $8.74 | | $111.16 | $1,882.44 |
| FEBRUARY | $28.15 | $66.27 | $8.00 | $9.28 | | $111.70 | $1,994.14 |
| MARCH | $28.15 | $66.27 | $8.00 | $8.85 | | $111.27 | $2,105.41 |
| APRIL | $28.15 | $66.27 | $8.00 | $10.38 | | $112.80 | $2,218.21 |
| MAY | $28.15 | $66.27 | $8.00 | $10.21 | | $112.63 | $2,330.84 |
| JUNE | $28.15 | $66.27 | $8.00 | $11.49 | | $113.91 | $2,444.75 |
| JULY | $28.15 | $66.27 | $8.00 | $11.65 | | $114.07 | $2,558.82 |
| AUGUST | $28.15 | $66.27 | $8.00 | $12.62 | | $115.04 | $2,673.86 |
| SEPTEMBER | $28.15 | $66.27 | $8.00 | $12.75 | | $115.17 | $2,789.03 |
| OCTOBER | $28.15 | $66.27 | $8.00 | $13.75 | | $116.17 | $2,905.20 |
| NOVEMBER | $28.15 | $66.27 | $8.00 | $13.85 | | $116.27 | $3,021.47 |
| DECEMBER | | | | | ($2,560.00) | $0.00 | $3,021.47 |
| | $309.65 | $728.97 | $68.00 | $123.57 | $0.00 | $1,250.19 | $0.00 |
| TOTAL | $1,433.57 | $3,093.00 | $757.00 | $297.90 | ($2,560.00) | $3,021.47 | $3,021.47 |

Case 1:00-cv-00173   Document 24   Filed in TXSD on 04/02/2001   Page 20 of 35

CAUSE NO. 99-04-2032-A

| | | |
|---|---|---|
| LOS CAMPEONES, INC. | § | IN THE DISTRICT COURT |
|     Plaintiff | § | |
| | § | CAMERON COUNTY, TEXAS |
| VS. | § | |
| | § | |
| PATRICIA SMITH WILLIS | § | 107TH JUDICIAL DISTRICT |
|     Defendant | § | |

## SUMMARY JUDGMENT

On this the 16th day of March, 2000, came on for consideration the Motion for Summary Judgment of the Plaintiff, LOS CAMPEONES, INC. The Court having reviewed such motion is of the opinion that its Motion should be granted and that Final Judgment should be entered against PATRICIA SMITH WILLIS, Defendant.

The Court finds that this cause is for a liquidated amount of damages and is proved by instruments in writing and finds that Defendant PATRICIA SMITH WILLIS is indebted to the Plaintiff in the amount of *Three Thousand Four Hundred Seventy Seven Dollars and 59/100 ($3,477.59)* representing the principal amount of the judgment and that Plaintiff should recover reasonable and necessary attorney's fees, which the Court finds to be in the amount of *One Thousand Five Hundred Dollars and 00/100 ($1,500.00).*

The Court further finds that the Plaintiff has a secured lien against the property described in the attached Exhibit "A", which is attached to this Judgment and made a part hereof, which Lien secures the repayment of assessments, dues, charges and attorney fees pursuant to the Covenants and Restrictions of Country Club Estates.

It is therefore ORDERED, ADJUDGED and DECREED that LOS CAMPEONES, INC. have and recover judgment of and from Defendant, PATRICIA SMITH WILLIS, in the principal sum of *Three Thousand Four Hundred Seventy Seven Dollars and 59/100 ($3,477.59)* and that Plaintiff

1

have judgment in the amount of *One Thousand Five Hundred Dollars and 00/100 ($1,500.00)* as reasonable and necessary attorney's fees through the trial of this cause, together with all costs of court, which presently are in the amount $158.00 of in this behalf expended for a **TOTAL JUDGEMENT OF $5,135.59** together with post-judgment interest at the rate of ten percent (10%) per annum on the total judgment from the date of judgment until paid,

It is further ORDERED, ADJUDGED and DECREED that Plaintiff be awarded additional attorney's fees in the event that Defendant appeals from the judgment to the Court of Appeals, in the amount of $2,500.00 and further fees in the amount of $1,500.00 should Error be granted by the Supreme Court of the State of Texas.

It is further ORDERED, ADJUDGED and DECREED that Plaintiff have foreclosure of its lien securing the above referenced amounts and the District Clerk of this Court is hereby ordered to issue an order of sale of the above referenced property in order to satisfy all amounts as contained in this judgment.

Plaintiff is allowed such writs and processes as may be necessary in the enforcement and collection of this judgment.

All relief requested and not expressly granted herein is denied.

SIGNED FOR ENTRY this the ___17th___ day of MARCH, 2000.

_____
JUDGE PRESIDING

**3/20/00 COPIES TO;**

cc:   Renfro, Faulk & Blakemore, LLP, 185 E. Ruben Torres Blvd., Brownsville, Tx 75826
      Ms. Patricia Smith Willis, Agua Dulce #907, Colonia Petrolera, Tampico, Tamp., Mex.
      Ms. Patricia Smith Willis, 258 McFadden Hut Dr., Brownsville, Tx 78520



2

CAUSE NO. _____ 08-09-3502-A

| | | |
|---|---|---|
| LOS CAMPEONES, INC., | § | IN THE DISTRICT COURT |
| PLAINTIFF | § | |
| | § | |
| vs. | § | CAMERON COUNTY, TEXAS |
| | § | |
| MARIA ESTHER SOTO, | § | |
| DEFENDANT | § | 107th JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, LOS CAMPEONES, INC., hereinafter referred to as Plaintiff, complaining of MARIA ESTHER SOTO, hereinafter referred to as Defendant, and, for cause of action, would respectfully show unto the Court the following:

### I.
### PARTIES

Plaintiff is LOS CAMPEONES, INC., a Texas corporation and the successor in interest to the development rights of VALLEY INN AND COUNTRY CLUB AKA VALLEY INTERNATIONAL COUNTRY CLUB located and situated in Brownsville, Cameron County, Texas. Defendant is an individual residing in Brownsville, Cameron County, Cameron County, Texas and may be served with process via *CERTIFIED MAIL, RETURN RECEIPT REQUESTED* at the following address: 104 Cowan Terrace East, Brownsville, Texas 78521 which is her last known mailing address according to the records of LOS CAMPEONES, INC.

### II.
### FACTS

Defendant is an owner and resident of the hereinafter described property which property is subject to Restrictive Covenanats which provide for the payment of dues and maintenance fees

established by the Developer of Valley Inn and Club a/k/a Valley International Country Club, which is now the Plaintiff, Los Campeones, Inc. Such dues and maintenance fees are established from time to time by the Plaintiff pursuant to such Restrictive Covenants. The Defendant is bound to pay such amounts as provided in those certain Covenants and Restrictions of Country Club Estates recorded in Volume 870, Page 140 of the Deed Records of Cameron County, Texas and also as adopted and ratified in instrument recorded in Volume 61, Page 423 of the Miscellaneous Deed Records of Cameron County, Texas.

### III.

Defendant is the owner of the property which is more particularly described in Warranty Deed with Vendor's Lien from B.R.E.I.T. II to MARIA ESTHER SOTO, dated June 21, 1996, as shown on Warranty Deed with Vendor's Lien recorded in Volume 3931, Pages 1-3 of the Official Records of Cameron County, Texas; which property is subject to the above referenced Restrictive Covenants.

### IV.

Plaintiff has filed a Notice of Lien against the property in order to secure the repayment of the amounts as set forth on the attached account. Plaintiff has notified the Defendant of the account and the Defendant has failed and refused and continues to fail and refuses to pay such account when due. The principal amount of the account is *One Thousand Seven Hundred Eighty Six Dollars and $^{55}/_{100's}$ ($1,786.55)* after all just and lawful offsets, credits and payments have been allowed all as such on the attached *Exhibit 'A'*. Plaintiff has demanded payment of these amounts however Defendant has failed to make payments as demanded.

### V.
### ATTORNEY'S FEES

2

Defendant's default has made it necessary to employ the undersigned attorney to file suit and to seek foreclosure of its lien. This claim was timely presented to the Defendant and remains unpaid. A reasonable fee for the attorney's services rendered and to be rendered is at least *One Thousand Five Hundred Dollars ($1,500)*.

## VI.
## FORECLOSURE

In order to secure the repayment of the above amounts, Plaintiff has filed its Notice of Lien and Plaintiff is entitled to such lien as provided in the above referenced Restrictive Covenants pertaining to Country Club Estates. Under the terms of the said Covenants and Restrictions, Plaintiff is entitled to foreclose the lien in the same manner as the foreclosure of a vendor's lien without prejudice to any purchase money liens which may exist. Plaintiff requests upon final judgment that the Court enter an Order of Sale of the above described property in order to satisfy all amounts owed under the judgment.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays:

1.  That the Defendant be cited to appear and answer herein.

2.  That Plaintiff be granted judgment for *One Thousand Seven Hundred Eighty Six Dollars and $^{55}/_{100's}$ ($1,786.55)* as principal amount of the debt and that Plaintiff be granted judgment for prejudgment and post judgment interest at the rates provided by law.

3.  Plaintiff be allowed foreclosure of its lien.

4.  Plaintiff be granted judgment for reasonable and necessary attorney's fees in an amount of at least *One Thousand Five Hundred Dollars ($1,500)*.

3

5.  Plaintiff requests judgment for costs of court.

6.  Plaintiff prays for such other and further relief both in law and in equity to which it may prove

itself justly entitled to receive.

Respectfully Submitted,
RENTFRO, FAULK & BLAKEMORE, L.L.P.
185 E. RUBEN TORRES, SR. BLVD.
BROWNSVILLE, TEXAS 78520
*TELEPHONE:*      (956) 541-9600
*FACSIMILE:*      (956) 541-9695

BY:  _____

WILLIAM A. FAULK, JR.
STATE BAR NO. 06855100
CCB #162701

4

JN : UICC

**MARIA ESTHER SOTO - UNIT 807-4**
**ACCOUNT S2127**

104 COWAN TERRACE EAST - BROWNSVILLE, TX 78521

| 1998 | DUES | H.O. SER. | OTHER | SC | PAYMENTS | | |
|---|---|---|---|---|---|---|---|
| | | | | | | | $829.38 |
| JANUARY | $28.15 | $77.43 | $8.00 | $4.09 | | $117.67 | $947.05 |
| FEBRUAR | $28.15 | $77.43 | $8.00 | $4.67 | | $118.25 | $1,065.30 |
| MARCH | $28.15 | $77.43 | $8.00 | $4.90 | | $118.48 | $1,183.78 |
| APRIL | $28.15 | $77.43 | $8.00 | $5.84 | | $119.42 | $1,303.20 |
| MAY | $28.15 | $77.43 | $8.00 | $6.43 | | $120.01 | $1,423.21 |
| JUNE | $28.15 | $77.43 | $8.00 | $6.78 | | $120.36 | $1,543.57 |
| JULY | $28.15 | $77.43 | $8.00 | $7.61 | | $121.19 | $1,664.76 |
| AUGUST | $28.15 | $77.43 | $8.00 | $8.21 | | $121.79 | $1,786.55 |
| SEPTEMBER | | | | | | $0.00 | $1,786.55 |
| OCTOBER | | | | | | $0.00 | $1,786.55 |
| NOVEMBER | | | | | | $0.00 | $1,786.55 |
| DECEMBER | | | | | | $0.00 | $1,786.55 |
| TOTAL | $225.20 | $619.44 | $64.00 | $48.53 | $0.00 | $957.17 | |
| | $450.40 | $1,142.53 | $137.00 | $56.62 | $0.00 | $1,786.55 | |

EXHIBIT ___A___

## RENTRO, FAULK & BLAKEMORE, L.L.P.
### ATTORNEYS, COUNSELORS AND MEDIATORS

T. Mark Blakemore
*Also licensed in Florida*
Daniel Rentfro, Jr.
*Member, Attorney-Mediators Institute*
William L. Rentfro
William A. Faulk, Jr.
___
Jana L. Smith

*185 E. RUBEN M. TORRES, SR. BOULEVARD*
*(FM 802 AT MCALLEN ROAD)*
*BROWNSVILLE, TEXAS 78520-9136*

___

*Tel: 956-541-9600*
*Fax: 956-541-9695*
*E-Mail: attorneys@rfbllp.com*

Of Counsel
Daniel L. Rentfro
William A. Faulk, Sr.

Kenneth S. Harder
*Board Certified*
*Immigration & Nationality Law*
*Texas Board of Legal Specialization*

October 19, 1998

3.00

Maria Ester Soto
104 Cowan Terrace East
Brownsville, Texas 78521

Certified Mail No. P 095 363 146
Return Receipt Requested

Re:     Obligation owed to Valley International Country Club, Unit 807-4   R. Corney

Dear Ms. Soto:

        This letter is to confirm our agreement that you will pay to Los Campeones, Inc. the total amount of $228.00 per month which amount will be used to pay your current monthly assessments and any amount over and above that current amount will be applied towards your outstanding balance.

        As you know, there has been a lawsuit filed against you in order to secure repayment of the debt. As part of your agreement, an Agreed Judgment will be entered in that case which judgment will not be executed or abstracted unless you fail to make the payments which you have agreed to under the terms of this letter agreement.

        If this is not your understanding, please contact me immediately, otherwise please execute this letter in the space provided below for your signature and return one original letter to me for my client's file. If you have any questions regarding this matter, please feel free to contact me at the above referenced address and phone number.

Very truly yours,
RENTFRO, FAULK & BLAKEMORE, L.L.P.

By: _____
        William A. Faulk, Jr.

Approved and Agreed To:

_____
MARIA ESTER SOTO

WAFJR/sm
cc:     Ken Plasterer

CAUSE NO. 98-09-03502-A

| | | |
|---|---|---|
| LOS CAMPEONES, INC. | § | IN THE DISTRICT C⁻ |
| | § | |
| VS. | § | OF CAMER⁻ ⌐AS |
| | § | |
| MARIA ESTHER SOTO, | § | 107TH JUDICIA ⌐ TRICT COURT |

## AGREED JUDGMENT

Came on for consideration the above styled and numbered cause. The Plaintiff LOS CAMPEONES, INC. and the Defendant MARIA ESTHER SOTO, pursuant to the settlement letter on file with this Court, have announced to the Court that they have reached an agreement in this matter. Based upon the agreement of the parties, it is accordingly

ORDERED, ADJUDGED and DECREED that LOS CAMPEONES, INC. have and recover judgment of and from Defendant MARIA ESTHER SOTO in the principal sum of *One Thousand Eight Hundred Twenty-One Dollars and 49/100ths ($1,821.49)* representing the principal amount of the judgment; and that LOS CAMPEONES, INC. have judgment in the amount of *One Tousand Five Hundred Dollars and 00/100ths ($1,500.00)* as reasonable and necessary attorney's fees, together with post judgment interest at the rate of ten percent (10%) per annum on the total judgment from the date of judgment until paid, together with all costs of court.

Plaintiff is allowed such writs and possessions as may be necessary in the enforcement and collection of this judgment.

All relief requested and not expressly granted herein is denied.

SIGNED and ENTERED this ___21st___ day of ___Jan._____, 1999.

_____
JUDGE PRESIDING

APPROVED AS TO FORM AND CONTENT:

**COPIES TO;** 1/21/99

William A. Faulk, Jr.
RENTFRO, FAULK & BLAKEMORE, L.L.P.
185 E. Ruben M. Torres, Sr. Blvd.
Brownsville, Texas 78520
Telephone:    (956) 541-9600
Facsimile:    (956) 541-9695
State Bar No. 06855100

*Attorney for Plaintiff, LOS CAMPEONES, INC.*

**MARIA ESTHER SOTO**

3:50 O'CLOCK P.M.
FILED
AURORA DE LA GARZA DIST. CLERK
JAN 2 1 1999
_____ COURT OF _____ COUNTY, TEXAS
Gloria Medrano

NO. 98-11-4579-C

| ...ER PLITT, III, ROBERT C. BROOKS, : ANKJAER JENSEN, Plaintiffs | § § § § | IN THE 197TH JUDICIAL |
|---|---|---|
| VS. | § § | DISTRICT COURT OF 4(4) P |
| ...MPEONES, I: Defendant | § § | CAMERON COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION FOR DECLARATORY JUDGMENT

...NORABLE JUDGE OF SAID COURT:

C... E NOW, WALTER PLITT, III, ROBERT C. BROOKS, and ANKJAER JENSEN, Plaintiffs, and petition the Court pursuant to the Uniform Declaratory Judgments Act, Chapter 37 of the Texas Civil Prac... and Remedies Code, for a determination of construction rights a ... relations between the Plaintiffs and LOS CAMPEONES, INC., the Defendant, pertaining to the "Covenants and Restrictions of Country Club Estates".

I.

...aintiffs, WALTER PLITT, III, ROBERT C. BROOKS, and ANKJAER JEN... re individuals who own real property that restricted . ... subdivision know as Country Club Estates, in Cameron County, Texas. The party having an interest made the matter of this act... n is LOS CAMPEONES, INC., hereinafter called Defendant, Texas Corporation, and may be served with citation by serving its reg... red agent for service of process, Mr. Ken Plasterer, ...rporation's ...gistered office at Highway 77 and F.M. ..., Brownsville, Texas 78520.

II.

...laintiffs are individuals who own real property that _____

restricted residential subdivision know as Country Club Estates,

eron Count  ~ xas. The real property which the Plaintiffs

own  ubject to cert in restrictive covenants, which are

      in the follo  g documents: "Covenants and

   s", i    ed at Volume 793, Pages 691-711; "Covenants

and R   rictions of Country Club Estates, Sections 4, 5, 6, 7,

7A, 8, 8  8B, 8C, 9, 9A, 13 and 100", located at Volume 870,

Pages 140- 57 of the Deed Records of Cameron County, Texas; and,

an unti   document, located at Volume 61, Pages 423-425 of the

      eous Deed    s of Cameron County, Texas.

### III.

Upon information and belief, the Defendant, Los Campeones,

Inc.  s a successor to R.G. Valley Inn & Country Club, Inc.,

      as the entit  originally charged, in the restrictive

cove   , with the       of administering the affairs, business

      nd maintenance of the Country Club. Accordingly,

De    , Los Campeones, Inc., has an interest in the matter

made t  subject of this suit.

### IV.

The   rementioned restrictive covenants were signed on

Sept   30, 1965, April 1, 1969, and December 1, 1969,

      ly. The restrictive covenants all contain the following

language:

"Upon the expiration of twenty-five years from date of
execution of this    trument, the owners of a majority of the
      thin the S    rision may execute and acknowledge an
a      nt in writing  erminating, modifying, or revising these
rest   ions and cove   ts and file same in the office of the
Coun.   rk of Camer   unty, Texas; thereafter said covenants
    .      tions shal     ull and void, or be modified or
  .        uch agr  ment."

V.

The Plaintiffs herein seek to obtain the consent of a
_ _  lent number o_ property owners to terminate, modify or
revi   he restrictive covenants, however, Plaintiffs are faced
· ·      ·uous lanc ige in that section of the covenants which
p-  .  .s the pro_ 's for doing so. The restrictive covenants
state _ it the owners of a majority of the "lots" within the
subdivisio:: must agree to terminate or revise the covenants. The
restricti· :ovenants do not contemplate that multiple dwelling
units ·  .oe constructe· on a single lot, but rather the

          .ve cover·      ate: "All lots in the Subdivision and
improveme   thereon shall be used for single family residential
purposes, and for no other purpose." Further, nowhere in the
··· · ctive cover·     are the rights of "unit owners" defined.
Ho·       the Defenc_.. has permitted multiple dwelling units to
be ·      ···:ed on certain lots. Additionally, the Defendant has

          ·ly tre. ·ed all "unit owners" as if they were "lot
owne::. _nder the restrictive covenants. Plaintiffs, therefore,
contend _:at a majority of "unit owners" is all that is necessary
_o revise  · modify the restrictive covenants.

VI.

          .n:iffs re·· ·st that· this Court declare that in order for
_.c Pla_. _.f·:, or any other property owners subject to the
restricti· _ covenants, to revise or terminate the restrictive
cove:··::s, only of a majority of the <u>unit owners</u> within the
_.      .sion need _  :ute an agreement terminating, modifying, or
revi      :hese res::::ictions and covenants.

REFORE, Plaintiffs request that the Defendant be cited to appear a. d answer herein, and that on final hearing, Plaintiffs .ve judgm t as follow:

1.     declaration that the restrictive covenants which are ..t of this      may be revised or terminated through the .greement of a majority  f the unit owners within the subdivision which are subject to the covenants;

2.  Costs of Court; and,

Such other and further relief to which Plaintiffs may be    entitled.

Respectfully submitted,

Rene B. Gonzalez
Attorney at Law
P.O. Box 5134
Brownsville, Texas 78523-5134
Telephone: 956/544-2370
Facsimile: 956/982-1909
State Bar No. 08131380
Cameron County I.D. 278301

ATTORNEY FOR PLAINTIFFS

CAUSE NO. 98-11-4579-C

| | | |
|---|---|---|
| WALTER PLITT, ROBERT C. | § | IN THE 197TH JUDICIAL |
| BROOKS, and ANKJAER JENSEN | § | |
| *Plaintiffs* | § | |
| VS. | § | DISTRICT COURT OF |
| | § | |
| LOS CAMPEONES, INC. | § | |
| *Defendant* | § | CAMERON COUNTY, TEXAS |

## FINAL SUMMARY JUDGMENT

On August 4, 1999, the Court considered Defendant's Motion for Summary Judgment. The parties submitted their pleadings and summary judgment evidence to the Court for a hearing by submission. After considering the pleadings, motion, response, reply, evidence on file and arguments of counsel, the Court grants Defendant's Motion for Summary Judgment.

Therefore, the Court orders that the "Duration of Covenants and Restrictions" section of the Restrictive Covenants were recorded in Volume 793 Page 691 of the Real Property Records of Cameron County, Texas and the Restrictive Covenants recorded in Volume 870 Page 140 of the Real Property Records of Cameron County, Texas is not ambiguous; and

The Court orders that the "Duration of Covenants and Restrictions" section of the Restrictive Covenants were recorded in Volume 793 Page 691 of the Real Property Records of Cameron County, Texas and the Restrictive Covenants recorded in Volume 870 Page 140 of the Real Property Records of Cameron County, Texas allows one vote per lot when terminating, modifying or revising these restrictive covenants; and

The Court further declares that for purposes of determining the right to vote under the above referenced restrictive covenants, a "Unit Owner", whether a sole owner or tenants in common, shall have a pro-rata share of one vote based on the total number of units located and situated on the lot.

This provisions shall be applicable regardless of whether the lot upon which a unit is located has been incorporated into a condominium regime subsequent to the original filing of the restrictive covenants. Accordingly, by way of example if a Unit Owner owns one unit located on a lot and there are a total of four residential units located on the lot, the Unit Owner shall have a 1/4th vote.

The Court orders that the Plaintiffs take nothing by their suit for declaratory judgment; and

The Court denies all relief not granted in this judgment; and

The Court orders execution to issue for this judgment.

SIGNED on ___November 19___, 1999.

PRESIDING JUDGE

NOV 19 1999

AGREED AS TO FORM:

_____
William A. Faulk, Jr., Attorney for Defendant

NOV 19 1999

_____
Rene Gonzalez, Attorney for Plaintiffs

cc: Rentfro Faulk & Blakemore, L.L.P., Mr. William A. Faulk, Jr., 185 E. Ruben Torres, Sr. Blvd., Brownsville, Texas 78526
    Law Offices of Rene B. Gonzalez, Mr. Rene B. Gonzalez, P.O. Box 5134, Brownsville, Texas 78523-5134

J:\Working\LosCam.Gene\Pltff\Final.Summary.Judgment.091699