25

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 0 2 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ROBERT & GWENDOLYN BROOKS | § | |
| ALICIA CESPEDES MADRAZO, | § | |
| DAVID & JUDITH CLEMENCE | § | |
| ELISA P. DeSIUN aka ELISA P. CHAIX, | § | |
| SANDRA MADARIA, RONALD L. MANN | § | |
| HECTOR ELIZONDO NAJERA, | § | |
| MARY PEABODY, | § | |
| WALTER E. PLITT, III, | § | |
| ADOLFO PUMAJERO, | § | |
| JEAN & H. REED SMITH | § | |
| MARIA ESTHER SOTO, | § | |
| JORGE & BERTHA SUSTAETA, | § | |
| JUAN & MARIA DEL CARMEN CUADRA | § | |
| PAUL & ROSALYN CHILTON, | § | CAUSE NO. B-00-173 |
| JAMES & LORRAINE DEWAR, | § | |
| CARLOS J. FLORES | § | |
| HUMBERTO RUIZ GARZA, | § | |
| ANKJAER JANSEN, | § | |
| FOREST & ANN JOSTROM, | § | |
| JOHN S. LIGHT, ROBERT LIGHT, | § | |
| JOAQUIN & ANDELIA B. de MADERO, | § | |
| NORMAN & ELAINE MEISSNER, | § | |
| CHRISTOPHER L. PHILLIPPE, | § | |
| ILA VIRGINIA PHILLIPPE, | § | |
| MONICA K. PIER, CHARLES & | § | |
| JESSIE RADLIFF, PETER DE LA ROSA, III | § | |
| PATRICIA SMITH-WILLIS, | § | |
| HARRY O. WHITE, JR., and | § | |
| ALLEN & RUTH WOLFE | § | |
| | § | |
| VS. | § | |
| | § | |
| KEN PLASTERER and NANCY JEANETTE | § | |
| BAILEY, Each Individually, and LOS | § | |
| CAMPEONES, INC., Individually and dba | § | |
| VALLEY INN & COUNTRY CLUB | § | |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

1

TO THE HONORABLE JUDGE OF SAID COURT:

Now Come Defendants KEN PLASTERER and NANCY JEANETTE BAILEY, Each

Individually, and LOS CAMPEONES, INC., Individually and dba VALLEY INN & COUNTRY

CLUB (hereinafter "Defendants"), and, pursuant to Fed. R. Civ. P. 56, file this, their Motion for

Summary Judgment requesting that they be granted Summary Judgment as to all claims set forth

in Plaintiffs' Complaint, and in support thereof, would respectfully show the Court as follows:

## I. INTRODUCTION

[1]      All of the Plaintiffs' claims arise out of Defendants' having exercised certain

rights as the successors to the Valley Inn & Country Club Estates owner/developer Valley

International Properties, Inc. (hereafter "VIP") fka Valley Inn & Country Club, Inc. ("VICC").

The crux of Plaintiffs' assertions is that Defendants have no right to exercise these rights because

Defendants are not lawful successors to VIP fka VICC and/or because some such rights belonged

to a now-defunct Corporation, Rio Grande Valley Inn & Country Club ("RGVICC") from which

Defendants did not acquire same.  (See, Complaint paras. 17-97, 132-136, 137-142, 143-148,

149-154, and 155-160).  Plaintiffs therefore argue that Defendants had no authority to, *e.g.*,

enforce the subdivision's covenants and restrictions (see, *e.g.*, Complaint paras. 35, 40(a)-(c)), to

assess and collect Country Club membership fees and dues (see, *e.g.*, Complaint paras. 35,

40(b)), or to enforce the collection of fees and dues through the placing and foreclosure of liens

upon subdivision lots (see, *e.g.*, Complaint para. 34); that Defendants' attempt to exercise such

rights (1) constituted a "scheme to infiltrate and control the area known as 'Valley Inn & Country

Club'" and a "pattern of unlawful racketeering activity" in violation of the Racketeer Influenced

and Corrupt Organizations Act (RICO)18 U.S.C. §§ 1962(a)-(d)) (Complaint paras. 14-97); was

2

(2) undertaken pursuant to certain condominium declarations and regimes and in violation of the

Texas Condominium Act and the Uniform Condominium Act (Complaint paras. 36,39, 43-53);

and has (3) resulted in a violation of the Plaintiffs' civil rights contrary to 42 U.S.C. § 1983

(Complaint paras. 132-136), and that the Defendants' communication and representation of their

authority to exercise such rights has constituted mail fraud in violation of 18 U.S.C. § 1341

(Complaint paras. 62-87), wire fraud in violation of 18 U.S.C. § 1343 (Complaint para. 88), and

common-law fraud and deceit (Complaint para. 62-87).  Plaintiffs also assert that in exercising

such rights Defendants breached fiduciary duties to the Defendants as collectors of the said

maintenance fees and road assessments (Complaint paras. 149-154), and trespassed upon and

damaged the Plaintiffs' property by failing to properly maintain the roadways for which some

such fees and assessments had been collected.  (Complaint paras. 155-160).

## II.  STANDARD OF REVIEW

[2]     Summary judgment is proper in any case where there is no genuine issue of

material fact. FED. R. CIV. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct.

2548, 2552 (1986).  A defendant who seeks summary judgment on a plaintiff's cause of action

must demonstrate the absence of a genuine issue of material fact either by (1) submitting

summary judgment evidence that negates the existence of a material element of plaintiff's claim

or (2) showing there is no evidence to support an essential element of plaintiff's claim.  Celotex

Corp., 477 U.S. at 322-25, 106 S.Ct. at 2552-54; J. Geils Band Employee Benefit Plan v. Smith

Barney Shearson, Inc., 76 F.3d 1245, 1251 (1st Cir. 1996).

[3]     For each and all of the following reasons, Defendants are entitled to Summary

Judgment that Plaintiffs take nothing by any of their said claims.

3

## II. GROUNDS FOR SUMMARY JUDGMENT UPON ALL CLAIMS

**[A]  Defendants[1] Are Entitled to Summary Judgment Upon all of the Plaintiffs' Claims Because The Summary Judgment Evidence Conclusively Demonstrates That Defendant Los Campeones Is The Lawful Successor To VIP fka VICC And Is Lawfully Authorized To Exercise The Rights Complained Of, That No Right Exercised By Defendants Belonged To RGVICC, And That Defendants' Conduct Was Not Undertaken Pursuant To Any Condominium Declaration Or In Contravention Of The Texas Condominium Act Or The Uniform Condominium Act:**

[3]  As is demonstrated more particularity in Appendix "A" hereto, Defendants are

entitled to Summary Judgment upon all of the Plaintiffs' claims because the summary judgment

evidence conclusively demonstrates that (1) Defendant Los Campeones is the lawful successor

to VIP fka VICC and is lawfully authorized to engage in the conduct complained of; that (2) none

of the rights exercised by Defendant Los Campeones belonged to RGVICC; and that (3)

Defendant Los Campeones' conduct was not undertaken pursuant to any condominium

declaration or in contravention of the Texas Condominium Act or the Uniform Condominium

Act. Defendants are accordingly entitled to Summary Judgment that Plaintiffs take nothing by

their claims. (See, Appendix "A").

**[B]  In The Alternative, Defendants Are Entitled To Summary Judgment Upon All Of The Plaintiffs' Claims Because The Summary Judgment Evidence Conclusively Demonstrates That Plaintiffs' Waived Any Right To Complain Of Defendants' Having Undertaken The Conduct Set Forth In Their Complaint And/Or Ratified Defendants' Authority To Undertake Such**

---

[1] Because Plaintiffs have alleged that Defendants Ken Plasterer and Nancy Jeanette Bailey are alter-egos of Los Campeones, Inc., the term "Defendants" shall hereinafter include Ken Plasterer, Nancy Jeanette Bailey and Los Campeones, Inc., Individually and dba Valley Inn & Country Club for the limited purpose of showing that any and all persons who are alleged to stand in the shoes of Los Campeones, Inc. are entitled to summary judgment for the same reasons that Los Campeones, Inc. is entitled to summary judgment. In so referring to themselves, however, Defendants do not in any manner acknowledge that they are or were at any material time the alter-egos of Los Campeones, Inc., or waive their right to assert that they were not.

4

**Conduct And/Or Are Estopped To Deny Same By Having Acquiesced In Same, By Having Paid The Fees And Dues In Question And Having Accepted The Services Provided In Return Therefor, And By Having Remained Silent For Many Years With Full Knowledge That Defendant Los Campeones Had Purchased The Country Club And A Controlling Interest In VIP fka VICC With The Intent And Purpose Of Exercising All Of The Authority And Undertaking All Of The Obligations Formerly Exercised And Undertaken By VIP fka VICC Pursuant To The Covenants And Restrictions Set Forth In Exhibit A-1.**

[4]    As is demonstrated more particularly in Appendix "B" hereto, it is undisputed that at all times material Plaintiffs were fully aware that Defendants had purchased the Country Club and a controlling interest in VIP fka VICC with the express intent of operating the subdivision and the Club through the exercise of the authority conferred by the subdivision restrictions and other documents permitting the exercise of such authority.  It is further undisputed that for many years Plaintiffs and their predecessors undertook no action whatsoever to challenge Defendants' right to exercise such authority as purchasers of the Country Club and as successors to VIP fka VICC, but, instead, acquiesced in the exercise of such authority by paying the fees and dues which were assessed and by accepting the services provided therefor and the use of the Country Club and Club facilities.  In so doing,  Plaintiffs waived and/or ratified, or are estopped to deny, that Defendants' authority to enforce the covenants and restrictions in question.  (See, Appendix "B").

[C]    **Defendants Are Also Entitled To Summary Judgment Upon All Of The Plaintiffs' Claims Because The Summary Judgment Evidence Conclusively Demonstrates That All Such Claims Are Barred By The Statutes Of Limitations Applicable Thereto:**

[6]    As is demonstrated more particularly in Appendix "C" hereto, the Plaintiffs acquired their property well before the limitations periods applicable to their claims,

5

and were fully aware of the restrictive covenants made the basis of this suit and the facts underlying their claims, but nevertheless paid maintenance and membership dues during the entire period in question. Because Plaintiffs' claims all accrued prior to the limitations periods which are applicable thereto, same are, as a matter of law, barred by the statutes of limitations applicable thereto. (See, Appendix "C").

### III.  GROUNDS FOR PARTIAL SUMMARY JUDGMENT UPON PARTICULAR CLAIMS:

**[D]**   **Defendants Are Entitled to Summary Judgment Upon Plaintiffs' Claims That Defendants Violated Their Civil Rights Contrary to 42 U.S.C. § 1983 (Complaint Paras. 132-136) On The Additional Ground That The Summary Judgment Evidence Conclusively Demonstrates That Defendants' Conduct Was Not Undertaken Under "Color of State Law" And That In Undertaking Same Defendants Were Not "State Actors" Within The Meaning Of 42 U.S.C. § 1983:**

[7]     As is demonstrated more particularly in Appendix "D" hereto, Defendants are entitled to Summary Judgment upon Plaintiffs' claim that Defendants deprived them of property interest and/or liberty interest under color of state law in violation of 42 U.S.C. § 1983 (Compliant paras. 132-136) because, as a matter of law, Defendants were not at any time material "state actors" acting under "color of state law." (See, Appendix "D").

**[E]**   **Defendants Are Entitled To Summary Judgment Upon All Of The Claims Asserted By Plaintiffs Robert Brooks, Walter Plitt, Ankjaer Jensen, Maria Ester Soto, Patricia Smith Willis, And Christopher L. Phillippe Because The Summary Judgment Evidence Conclusively Demonstrates That All Of The Claims Asserted By Such Plaintiffs Are Barred By The Doctrines Of *Res Judicata*, Collateral Estoppel And/Or Judicial Estoppel:**

[8]     As is more particularly demonstrated in Appendix "E" hereto, Defendants are entitled to summary judgment upon all claims asserted by Plaintiffs Robert Brooks, Walter Plitt, Ankjaer Jensen, Maria Ester Soto, Patricia Smith Willis, and Christopher L. Phillippe

because all such claims challenge Defendants' right to collect membership dues and maintenance fees pursuant to the restrictive covenants attached to Appendix "A" of this Motion as Exhibit A-1, because in the past, the same Plaintiffs have engaged in litigation with Defendants over the meaning of the said restrictive covenants, and because the Defendants' right to enforce same could have been, but was not, questioned or challenged by the said Plaintiffs in that litigation. Accordingly, the claims of the said Plaintiffs are as a matter of law barred under the doctrines of *res judicata*, collateral estoppel and/or judicial estoppel. (See, Appendix "E").

> **[F]   Defendant Nancy Jeanette Bailey Is Also Entitled To Summary Judgment That Plaintiffs Take Nothing By Their Claims That She Be Held Liable For The Conduct Of Los Campeones, Inc. As The Alter-Ego Of Los Campeones And Such Defendant As Well As Defendant Ken Plasterer Are Entitled To Summary Judgment That They Not Be Held Liable For Conspiring With Los Campeones, Inc. Or Among Themselves As Officers Of Los Campeones, Inc. Because The Summary Judgment Evidence Conclusively Demonstrates That Defendant Nancy Jeanette Bailey Was Not The Alter-Ego Of Los Campeones, Inc. And That Defendants Bailey And Plasterer, As Officers Of Los Campeones, Inc., Were Legally Incapable Of Conspiring With Each Or With Los Campeones, Inc. To Injure The Plaintiffs.**

[9]     As is more particularly demonstrated in Appendix "F" hereto, Defendant Nancy Jeanette Bailey is entitled to Summary Judgment upon Plaintiffs' claim that she should be held liable for the conduct of Los Campeones, Inc. as the alter-ego of that corporation, because the Summary Judgment evidence conclusively demonstrates that she has at no material time been a shareholder or director of the said corporation or that she has had a financial interest in or controlled the said corporation. Furthermore, both Nancy Jeanette Bailey and Defendant Ken Plasterer are entitled to Summary Judgment that they are not liable to Plaintiffs for having allegedly conspired with themselves and Los Campeones, Inc., as officers of Los Campeones, Inc., to injure the Plaintiffs, because such Defendants were legally incapable of conspiring with

7

each other and with Los Campeones, Inc. to harm the Plaintiffs. (See, Appendix "F").

## IV.   EVIDENCE INCORPORATED

In support of this Motion, Defendants have herein incorporated, as if fully copied and set forth verbatim, and ask the Court to consider, the Summary Judgment record as set forth in Fed. R. Civ. P. 56, (including, *inter alia*, Plaintiffs' live Complaint), the Appendixes and evidence attached hereto, all of which are incorporated herein as if fully copied and set forth verbatim in this Motion.

## V.  ORAL ARGUMENT REQUESTED

Pursuant to Local Rule 7.5.A, Defendants believe that Oral Argument will be helpful to the Court, and therefore request same.

## VI.  PRAYER

WHEREFORE, Defendants pray that this Motion be GRANTED, and that, pursuant thereto, they receive Summary Judgment that Plaintiffs take nothing by their claims herein; alternatively, Defendants pray that they receive partial Summary Judgment that Plaintiffs take nothing by those of their claims which are subject to summary disposition pursuant to this Motion. Defendants further pray that they recover their attorneys fees incurred in their defense of Plaintiffs' claims and in the preparation and prosecution of this Motion, and that they recover costs of Court and such other and further relief to which they may be entitled.

Respectfully submitted,

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

By: _____

Norton A. Colvin, Jr.
Federal Admissions No. 1941
State Bar No. 04632100
1201 East Van Buren
P. O. Box 2155
Brownsville, Texas  78522
Tel: (956) 542-7441
Fax: (956) 541-2170
ATTORNEYS FOR DEFENDANT
LOS CAMPEONES, INC.

LAW OFFICES OF ERNEST GAMEZ, JR., P.C.

By: _____

Ernesto Gamez, Jr.
Federal Admissions No. 8645
State Bar No. 07606600
777 E. Harrison
Brownsville, Texas  78520-7118
Tel: (956) 541-3820
Fax: (956) 541-7694
ATTORNEYS FOR DEFENDANT NANCY
JEANETTE BAILEY

9

RENTFRO, FAULK & BLAKEMORE, L.L.P.

By: _Dino Esparza_ with permission

William A. Faulk, Jr. · _Fed. No. 22703_
Federal Bar No. 5944
State Bar No. 06855000
Roman "Dino" Esparza
Federal Bar No. 22703
State Bar No. 00795337
185 E. Ruben M. Torres, Sr. Blvd.
Brownsville, Texas 78520-9136
Tel: (956) 541-9600
Fax: (956) 541-9695
ATTORNEYS FOR DEFENDANT
KEN PLASTERER

OF COUNSEL:

NORQUEST & BRISACK, L.L.P.

Neil E. Norquest
State Bar No. 15088500
Chris A. Brisack
State Bar No. 03008030
4900 North 10th Street, Bldg. A-2
McAllen, Texas 78504
Tel: (956) 682-3195
Fax: (956) 682-6693

## CERTIFICATE OF SERVICE

I certify that on _2nd_ day of April, 2001, a true and correct copy of the foregoing Defendants' Motion for Summary Judgment was mailed via Certified Mail, R.R.R., to:

Mr. Christopher Lee Phillippe
307-3 McFadden Dr.
Brownsville, Texas 78520

Norton A. Colvin, Jr.

# APPENDIX "A"

**Defendants Are Entitled to Summary Judgment Upon all of
the Plaintiffs' Claims Because The Summary Judgment
Evidence Conclusively Demonstrates That Defendant Los
Campeones Is The Lawful Successor To VIP fka VICC And Is
Lawfully Authorized To Exercise The Rights Complained Of,
That No Right Exercised By Defendants Belonged To
RGVICC, And That Defendants' Conduct Was Not
Undertaken Pursuant To Any Condominium Declaration Or
In Contravention Of The Texas Condominium Act Or The
Uniform Condominium Act:**

The Summary Judgment Evidence cited to in Plaintiffs' own Complaint and attached

hereto conclusively demonstrates that Defendant Los Campeones was the purchaser of the

Country Club and the lawful successor to Developer VIP fka VICC, and/or that such Defendant

was otherwise lawfully entitled to exercise all of the authority and to undertake all of the

activities which the Developer and the Country Club were authorized to exercise and undertake,

and to represent to Plaintiffs and others their authority and entitlement to do so.

[a]    **The Summary Judgment Evidence Conclusively Demonstrates That
Defendant Los Campeones is the Lawful Successor to VIP fka VICC and/or
was Otherwise Lawfully Entitled to Exercise all of the Authority Formerly
Exercised by VIP fka VICC Pursuant to the Covenants and Restrictions:**

The Summary Judgment evidence conclusively demonstrates -- indeed, it is

undisputed -- that Defendant Los Campeones not only purchased the Valley International

Country Club together with all of its related amenities and facilities and all of the Country Club

Estates property formerly held by the Developer thereof together with a controlling interest in the

Developer, but that it then commenced to act in place of the Developer as the owner of the

Development and of the Country Club. (Cf. Complaint, at paras. 29-34, 52, 56, 158; Motion

Exhibit A-7). In so doing, Los Campeones became vested with full authority to exercise all of

11

the powers which were originally vested in the former owner/developer, *including* the power to assess fees and enforce all of the covenants and restrictions governing such property. <u>Simms v. Lakewood Village Property Owners Association Inc.</u>, 895 S.W.2d 779, 785 (Tex.App.-- Corpus Christi 1995, no writ). <u>See, also,</u> <u>Inwood North Homeowners' Ass'n, Inc. v. Harris</u>, 736 S.W.2d 632, 635 (Tex. 1987); 5 R Powell, *The Law of Real Property* § 637 [2] at 60-46 (15 ed. 1986); *Restatement of Property* § 537 at 3224 (1944).

Attached hereto as Exhibit A-1 is a true and correct copy of the "Covenants and Restrictions of the Country Club Estates Sections 4, 5, 6, 7, 7A, 7B, 8, 8A, 8B, 9, 9A, 13 and 100" which is recorded at Volume 870 Page 140, *et. seq.* of the Cameron County Deed Records, and attached hereto as Exhibit A-2 is a true and correct copy of the document entitled Adoption of Restrictive Covenants which is recorded at Volume 61 Page 423 of the Cameron County Miscellaneous Deed Records. Such documents are vouched for and attached to Plaintiffs' Complaint as Exhibit Numbers 7 and 8 respectively. As the legal descriptions contained in Exhibits "A-1" "A-2" and Plaintiffs' Complaint demonstrate, the covenants and restrictions contained and referred to in Exhibits A-1 and A-2 govern all of the property at issue here, including all of the lots owned by Plaintiffs and all of the property acquired by Los Campeones, Inc. Such Exhibits further show that the original Owner, Developer, and Declarant of Country Club Estates was Valley Inn & Country Club, Inc.

It is further undisputed that Valley Inn & Country Club, Inc., (hereinafter "VICC") was incorporated as a for-profit corporation on February 15, 1965 to "deal in all kinds of real and personal property" (Cf. Exhibit A-3; Plaintiffs' Complaint Exhibit No.1), and thereafter amended its Articles of Incorporation on August 28, 1972 to change its name from Valley Inn & Country

12

Club, Inc. to Valley International Properties, Inc., (hereinafter "VIP fka VICC") (Cf. Exhibit A-4; Plaintiffs' Complaint Exhibit No. 2).

It is further undisputed that, commencing in 1969, VIP fka VICC began developing, purchasing and/or selling real property in the area known as Valley Inn & Country Club Estates. (See, Complaint para. 24), and that it later deeded the real property constituting the amenities and facilities of Valley Inn & Country Club to Los Conquistadores, Ltd., a partnership comprised of a general partner, Bill D. Bass, and a limited partner, Martin Harper subject to certain mortgages and security interests held by Brownsville Savings & Loan Association and subject to the covenants and restrictions set forth in Exhibit A-1. It is further undisputed, however, that on December 6, 1976, both VIP fka VICC and Los Conquistadores, Ltd. both filed for bankruptcy under Chapter 11. (See, Complaint para. 28).

The Summary Judgment evidence further demonstrates that while such bankruptcy proceeding was pending (to-wit, on March 18, 1977), the bankruptcy Judge in the said case -- Cause No. B-76-B-46 -- entered his Order Authorizing Execution of a Stipulation and Agreement by and between James T. Rash as receiver for VIP fka VICC and Brownsville Savings & Loan Association as secured creditor of VIP fka VICC, which not only recognized that Los Campeones, Inc., had operated the Valley International Country Club under contract with Brownsville Savings & Loan Association since January 20, 1977, but also provided that all revenues generated from "*any* income source and revenue bases at Valley International Country Club" *including* "dues paid by Country Club members ... at Valley International Country Club" were the property of VIP fka VICC and were therefore subject to being divided between VIP fka VICC Receiver James T. Rash and VIP fka VICC Creditor Brownsville Savings & Loan

13

Association -- *i.e.*, for the benefit of former Country Club owner VIP fka VICC and its creditors. True and correct certified copies of the said Order Authorizing Execution and of the said Stipulation and Agreement are attached hereto as Exhibit A-5.

It is further undisputed that on June 6, 1977 -- prior to the termination of the said bankruptcy proceeding -- Los Campeones, Inc. then *purchased* the Country Club and all of its amenities and facilities, together with all Country Club Estates property formerly belonging to VIP fka VICC (including whatever interest VIP fka VICC had formerly owned in that property which had been "set aside" in Exhibit A-1 for use as roads, drives, alleys, parks, playgrounds, easements and common areas) at a foreclosure sale authorized by the Chapter 11 Bankruptcy proceedings upon Brownsville Savings & Loan Association's foreclosure of its above-referenced mortgages and security interests. (See, Complaint, at para. 29; Exhibit A-6; and Exhibit A-1, p. 3, p. 18, para. 2). Attached hereto as Exhibit A-6 are true and correct certified copies of the Trustee's Deeds whereby Los Campeones, Inc., acquired all of the said Country Club Estates property of VIP fka VICC, including the Country Club and all of the amenities thereto.

It is further undisputed that Los Campeones also purchased a controlling interest in VIP fka VICC by purchasing 51% of the outstanding shares of stock in that Corporation. (See, Plaintiffs' Complaint, para. 29). It is further undisputed that, pursuant to such purchases, Los Campeones, Inc., acquired the Country Club together with all of its amenities and facilities and all of the Country Club Estates real property formerly belonging to VIP fka VICC as well as 51% of the outstanding shares of the stock in VIP fka VICC. (See, Plaintiffs' Complaint, para. 29).

The Summary Judgment evidence further demonstrates that, upon acquiring all such property and a controlling interest in VIP fka VICC, Los Campeones, Inc., filed an Assumed

14

Name Certificate and commenced doing business as Valley Inn & Country Club and, as Owner of the Country Club property and facilities and of all Country Club Estates property formerly owned by VIP fka VICC and Los Conquistadores, Ltd., thereafter conducted itself in accordance with the covenants and restrictions governing its ownership of the said Country Club, amenities and other property. (Cf. Complaint para. 30; Complaint Exhibit 23; and Motion Exhibit A-7, consisting of the Affidavit of Ken Plasterer, President of Los Campeones, Inc.).

Specifically, the Summary Judgment evidence demonstrates that Los Campeones, Inc., maintained all Country Club Estates streets and common areas pursuant to the duties imposed upon it by the covenants and restrictions to which its ownership of such property was subject (see, Exhibit A-1, p. 1, p. 3, p. 4 paras. 2 and 3, p. 16. para. 2, Exhibit A-7),[2] and continued to maintain, operate and permit access to and use of the Country Club and attendant facilities in accordance with those covenants and restrictions to which its ownership of such property was subject. (See, Exhibit A-1, p. 1, p. 3, Exhibit A-7). In return, Los Campeones continued to charge the maintenance fees and Country Club dues for whose payment the said covenants and restrictions provided, in return for the use and benefit thereof by all Country Club Estates lot

---

[2] Indeed, it is *undisputed* that Los Campeones undertook and has continued to perform the maintenance and other activities required of it by the covenants, as is seen in the Plaintiffs' own allegations that, *e.g.*, Defendants ... have not "*properly/adequately*" maintained the private [subdivision] roads (Petition, para. 158) that "*improper*" re-surfacing [by Defendants] has caused flood and damage to various property owners (id.); that other facilities have not been "*adequately*" maintained, (id.); and that Defendants "permitted" dumping of waste in the subdivision's resacas. (Complaint para. 159). While allegations such as these undoubtedly constitute assertions that Los Campeones did a poor job of undertaking the duties imposed upon it by the covenants, they also clearly constitute admissions that Los Campeones, Inc., did indeed undertake to perform such functions. General Electric Supply Co. a division of General Electric Co. v. Gulf Electroquip, Inc., 857 S.W.2d 591, 600 (Tex.App.--Houston [1st Dist.] 1993, writ den'd) (admission precludes making contrary subsidiary contention); Houston First American Savings v. Musick, 650 S.W.2d 764 (Tex. 1983) (assertions of fact in live pleadings not pled in the alternative are formal judicial admissions).

owners. (See, Exhibit A-1, p. 3, p. 4, paras. 2 and 3, p. 12, para. 3, p. 13, para. 1, p. 15, para. 5, Exhibit A-7).

It is further undisputed that, upon acquiring the Valley Inn & Country Club and all Country Club Estates property formerly owned by VIP fka VICC, Los Campeones not only placed all Country Club Estates lot owners on notice that it had purchased such property and facilities, but also placed them on notice that it was going to continue to manage and operate the Country Club and maintain the common areas of Country Club Estates to the same extent and in the place and stead of former owner/developer VIP fka VICC. (Cf. Complaint para. 40a and b; Exhibit A-7). As Exhibit A-7 further demonstrates, no lot owner or group of lot owners questioned, contested or in any manner challenged Los Campeones' authority to enforce the covenants and restrictions in the manner complained of here in the intervening years between Los Campeones' purchase of the property in 1977 and the filing of the instant lawsuit. (See, Exhibit A-7).

It is therefore highly significant that the covenants and restrictions contained in Exhibit A-1 not only designated VICC fka VIP as the project's Developer and Owner with the right and obligation to undertake the activities complained of in this lawsuit, but also stated that, for purposes of undertaking such activities (*i.e.*, of enforcing the covenants and restrictions), the term "Developer" would also include VICC's "successors and assigns," (see, Exhibit A-1, at p. 3), and that instead of terminating upon the insolvency of the Owner/Developer or upon its sale or transfer of its Country Club and Country Club Estates properties, such covenants and restrictions were to "constitute covenants running with the land" (Exhibit A-1, at p. 2), and were to continue to remain in full force and effect for a fixed period of time and thereafter be automatically

16

extended. (Exhibit A-1 paras. 1 and 2, pp. 16 and 17).

In this connection, it is also well-settled that covenants which permit a Developer and its successors to collect maintenance fees and to place and foreclose liens upon subdivision lots to enforce same constitute covenants "running with the land." See, Inwood North Homeowners' Ass'n. v. Harris, 736 S.W.2d 632, 635 (Tex. 1987) ("[a] covenant to pay maintenance assessments for the purpose of repairing and improving the common areas and recreational facilities of [a subdivision] touches and concerns the land"); 5 R. Powell, *The Law of Real Property* § 673 [2] at 60-46 (15 ed 1986) (a covenant to pay for the maintenance of subdivision facilities both benefits and burdens the property of each individual landowner; thus, it runs with the land); see, also, *Restatement of Property* § 537 at 3224 (1944). A Declaration of Covenants which, as here, evidences the intent of the original parties that covenants such as those providing for the collection and enforcement of maintenance fees run with the land specifically bind not only the parties, but also their successors and assigns. See, Inwood North Homeowners Ass'n v. Harris, 736 S.W.2d at 635. Where, as here, the property in question (both that of the lot owners and that originally belonging to the Developer) has been conveyed in a succession of fee simple estates, the requirement of privity is satisfied, and same constitute covenants running with the land which both benefit and burden, and are binding upon, all such successors in title. Inwood North Homeowners Ass'n v. Harris, 736 S.W.2d at 635; Westland Oil Development Corp. v. Gulf Oil Corp., 637 S.W.2d 903, 910-11 (Tex. 1982).

It is further well-settled that, pursuant to TEX. PROP. CODE Ann. § 202.003, subdivision restrictions which permit the collection of maintenance fees and the placing and foreclosure of liens to secure same must be liberally construed to give effect to their intent and

17

purposes. See, Boudreaux Civic Association v. Cox, 882 S.W.2d 543, 547 (Tex.App--Houston [1st Dist.] 1994, no writ).

The Summary Judgment evidence here conclusively demonstrates that, when Los Campeones, Inc. purchased the Country Club and attendant facilities and all other Country Club Estates property formerly belonging to VIP fka VICC and Los Conquistadores, Ltd., it was vested by the covenants and restrictions governing such property with both the right and the duty to provide the services and to charge the fees incident to such ownership; that even prior to purchasing such property Los Campeones was vested with such authority by an agreement with Brownsville Savings & Loan Association which had been approved and recognized by Order of the Bankruptcy Court; that upon purchasing such property and a controlling interest in VIP fka VICC Los Campeones actually undertook the tasks and responsibilities called for in Exhibit A-1 in place and stead of VIP fka VICC; that it notified all Country Club Estates lot owners that it had purchased all such property and then acted in the place and stead of VIP fka VICC; and that no Country Club Estates lot owner ever challenged its authority to do so for a period extending from 1977 until the filing of this lawsuit.

The Summary Judgment evidence therefore conclusively demonstrates that Los Campeones is the lawful successor to VIP fka VICC and was and is lawfully entitled to exercise all of the authority formerly exercised by VIP fka VICC under the said covenants and restrictions. See, Simms v. Lakewood Village Property Owners Association, 895 S.W.2d at 785 (where Bank foreclosed upon subdivision property owned by original Developer and transferred ownership and management of common areas to Homeowners' Association, Association became Developer's successor with the right to enforce subdivision covenants and restrictions, including

18

right to fix assessments and enforce same through the placing and foreclosure of liens upon

individual subdivision lots).

> **[b]**   **The Summary Judgment Evidence Further Conclusively Demonstrates That RGVICC Did Not Own the Right to Undertake Any of the Activities Complained of in Plaintiffs' Complaint:**

In addition, the Summary Judgment evidence demonstrates that RGVICC did not

own the right to enforce any of the covenants and restrictions, assess any of the dues and fees,

and/or place or foreclose liens upon any of the property in question.  (Cf. Compliant, at para. 41;

above-referenced provisions of Exhibit Number A-1).  This is so for several reasons, to-wit:

*First*, RGVICC was never given such right: as the covenants and restrictions contained in

Exhibit Number A-1 demonstrate, the Developer (VIP fka VICC) -- not RGVICC -- was granted

the sole right to "levy, collect, expend and have charge of the maintenance charge provided for"

and was further granted an express lien against each subdivision lot to secure *all* obligations by

the lot owners.  (See, Exhibit Number A-1, at pp. 4, 13).  Furthermore, the lien given by the

covenants and restrictions to enforce the payment of Club dues (at Exhibit Number A-1, at p. 13)

was, specifically and only, given to the Club itself -- *not* "The Corporation" (RGVICC) -- and

was therefore the right of the Club's owners -- not its Operator.  Id.  This fact was and is

confirmed in the  Bankruptcy Court's implicit recognition that the Country Club dues were the

property of VIP fka VICC -- not RGVICC -- through its approval of the Stipulation and

Agreement providing for the division of same between VIP fka VICC Receiver Rash and VIP fka

VICC Creditor Brownsville Savings & Loan Association and its recognition that those parties --

not RGVICC -- had a right to collect same for the benefit of VIP fka VICC and its creditors.

(See, Exhibit A-5).  As owner of the Country Club and of a controlling interest in VIP fka VICC,

Los Campeones succeeded to VIP fka VICC's interest in and right to collect any and all such amounts.

*Second*, neither did RGVICC ever *exercise* any such authority.  Specifically, RGVICC never undertook to assess or collect Country Club dues or fees, and its functions had been completely eliminated by 1978. (See, Affidavit of former RGVICC Board member Jim Sheets which is attached hereto as Exhibit A-8, and Affidavit of former RGVICC Board member Harry Richardson, which is attached hereto as Exhibit A-9).  Accordingly, even if RGVICC had been delegated the authority to collect such dues (which it was not) same would have in any event reverted to VIP fka VICC, its successors and assigns upon RGVICC's failure to exercise same and/or upon the total elimination of its functions in 1978.  Cf. Boudreaux Civic Association v. Cox, 882 S.W.2d 543, 547-548 (Tex.App.--Houston [1st Dist.] 1994, no writ); Wotola Royalty Corp. v. Bethlehem Supply Co., 152 S.W.2d 480, 485 (Tex.Civ.App.-- Amarillo 1941, aff'd, 165 S.W.2d 443 (Tex. 1942).

Accordingly, Plaintiffs' assertion that Los Campeones was not also a "successor" to RGVICC is immaterial, even nonsensical, in light of the facts that (a) the Corporation thus created was never given the authority to do what has been complained of here, and that (b) whatever authority RGVICC *was* contractually assigned or delegated by the covenants and restrictions would have reverted to VIP fka VICC  and *its* successors upon RGVICC's failure to exercise same or when RGVICC's functions were completely eliminated (see, Exhibits A-8 and A-9).  Defendants are accordingly entitled to Summary Judgment that Plaintiffs take nothing by their claims.

**[c]     The Summary Judgment Further Conclusively Demonstrates That The**

20

**Complained-Of Conduct Was Undertaken By Authority Of The Above-Referenced Covenants And Restrictions, And Not Pursuant To Any Condominium Declaration and/or Pursuant To Or In Contravention of the Texas Condominium Act or the Uniform Condominium Act:**

In addition, the summary judgment evidence further demonstrates that the complained-of activities were undertaken by Defendants pursuant to and by authority of the above-referenced covenants and restrictions, and not pursuant to or to enforce any condominium declaration. As the Condominium Declarations attached to Plaintiffs' own Complaint conclusively demonstrate, same confer no independent authority upon the Developer or any other person or entity to undertake the kinds of tasks which are complained of by Plaintiffs, but, instead, refer to the covenants and restrictions contained in Exhibit A-1 where they refer to the exercise of any such authority. (Cf. Plaintiffs' Exhibits Nos. 9-18; Motion Exhibit A-1). It is therefore the covenants and restrictions contained in Exhibit A-1 -- not the Condominium Declarations and Regimes contained in Complaint Exhibits 9-18 -- which authorize and require the owner/developer and its successors and assigns to undertake the tasks which have been complained of in this case.

Defendants are accordingly entitled to summary judgment that Plaintiffs take nothing by each of their claims.

### APPENDIX "B"

**In The Alternative, Defendants Are Entitled To Summary Judgment Upon All Of The Plaintiffs' Claims Because The Summary Judgment Evidence Conclusively Demonstrates That Plaintiffs' Waived Any Right To Complain Of Defendants' Having Undertaken The Conduct Set Forth In Their Complaint And/Or Ratified Defendants' Right To Under Such Conduct And/Or Are Estopped To Deny Same By Having Acquiesced In Same, By Having Paid The Fees And Dues In Question And**

**Having Accepted The Services Provided In Return Therefor, And By Having Remained Silent For Many Years With Full Knowledge That Defendant Los Campeones Had Purchased The Country Club And A Controlling Interest In VIP fka VICC With The Intent And Purpose Of Exercising All Of The Rights And Undertaking All Of The Obligations Formerly Exercised And Undertaken By VIP fka VICC Pursuant To The Covenants And Restrictions Set Forth In Exhibit A-1.**

[1]     <u>Waiver/Ratification</u>:

It is undisputed that the Plaintiffs have owned their respective Valley Inn & Country Club properties for periods of time ranging from one to thirty-two years (<u>see</u>, Complaint, at paras. 98a-131b); and that, upon purchasing their respective properties the Plaintiffs were as a matter of law charged with notice of the covenants and restrictions with which such properties were burdened (<u>see</u>, <u>Musgrave v. Brookhaven Lake Property Owners Association</u>, 990 S.W.2d 386, 396 (Tex.App.-- Texarkana 1999, writ den'd).  Furthermore, the Summary Judgment evidence demonstrates that in the intervening time between 1977 and the filing of the instant lawsuit, Plaintiffs and/or their predecessors in title have been repeatedly notified that the Los Campeones had purchased all of the property in question and was acting in place and stead of VIP fka VICC under the covenants and restrictions (<u>see</u>, Complaint Exhibit para. 4a and b; Motion Exhibit A-7), and have nevertheless paid such dues and fees and otherwise acquiesced in the exercise of such authority by remaining silent and, indeed, by affirmatively acknowledging Los Campeones to have full authority to undertake the tasks complained of herein (<u>see</u>, <i>e.g.</i>, Exhibit A-7-c).  In so doing, Plaintiffs waived their right to complain of the Defendants' having exercised such rights, and/or ratified such exercise.  <u>See</u>, <u>Simms v. Lakewood Village Property Owners Association</u>, 895 S.W.2d at 785 ("the facts as set

22

forth ... show that the appellants either participated in or acquiesced in the Board's vote to accept

the management and ownership of the common areas.... Ratification occurs when a party

recognizes the validity of the contract by acting under it or affirmatively acknowledging it

[citations omitted]. Thus, those appellants who ... accept[ed] the Board's actions in managing

the common areas or [paid] assessments fixed by the Board for approximately two years

impliedly recognized, acknowledged and ratified the Board's authority to accept the management

and ownership of the common areas." Id., at 784-785).

### [2]   **<u>Estoppel</u>:**

Plaintiffs are also estopped to deny Los Campeones, Inc.'s right to enforce

the covenants and restrictions because they have at all times material taken advantage of and

made use of the Country Club facilities and other property owned by Los Campeones, and have

thereby caused Los Campeones to rely upon the fact that it has had a corresponding right to

enforce the covenants and restrictions by charging the maintenance fees and dues necessary to its

operation and maintenance of such property.  Plaintiffs cannot have it both ways: they cannot on

the one hand claim that the Country Club property and the common and other areas now owned

by Los Campeones are *burdened* by covenants and restrictions permitting their use thereof, while

simultaneously denying Los Campeones the right to enforce those selfsame covenants and

restrictions by levying and collecting the maintenance fees called for therein.  Similarly, they

cannot claim a right to use the Country Club facilities and amenities owned by Los Campeones

while denying Los Campeones the right to assess Country Club dues and fees for their use.  By

insisting upon their right to the use of the said property pursuant to the covenants and restrictions,

the Plaintiffs are equitably estopped to deny Los Campeones' concomitant right to enforce the

23

covenants and restrictions as owner of the said property.  Gutierrez v. Rodriguez, 30 S.W.3d 558,

561 (Tex.App.--Texarkana 2000, no pet.); Oldfield v. City of Houston, 15 S.W.3d 219, 229

(Tex.App.--Houston [14th Dist.] 2000, pet. den'd); Ball v. Farm & Home Savings Ass'n, 747

S.W.2d 420, 425 (Tex.App.--Fort Worth 1988, writ den'd).

For each of the foregoing reasons Defendants are entitled to Summary Judgment that

Plaintiffs take nothing by their claims.

## APPENDIX "C"

**Defendants Are Also Entitled To Summary Judgment Upon
All Of The Plaintiffs' Claims Because The Summary Judgment
Evidence Conclusively Demonstrates That All Such Claims Are
Barred By The Statutes Of Limitations Applicable Thereto:**

It is undisputed that most of the Plaintiffs acquired their property many years prior to the

filing of the instant lawsuit (see, Complaint paras. 98a-131b).  All property owners had been

notified in 1977 that Los Campeones' acquisition of the property would be, if it occurred,

through foreclosure. (See, Exhibit A-7).  All such property owners were thereafter regularly

informed that Los Campeones was maintaining and managing the property and assessing

maintenance fees and Country Club dues for the maintenance and use thereof.  (Cf. Exhibit A-7;

Complaint Exhibits 29-49).  Plaintiffs acquired their property subject to the covenants and

restrictions whose enforcement they are now complaining of, and have therefore since the

purchase of their property been charged with knowledge of the existence and content of those

covenants and restrictions.  Musgrave v. Brookhaven Lake Owners Association, 990 S.W.2d

386, 396 (Tex.App.--Texarkana 1999, writ den'd).  Plaintiffs have therefore been, at all times

material, on notice that Los Campeones was maintaining and managing the said property and

24

enforcing the covenants and restrictions applicable thereto as the rightful owner thereof and as successor-in-title to former owner VIP fka VICC. Plaintiffs and/or their predecessors have therefore, for a period far longer than four years, been fully aware of all facts underlying the claims which they have asserted herein.

### [1] Plaintiffs' RICO Claims Are Barred By Limitations:

Specifically, civil RICO actions are governed by the four year statute of limitations, which commences to run when a Plaintiff discovers or should have discovered his injury. Love v. National Medical Enterprises, 230 F.3d 765, 663 (5th Cir. 2000); Klehr v. A.O. Smith Corp., 521 U.S. 179 (1997). Because the summary judgment evidence conclusively demonstrates that each of the Plaintiffs discovered or should have discovered his/her alleged "injury" long prior to the expiration of the four year statute of limitations applicable to civil RICO claims, all such claims are barred by the said statute of limitations, and Defendants are entitled to summary judgment that Plaintiffs take nothing by them.

### [2] Plaintiffs' 42 U.S.C. § 1983 Claims Are Barred By Limitations:

State law determines the limitations period in a § 1983 action, such that Texas applies a two year limitations period. Ali v. Higgs, 892 F.2d 438, 439 (5th Cir. 1990). Likewise, the State's rules for tolling the statute are borrowed as well. Wagner v. Texas A & M University, 939 F.Supp. 1297 (S.D. Tex. 1996); Gartrell v. Gaylor, 866 F.Supp. 325 (S.D. Tex.), aff'd, 66 F.3d 322 (1994); White v. Cole, 880 S.W.2d 292 (Tex.App.--Beaumont 1994, writ den'd). For the same reason that Plaintiffs' RICO claims are barred by the four year statute applicable thereto, Plaintiffs 42 U.S.C. § 1983 claims are barred by the two year statute applicable thereto.

**[3]** **Plaintiffs' Common Law Fraud Claims Are Barred By Limitations**:

Likewise, the statute of limitations for fraud claims is four years, TEX. CIV. PRAC. & REM. CODE § 16.004 (Vernon Supp. 2001), and accrues when the Plaintiff knew or should have known, in the exercise of reasonable diligence, of the facts giving rise to the fraud cause of action. Murphy v. Campbell, 964 S.W.2d 265, 270 (Tex. 1997). Since, as with Plaintiffs' RICO and § 1983 claims, the summary judgment evidence conclusively demonstrates that each of the Plaintiffs discovered or should have discovered his/her alleged "injury" long prior to the expiration of the four year statute of limitations applicable to civil fraud claims, all such claims are barred by the said statute of limitations, and Defendants are entitled to summary judgment that Plaintiffs take nothing by them.

## APPENDIX "D"

**Defendants Are Entitled to Summary Judgment Upon Plaintiffs' Claims That Defendants Violated Their Civil Rights Contrary to 42 U.S.C. § 1983 (Complaint Paras. 132-136) On The Additional Ground That The Summary Judgment Evidence Conclusively Demonstrates That Defendants' Conduct Was Not Undertaken Under "Color of State Law" And That In Undertaking Same Defendants Were Not "State Actors" Within The Meaning Of 42 U.S.C. § 1983:**

In their Complaint, Plaintiffs allege that they have been deprived of property interests and/or liberty interests under color of statute, ordinance regulation or usage. Even if Plaintiffs were able to prove such allegations (which they are not), Defendants are entitled to Summary Judgment that Plaintiffs take nothing by such claims because, as Plaintiffs' own Complaint and the summary judgment evidence conclusively demonstrates, Defendants were not at any material time acting under "color of state law" or as "state actors" within the meaning of § 1983.

26

In this connection, it is seen that the "color of state law" requirement of § 1983 requires proof that "(1) the deprivation is caused by the exercise of a state-created right or privilege, by a state-imposed rule of conduct, or by a person for whom the state is responsible, *and* (2) that the party charged with the deprivation may be fairly described as a state actor. Lugar v. Edmondson Oil Co., 457 U.S. 922, 937, 102 S.Ct. 2744, 2753, 73 L.Ed.2d 482 (1982); Landry v. A-Able Bonding, Inc., 75 F.3d 200, 203-204 (5th Cir. 1996). Not only must the complained-of conduct be undertaken pursuant to a state-created right or privilege or a state-imposed rule of conduct, but the party undertaking such conduct must be so connected with the state that his actions are deemed to be those *of* the state. Landry, supra, at 203-204 (bail bondsmen who arrested criminal fugitive under statutory grant of authority was not "state actor" even though he acted pursuant to state statutory authority in depriving the plaintiff of his liberty. Id.., at pp. 204-205).

In the instant case the Plaintiffs' own Complaint alleges that Defendants acted in their own behalf rather than on behalf of the State or one of its political subdivisions in undertaking the complained of conduct (see, Complaint paras. 34-42, 52-56, 62-65, 95-97), and the undisputed summary judgment evidence confirms this fact. Cf. Exhibit Number A-1, at p. 2, para. 3 ("such covenants and restrictions shall ... be ... for the benefit of *Developer*, the corporation, the Country Club, and all persons acquiring and owning property within the said subdivision ...") and p. 18, para. 1 ("these restrictions may be enforced by ... the *Developer*, the corporation, the Country Club, or by any of the lot owners ....") (emphasis supplied). Defendants are accordingly entitled to Summary Judgment that Plaintiffs' take nothing by their claims under 42 U.S.C. § 1983.

**APPENDIX "E"**

27

**Defendants Are Entitled To Summary Judgment Upon All Of The Claims Asserted By Plaintiffs Robert Brooks, Walter Plitt, Ankjaer Jensen, Maria Ester Soto, Patricia Smith Willis, And Christopher L. Phillippe Because The Summary Judgment Evidence Conclusively Demonstrates That All Of The Claims Asserted By Such Plaintiffs Are Barred By The Doctrines Of *Res Judicata*, Collateral Estoppel And/Or Judicial Estoppel:**

[1]     Within the general doctrine of *res judicata*, there are two principal categories: "(1) claim preclusion (also known as *res judicata*); and (2) issue preclusion (also known as collateral estoppel). *Res judicata* prevents the re-litigation of a claim or cause of action that has been fully adjudicated, as well as related matters that with the use of diligence, should have been litigated in the prior lawsuit. Collateral estoppel prevents re-litigation of particular issues already resolved in a prior suit." Barr v. Resolution Trust Corp. ex rel. Sunbelt Federal Sav., 837 S.W.2d 627, 628 (Tex. 1992). Defendants assert that Plaintiff' Complaint involves related matters which should have been litigated in the prior lawsuits. "The scope of *res judicata* is not limited to the matter actually litigated; the judgment in the first suit precludes a second action by the parties and their privies not only on matters actually litigated, but also on causes of action or defenses which arise out of the same subject matter and which might have been litigated in the first suit." Id., at 630. Therefore certain Plaintiffs' claims are barred under the doctrine of *res judicata* and collateral estoppel, because the validity of the Restrictive Covenants with regard to dues and maintenance fees has already been litigated.

[2]     Judicial Estoppel is a common law doctrine by which a party who has assumed a position in a legal proceeding may be estopped from taking a contrary or inconsistent position in a subsequent proceeding. The purpose of the doctrine is to protect the integrity of the judicial process by preventing parties from playing fast and loose with the Courts to suit the exigencies of

28

self interest.  In re Coastal Plains, Inc., 179 F.3d 197 (5th Cir. 1999), Andrews v. Diamond, Rash,

Leslie & Smith, 959 S.W.2d 646 (Tex.App.--El Paso 1997, writ den'd).  Certain Plaintiffs have

taken positions contrary or inconsistent from positions taken in prior judicial proceedings; for

instance, failing to disclose all potential causes of action in a bankruptcy proceeding, agreeing to

pay dues and fees, and recognizing the validity of the Restrictive Covenants by having them

interpreted through a declaratory judgment action against this same Defendant Los Campeones,

Inc.  Accordingly, these acts should preclude Plaintiff from urging their Complaint before this

Court.

[3]      The Plaintiff are estopped from proceeding with this Complaint under the

Doctrine of *Res Judicata*, Collateral Estoppel and/or Judicial Estoppel as follows:

a.      Plaintiffs, Walter Plitt, Robert Brooks and Ankjaer Jensen, Petitioned the

197th District Court in Cameron County, Texas, to interpret the Restrictive Covenants made the

basis of this lawsuit.  Plaintiffs sought to obtain the consent of a sufficient number of property

owners to terminate, modify or revise the restrictive covenants, however requested that the Court

interpret the process for counting votes required to achieve such an objective.  This suit was

against Los Campeones, Inc., who Plaintiffs now claim had no authority to collect dues and

maintenance fees.  The Court found that the Restrictive Covenants were not ambiguous with

regard to voting rights.  Upon information and belief, Plaintiffs could not acquire sufficient votes

to modify the restrictive covenants, hence the RICO claim filed before this Court.  Plaintiffs have

recognized Los Campeones, Inc., as a successor in interest, and further, have used the judicial

process to enforce the restrictive covenants.  Now Plaintiffs allege a contrary position and should

be estopped under the Doctrines of *Res Judicata* and Collateral estoppel, since this is a matter

29

Patricia Smith Willis and Christopher L. Phillippe are barred by the doctrines of *res judicata*,

collateral estoppel and/or judicial estoppel, Defendants are entitled to summary judgment that the

said Plaintiffs take nothing by the said claims.

APPENDIX "F"

**Defendant Nancy Jeanette Bailey Is Also Entitled To Summary Judgment That Plaintiffs Take Nothing By Their Claims That She Be Held Liable For The Conduct Of Los Campeones, Inc. As The Alter-Ego Of Los Campeones And Such Defendant As Well As Defendant Ken Plasterer Are Entitled To Summary Judgment That They Not Be Held Liable For Conspiring With Los Campeones, Inc. Or Among Themselves As Officers Of Los Campeones, Inc. Because The Summary Judgment Evidence Conclusively Demonstrates That Defendant Nancy Jeanette Bailey Was Not The Alter-Ego Of Los Campeones, Inc. And That Defendants Bailey And Plasterer, As Officers Of Los Campeones, Inc., Were Legally Incapable Of Conspiring With Each Or With Los Campeones, Inc. To Injure The Plaintiffs.**

As Exhibit A-7 demonstrates, Nancy Jeanette Bailey has never owned, and does not now

own, any interest in Los Campeones, Inc. and has never been a shareholder of that corporation.

Accordingly, she has no financial interest, ownership or control over the corporation necessary to

make her an alter-ego thereof.  See, Stewart & Stevenson Services, Inc. v. Serv-Tech, Inc., 879

S.W.2d 89, 108 (Tex.App.--Houston [14th Dist.] 1994, writ den'd); Lucas v. Texas Industries,

Inc., 696 S.W.2d 372, 374 (Tex. 1984) (in order to pierce the corporate veil on "alter-ego" basis,

financial interest, ownership and control over the corporation must be shown by the charged

individual or entity).  In the instant case, Plaintiffs pled precisely and only that Defendant Nancy

Jeanette Bailey is the alter-ego of Los Campeones (see, *e.g.*, Complaint para. 41).  Defendant

Nancy Jeanette Bailey is therefore entitled to Summary Judgment that Plaintiffs take nothing by

31

self interest. <u>In re Coastal Plains, Inc.</u>, 179 F.3d 197 (5th Cir. 1999), <u>Andrews v. Diamond, Rash,</u>
<u>Leslie & Smith</u>, 959 S.W.2d 646 (Tex.App.--El Paso 1997, writ den'd).  Certain Plaintiffs have

taken positions contrary or inconsistent from positions taken in prior judicial proceedings; for

instance, failing to disclose all potential causes of action in a bankruptcy proceeding, agreeing to

pay dues and fees, and recognizing the validity of the Restrictive Covenants by having them

interpreted through a declaratory judgment action against this same Defendant Los Campeones,

Inc.  Accordingly, these acts should preclude Plaintiff from urging their Complaint before this

Court.

[3]     The Plaintiff are estopped from proceeding with this Complaint under the

Doctrine of *Res Judicata*, Collateral Estoppel and/or Judicial Estoppel as follows:

a.     Plaintiffs, Walter Plitt, Robert Brooks and Ankjaer Jensen, Petitioned the

197th District Court in Cameron County, Texas, to interpret the Restrictive Covenants made the

basis of this lawsuit.  Plaintiffs sought to obtain the consent of a sufficient number of property

owners to terminate, modify or revise the restrictive covenants, however requested that the Court

interpret the process for counting votes required to achieve such an objective.  This suit was

against Los Campeones, Inc., who Plaintiffs now claim had no authority to collect dues and

maintenance fees.  The Court found that the Restrictive Covenants were not ambiguous with

regard to voting rights.  Upon information and belief, Plaintiffs could not acquire sufficient votes

to modify the restrictive covenants, hence the RICO claim filed before this Court.  Plaintiffs have

recognized Los Campeones, Inc., as a successor in interest, and further, have used the judicial

process to enforce the restrictive covenants.  Now Plaintiffs allege a contrary position and should

be estopped under the Doctrines of *Res Judicata* and Collateral estoppel, since this is a matter

29

which should have been litigated in the prior law suit and relates to the same issue, regarding the

enforceabilty of these restrictive covenants. Attached and Incorporated herein as Exhibit "E-1" is

Plaintiffs' Original Petition for Declaratory Judgment and a Final Summary Judgment.

      b.     Plaintiffs, Maria Ester Soto and Patricia Smith Willis, were sued by Los

Campeones in the 107th District Court for failure to pay dues and maintenance fees under the

same restrictive covenants made the basis of this lawsuit. It is at that time Plaintiffs should have

urged any cause of action it may have had against Los Campeones, Inc. Pursuant to an Agreed

Judgment, Plaintiff Soto, agreed to pay the dues and maintenance fees owed under the restrictive

covenants. Plaintiff Willis had a Summary Judgment rendered against her. Accordingly,

Plaintiffs are barred from pursuing this matter under the Doctrine of *Res Judicata*, Collateral

Estoppel and/or judicial estoppel. Attached and incorporated herein is Exhibit "E-2" is an

Original Petition, an Obligation Letter and an Agreed Judgment pertaining to Plaintiff Soto as

well as an Original Petition and Summary Judgment with regard to Plaintiff Willis.

      c.     Plaintiff, Christopher L. Phillippe, filed for bankruptcy in the United

States Bankruptcy Court Southern District of Texas on June 1, 2000. Five months later, Plaintiff

filed this elaborate Complaint in Federal Court alleging several complex causes of action.

Plaintiff is the attorney of record for the Complaint filed in this Court and further, has experience

in the practice of bankruptcy. Plaintiff failed to disclose the causes of action against Defendant

alleged in his Complaint on his bankruptcy disclosure form. Accordingly, Plaintiff is estopped

from proceeding in this matter under the doctrine of judicial estoppel. Attached and incorporated

herein is Exhibit "E-3" is the bankruptcy petition and relevant documents.

Because the claims of Plaintiffs Robert Brooks, Walter Plitt, Ankjaer Jensen, Maria Ester Soto,

Patricia Smith Willis and Christopher L. Phillippe are barred by the doctrines of *res judicata*,

collateral estoppel and/or judicial estoppel, Defendants are entitled to summary judgment that the

said Plaintiffs take nothing by the said claims.

### APPENDIX "F"

**Defendant Nancy Jeanette Bailey Is Also Entitled To Summary Judgment That Plaintiffs Take Nothing By Their Claims That She Be Held Liable For The Conduct Of Los Campeones, Inc. As The Alter-Ego Of Los Campeones And Such Defendant As Well As Defendant Ken Plasterer Are Entitled To Summary Judgment That They Not Be Held Liable For Conspiring With Los Campeones, Inc. Or Among Themselves As Officers Of Los Campeones, Inc. Because The Summary Judgment Evidence Conclusively Demonstrates That Defendant Nancy Jeanette Bailey Was Not The Alter-Ego Of Los Campeones, Inc. And That Defendants Bailey And Plasterer, As Officers Of Los Campeones, Inc., Were Legally Incapable Of Conspiring With Each Or With Los Campeones, Inc. To Injure The Plaintiffs.**

As Exhibit A-7 demonstrates, Nancy Jeanette Bailey has never owned, and does not now

own, any interest in Los Campeones, Inc. and has never been a shareholder of that corporation.

Accordingly, she has no financial interest, ownership or control over the corporation necessary to

make her an alter-ego thereof. See, Stewart & Stevenson Services, Inc. v. Serv-Tech, Inc., 879

S.W.2d 89, 108 (Tex.App.--Houston [14th Dist.] 1994, writ den'd); Lucas v. Texas Industries,

Inc., 696 S.W.2d 372, 374 (Tex. 1984) (in order to pierce the corporate veil on "alter-ego" basis,

financial interest, ownership and control over the corporation must be shown by the charged

individual or entity).  In the instant case, Plaintiffs pled precisely and only that Defendant Nancy

Jeanette Bailey is the alter-ego of Los Campeones (see, *e.g.*, Complaint para. 41).  Defendant

Nancy Jeanette Bailey is therefore entitled to Summary Judgment that Plaintiffs take nothing by

their claims that she be held liable for any conduct of Los Campeones, Inc. as the alter-ego of Los Campeones.

Defendants Nancy Jeanette Bailey and Ken Plasterer are also entitled to Summary Judgment that Plaintiffs take nothing by their claims that such Defendants, as officers of Los Campeones, Inc., conspired among themselves and with their corporation, Los Campeones, Inc. to injure the Plaintiffs because, as a matter of law, officers of a corporation are, as officers, legally incapable of conspiring among themselves and/or with their corporation. Fojtik v. First National Bank of Beeville, 752 S.W.2d 669, 673 (Tex.App.--Corpus Christi 1988), writ den'd, 775 S.W.2d 632 (Tex. 1989).

DEED RECORDS

ℓ 5149                    VOL 870 PAGE 140

## COVENANTS AND RESTRICTIONS OF COUNTRY CLUB ESTATES, SECTIONS 4, 5, 6, 7, 7A, 7B, 8, 8A, 8B, 8C, 9, 9A, 13 and 100

WHEREAS, Valley Inn and Country Club, Inc.
a Texas corporation, hereinafter designated as "Devel-
oper", is the owner of that certain property located
in Cameron County, Texas, more particularly described
on the Exhibit "A" hereto attached and made a part
hereof for all purposes; and

WHEREAS, Developer also owns what is commonly
known and designated as a Country Club, comprising,
but not limited to, a golf course, swimming pool, club
house, and the like which adjoins the Subdivisions,
and which will be more particularly referred to herein-
after; and

WHEREAS, Developer desires to subdivide the
property described in the Exhibit "A" into lots, tracts,
drives, parking areas, and common areas, and constitute
the same as high quality restricted residential sub-
divisions known and designated as Country Club Estates,
Sections 4, 5, 6, 7, 7A, 7B, 8, 8A, 8B, 8C, 9, 9A, 13
and 100, the designation and boundary of each such
section being more particularly described on the said
Exhibit "A", the same to be hereinafter referred to as
"Subdivision;" and

WHEREAS, for the purpose of administering
the affairs, business operation and maintenance of the

EXHIBIT

A-1

Case 1:00-cv-00173   Document 25   Filed in TXSD on 04/02/2001   Page 36 of 318

Country Club, R G Valley Inn and Country Club, Inc.
has been incorporated under the laws of Texas as a
non-profit corporation, and is hereinafter called the
"Corporation"; and

WHEREAS, for the purpose of creating and
carrying out a uniform plan for the maintenance
and improvements of such Subdivision and the lots
therein, as a high quality restricted residential
Subdivision, the covenants and restrictions with res-
pect to thereto are designated hereinafter; and

WHEREAS, the ownership of the lots and
improvements thereon within such Subdivision shall
be limited to persons who have qualified in accord-
ance with the by-laws, rules and regulations of the
Corporation and Country Club for membership in the
Country Club; and

WHEREAS, such covenants and restrictions,
shall constitute covenants running with the land and
shall be binding upon and for the benefit of Devel-
oper, the Corporation, the Country Club, and all per-
sons acquiring and owning property within the said
Subdivision; and

WHEREAS, such covenants and restrictions,
herein set forth and in the by-laws, rules and regu-
lations of the Country Club, shall be made a part of

- 2 -

each contract, deed or other muniment ot title exe-
cuted by or on behalf of Developer, or any successor
in title, conveying a lot or lots within the Subdi-
vision whether or not set forth in such deed, or
these said covenants and restrictions may be referred
to merely by the volume and page where recorded in the
office of the County Clerk of Cameron County, Texas:

THEREFORE, the said Valley Inn and Country
Club, Inc., owner of the said Country Club, designates
the said Subdivision as Country Club Estates, Sections
4, 5, 6, 7, 7A, 7B, 8, 8A, 8B, 8C, 9, 9A, 13 and 100,
and Developer does hereby set aside to the use of the
owners of the lots within the subdivision, (but not
to the public generally), the roads, drives, alleys,
parks, playgrounds, easements, and common areas to be
constructed in such Subdivision, and these covenants
and restrictions shall constitute obligations of De-
veloper, the Country Club, the Corporation and each
lot owner.

By use of the term "Developer" of "Valley
Inn and Country Club, Inc." of "R G Valley Inn &
Country Club, Inc." or "Country Club" herein shall also
include and be construed to mean "its successors and
assigns."

GENERAL PROVISIONS

- 3 -

1.   The Corporation shall have general supervision and control over the affairs, business, operation and maintenance of the Country Club, and the preparation and enforcement of the by-laws, rules and regulations thereof.

2.   The Developer shall have general supervision and control over the affairs, business, operation and maintenance of this Subdivision.  It shall maintain and administer all areas within the Subdivision designated, or hereafter designated, for the common use, enjoyment and benefit of the lot owners, and to maintain, repair and replace the planting and improvements located thereon, and shall also maintain regularly the grass and planting on each of the lots within the Subdivision.  The Developer shall levy, collect, expend and have charge of the maintenance charge herein provided for.

3.   The common areas of the Subdivision shall consist of all areas except the designated lots for the construction of residence buildings; and, on such lots, as herein provided, the lawns and planting and other structures theron (except the residence buildings), shall be maintained by the Developer.

ARCHITECTURAL CONTROL COMMITTEE

1.   There is hereby created an Architectural Control Committee which shall be composed of

- 4 -

L.VOL 870 PAGE 144

3 members.  Each member of the Committee shall serve
until his successor is named as provided herein, the
initial such committee to be:

> Bill D. Bass, P. O. Box 523, Brownsville,
> Texas.
> Marvin Boland, Brownsville, Texas.
> A. A. McFadden, 434 Boca Chica, Brownsville,
> Texas.

2.   A majority of the Committee may desig-
nate a representative to act for it.

3.   Members of the Architectural Control
Committee shall be appointed annually by the Developer.
Any or all members of the Architectural Control Com-
mittee may be removed at any time by the Developer.
In the event of any vacancy such vacancy shall be
filled by the Developer.

4.   No building shall be erected, placed
or altered on any lot until the construction plans
and specifications and a plan showing the location of
the structure have been approved by the Architectural
Control Committee as to quality of workmanship and
materials, harmony of external design with existing
structures and as to location with respect to topo-
graphy and finish grade elevation.  Approval shall be
as provided in Paragraph 5 below.

5.   Final plans and specifications shall be
submitted in duplicate to the Architectural Control

- 5 -

Case 1:00-cv-00173    Document 25    Filed in TXSD on 04/02/2001    Page 40 of 318

Committee for approval or disapproval. One complete
set of plans and specifications as approved will be
retained by the Architectual Control Committee and
the other complete set of plans will be marked "Approved",
if such approval is given, and returned. Any modifi-
cations or changes to the approved set of plans must
again be submitted to the Architectural Control Com-
mittee for its inspection and approval.

6. The Committee's approval or dis-
approval as required in these covenants shall be in
writing.

7. In the event the Committee or its des-
ignated representative fails to approve or disapprove
any such plans and specifications within 30 days after
the plans and specifications have been submitted to it,
or in any event if no suit to enjoin the construction
shall be commenced prior to the completion thereof,
approval shall not be required and the related covenants
shall be deemed to have been fully complied with.

8. The Architectural Control Committee
shall have full supervision and control over the main-
tenance, improvements and all construction, other than
residence buildings, in the common areas of the Sub-
division.

9. The appointment and control of the
members of the Architectural Control Committee and

- 6 -

the Architectural Control Committee may be at any time
vested in the lot owners, same to be within the discre-
tion of Developer.

### GENERAL LAND USE

1.   All lots in the Subdivision and im-
provements thereon shall be used for single family
residential purposes, and for no other purpose.

2.   All buildings placed on any of the lots
shall be newly erected on the lot and no used build-
ings shall be moved onto nay of the lots.

3.   No commercial activity of any nature
shall be carried on upon any lot or in any building
thereon, subject, however, to Paragraph 16 hereof.
No cattle, hogs, poultry, horses, other animals or
fowls may be kept on any part of the Subdivision,
except that this paragraph shall not preclude the
keeping of pets or animals, other than the above men-
tioned, such as are ordinarily kept as pets in a high
class restricted residential subdivision, provided
they are not kept or bred for any commercial purposes.

4.   No outdoor toilet or garage shall be
placed on any lot.

5.   No oil drilling, oil development, oil
refining, quarrying or mining operations of any kind
shall be permitted upon any lot, nor shall oil wells,

- 7 -

tanks, tunnels, mineral excavations or shafts shall
be permitted upon any lot. No derrick or other struc-
ture designed for use in boring for oil or natural gas
or other minerals shall be erected, maintained or
permitted upon any lot.

6.    No sign of any kind shall be displayed
to the public view, except the number of the building,
and in small letters the name of the owner.

7.    No trailer, basement, tent, shack, gar-
age, other outbuildings, or temporary structure shall
be constructed or used on any lot as a residence or
for any other purpose, either temporarily or perman-
ently.

8.    House trailers, boats, buses, trucks or
similar vehicles, shall be parked only as and where
permitted and approved by the Architectural Control
Committee.

9.    No lot shall be used or maintained as a
dumping ground for rubbish or trash.

10.    Garbage shall not be deposited except in
sanitary containers and such containers shall be main-
tained in a clean and sanitary condition at a place
where it may not be seen from any driveway or public
area.

11.    No radio or television aerial or guy

- 8 -

CVsPDF - www.fesisa.com

ᴇᴠᴏʟ 870 ꜰᴀɢᴇ 148

wires shall be maintained on any portion of any lot except on approval of the Architectural Control Committee.

12. No clothes line shall be maintained or used on any lot.

13. The conveyance of each lot shall include the exclusive use of the designated carport and storage area.

14. Each lot owner shall take notice of and shall abide all provisions of the by-laws, rules and regulations of the Country Club and the Corporation now or hereafter promulgated, and shall be entitled to the use of the Country Club and its facilities only as permitted by the by-laws, rules and regulations thereof.

15. It shall not be a violation of these restrictions for a medical doctor or a lawyer to practice his or her profession in any building located on any lot within the Subdivision, provided that at such time the medical doctor or lawyer shall be occupying the premises in question as his or her home, whether permanent or temporary; but, no sign shall be displayed indicating such use.

16. Any lot and the improvements thereon located within the Subdivision, if desired by the

- 9 -

owner, may be rented, leased or sold. All such rent-
ing or leasing shall be for no other use than herein
provided; and, any sale shall be limited to a person
authorized to own property within the Subdivision.
All such renting, leasing or sale shall be by the
Developer, or an agent or agents designated by it for
such purpose. The Developer shall also collect all
money in connection therewith for the account
of such owner and shall pay same to the owner,
after first deducting therefrom any indebtedness
due and owing to Developer or otherwise.

### SIZE, TYPE AND PLACEMENTS OF STRUCTURE AND MATERIALS

1.  All improvements on the lots shall be
constructed so as to front the street, drive or walk-
way upon which such lot faces. No building of more
than one-story in height shall be constructed on any
of the lots; and, no residence building of less than
1,200 square feet, exclusive of open porches and
patios, shall be constructed or permitted to remain
on any of the lots.

2.  The exterior walls of each dwelling
shall be not less than 65% masonry, including, but
not limited to natural stone, brick, stucco or a
veneer or any of them. In computing this percentage,

- 10 -

VOL 870 PAGE 150

all door and window openings and gables shall be excluded from the required area.

3.    The pitch of the roof is to be subject to the approval of the Architectural Control Committee; but, in no event will flat roofs or built up roofs be permitted.

4.    All foundations of buildings shall be concrete slab.

5.    No fence, wall, hedge or other like structures shall be permitted on any of the lots.

6.    No building shall be erected on any lot nearer the front line than the set back line as prescribed by the Architectural Control Committee. The Architectural Control Committee shall also pre-scribe the location of any building with respect to any interior lot line.

7.    No landscaping, planting of shrubbery, trees or the like shall be permitted on any lot ex-cept with the approval of the Architectural Control Committee.

8.    No parking shall be permitted in any of the streets or drives and no such streets or drives shall be in any manner blocked or partially blocked by children's bicycles, tricycles, toys, or any other thing.

- 11-

9.  An easement over and upon each lot, tract, drive, parking area, and elsewhere is reserved to the Developer for water lines, gas lines, electric lines, sewage lines, and other utilities.

### LIMITATION OF OWNERSHIP OF LOTS

1.  The lots of the Subdivision are for the benefit of the members of the Country Club, and no person shall be permitted to purchase, acquire, or own, any lot or construct improvements on any lot within the Subdivision unless he shall first make written application to the Country Club and its governing body for membership therein, and shall have been certified as a member in good standing of the said Country Club.

2.  Each lot owner shall be subject to these covenants and restrictions and to the by-laws, rules and regulations promulgated for the Country Club.

3.  Each lot owner in order to be permitted to use any of the facilities of the Country Club, shall be a member thereof in good standing, and required to pay all dues and assessments thereof when due, unless otherwise provided by the by-laws, rules and regulations of the Country Club.

### MAINTENANCE CHARGE AND COUNTRY CLUB DUES

- 12 -

1.    There is hereby levied on each lot
owner within the Subdivision a maintenance charge of
$20.00 per month for the year 1969, payable in advance
on the first day of each month.  The same amount
shall be charged each month thereafter unless changed
by action of the Developer.  There is also levied on
each lot owner within the Subdivision the dues and
assessments prescribed by the Corporation for the
Country Club.

2.    There is hereby granted to Developer and
the Country Club an express lien against each lot to
secure all obligations of the owner or owners of said
lots to Developer and the said Country Club, as well
as all obligations at any time imposed upon the owner
or owners of said lots to the Country Club by virtue
of membership therein.  Such lien may be foreclosed in
the same manner as a vendor's lien, without prejudice,
however, to any rights powers or causes of action which
the said lien may have against any party who is then or who
has theretofore been the owner of the property affected
thereby.  The lien and all other provisions of this
agreement shall be secondary and subordinate to any liens,
deeds of trust and encumberances whatsoever given to any
lender to secure the purchase price of the subject pro-
perty or any part thereof, or given for the purpose of

- 13 -

making repairs or constructing dwellings or any other
improvements whatsoever on any part of the subject
property.

3.    If any such lender acquiring such in-
debtedness be indoubt as to the purpose for which
such loan is made or indebtedness incurred, or as to
whether the lien granted is subordinated to any lien
or deed of trust given for the purpose of securing
any such mortgage or indebtedness, the lender or
party acquiring such indebtedness may rely conclus-
ively upon the written statement of the Developer or
the Corporation.  The Developer or Corporation for
the Country Club may subordinate said lien for main-
tenance charges or fees to the Country Club to any
other lien by proper written instrument.  The Devel-
oper or Corporation may also release any such lien in
whole or part with respect to any lot or lots if it be
deemed advisable without affecting said lien insofar
as it applies to any other lot or lots.

4.    If the said maintenance charge sahll
become delinquent and if such delinquency shall re-
main for a period of 30 days, then and in that event
there shall become due interest on such delinquent
amount at the rate of 6% per annum from the end of
the 30 day period.  Further, in the event of the nec-

- 14 -

CVisPDF - www.tavisa.com

essity of filing suit, the delinquent owner shall be required to pay reasonable attorneys fee and costs of court.

5.    The said maintenance charge shall be maintained by the Developer in a seperate account and shall be used only for the payment of the maintenance expenses incurred for any and all of the following purposes:  Construction and maintenance of streets, drives, sidewalks, drainage ditches, street markers, trees and shrubbery, bath houses, swimming pools, parking areas, lawns, disposal of garbage, and for any other purposes deemed by the Developer to be necessary or desirable for the development and maintenance of the Subdivision and common areas thereof.

6.    Dues and assessments owing to the Country Club, shall be governed by the by-laws, rules and regulations of the Country Club.

### FORECLOSURE OF LIENS

In the event that it shall become necessary for an organization or person to foreclose any lien on any lot, lots or other property of the Subdivision, and at such foreclosure sale of the lot, lots or other property in question is purchased by the holder of such lien or some other person, organ-

- 15 -

ization or corporation, then and in that event the
purchaser shall have the full right and authority
to own such property.  However, in the event of a
sale of such property by such purchaser at the fore-
closure sale, the Developer or the Corporation shall
have the prior right of purchasing the same, the
price to be agreed upon by the respective parties
but not to be in excess of the appraised market
price.  In the event of the failure of the Devel-
oper or Corporation to purchase such property,
within 30 days from the date the proposal is sub-
mitted, the owner thereof under such foreclosure
sale shall have the right and privilege of selling
same in the open market, but the purchaser thereof
shall not be entitled to any of the privileges
afforded to members of the Country Club unless he
is or becomes a member thereof.

### DURATIONS OF COVENANTS AND RESTRICTIONS

1.    These covenants and restrictions
shall constitute and remain in full force and effect
for a period of 25 years from date of the execution
of this instrument.  At the expiration of 25 years
they shall be automatically extended for an addition-
al period of 10 years and for successive periods of
10 years thereafter unless nullified, changed or

- 16 -

LVOL **870** PAGE **156**

modified as hereinafter provided.

2.   Upon the expiration of 25 years from
date of the execution of this instrument, the owners
of a majority of the lots within the Subdivision
may execute and acknowledge an agreement in writing
terminating, modifying or revising these restrictions
and covenants and file the same in the office of the
County Clerk of Cameron County, Texas; thereafter
said covenants and restrictions shall be null and
void, or be modified or revised as prescribed in
such agreement.

*April 1994*

### COVENANT RUNNING WITH THE LAND

1.   Each and every covenant and restric-
tion contained herein shall constitute a covenant
running with the land, and shall be binding upon
the Developer, the Corporation, the Country Club, and
each owner or successor owner of lots within the
Subdivision.

2.   The provisions of this instrument
shall be deemed a part of each deed, contract of sale
or other muniment of title covering and conveying
any and all lots within the Subdivision, whether or
not such deed, contract or other muniment of title
specifically incorporates therein the provisions
of this instrument.

- 17 -

VOL 870 PAGE 157

## MISCELLANEOUS

1.   These restrictions may be enforced by the filing of suit or, otherwise by the Developer, the Corporation, the Country Club, or by any of the lot owners, such enforcement to be by injunction or otherwise.

2.   Developer, its successors and assigns, shall retain the reversionary rights and interest in and to all land dedicated or under any public road. Therefore, in the event any public road is ever closed, abandoned or no longer used by the public, the land underlying such road shall revert to Developer, its successors or assigns:

## JOINDER BY LIENHOLDERS

The holders of liens upon the land constituting the Subdivision join in the execution hereof for the sole purpose of acknowledging the restrictions herein set forth and agreeing that said land may be subordinated and restricted as herein set out consistant with their lien interest, but they shall have no liability to perform or to see to the performance of any of the covenants and restrictions herein undertaken by Developer or any other party hereto.

EXECUTED this _1st_ day of _April_ , 1969.

ATTEST:                                   VALLEY INN & COUNTRY CLUB, INC.

_Billie R. Stroud_                By _Bill E. Bass_
Asst. Secretary                          President

- 18 -

VOL. 870 PAGE 158

ATTEST:                          R. G. VALLEY INN & COUNTRY CLUB, INC.

_____          By _____
        Secretary                          President

ATTEST:                          REPUBLIC NATIONAL LIFE INSURANCE CO.

_____          By _____
Assistant Secretary                        President
W. F. Weisbruch                            Ervin W. Atkerson

STATE OF TEXAS      I

COUNTY OF CAMERON    I

    BEFORE ME, the undersigned authority, on this day
personally appeared Bill D. Bass, known to me to be the
person whose name is subscribed to the foregoing instru-
ment, and acknowledged to me that he executed the same as
the act and deed of Valley Inn & Country Club, Inc. of
Brownsville, Texas, and as the President thereof, and for
the purposes and considerations therein expressed.

    GIVEN under my hand and seal of office this 1st
day of April, 1969.

                                 _____
                                 Notary Public, Cameron County,
                                 Texas

STATE OF TEXAS      I

COUNTY OF DALLAS     I

    BEFORE ME, the undersigned authority, on this day
personally appeared Ervin W. Atkerson, known to me to be
the person whose name is subscribed to the foregoing instru-
ment and acknowledged to me that he executed the same as the
act and deed of Republic National Life Insurance Company of
Dallas, Texas and as the ____President____ thereof, and for
the purposes and considerations therein expressed.

    GIVEN under my hand and seal of office this 18th
day of March, 1969.

                                 _____
                                 Notary Public, Dallas County,
                                 Texas
                                 Margaret Van Arsdall

LVOL 870 159

STATE OF TEXAS     I

COUNTY OF CAMERON   I

   BEFORE ME, the undersigned authority, on this day personally appeared Bill D. Bass, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same as the act and deed of R. G. Valley Inn & Country Club, Inc. of Brownsville, Texas, and as the President thereof, and for the purposes and considerations therein expressed.

   GIVEN under my hand and seal of office this _1st_ day of _April_ , 1969.

       _Billie R. Groen_
       Notary Public, Cameron County, Texas







CutePDF - www.fenrio.com







VOL 870 PAGE 165



CVisPDF - www.texisi.com

167



ITLES & CLAUNCH
ENGINEER. & SURVEYOR
BROWNSVILLE, TEXAS

VOL. 870 PAGE 168

CitiPDF - www.fastio.com

VOL. 870 PAGE 163

Case 1:00-cv-90173   Document 25   Filed in TXSD on 04/02/2001   Page 65 of 318

*Exhibit A Sheet 2*



VOL. 870 PAGE 171

SCALE: 1" = 40'

CVisPDF - www.texiss.com



CVISPDF – www.fecita.com



# COUNTRY CLUB ESTATES

### LOTS 101 — 108 INCL.

SETTLES & CLAUNCH
CIVIL ENGINEER & SURVEYOR
BROWNSVILLE, TEXAS

COUNTRY CLUB ROAD

TO HWY Nº 77

9

CMsPDF - www.texixo.com





CutePDF - www.fastio.com



5119

COVENANTS AND RESTRICTIONS
OF COUNTRY CLUB ESTATES,
SECTIONS 4, 5, 6, 7, 7A,
7B, 8, 8A, 8B, 8C, 9, 9A,
13 and 100

FILED FOR RECORD
AT ___ O'CLOCK ___ M
MAY 15 1969
J. H. DULL
COUNTY CLERK

vol. 870 page 176

CSMPDF - www.fesria.com

123

MISC. DEED RECORDS

THE STATE OF TEXAS     I     12684

COUNTY OF CAMERON     I          vol 61 page 423

BEFORE ME, the Undersigned Authority, a Notary Public in and for the
County of Cameron, State of Texas, on this day personally appeared AUGUST W.
OLSON, as Vice President of Valley Inn & Country Club, Inc., and Valley Inter-
national Properties, Inc., and upon being by me fist duly sworn, upon his oath,
he deposed and said:

Valley Inn & Country Club Inc., and Valley International Properties, Inc.,
do hereby adopt those certain Restrictions of record in Volume 870, Page 140,
of the Deed Records of Cameron County, Texas, with reference to Sections 200
and 500, in development of the properties of the said Corporations located in
and adjacent to Brownsville Land and Improvement Company Subdivision, and
out of the Hudspeth Tract and Parts of Blocks 39 and 40, Media Luna Subdivision,
all in Share 22, Espiritu Santo Grant, in Cameron County, Texas,   the land
encompassed hereby by the portion of lands described in Volume 790, Page 634,
of the Deed Records of Cameron County, Texas , and in Volume 283, Pages 370-
374, of the Deed Records of Cameron County, Texas.  All of such restrictions shall
apply equally to all lots: prefaced by the number "200" and all Lots prefaced by the
number "500", and any and all other lots within the said properties not heretofore
covered by such Restrictions.

FURTHER Deponent says not.

EXECUTED this 1st day of December, A.D. 1969.


                                        _August W. Olson_
                                        August W. Olson, Vice President
                                        of Valley Inn & Country Club, Inc., and
                                        of Valley International Properties, Inc.

SUBSCRIBED AND SWORN TO before me on this 1st day of December, AD 1969.

                                        _____
                                        Notary Public in and for Cameron County, Texas.


EXHIBIT

A-2

VOL 61 PAGE 124

THE STATE OF TEXAS               I

COUNTY OF CAMERON               I

BEFORE ME, the undersigned, a Notary Public in and for the State and County aforesaid, on this day personally appeared AUGUST W. OLSON, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same as Vice President of Valley Inn & Country Club, Inc. and, Valley International Properties, Inc.,, for the purposes and consideration therein expressed, and in the capacity therein stated.

GIVEN UNDER MY HAND AND SEAL OF OFFICE, on this the 1st day of December, A.D. 1969.

_____
Notary Public in and for Cameron County, Texas.

A CERTIFIED COPY

Attest: Apr 18 19 94
JOE G. RIVERA, County Clerk
Cameron County, Texas

By _____ Deputy

2.50

1    12581

A F F I D A V I T

TO

THE PUBLIC

AUGUST W. OLSON,
Vice President of
Valley Inn & Country Club, Inc., and
Valley International Properties, Inc.

FILED FOR RECORD
AT 1:55 o'clock P.M.

DEC 2 1969

J. H. DILL
County Clerk, Cameron County, Tx.
By [signature]

Return to:
Mr. Walter C. Hesse, Jr., Attorney
McMillan & Hesse
Attorneys at Law
P. O. Box 2051
Brownsville, Texas 78520

VOL. 81 PAGE 125

# ARTICLES OF INCORPORATION

## OF

## VALLEY INN AND COUNTRY CLUB, INC.

We, the undersigned natural persons of the age of twenty-one years or more, at least two of whom are citizens of the State of Texas, acting as Incorporators of a corporation under the Texas Business Corporation Act, do hereby adopt the following Articles of Incorporation for such corporation:

## ARTICLE I

The name of the corporation is Valley Inn and Country Club, Inc.

## ARTICLE II

The period of its duration is perpetual.

## ARTICLE III

The purposes for which the corporation is organized are: To deal in all kinds of real and personal property, subject to Part Four Texas Miscellaneous Corporation Laws Act.

## ARTICLE IV

The aggregate number of shares which the Corporation shall have authority to issue is TEN THOUSAND (10,000) of the par value of TEN DOLLARS ($10.00) each.

## ARTICLE V

The Corporation will not commence business until it has received for the issuance of its shares consideration of the value of $1,000.00 consisting of money, labor done, or property actually received, which sum is not less than $1,000.00.

EXHIBIT

A-3

## ARTICLE VI

The post office address of its initial registered office is 1406 Fannin Bank Building, Houston, Harris County, Texas, and the name of its initial Registered Agent at such address is Robert L. Sonfield, Jr.

## ARTICLE VII

The number of Directors constituting the initial Board of Directors is THREE (3), and the names and addresses of the persons who are to serve as Directors until the first annual meeting of the Shareholders or until their successors are elected and qualified are:

| | |
|---|---|
| Bill D. Bass | 410 Pierce<br>Houston, Texas |
| Thomas H. Sullivan | 410 Pierce<br>Houston, Texas |
| William E. Douglass | 410 Pierce<br>Houston, Texas |

## ARTICLE VIII

The names and addresses of the Incorporators are:

| | |
|---|---|
| Robert L. Sonfield, Jr. | 1406 Fannin Bank Building<br>Houston, Texas  77025 |
| Karl A. Maley | 1406 Fannin Bank Building<br>Houston, Texas  77025 |
| Wm. J. Kershner | 1406 Fannin Bank Building<br>Houston, Texas  77025 |

IN WITNESS WHEREOF, we have hereunto set our hands this 15 day of February, 1965.

Robert L. Sonfield, Jr.

Karl A. Maley

Wm. J. Kershner

- 2 -

THE STATE OF TEXAS  §

COUNTY OF HARRIS  §

I, the undersigned authority, a Notary Public in and for Harris County, Texas, do hereby certify that on this _15th_ day of February, 1965, personally appeared before me Robert L. Sonfield, Jr., Karl A. Maley and Wm. J. Kershner, who, each being by me first duly sworn, severally declared that they are the persons who signed the foregoing document as Incorporators, and that statements therein contained are true.

Notary Public, Harris County, Texas

- 3 -

ARTICLES OF AMENDMENT
BY THE
SHAREHOLDERS TO THE
ARTICLES OF INCORPORATION
OF
VALLEY INN AND COUNTRY CLUB, INC.

*[Filing stamp: Filed in the Office of the Secretary of State of Texas ... 1972 ... Director, Corporation Division]*

Pursuant to the provisions of Article 4.04 of the Texas Business Corporation Act, the undersigned corporation adopts the following Articles of Amendment to the Articles of Incorporation which change its corporate name to VALLEY INTERNATIONAL PROPERTIES, INC.

ARTICLE ONE

The name of the corporation is:  VALLEY INN AND COUNTRY CLUB, INC.

ARTICLE TWO

Article One was amended to read as follows:

"ARTICLE ONE

The name of the corporation is:  VALLEY INTERNATIONAL PROPERTIES, INC."

ARTICLE THREE

The number of shares of the corporation outstanding at the time of such adoption was 424,000 and the number of shares entitled to vote thereon was 424,000.

ARTICLE FOUR

The holders of all the shares outstanding and entitled to vote on said amendment have signed a consent in writing adopting said amendment, *on the 29th day of January, 1972.*
DATED:  August *28* , 1972.

VALLEY INN AND COUNTRY CLUB, INC.

BY: *Bill D. Bass*
President

AND

BY: *Ernest H Glenn*
Secretary

* * * * * * * * *

THE STATE OF TEXAS   )
COUNTY OF CAMERON    )

I, the undersigned authority, a Notary Public, do hereby certify that on this the *28th* day of August, 1972 personally appeared before me *Bill D. Bass* , who declared that he is President of the corporation executing the foregoing document and being first duly sworn, acknowledged that he signed the foregoing document in the capacity therein stated and declared that the statements therein contained are true.

IN WITNESS WHEREOF I have hereunto set my hand and seal this day and year above written.

*Florence H. Glieck*
Notary Public in and for Cameron County, Texas.
My commission expires:  June 1, 1973.

**EXHIBIT**

A-4

14018

## OFFICE OF THE SECRETARY OF STATE

# CERTIFICATE OF AMENDMENT
## OF

### ...............VALLEY INTERNATIONAL PROPERTIES, INC...............
**(FORMERLY: VALLEY INN AND COUNTRY CLUB, INC. CHARTER NO. 211059)**

The undersigned, as Secretary of State of the State of Texas, hereby certifies that duplicate originals of Articles of Amendment to the Articles of Incorporation of the above corporation duly signed and verified pursuant to the provisions of the Texas Business Corporation Act, have been received in this office and are found to conform to law.

ACCORDINGLY the undersigned, as such Secretary of State, and by virtue of the authority vested in him by law, hereby issues this Certificate of Amendment to the Articles of Incorporation and attaches hereto a duplicate original of the Articles of Amendment.

Dated....AUGUST 28........, 1972.......

_____
Secretary of State

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

CLERK, U. S. DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
F I L E D

IN RE:

VALLEY INTERNATIONAL                    BK76-B-46
PROPERTIES, INC.

MAR 18 1977

V. BAILEY THOMAS, CLERK
BY DEPUTY:

DEBTOR

ORDER AUTHORIZING EXECUTION OF
CONTRACTUAL AGREEMENT AND COMPROMISE OF CONTROVERSY

At Brownsville in said District on March 18, 1977, after notice to creditors

came to be heard the annexed Application of Receiver, James T. Rash and Brownsville

Savings and Loan Association to enter into a contractual agreement and compromise

controversies between them, and Receiver and Brownsville Savings and Loan

Association having appeared through counsel, and no adverse interest having

appeared and none having been represented, and good cause for the entry of this

Order having been shown, it is accordingly

ORDERED that James T. Rash, Operating Receiver of the above name Debtors,

be and he hereby is authorized to execute and consumate the Stipulation and

Agreement described in the above and foregoing application and annexed hereto.

It is further ORDERED that said Stipulation and Agreement is in all things

approved.

SIGNED AND ENTERED THIS  18th  day of March,  1977.

APPROVED FOR ENTRY

James T. Rash, Receiver

By:  _____
        His Attorney

BROWNSVILLE SAVINGS AND LOAN

By:  _____
        Its Attorney

EXHIBIT
A-5

TRUE COPY I CERTIFY
ATTEST:
V. BAILEY THOMAS, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

IN RE:                              §
                                    §
VALLEY INTERNATIONAL                §         BK76-B-46
PROPERTIES, INC.,                   §
                                    §
DEBTOR                              §

## STIPULATION AND AGREEMENT

WHEREAS, James T. Rash was, by Order of the United States

Bankruptcy Court, appointed Operating Receiver of the Estates of

Valley International Properties, Inc., Debtor, and Los Conquistadores,

Ltd., Debtor; and

WHEREAS, Los Conquistadores, Ltd., is the record title

owner of certain real property located in Cameron County, Texas, gen-

erally described as the amenities at Valley International Country

Club; and

WHEREAS, prior to the filing of the above-entitled and

numbered Chapter XI proceeding, Valley International Properties,

Inc., and its wholly owned subsidiary, Country Club Inns of America,

managed and operated a rental pool arrangement involving the use of

certain properties at Rancho Viejo Country Club; and

WHEREAS, prior to the filing of such proceeding, Los

Campeones, Inc., as agent of Brownsville Savings & Loan Association,

managed and operated a program of rentals of properties owned by

third parties at and adjoining the amenities of Valley International

Country Club, claiming a right so to do as mortgagee-in-possession

under the terms of its deed of trust from Valley International Prop-

erties, Inc.; and

WHEREAS, said possession was interrupted by the appoint-

ment of the Operating Receiver under orders of the Court in the above-styled proceeding and by order dated January 20, 1977, said Brownsville Savings & Loan Association was authorized to regain possession of the amenities at Valley International Country Club and claims the right to operate said rental pool arrangement under the terms of its mortgage and continuing to do so as mortgagee-in-possession of said properties; and

WHEREAS, the said Operating Receiver contends that even though Brownsville Savings & Loan Association has been authorized by the Court to regain possession of said amenities, such right does not extend to the operation of said rental pool; and

WHEREAS, Los Campeones, Inc., as agent for Brownsville Savings & Loan Association has, since January 20, 1977, operated the Valley International Country Club for the benefit of Valley International Properties, Inc., which operation has necessarily entailed the use of certain equipment which is not subject to the security interest in favor of Brownsville Savings & Loan Association (non-lien property) and the parties, subject to Court approval desire to confirm, the right of Los Campeones, Inc. as agent of Brownsville Savings & Loan Association the Mortgagee-in-Possession's of Valley International Country Club to the continued use of the non-lien property, and

WHEREAS, said parties desire to settle, adjust and compromise these and other issues with the approval of said Court, upon the terms hereinafter set out:

NOW, THEREFORE, in consideration of the mutual covenants and obligations contained herein and the settlement agreement above-mentioned, the sufficiency of which is acknowledged by the respective parties, James T. Rash, Operating Receiver, and Brownsville Savings & Loan Association, agree as follows:

-2-

1.   Each and every obligation, right and covenant contained herein is specifically conditioned upon the approval of this Stipulation and Agreement by the United States Bankruptcy Court for the Southern District of Texas.

2.   James T. Rash, in his capacity as Operating Receiver of the Estate of Valley International Properties, Inc., Debtor, agrees to convey, transfer and assign, and does hereby convey, transfer and assign, without representation or warranty, all of his right, title and interest, if any, in and to those certain contractural arrangements constituting the rental pool agreements for those individually owned residential properties located at Valley International Country Club in Cameron County, Texas, to and for the benefit of Brownsville Savings & Loan Association, and recognizes Brownsville Savings & Loan Association's right as mortgagee-in-possession of Valley International Properties, Inc., until satisfaction of debts secured by its mortgages, to operate said rental pool and to negotiate any necessary agreements or modifications of existing agreements, if any, respecting such rental properties.   The effective date and time of this transfer and assignment is 12:01 a.m. on February 1, 1977.

3.   In the context of this agreement, the term "revenue" refers to any income generated from any income sources and revenue bases at Valley International Country Club ("revenue source").   The only relationship this agreement bears to any of the operations at Rancho Viejo Country Club is with respect to the division of country club dues.

With respect to revenue generated prior to November 6, 1976, from any revenue source the Receiver shall be entitled to collect and retain as the general funds of the estate all revenues from the defined period regardless of when the same are actually received and collected.   However, to the extent that Brownsville Savings & Loan Association has collected, received and retained any revenue from this defined period, it shall be entitled to retain those funds and the Receiver will not assert a claim against such funds or revenue.

With respect to revenue generated from November 6, 1976, through December 4, 1976, from any revenue source, the following has occurred or could occur:

-3-

(1)   Revenue collected and retained by Brownsville Savings &
Loan Association, during the period from November 6 – December 4, 1976;

(2)   Revenue collected and retained by Receiver.

In the event item (1) has occurred or does occur, Browns-
ville Savings & Loan Association is under no obligation to pay these
funds to the Receiver and the Receiver retains no claim to any such
revenue. In the event item (2) has occurred or does occur, the Re-
ceiver will not be required immediately to pay over to Brownsville
Savings & Loan Association such revenue; rather, Brownsville Savings &
Loan Association shall be entitled to assert by way of a proof of
claim, or otherwise, any claims to the revenue or to expenses paid by
Brownsville Savings & Loan Association or its agent to produce the
same, as Brownsville Savings & Loan Association may deem appropriate,
such funds being payable only upon the Court's order directing pay-
ment.

With respect to revenue generated from the period from
December 4, 1976, through January 20, 1977, [from any revenue source
whatsoever], the Receiver shall be entitled to collect and retain, as
general funds of the estate, all revenues from the defined period
regardless of when the same are actually received and collected;
provided, however, that for expenses incurred by the Receiver during
such period which were actually paid or incurred by Brownsville
Savings & Loan Association or its agent, the Receiver will reimburse
Brownsville Savings & Loan Association. Except for such expenses,
Brownsville Savings & Loan Association will not assert any particular
claim against this revenue, except as such funds become general funds
of the estate, and subject to the payment of the claims generally.
The term expenses as used in this Agreement shall mean the actual cost
of the operation of the various properties. The term shall not
include, among other things, capital costs or acquisition, costs of
equipment and machinery.

With respect to that portion of revenue consisting of rent
and occupancy tax generated during the period from January 20, 1977,
through January 31, 1977, which is derived from the operation of the
rental pool, the Receiver shall be entitled to receive and retain the

-4-

same general funds of the estate. The Receiver agrees to reimburse in full Brownsville Savings & Loan Association for all expenses suffered or actually paid by Brownsville Savings & Loan Association or its agent Los Campeones directly related to the operation of the rental pool during such period, and including, without limitation, payment of all such salaries and expenses and payment of the fair value of the use by the receivership during this period of the Valley International Country Club registration center and office and convention facilities. Except for such related expenses, Brownsville Savings & Loan Association will not assert any particular claim against such revenue.

With respect to revenue generated during the period from January 20, 1977, through January 31, 1977, from food, beverage, convention center and golf course operations, Brownsville Savings & Loan Association shall be entitled to receive and retain the same regardless of when acutally collected and received. If the same has been collected by the Receiver, the Receiver will pay over the same to Brownsville Savings & Loan Association. If the Receiver has incurred any expenses directly related to these operations during the defined period, Brownsville Savings & Loan Association will cause to be paid to Receiver from the funds generated by the operations of Valley International Country Club revenue sources all such expenses. The Receiver will agree not to assert any other claim against revenue from this period.

With respect to monies generated subsequent to January 20, 1977, from dues paid by country club members, either at Valley International Country Club or Rancho Viejo Country Club, the same will be divided by payment of 57 percent to Brownsville Savings & Loan Association and 43 percent to the Receiver. Such arrangement relative to the division of dues shall continue for the duration of the Receivership unless terminated earlier by mutual agreement of the Receiver and Brownsville Savings & Loan Association.

With respect to revenue generated subsequent to January 31, 1977, from all sources other than club dues, Brownsville Savings & Loan Association shall be entitled to receive and retain all such revenue regardless of when actually collected. The Receiver agrees not to asse~ any claim against such revenue.

-5-

4.  Brownsville Savings & Loan Association shall deliver
to the Receiver an agreement of indemnity as executed contemporaneously
herewith.

5.  The parties hereto acknowledge that Brownsville Savings
& Loan Association and its agents have utilized the accounting ser-
vices and facilities of the Operating Receiver. Brownsville Savings
& Loan Association agree to reimburse the Operating Receiver its pro
rata portion of actual cost of the services and facilities used or
expended on behalf of Brownsville Savings & Loan Association from and
after January 20, 1977. Similarly, from and after January 20, 1977,
Brownsville Savings & Loan Association and its agent have utilized in
connection with the operating of Valley International Country Club,
certain personal property which is not mortgaged or pledged to Browns-
ville Savings & Loan Association and herefore under the Court's orders
is the property of the Debtor corporation subject to the custody and
control of the Operating Receiver. Brownsville Savings & Loan
Association agrees to reimburse the Operating Receiver for the fair
value for the use of such property from the revenue of Valley Inter-
national Country Club. The parties also recognize that the Receiver
has incurred insurance costs in connection with the employees, prop-
erties and facilities utilized by Brownsville Savings & Loan Associa-
tion and its agent. Brownsville Savings & Loan Association agrees to
reimburse the Operating Receiver for its proportional share of such
insurance costs.

6.  In connection with the payment of reimbursements
accruing prior to the aciton of the Court hereon and contemplated and
agreed to hereinabove, the parties agree that after the expiration of
ten (10) days from the date of the entry of the Order approving the
execution of this Stipulation and Agreement each party hereto shall
provide an accounting to the other party of the amounts which the
particular party believe to be owing to it by the other party pur-
suant to the terms of this Stipulation and Agreement. In order to
facilitate the preparation of the accounting, each party will provide
the other complete access to its records of account. If no objection
is made by one party to the accounting of the other, payment in satis-
faction of this Stipulation and Agreement will be made within five (5)

-6-

days after the submission of such accounting.  As to items so agreed
upon and accruing after such court action, the party having the
records of the facts on which the same are based shall account to the
other within ten (10) days after such accrual, and the obligated party
shall pay the same upon demand.  In the event a dispute arises as to
amounts due and owing under this Stipulation and Agreement, the same
will be submitted to the Bankruptcy Court for final determination.

7.    In connection with the operation of that certain
laundry facility located at Valley International Country Club by
Brownsville Savings & Loan Association, Brownsville Savings & Loan
Association and its agent agree that James T. Rash, Operating Receiver,
shall be entitled to the reasonable use of said laundry facility as
may be required as a result of his operation of the Rancho Viejo
Country Club.  The Operating Receiver agrees that the costs incurred
by Brownsville Savings & Loan Association or its agent in connection
with the operation of said laundry facility after January 19, 1977,
shall be allocated between Brownsville Savings & Loan Association and
the Operating Receiver based upon a "per piece" ratio.  The Operating
Receiver agrees to reimburse that portion of total operating costs as
determined by a fraction whose numerator is the total number of pieces
of linen processed for the Operating Receiver and whose denominator is
the total number of pieces of linen processed for both the Operating
Receiver and Brownsville Savings & Loan Association.

8.    Brownsville Savings & Loan Association agrees with the
Operating Receiver that during his tenure any guests who may occupy
the facilities at Rancho Viejo Country Club may have full and un-
restricted use of the convention facilities located at Valley Inter-
national Country Club, in connection with which the Operating Receiver
and any guests at Rancho Viejo Country Club will be charged the same
prices as are made available to the guests occupying the premises at
Valley International Country Club.  Use of the facilities shall be on
a reservation basis with the party making the earliest reservation in
time being entitled to the use of the convention facilities.

9.    The Receiver agrees that during its tenure that guests
occupying any of the facilities at Valley International Country Club

-7-

shall have the same rights to use the golf facilities at Rancho Viejo
Country Club as are extended by the said Brownsville Savings & Loan
Association or its agents to guests at Rancho Viejo Country Club, it
being contemplated that the facilities at the two Clubs shall be made
open and reciprocal to the guests at the other, upon the payment of
fees and charges in equal amounts for equal rights and privileges.

10.   Billing of charges at the respective Clubs shall be
conducted in accordance with procedures agreed upon by the respective
accountants of the parties hereto, and to the extent that any charges
for use of facilities, services or food and beverages or the like
which through such procedures may be collected by either of the parties
hereto, shall be duly accounted for and paid to the operator of the
country club facilities which generated such charges.  All dues
collected for the period after January 19, 1977, shall be divided
between the parties on the ratio of 57 percent to Valley International
Country Club and 43 percent to Rancho Viejo Country Club, or the
respective operators thereof.

11.   The Receiver shall keep intact in a separate account
all funds collected in advance as a minimum spending allowance for any
period after January 19, 1977, and shall pay therefrom on a monthly
basis to Brownsville Savings & Loan Association or its agent such
minimum spending allowance utilized to pay for food, beverages, ser-
vices or provileges actually furnished at Valley International Country
Club.  Any unused portion of such food minimum at the expiration of
the period for which such minimum charges are paid shall be divided
between the operators of the two clubs on the basis of 43 percent to
the operator of Rancho Viejo Country Club and 57 percent to the
operator of Valley International Country Club.

AGREED AND EXECUTED THIS _____ day of _March_____,
1977.

BROWNSVILLE SAVINGS &
LOAN ASSOCIATION

_JAMES T. RASH_____          BY: _____
JAMES T. RASH, OPERATING RECEIVER
for the Estates of Valley Inter-
national Properties, Inc., and Los
Conquistadores, Ltd., Debtors, and
not individually

-8-

12:

DEED RECORDS

**TRUSTEE'S DEED**

**12653**

THE STATE OF TEXAS )
)     KNOW ALL MEN BY THESE PRESENTS:
COUNTY OF CAMERON )

#18-007797-4

VOL 1085 PAGE 123

WHEREAS, on the __1st__ day of __October__, 19__75__, VALLEY
INTERNATIONAL PROPERTIES, INC., executed and delivered to me, C. Fount
Ray, as Trustee, a Deed of Trust of said date, which is of record in
Volume __665__, Page __482__, of the Records of Deeds of Trust of
Cameron County, Texas, whereby, for the purpose of securing the payment
of certain indebtedness set out in said Deed of Trust, it Granted,
Sold and Conveyed to me, the said C. Fount Ray, in trust, the following
described property, situated, lying and being in the County of Cameron
and State of Texas, viz:

12.68 acres in Brownsville, Cameron County, Texas, more particularly described by metes
and bounds as follows:

TRACT ONE: All that certain 2.26 acre tract or parcel of land, more or less, being part
of Lots 110 and 111 and a part of Block "W" of Brownsville Land and Improvement Company's
Subdivision, Share 22, Espiritu Santo Grant, Cameron County, Texas, and being the same
property conveyed by Kathryn Root Scanlan, et vir, to Mrs. H. D. Seago, by Deed dated
March 3, 1947, recorded in Volume 412 at Page 59 of the Deed Records of Cameron County,
Texas, and being the same property conveyed to the Grantors herein by deed dated
August 2, 1967, executed by Kathryne W. Seago and filed for record in Volume 840 at Page
357 of the Deed Records of Cameron County, Texas.

TRACT TWO: All that certain 2.09 acre tract or parcel of land, more or less, being part
of Lots 110, 111 and 112, and a part of Block "W" of Brownsville Land and Improvement
Company's Subdivision, Share 22, Espiritu Santo Grant, Cameron County, Texas, and being
the same property conveyed by P. J. Stafford, et al., to Albert W. Fernandez by Deed
dated December 12, 1950, recorded in Volume 508 at Page 385 of the Deed Records of
Cameron County, Texas, and being the same property conveyed to the Grantors herein by
deed dated August 14, 1967, executed by Albert M. Fernandez and filed for record in
Volume 840 at Page 395 of the Deed Records of Cameron County, Texas.

TRACT THREE: All that certain tract or parcel of land out of Boulevard Lots Nos. 112
and 113, and Block W, Brownsville Land and Improvement Company's Subdivision, Cameron
County, Texas, according to Map or Plat thereof recorded in Volume 1 at Page 18 of the
Map Records of Cameron County, Texas, more particularly described as follows, to-wit:

FIRST:

BEGINNING at a point on South line of roadway at the Northwest corner of a certain three
(3) acre tract, heretofore sold by the Brownsville Land and Improvement Company to J.S.
Celaya and Katherine Root out of the Brownsville Land and Improvement Company's Sub-
division in Share 22, Espiritu Santo Grant, Cameron County, Texas, for the Northeast
corner of the tract herein described;

THENCE with the West boundary line of said three (3) acre tract South 6 deg. 06 min.
West 592.7 feet to point in the center line of West Brownsville Canal Company's canal
for the Southeast corner of the tract herein described;

THENCE with center line of said canal South 47 deg. 18 min. West 151.9 feet for South-
west corner of the tract herein described;

THENCE North 6 deg. 06 min. East 665.4 feet to a point on South line of roadway for the
Northwest corner of the tract herein described;

**EXHIBIT**

A-6

124

THENCE North 73 deg. 31 min. East 108.3 feet to place of beginning, containing by the above metes and bounds One and 44/100 (1.44) acres, subject, however, to the rights of the West Brownsville Canal Company in and to its canal and right-of-way therefor covered by the above description, which canal and right-of-way is not intended to be conveyed by this instrument; and

SECOND:

One-third (1/3) acre, more or less, being the land lying North of a one hundred (100) foot right-of-way for road lying adjacent to and North of the above described tract and extending from the North line of said right-of-way for road to the South boundary line of the Valley International Country Club property, being approximately the center of the Guerra Resaca, and bounded on the East and West by Northerly extensions of the East and West boundaries of the One and 44/100 (1.44) acre tract above described, subject, however, to canal rights-of-way of Cameron County Water Control and Improvement District No. 7.

Being the same property conveyed by Brownsville Land and Improvement Company to R. A. Hightower by deed dated December 5, 1927, recorded in Volume 175, at Page 82 of the Deed Records of Cameron County, Texas; and being the same property conveyed by H. R. McKay to Ray L. Simmons et ux by deed dated April 12, 1966, recorded in Volume 844 at Page 894 of the Deed Records of Cameron County, Texas.

TRACT FOUR:  All that certain 6.56 acre tract or parcel of land, more or less, being part of Lots 113 through 118, inclusive, and a part of Block "W" of Brownsville Land and Improvement Company's Subdivision, Share 22, Espiritu Santo Grant, Cameron County, Texas, and being the same property conveyed by Joel Wallenstein, et al. to Albert M. Fernandez and Robert L. Fernandez by deed dated January 15, 1953, recorded in Volume 552, at Page 519 of the Deed Records of Cameron County, Texas, and being the same property conveyed to the Grantors herein by deed dated August 10, 1967, executed by Albert M. Fernandez and Robert L. Fernandez and filed for record in Volume 840 at Page 409 of the Deed Records of Cameron County, Texas.

        TO HAVE AND TO HOLD, the herein described premises, together with

all and singular the rights and appurtenances thereto in any wise

belonging unto me, the said Trustee, to my successor or substitute in

this trust, and to my and our assigns forever; and

        WHEREAS, default has been made in the payment of said indebtedness

and BROWNSVILLE SAVINGS AND LOAN ASSOCIATION, of Brownsville, Texas, the

holder of said indebtedness has since said default, requested me, the

said Trustee, to sell said property in accordance with the provisions

of said Deed of Trust, for the purpose of paying said indebtedness; and

VOL 1086 PAGE 125     Page 2

WHEREAS, pursuant to said request and to the provisions of said Deed of Trust, I proceeded to sell said property at public auction, at the Court House door of Cameron County, Texas, between the hours of ten o'clock A.M. and four o'clock P.M., on Tuesday, the 7th of June, A.D. 1977, after having given public notice of the time, place and terms of such sale, as prescribed by the terms of said Deed of Trust, and after first posting written notice thereof for three consecutive weeks prior to the day of sale in three public places in said County, one of which was posted at the Court House door of said County; one of which was posted at the City Hall, Brownsville, Texas; and one of which was posted at the U. S. Post Office (Downtown), Brownsville, Texas; and

WHEREAS, at such sale said property was by me struck off to LOS CAMPEONES, INC., a Texas corporation, for the price and sum of ONE HUNDRED SIXTY-SEVEN THOUSAND SIX HUNDRED AND NO/100THS--------- DOLLARS, it being the best and highest bidder for the same, and said sum being the best and highest bid therefor;

NOW, THEREFORE, KNOW ALL MEN BY THESE PRESENTS, that I, C. FOUNT RAY, of Cameron County, Texas, Trustee as aforesaid, by virtue of the powers granted to me by said Deed of Trust, and in consideration of the foregoing premises and of the sum of ONE HUNDRED SIXTY-SEVEN THOUSAND SIX HUNDRED AND NO/100THS-----------DOLLARS, to me cash in hand paid by the said LOS CAMPEONES, INC., a Texas corporation, the receipt whereof is hereby acknowledged, (which said sum of money I have applied according to the directions of said Deed of Trust), have Granted, Sold and Conveyed, and by these presents do Grant, Sell and Convey unto the said LOS CAMPEONES, INC., of the County of Cameron, State of Texas, the property hereinbefore described.

TO HAVE AND TO HOLD the said property, together with all and singular the rights and appurtenances thereto in any wise belonging unto the said LOS CAMPEONES, INC., its successors and assigns forever. And for and on behalf of the said VALLEY INTERNATIONAL PROPERTIES, INC., Grantor in said Deed of Trust, and its successors and assigns, I do

Case 1:00-cv-00173   Document 25   Filed in TXSD on 04/02/2001   Page 92 of 318

Page 3

hereby bind the said VALLEY INTERNATIONAL PROPERTIES, INC., its succes-

sors and assigns, to Warrant and Forever Defend, all and singular, said

premises, in so far as is authorized by said Deed of Trust, unto the

said LOS CAMPEONES, INC., its successors and assigns, against every

person whomsoever lawfully claiming or to claim the same or any part

thereof.

     WITNESS MY HAND this 7th day of June, A.D. 1977.    VOL 1086 PAGE 126

                                     C. FOUNT RAY, TRUSTEE

THE STATE OF TEXAS

COUNTY OF CAMERON

     BEFORE ME, the undersigned, a Notary Public in and for said
County and State, on this day personally appeared C. FOUNT RAY, known
to me to be the person whose name is subscribed to the foregoing instru-
ment, and acknowledged to me that he executed the same for the purposes
and consideration therein expressed, and in the capacity therein stated.

     GIVEN UNDER MY HAND AND SEAL OF OFFICE this the 7th day of June,
A.D. 1977.

                        Notary Public in and for Cameron
                                County, Texas

                               GWEN HEARN
              NOTARY PUBLIC, CAMERON COUNTY, TEXAS
                    COMM. EXP. 10-31

127

*18-7797-4*

## AFFIDAVIT OF MAILING NOTICE OF FORECLOSURE

THE STATE OF TEXAS

COUNTY OF CAMERON

VOL 1086 PAGE 127

BEFORE ME, the undersigned authority, on this day personally appeared C. FOUNT RAY, personally known to me, who, after being by me duly sworn, upon oath deposes and says:

My name is C. Fount Ray. I reside in Brownsville, Texas, and I am an employee of Ransome & Ray, P. C., Attorneys at Law, Brownsville, Texas. On the 10th day of May, 1977, a day at least 21 days preceding the date of sale under foreclosure of lien by Trustee having power of sale given in instrument recorded in Volume **665**, at Page **482**, Deed of Trust Records of Cameron County, Texas, I deposited written notice of the proposed sale, by Certified Mail, to the following debtors, who are shown by the records of Brownsville Savings & Loan Association, of Brownsville, Texas, the present holder of the debt, to be obligated to pay such debt. Debtors receiving such notice are:

1.  Bill D. Bass, President
    Valley International Properties, Inc.
    P. O. Box 523
    Brownsville, Texas 78520            Certified Mail No. 397725

2.  Mr. Bill D. Bass
    P. O. Box 523
    Brownsville, Texas 78520            Certified Mail No. 397726

3.  Bill D. Bass, General Partner
    Los Conquistadores, Ltd.
    P. O. Box 523
    Brownsville, Texas 78520            Certified Mail No. 397727

Such notices were deposited, enclosed in a postpaid wrapper, properly addressed to those named above at the above addresses, (same being their most recent addresses shown by the records of the present holder of the debt), in a post office or official depository under the care and custody of the United States Postal Service.

On said 10th day of May, 1977, (a day more than 25 days prior to date of fore-closure), written notice of the proposed sale was likewise sent to:

1.  District Director
    Internal Revenue SErvice
    300 E. 8th Street
    Austin, Texas 78701
    Attention: Chief, Special Procedures Staff    Certified Mail No. 397724

Foreclosure by Brownsville Savings & Loan Association, a secured creditor of Valley International Properties, Inc. and Los Conquistadores, Ltd. was authorized by the Bankruptcy Judge in Cause No. 76-B-47, Adversary E, in the United States District Court for the Southern District of Texas, Brownsville Division, on May 18, 1977.

FURTHER AFFIANT SAITH NOT.

C. FOUNT RAY

SWORN TO AND SUBSCRIBED BEFORE ME by the said C. FOUNT RAY on this 19th day of May, 1977, TO CERTIFY WHICH WITNESS MY HAND AND SEAL OF OFFICE.

Gwen Hearn, Notary Public, Cameron County, Texas

THE STATE OF TEXAS
COUNTY OF CAMERON

BEFORE ME, the undersigned authority, a Notary Public in and for said County and State, on this day personally appeared C. FOUNT RAY, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressed.
GIVEN UNDER MY HAND AND SEAL OF OFFICE this 19th day of May, 1977.

Gwen Hearn, Notary Public, Cameron County, Texas

Case 1:00-cv-00173   Document 25   Filed in TXSD on 04/02/2001   Page 94 of 318

VOL 1086 PAGE 128

$5.00

12653

C. FOUNT RAY, TRUSTEE

TO

LOS CAMPEONES, INC.

FILED FOR RECORD

JUN 13 1977

JOE G. RIVERA
Clerk County Court, Cameron County, Texas

TRUSTEE'S DEED

Record and return to:

Los Campeones, INC.
P. O. Box 3850
Brownsville, Texas 78520

RANSOME & RAY, P.C.
ATTORNEYS AT LAW
POST OFFICE BOX 3850
BROWNSVILLE, TEXAS 78520

STATE OF TEXAS
COUNTY OF CAMERON
I hereby certify that this Instrument was FILED on the date and at the time stamped hereon by me and was duly RECORDED in the Volume and page of the named RECORDS of Cameron County, Texas as stamped hereon by me.

JUN 13 1977

Joe G. Rivera
County Clerk
Cameron County, Texas

State of Texas
County of Cameron

I, Joe G. Rivera, County Clerk of
Cameron County, Texas, do hereby certify
that the foregoing is a true and correct
copy of the original record now on file
and/or recorded by me in the _____
_DEED_ Records, Volume _1086_
page(s) _123-128_
_MARCH 3, 2001_ Date
JOE G. RIVERA, COUNTY CLERK
Cameron County, Texas

By _Dan Hinojosa_   Deputy

DEED RECORDS        TRUSTEE'S DEED        #18-7808-9

THE STATE OF TEXAS    X
                      X    **12654** Vol **1086** PAGE **129**
COUNTY OF CAMERON     X    KNOW ALL MEN BY THESE PRESENTS:

WHEREAS, on the __20th__ day of ___January___, 19 _76_, VALLEY INTERNATIONAL PROPERTIES, INC., executed and delivered to me, C. Fount Ray, as Trustee, a Deed of Trust of said date, which is of record in Volume __671__, Page __659__, of the Records of Deeds of Trust of Cameron County, Texas, whereby, for the purpose of securing the payment of certain indebtedness set out in said Deed of Trust, it Granted, Sold and Conveyed to me, the said C. Fount Ray, in trust, the following described property, situated, lying and being in the County of Cameron and State of Texas, viz:

10.97 Acres out of Blocks 40, 41, and 42 Media Luna Subdivision out of Share 22 Espiritu de Santo Grant, Brownsville, Cameron County, Texas:

BEGINNING at a point on the center line of Country Club Road, which is South 6 deg. 29 min. 00 sec. West, a distance of 552.81 feet from a bolt, said bolt is the intersection of the North line of Block X and the East line of Brownsville Land and Improvement Company Subdivision and also the center line of Country Club Road; said point of beginning also being the Southwest corner of the Tract herein described;

THENCE along the center line of Country Club Road, North 6 deg. 29 min. 0 sec. East, a distance of 606.24 feet, to a point for a Northwest corner of this tract, and also the Northwest corner of Cook Tract;

THENCE South 83 deg. 20 min. 57 seconds East, a distance of 268.38 feet to a point for a corner of this tract, also for the Northeast corner of the Cook tract; and also the Southwest corner of Clendenin Tract;

THENCE along the West boundary line of the Clendenin Tract North 6 deg. 14 min. 14 seconds East, a distance of 150.65 feet to a point for a corner of this tract, and also the Northwest corner of the Clendenin tract;

THENCE along the North boundary line of the Clendenin tract South 83 deg. 55 min. 46 sec. East, a distance of 578.333 feet to a point for a corner of this tract, and also the Northeast corner of the Clendenin tract;

THENCE 6 deg. 14 min. 14 sec. West, a distance of 149.90 feet to a point for a corner of this Tract, and also the Southeast corner of the Clendenin tract;

THENCE North 86 deg. 02 min. 29 sec. East, a distance of 36.32 feet to a point for the Northeast corner of this tract;

THENCE South 71 deg. 40 min. 30 sec. East, a distance of 55.12 feet to a point for a corner of this tract;

THENCE South 37 deg. 06 min. 0 sec. West, a distance of 135.00 feet to a point for a corner of this tract;

THENCE South 58 deg. 06 min. 00 sec. West, a distance of 268.45 feet to a point for a corner of this tract;

THENCE South 43 deg. 40 min. 55 sec. West, a distance of 441.71 feet to a point for the Southeast corner of this tract;

ORIGINAL DIM

THENCE North 41 deg. 19 min. 05 sec. West, a distance of 35.83 feet to a point for a corner of this tract;

THENCE North 86 deg. 14 min. 48 sec. West, a distance of 324.32 feet to the PLACE OF BEGINNING, containing 10.97 acres of land more or less.

SAVE AND EXCEPT 9.112 acres and 0.758 acre, respectively, out of said 10.97 acre tract in Blocks 40, 41 and 42, Media Luna Sub-division, Share 22, Espiritu Santo Grant, as recorded in the Cameron County Map Records, Volume 1, Page 17, Cameron County, Texas, said 9.112 acres and 0.758 acre being more particularly described by metes and bounds as Tract 1 (A) and (B) in Deed dated June 28, 1976, from Valley International Properties, Inc. to Brownsville Savings & Loan Association, of Brownsville, Texas, which said Deed is duly recorded in the office of the County Clerk of Cameron County, Texas, and to which instrument and the record thereof reference is here made for all purposes in connection herewith.

Lots 716 and 717, Country Club "North", according to a Condominium Declaration by Valley Inn & Country Club, Inc. denominated Condominium Number Five, recorded in Volume 2, Pages 697-698 of the Condominium Records of Cameron County, Texas; together with Lots 912, 914, 915 and 917, Country Club "North", according to an unrecorded map which said lots are out of an 8.14 acre tract of land in Tannehill and Russell Tract in Share 22 of the Espiritu Santo Grant, Cameron County, Texas, said 8.14 acre tract being as conveyed to Valley Inn & Country Club, Inc. by a Deed recorded in Volume 790, Page 634 of the Deed Records of Cameron County, Texas; and said lots in the "900 Series" being more particularly described by metes and bounds as follows:

### Lot 912

Being 0.572 acres of land out of the Tannehill and Russell Tract as recorded in the Cameron County Deed Records, Vol. 790, Page 634, Share 22 Espiritu Santo Grant, Cameron County, Texas, and more particularly described as follows:

BEGINNING at a conc. mon. in the intersection of the West Right-of-Way Line of U. S. Highway 77, and the Southwest corner of the Sahara Motel Prop., said point of beginning also being the Northeast corner of Lot 912 herein described;

THENCE along the West Right-of-Way Line of U. S. Highway No. 77, S., 37 deg. 20 min. 20 sec. W., 156.75 feet to a point for the Southeast corner of Lot 912, and the Northeast corner of Lot 914;

THENCE N. 53 deg. 06 min. 16 sec. W., 145.433 feet to a point for the Southwest corner of Lot 912, and the Northwest corner of Lot 914;

THENCE N. 36 deg. 53 min. 44 sec. E., 184.356 feet to a point for the Northwest corner of Lot 912;

THENCE S. 42 deg. 25 min. 36 sec. E., 149.23 feet to the Place of Beginning, containing 0.572 acres of land, more or less.

### Lot 914

Being 0.617 acres of land out of the Tannehill and Russell Tract, as recorded in the Cameron County Deed Records, Vol. 790, Page 634, Share 22, Espiritu Santo Grant, Cameron County, Texas, and more particularly described as follows:

BEGINNING at a conc. mon. which is N. 42 deg. 25 min. 36 sec. W., 149.23 feet, and S. 36 deg. 53 min. 44 sec. W., 184.356 feet from the intersection of the West Right-of-Way Line of U. S. Highway No. 77, and the Southwest corner of the Sahara Motel Prop., said point of Beginning, being the Northwest corner of Lot 914 herein described;

THENCE S. 53 deg. 06 min. 16 sec. E., 145.433 feet to a point for the Northeast corner of Lot 914, and on the West Right-of-Way Line of U. S. Highway No. 77;

THENCE along the West Right-of-Way Line of U. S. Highway No. 77, S. 37 deg. 20 min. 20 sec. W., 156.92 feet to a point for a corner of Lot 914, and to a point of curvature to the left having a radius of 2351.77 feet;

ORIGINAL DIM

THENCE continuing along the West Right-of-Way Line of U. S. No. 77, and also along of said curve, 46.50 feet to a point for the Southeast corner of Lot 914, and the Northeast corner of Lot 915;   VOL 1086 PAGE 131

THENCE E. 39 deg. 21 min. 12 sec. W., 148.571 feet to a point for the Southwest corner of Lot 914;

THENCE N. 36 deg. 53 min. 44 sec. E., 168.129 feet to the Place of Beginning, containing 0.617 acres of land, more or less.

## Lot 915

Being 0.556 acres of land out of the Wood and Martin Tract, of the Media Luna Subdivision,   as recorded in the Cameron County Map Records, Vol. 1, Page 17, Share 22, Espiritu Santo Grant, Cameron County, Texas and more particularly described as follows:

BEGINNING at a point which is N. 24 deg. 10 min. 00 sec. W., 407.08 feet and S. 75 deg. 33 min. 39 sec. E., 154.366 feet, and S. 87 deg. 45 min. 00 sec. E., 93.00 feet, from the intersection of the West Right-of-Way Line of Old State Highway No. 12, said point of Beginning, being the Southwest corner of the Lot 915 herein described, and the Southeast corner of Lot 913;

THENCE N. 2 deg. 15 min. 00 sec. E., 152.95 feet to a point for the Northwest corner of Lot 915;

THENCE N. 88 deg. 15 min. 17 sec. E., 96.41 feet to a point for a corner of Lot 915;

THENCE N. 50 deg. 38 min. 48 sec. E., 80.00 feet to a point for the Northeast corner of Lot 915;

THENCE S. 39 deg. 21 min. 12 sec. E., 57.00 feet to a point for a corner of this Tract, and also to a point on the West Right-of-Way Line of the U. S. Highway No. 77, and also to a point on the curve to the left having a radius of 2351.77 feet;

THENCE along said West Right-of-Way Line of the U..S. Highway No. 77, and also along of said curve 199.806 feet to a point for the Southeast corner of Lot 915;

THENCE N. 87 deg. 45 min. 00 sec. W., 89.235 feet to the Place of Beginning, containing 0.556 acres of land, more or less.

## Lot 917

Being 0.430 acres of land out of the Wood and Martin Tract, of the Media Luna Subdivision, as recorded in the Cameron County Map Records, Vol. 1, Page 17, Share 22, Espiritu Santo Grant, Cameron County, Texas, and more particularly described as follows:

BEGINNING at a point which is N. 24 deg. 10 min. 00 sec. W., 407.08 feet, and S. 75 deg. 33 min. 39 sec. E., 154.366 feet, and S. 87 deg. 45 min. 00 sec. E., 93.00 feet, and N. 2 deg. 15 min. 00 sec. E., 152.95 feet from the intersection of the West Right-of-Way Line of U. S. Highway No. 77, and the East Right-of-Way Line of Old State Highway No. 12, said point of Beginning, being the Southwest corner of the Lot 917, herein described and the Northwest corner of Lot 915;

THENCE N. 60 deg. 21 min. 12 sec. W., 40.365 feet to a point for a corner of this tract;

THENCE N. 29 deg. 38 min. 48 sec. E., 183.00 feet to a point for the Northwest corner of Lot 917;

THENCE S. 39 deg. 21 min. 12 sec. E., 162.103 feet to a point for the Northeast corner of Lot 917;

THENCE S. 50 deg. 38 min. 48 sec. W., 80.00  feet to a point for the Southeast corner of Lot 917;

THENCE S. 88 deg. 15 min. 17 sec. W., 96.41 feet to the Place of Beginning, con-taining 0.430 acres of land, more or less.

A 4.74 acre tract out of the Tannehill & Russell Tract, in Share 22, Espiritu Santo Grant, Brownsville, Cameron County, Texas, and being a part of the property conveyed to Everett E. Fane, said 4.74 acre tract being more particu-larly described by metes and bounds as follows:

BEGINNING at the Northeast corner of the said Tannehill & Russell Tract;

THENCE with the North line of said Tannehill & Russell Tract in the South right-of-way line of the Cottingham Canal, North 87 deg. 39 min. 00 sec. West a distance of 603.73 feet to a point;

THENCE North 82 deg. 19 min. 0 sec. West a distance of 161.4 feet to a point for the Northwest corner of this tract;

THENCE with the center line of an irrigation laterals, South 16 deg. 17 min. 00 sec. East a distance of 277.4 feet to an angle point of said laterals;

THENCE South 42 deg. 54 min. 00 sec. East for a distance of 458.0 feet to a point on the Northwest Right-of-way line of Old State Highway No. 12 and the Southwest corner of this tract;

THENCE with said right-of-way line, parallel to and 30 feet distance from center line of Old State Highway No. 12, North 47 deg. 24 min. 0 sec. East for a distance of 357.4 feet to a point;

THENCE North 42 deg. 36 min. 00 sec. West a distance of 449.036 feet to a point, in the North line of the Tannehill & Russell Tract and the POINT OF BEGIN-NING;

CONTAINING 4.74 acres, more or less. (The above description is describing the area West of the Brownsville Registration Office).

SAVE AND EXCEPT 0.363 acres of land contained therein and described as follows:

0.363 acre, more or less, out of a 6.57 acre tract out of the TANNEHILL AND RUSSELL TRACT, Share 22, Espiritu Santo Grant in Cameron County, Texas, described by metes and bounds as follows:

BEGINNING at a point which is North 87 deg. 39 min. West, 69.873 feet, and South 84 deg. 31 min. 15 sec. West, 237.868 feet, and South 87 deg. 51 min. 06 sec. West, 117.933 feet from the Northeast corner of the Tannehill and Russell Tract, said point of beginning, being on a curve to the right having a radius of 1014.93 feet and being the Northeast corner of the tract herein described;

THENCE South 25 deg. 43 min. 45 sec. East, 125.00 feet to a point for the Southeast corner of this tract;

THENCE South 46 deg. 36 min. 15 sec. West, 29.00 feet to a point for a corner of this tract;

THENCE South 85 deg. 08 min. 45 sec. West, 133.10 feet to a point for the Southwest corner of this tract;

THENCE North 5 deg. 27 min. 43 sec. East, 127.419 feet to a point for the Northwest corner of this tract and on the Right-of-Way line of F. M. 802, and on a curve to the left having a radius of 1014.93 feet;

THENCE along the arc of said curve to the left having a radius of 1014.93 feet a distance of 87.50 feet to the place of beginning, containing 0.363 acres of land, more or less.

VOL 1086 PAGE 133

TO HAVE AND TO HOLD, the herein described premises, together with all and singular the rights and appurtenances thereto in any wise belonging unto me, the said Trustee, to my successor or substitute in this trust, and to my and our assigns forever; and

WHEREAS, default has been made in the payment of said indebtedness and BROWNSVILLE SAVINGS AND LOAN ASSOCIATION, of Brownsville, Texas, the holder of said indebtedness has since said default, requested me, the said Trustee, to sell said property in accordance with the provisions of said Deed of Trust, for the purpose of paying said indebtedness; and

Case 1:00-cv-00173  Document 25   Filed in TXSD on 04/02/2001  Page 101 of 318

WHEREAS, pursuant to said request and to the provisions of said
Deed of Trust, I proceeded to sell said property at public auction, at
the Court House door of Cameron County, Texas, between the hours of
ten o'clock A.M. and four o'clock P.M., on Tuesday, the 7th of June,
A.D. 1977, after having given public notice of the time, place and
terms of such sale, as prescribed by the terms of said Deed of Trust,
and after first posting written notice thereof for three consecutive
weeks prior to the day of sale in three public places in said County,
one of which was posted at the Court House door of said County; one
of which was posted at the City Hall, Brownsville, Texas; and one of
which was posted at the U. S. Post Office (Downtown), Brownsville,
Texas; and

WHEREAS, at such sale said property was by me struck off to LOS
CAMPEONES, INC., a Texas corporation, for the price and sum of THREE
HUNDRED SIXTY-FOUR THOUSAND AND NO/100THS----($364,000.00)------DOLLARS,
it being the best and highest bidder for the same, and said sum being
the best and highest bid therefor;

NOW, THEREFORE, KNOW ALL MEN BY THESE PRESENTS, that I, C. FOUNT
RAY, of Cameron County, Texas, Trustee as aforesaid, by virtue of the
powers granted to me by said Deed of Trust, and in consideration of the
foregoing premises and of the sum of THREE HUNDRED SIXTY-FOUR THOUSAND
AND NO/100THS---($364,000.00)----DOLLARS, to me cash in hand paid by the
said LOS CAMPEONES, INC., a Texas corporation, the receipt whereof is
hereby acknowledged, (which said sum of money I have applied according
to the directions of said Deed of Trust), have Granted, Sold and Con-
veyed, and by these presents do Grant, Sell and Convey unto the said
LOS CAMPEONES, INC., of the County of Cameron, State of Texas, the
property hereinbefore described.

TO HAVE AND TO HOLD the said property, together with all and
singular the rights and appurtenances thereto in any wise belonging unto
the said LOS CAMPEONES, INC., its successors and assigns forever. And
for and on behalf of the said VALLEY INTERNATIONAL PROPERTIES, INC.,
Grantor in said Deed of Trust, and its successors and assigns, I do

Page 3

hereby bind the said VALLEY INTERNATIONAL PROPERTIES, INC., its successors and assigns, to Warrant and Forever Defend, all and singular, said premises, in so far as is authorized by said Deed of Trust, unto the said LOS CAMPEONES, INC., its successors and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof.

WITNESS MY HAND this 7th day of June, A.D. 1977.

_C. Fount Ray_
C. FOUNT RAY, TRUSTEE

THE STATE OF TEXAS

COUNTY OF CAMERON

BEFORE ME, the undersigned, a Notary Public in and for said County and State, on this day personally appeared C. FOUNT RAY, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressed, and in the capacity therein stated.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this the 7th day of June, A.D. 1977.

_Gwen Hearn_
Notary Public in and for Cameron County, Texas

GWEN HEARN
NOTARY PUBLIC, CAMERON COUNTY, TEXAS
COMM. EXP. 10-31-73

136

18-7808-9

## AFFIDAVIT OF MAILING NOTICE OF FORECLOSURE

THE STATE OF TEXAS

COUNTY OF CAMERON

Vol 1086 PAGE 136

BEFORE ME, the undersigned authority, on this day personally appeared C. FOUNT RAY, personally known to me, who, after being by me duly sworn, upon oath deposes and says:

My name is C. Fount Ray.  I reside in Brownsville, Texas, and I am an employee of Ransome & Ray, P. C., Attorneys at Law, Brownsville, Texas.  On the 10th day of May, 1977, a day at least 21 days preceding the date of sale under foreclosure of lien by Trustee having power of sale given in instrument recorded in Volume _671_, at Page _659_, Deed of Trust Records of Cameron County, Texas, I deposited written notice of the proposed sale, by Certified Mail, to the following debtors, who are shown by the records of Brownsville Savings & Loan Association, of Brownsville, Texas, the present holder of the debt, to be obligated to pay such debt.  Debtors receiving such notice are:

1. Bill D. Bass, President
   Valley International Properties, Inc.
   P. O. Box 523
   Brownsville, Texas 78520                    Certified Mail No. 397725

2. Mr. Bill D. Bass
   P. O. Box 523
   Brownsville, Texas 78520                    Certified Mail No. 397726

3. Bill D. Bass, General Partner
   Los Conquistadores, Ltd.
   P. O. Box 523
   Brownsville, Texas 78520                    Certified Mail No. 397727

Such notices were deposited, enclosed in a postpaid wrapper, properly addressed to those named above at the above addresses, (same being their most recent addresses shown by the records of the present holder of the debt), in a post office or official depository under the care and custody of the United States Postal Service.

On said 10th day of May, 1977, (a day more than 25 days prior to date of foreclosure), written notice of the proposed sale was likewise sent to:

1. District Director
   Internal Revenue SErvice
   300 E. 8th Street
   Austin, Texas  78701
   Attention:  Chief, Special Procedures Staff    Certified Mail No. 397724

Foreclosure by Brownsville Savings & Loan Association, a secured creditor of Valley International Properties, Inc. and Los Conquistadores, Ltd. was authorized by the Bankruptcy Judge in Cause No. 76-B-47, Adversary E, in the United States District Court for the Southern District of Texas, Brownsville Division, on May 18, 1977.

FURTHER AFFIANT SAITH NOT.

_C. Fount Ray_
C. FOUNT RAY

SWORN TO AND SUBSCRIBED BEFORE ME by the said C. FOUNT RAY on this 19th day of May, 1977, TO CERTIFY WHICH WITNESS MY HAND AND SEAL OF OFFICE.

_Gwen Hearn_
Gwen Hearn, Notary Public, Cameron County,
Texas

THE STATE OF TEXAS
COUNTY OF CAMERON

BEFORE ME, the undersigned authority, a Notary Public in and for said County and State, on this day personally appeared C. FOUNT RAY, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressed.
GIVEN UNDER MY HAND AND SEAL OF OFFICE this 19th day of May, 1977.

_Gwen Hearn_
Gwen Hearn, Notary Public, Cameron County, Texas

137

VOL 1086 PAGE 137

12654

C. FOUNT RAY, TRUSTEE

TO

LOS CAMPEONES, INC.

FILED FOR RECORD
AT 2:00 O'CLOCK __ A
TRUSTEE'S DEED
JUN 13 __

JC53 RD51

Record and return to:

Los Campeones, Inc.
P. O. Box 3850
Brownsville, Texas   78520

RANSOME & RAY, P.C.
ATTORNEYS AT LAW
POST OFFICE BOX 1136
BROWNSVILLE, TEXAS 78520

STATE OF TEXAS
COUNTY OF CAMERON
    I hereby certify that this Instrument was FILED on the
date and at the time stamped hereon by me and was duly
RECORDED in the Volume and page of the named RECORDS
of Cameron County, Texas as stamped hereon by me.

Joe B. Rivera                    JUN 13 1977
                County Clerk
                Cameron County, Texas

State of Texas
County of Cameron

I, Joe G. Rivera, County Clerk of
Cameron County, Texas, do hereby certify
that the foregoing is a true and correct
copy of the original record now on file
and/or recorded by me in the _____
DEED Records, Volume 10 86
page(s) 129-137
MARCH 6, 2001 Date
JOE G. RIVERA, COUNTY CLERK
Cameron County, Texas

By Dan Hinojosa Deputy

128

#18-007685-1

DEED RECORDS     **TRUSTEE'S DEED**    126855

VOL 1086 PAGE 138

THE STATE OF TEXAS    X
COUNTY OF CAMERON   X    **KNOW ALL MEN BY THESE PRESENTS:**

    WHEREAS, on the 10th day of April, 1974, VALLEY INTERNATIONAL
PROPERTIES, INC. executed and delivered to me, C. Fount Ray, as
Trustee, a Deed of Trust of said date, which is of record in Volume
626, Page 711, of the Records of Deeds of Trust of Cameron County,
Texas, whereby, for the purpose of securing the payment of certain
indebtedness set out in said Deed of Trust, it Granted, Sold and
Conveyed to me, the said C. Fount Ray, in trust, the following described
property, situated, lying and being in the County of Cameron and State
of Texas, viz:

      Condominium Unit Number 603-1, located upon Lot 603, Country Club
      "North", Brownsville, Cameron County, Texas, said Lot 603 being more
      particularly described by metes and bounds as follows, to-wit:

      0.863 acre tract out of a 46.2 acre tract (being part of the Hudspeth
      Tract and parts of Blocks 39 and 40, Media Luna Subdivision), all in
      Share 22, Espiritu Santo Grant, Cameron County, Texas; said 46.2 acre tract
      conveyed to Valley Inn & Country Club, Inc., by Deed recorded in Volume 790,
      Page 634, Deed Records, Cameron County, Texas. Said 0.863 acre tract being
      more particularly located and described as follows:

      FROM a bolt set for an interior corner of the Brownsville Land & Improve-
      ment Company Subdivision, said bolt being at the place of intersection of
      the "North line of Block "X" and an "East line of B.L.&I.Co. Subdivision",
      Due E 1054.219 ft., Due N 1953.01 ft. to a point on the W line of said
      46.2 acre tract, said point being 229.4 ft. from the NW corner of said 46.2
      acre tract and S 76 deg. 06' 07" E 245.50 ft. to the PLACE OF BEGINNING:

      THENCE N 17 deg. 22' E 166.83 ft. to the proposed South Right-of-Way line
      of F.M. Highway 802 for the NW corner of this tract;

      THENCE, along the said South Right-of-Way line of F.M. Highway 802, along
      the curve to the right which radius is 1085.924 feet a distance of 204.35
      ft. for the NE corner of this tract;

      THENCE S 21 deg. 12' W .a distance of 206.71 ft. for the SE corner of this
      tract;

      THENCE N 61 deg. 42' 11" W a distance of 193.73 ft. to the PLACE OF
      BEGINNING, containing 0.863 acre, more or less.

    TO HAVE AND TO HOLD, the herein described premises, together with
all and singular the rights and appurtenances thereto in any wise
belonging unto me, the said Trustee, to my successor or substitute in
this trust, and to my and our assigns forever; and

    WHEREAS, default has been made in the payment of said indebtedness
and BROWNSVILLE SAVINGS AND LOAN ASSOCIATION, of Brownsville, Texas, the
holder of said indebtedness has since said default, requested me, the
said Trustee, to sell said property in accordance with the provisions
of said Deed of Trust, for the purpose of paying said indebtedness; and

Case 1:00-cv-00173   Document 25   Filed in TXSD on 04/02/2001   Page 107 of 318

WHEREAS, pursuant to said request and to the provisions of said Deed of Trust, I proceeded to sell said property at public auction, at the Court House door of Cameron County, Texas, between the hours of ten o'clock A.M. and four o'clock P.M., on Tuesday, the 7th of June, A.D. 1977, after having given public notice of the time, place and terms of such sale, as prescribed by the terms of said Deed of Trust, and after first posting written notice thereof for three consecutive weeks prior to the day of sale in three public places in said County, one of which was posted at the Court House door of said County; one of which was posted at the City Hall, Brownsville, Texas; and one of which was posted at the U. S. Post Office (Downtown), Brownsville, Texas; and

WHEREAS, at such sale said property was by me struck off to LOS CAMPEONES, INC., a Texas corporation, for the price and sum of TWENTY-FIVE THOUSAND SEVEN HUNDRED FORTY AND NO/100THS--($25,740.00)---DOLLARS, it being the best and highest bidder for the same, and said sum being the best and highest bid therefor;

NOW, THEREFORE, KNOW ALL MEN BY THESE PRESENTS, that I, C. FOUNT RAY, of Cameron County, Texas, Trustee as aforesaid, by virtue of the powers granted to me by said Deed of Trust, and in consideration of the foregoing premises and of the sum of TWENTY-FIVE THOUSAND SEVEN HUNDRED FORTY AND NO/100THS--($25,740.00)DOLLARS, to me cash in hand paid by the said LOS CAMPEONES, INC., a Texas corporation, the receipt whereof is hereby acknowledged, (which said sum of money I have applied according to the directions of said Deed of Trust), have Granted, Sold and Conveyed, and by these presents do Grant, Sell and Convey unto the said LOS CAMPEONES, INC., of the County of Cameron, State of Texas, the property hereinbefore described.

TO HAVE AND TO HOLD the said property, together with all and singular the rights and appurtenances thereto in any wise belonging unto the said LOS CAMPEONES, INC., its successors and assigns forever. And for and on behalf of the said VALLEY INTERNATIONAL PROPERTIES, INC., Grantor in said Deed of Trust, and its successors and assigns, I do

Case 1:00-cv-00173   Document 25   Filed in TXSD on 04/02/2001   Page 108 of 318

140

hereby bind the said VALLEY INTERNATIONAL PROPERTIES, INC., its succes-
sors and assigns, to Warrant and Forever Defend, all and singular, said
premises, in so far as is authorized by said Deed of Trust, unto the
said LOS CAMPEONES, INC., its successors and assigns, against every
person whomsoever lawfully claiming or to claim the same or any part
thereof.

WITNESS MY HAND this 7th day of June, A.D. 1977.

C. FOUNT RAY, TRUSTEE

THE STATE OF TEXAS

COUNTY OF CAMERON

BEFORE ME, the undersigned, a Notary Public in and for said
County and State, on this day personally appeared C. FOUNT RAY, known
to me to be the person whose name is subscribed to the foregoing instru-
ment, and acknowledged to me that he executed the same for the purposes
and consideration therein expressed, and in the capacity therein stated.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this the 7th day of June,
A.D. 1977.

Notary Public in and for Cameron
County, Texas

GWEN HEARN
NOTARY PUBLIC, CAMERON COUNTY, TEXAS
COMM. EXP. 10-31-78

#18-2685-1

## AFFIDAVIT OF MAILING NOTICE OF FORECLOSURE

THE STATE OF TEXAS

COUNTY OF CAMERON

VOL 1086 PAGE 141

BEFORE ME, the undersigned authority, on this day personally appeared C. FOUNT RAY, personally known to me, who, after being by me duly sworn, upon oath deposes and says:

My name is C. Fount Ray. I reside in Brownsville, Texas, and I am an employee of Ransome & Ray, P. C., Attorneys at Law, Brownsville, Texas. On the 10th day of May, 1977, a day at least 21 days preceding the date of sale under foreclosure of lien by Trustee having power of sale given in instrument recorded in Volume _626_, at Page _711_, Deed of Trust Records of Cameron County, Texas, I deposited written notice of the proposed sale, by Certified Mail, to the following debtors, who are shown by the records of Brownsville Savings & Loan Association, of Brownsville, Texas, the present holder of the debt, to be obligated to pay such debt. Debtors receiving such notice are:

1.  Bill D. Bass, President
    Valley International Properties, Inc.
    P. O. Box 523
    Brownsville, Texas 78520              Certified Mail No. 397725

2.  Mr. Bill D. Bass
    P. O. Box 523
    Brownsville, Texas 78520              Certified Mail No. 397726

3.  Bill D. Bass, General Partner
    Los Conquistadores, Ltd.
    P. O. Box 523
    Brownsville, Texas 78520              Certified Mail No. 397727

Such notices were deposited, enclosed in a postpaid wrapper, properly addressed to those named above at the above addresses, (same being their most recent addresses shown by the records of the present holder of the debt), in a post office or official depository under the care and custody of the United States Postal Service.

On said 10th day of May, 1977, (a day more than 25 days prior to date of foreclosure), written notice of the proposed sale was likewise sent to:

1.  District Director
    Internal Revenue SErvice
    300 E. 8th Street
    Austin, Texas  78701
    Attention: Chief, Special Procedures Staff    Certified Mail No. 397724

Foreclosure by Brownsville Savings & Loan Association, a secured creditor of Valley International Properties, Inc. and Los Conquistadores, Ltd. was authorized by the Bankruptcy Judge in Cause No. 76-B-47, Adversary E, in the United States District Court for the Southern District of Texas, Brownsville Division, on May 18, 1977.

FURTHER AFFIANT SAITH NOT.

_____
                                        C. FOUNT RAY

SWORN TO AND SUBSCRIBED BEFORE ME by the said C. FOUNT RAY on this 19th day of May, 1977, TO CERTIFY WHICH WITNESS MY HAND AND SEAL OF OFFICE.

_____
Gwen Hearn, Notary Public, Cameron County,
                                        Texas

THE STATE OF TEXAS
COUNTY OF CAMERON

BEFORE ME, the undersigned authority, a Notary Public in and for said County and State, on this day personally appeared C. FOUNT RAY, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressed.
GIVEN UNDER MY HAND AND SEAL OF OFFICE this 19th day of May, 1977.

_____
Gwen Hearn, Notary Public, Cameron County, Texas

142

VOL. 1086 PAGE 142

12655

C. FOUNT RAY, TRUSTEE

TO

LOS CAMPEONES, INC.

FILED FOR RECORD
AT __:__ O'CLOCK

JUN 10 1977

TRUSTEE'S DEED

JOSE G. _____
County Clerk, Cameron County, Tex.

Record and return to:
Los Campeones, Inc.
P. O. Box 3850
Brownsville, Texas 78520

RANSOME & RAY, P.C.
ATTORNEYS AT LAW
POST OFFICE BOX 1148
BROWNSVILLE, TEXAS 78520



STATE OF TEXAS
COUNTY OF CAMERON
I hereby certify that this instrument was FILED on the date and at the time stamped hereon by me and was duly RECORDED in the Volume and page of the named RECORDS of Cameron County, Texas as stamped hereon by me.

Joe G. Rivera   JUN 13 1977
County Clerk
Cameron County, Texas

State of Texas
County of Cameron

I, Joe G. Rivera, County Clerk of
Cameron County, Texas, do hereby certify
that the foregoing is a true and correct
copy of the original record now on file
and/or recorded by me in the

DEED            Records, Volume 1086
page(s) 138-142

MARCH 2 2001            Date
JOE G. RIVERA, COUNTY CLERK
Cameron County, Texas

By Dan Hinojosa            Deputy

Case 1:00-cv-00173  Document 25  Filed in TXSD on 04/02/2001  Page 112 of 318

DEED RECORDS

**TRUSTEE'S DEED**

#18-007825-3
#18-007681-0

THE STATE OF TEXAS  X
                    X
COUNTY OF CAMERON   X

KNOW ALL MEN BY THESE PRESENTS:

12656

VOL 1086 PAGE 143

WHEREAS, on the __10th__ day of ___April___, 19_74_, VALLEY
INTERNATIONAL PROPERTIES, INC., executed and delivered to me, C. Fount
Ray, as Trustee, a Deed of Trust of said date, which is of record in
Volume __622__, Page __449__, of the Records of Deeds of Trust of
Cameron County, Texas, whereby, for the purpose of securing the payment
of certain indebtedness set out in said Deed of Trust, it Granted,
Sold and Conveyed to me, the said C. Fount Ray, in trust, the following
described property, situated, lying and being in the County of Cameron
and State of Texas, viz:

Condominium Unit 605-2, located on Lot 605, Country Club "North",
Brownsville, Cameron County, Texas, said lot number 605 being more
particularly described by metes and bounds as follows, to-wit:

0.943 acre tract out of a 46.2 acre tract (being part of the Hudspeth
Tract and parts of Blocks 39 and 40, Media Luna Subdivision, and part
of an 11.16 acre tract in the Tannehill & Russell Tract), all in Share
22, Espiritu Santo Grant, Cameron County, Texas; said 46.2 acre tract
conveyed to Valley Inn & Country Club, Inc., by Deed recorded in Volume
790, Page 634, Deed Records, Cameron County, Texas.  Said 0.943 acre
tract being more particularly located and described as follows:

FROM a bolt set for an interior corner of the Brownsville Land &
Improvement Company Subdivision, said bolt being at the place of inter-
section of the "North" line of Block "X" and an "East line of B.L.&.I.
Co. Subdivision", Due East 1054.219 ft., Due North 1953.01 ft. to a
point on the west line of said 46.2 acre tract, said point being 299.4
ft. from the NW corner of said 46.2 acre tract and S 76 deg. 06' 07"
245.50 ft. and N 61 deg. 42' 11" E 193.73 ft. to the PLACE OF BEGINNING;

THENCE N 21 deg. 12' E 206.71 ft. to the proposed South Right-of-Way line
of F.M. No. 802 for the NW corner of this tract;

THENCE along the said South Right-of-Way line of F.M. No. 802, along the
curve to the right which radius is 1085.924 ft. a distance of 206.21 ft.
for the NE corner;

THENCE S 30 deg. 07' W a distance of 222.32 ft. for the SE corner;

THENCE N 57 deg. 04' 31" W a distance of 173.85 ft. to the PLACE OF
BEGINNING;

CONTAINING 0.943 acre, more or less.

CSMPDF - www.texlia.com

Case 1:00-cv-00173  Document 25  Filed in TXSD on 04/02/2001  Page 113 of 318

ᶠVOL 1086 PAGE 145

WHEREAS, pursuant to said request and to the provisions of said Deed of Trust, I proceeded to sell said property at public auction, at the Court House door of Cameron County, Texas, between the hours of ten o'clock A.M. and four o'clock P.M., on Tuesday, the 7th of June, A.D. 1977, after having given public notice of the time, place and terms of such sale, as prescribed by the terms of said Deed of Trust, and after first posting written notice thereof for three consecutive weeks prior to the day of sale in three public places in said County, one of which was posted at the Court House door of said County; one of which was posted at the City Hall, Brownsville, Texas; and one of which was posted at the U. S. Post Office (Downtown), Brownsville, Texas; and

WHEREAS, at such sale said property was by me struck off to LOS CAMPEONES, INC., a Texas corporation, for the price and sum of TWENTY-EIGHT THOUSAND EIGHT HUNDRED THIRTEEN AND NO/100THS-($28,813.00) DOLLARS, it being the best and highest bidder for the same, and said sum being the best and highest bid therefor;

NOW, THEREFORE, KNOW ALL MEN BY THESE PRESENTS, that I, C. FOUNT RAY, of Cameron County, Texas, Trustee as aforesaid, by virtue of the powers granted to me by said Deed of Trust, and in consideration of the foregoing premises and of the sum of TWENTY-EIGHT THOUSAND EIGHT HUNDRED THIRTEEN AND NO/100THS---------- DOLLARS, to me cash in hand paid by the said LOS CAMPEONES, INC., a Texas corporation, the receipt whereof is hereby acknowledged, (which said sum of money I have applied according to the directions of said Deed of Trust), have Granted, Sold and Conveyed, and by these presents do Grant, Sell and Convey unto the said LOS CAMPEONES, INC., of the County of Cameron, State of Texas, the property hereinbefore described.

TO HAVE AND TO HOLD the said property, together with all and singular the rights and appurtenances thereto in any wise belonging unto the said LOS CAMPEONES, INC., its successors and assigns forever. And for and on behalf of the said VALLEY INTERNATIONAL PROPERTIES, INC., Grantor in said Deed of Trust, and its successors and assigns, I do

Case 1:00-cv-00173   Document 25   Filed in TXSD on 04/02/2001   Page 114 of 318

146

hereby bind the said VALLEY INTERNATIONAL PROPERTIES, INC., its succes-
sors and assigns, to Warrant and Forever Defend, all and singular, said
premises, in so far as is authorized by said Deed of Trust, unto the
said LOS CAMPEONES, INC., its successors and assigns, against every
person whomsoever lawfully claiming or to claim the same or any part
thereof.

WITNESS MY HAND this 7th day of June, A.D. 1977.

C. FOUNT RAY, TRUSTEE

THE STATE OF TEXAS

COUNTY OF CAMERON

BEFORE ME, the undersigned, a Notary Public in and for said
County and State, on this day personally appeared C. FOUNT RAY, known
to me to be the person whose name is subscribed to the foregoing instru-
ment, and acknowledged to me that he executed the same for the purposes
and consideration therein expressed, and in the capacity therein stated.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this the 7th day of June,
A.D. 1977.

Gwen Hearn
Notary Public in and for Cameron
County, Texas

GWEN HEARN
NOTARY PUBLIC, CAMERON COUNTY, TEXAS
COMM. EXP. 10-31-78

#18-7825-3
18-7681-0

## AFFIDAVIT OF MAILING NOTICE OF FORECLOSURE

THE STATE OF TEXAS

COUNTY OF CAMERON

VOL 1086 PAGE 147

BEFORE ME, the undersigned authority, on this day personally appeared C. FOUNT RAY, personally known to me, who, after being by me duly sworn, upon oath deposes and says:

My name is C. Fount Ray. I reside in Brownsville, Texas, and I am an employee of Ransome & Ray, P. C., Attorneys at Law, Brownsville, Texas. On the 10th day of May, 1977, a day at least 21 days preceding the date of sale under foreclosure of lien by Trustee having power of sale given in instrument recorded in Volume ___622___, at Page ___449___, Deed of Trust Records of Cameron County, Texas, I deposited written notice of the proposed sale, by Certified Mail, to the following debtors, who are shown by the records of Brownsville Savings & Loan Association, of Brownsville, Texas, the present holder of the debt, to be obligated to pay such debt. Debtors receiving such notice are:

1.  Bill D. Bass, President
    Valley International Properties, Inc.
    P. O. Box 523
    Brownsville, Texas 78520          Certified Mail No. 397725

2.  Mr. Bill D. Bass
    P. O. Box 523
    Brownsville, Texas 78520          Certified Mail No. 397726

3.  Bill D. Bass, General Partner
    Los Conquistadores, Ltd.
    P. O. Box 523
    Brownsville, Texas 78520          Certified Mail No. 397727

Such notices were deposited, enclosed in a postpaid wrapper, properly addressed to those named above at the above addresses, (same being their most recent addresses shown by the records of the present holder of the debt), in a post office or official depository under the care and custody of the United States Postal Service.

On said 10th day of May, 1977, (a day more than 25 days prior to date of foreclosure), written notice of the proposed sale was likewise sent to:

1.  District Director
    Internal Revenue SErvice
    300 E. 8th Street
    Austin, Texas  78701
    Attention: Chief, Special Procedures Staff   Certified Mail No. 397724

Foreclosure by Brownsville Savings & Loan Association, a secured creditor of Valley International Properties, Inc. and Los Conquistadores, Ltd. was authorized by the Bankruptcy Judge in Cause No. 76-B-47, Adversary E, in the United States District Court for the Southern District of Texas, Brownsville Division, on May 18, 1977.

FURTHER AFFIANT SAITH NOT.

_C. FOUNT RAY_

SWORN TO AND SUBSCRIBED BEFORE ME by the said C. FOUNT RAY on this 19th day of May, 1977, TO CERTIFY WHICH WITNESS MY HAND AND SEAL OF OFFICE.

_Gwen Hearn_
Gwen Hearn, Notary Public, Cameron County,
Texas

THE STATE OF TEXAS
COUNTY OF CAMERON

BEFORE ME, the undersigned authority, a Notary Public in and for said County and State, on this day personally appeared C. FOUNT RAY, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressed.
GIVEN UNDER MY HAND AND SEAL OF OFFICE this 19th day of May, 1977.

_Gwen Hearn_
Gwen Hearn, Notary Public, Cameron County, Texas

148

VOL **1086** PAGE **148**

126%6

C. FOUNT RAY, TRUSTEE

TO

LOS CAMPEONES, INC.

TRUSTEE'S DEED

FILED FOR RECORD
AT 4:30 O'CLOCK M

JUN 10 1977
JOE G. RIVERA
Clerk County Court Cameron County, Tex.
By _____ Deputy

Record and return to:

Los Campeones, Inc.
P. O. Box 3850
Brownsville, Texas   78520

RANSOME & RAY, P.C.
ATTORNEYS AT LAW
POST OFFICE BOX 1148
BROWNSVILLE, TEXAS 78520

STATE OF TEXAS
COUNTY OF CAMERON
   I hereby certify that this instrument was FILED on the
date and at the time stamped hereon by me and was duly
RECORDED in the Volume and page of the named RECORDS
of Cameron County, Texas as stamped hereon by me.

JUN 13 1977

Joe G. Rivera
County Clerk
Cameron County, Texas

State of Texas
County of Cameron

I, Joe G. Rivera, County Clerk of
Cameron County, Texas, do hereby certify
that the foregoing is a true and correct
copy of the original record now on file
and/or recorded by me in the ..............
_DEED_ Records, Volume _1086_
page(s) _143 - 148_
_MARCH 6, 2001_ Date
    JOE G. RIVERA, COUNTY CLERK
    Cameron County, Texas

D. _Dan Hinojosa_ Deputy

CutePDF - www.fayso.com

149

**TRUSTEE'S DEED**

#18-007825-3
#18-007616-6

DEED RECORD

12657

THE STATE OF TEXAS    X
                      X    KNOW ALL MEN BY THESE PRESENTS:
COUNTY OF CAMERON      X

VOL 1086 PAGE 149

WHEREAS, on the ___14th___ day of _____May_____ , 19 _73_ , VALLEY

INTERNATIONAL PROPERTIES, INC., executed and delivered to me, C. Fount

Ray, as Trustee, a Deed of Trust of said date, which is of record in

Volume _592_ , Page _355_ , of the Records of Deeds of Trust of

Cameron County, Texas, whereby, for the purpose of securing the payment

of certain indebtedness set out in said Deed of Trust, it Granted,

Sold and Conveyed to me, the said C. Fount Ray, in trust, the following

described property, situated, lying and being in the County of Cameron

and State of Texas, viz:

Condominium Unit #8001 situated upon Lot 800 which said Lot is described
by metes and bounds as follows:

A 0.921 acre tract of land within a 46.2 acre tract and a portion of the
Tannehill & Russell tract and being out of Share 22 of the Espiritu Santo
Grant, Cameron County, Texas, said 0.921 acre tract being more particularly
described as follows:  FROM a pipe set for the Southeast corner of a 1.35
acre tract and for a 4.04 acre tract recorded in Volume 281, Page 68,
Deed Records, Cameron County, Texas; THENCE N 79 deg. 44' 00" W a distance
of 468.41 feet to the centerline of Country Club Boulevard being 15 feet
from the West line of Tannehill & Russell tract; THENCE N 19 deg. 16' 00"
E parallel with said West line of the Tannehill & Russell Tract a distance
of 270.10 feet to the point of curve to the right having a radius of
356.84 feet for a distance of 385.85 feet to the TRUE PLACE OF BEGINNING,
being the Southwest corner of this tract; THENCE N 5 deg. 34' 00" W a
distance of 14.99 feet to a point; THENCE N 34 deg. 54' 20" E a distance
of 196.66 feet for the Southeast corner of this tract; THENCE N 34 deg.
54' 20" E a distance of 40 feet to a point; THENCE N 47 deg. 54' 20" E a
distance of 135.34 feet for the Northeast corner of this tract; THENCE
N 78 deg. 32' 00" W a distance of 446.16 feet for the Northwest corner of
this tract; THENCE S 25 deg. 35' 46" W a distance of 43.96 feet for the
Southwest corner of this tract; THENCE S 62 deg. 36' 00" E a distance of
375.00 feet for the Southeast corner of this tract and PLACE OF BEGINNING;
CONTAINING 0.921 acres (more or less).

Case 1:00-cv-00173  Document 25  Filed in TXSD on 04/02/2001  Page 119 of 318

VOL. 1086 PAGE 150

TO HAVE AND TO HOLD, the herein described premises, together with all and singular the rights and appurtenances thereto in any wise belonging unto me, the said Trustee, to my successor or substitute in this trust, and to my and our assigns forever; and

WHEREAS, default has been made in the payment of said indebtedness and BROWNSVILLE SAVINGS AND LOAN ASSOCIATION, of Brownsville, Texas, the holder of said indebtedness has since said default, requested me, the said Trustee, to sell said property in accordance with the provisions of said Deed of Trust, for the purpose of paying said indebtedness; and

WHEREAS, pursuant to said request and to the provisions of said Deed of Trust, I proceeded to sell said property at public auction, at the Court House door of Cameron County, Texas, between the hours of ten o'clock A.M. and four o'clock P.M., on Tuesday, the 7th of June, A.D. 1977, after having given public notice of the time, place and terms of such sale, as prescribed by the terms of said Deed of Trust, and after first posting written notice thereof for three consecutive weeks prior to the day of sale in three public places in said County, one of which was posted at the Court House door of said County; one of which was posted at the City Hall, Brownsville, Texas; and one of which was posted at the U. S. Post Office (Downtown), Brownsville, Texas; and

WHEREAS, at such sale said property was by me struck off to LOS CAMPEONES, INC., a Texas corporation, for the price and sum of EIGHTEEN THOUSAND EIGHT HUNDRED FIFTY-NINE AND NO/100THS--($18,859.00)---DOLLARS, it being the best and highest bidder for the same, and said sum being the best and highest bid therefor;

NOW, THEREFORE, KNOW ALL MEN BY THESE PRESENTS, that I, C. FOUNT RAY, of Cameron County, Texas, Trustee as aforesaid, by virtue of the powers granted to me by said Deed of Trust, and in consideration of the foregoing premises and of the sum of EIGHTEEN THOUSAND EIGHT HUNDRED FIFTY-NINE AND NO/100THS--------------DOLLARS, to me cash in hand paid by the said LOS CAMPEONES, INC., a Texas corporation, the receipt whereof is hereby acknowledged, (which said sum of money I have applied according to the directions of said Deed of Trust), have Granted, Sold and Con-veyed, and by these presents do Grant, Sell and Convey unto the said LOS CAMPEONES, INC., of the County of Cameron, State of Texas, the property hereinbefore described.

TO HAVE AND TO HOLD the said property, together with all and singular the rights and appurtenances thereto in any wise belonging unto the said LOS CAMPEONES, INC., its successors and assigns forever. And for and on behalf of the said VALLEY INTERNATIONAL PROPERTIES, INC., Grantor in said Deed of Trust, and its successors and assigns, I do

Case 1:00-cv-00173   Document 25   Filed in TXSD on 04/02/2001   Page 121 of 318

152

hereby bind the said VALLEY INTERNATIONAL PROPERTIES, INC., its succes-
sors and assigns, to Warrant and Forever Defend, all and singular, said
premises, in so far as is authorized by said Deed of Trust, unto the
said LOS CAMPEONES, INC., its successors and assigns, against every
person whomsoever lawfully claiming or to claim the same or any part
thereof.

WITNESS MY HAND this 7th day of June, A.D. 1977.

C. FOUNT RAY, TRUSTEE

THE STATE OF TEXAS

COUNTY OF CAMERON

BEFORE ME, the undersigned, a Notary Public in and for said
County and State, on this day personally appeared C. FOUNT RAY, known
to me to be the person whose name is subscribed to the foregoing instru-
ment, and acknowledged to me that he executed the same for the purposes
and consideration therein expressed, and in the capacity therein stated.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this the 7th day of June,
A.D. 1977.

Gwen Hearn
Notary Public in and for Cameron
County, Texas

GWEN HEARN
NOTARY PUBLIC, CAMERON COUNTY, TEXAS
COMM. EXP. 10-31-78

18-2825-3
18-2616-6

## AFFIDAVIT OF MAILING NOTICE OF FORECLOSURE

THE STATE OF TEXAS

COUNTY OF CAMERON

F VOL. 1086 PAGE 153

BEFORE ME, the undersigned authority, on this day personally appeared C. FOUNT RAY, personally known to me, who, after being by me duly sworn, upon oath deposes and says:

My name is C. Fount Ray.  I reside in Brownsville, Texas, and I am an employee of Ransome & Ray, P. C., Attorneys at Law, Brownsville, Texas.  On the 10th day of May, 1977, a day at least 21 days preceding the date of sale under foreclosure of lien by Trustee having power of sale given in instrument recorded in Volume _592_, at Page _355_, Deed of Trust Records of Cameron County, Texas, I deposited written notice of the proposed sale, by Certified Mail, to the following debtors, who are shown by the records of Brownsville Savings & Loan Association, of Brownsville, Texas, the present holder of the debt, to be obligated to pay such debt.  Debtors receiving such notice are:

1. Bill D. Bass, President
   Valley International Properties, Inc.
   P. O. Box 523
   Brownsville, Texas 78520                    Certified Mail No. 397725

2. Mr. Bill D. Bass
   P. O. Box 523
   Brownsville, Texas 78520                    Certified Mail No. 397726

3. Bill D. Bass, General Partner
   Los Conquistadores, Ltd.
   P. O. Box 523
   Brownsville, Texas 78520                    Certified Mail No. 397727

Such notices were deposited, enclosed in a postpaid wrapper, properly addressed to those named above at the above addresses, (same being their most recent addresses shown by the records of the present holder of the debt), in a post office or official depository under the care and custody of the United States Postal Service.

On said 10th day of May, 1977, (a day more than 25 days prior to date of foreclosure), written notice of the proposed sale was likewise sent to:

1. District Director
   Internal Revenue SErvice
   300 E. 8th Street
   Austin, Texas 78701
   Attention: Chief, Special Procedures Staff    Certified Mail No. 397724

Foreclosure by Brownsville Savings & Loan Association, a secured creditor of Valley International Properties, Inc. and Los Conquistadores, Ltd. was authorized by the Bankruptcy Judge in Cause No. 76-B-47, Adversary E, in the United States District Court for the Southern District of Texas, Brownsville Division, on May 18, 1977.

FURTHER AFFIANT SAITH NOT.

_C. Fount Ray_
C. FOUNT RAY

SWORN TO AND SUBSCRIBED BEFORE ME by the said C. FOUNT RAY on this 19th day of May, 1977, TO CERTIFY WHICH WITNESS MY HAND AND SEAL OF OFFICE.

_Gwen Hearn_
Gwen Hearn, Notary Public, Cameron County, Texas

THE STATE OF TEXAS
COUNTY OF CAMERON

BEFORE ME, the undersigned authority, a Notary Public in and for said County and State, on this day personally appeared C. FOUNT RAY, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressed.
GIVEN UNDER MY HAND AND SEAL OF OFFICE this 19th day of May, 1977.

_Gwen Hearn_
Gwen Hearn, Notary Public, Cameron County, Texas

Case 1:00-cv-00173   Document 25   Filed in TXSD on 04/02/2001   Page 123 of 318

VOL. 1186 PAGE 154

12657

C. FOUNT RAY, TRUSTEE

TO

LOS CAMPEONES, INC.

FILED FOR RECORD
at 11:43 o'clock A M

JUN 10 1977
TRUSTEE'S DEED

Record and return to:

Los Campeones Inc.
P. O. Box 3850
Brownsville, Texas  78520

RANSOME & RAY, P.C.
ATTORNEYS AT LAW
POST OFFICE BOX 3130
BROWNSVILLE, TEXAS 78520

STATE OF TEXAS
COUNTY OF CAMERON
I hereby certify that this instrument was FILED on the
date and at the time stamped hereon by me and was duly
RECORDED in the Volume and page of the named RECORDS
of Cameron County, Texas as stamped hereon by me.

JUN 13 1977

Joe S. Rivera
County Clerk
Cameron County, Texas

State of Texas
County of Cameron

I, Joe G. Rivera, County Clerk of
Cameron County, Texas, do hereby certify
that the foregoing is a true and correct
copy of the original record now on file
and/or recorded by me in the
DEED _____ Records, Volume 1086
page(s) 149-156
MARCH 6, 2001 Date
JOE G. RIVERA, COUNTY CLERK
Cameron County, Texas

p.. Dan Hinojosa _____ Deputy

#18-007825-3
#18-007614-8

DEED RECORDS        **TRUSTEE'S DEED**                126: ?

| THE STATE OF TEXAS | X | |
|---|---|---|
| | X | **KNOW ALL MEN BY THESE PRESENTS:** VOL 1086 PAGE 155 |
| COUNTY OF CAMERON | X | |

WHEREAS, on the __14th__ day of ___May___, 19 73, VALLEY

INTERNATIONAL PROPERTIES, INC., executed and delivered to me, C. Fount

Ray, as Trustee, a Deed of Trust of said date, which is of record in

Volume __592__, Page __360__, of the Records of Deeds of Trust of

Cameron County, Texas, whereby, for the purpose of securing the payment

of certain indebtedness set out in said Deed of Trust, it Granted,

Sold and Conveyed to me, the said C. Fount Ray, in trust, the following

described property, situated, lying and being in the County of Cameron

and State of Texas, viz:

Condominium Unit #8002 situated upon Lot 800, which said Lot is described
by metes and bounds as follows:

A 0.921 acre tract of land within a 46.2 acre tract and a portion of the
Tannehill & Russell tract and being out of Share 22 of the Espiritu Santo
Grant, Cameron County, Texas, said 0.921 acre tract being more particularly
described as follows:

From a pipe set for the Southeast corner of a 1.35 acre tract and for a
4.04 acre tract recorded in Volume 281, Page 68, Deed Records, Cameron
County, Texas; THENCE N 79° 44' 00" W a distance of 468.41 feet to the
centerline of Country Club Boulevard being 15 feet from the West line of
Tannehill & Russell Tract; THENCE N 19° 16' 00" E parallel with said West
line of the Tannehill & Russell Tract a distance of 270.10 feet to the
point of curve to the right having a radius of 356.84 feet for a distance
of 385.85 feet to the TRUE PLACE OF BEGINNING, being the Southwest corner
of this tract; THENCE N 5° 34' 00" W a distance of 14.99 feet to a point;
THENCE N 34° 54' 20" E a distance of 196.66 feet for the Southeast corner
of this tract; THENCE N 34° 54' 20" E a distance of 40 feet to a point;
THENCE N 47° 54' 20" E a distance of 135.34 feet for the Northeast corner
of this tract; THENCE N 78° 32' 00" W a distance of 446.16 feet for the
Northwest corner of this tract; THENCE S 25° 35' 46" W a distance of
43.96 feet for the Southwest corner of this tract; THENCE S 62° 36' 00" E
a distance of 375.00 feet for the Southeast corner of this tract and PLACE
OF BEGINNING, CONTAINING 0.921 acres (more or less).

ORIGINAL DIM  )

Case 1:00-cv-00173   Document 25   Filed in TXSD on 04/02/2001   Page 126 of 318

VOL 1086 PAGE 156

TO HAVE AND TO HOLD, the herein described premises, together with all and singular the rights and appurtenances thereto in any wise belonging unto me, the said Trustee, to my successor or substitute in this trust, and to my and our assigns forever; and

WHEREAS, default has been made in the payment of said indebtedness and BROWNSVILLE SAVINGS AND LOAN ASSOCIATION, of Brownsville, Texas, the holder of said indebtedness has since said default, requested me, the said Trustee, to sell said property in accordance with the provisions of said Deed of Trust, for the purpose of paying said indebtedness; and

WHEREAS, pursuant to said request and to the provisions of said Deed of Trust, I proceeded to sell said property at public auction, at the Court House door of Cameron County, Texas, between the hours of ten o'clock A.M. and four o'clock P.M., on Tuesday, the 7th of June, A.D. 1977, after having given public notice of the time, place and terms of such sale, as prescribed by the terms of said Deed of Trust, and after first posting written notice thereof for three consecutive weeks prior to the day of sale in three public places in said County, one of which was posted at the Court House door of said County; one of which was posted at the City Hall, Brownsville, Texas; and one of which was posted at the U. S. Post Office (Downtown), Brownsville, Texas; and

WHEREAS, at such sale said property was by me struck off to LOS CAMPEONES, INC., a Texas corporation, for the price and sum of TWENTY-TWO THOUSAND TWO HUNDRED TWELVE and NO/100THS--($22,212.00)-----DOLLARS, it being the best and highest bidder for the same, and said sum being the best and highest bid therefor;

NOW, THEREFORE, KNOW ALL MEN BY THESE PRESENTS, that I, C. FOUNT RAY, of Cameron County, Texas, Trustee as aforesaid, by virtue of the powers granted to me by said Deed of Trust, and in consideration of the foregoing premises and of the sum of TWENTY-TWO THOUSAND TWO HUNDRED TWELVE AND NO/100THS------------ DOLLARS, to me cash in hand paid by the said LOS CAMPEONES, INC., a Texas corporation, the receipt whereof is hereby acknowledged, (which said sum of money I have applied according to the directions of said Deed of Trust), have Granted, Sold and Conveyed, and by these presents do Grant, Sell and Convey unto the said LOS CAMPEONES, INC., of the County of Cameron, State of Texas, the property hereinbefore described.

TO HAVE AND TO HOLD the said property, together with all and singular the rights and appurtenances thereto in any wise belonging unto the said LOS CAMPEONES, INC., its successors and assigns forever. And for and on behalf of the said VALLEY INTERNATIONAL PROPERTIES, INC., Grantor in said Deed of Trust, and its successors and assigns, I do

Case 1:00-cv-00173   Document 25   Filed in TXSD on 04/02/2001   Page 128 of 318

158

hereby bind the said VALLEY INTERNATIONAL PROPERTIES, INC., its succes-
sors and assigns, to Warrant and Forever Defend, all and singular, said
premises, in so far as is authorized by said Deed of Trust, unto the
said LOS CAMPEONES, INC., its successors and assigns, against every
person whomsoever lawfully claiming or to claim the same or any part
thereof.

   WITNESS MY HAND this 7th day of June, A.D. 1977.

                                   C. FOUNT RAY, TRUSTEE


THE STATE OF TEXAS

COUNTY OF CAMERON

   BEFORE ME, the undersigned, a Notary Public in and for said
County and State, on this day personally appeared C. FOUNT RAY, known
to me to be the person whose name is subscribed to the foregoing instru-
ment, and acknowledged to me that he executed the same for the purposes
and consideration therein expressed, and in the capacity therein stated.

   GIVEN UNDER MY HAND AND SEAL OF OFFICE this the 7th day of June,
A.D. 1977.

                                   Gwen Hearn
                          Notary Public in and for Cameron
                                   County, Texas

                                   GWEN HEARN
                          NOTARY PUBLIC, CAMERON COUNTY, TEXAS
                                COMM. EXP. 10-31-78

18-7825-3
18-7614-8

## AFFIDAVIT OF MAILING NOTICE OF FORECLOSURE

THE STATE OF TEXAS

COUNTY OF CAMERON                    ᴾVOL 1086 PAGE 159

BEFORE ME, the undersigned authority, on this day personally appeared C. FOUNT RAY, personally known to me, who, after being by me duly sworn, upon oath deposes and says:

My name is C. Fount Ray. I reside in Brownsville, Texas, and I am an employee of Ransome & Ray, P. C., Attorneys at Law, Brownsville, Texas. On the 10th day of May, 1977, a day at least 21 days preceding the date of sale under foreclosure of lien by Trustee having power of sale given in instrument recorded in Volume _593_, at Page _360_, Deed of Trust Records of Cameron County, Texas, I deposited written notice of the proposed sale, by Certified Mail, to the following debtors, who are shown by the records of Brownsville Savings & Loan Association, of Brownsville, Texas, the present holder of the debt, to be obligated to pay such debt. Debtors receiving such notice are:

1. Bill D. Bass, President
   Valley International Properties, Inc.
   P. O. Box 523
   Brownsville, Texas 78520          Certified Mail No. 397725

2. Mr. Bill D. Bass
   P. O. Box 523
   Brownsville, Texas 78520          Certified Mail No. 397726

3. Bill D. Bass, General Partner
   Los Conquistadores, Ltd.
   P. O. Box 523
   Brownsville, Texas 78520          Certified Mail No. 397727

Such notices were deposited, enclosed in a postpaid wrapper, properly addressed to those named above at the above addresses, (same being their most recent addresses shown by the records of the present holder of the debt), in a post office or official depository under the care and custody of the United States Postal Service.

On said 10th day of May, 1977, (a day more than 25 days prior to date of foreclosure), written notice of the proposed sale was likewise sent to:

1. District Director
   Internal Revenue SErvice
   300 E. 8th Street
   Austin, Texas  78701
   Attention:  Chief, Special Procedures Staff    Certified Mail No. 397724

Foreclosure by Brownsville Savings & Loan Association, a secured creditor of Valley International Properties, Inc. and Los Conquistadores, Ltd. was authorized by the Bankruptcy Judge in Cause No. 76-B-47, Adversary E, in the United States District Court for the Southern District of Texas, Brownsville Division, on May 18, 1977.

FURTHER AFFIANT SAITH NOT.

                            _C. Fount Ray_
                            C. FOUNT RAY

SWORN TO AND SUBSCRIBED BEFORE ME by the said C. FOUNT RAY on this 19th day of May, 1977, TO CERTIFY WHICH WITNESS MY HAND AND SEAL OF OFFICE.

                            _Gwen Hearn_
                            Gwen Hearn, Notary Public, Cameron County,
                                                    Texas

THE STATE OF TEXAS
COUNTY OF CAMERON

BEFORE ME, the undersigned authority, a Notary Public in and for said County and State, on this day personally appeared C. FOUNT RAY, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressed. GIVEN UNDER MY HAND AND SEAL OF OFFICE this 19th day of May, 1977.

                            _Gwen Hearn_
                            Gwen Hearn, Notary Public, Cameron County, Texas

160

VOL 1086 PAGE 160

12658

C. FOUNT RAY, TRUSTEE

TO

LOS CAMPEONES, INC.

TRUSTEE'S DEED

FILED FOR RECORD

JUN 13 1977
JOE G. RIVERA
Clerk County Court Cameron County, Tex

Record and return to:

Los Campeones, Inc.
P. O. Box 3850
Brownsville, Texas 78520

RANSOME & RAY, P.C.
ATTORNEYS AT LAW
POST OFFICE BOX 1118
BROWNSVILLE, TEXAS 78520

STATE OF TEXAS
COUNTY OF CAMERON
I hereby certify that this instrument was FILED on the
date and at the time stamped hereon by me and was duly
RECORDED in the Volume and page of the named RECORDS
of Cameron County, Texas as stamped hereon by me.

JUN 13 1977

Joe G. Rivera
County Clerk
Cameron County, Texas

161

#18-007825-3
#18-007615-8

**DEED RECORDS**

**TRUSTEE'S DEED**

THE STATE OF TEXAS   X
                     X   KNOW ALL MEN BY THESE PRESENTS:
COUNTY OF CAMERON    X

12659

VOL 1086 PAGE 161

WHEREAS, on the __14th__ day of __May__, 19 __73__, VALLEY

INTERNATIONAL PROPERTIES, INC., executed and delivered to me, C. Fount

Ray, as Trustee, a Deed of Trust of said date, which is of record in

Volume __592__, Page __365__, of the Records of Deeds of Trust of

Cameron County, Texas, whereby, for the purpose of securing the payment

of certain indebtedness set out in said Deed of Trust, it Granted,

Sold and Conveyed to me, the said C. Fount Ray, in trust, the following

described property, situated, lying and being in the County of Cameron

and State of Texas, viz:

Condominium Unit #8004 situated upon Lot 800, which said Lot is described
by metes and bounds as follows:

A 0.921 acre tract of land within a 46.2 acre tract and a portion of the
Tannehill & Russell tract and being out of Share 22 of the Espiritu Santo
Grant, Cameron County, Texas, said 0.921 acre tract being more particularly
described as follows:

From a pipe set for the Southeast corner of a 1.35 acre tract and for a
4.04 acre tract recorded in Volume 281, Page 68, Deed Records, Cameron
County, Texas; THENCE N 79° 44' 00" W a distance of 468.41 feet to the
centerline of Country Club Boulevard being 15 feet from the West line of
Tannehill & Russell Tract; THENCE N 19° 16' 00" E parallel with said West
line of the Tannehill & Russell Tract a distance of 270.10 feet to the
point of curve to the right having a radius of 356.84 feet for a distance
of 365.85 feet to the TRUE PLACE OF BEGINNING, being the Southwest corner
of this tract; THENCE N 5° 34' 00" W a distance of 14.99 feet to a point;
THENCE N 34° 54' 20" E a distance of 196.66 feet for the Southeast corner
of this tract; THENCE N 34° 54' 20" E a distance of 40 feet to a point;
THENCE N 47° 54' 20" E a distance of 135.34 feet for the Northeast corner
of this tract; THENCE N 78° 32' 00" W a distance of 446.16 feet for the
Northwest corner of this tract; THENCE S 25° 35' 46" W a distance of
43.96 feet for the Southwest corner of this tract; THENCE S 62° 36' 00" E
a distance of 375.00 feet for the Southeast corner of this tract and PLACE
OF BEGINNING, CONTAINING 0.921 acres (more or less).

Case 1:00-cv-00173   Document 25   Filed in TXSD on 04/02/2001   Page 132 of 318

VOL. 1086 PAGE 162

TO HAVE AND TO HOLD, the herein described premises, together with all and singular the rights and appurtenances thereto in any wise belonging unto me, the said Trustee, to my successor or substitute in this trust, and to my and our assigns forever; and

WHEREAS, default has been made in the payment of said indebtedness and BROWNSVILLE SAVINGS AND LOAN ASSOCIATION, of Brownsville, Texas, the holder of said indebtedness has since said default, requested me, the said Trustee, to sell said property in accordance with the provisions of said Deed of Trust, for the purpose of paying said indebtedness; and

Case 1:00-cv-00173  Document 25  Filed in TXSD on 04/02/2001  Page 133 of 318

WHEREAS, pursuant to said request and to the provisions of said
Deed of Trust, I proceeded to sell said property at public auction, at
the Court House door of Cameron County, Texas, between the hours of
ten o'clock A.M. and four o'clock P.M., on Tuesday, the 7th of June,
A.D. 1977, after having given public notice of the time, place and
terms of such sale, as prescribed by the terms of said Deed of Trust,
and after first posting written notice thereof for three consecutive
weeks prior to the day of sale in three public places in said County,
one of which was posted at the Court House door of said County; one
of which was posted at the City Hall, Brownsville, Texas; and one of
which was posted at the U. S. Post Office (Downtown), Brownsville,
Texas; and

WHEREAS, at such sale said property was by me struck off to LOS
CAMPEONES, INC., a Texas corporation, for the price and sum of FOURTEEN
THOUSAND AND NO/100THS------------($14,000.00)------------------DOLLARS,
it being the best and highest bidder for the same, and said sum being
the best and highest bid therefor;

NOW, THEREFORE, KNOW ALL MEN BY THESE PRESENTS, that I, C. FOUNT
RAY, of Cameron County, Texas, Trustee as aforesaid, by virtue of the
powers granted to me by said Deed of Trust, and in consideration of the
foregoing premises and of the sum of FOURTEEN THOUSAND AND NO/100THS----
($14,000.00)-------------------- DOLLARS, to me cash in hand paid by the
said LOS CAMPEONES, INC., a Texas corporation, the receipt whereof is
hereby acknowledged, (which said sum of money I have applied according
to the directions of said Deed of Trust), have Granted, Sold and Con-
veyed, and by these presents do Grant, Sell and Convey unto the said
LOS CAMPEONES, INC., of the County of Cameron, State of Texas, the
property hereinbefore described.

TO HAVE AND TO HOLD the said property, together with all and
singular the rights and appurtenances thereto in any wise belonging unto
the said LOS CAMPEONES, INC., its successors and assigns forever. And
for and on behalf of the said VALLEY INTERNATIONAL PROPERTIES, INC.,
Grantor in said Deed of Trust, and its successors and assigns, I do

CMPDF - www.texis.com

Page 3

hereby bind the said VALLEY INTERNATIONAL PROPERTIES, INC., its succes-
sors and assigns, to Warrant and Forever Defend, all and singular, said
premises, in so far as is authorized by said Deed of Trust, unto the
said LOS CAMPEONES, INC., its successors and assigns, against every
person whomsoever lawfully claiming or to claim the same or any part
thereof.

WITNESS MY HAND this 7th day of June, A.D. 1977.

C. FOUNT RAY, TRUSTEE

THE STATE OF TEXAS

COUNTY OF CAMERON

BEFORE ME, the undersigned, a Notary Public in and for said
County and State, on this day personally appeared C. FOUNT RAY, known
to me to be the person whose name is subscribed to the foregoing instru-
ment, and acknowledged to me that he executed the same for the purposes
and consideration therein expressed, and in the capacity therein stated.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this the 7th day of June,
A.D. 1977.

Notary Public in and for Cameron
County, Texas

GWEN HEARN
NOTARY PUBLIC, CAMERON COUNTY, TEXAS
COMM. EXP. 10-31-79

18-7825-3
18-9615-8

## AFFIDAVIT OF MAILING NOTICE OF FORECLOSURE

THE STATE OF TEXAS

VOL 1086 PAGE 165

COUNTY OF CAMERON

BEFORE ME, the undersigned authority, on this day personally appeared C. FOUNT RAY, personally known to me, who, after being by me duly sworn, upon oath deposes and says:

My name is C. Fount Ray. I reside in Brownsville, Texas, and I am an employee of Ransome & Ray, P. C., Attorneys at Law, Brownsville, Texas. On the 10th day of May, 1977, a day at least 21 days preceding the date of sale under foreclosure of lien by Trustee having power of sale given in instrument recorded in Volume ___59A___, at Page ___365___, Deed of Trust Records of Cameron County, Texas, I deposited written notice of the proposed sale, by Certified Mail, to the following debtors, who are shown by the records of Brownsville Savings & Loan Association, of Brownsville, Texas, the present holder of the debt, to be obligated to pay such debt. Debtors receiving such notice are:

1. Bill D. Bass, President
   Valley International Properties, Inc.
   P. O. Box 523
   Brownsville, Texas 78520                    Certified Mail No. 397725

2. Mr. Bill D. Bass
   P. O. Box 523
   Brownsville, Texas 78520                    Certified Mail No. 397726

3. Bill D. Bass, General Partner
   Los Conquistadores, Ltd.
   P. O. Box 523
   Brownsville, Texas 78520                    Certified Mail No. 397727

Such notices were deposited, enclosed in a postpaid wrapper, properly addressed to those named above at the above addresses, (same being their most recent addresses shown by the records of the present holder of the debt), in a post office or official depository under the care and custody of the United States Postal Service.

On said 10th day of May, 1977, (a day more than 25 days prior to date of foreclosure), written notice of the proposed sale was likewise sent to:

1. District Director
   Internal Revenue SErvice
   300 E. 8th Street
   Austin, Texas 78701
   Attention: Chief, Special Procedures Staff   Certified Mail No. 397724

Foreclosure by Brownsville Savings & Loan Association, a secured creditor of Valley International Properties, Inc. and Los Conquistadores, Ltd. was authorized by the Bankruptcy Judge in Cause No. 76-B-47, Adversary E, in the United States District Court for the Southern District of Texas, Brownsville Division, on May 18, 1977.

FURTHER AFFIANT SAITH NOT.

_____
C. FOUNT RAY

SWORN TO AND SUBSCRIBED BEFORE ME by the said C. FOUNT RAY on this 19th day of May, 1977, TO CERTIFY WHICH WITNESS MY HAND AND SEAL OF OFFICE.

_____
Gwen Hearn, Notary Public, Cameron County,
Texas

THE STATE OF TEXAS
COUNTY OF CAMERON

BEFORE ME, the undersigned authority, a Notary Public in and for said County and State, on this day personally appeared C. FOUNT RAY, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressed.
GIVEN UNDER MY HAND AND SEAL OF OFFICE this 19th day of May, 1977.

_____
Gwen Hearn, Notary Public, Cameron County, Texas

166

VOL 1086 PAGE 160

$5.50

12659

C. POINT RAY, TRUSTEE

TO

LOS CAMPEONES, INC.

FILED FOR RECORD
AT 4:30 O'CLOCK _M

JOE G. RIVERA

TRUSTEE'S DEED

Record and return to:

Los Campeones, Inc.
P. O. Box 3850
Brownsville, Texas 78520

RANSOME & RAY, P.C.
ATTORNEYS AT LAW
POST OFFICE BOX 1118
BROWNSVILLE, TEXAS 78520

STATE OF TEXAS
COUNTY OF CAMERON
I hereby certify that this instrument was FILED on the date and at the time stamped hereon by me and was duly RECORDED in the Volume and page of the named RECORDS of Cameron County, Texas as stamped hereon by me.

JUN 13 1977

Joe G. Rivera
County Clerk
Cameron County, Texas



State of Texas
County of Cameron

I, Joe G. Rivera, County Clerk of
Cameron County, Texas, do hereby certify
that the foregoing is a true and correct
copy of the original record now on file
and/or recorded by me in the DEED
_____ Records, Volume 1086
page(s) 161 - 166
MARCH 6, 2001                    Date
JOE G. RIVERA, COUNTY CLERK
Cameron County, Texas

By Dan Hinojosa      Deputy

DEED RECORDS

**TRUSTEE'S DEED**

#18-007825-3
#18-007613-3

THE STATE OF TEXAS    X

· · 12₆₆0  VOL 1086 PAGE 167

COUNTY OF CAMERON    X    KNOW ALL MEN BY THESE PRESENTS:

WHEREAS, on the __14th__ day of __May__, 19 73 , VALLEY
INTERNATIONAL PROPERTIES, INC., executed and delivered to me, C. Fount
Ray, as Trustee, a Deed of Trust of said date, which is of record in
Volume __592__, Page __345__, of the Records of Deeds of Trust of
Cameron County, Texas, whereby, for the purpose of securing the payment
of certain indebtedness set out in said Deed of Trust, it Granted,
Sold and Conveyed to me, the said C. Fount Ray, in trust, the following
described property, situated, lying and being in the County of Cameron
and State of Texas, viz:

Condominium Unit #8043 situated upon Lot 804, which said Lot is described
by metes and bounds as follows:

A 0.697 acre tract of land within a 46.2 acre tract and portion of the
Tannehill & Russell tract and being out of Share 22 of the Espiritu Santo
Grant, Cameron County, Texas, said 0.697 acre tract being more
particularly described as follows:

From a pipe set for the Southeast corner of a 1.35 acre tract and for a
4.04 acre tract recorded in Volume 281, Page 68, Deed Records, Cameron
County, Texas; THENCE N 79° 44' 00" W a distance of 468.41 feet to the
centerline of Country Club Boulevard being 15 feet from the West line of
Tannehill & Russell Tract; THENCE N 19° 16' 00" W parallel with said WEst
line of the Tannehill & Russell Tract a distance of 270.1 feet to the
point of curve to the Right having a radius of 356.84 feet for a distance
of 110.34 feet to the True Place of Beginning, being the Southwest corner
of this tract; THENCE with said curve a distance of 91.55 feet for the
Southeast corner of this tract; THENCE N 38° 19' 00" W a distance of 19.16
feet to a point; THENCE N 32° 31' 00" W a distance of 270.00 feet for the
Northeast corner of this tract; THENCE S 59° 37' 41" W a distance of
101.11 feet for the Northwest corner of this tract; THENCE S 32° 31' 00"
E a distance of 276.00 feet to a point; THENCE S 53° 01' 00" E a distance
of 40.16 feet for the Southwest corner of this tract and PLACE OF
BEGINNING; CONTAINING 0.697 ACRES (more or less).

ORIGINAL DIM   )

68

VOL 1086 PAGE 163

TO HAVE AND TO HOLD, the herein described premises, together with all and singular the rights and appurtenances thereto in any wise belonging unto me, the said Trustee, to my successor or substitute in this trust, and to my and our assigns forever; and

WHEREAS, default has been made in the payment of said indebtedness and BROWNSVILLE SAVINGS AND LOAN ASSOCIATION, of Brownsville, Texas, the holder of said indebtedness has since said default, requested me, the said Trustee, to sell said property in accordance with the provisions of said Deed of Trust, for the purpose of paying said indebtedness; and

WHEREAS, pursuant to said request and to the provisions of said Deed of Trust, I proceeded to sell said property at public auction, at the Court House door of Cameron County, Texas, between the hours of ten o'clock A.M. and four o'clock P.M., on Tuesday, the 7th of June, A.D. 1977, after having given public notice of the time, place and terms of such sale, as prescribed by the terms of said Deed of Trust, and after first posting written notice thereof for three consecutive weeks prior to the day of sale in three public places in said County, one of which was posted at the Court House door of said County; one of which was posted at the City Hall, Brownsville, Texas; and one of which was posted at the U. S. Post Office (Downtown), Brownsville, Texas; and

WHEREAS, at such sale said property was by me struck off to LOS CAMPEONES, INC., a Texas corporation, for the price and sum of SIXTEEN THOUSAND AND NO/100THS------------($16,000.00)------------------DOLLARS, it being the best and highest bidder for the same, and said sum being the best and highest bid therefor;

NOW, THEREFORE, KNOW ALL MEN BY THESE PRESENTS, that I, C. FOUNT RAY, of Cameron County, Texas, Trustee as aforesaid, by virtue of the powers granted to me by said Deed of Trust, and in consideration of the foregoing premises and of the sum of SIXTEEN THOUSAND AND NO/100THS--- ---------($16,000.00)----------- DOLLARS, to me cash in hand paid by the said LOS CAMPEONES, INC., a Texas corporation, the receipt whereof is hereby acknowledged, (which said sum of money I have applied according to the directions of said Deed of Trust), have Granted, Sold and Conveyed, and by these presents do Grant, Sell and Convey unto the said LOS CAMPEONES, INC., of the County of Cameron, State of Texas, the property hereinbefore described.

TO HAVE AND TO HOLD the said property, together with all and singular the rights and appurtenances thereto in any wise belonging unto the said LOS CAMPEONES, INC., its successors and assigns forever. And for and on behalf of the said VALLEY INTERNATIONAL PROPERTIES, INC., Grantor in said Deed of Trust, and its successors and assigns, I do

VOL. 1086 PAGE 170          Page 3

hereby bind the said VALLEY INTERNATIONAL PROPERTIES, INC., its succes-
sors and assigns, to Warrant and Forever Defend, all and singular, said
premises, in so far as is authorized by said Deed of Trust, unto the
said LOS CAMPEONES, INC., its successors and assigns, against every
person whomsoever lawfully claiming or to claim the same or any part
thereof.

WITNESS MY HAND this 7th day of June, A.D. 1977.

C. FOUNT RAY, TRUSTEE

THE STATE OF TEXAS

COUNTY OF CAMERON

BEFORE ME, the undersigned, a Notary Public in and for said
County and State, on this day personally appeared C. FOUNT RAY, known
to me to be the person whose name is subscribed to the foregoing instru-
ment, and acknowledged to me that he executed the same for the purposes
and consideration therein expressed, and in the capacity therein stated.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this the 7th day of June,
A.D. 1977.

Gwen Hearn
Notary Public in and for Cameron
County, Texas

GWEN HEARN
NOTARY PUBLIC, CAMERON COUNTY, TEXAS
COMM. EXP. 10-31-78

17

18-2825-3
18-7613-3

AFFIDAVIT OF MAILING NOTICE OF FORECLOSURE

THE STATE OF TEXAS

COUNTY OF CAMERON

VOL. 1086 PAGE 171

BEFORE ME, the undersigned authority, on this day personally appeared C. FOUNT RAY, personally known to me, who, after being by me duly sworn, upon oath deposes and says:

My name is C. Fount Ray. I reside in Brownsville, Texas, and I am an employee of Ransome & Ray, P. C., Attorneys at Law, Brownsville, Texas. On the 10th day of May, 1977, a day at least 21 days preceding the date of sale under foreclosure of lien by Trustee having power of sale given in instrument recorded in Volume _____592_____, at Page _____345_____, Deed of Trust Records of Cameron County, Texas, I deposited written notice of the proposed sale, by Certified Mail, to the following debtors, who are shown by the records of Brownsville Savings & Loan Association, of Brownsville, Texas, the present holder of the debt, to be obligated to pay such deb   Debtors receiving such notice are:

1. Bill D. Bass, President
   Valley International Properties, Inc.
   P. O. Box 523
   Brownsville, Texas 78520                    Certified Mail No. 397725

2. Mr. Bill D. Bass
   P. O. Box 523
   Brownsville, Texas 78520                    Certified Mail No. 397726

3. Bill D. Bass, General Partner
   Los Conquistadores, Ltd.
   P. O. Box 523
   Brownsville, Texas 78520                    Certified Mail No. 397727

Such notices were deposited, enclosed in a postpaid wrapper, properly addressed to those named above at the above addresses, (same being their most recent addresses shown by the records of the present holder of the debt), in a post office or official depository under the care and custody of the United States Postal Service.

On said 10th day of May, 1977, (a day more than 25 days prior to date of fore-closure), written notice of the proposed sale was likewise sent to:

1. District Director
   Internal Revenue SErvice
   300 E. 8th Street
   Austin, Texas 78701
   Attention: Chief, Special Procedures Staff    Certified Mail No. 397724

Foreclosure by Brownsville Savings & Loan Association, a secured creditor of Valley International Properties, Inc. and Los Conquistadores, Ltd. was authorized by the Bankruptcy Judge in Cause No. 76-B-47, Adversary E, in the United States District Court for the Southern District of Texas, Brownsville Division, on May 18, 1977.

FURTHER AFFIANT SAITH NOT.

_____
C. FOUNT RAY

SWORN TO AND SUBSCRIBED BEFORE ME by the said C. FOUNT RAY on this 19th day of May, 1977, TO CERTIFY WHICH WITNESS MY HAND AND SEAL OF OFFICE.

_____
Gwen Hearn, Notary Public, Cameron County, Texas

THE STATE OF TEXAS
COUNTY OF CAMERON

BEFORE ME, the undersigned authority, a Notary Public in and for said County and State, on this day personally appeared C. FOUNT RAY, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressed.
GIVEN UNDER MY HAND AND SEAL OF OFFICE this 19th day of May, 1977.

_____
Gwen Hearn, Notary Public, Cameron County, Texas

Case 1:00-cv-00173   Document 25   Filed in TXSD on 04/02/2001   Page 143 of 318

Vol. 1086 PAGE 172

12660

C. FOUNT RAY, TRUSTEE

TO

LOS CAMPEONES, INC.

FILED FOR RECORD

JUN 10 1977
JOE G. RIVERA
Ct. County Clerk, Cameron Co., Tex.
By _____ DEPUTY

TRUSTEE'S DEED

Record and return to:

Los Campeones, Inc.
P. O. Box 3850
Brownsville, Texas 78520

RANSOME & RAY, P.C.
ATTORNEYS AT LAW
POST OFFICE BOX 3150
BROWNSVILLE, TEXAS 78520

STATE OF TEXAS
COUNTY OF CAMERON

I hereby certify that this instrument was FILED on the date and at the time stamped hereon by me and was duly RECORDED in the Volume and page of the named RECORDS of Cameron County, Texas as stamped hereon by me.

JUN 13 1977

Joe G. Rivera
County Clerk
Cameron County, Texas

State of Texas
County of Cameron

I, Joe G. Rivera, County Clerk of
Cameron County, Texas, do hereby certify
that the foregoing is a true and correct
copy of the original record now on file
and/or recorded by me in the
DEED                Records, Volume 1086
page(s) 167-172
MARCH 6, 2001 Date
Joe G. RIVERA, COUNTY CLERK
Cameron County, Texas

By Dan Hinojosa       Deputy

173

#18-7825-3
#18-7611-7

**TRUSTEE'S DEED**

DEED RECORDS

12661

THE STATE OF TEXAS    X

COUNTY OF CAMERON     X

KNOW ALL MEN BY THESE PRESENTS:  VOL 1086 PAGE 173

WHEREAS, on the __14th__ day of __May__ , 19 73 , VALLEY INTERNATIONAL PROPERTIES, INC., executed and delivered to me, C. Fount Ray, as Trustee, a Deed of Trust of said date, which is of record in Volume __592__ , Page __335__ , of the Records of Deeds of Trust of Cameron County, Texas, whereby, for the purpose of securing the payment of certain indebtedness set out in said Deed of Trust, it Granted, Sold and Conveyed to me, the said C. Fount Ray, in trust, the following described property, situated, lying and being in the County of Cameron and State of Texas, viz:

Condominium Unit # __8102__ , situated upon Lot 810, which said Lot is described by metes and bounds as follows:

A 0.482 acre tract of land within a 46.2 acre tract and a portion of the Tannehill & Russell tract and being out of Share 22 of the Espiritu Santo Grant, Cameron County, Texas, said 0.482 acre tract being more particularly described as follows:

FROM a pipe set for the Southeast corner of a 1.35 acre tract and for a 4.04 acre tract recorded in Volume 281, Page 68 of the Deed Records, Cameron County, Texas; THENCE N 79° 44' 00" W a distance of 468.41 feet to the centerline of Country Club Boulevard, being 15 feet from the West line of Tannehill & Russell Tract to the TRUE PLACE OF BEGINNING, being the Southeast corner of this tract; THENCE N 19° 16' E a distance of 113.10 feet for the Northeast corner of this tract; THENCE N 74° 07' W a distance of 156.18 feet for the Northwest corner of this tract; THENCE S 15° 53' W a distance of 133.18 feet for the Southwest corner of this tract; THENCE S 81° 53' E a distance of 150.00 feet for the Southeast corner of this tract and the PLACE OF BEGINNING, containing 0.482 acres of land, more or less.

TO HAVE AND TO HOLD, the herein described premises, together with all and singular the rights and appurtenances thereto in any wise belonging unto me, the said Trustee, to my successor or substitute in this trust, and to my and our assigns forever; and

WHEREAS, default has been made in the payment of said indebtedness and BROWNSVILLE SAVINGS AND LOAN ASSOCIATION, of Brownsville, Texas, the holder of said indebtedness has since said default, requested me, the said Trustee, to sell said property in accordance with the provisions of said Deed of Trust, for the purpose of paying said indebtedness; and

174

VOL 1086 PAGE 174     Page 2

WHEREAS, pursuant to said request and to the provisions of said
Deed of Trust, I proceeded to sell said property at public auction, at
the Court House door of Cameron County, Texas, between the hours of
ten o'clock A.M. and four o'clock P.M., on Tuesday, the 7th of June,
A.D. 1977, after having given public notice of the time, place and
terms of such sale, as prescribed by the terms of said Deed of Trust,
and after first posting written notice thereof for three consecutive
weeks prior to the day of sale in three public places in said County,
one of which was posted at the Court House door of said County; one
of which was posted at the City Hall, Brownsville, Texas; and one of
which was posted at the U. S. Post Office (Downtown), Brownsville,
Texas; and

WHEREAS, at such sale said property was by me struck off to LOS
CAMPEONES, INC., a Texas corporation, for the price and sum of SIXTEEN
THOUSAND AND NO/100THS---------($16,000.00)---------------------DOLLARS,
it being the best and highest bidder for the same, and said sum being
the best and highest bid therefor;

NOW, THEREFORE, KNOW ALL MEN BY THESE PRESENTS, that I, C. FOUNT
RAY, of Cameron County, Texas, Trustee as aforesaid, by virtue of the
powers granted to me by said Deed of Trust, and in consideration of the
foregoing premises and of the sum of SIXTEEN THOUSAND AND NO/100THS----
-------($16,000.00)------------- DOLLARS, to me cash in hand paid by the
said LOS CAMPEONES, INC., a Texas corporation, the receipt whereof is
hereby acknowledged, (which said sum of money I have applied according
to the directions of said Deed of Trust), have Granted, Sold and Con-
veyed, and by these presents do Grant, Sell and Convey unto the said
LOS CAMPEONES, INC., of the County of Cameron, State of Texas, the
property hereinbefore described.

TO HAVE AND TO HOLD the said property, together with all and
singular the rights and appurtenances thereto in any wise belonging unto
the said LOS CAMPEONES, INC., its successors and assigns forever. And
for and on behalf of the said VALLEY INTERNATIONAL PROPERTIES, INC.,
Grantor in said Deed of Trust, and its successors and assigns, I do

VOL. 1086 PAGE 175

hereby bind the said VALLEY INTERNATIONAL PROPERTIES, INC., its succes-
sors and assigns, to Warrant and Forever Defend, all and singular, said
premises, in so far as is authorized by said Deed of Trust, unto the
said LOS CAMPEONES, INC., its successors and assigns, against every
person whomsoever lawfully claiming or to claim the same or any part
thereof.

WITNESS MY HAND this 7th day of June, A.D. 1977.

C. FOUNT RAY, TRUSTEE

THE STATE OF TEXAS

COUNTY OF CAMERON

BEFORE ME, the undersigned, a Notary Public in and for said
County and State, on this day personally appeared C. FOUNT RAY, known
to me to be the person whose name is subscribed to the foregoing instru-
ment, and acknowledged to me that he executed the same for the purposes
and consideration therein expressed, and in the capacity therein stated.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this the 7th day of June,
A.D. 1977.

Notary Public in and for Cameron
County, Texas

GWEN HEARN
NOTARY PUBLIC, CAMERON COUNTY, TEXAS
COMM. EXP. 10-31-78

18-7825-3
18-7611-7

## AFFIDAVIT OF MAILING NOTICE OF FORECLOSURE

THE STATE OF TEXAS

COUNTY OF CAMERON

Vol 1086 PAGE 176

BEFORE ME, the undersigned authority, on this day personally appeared C. FOUNT RAY, personally known to me, who, after being by me duly sworn, upon oath deposes and says:

My name is C. Fount Ray. I reside in Brownsville, Texas, and I am an employee of Ransome & Ray, P. C., Attorneys at Law, Brownsville, Texas. On the 10th day of May, 1977, a day at least 21 days preceding the date of sale under foreclosure of lien by Trustee having power of sale given in instrument recorded in Volume _592_, at Page _335_, Deed of Trust Records of Cameron County, Texas, I deposited written notice of the proposed sale, by Certified Mail, to the following debtors, who are shown by the records of Brownsville Savings & Loan Association, of Brownsville, Texas, the present holder of the debt, to be obligated to pay such debt. Debtors receiving such notice are:

1.  Bill D. Bass, President
    Valley International Properties, Inc.
    P. O. Box 523
    Brownsville, Texas 78520                Certified Mail No. 397725

2.  Mr. Bill D. Bass
    P. O. Box 523
    Brownsville, Texas 78520                Certified Mail No. 397726

3.  Bill D. Bass, General Partner
    Los Conquistadores, Ltd.
    P. O. Box 523
    Brownsville, Texas 78520                Certified Mail No. 397727

Such notices were deposited, enclosed in a postpaid wrapper, properly addressed to those named above at the above addresses, (same being their most recent addresses shown by the records of the present holder of the debt), in a post office or official depository under the care and custody of the United States Postal Service.

On said 10th day of May, 1977, (a day more than 25 days prior to date of fore-closure), written notice of the proposed sale was likewise sent to:

1.  District Director
    Internal Revenue SErvice
    300 E. 8th Street
    Austin, Texas 78701
    Attention: Chief, Special Procedures Staff    Certified Mail No. 397724

Foreclosure by Brownsville Savings & Loan Association, a secured creditor of Valley International Properties, Inc. and Los Conquistadores, Ltd. was authorized by the Bankruptcy Judge in Cause No. 76-B-47, Adversary E, in the United States District Court for the Southern District of Texas, Brownsville Division, on May 18, 1977.

FURTHER AFFIANT SAITH NOT.

_C. Fount Ray_
C. FOUNT RAY

SWORN TO AND SUBSCRIBED BEFORE ME by the said C. FOUNT RAY on this 19th day of MAY, 1977, TO CERTIFY WHICH WITNESS MY HAND AND SEAL OF OFFICE.

_Gwen Hearn_
Gwen Hearn, Notary Public, Cameron County,
Texas

THE STATE OF TEXAS
COUNTY OF CAMERON

BEFORE ME, the undersigned authority, a Notary Public in and for said County and State, on this day personally appeared C. FOUNT RAY, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressed.
GIVEN UNDER MY HAND AND SEAL OF OFFICE this 19th day of May, 1977.

_Gwen Hearn_
Gwen Hearn, Notary Public, Cameron County, Texas

177

VOL 1086 PAGE 177

12661

C. FOUNT RAY, TRUSTEE

TO

LOS CAMPEONES, INC.

TRUSTEE'S DEED

FILED FOR RECORD AT ____ O'CLOCK ____ M

JOE G. RIVERA Clerk

Record and return to:
Los Campeones, Inc.
P. O. Box 3850
Brownsville, Texas 78520

RANSOME & RAY, P.C.
ATTORNEYS AT LAW
POST OFFICE BOX 3850
BROWNSVILLE, TEXAS 78520

STATE OF TEXAS
COUNTY OF CAMERON

I hereby certify that this Instrument was FILED on the date and at the time stamped hereon by me and was duly RECORDED in the Volume and page of the named RECORDS of Cameron County, Texas as stamped hereon by me.

JUN 13 1977

Joe G. Rivera
County Clerk
Cameron County, Texas

State of Texas
County of Cameron

I, Joe G. Rivera, County Clerk of
Cameron County, Texas, do hereby certify
that the foregoing is a true and correct
copy of the original record now on file
and/or recorded by me in the
_DEED_ Records, Volume _1086_
page(s) _173 - 177_
_MARCH 6, 2001_ Date
JOE G. RIVERA, COUNTY CLERK
Cameron County, Texas

By _Dan Hingin_ Deputy

**178**

DEED RECORDS

TRUSTEE'S DEED

#18-007825-3
#18-007610-2

THE STATE OF TEXAS     X
                       X
COUNTY OF CAMERON       X

12662

KNOW ALL MEN BY THESE PRESENTS: ᵛᵒˡ 1086 ᴘᴀɢᴇ 178

WHEREAS, on the __14th__ day of ___May___ , 19 _73_ , VALLEY
INTERNATIONAL PROPERTIES, INC., executed and delivered to me, C. Fount
Ray, as Trustee, a Deed of Trust of said date, which is of record in
Volume __592__ , Page __340__ , of the Records of Deeds of Trust of
Cameron County, Texas, whereby, for the purpose of securing the payment
of certain indebtedness set out in said Deed of Trust, it Granted,
Sold and Conveyed to me, the said C. Fount Ray, in trust, the following
described property, situated, lying and being in the County of Cameron
and State of Texas, viz:

Condominium Unit # __8103__ , situated upon Lot 810, which said Lot is
described by metes and bounds as follows:

A 0.482 acre tract of land within a 46.2 acre tract and a portion of the
Tannehill & Russell tract and being out of Share 22 of the Espiritu Santo
Grant, Cameron County, Texas, said 0.482 acre tract being more particularly
described as follows:

FROM a pipe set for the Southeast corner of a 1.35 acre tract and for a
4.04 acre tract recorded in Volume 281, Page 68 of the Deed Records,
Cameron County, Texas; THENCE N 79° 44' 00" W a distance of 468.41 feet
to the centerline of Country Club Boulevard, being 15 feet from the West
line of Tannehill & Russell Tract to the TRUE PLACE OF BEGINNING, being
the Southeast corner of this tract; THENCE N 19° 16' E a distance of 113.10
feet for the Northeast corner of this tract; THENCE N 74° 07' W a distance
of 156.18 feet for the Northwest corner of this tract; THENCE S 15° 53'
W a distance of 133.18 feet for the Southwest corner of this tract;
THENCE S 81° 53' E a distance of 150.00 feet for the Southeast corner of
this tract and the PLACE OF BEGINNING, containing 0.482 acres of land,
more or less.

TO HAVE AND TO HOLD, the herein described premises, together with
all and singular the rights and appurtenances thereto in any wise
belonging unto me, the said Trustee, to my successor or substitute in
this trust, and to my and our assigns forever; and

WHEREAS, default has been made in the payment of said indebtedness
and BROWNSVILLE SAVINGS AND LOAN ASSOCIATION, of Brownsville, Texas, the
holder of said indebtedness has since said default, requested me, the
said Trustee, to sell said property in accordance with the provisions
of said Deed of Trust, for the purpose of paying said indebtedness; and

Case 1:00-cv-00173   Document 25   Filed in TXSD on 04/02/2001   Page 152 of 318

VOL **1086** PAGE 180   Page 3

hereby bind the said VALLEY INTERNATIONAL PROPERTIES, INC., its succes-
sors and assigns, to Warrant and Forever Defend, all and singular, said
premises, in so far as is authorized by said Deed of Trust, unto the
said LOS CAMPEONES, INC., its successors and assigns, against every
person whomsoever lawfully claiming or to claim the same or any part
thereof.

WITNESS MY HAND this 7th day of June, A.D. 1977.

_____
C. FOUNT RAY, TRUSTEE

THE STATE OF TEXAS

COUNTY OF CAMERON

BEFORE ME, the undersigned, a Notary Public in and for said
County and State, on this day personally appeared C. FOUNT RAY, known
to me to be the person whose name is subscribed to the foregoing instru-
ment, and acknowledged to me that he executed the same for the purposes
and consideration therein expressed, and in the capacity therein stated.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this the 7th day of June,
A.D. 1977.

_____
Notary Public in and for Cameron
County, Texas

**GWEN HEARN**
NOTARY PUBLIC, CAMERON COUNTY, TEXAS
COMM. EXP. 10-31-78

## AFFIDAVIT OF MAILING NOTICE OF FORECLOSURE

*H 18- 9825-3*
*18 - 7610 -2*

THE STATE OF TEXAS

COUNTY OF CAMERON

*Vol 1086 Page 181*

BEFORE ME, the undersigned authority, on this day personally appeared C. FOUNT RAY, personally known to me, who, after being by me duly sworn, upon oath deposes and says:

My name is C. Fount Ray. I reside in Brownsville, Texas, and I am an employee of Ransome & Ray, P. C., Attorneys at Law, Brownsville, Texas. On the 10th day of May, 1977, a day at least 21 days preceding the date of sale under foreclosure of lien by Trustee having power of sale given in instrument recorded in Volume ___592___, at Page ___340___, Deed of Trust Records of Cameron County, Texas, I deposited written notice of the proposed sale, by Certified Mail, to the following debtors, who are shown by the records of Brownsville Savings & Loan Association, of Brownsville, Texas, the present holder of the debt, to be obligated to pay such debt. Debtors receiving such notice are:

1. Bill D. Bass, President
   Valley International Properties, Inc.
   P. O. Box 523
   Brownsville, Texas 78520          Certified Mail No. 397725

2. Mr. Bill D. Bass
   P. O. Box 523
   Brownsville, Texas 78520          Certified Mail No. 397726

3. Bill D. Bass, General Partner
   Los Conquistadores, Ltd.
   P. O. Box 523
   Brownsville, Texas 78520          Certified Mail No. 397727

Such notices were deposited, enclosed in a postpaid wrapper, properly addressed to those named above at the above addresses, (same being their most recent addresses shown by the records of the present holder of the debt), in a post office or official depository under the care and custody of the United States Postal Service.

On said 10th day of May, 1977, (a day more than 25 days prior to date of foreclosure), written notice of the proposed sale was likewise sent to:

1. District Director
   Internal Revenue SErvice
   300 E. 8th Street
   Austin, Texas  78701
   Attention: Chief, Special Procedures Staff    Certified Mail No. 397724

Foreclosure by Brownsville Savings & Loan Association, a secured creditor of Valley International Properties, Inc. and Los Conquistadores, Ltd. was authorized by the Bankruptcy Judge in Cause No. 76-B-47, Adversary E, in the United States District Court for the Southern District of Texas, Brownsville Division, on May 18, 1977.

FURTHER AFFIANT SAITH NOT.

_____
C. FOUNT RAY

SWORN TO AND SUBSCRIBED BEFORE ME by the said C. FOUNT RAY on this 19th day of May, 1977, TO CERTIFY WHICH WITNESS MY HAND AND SEAL OF OFFICE.

*Gwen Hearn*
Gwen Hearn, Notary Public, Cameron County, Texas

THE STATE OF TEXAS
COUNTY OF CAMERON

BEFORE ME, the undersigned authority, a Notary Public in and for said County and State, on this day personally appeared C. FOUNT RAY, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressed.
GIVEN UNDER MY HAND AND SEAL OF OFFICE this 19th day of May, 1977.

*Gwen Hearn*
Gwen Hearn, Notary Public, Cameron County, Texas

182

VOL 1086 PAGE 182

12662

C. FOUNT RAY, TRUSTEE

TO

LOS CAMPEONES, INC.

FILED FOR RECORD

JUN 13 1977
JOE G. RIVERA
County Clerk, Cameron Co., Tex.

TRUSTEE'S DEED

Record and return to:
Los Campeones, Inc.
P. O. Box 3850
Brownsville, Texas 78520

RANSOME & RAY, P.C.
ATTORNEYS AT LAW
POST OFFICE BOX 1116
BROWNSVILLE, TEXAS 78520

STATE OF TEXAS
COUNTY OF CAMERON
I hereby certify that this instrument was FILED on the date and at the time stamped hereon by me and was duly RECORDED in the Volume and page of the named RECORDS of Cameron County, Texas as stamped hereon by me.

JUN 13 1977

Joe G. Rivera
County Clerk
Cameron County, Texas

18:

#18-007710-7

DEED RECORDS    TRUSTEE'S DEED    · 12662

THE STATE OF TEXAS    X
                      X    KNOW ALL MEN BY THESE PRESENTS:    VOL. 1086 PAGE 183
COUNTY OF CAMERON     X

WHEREAS, on the 23rd day of December, 1974, VALLEY INTERNATIONAL

PROPERTIES, INC., executed and delivered to me, C. Fount Ray, as

Trustee, a Deed of Trust of said date, which is of record in Volume

644, Page 157, of the Records of Deeds of Trust of Cameron County,

Texas, whereby, for the purpose of securing the payment of certain in-

debtedness set out in said Deed of Trust, it Granted, Sold and Conveyed

to me, the said C. Fount Ray, in trust, the following described property,

situated, lying and being in the County of Cameron and State of Texas,

viz:

        Unit No. 315-6, Building "BC", situated on Lot 3155; Unic
        448-3, Building "EB", situated on Lot 4483; Unit 315-1,
        Building "BA", situated on Lot 3151; Unit 448-6, Building
        "EC", situated on Lot 4485; Unit 412-8, Building "DB",
        situated on Lot 4127; all in COUNTRY CLUB "NORTH", Brownsville,
        Cameron County, Texas, according to Condominium Declaration
        recorded in Volume 1, Page 203 of the Condominium Records of
        Cameron County, Texas;

        Unit 237-1, Building "E", situated on Lot 237; Unit 237-2,
        Building "E", situated on Lot 237; and Unit 418-8, Building
        "C", situated on Lot 4187, all in COUNTRY CLUB "NORTH",
        Brownsville, Cameron County, Texas, according to Condominium
        Declaration recorded in Volume 2, Page 135, Condominium
        Records of Cameron County, Texas;

        Units 230-1 and 230-2, situated on Lot 230, COUNTRY CLUB
        ESTATES, Brownsville, in Cameron County, Texas, according to
        an unrecorded Plat of said Country Club Estates, which said
        lot is more particularly described as follows:

        0.213 acre in the Brownsville Land and Improvement Company
        Subdivision in Share 22 of the Espiritu Santo Grant, in
        Cameron County, Texas; said 0.213 acre being a part of a
        certain sixty-four acre tract conveyed by I. M. Clubb to
        Thos. H. Sweeney, Jr. and Peyton F. Sweeney by Warranty Deed
        dated November 3, 1937, recorded in Volume 283, Pages 370-374
        of the Deed Records of Cameron County, Texas; and said 0.213
        acre also being a part of a certain 168.11 acre tract
        delineated on a plat of survey by E. M. Ridley, Civil Engineer,
        Brownsville, Texas, dated December 28, 1964; and said 0.213
        acre, being located on the ground with reference to the ex-
        terior boundaries of the said 168.11 acres, as surveyed by
        E. M. Ridley, and being more particularly described as follows:

        COMMENCING at a bolt set for an interior corner of the Browns-
        ville Land and Improvement Company Subdivision, said bolt being
        at the place of intersection of the "North line (of) Block "X",
        and the "East line (of) B.L.&I. Co.", as indicated and located
        on the above mentioned 168.11 acre plat of survey; said bolt
        and corner also being in the approximated centerline of the
        "Country Club Road";

THENCE South 81 deg. 37 min. East, a distance of 1730.12
feet and South 79 deg. 22 min. East 104.6 feet for the
PLACE OF BEGINNING of this 0.213 acre tract;

THENCE South 55 deg. 03 min. West, a distance of 59.0 feet for
the westernmost corner of this tract;

THENCE South 34 deg. 57 min. East, a distance of 93.0 feet for
the Southernmost corner of this tract;

THENCE North 55 deg. 03 min. East, a distance of 107.14 feet
for a corner

THENCE North 10 deg. 03 min. East, a distance of 30.69 feet
for the Northeast corner of this tract;

THENCE North 79 deg. 22 min. West a distance of 99.80 feet to
the PLACE OF BEGINNING;

CONTAINING 0.213 acre, more or less.

Units 236-1 and 236-2, situated on Lot 236, COUNTRY CLUB
ESTATES, Cameron County, Texas, according to an unrecorded
Plat of said Country Club Estates, which said Lot is more
particularly described by metes and bounds as follows:

0.195 acre in the Brownsville Land and Improvement Company Sub-
division in Share 22 of the Espiritu Santo Grant, in Cameron
County, Texas; said 0.195 acre being a part of a certain sixty-
four acre tract conveyed by I. M. Clubb to Thos. H. Sweeney,
Jr. and Peyton F. Sweeney by Warranty Deed dated November 3,
1937, recorded in Volume 283, Pages 370-374 of the Deed Records
of Cameron County, Texas; and said 0.195 acre also being a part
of a certain 168.11 acre tract delineated on a plat of survey
by E. M. Ridley, Civil Engineer, Brownsville, Texas, dated
December 28, 1964; and said 0.195 acre being located on the
ground with reference to the exterior boundaries of the said
168.11 acres, as surveyed by E. M. Ridley and being more parti-
cularly located and described as follows:

COMMENCING at a bolt set for an interior corner of the Brownsville
Land and Improvement Company Subdivision, said bolt being at the
place of intersection of the "North line (of) Block "X", and the
"East line (of) B.L.&I.Co.", as indicated and located on the
above mentioned 168.11 acre plat of survey; said bolt and corner
also being in the approximate centerline of the "Country Club
Road";

THENCE South 81 deg. 37 min. East, a distance of 1730.12 feet and
South 79 deg. 22 min. East 499.07 feet and South 24 deg. 10 min.
East 50.0 feet for the PLACE OF BEGINNING of this 0.195 acre
tract;

THENCE South 67 deg. 30 min. 54 sec. West, a distance of 121.87
feet for the Northeast corner of this tract;

THENCE South 16 deg. 32 min. East, a distance of 120.0 feet
for the Southernmost corner of this tract;

THENCE North 30 deg. 28 min. East, a distance of 168.94 feet
for a corner of this tract;

THENCE North 24 deg. 10 min. West, a distance of 17.59 feet to
the PLACE OF BEGINNING;

CONTAINING 0.195 acre, more or less.

186

TO HAVE AND TO HOLD, the herein described premises, together with all and singular the rights and appurtenances thereto in any wise belonging unto me, the said Trustee, to my successor or substitute in this trust, and to my and our assigns forever; and

WHEREAS, default has been made in the payment of said indebtedness and BROWNSVILLE SAVINGS AND LOAN ASSOCIATION, of Brownsville, Texas, the holder of said indebtedness has since said default, requested me, the said Trustee, to sell said property in accordance with the provisions of said Deed of Trust, for the purpose of paying said indebtedness; and

WHEREAS, pursuant to said request and to the provisions of said Deed of Trust, I proceeded to sell said property at public auction, at the Court House door of Cameron County, Texas, between the hours of ten o'clock A.M. and four o'clock P.M., on Tuesday, the 7th of June, A.D. 1977, after having given public notice of the time, place and terms of such sale, as prescribed by the terms of said Deed of Trust, and after first posting written notice thereof for three consecutive weeks prior to the day of sale in three public places in said County, one of which was posted at the Court House door of said County; one of which was posted at the City Hall, Brownsville, Texas; and one of which was posted at the U. S. Post Office (Downtown), Brownsville, Texas; and

WHEREAS, at such sale said property was by me struck off to LOS CAMPEONES, INC., a Texas corporation, for the price and sum of ONE HUNDRED SEVENTY-SEVEN THOUSAND SEVEN HUNDRED FIFTY-NINE AND NO/100THS ($177,759.00) DOLLARS, it being the best and highest bidder for the same, and said sum being the best and highest bid therefor;

NOW, THEREFORE, KNOW ALL MEN BY THESE PRESENTS, that I, C. FOUNT RAY, of Cameron County, Texas, Trustee as aforesaid, by virtue of the powers granted to me by said Deed of Trust, and in consideration of the foregoing premises and of the sum of ONE HUNDRED SEVENTY-SEVEN THOUSAND SEVEN HUNDRED FIFTY-NINE AND NO/100THS ($177,759.00) DOLLARS, to me cash in hand paid by the said LOS CAMPEONES, INC., a Texas corporation, the receipt whereof is hereby acknowledged, (which said sum of money I have applied according to the directions of said Deed of Trust), have Granted,

Case 1:00-cv-00173  Document 25  Filed in TXSD on 04/02/2001  Page 158 of 318

#18-2210-7

## AFFIDAVIT OF MAILING NOTICE OF FORECLOSURE

THE STATE OF TEXAS

COUNTY OF CAMERON

Vol. 1086 PAGE 188

BEFORE ME, the undersigned authority, on this day personally appeared C. FOUNT RAY, personally known to me, who, after being by me duly sworn, upon oath deposes and says:

My name is C. Fount Ray.  I reside in Brownsville, Texas, and I am an employee of Ransome & Ray, P. C., Attorneys at Law, Brownsville, Texas.  On the 10th day of May, 1977, a day at least 21 days preceding the date of sale under foreclosure of lien by Trustee having power of sale given in instrument recorded in Volume __644__, at Page __157__, Deed of Trust Records of Cameron County, Texas, I deposited written notice of the proposed sale, by Certified Mail, to the following debtors, who are shown by the records of Brownsville Savings & Loan Association, of Brownsville, Texas, the present holder of the debt, to be obligated to pay such debt.  Debtors receiving such notice are:

1. Bill D. Bass, President
   Valley International Properties, Inc.
   P. O. Box 523
   Brownsville, Texas 78520            Certified Mail No. 397725

2. Mr. Bill D. Bass
   P. O. Box 523
   Brownsville, Texas 78520            Certified Mail No. 397726

3. Bill D. Bass, General Partner
   Los Conquistadores, Ltd.
   P. O. Box 523
   Brownsville, Texas 78520            Certified Mail No. 397727

Such notices were deposited, enclosed in a postpaid wrapper, properly addressed to those named above at the above addresses, (same being their most recent addresses shown by the records of the present holder of the debt), in a post office or official depository under the care and custody of the United States Postal Service.

On said 10th day of May, 1977, (a day more than 25 days prior to date of fore-closure), written notice of the proposed sale was likewise sent to:

1. District Director
   Internal Revenue SErvice
   300 E. 8th Street
   Austin, Texas  78701
   Attention:  Chief, Special Procedures Staff    Certified Mail No. 397724

Foreclosure by Brownsville Savings & Loan Association, a secured creditor of Valley International Properties, Inc. and Los Conquistadores, Ltd. was authorized by the Bankruptcy Judge in Cause No. 76-B-47, Adversary E, in the United States District Court for the Southern District of Texas, Brownsville Division, on May 18, 1977.

FURTHER AFFIANT SAITH NOT.

_C. A. Fount Ray_
C. FOUNT RAY

SWORN TO AND SUBSCRIBED BEFORE ME by the said C. FOUNT RAY on this 19th day of May, 1977, TO CERTIFY WHICH WITNESS MY HAND AND SEAL OF OFFICE.

_Gwen Hearn_
Gwen Hearn, Notary Public, Cameron County, Texas

THE STATE OF TEXAS
COUNTY OF CAMERON

BEFORE ME, the undersigned authority, a Notary Public in and for said County and State, on this day personally appeared C. FOUNT RAY, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressed.
GIVEN UNDER MY HAND AND SEAL OF OFFICE this 19th day of May, 1977.

_Gwen Hearn_
Gwen Hearn, Notary Public, Cameron County, Texas

189

%VOL. 1086 PAGE 189

12663

C. FOUNT RAY, TRUSTEE

TO

LOS CAMPEONES, INC.

FILED FOR RECORD
AT 4:30 o'clock P.M.

TRUSTEE'S DEED

JUN 13 1977
JOE G. RIVERA
Clerk County Court
Cameron County, Texas
By _____ Deputy

Record and return to:
Los Campeones, Inc.
P. O. Box 3850
Brownsville, Texas 78520

RANSOME & RAY, P.C.
ATTORNEYS AT LAW
POST OFFICE BOX 1116
BROWNSVILLE, TEXAS 78520

STATE OF TEXAS
COUNTY OF CAMERON
I hereby certify that this instrument was FILED on the
date and at the time stamped hereon by me and was duly
RECORDED in the Volume and page of the named RECORDS
of Cameron County, Texas as stamped hereon by me.

Joe G. Rivera          JUN 13 1977
County Clerk
Cameron County, Texas

State of Texas
County of Cameron

I, Joe G. Rivera, County Clerk of
Cameron County, Texas, do hereby certify
that the foregoing is a true and correct
copy of the original record now on file
and/or recorded by me in the
DEED       Records, Volume 1086
page(s) 183-189
March 6, 2001                    Date
JOE G. RIVERA, COUNTY CLERK
Cameron County, Texas

By Dan Hinojosa           Deputy

190

#18-7826-1

DEED RECORDS

TRUSTEE'S DEED

12664    VOL 1086 PAGE 190

THE STATE OF TEXAS X
                                        X        KNOW ALL MEN BY THESE PRESENTS:
COUNTY OF CAMERON    X

    WHEREAS, on the 20th day of January, 1976, VALLEY INTERNATIONAL
PROPERTIES, INC., executed and delivered to me, C. Fount Ray, as
Trustee, a Deed of Trust of said date, which is of record in Volume
671, Page 643, of the Records of Deeds of Trust of Cameron County,
Texas, whereby, for the purpose of securing the payment of certain
indebtedness set out in said Deed of Trust, it Granted, Sold and Con-
veyed to me, the said C. Fount Ray, in trust, the following described
property, situated, lying and being in the County of Cameron and State
of Texas, viz:

       (PROPERTY DESCRIPTION BEGINS ON PAGE 2)

Case 1:00-cv-00173   Document 25   Filed in TXSD on 04/02/2001   Page 162 of 318

LOT 301 - CONVENTION CENTER      VOL 1086 PAGE 191

2.209 acre tract out of a 1.72 acre tract and a 14 acre tract in Blocks 41 and 42,
Media Luna Subdivision, Share 22, Espiritu Santo Grant, Cameron County, Texas; said
14 acre tract conveyed to Valley Inn and Country Club by deed recorded in Volume 847,
Page 612, Deed Records, Cameron County, Texas; and said 2.209 acre tract being more
particularly located and described as follows:

FROM A bolt set for an interior corner of the Brownsville Land and Improvement Company
Subdivision, said bolt being at the place of intersection of the "NORTH" line of BLOCK
"X" and "an East line of Brownsville Land and Improvement Company Subdivision", South
81 deg. 53 min. East, along the South line of Block 42, Media Luna Subdivision, and
the center line of the Country Club Road a distance of 214.35 feet for the Southwest
corner and the PLACE OF BEGINNING of this tract;

THENCE South 81 deg. 53 min. East, a distance of 168.16 feet;

THENCE North 3 deg. 11 min 55 sec. East, a distance of 176.26 feet;

THENCE South 81 deg. 53 min. East a distance of 132.82 feet for the Southeast corner
of this tract;

THENCE North 19 deg. 29 min. 45 sec. East a distance of 77.40 feet;

THENCE North 6 deg. 56 min. 00 sec. East a distance of 135.00 feet for the Northeast
corner of this tract;

THENCE South 3 deg. 11 min. 55 sec. West a distance of 381.06 feet for the Southwest
corner and the PLACE OF BEGINNING, containing 2.209 acres, more or less.

LOT 300

0.511 acre tract out of a 14 acre tract in Blocks 41 and 42, Media Luna Subdivision,
Share 22, Espiritu Santo Grant, Cameron County, Texas, said 14 acre tract conveyed to
Valley Inn & Country Club by deed recorded in Volume 847, Page 612, Deed Records,
Cameron County, Texas; and said 0.511 acre tract being more particularly located and
described as follows:

FROM a bolt set for an interior corner of the Brownsville Land and Improvement Company
Subdivision, said bolt being at the place of intersection of the "NORTH" line of BLOCK
"X" and an "East line of Brownsville Land and Improvement Company Subdivision", South
81 deg. 53 min. East, along the South line of Block 42 Media Luna Subdivision, and the
center line of the Country Club Road a distance of 214.35 feet; THENCE S 81 deg. 53 min.
East a distance of 168.16 feet to the TRUE POINT OF BEGINNING of this Tract, being the
Southwest corner;

THENCE South 81 deg. 53 min. East a distance of 125.00 feet for the Southeast corner
of this tract;

THENCE North 3 deg. 11 min. 55 sec. East a distance of 96.0 feet;

THENCE North 8 deg. 47 min. 16 sec. East a distance of 80.00 feet to the Northeast
corner of this tract;

THENCE North 81 deg. 53 min. 00 sec. West a distance of 132.82 feet for the Northwest
corner of this tract;

THENCE South 3 deg. 11 min. 55 sec. West a distance of 176.26 feet for the POINT OF
BEGINNING, containing 0.511 acres, more or less.

1.01 acres out of Block 41 and 42, Media Luna Subdivision, Brownsville, Cameron County,
Texas, described by metes and bounds as follows:

BEGINNING at a point on the center line of Country Club Road, which is South 6 deg. 29'
min. 0 sec. West 384.55 feet from a bolt, said bolt is the intersection of the North
line of Block X and the East line of Brownsville Land and Improvement Company
Subdivision, and also the center line of Country Club Road, said Point of Beginning
also being the Southwest corner of the tract herein described;

THENCE along the center line of Country Club Road, North 6 deg. 29 min. 0 sec. East,
168.26 feet to a point for the Northwest corner of this tract;

Case 1:00-cv-00173   Document 25   Filed in TXSD on 04/02/2001   Page 163 of 318

THENCE South 86 deg. 14 min. 48 sec. East, a distance of 242.94 feet to a point for the Northeast corner of this tract;

THENCE South 3 deg. 54 min. 29 sec. West, a distance of 187.91 feet to a point for the Southeast corner of this tract;

THENCE North 86 deg. 14 min. 48 sec. West, a distance of 11.59 feet to a point for a corner of this tract;

THENCE North 81 deg. 29 min. 48 sec. West, a distance of 239.68 feet to the PLACE OF BEGINNING, containing 1.01 acres of land, more or less.

FVR 1086 PAGE 192

## REGISTRATION OFFICE, BROWNSVILLE

A 1.813 acre tract out of a 6.553 acre tract which is out of the Tannehill and Russell Tract out of Share 22, Espiritu Santo Grant, Cameron County, Texas, as conveyed to Everett F. Fane, and more particularly described as follows:

BEGINNING at the Northeast corner of the 6.553 acre tract which is also the Northeast corner of the Tannehill and Russell Tract, and the TRUE POINT OF BEGINNING, and the Northeast corner of the 1.813 acre tract;

THENCE with the South Right-of-Way line of the Cottingham Canal, N 87 deg. 39 min. 00 sec. W a distance of 414.83 ft. to a point for the Northwest corner of this tract;

THENCE S 42 deg. 36 min. 00 sec. E a distance of 449.04 ft. to a point for the Southwest corner of this tract;

THENCE N 47 deg. 24 min. 00 sec. E a distance of 69.00 ft. to a point;

THENCE N 48 deg. 36 min. 30 sec. E a distance of 108.909 ft. to a point for the Southeast corner of this tract;

THENCE N 04 deg. 40 min. 30 sec. W a distance of 188.59 ft. to a point for the Northeast corner of this tract and the point of beginning, containing 1.813 acres, more or less.

## SECURITY AND MAINTENANCE YARD, BROWNSVILLE

A 0.612 acre tract of land out of what is commonly known as the "Tannehill & Russell" Tract in Share 22 of the Espiritu Santo Grant, Cameron County, Texas, and being the same property described in two (2) separate Deeds dated July 7, 1961, executed by Carl F. Frazier, et ux and recorded in Volume 712, Page 584, Deed Records, Cameron County, Texas, and May 22, 1951, executed by William Harlow Hill, et ux and recorded in Volume 517, Page 287, Deed Records, Cameron County, Texas, and more particularly described by metes and bounds as follows:

BEGINNING at the SW corner of what is commonly known as the "Tannehill & Russell Tract" for the SW corner of the tract hereby described;

THENCE N 19 deg. 16 min. 00 sec. E a distance of 219.37 ft. for the NW corner of this tract;

THENCE S 71 deg. 39 min. 00 sec. E a distance of 113.19 ft. for the NE corner of this tract;

THENCE S 11 deg. 31 min. 00 sec. W a distance of 200.80 ft. for the SE corner of this tract;

THENCE N 79 deg. 44 min. 00 sec. W a distance of 142.00 ft. for the SW corner and PLACE OF BEGINNING, containing 0.612 acres, more or less.

## VICC GOLF COURSE

Being 120.247 acres of land out of Block "X", and Block "Q", Brownsville Land and Irrigation Company Subdivision, Share 22, Espiritu Santo Grant as recorded in Volume 1, Page 18, Cameron County Map Records, Cameron County, Texas, and more particularly described as follows:

BEGINNING at a point which is N 83 deg. 54 min. W., 1201.0 feet from the Northeast corner of Lot 8, Block "R", Brownsville Land and Irrigation Company Subdivision, said point of beginning being the Southwest corner of the tract herein described;

THENCE along the East Right-of-Way of the Missouri Pacific Railroad N 0 deg. 16 min. W., 2912.6 feet to a point for the Northwest corner of this tract;

THENCE N 47 deg. 05 min. E., 269.51 feet to a point for a corner of this tract;

THENCE N 53 deg. 08 min E., 545.35 feet to a point for a corner of this tract;

THENCE N 75 deg. 58 min. E., 386.53 feet to a point for a corner of this tract;

THENCE N 5 deg. 56 min. 02.9 sec. W., 232.818 feet to a point for a corner of this tract; and on the South Right-of-Way line of F.M. 802;

rvn 1086 page 193

THENCE along the South Right-of-Way line of F.M. 802, N 83 deg. 55 min. 47 sec. E., 139.996 feet to a point for a corner of this tract; and the Northwest corner of Lot 138;

THENCE along the West boundary line of Lot 138, S 6 deg. 04 min. 220.00 feet to a point for a corner of this tract;

THENCE S 56 deg. 47 min. 54 sec. E., 57.46 feet to a point for a corner of this tract; and the Southwest corner of Lot 130, and the Northwest corner of Lot 129;

THENCE S 15 deg. 00 min. 32 sec. E., 301.938 feet to a point for a corner of this tract;

THENCE S 45 deg. 45 min. 17 sec. W., 220.50 feet to a point for a corner of this tract;

THENCE S 11 deg. 04 min. 54 sec. W., 435.7 feet to a point for a corner of this tract and the Southwest corner of Lot 122;

THENCE S 83 deg. 31 min. E., 110.00 feet to a point for a corner of this tract, and the Northwest corner of Lot 119;

THENCE S 6 deg. 29 min. W., 760.00 feet to a point for a corner of this tract;

THENCE S 2 deg. 59 min. E., 593.077 feet to a point for a corner of this tract, and the Southwest corner of the Parking Lot;

THENCE S 83 deg. 31 min. E., 152.454 feet to a point for a corner of this tract; and said point also being S 6 deg. 29 min. W., 585.0 feet from the intersection of the North line of Block "X" and the East line of Brownsville Land & Irrigation Company Subdivision, and also the centerline of Country Club Road;

THENCE S 6 deg. 29 min. W., 100.00 feet to a point for a corner of this tract, and the Southwest corner of the Club House;

THENCE S 83 deg. 31 min E., 200.00 feet to a point for a corner of this tract, and the Southeast corner of the Club House;

THENCE N 42 deg. 43 min. 58 sec. E., 241.01 feet to a point for a corner of this tract, and the Southwest corner of Lot No. 20;

THENCE N 70 deg. 00 min. E., 564.71 feet to a point for a corner of this tract;

THENCE N 61 deg. 40 min. 30 sec. E., 182.74 feet to a point for a corner of this tract, and the Southeast corner of Lot 33;

THENCE N 25 deg. 57 min. 16 sec. E., 111.35 feet to a point for a corner of this tract, and the Northeast corner of Lot 32, and the centerline of Country Club Road;

THENCE along the centerline of Country Club Road, S 81 deg. 53 min. E., 321.89 feet to a point for a corner of this tract, and the Northwest corner of Lot 90;

THENCE along the West boundary line of Lot 90, S 8 deg. 23 min. W., 165.00 feet to a point for a corner of this tract, and the Southwest corner of Lot 90;

THENCE along the South boundary line of Lot 90, N. 80 deg. 54 min. E., 116.55 feet to a point for a corner of this tract, and the Southeast corner of Lot 90;

THENCE along the East boundary line of Lot 90, N 8 deg. 23 min. E., 130.502 feet to a point for a corner of this tract; and the Northeast corner of Lot 90, and the centerline of the Country Club Road;

THENCE along the centerline of the Country Club Road, S 81 deg. 53 min. E., 27.753 feet to a point for a corner of this tract;

Case 1:00-cv-00173   Document 25   Filed in TXSD on 04/02/2001   Page 165 of 318

THENCE continuing along the centerline of the Country Club Road, S 78 deg. 13 min. 48 sec. E., 117.87 feet to a point for a corner of this tract, and the Northwest corner of Lot 216;

VOL 1186 PAGE 194

THENCE along the West boundary line of Lot 216, S. 0 deg. 47 min. E., 60.26 feet to a point for a corner of this tract, and the Northeast corner of Lot 201;

THENCE S 51 deg. 03 min. W., 643.0 feet, to a point for a corner of this tract, and the Northwest corner of Lot 207;

THENCE S 33 deg. 27 min. 58 sec. E., 100.00 feet to a point for a corner of this tract, and the Southwest corner of Lot 208;

THENCE N 75 deg. 33 min. 52 sec. E., 464.67 feet to a point for a corner of this tract, and the Southeast corner of Lot 213;

THENCE N 0 deg. 47 min. W., 147.42 feet to a point for a corner of this tract, and the Southwest corner of Lot 221;

THENCE S 43 deg. 27 min. E., 192.2 feet· to a point for a corner of this tract, and the Southwest corner of Lot 225;

THENCE N 49 deg. 32 min. 06 sec. E., 176.80 feet to a point for a corner of this tract; and the Southeast corner of Lot 226, and the Southwest corner of Lot 223;

THENCE N 83 deg. 54 min. 30 sec. E., 107.68 feet to a point for a corner of this tract, and the Southeast corner of Lot 234;

THENCE N 35 deg. 53 min. E., 251.83 feet to a point for a corner of this tract, and the Northeast corner of Lot 235, and the centerline of Country Club Road;

THENCE along the centerline of Country Club Road, S. 79 deg. 21 min. 51 sec. E., 81.493 feet to a point for the Northeast corner of this tract;, and the centerline of the Old State Hwy. No. 12;

THENCE along the centerline of the Old State Hwy. No. 12, S 24 deg. 1 min. E., 50.00 feet to a point for a corner of this tract, and the Northeast corner of Lot 236;

THENCE along the North Boundary Line of Lot 236, S 67 deg. 30 min. 54 sec. W., 121.87 feet to a point for a corner of this tract, and the Northwest corner of Lot 236, and the Northeast corner of Lot 242;

THENCE S 41 deg. 30 min. 12 sec. W., 230.793 feet to a point for a corner of this tract, and the Northwest corner of Lot 241;

THENCE S. 24 deg. 10 min. E., 265.191 feet to a point for a corner of this tract, and the Southwest corner of Lot 240, and the approximate center of the Resaca de la Guerra, and the Southeast corner of the tract herein described;

THENCE along the approximate center of the Resaca de la Guerra with following bearings and distances; S 65 deg. 33 min. W., 542.59 feet; S 67 deg. 00 min. W., 930.0 feet; N 87 deg. 30 min. W., 405.00 feet; N 65 deg. 19 min. W., 365.00 feet;

THENCE S 6 deg. 06 min. W., 706.7 feet to a point for a corner of this tract, and the Northeast corner of Lot 8, Block "R" of the Brownsville Land and Irrigation Company Subdivision;

THENCE N 83 deg. 54 min. W., 1201.0 feet to the place of beginning, containing 127.349 acres of land, more or less;

SAVE AND EXCEPT:

SERIES 40:  Beginning at a point, which is S 6 deg. 29 min. W., 585.00 feet, and N 83 deg. 31 min. W., 966.30 feet, N 13 deg. 38 min. 15 sec. E., 113.00 feet, from the intersection of the North line of Block "X", and the East line of Brownsville Land & Irrigation Company Subdivision, and also the centerline of Country Club Road, said point of beginning being the Southwest corner of the tract herein described;

THENCE N 13 deg. 38 min. 15 sec. E., 416.8 feet to a point for a corner of this tract;

THENCE N 3 deg. 52 min. 38 sec. E., 100.00 feet to a point for the Northwest corner of this tract;

THENCE S 86 deg. 07 min. 22 sec. E., 71.50 feet to a point for the Northeast corner of this tract;

Case 1:00-cv-00173  Document 25  Filed in TXSD on 04/02/2001  Page 166 of 318

THENCE S 3 deg. 52 min. 38 sec. W., 100.00 feet to a point for a corner of this tract;

THENCE S 12 deg. 02 min. 13 sec. E., 157.27 feet to a point for a corner of this tract;

THENCE S 55 deg. 59 min. 52 sec. E., 130.65 feet to a point for a corner of this tract;

THENCE S 6 deg. 05 min. 45 sec. E., 192.33 feet to a point for the Southeast corner of this tract;

THENCE N 86 deg. 54 min. 43 sec. W., 331.58 feet to the place of beginning, containing 2.15 acres of land, more or less.

VOL 1086 PAGE 195

SERIES 50: Beginning at a point which is S 6 deg. 29 min. W., 585.00 feet, and N 83 deg. 31 min. W., 966.30 feet, and S 51 deg. 31 min. 30 sec. W., 202.17 feet, from the intersection of the North Line of Block "X", and the East line of Brownsville Land & Irrigation Company Subdivision, and also the centerline of Country Club Road, said point of beginning being the Northwest corner of the tract herein described;

THENCE S 86 deg. 00 min. 08 sec. E., 148.90 feet, to a point for the Northeast corner of this tract;

THENCE S 7 deg. 41 min. 07 sec. E., 144.12 feet to a point for a corner of this tract;

THENCE S 20 deg. 33 min. 51 sec. E., 363.80 feet, to a point for the Southeast corner of this tract;

THENCE S 69 deg. 59 min. 03 sec. W., 138.20 feet to a point for the Southwest corner of this tract;

THENCE N 24 deg. 13 min. 54 sec. W., 429.32 feet to a point for a corner of this tract;

THENCE N 3 deg. 59 min. 52 sec. E., 150.00 feet to the place of beginning, containing 1.918 acres of land, more or less.

SERIES 70: Beginning at a point which is S 6 deg. 29 min. W., 585.00 feet, and N 83 deg. 31 min. W., 592.00 feet, and S 5 deg. 12 min. 28 sec. W., 197.28 feet from the intersection of the North line of Block "X", and the East line of Brownsville Land & Irrigation Company Subdivision, and also the centerline of Country Club Road, said point of beginning being the Northwest corner of the tract herein described;

THENCE N 77 deg. 17 min. 57 sec. E., 101.61 feet to a point for the Northeast corner of this tract;

THENCE S 27 deg. 33 min. 10 sec. E., 143.80 feet to a point for a corner of this tract;

THENCE S 29 deg. 57 min. 46 sec. E., 141.80 feet to a point for the Southeast corner of this tract;

THENCE S 75 deg. 28 min. 13 sec. W., 82.20 feet to a point for the Southwest corner of this tract;

THENCE N 41 deg. 46 min. 07 sec. W., 74.35 feet to a point for a corner of this tract;

THENCE N 32 deg. 26 min. 07 sec. W., 147.87 feet to a point for a corner of this tract;

THENCE N 22 deg. 18 min. 52 sec. W., 73.90 feet to the place of beginning, containing 0.637 acres of land, more or less.

SERIES 60: Beginning at a point which is S 6 deg. 29 min. W., 1359.88 feet, and N 73 deg. 49 min. W., 150.45 feet, from the intersection of the North line of Block "X", and the East line of Brownsville Land & Irrigation Company Subdivison, and also the centerline of Country Club Road, said point of beginning being the Northwest corner of the tract herein described;

THENCE S 73 deg. 49 min. E., 275.45 feet to a point for the Northeast corner of this tract;

THENCE S 11 deg. 30 min. 43 sec. W., 253.38 feet to a point for the Southeast corner of this tract;

THENCE S 88 deg. 34 min. 40 sec. W., 60.92 feet to a point for a corner of this tract;

THENCE N 0 deg. 09 min. W., 45.31 feet to a point for a corner of this tract;

Case 1:00-cv-00173   Document 25   Filed in TXSD on 04/02/2001   Page 167 of 318

THENCE N 62 deg. 20 min. 10 sec. W., 323.80 feet to a point for the Southwest corner of this tract;

THENCE N 10 deg. 10 min. W., 83.25 feet to a point for a corner of this tract;

THENCE N 72 deg. 48 min. 30 sec. E., 155.48 feet to the place of beginning, containing 1.754 acres of land, more or less.

LOT 84:  Beginning at a point, which is S 6 deg. 29 min. W., 800.00 feet, and S 82 deg. 41 min. E., 318.97 feet, from the intersection of the North line of Block "X", and the East line of Brownsville Land & Irrigation Company Subdivision, and also the centerline of Country Club Road, said point of beginning being the Southeast corner of the tract herein described;

THENCE N 88 deg. 59 min. W., 18.97 feet to a point for a corner of this tract;

THENCE N 51 deg. 34 min. W., 72.86 feet to a point for the Southwest corner of this tract;

THENCE N 3 deg. 23 min. E., 50.00 feet to a point for the Northwest corner of this tract;

THENCE S 86 deg. 37 min. E., 78.00 feet to a point for the Northeast corner of this tract;

THENCE S 3 deg. 00 min. 19 sec. W., 91.06 feet to the place of beginning, containing 0.136 acre of land, more or less.

LOT 82, 83:  Beginning at a point which is S 6 deg. 29 min. W., 784 feet and S 66 deg. 52 min. E., 70.00 feet, from the intersection of the North line of Block "X", and the East line of Brownsville Land & Irrigation Company Subdivision, and also the centerline of Country Club Road, said point of beginning being the Northwest corner of the tract herein described;

THENCE S 66 deg. 52 min. E., 151.50 feet to a point for the Northeast corner of this tract;

THENCE S 15 deg. 52 min. 42 sec. W., 85.69 feet to a point for the Southeast corner of this tract;

THENCE N 67 deg. 45 min. W., 184.00 feet to a point for the Southwest corner of this tract;

THENCE N 36 deg. 59 min. E., 90.47 feet to the place of beginning, containing 0.332 acre of land, more or less.

LOT 81:  Beginning at a point which is S 6 deg. 29 min. W., 1000.0 feet, and S 43 deg. 19 min. 30 sec. E., 46.00 feet from the intersection of the North line of Block "X", and the East line of Brownsville Land & Irrigation Company Subdivision and also the centerline of Country Club Road, said point of beginning being the Northwest corner of the tract herein described;

THENCE N 78 deg. 37 min. E., 91.87 feet to a point for a corner of this tract;

THENCE S 78 deg. 45 min. E., 60.00 feet to a point for the Northeast corner of this tract;

THENCE S 2 deg. 25 min. E., 38.91 feet, to a point for the Southeast corner of this tract;

THENCE S 66 deg. 45 min. W., 92.75 feet to a point for the Southwest corner of this tract;

THENCE N 43 deg. 19 min. 30 sec. W., 95.00 feet to the place of beginning, containing 0.185 acres of land, more or less.

| Total Acreage: | 127.349 | | Resume | |
|---|---|---|---|---|
| Save and Except: | | | Total Acreage | 127.349 |
| Series 40 | 2.15 acres | | Save and Except | 7.102 |
| Series 50 | 1.918 acres | | Net Acreage | 120.247 |
| Series 70 | 0.637 acres | | | |
| Series 60 | 1.754 acres | | | |
| Lot 84 | 0.136 acres | | | |
| Lot 82 & 83 | 0.322 acres | | | |
| Lot 81 | 0.185 acres | | | |
| Total | 7.102 | | | |

SAVE AND EXCEPT, FURTHER, 2.928 acres and 1.113 acres, respectively, out of said 120.247 acre tract (VICC Golf Course) in Brownsville Land and Irrigation Co. Subdivision, Share 22, Espiritu Santo Grant, as recorded in Cameron County Map Records, Volume 1, Page 18, Cameron County, Texas, said 2.928 acres and 1.113 acres being more particularly described by metes and bounds as Tract 2(A) and (B) in Deed dated June 28, 1976, from Valley International Properties, Inc. to Brownsville Savings and Loan Association, to which instrument and the record thereof reference is here made for all purposes in connection herewith.

CLUB HOUSE, POOL, AND PARKING AREA:

Beginning at a point which is S 6 deg. 29 min. W., 585.00 feet, and N 83 deg. 31 min. W., 152.454 feet, from the intersection of the North line of Block "X", and the East line of Brownsville Land & Irrigation Company Subdivision, and also the centerline of Country Club Road, said point of beginning being the Southwest corner of the tract herein described;

THENCE N 2 deg. 59 min. W., 299.077 feet to a point for the Northwest corner of this tract;

THENCE S 83 deg. 31 min. E., 245.545 feet to a point for a corner of this tract;

THENCE S 6 deg. 29 min. W., 108.465 feet to a point for a corner of this tract;

THENCE S 83 deg. 31 min. E., 240.00 feet to a point for the Northeast corner of this tract;

THENCE S 13 deg. 18 min. W., 43.00 feet to a point for a corner of this tract;

THENCE S 45 deg. 41 min. E., 80.67 feet to a point, for the Southeast corner of this tract;

THENCE S 42 deg. 43 min. 58 sec. W., 241.01 feet to a point for a corner of this tract;

THENCE N 83 deg. 31 min. W., 200.00 feet to a point for a corner of this tract;

THENCE N 6 deg. 29 min. E., 100.00 feet to a point for a corner of this tract;

THENCE N 83 deg. 31 min. W., 152.454 feet to the place of beginning, containing 3.147 acres of land, more or less.

PAR "3" GOLF COURSE - COUNTRY CLUB NORTH:

A 18.045 acre tract of land out of and a part of a 46.2 acre tract, out of the Hudspeth Tract, and parts of Blocks 41 and 42, Media Luna Subdivision, Share 22, Espiritu Santo Grant, Cameron County, Texas, more particularly described as follows:

BEGINNING at a bolt set for an interior corner of the Brownsville Land & Improvement Co. Subdivision and being at the point of intersection of the North line of Block "X" and the East line of the B.L.&I. Co. Subdivision, thence S 81 deg. 53 min. 00 sec. E for a distance of 507.51 feet to the Southeast corner of Lot 300 and the Southwest corner of this 18.045 acre tract and its true POINT OF BEGINNING;

THENCE N 03 deg. 11 min. 55 sec. E for a distance of 96.00 feet to a point;

THENCE N 08 deg. 47 min. 16 sec. E for a distance of 80.00 feet to a point;

THENCE N 19 deg. 29 min. 45 sec. E for a distance of 77.400 feet to a point;

THENCE N 06 deg. 56 min. 00 sec. E for a distance of 135.00 feet to a point;

THENCE N 83 deg. 04 min. 00 sec. W for a distance of 10.00 feet to a point;

THENCE N 09 deg. 40 min. 55 sec. E for a distance of 163.500 feet to a point;

THENCE N 47 deg. 00 min. 55 sec. E for a distance of 188.450 feet to a point;

THENCE N 41 deg. 12 min. 30 sec. E for a distance of 147.470 feet to a point;

THENCE N 56 deg. 56 min. 00 sec. E for a distance of 429.780 feet to a point;

THENCE THENCE N 24 deg. 41 min. 00 sec. E for a distance of 182.450 feet to a point;

THENCE N 23 deg. 03 min. 53 sec. W for a distance of 227.900 feet to a point;

THENCE N 31 deg. 20 min. 00 sec. E for a distance of 140.00 feet to a point;

THENCE N 63 deg. 23 min. 18 sec. E for a distance of 36.653 feet to a point;

THENCE S 58 deg. 28 min. 00 sec. E for a distance of 366.050 feet to a point;

THENCE S 26 deg. 04 min. 00 sec. E for a distance of 62.100 feet to a point;

THENCE S 84 deg. 43 min. 53 sec. E for a distance of 201.327 feet to a point;

THENCE N 89 deg. 49 min. 32 sec. E for a distance of 147.399 feet to a point;

THENCE S 27 deg. 46 min. 53 sec. E for a distance of 154.870 feet to a point;

THENCE S 18 deg. 11 min. 57 sec. W for a distance of 425.630 feet to a point;

THENCE S 25 deg. 35 min. 46 sec. W for a distance of 43.960 feet to a point;

THENCE S 18 deg. 00 min. 13 sec. W for a distance of 78.290 feet to a point;

THENCE S 32 deg. 55 min. 41 sec. W for a distance of 48.360 feet to a point;

THENCE S 47 deg. 07 min. 37 sec. W for a distance of 97.300 feet to a point;

THENCE S 59 deg. 37 min. 41 sec. W for a distance of 101.110 feet to a point;

THENCE S 30 deg. 50 min. 48 sec. W for a distance of 290.000 feet to a point;

THENCE S 25 deg. 52 min. 40 sec. W for a distance of 110.000 feet to a point;

THENCE N 84 deg. 02 min. 28 sec. W for a distance of 107.692 feet to a point;

THENCE S 78 deg. 34 min. 04 sec. W for a distance of 252.406 feet to a point;

THENCE S 82 deg. 44 min. 27 sec. W for a distance of 82.969 feet to a point;

THENCE N 87 deg. 35 min. 39 sec. W for a distance of 80.399 feet to a point;

THENCE N 81 deg. 53 min. 00 sec. W for a distance of 85.000 feet to a point;

THENCE N 08 deg. 07 min. 00 sec. E for a distance of 70.000 feet to a point;

THENCE N 18 deg. 07 min. 00 sec. E for a distance of 187.500 feet to a point;

THENCE N 77 deg. 01 min. 18 sec. E for a distance of 174.416 feet to a point;

THENCE S 12 deg. 58 min. 42 sec. E for a distance of 114.029 feet to a point;

THENCE N 72 deg. 40 min. 44 sec. E for a distance of 145.419 feet to a point;

THENCE N 79 deg. 31 min. 00 sec. E for a distance of 146.000 feet to a point;

THENCE N 12 deg. 58 min. 42 sec. W for a distance of 136.000 feet to a point;

THENCE N 64 deg. 00 min. 00 sec. E for a distance of 98.000 feet to a point;

THENCE S 62 deg. 24 min. 00 sec. E for a distance of 114.000 feet to a point;

THENCE N 49 deg. 20 min. 00 sec. E for a distance of 100.000 feet to a point;

THENCE N 44 deg. 34 min. 58 sec. W for a distance of 11.770 feet to a point;

THENCE N 39 deg. 25 min. 51 sec. E for a distance of 82.620 feet to a point;

THENCE N 16 deg. 34 min. 00 sec. W for a distance of 72.000 feet to a point;

THENCE N 32 deg. 34 min. 00 sec. W for a distance of 53.000 feet to a point;

THENCE N 17 deg. 36 min. 00 sec. E for a distance of 318.390 feet to a point;

THENCE N 88 deg. 20 min. 00 sec. E for a distance of 39.820 feet to a point;

THENCE N 06 deg. 17 min. 48 sec. E for a distance of 98.480 feet to a point;

THENCE N 83 deg. 24 min. 00 sec. W for a distance of 105.000 feet to a point;

THENCE S 55 deg. 56 min. 00 sec. W for a distance of 76.000 feet to a point;

THENCE S 17 deg. 36 min. 00 sec. W for a distance of 4.900 feet to a point;

THENCE N 72 deg. 24 min. 00 sec. w for a distance of 161.000 feet to a point;

THENCE S 17 deg. 36 min. 00 sec. W for a distance of 252.200 feet to a point;

THENCE S 44 deg. 09 min. 45 sec. W for a distance of 111.220 feet to a point;

THENCE S 55 deg. 13 min. 18 sec. W for a distance of 117.200 feet to a point;

THENCE S 77 deg. 01 min. 18 sec. W for a distance of 140.630 feet to a point;

THENCE S 12 deg. 58 min. 42 sec. E for a distance of 16.021 feet to a point;

THENCE S 77 deg. 01 min. 18 sec. W for a distance of 140.908 feet to a point;

THENCE S 73 deg. 22 min. 25 sec. W for a distance of 144.690 feet to a point;

THENCE S 16 deg. 37 min. 35 sec. E for a distance of 178.070 feet to a point;

THENCE S 36 deg. 11 min. 22 sec. W for a distance of 84.064 feet to a point;

THENCE N 79 deg. 44 min. 35 sec. W for a distance of 127.620 feet to a point;

THENCE S 20 deg. 02 min. 45 sec. W for a distance of 278.140 feet to a point;

THENCE S 08 deg. 07 min. 00 sec. W for a distance of 131.000 feet to a point;

THENCE N 81 deg. 53 min. 00 sec. W for a distance of 68.919 feet to the TRUE POINT OF BEGINNING of this tract;

CONTAINING 18.045 acres, more or less.

200

Page 11

TO HAVE AND TO HOLD, the herein described premises, together with all and singular the rights and appurtenances thereto in any wise belonging unto me, the said Trustee, to my successor or substitute in this trust, and to my and our assigns forever; and

WHEREAS, default has been made in the payment of said indebtedness and BROWNSVILLE SAVINGS AND LOAN ASSOCIATION, of Brownsville, Texas, the holder of said indebtedness has since said default, requested me, the said Trustee, to sell said property in accordance with the provisions of said Deed of Trust, for the purpose of paying said indebtedness; and

WHEREAS, pursuant to said request and to the provisions of said Deed of Trust, I proceeded to sell said property at public auction, at the Court House door of Cameron County, Texas, between the hours of ten o'clock A.M. and four o'clock P.M., on Tuesday, the 7th of June, A.D. 1977, after having given public notice of the time, place and terms of such sale, as prescribed by the terms of said Deed of Trust, and after first posting written notice thereof for three consecutive weeks prior to the day of sale in three public places in said County, one of which was posted at the Court House door of said County; one of which was posted at the City Hall, Brownsville, Texas; and one of which was posted at the U. S. Post Office (Downtown), Brwonsville, Texas; and

WHEREAS, at such sale said property was by me struck off to LOS CAMPEONES, INC., a Texas corporation, for the price and sum of ONE MILLION EIGHT HUNDRED TWENTY-THREE THOUSAND NINE HUNDRED FIFTY-EIGHT AND NO/100THS ($1,823,958.00) DOLLARS, it being the best and highest bidder for the same, and said sum being the best and highest bid therefor;

NOW, THEREFORE, KNOW ALL MEN BY THESE PRESENTS, that I, C. FOUNT RAY, of Cameron County, Texas, Trustee as aforesaid, by virtue of the powers granted to me by said Deed of Trust, and in consideration of the foregoing premises and of the sum of ONE MILLION EIGHT HUNDRED TWENTY-THREE THOUSAND NINE HUNDRED FIFTY-EIGHT AND NO/100THS ($1,823,958.00) DOLLARS, to me cash in hand paid by the said LOS CAMPEONES, INC., a Texas corporation, the receipt whereof is hereby acknowledged, (which said sum of money I have applied according to the directions of said Deed of Trust), have Granted, Sold and Conveyed, and by these presents

Case 1:00-cv-00173   Document 25   Filed in TXSD on 04/02/2001   Page 172 of 318

do Grant, Sell and Convey unto the said LOS CAMPEONES, INC., of the County of Cameron, State of Texas, the property hereinbefore described.

TO HAVE AND TO HOLD the said property, together with all and singular the rights and appurtenances thereto in any wise belonging unto the said LOS CAMPEONES, INC., its successors and assigns forever. And for and on behalf of the said VALLEY INTERNATIONAL PROPERTIES, INC., Grantor in said Deed of Trust, and its successors and assigns, I do hereby bind the said VALLEY INTERNATIONAL PROPERTIES, INC., its successors and assigns, to Warrant and Forever Defend, all and singular, said premises, in so far as is authorized by said Deed of Trust, unto the said LOS CAMPEONES, INC., its successors and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof.

WITNESS MY HAND this 7th day of June A.D. 1977.

_____
C. FOUNT RAY, TRUSTEE

THE STATE OF TEXAS

COUNTY OF CAMERON

BEFORE ME, the undersigned, a Notary Public in and for said County and State, on this day personally appeared C. FOUNT RAY, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressed, and in the capacity therein stated.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this the 7th day of June, A.D. 1977.

_____
Notary Public in and for Cameron
County, Texas

GWEN HEARN
NOTARY PUBLIC, CAMERON ..... TEXAS
COMM. EXP. 19 31 79

202

18-7826-1

## AFFIDAVIT OF MAILING NOTICE OF FORECLOSURE

THE STATE OF TEXAS

COUNTY OF CAMERON

**Vol 1086 Page 202**

BEFORE ME, the undersigned authority, on this day personally appeared C. FOUNT RAY, personally known to me, who, after being by me duly sworn, upon oath deposes and says:

My name is C. Fount Ray. I reside in Brownsville, Texas, and I am an employee of Ransome & Ray, P. C., Attorneys at Law, Brownsville, Texas. On the 10th day of May, 1977, a day at least 21 days preceding the date of sale under foreclosure of lien by Trustee having power of sale given in instrument recorded in Volume ___671___, at Page ___643___, Deed of Trust Records of Cameron County, Texas, I deposited written notice of the proposed sale, by Certified Mail, to the following debtors, who are shown by the records of Brownsville Savings & Loan Association, of Brownsville, Texas, the present holder of the debt, to be obligated to pay such debt. Debtors receiving such notice are:

1. Bill D. Bass, President
   Valley International Properties, Inc.
   P. O. Box 523
   Brownsville, Texas 78520              Certified Mail No. 397725

2. Mr. Bill D. Bass
   P. O. Box 523
   Brownsville, Texas 78520              Certified Mail No. 397726

3. Bill D. Bass, General Partner
   Los Conquistadores, Ltd.
   P. O. Box 523
   Brownsville, Texas 78520              Certified Mail No. 397727

Such notices were deposited, enclosed in a postpaid wrapper, properly addressed to those named above at the above addresses, (same being their most recent addresses shown by the records of the present holder of the debt), in a post office or official depository under the care and custody of the United States Postal Service.

On said 10th day of May, 1977, (a day more than 25 days prior to date of foreclosure), written notice of the proposed sale was likewise sent to:

1. District Director
   Internal Revenue SErvice
   300 E. 8th Street
   Austin, Texas 78701
   Attention: Chief, Special Procedures Staff    Certified Mail No. 397724

Foreclosure by Brownsville Savings & Loan Association, a secured creditor of Valley International Properties, Inc. and Los Conquistadores, Ltd. was authorized by the Bankruptcy Judge in Cause No. 76-B-47, Adversary E, in the United States District Court for the Southern District of Texas, Brownsville Division, on May 18, 1977.

FURTHER AFFIANT SAITH NOT.

_C. Fount Ray_
C. FOUNT RAY

SWORN TO AND SUBSCRIBED BEFORE ME by the said C. FOUNT RAY on this 19th day of May, 1977, TO CERTIFY WHICH WITNESS MY HAND AND SEAL OF OFFICE.

_Gwen Hearn_
Gwen Hearn, Notary Public, Cameron County, Texas

THE STATE OF TEXAS
COUNTY OF CAMERON

BEFORE ME, the undersigned authority, a Notary Public in and for said County and State, on this day personally appeared C. FOUNT RAY, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressed.
GIVEN UNDER MY HAND AND SEAL OF OFFICE this 19th day of May, 1977.

_Gwen Hearn_
Gwen Hearn, Notary Public, Cameron County, Texas

2

VOL. 1086 PAGE 203

12664

C. FOUNT RAY, TRUSTEE

TO

LOS CAMPEONES, INC.

TRUSTEE'S DEED

FILED FOR RECORD
at 12:26 o'clock P.M.
JUN 13 1977
JOE G. RIVERA
Clerk County Court, Cameron Co. Tex.

Record and return to:

Los Campeones, Inc.
P. O. Box 3850
Brownsville, Texas 78520

RANSOME & RAY, P.C.
ATTORNEYS AT LAW
POST OFFICE BOX 1118
BROWNSVILLE, TEXAS 78520

STATE OF TEXAS
COUNTY OF CAMERON

I hereby certify that this instrument was FILED on the
date and at the time stamped hereon by me and was duly
RECORDED in the Volume and page of the named RECORDS
of Cameron County, Texas as stamped hereon by me.

JUN 13 1977

Joe G. Rivera
County Clerk
Cameron County, Texas

State of Texas
County of Cameron

I, Joe G. Rivera, County Clerk of
Cameron County, Texas, do hereby certify
that the foregoing is a true and correct
copy of the original record now on file
and/or recorded by me in the
*DEED* Records, Volume *1086*
page(s) *190-203*
*MARCH 6, 2001* Date
JOE G. RIVERA, COUNTY CLERK
Cameron County, Texas

By _Dan Hinojosa_ Deputy

CibPDF - www.fastio.com

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

## Voluntary Petition

| Name of Debtor (If individual, enter Last, First Middle): | Name of Joint Debtor (Spouse) (If individual, enter Last, First Middle): |
|---|---|
| **Phillippe, Christopher Lee** | |

| All Other Names used by the Debtor in the last 6 years (include married, maiden, and trade names) | All Other Names used by the Joint Debtor in the last 6 years (include married, maiden, and trade names). |
|---|---|
| | |

| Social Security/Tax Identification No. (if more than one, state all): | Social Security/Tax Identification No. (if more than one, state all): |
|---|---|
| **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** | |

| Street Address of Debtor (No. and Street, City, State and Zip Code): | Street Address of Joint Debtor (No. and Street, City, State and Zip Code): |
|---|---|
| **307-3 McFadden Drive** <br> **Brownsville, TX 78520** | |

| County of Residence or of the Principal Place of Business: | County of Residence or of the Principal Place of Business: |
|---|---|
| **Cameron** | |

| Mailing Address of Debtor (if different from street address): | Mailing Address of Joint Debtor (if different from street address): |
|---|---|
| **307-3 McFadden Drive** <br> **Brownsville, TX 78520** | |

Location of Principal Assets of Business Debtor (if different from street address above):

# 00- 21576-B · 7

## Information Regarding the Debtor (Check the Applicable Boxes)

**Venue** (Check any applicable box)

- [x] Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District
- [ ] There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

| Type of Debtor (Check all boxes that apply) | | Chapter or Section of Bankruptcy Code Under Which the Petition is Filed (Check one box) | |
|---|---|---|---|
| [x] Individual(s) | [ ] Railroad | [x] Chapter 7    [ ] Chapter 11    [ ] Chapter 13 | |
| [ ] Corporation | [ ] Stockbroker | [ ] Chapter 9    [ ] Chapter 12 | |
| [ ] Partnership | [ ] Commodity Broker | [ ] Section 304 - Case ancillary to foreign proceeding | |
| [ ] Other_____ | | | |

| Nature of Debts (Check one box) | Filing Fee (Check one box) |
|---|---|
| [x] Consumer/Non-Business    [ ] Business | [x] Full Filing Fee attached |

| **Chapter 11 Small Business** (Check all boxes that apply) | |
|---|---|
| [ ] Debtor is a small business as defined by 11 U.S.C. Sec. 101. | [ ] Filing Fee to be paid in installments (Applicable to individuals only) Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3. |
| [ ] Debtor is & elects to be considered a small business under 11 U.S.C. § 1121(e) (Optional) | |

**Statistical/Administrative Information** (Estimates only)

- [ ] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [x] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

United States Bankruptcy Court
Southern District of Texas
FILED

JUN - 1 2000

Michael N. Milby, Clerk of Court

| Estimated Number of Creditors | 1-15 | 16-49 | 50-99 | 100-199 | 200-999 | 1000-Over |
|---|---|---|---|---|---|---|
| | [ ] | [ ] | [ ] | [x] | [ ] | [ ] |

| Estimated Assets | $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
|---|---|---|---|---|---|---|---|---|
| | [ ] | [ ] | [x] | [ ] | [ ] | [ ] | [ ] | [ ] |

| Estimated Debts | $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
|---|---|---|---|---|---|---|---|---|
| | [ ] | [ ] | [ ] | [ ] | [x] | [ ] | [ ] | [ ] |

**EXHIBIT**
E-3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROBERT & GWENDOLYN BROOKS | § | |
| ALICIA CESPEDES MADRAZO, | § | |
| DAVID & JUDITH CLEMENCE | § | |
| ELISA P. DeSIUN aka ELISA P. CHAIX, | § | |
| SANDRA MADARIA, RONALD L. MANN | § | |
| HECTOR ELIZONDO NAJERA, | § | |
| MARY PEABODY, | § | |
| WALTER E. PLITT, III, | § | |
| ADOLFO PUMAJERO, | § | |
| JEAN & H. REED SMITH | § | |
| MARIA ESTHER SOTO, | § | |
| JORGE & BERTHA SUSTAETA, | § | |
| JUAN & MARIA DEL CARMEN CUADRA | § | |
| PAUL & ROSALYN CHILTON, | § | CAUSE NO. B-00-173 |
| JAMES & LORRAINE DEWAR, | § | |
| CARLOS J. FLORES | § | |
| HUMBERTO RUIZ GARZA, | § | |
| ANKJAER JANSEN, | § | |
| FOREST & ANN JOSTROM, | § | |
| JOHN S. LIGHT, ROBERT LIGHT, | § | |
| JOAQUIN & ANDELIA B. de MADERO, | § | |
| NORMAN & ELAINE MEISSNER, | § | |
| CHRISTOPHER L. PHILLIPPE, | § | |
| ILA VIRGINIA PHILLIPPE, | § | |
| MONICA K. PIER, CHARLES & | § | |
| JESSIE RADLIFF, PETER DE LA ROSA, III | § | |
| PATRICIA SMITH-WILLIS, | § | |
| HARRY O. WHITE, JR., and | § | |
| ALLEN & RUTH WOLFE | § | |
| | § | |
| VS. | § | |
| | § | |
| KEN PLASTERER and NANCY JEANETTE | § | |
| BAILEY, Each Individually, and LOS | § | |
| CAMPEONES, INC., Individually and dba | § | |
| VALLEY INN & COUNTRY CLUB | § | |

**AFFIDAVIT OF KEN PLASTERER**

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF CAMERON | § |

**EXHIBIT A-7**

BEFORE ME, the undersigned authority, on this day personally appeared KEN

PLASTERER, known to me to be a credible person above the age of twenty-one years,

who, upon his oath, stated:

[1] "My name is KEN PLASTERER. I am above the age of twenty-one (21) and have not been convicted of a felony of crime involving moral turpitude. I am otherwise competent and qualified to swear to this affidavit.

I am and have been since March 10, 1995 the President and sole shareholder and Director of Los Campeones, Inc., and prior to that time I was an employee and officer, and then shareholder, of the said corporation. In those capacities I have personal knowledge of all of the facts set forth in this Affidavit, and all such facts are within my personal knowledge and are true and correct.

[2] Since December of 1981, when I first became employed by Los Campeones, Inc., until the present, that corporation has allowed Valley International Country Club Estates lot owners to use the Country Club and related amenities and facilities with the expectation that such lot owners would continue to pay the dues charged for their use of same, and has maintained the streets and common areas of Country Club Estates and provided yard maintenance, trash pickup, and security patrol with the expectation that the lot owners would continue to pay the maintenance fees necessary to such maintenance and upkeep.

Specifically, during all such periods of time Los Campeones, Inc. has paved the streets and provided yard maintenance, trash pickup, and security patrol within the Country Club Estates subdivision, and has operated and maintained the Country Club Convention Center, the maintenance yard, the VICC Golf Course, the VICC Clubhouse pool and parking area, the Par 3 Golf, and all related and attendant facilities. In doing so, it has employed, contracted and paid for all labor used in the running of those operations, contracted for the repair and paving of parking lots, the repair and maintenance of buildings, the maintenance and upkeep of golf courses, the maintenance and upkeep of golf carts and other rolling stock, and the maintenance and upkeep of recreational rooms and facilities, and has provided such homeowner services as yard maintenance, trash pickup and security patrols. Attached hereto as Exhibit A-7-a is a true and correct compilation of Los Campeones, Inc. records showing the income and expenses of the home owner services provided to the residents of Country Club Estates, including trash pickup, yard care and security patrol for the last five fiscal years. Such records were made at or near the times reflected therein by a person with knowledge of same, or from information by a person with knowledge of same, and were kept in the regular and ordinary course of Los Campeones' business, and it was the regular practice of Los Campeones

2

to make such records. Copies of these records have been given to each home owner for the last five years.

In addition to these services, other maintenance services such as road repair and maintenance have been provided by Los Campeones. For example, a road improvement project was commenced in May of 1995 and was completed by November of 1997. An assessment was made upon the lot owners of Country Club Estates for such improvements and the said lot owners paid some 99.4% of the said assessment. Attached hereto as Exhibit A-7-b is a true and correct copy of a letter from Los Campeones, Inc. to Country Club homeowners advising them of recommendations for the project in question, and enclosed hereto as Exhibit A-7-c is a true and correct copy of a letter from the Valley International Country Club Homeowners Association's Board of Directors to the homeowners of Country Club Estates showing that the road improvement project was undertaken by Los Campeones, Inc. with the full approval and cooperation of the Country Club Estates lot owners and the VICC Homeowners Association, and that the owners and the Association recognized that Los Campeones, Inc. not only owned the VICC Club but was also responsible for repairing and resurfacing roadways and parking lots at Country Club Estates. Copies of these letters were respectively received and kept by Los Campeones, Inc. and were thereafter kept by the corporation in the ordinary course of business, and it was in the regular course of business of Los Campeones, Inc. for an employee of Los Campeones, Inc. with knowledge of the letters to place and retain same among the corporation's records and other papers at or near the time they were written and received.

[3]     In performing these management, maintenance and upkeep functions and in charging the maintenance fees, dues, and other assessments for them, Los Campeones, Inc. acted as Valley International Properties, and informed all Country Club Estates lot owners that it was doing so.

Specifically, after purchasing the Country Club and all of the Country Club Estates property formerly belonging to Valley International Properties, as well as a controlling interest in Valley International Properties, Los Campeones filed an Assumed Name Certificate which permitted it to do business as Valley International Properties, and thereafter sent all bills and other written communications to Country Club Estates lot owners on letterheads similar to that contained on Exhibit A-7-b, showing Los Campeones, Inc. to be the owner and manager of Valley International Country Club and showing that all such invoicing and other management functions were being performed by Los Campeones, Inc.

Even prior to Los Campeones' purchase of the property, all Valley International Country Club lot owners had been notified of the possible foreclosure upon and sale of the property to Los Campeones by Brownsville Savings & Loan Association. Attached hereto as Exhibit A-

3

7-d is a true and correct and exact copy of a letter from an attorney for Brownsville Savings & Loan Association dated January 23, 1977 to all Valley International Country Club lot owners informing them of this fact. A copy of the letter was received and kept by Los Campeones, Inc. in the ordinary course of its business, and it was in the regular course of the business of Los Campeones, Inc. for an employee of Los Campeones, Inc. with knowledge of such letters to place and retain same among the corporation's records and other papers at or near the time the letter was received. Yet, until the filing of the lawsuit in Cause No. B-00-173, no lot owner or group of lot owners ever challenged Los Campeones, Inc's authority to manage Valley International Country Club or to engage in any of the conduct which has been complained of in that case. In fact, as the records attached hereto as Exhibits A-7-a through A-7-c show, Los Campeones, Inc., has managed and maintained all such property in accordance with the Volume 870 covenants and restrictions from the time it acquired the property until the present, and during that time the lot owners in Country Club Estates have consistently treated Los Campeones as Valley International Country Club's successor, as the owner of the property, and as the entity charged with all such maintenance and management functions and with the right to assess all of the dues, fees, and assessments provided for in the covenants and restrictions.

[4]     At no time since my first association with Los Campeones, Inc. in 1981 until the filing of this lawsuit has an entity known as Rio Grande Valley International Country Club, or any other entity, person or group of persons, asserted that they, rather than Los Campeones, Inc., had any right to manage the affairs of the Country Club or, specifically, to charge or assess any Country Club dues or to determine whether any such dues should be charged or assessed.

[5]     I personally managed the Valley International Country Club for Los Campeones, Inc., from 1989 onward.  On January 1, 1995 I purchased one share of stock from Pat Stanford who until then  had been the sole shareholder of Los Campeones, Inc., and on March 10, 1995 Pat Stanford sold his shares in Los Campeones, Inc., back to the corporation, which made me the sole shareholder in the corporation.  Attached hereto as Exhibit A-7-e is a unanimous written consent of the Directors for the issuance of stock to me, a stock certificate, and the unanimous written consent of the Directors approving the purchase of my stock from Pat Stanford, and attached hereto as Exhibit A-7-f is a letter from Pat Stanford to all Valley International Club homeowner/members advising them that I was now the sole owner of Los Campeones, Inc.  The records constituting Exhibits A-7-e and A-7-f were made at or near the times reflected therein by a person with knowledge of same, or from information by a person with knowledge of same, and were kept in the regular and ordinary course of Los Campeones' business, and it was the regular practice of Los Campeones to make and retain such records among the corporation's records and other papers.

4

Prior to my acquisition of one share of stock in Los Campeones, Inc., Pat Stanford was the sole shareholder in that corporation, and after Pat Stanford sold his shares of stock back to Los Campeones, Inc. I was the sole shareholder of Los Campeones, Inc.  At no time has Nancy Jeanette Bailey owned stock, much less a controlling interest, in Los Campeones, Inc., and at no time has she in any other manner exercised financial or other control over Los Campeones, Inc."

Further Affiant sayeth not.

KEN PLASTERER

SWORN AND SUBSCRIBED TO before me by KEN PLASTERER on this 30th day of, March 2001.

ORALIA C. PEREZ
Notary Public, State of Texas
My Commission Expires 05-10-2004

Notary Public in and for the
State of Texas
My Commission Expires: 05-10-2004

5

## HOMEOWNER SERVICES YEARLY SUMMARY
## TRASH PICKUP, YARD CARE AND SECURITY PATROL

### INCOME

| DESCRIPTION | SEPT-DEC 1999 | JAN-AUG 2000 | 12 MONTH TOTAL |
|---|---|---|---|
| H.O. SERVICES | $144,776.79 | $293,809.71 | $438,586.50 |

### EXPENSES

| | | | |
|---|---|---|---|
| ADMIN. SVCS. | $17,956.02 | $40,366.70 | $58,322.72 |
| CONT. LABOR | $0.00 | $0.00 | $0.00 |
| CLEAN SUP. | $0.00 | $0.00 | $0.00 |
| DUMP | $6,479.20 | $12,046.56 | $18,525.76 |
| EQUIP. REP. | $136.76 | $735.05 | $871.81 |
| EQUIP. RENT | $1,407.28 | $2,996.96 | $4,404.24 |
| FUEL | $6,500.65 | $9,092.42 | $15,593.07 |
| INSURANCE EXP. | $2,444.11 | $4,869.28 | $7,313.39 |
| LICENSES | $0.00 | $1,004.04 | $1,004.04 |
| MAINT- REP | $2,420.63 | $3,873.18 | $6,293.81 |
| M & R VEHICLES | $4,214.89 | $6,070.96 | $10,285.85 |
| MISC EXP. | $0.00 | $0.00 | $0.00 |
| SECURITY | $19,704.23 | $37,147.24 | $56,851.47 |
| PAYROLL | $72,131.48 | $145,726.05 | $217,857.53 |
| SUPPLIES | $282.77 | $289.86 | $572.63 |
| SUP. OTHER | $0.00 | $0.00 | $0.00 |
| PROP. TAX | $109.48 | $246.82 | $356.30 |
| P/R TAX | $5,564.88 | $11,932.90 | $17,497.78 |
| FUTA | $89.97 | 1116.37 | $1,206.34 |
| TELEPHONE | $330.44 | 574.73 | $905.17 |
| WATER /SEWER | $416.62 | 355.91 | $772.53 |
| UTILITIES | $1,846.75 | 4116.98 | $5,963.73 |
| BAD DEBTS | $0.00 | $0.00 | $0.00 |
| LEGAL & PROF. | $0.00 | $0.00 | $0.00 |
| POSTAGE | $0.00 | $0.00 | $0.00 |
| FREIGHT | $0.00 | $0.00 | $0.00 |
| | | | |
| TOTAL EXPENSES | $142,036.16 | $282,562.01 | $424,598.17 |
| | | | |
| NET INCOME/LOSS | $2,740.63 | $11,247.70 | $13,988.33 |
| | | | |
| % PROFIT/LOSS | 1.89% | 3.83% | 3.19% |

EXHIBIT

A-7-a

CutePDF - www.tevisi.com

Dear Homeowners:

Below is the yearly accounting of Homeowner services & expenses. As expenses were almost in line with expectations, no rate increase will be necessary this year.

Yours Truly,

Ken Plasterer

## HOMEOWNER SERVICES YEARLY SUMMARY
## TRASH PICKUP, YARD CARE AND SECURITY PATROL

### INCOME

| DESCRIPTION | SEPT-DEC 1998 | JAN-AUG 1999 | 12 MONTH TOTAL |
|---|---|---|---|
| H.O. SERVICES | $144,784.16 | $294,272.08 | $439,056.24 |

### EXPENSES

| DESCRIPTION | SEPT-DEC 1998 | JAN-AUG 1999 | 12 MONTH TOTAL |
|---|---|---|---|
| ADMIN. SVCS. | $15,773.20 | $41,446.39 | $57,219.59 |
| CONT. LABOR | $0.00 | $0.00 | $0.00 |
| CLEAN SUP. | $0.00 | $0.00 | $0.00 |
| DUMP | $4,866.45 | $11,703.73 | $16,570.18 |
| EQUIP. REP. | $150.11 | $922.24 | $1,072.35 |
| EQUIP. RENT | $1,870.96 | $2,548.65 | $4,419.61 |
| FUEL | $3,900.12 | $11,233.32 | $15,133.44 |
| INSURANCE EXP. | $2,724.55 | $4,950.86 | $7,675.41 |
| LICENSES | $0.00 | $348.93 | $348.93 |
| MAINT- REP | $1,567.61 | $5,089.28 | $6,656.89 |
| M & R VEHICLES | $2,653.17 | $4,014.11 | $6,667.28 |
| MISC EXP. | $0.00 | $0.00 | $0.00 |
| SECURITY | $19,671.20 | $39,246.76 | $58,917.96 |
| PAYROLL | $70,480.76 | $139,182.27 | $209,663.03 |
| SUPPLIES | $231.61 | $453.15 | $684.76 |
| SUP. OTHER | $0.00 | $0.00 | $0.00 |
| PROP. TAX | $107.90 | $233.20 | $341.10 |
| P/R TAX | $5,478.31 | $11,484.29 | $16,962.60 |
| FUTA | $63.10 | 966.74 | $1,029.84 |
| TELEPHONE | $354.31 | 691.72 | $1,046.03 |
| WATER /SEWER | $274.40 | 924.19 | $1,198.59 |
| UTILITIES | $1,977.77 | 3693.52 | $5,671.29 |
| BAD DEBTS | $0.00 | $0.00 | $0.00 |
| LEGAL & PROF. | $0.00 | $0.00 | $0.00 |
| POSTAGE | $0.00 | $0.00 | $0.00 |
| FREIGHT | $0.00 | $0.00 | $0.00 |
| TOTAL EXPENSES | $132,145.53 | $279,133.35 | $411,278.88 |
| NET INCOME/LOSS | $12,638.63 | $15,138.73 | $27,777.36 |
| % PROFIT/LOSS | 8.73 % | 5.14% | 6.33 % |

# HOMEOWNER SERVICES YEARLY SUMMARY

## TRASH PICKUP, YARD CARE AND SECURITY PATROL

### INCOME

| DESCRIPTION | SEPT-DEC 1997 | JAN-AUG 1998 | 12 MONTH TOTAL |
|---|---|---|---|
| H.O. SERVICES | $143,588.46 | $290,444.16 | $434,032.62 |

### EXPENSES

| | | | |
|---|---|---|---|
| ADMIN. SVCS. | $17,221.17 | $36,133.68 | $53,354.85 |
| CONT. LABOR | $93.37 | $0.00 | $93.37 |
| CLEAN SUP. | $37.43 | $0.00 | $37.43 |
| DUMP | $4,921.60 | $10,362.15 | $15,283.75 |
| EQUIP. REP. | $79.19 | $1,635.10 | $1,714.29 |
| EQUIP. RENT | $1,063.71 | $1,510.33 | $2,574.04 |
| FUEL | $2,305.34 | $5,465.71 | $7,771.05 |
| INSURANCE EXP. | $2,967.65 | $5,426.95 | $8,394.60 |
| LICENSES | $0.00 | $222.40 | $222.40 |
| MAINT- REP | $463.58 | $2,248.90 | $2,712.48 |
| M & R VEHICLES | $1,458.05 | $2,878.36 | $4,336.41 |
| MISC EXP. | $0.00 | $0.00 | $0.00 |
| SECURITY | $17,371.58 | $36,101.53 | $53,473.11 |
| PAYROLL | $70,575.20 | $144,710.93 | $215,286.13 |
| SUPPLIES | $542.16 | $807.48 | $1,349.64 |
| SUP. OTHER | $1,166.00 | $313.82 | $1,479.82 |
| PROP. TAX | $103.13 | $215.92 | $319.05 |
| P/R TAX | $5,226.24 | $11,674.69 | $16,900.93 |
| FUTA | $172.98 | 1024.67 | $1,197.65 |
| TELEPHONE | $274.17 | 516.16 | $790.33 |
| WATER /SEWER | $233.50 | 530.76 | $764.26 |
| UTILITIES | $1,585.18 | 3282.08 | $4,867.26 |
| BAD DEBTS | $2,766.25 | $0.00 | $2,766.25 |
| LEGAL & PROF. | $1,016.60 | $0.00 | $1,016.60 |
| POSTAGE | $0.00 | $0.00 | $0.00 |
| FREIGHT | 0 | 185.23 | $185.23 |
| TOTAL EXPENSES | $131,644.08 | $265,246.85 | $396,890.93 |
| NET INCOME/LOSS | $11,944.38 | $25,197.31 | $37,141.69 |
| % PROFIT/LOSS | 8.32% | 8.68% | 8.56% |

# HOMEOWNER SERVICES

## TRASH PICKUP, YARD CARE AND SECURITY PATROL

|  | SEPT-DEC 1996 | JAN.-THRU AUG. 1997 |  |
|---|---|---|---|
| **INCOME** | | | |
| H.O. SERVICES | $118,868.24 | $273,887.92 | $392,756.16 |
| **EXPENSES** | | | |
| ADMIN.SER. | $19,625.55 | $36,394.27 | $56,019.82 |
| CONT.LABOR | $0.00 | $0.00 | $0.00 |
| CLEAN.SUP. | $0.00 | $0.00 | $0.00 |
| DUMP | $4,709.53 | $11,243.51 | $15,953.04 |
| EQUIP.REP. | $85.57 | $525.04 | $610.61 |
| EQUIP.RENT | $1,479.28 | $2,974.38 | $4,453.66 |
| FUEL | $3,109.78 | $6,121.56 | $9,231.34 |
| INSUR.EXP. | $3,036.74 | $5,920.51 | $8,957.25 |
| LICENSES | $0.00 | $472.53 | $472.53 |
| MAINT-REP | $2,832.08 | $3,680.08 | $6,512.16 |
| M & R VEHICLES | $1,727.49 | $8,322.97 | $10,050.46 |
| MISC.EXP. | $0.00 | $32.04 | $32.04 |
| SECURITY | $16,102.45 | $32,174.24 | $48,276.69 |
| PAYROLL | $59,799.41 | $124,219.15 | $184,018.56 |
| SUPPLIES | $81.75 | $1,057.29 | $1,139.04 |
| SUP. OTHER | $32.27 | $797.06 | $829.33 |
| PROP. TAX | $84.84 | $201.67 | $286.51 |
| P/R TAX | $4,660.24 | $9,555.53 | $14,215.77 |
| F.U.T.A. | $237.13 | $903.59 | $1,140.72 |
| TELEPHONE | $275.54 | $561.83 | $837.37 |
| WATER/SEWER | $434.91 | $774.71 | $1,209.62 |
| UTILITIES | $1,412.51 | $2,944.90 | $4,357.41 |
| BAD DEBTS | $0.00 | $3,665.85 | $3,665.85 |
| LEGAL & PROF | $0.00 | $5,073.44 | $5,073.44 |
| POSTAGE | $0.00 | $67.67 | $67.67 |
| **TOTAL EXPENSES** | $119,727.07 | $257,683.82 | $377,410.89 |
| **NET INCOME/LOSS** | ($858.83) | $16,204.10 | $15,345.27 |

## HOMEOWNER SERVICES

### TRASH PICKUP, YARD CARE AND SECURITY PATROL

| | FEB.-THRU AUG. 1996 | FEB.'95 THRU JAN.'96 |
|---|---|---|
| | **INCOME** | |
| H.O. SERVICES | $196,706.26 | $337,821.90 |
| | **EXPENSES** | |
| ADMIN.SER. | $37,061.85 | $67,355.21 |
| CONT.LABOR | $102.00 | $2,821.96 |
| CLEAN.SUP. | | $20.62 |
| DUMP | $6,583.45 ****** | $18,564.07 |
| EQUIP.REP. | $239.04 | $1,614.44 |
| EQUIP.RENT | ~$2,110.92 | $4,221.82 |
| FUEL | $7,714.68 | $9,135.58 |
| INSUR.EXP. | $5,516.14 | $10,638.66 |
| LICENSES | $350.27 | $356.12 |
| MAINT-REP | $5,426.62 | $5,376.75 |
| M & R VEHICLE | $2,749.81 | $6,479.91 |
| MISC.EXP. | | $219.62 |
| SECURITY | $27,532.47 | $53,090.17 |
| PAYROLL | $79,769.79 | $140,948.42 |
| SUPPLIES . | | $44.55 |
| SUP. OTHER | $42.99 | $560.75 |
| PROP. TAX | $148.47 | $263.62 |
| P/R TAX | $6,768.73 | $12,001.17 |
| F.U.T.A. | $637.65 | $961.80 |
| TELEPHONE | $571.55 | $907.10 |
| WATER/SEWER | $322.04 | $280.24 |
| UTILITIES | $3,177.20 | $7,014.95 |
| **TOTAL EXPENSES** | $186,825.67 | $342,877.53 |
| **NET INCOME/LOSS** | $9,880.59 | ($5,055.63) |

***** P.U.B. BILLING DELAYED



# Valley International Country Club

**LOS CAMPEONES, INC. • P. O. BOX 3850**
**210/546-5331 • BROWNSVILLE, TEXAS 78523-3850**

May 1995

Dear Homeowner:

Many homeowners, including the VICC Homeowners' Association, have complained that the roads throughout Valley Inn and Country Club need improvement. It has been strongly urged that Los Campeones, Inc. commit to this project. In response to this plea, an economical proposal has been put together that will accomplish the goal desired, to enhance and improve the roads within Valley Inn and Country Club.

An Advisory Committee has been formed to act as a sounding board representing the community's interest of Valley Inn and Country Club. The committee consists of: Earl McAllister, President of Valley Municipal Utility District No. 1, Gerald Schoendorf, VMUD #1 Board Member, Jack Crahan, VMUD #1 Office Manager, Gayle Wilhite, President of the VICC Homeowners' Association, and Meme Trevino, VICC Homeowners' Association Board Member. After meeting and discussing the proposed road project, it was recommended that Los Campeones, Inc. proceed without delay.

The road resurfacing project will consist of resurfacing every street, parking area, cul-de-sac and driveway within the subdivision. It will commence at the corner of Country Club Drive and McFadden, move clockwise through the 300's, 400's, 600's, 700's, 800's, 200's, 500's, 33 through 1, 60's, 70's, 50's, 40's and finish in the 100's. The work will be accomplished in four phases.

Although this is an extensive project, the expected cost for completion is approximately $260,000 and in the end, the community will be greatly improved.

```
┌─────────────────────────┐
│       EXHIBIT           │
│                         │
│  ⸗      A-7-b           │
│                         │
└─────────────────────────┘
```

The funding for this project will be as follows:

1.  A one time assessment of $500 per
    unit owned paid on or before July 15, 1995.

    **OR**

2.  An assessment of $25 per month will be billed
    on the Homeowner Statement of Charges,
    beginning mid June 1995 and continuing each month
    for 24 months.

Either of the above choices may be selected as a method of
payment.

Be assured, the Covenants and Restrictions provide a legal
means of collecting this assessment, including attorney
fees, if necessary.

The collected funds will be put in a separate interest
bearing account and will be used solely for road
improvements.  An accounting of these funds will be
published quarterly.  Work on each phase will be contracted
as money is received and not before.  With normal
collections expected, Phase I of the Road Improvement
Project should begin by January or February 1996.

Before each Phase is contracted, at least two bids will be
considered using specifications now being developed by an
engineering firm.

This is a project to improve and enhance your community and
property values.  We ask that you add your support to the
support of the Advisory Committee, and the VICC Homeowners'
Board of Directors.

If you have questions concerning this project, please feel
free to direct your questions to any member of the Advisory
Committee listed above.

Thank you in advance for your commitment and cooperation.

Sincerely,

Ken C. Plasterer
President

/nb

# VALLEY INTERNATIONAL COUNTRY CLUB
## HOMEOWNERS ASSOCIATION
## 1 McFADDEN

| | | | | | |
|---|---|---|---|---|---|
| BERT ANDERSON | 541-6750 | | BILL TOWERS | 544-7195 |
| EVELYN FORD | 546-1357 | DIRECTORS | MEME TREVINO | 541-4695 |
| BILL LASLEY | 541-1556 | | L.H. WAGENER | 542-5714 |
| BESS PITT | 546-4950 | | GAYLE D. WILHITE | 831-3304 |
| CHARLES RADLIFF | 548-1093 | | ALLEN J. WOLFE | 546-8503 |

Your Homeowners Association Board is pleased to announce that after years of negotiations with the V.I.C.C. Club ownership regarding the repairing of our adjacent roadways a formula has been worked out to get the job done. The Club has agreed to do the project and assess the homeowners $500 each or $600 if paid at the rate of $25 per month. The repairing will cover not only our private roads of McFadden, Champions and International but also El Verde Lane, Los Mesquites Lane, Los Ebanos Lane and Las Palmas Lane, as well as parking areas. In addition, the Club alone will pay for resurfacing the Los Compadres parking lot, and will contribute proportionally toward other club property plus the project will be carried out and supervised in accordance with approved engineering specifications. This has been a long and arduous process but the Board believes the result was well worth the effort and will now turn its attention to other matters that effect the welfare and interests of all homeowners.

We might also suggest that those who wish to pay their assessment by July 15 and take advantage of the $100 discount will help the project to get off the ground quicker. That check should be payable to Los Campeones, Inc. P.O. Box 3850, Brownsville, Texas 78523-3850.

To have a voice in these efforts and to insure the continued viability of our organization we ask that you forward your $12 membership fee to VICC Homeowners Association, 1 McFadden Hut, Brownsville, Texas 78520 if you have not already done so.

Board of Directors



EXHIBIT

A-7-c

LAW OFFICES

# SCHLANGER, COOK, COHN & MILLS

SOUTHERN TITLE BUILDING

1415 FANNIN STREET

HOUSTON, TEXAS

77002

DANIEL SCHLANGER (1902-1973)
JOEL W. COOK
MELVIN S. COHN
LEE D. SCHLANGER
M. A. MILLS
MARC E. GROSSBERG
STEPHEN C. PAINE
BARRY ALLAN BROWN
STEVEN J. WATKINS
IRWIN M. BARO
SULTANA KALDIS

TELEPHONE
654-8141
AREA CODE 713

January 23, 1977

PLEASE REFER TO
FILE NUMBER:

To:  All homeowners at Valley International Country Club,
     Brownsville, Texas

Ladies and Gentlemen:

As attorneys for Brownsville Savings & Loan Association we are
writing this letter so that you as a homeowner at Valley
International Country Club subdivision may be informed as to
some of the Association's problems in the current situation.
We can certainly appreciate the fact that you may have some
apprehensions as a result of the rapid and sometimes confusing
happenings at the Country Club during the past two months.

Since this is somewhat complicated, I would like to summarize
the important matters which have influenced the decisions of
the Association, beginning with November 6, 1976:

1. With Mr. Bill Bass' consent, we took over management and
   operations at VICC on November 7, 1976.

2. During the following 25 days the Association paid over
   $100,000 into the funds for the operations of the Club.
   None of this has been returned, and this sum, plus our
   operating receipts during our possession, were spent in
   running the Club.

3. On December 6, 1976, Valley International Properties,
   Inc., and Los Conquistadores, Ltd., filed petitions for
   arrangements under Chapter XI of the Bankruptcy Act, and
   on December 10 the Bankruptcy Judge appointed James T.
   Rash as Operating Receiver of both VICC and Rancho Viejo
   Country Club.

4. On January 20, 1977, the Bankruptcy Judge permitted
   Brownsville Savings & Loan Association to regain possession
   of the Valley International Country Club facilities.



EXHIBIT

A-7-d

Page Two
All homeowners at Valley International Country Club
January 23, 1977

5. A rental pool agreement between the homeowners and the
   operators of both VICC and Rancho Viejo, effective until
   the conclusion of the pending proceedings, is imperative.

6. We are working on an agreement with Mr. James T. Rash,
   Operating Receiver, to develop a proposed agreement to be
   presented to the homeowners as soon as possible, hopefully
   by January 28, 1977.

7. After we have agreed with the Receiver on some form of
   presentation, the matter will be submitted to the represent-
   atives of the homeowners and to the homeowners themselves
   for consideration, suggestions, and, hopefully, an agreement.

With this summary in mind, let me enlarge on some of the points
made.  The total debts owed by Valley International Properties,
Inc., to Brownsville Savings & Loan Association, covering the
VICC amenities and other properties, amount to more than $5,500,000
plus an additional accrued interest, attorneys' fees and other
items.  The Rancho Viejo Country Club facilities are subject
to a lien held by Pittsburgh National Bank.  This lien is the
subject of two pending lawsuits by Pittsburgh National Bank --
one against Brownsville Savings & Loan Association and the
other against Rio Grande Building & Loan Association.  This
involves claimed commitments for take-outs and will apparently
have to be resolved by the courts.  In any event, Brownsville
Savings & Loan Association does not have a lien on the amenities
at Rancho Viejo.

The primary reason for the action by Brownsville Savings & Loan
Association to attempt to take and maintain possession of the
Club was a hope that we could provide more stable Club operation
than was expected under the existing receivership.

The Federal Court proceedings in which the order above mentioned
was made, are proceedings in which Velley International Properties.,
Inc., and Los Conquistadores, Ltd., hope to develop a plan of
arrangement of their unsecured debts.  If such a plan is developed
and is accepted by the majority of the creditors involved, it
will no doubt make a new plan for the payment of the debts to
Brownsville Savings & Loan Association and the operation of
the Valley International Country Club.  Since this plan has not
yet been announced or submitted to the creditors for consider-
ation, it is likely that its development and final approval, if

Page Three
All homeowners at Valley International Country Club
January 23, 1977

approved, will require some delay before it can become effective.

If the arrangement is not successfully accomplished in the near
future, Brownsville Savings & Loan Association will be required
to insist upon a foreclosure of its liens.  If such a foreclosure
is had, the property will be sold to the highest bidder, which
may be Brownsville Savings & Loan Association, the managing
corporation called Los Campeones, Inc., or some other party.

The extent to which the Association will be able to manage the
Club facilities will be settled in part by decisions of the
Bankruptcy Court presently under consideration.  In the meantime,
we are going forward with the active management of the Club, with
Los Campeones, Inc., serving as the managing operator of the Club
and Mr. Pat H. Stanford the general manager of its activities.
We are convinced that Mr. Stanford has the qualifications to
locate the problem areas of existing operations and take
steps necessary to bring the Club to a profitable position.
We enclose herewith a resume' of his past experience and
qualifications.  Needless to say, we are extremely anxious
that the homeowners approve his selection.  He will be on the
project and will be glad to answer any questions propounded to
him within the limit of his available time.

The fluctuations in the situation arising from the litigation
above mentioned have made difficult our accounting with regard
to the receipts and possible distributions resultant from
our operation of the facility in November.  Proceeds from the
rental of rooms during the interval of operation by Los
Campeones, Inc., prior to December 6, 1976, have included
certain amounts not paid until the taking over of the properties
by the Receiver.  Some of the receipts during the November
period represent rentals accrued prior to our entry upon the
property.  Some of the homeowners believe that Valley Inter-
national Properties, Inc., and its contracting homeowners.
had settled upon a 35%/65% division of certain net proceeds
after expenses.  Others feel that the existing arrangement
is for a 20% of gross to be paid to the renting entity.
So many people are involved that a settlement of these problems
will not be easily developed, but we intend to try to do so.  What

CVsPDF - www.tavisa.com

Page Four
All homeowners at Valley International Country Club
January 23, 1977

we hope develops is an agreement so obviously equitable that
it will be acceptable to the mortgagee in possession, the
Receiver, the homeowners, those who manage Valley Inter-
national Properties, and Los Conquistadores, Ltd., and all
other parties who may have an interest in this situation
during the coming months.  Certainly all parties will benefit
by the continuing smooth and satisfactory arrangements between
the Club and the homeowners.

It is our hope that a proposal for consideration by the home-
owners can be available by Friday, January 28.  This is obviously
a very short time, and will require great patience by the
parties preparing the proposal.

In conclusion, it is our hope that each of you will join us
in a concerted effort to achieve that which is the most import-
ant aspect of this matter, and·that is the successful operation
of the Club.  If a way cannot be found to stabilize its income
and expenses, all of the involved parties will be faced with
very distressing decisions.  We welcome any suggestions of any
of the homeowners with regard to what is needed to avoid future
losses.

I do not want to mislead anyone with regard to the intentions
of my client.  There are very definite limits to the extent to
which Brownsville Savings & Loan Association can commit
additional funds to cover operating losses.

Any arrangement made must contain a provision that the
Association reserves the right at its sole discretion at any
time to refuse to incur further liabilities and make further
expenditures in the operations of the Club.  Our hope that
this will not be necessary is dependent upon many factors not
capable of exact forecasts, and if at any time our operations
of the Club fail to yield adequate receipts to pay for the cost
of operations, we must at that time have the free right of
decision as to whether we can afford to continue to operate it
at a loss.

Page Five
All homeowners at Valley International Country Club
January 23, 1977

We will be in communication with you through Mr. O'Leary or
other representatives of your Association, at least by the
close of business on January 28, 1977.  We most sincerely hope
that an arrangement can be made, looking forward to the success-
ful solution of the numerous problems confronting all concerned.

                              Yours very truly,

                              SCHLANGER, COOK, COHN & MILLS

                              By

JWC jaw

XC  Mr. James T. Rash, Receiver

    Mr. Ray Stroube, Attorney for Receiver

    Mr. Bob Sonfield and Mr. Ken Morris
    Attorneys for Valley International Properties, Inc.
    and Los Conquistadores, Ltd.

    Mr. James G. Ulmer and Mr. Lee Wiley
    Attorneys for Pittsburgh National Bank

## UNANIMOUS WRITTEN CONSENT OF THE DIRECTORS
## OF
## LOS CAMPEONES, INC.

The undersigned, being all of the directors of LOS CAMPEONES, INC., a Texas corporation organized under the Texas Business Corporation Act, hereby execute this unanimous consent for the purpose of adopting the following resolutions of the Board of Directors of the Company to the same extent and to have the same force and effect as a unanimous vote of all the Directors of the Company, at a formal meeting of the Board of Directors of the Company, duly called and held for the purpose of acting upon proposals to adopt such resolutions:

RESOLVED, that this corporation issue one (1) share of capital stock to KEN PLASTERER, in consideration of the payment of $1,000.00.

FURTHER RESOLVED that the Secretary of this corporation be and she is hereby authorized and directed to execute and deliver to Ken Plasterer a stock certificate representing one (1) share of the capital stock of the corporation.

Dated as of January 1, 1995.

_____
PAT H. STANFORD, DIRECTOR

W:\CORPORAT\RESOLUTI\LOSCAMP

**EXHIBIT**

A-7-e

No. 265.

LITHO IN U.S.A

# CERTIFICATE

№ 2

For **1** Shares

Issued to

Kenneth C. Plasterer

P. O. Box 3662

Brownsville, Tx. 78520

Dated January 1, 19 95

FROM WHOM TRANSFERRED

Original Issue

Dated _____ 19 _____

| NO. ORIGINAL CERTIFICATE | NO. ORIGINAL SHARES | NO. OF SHARES TRANSFERRED |
|---|---|---|
|  |  |  |

Received CERTIFICATE No. 2

For one Shares

this 1ˢᵗ day of Jan 1995



# Valley International Country Club

### LOS CAMPEONES, INC. • P. O. BOX 3850
### 210/546-5331 • BROWNSVILLE, TEXAS 78523-3850

March 10, 1995

Dear Homeowner/Member:

This is to advise you that effective immediately, I have sold my interest in Los Campeones, Inc. to Ken Plasterer, making him the sole stockholder.

As you know, Ken has been with Los Campeones, Inc. for thirteen years, and served as General Manager of the Club since 1989. There will be no immediate changes in the operations which would inconvenience you in any way. I hope you will warmly welcome and continue to support Mr. Plasterer.

I would like to thank each of you for your patronage during the last nineteen years I have been here and would hope that I'm leaving the Club and premises a little better than when I got here.

Thanks for the ride,

Pat H. Stanford



EXHIBIT

A-7-f

# AFFIDAVIT OF JIM SHEETS

THE STATE OF TEXAS        §
                               §
COUNTY OF CAMERON      §

BEFORE ME the undersigned authority, on this day, personally appeared JIM SHEETS, who, upon his oath, deposes and says:

"My name is JIM SHEETS. I am a resident of the City of Brownsville Cameron County, Texas and I am over the age of eighteen and I have never been convicted of a felony. I have personal knowledge of the facts contained in this affidavit and the facts contained herein are true and correct.

In 1970 I was appointed to serve as a member of the Board of Directors of R.G. Valley Inn and Country Club, Inc. a Texas non-profit corporation. My term as a Board member ended in the year 1978 when the entity known as RGVICC, Inc. or R.G. Valley Inn and Country Club, Inc. a Texas non-profit corporation ceased to conduct meetings. During my tenure as a member of the Board I served in various capacities as a Board member and as an officer including the Office of President of the Board.

While I served on the Board, the function of the Board was limited to the functions of public relations, membership development, membership retention and approval, and to organize and produce a golf tournament known as Los Compadres.

The golf tournament known as Los Compadres was organized by the committee of R.G. Valley Inn and Country Club, Inc. and fees were collected for such tournament. Subsequently, Bill Bass through his corporation, Valley International Country Club, Inc. and VIP, Inc. would



EXHIBIT

A-8

bill the R.G. Valley Inn and Country Club, Inc. for expenses, fees, and food and beverage charges for the operation of the golf tournament. No financial gain was made or profit received from the operation of the golf tournament.

During the course of my term on the Board of R.G. Valley Inn and Country Club, Inc. the Board was never provided financial information, nor did it have the decision making power over the operation of the club or golf course, no access was given to business records or records of the operation of the golf course or country club. Basically, Bill Bass and his corporate entities Valley International Country Club, Inc., and Valley International Properties maintained control over the operation of the Country Club development including the operation of the club house, golf course, and pro shop. The Board of R.G. Valley Inn and Country Club, Inc. did not assess, collect, enforce or accept payment of dues. This function remained in the control of Bill Bass through his corporate entities.

In exchange for my service on the Board of Directors of R.G. Valley Inn and Country Club, Inc., I received a club blazer with an emblem of VICC emblazened on it. Furthermore as membership fees were collected by VIP, 10% of all membership fees collected were paid into a fund which funds were used to send Board members and officers on golf trips and travel to Dallas, San Antonio, and Mexico City. Some of the trips that were made were to Dallas Cowboy games and golf outings. At no time were any officers or directors of R.G. Valley Inn and Country Club, Inc. paid a salary or fee for their service on the Board other than the benefits of the trips and travel arrangements.

Some of the board members who served with me were Tommy Sharpe, Albert Fernandez, Alan Clint, Jack Dempsey, Frank Parker, Dan Rentfro, Gayle Wilhite, Marvin Boland, and Dennis Arp.

Sometime in 1976, Valley International Country Club/ VIP was taken over by Los Campeones, Inc. through its operator, Pat Stanford.  Pat Stanford continued to operate the Board of Directors of R.G. Valley Inn and Country Club, Inc. for a period of time until 1978 when Board meetings ceased to be convened.

**"FURTHER AFFIANT SAYETH NOT."**

Jim Sheets

SWORN TO AND SUBSCRIBED BEFORE ME THE UNDERSIGNED AUTHORITY on this 28th day of MARCH, 2001.

NOTARY PUBLIC, STATE OF TEXAS

ORALIA C. PEREZ
Notary Public, State of Texas
My Commission Expires 05-10-2004

# AFFIDAVIT OF HARRY RICHARDSON

THE STATE OF TEXAS          §
                            §
COUNTY OF CAMERON           §

BEFORE ME the undersigned authority, on this day, personally appeared HARRY RICHARDSON, who, upon his oath, deposes and says:

"My name is HARRY RICHARDSON.   I am a resident of the City of Brownsville Cameron County, Texas and I am over the age of eighteen and I have never been convicted of a felony.   I have personal knowledge of the fact contained in this affidavit and the facts contained herein are true and correct.

In 1972 I became a board member of R. G. Valley Inn and Country Club, Inc.   The function of the board of directors of R. G. Valley Inn and Country Club, Inc., was limited to acting as a representative group for the membership of Valley International Country Club and to serve as a public relations function with the public regarding matters pertaining to the Country Club and its memberships.   This function also included membership development and retention, and membership classification and approval.   The board was not responsible for the business decisions of the Country Club operations, nor was the board responsible for financial decisions with respect to the operations of the business, employment of officers, employees or agents.

The board met monthly and considered membership applications and voted on matters pertaining to membership transfers and sales of memberships.   There was no salary structure or payment for serving as a

1



EXHIBIT

A-9

board member other than benefitting from travel to various golf functions and outings which were funded by the payment of a 10% percent per membership fee commission which was paid into a fund designated for funding those golf trips and outings, by the Developer, Bill Bass.

At the time that I served on the board there were other members by the names of Jim Sheets, Frank Parker, Alan Clint, Marvin Boland, Tommy Sharpe, Albert Fernandez and Jack Dempsey.

I served on the board of directors for R. G. Valley Inn and Country Club, Inc. beginning on about 1972 until 1978 when the nonprofit corporation discontinued having meetings. At the time that the corporation discontinued having meetings Los Campeones, Inc. had taken over the operation of the Country Club and Golf Course. Pat Stanford, as the Officer of Los Campeones, Inc., continued to have organized meetings of the board of R. G. Valley Inn and Country Club, Inc. until sometime in 1978 when the meetings ceased to continue. I did not attend any meetings of the board after 1978 and to my knowledge no other meetings were conducted.

At no time was I stakeholder or share holder in Valley Inn and Country Club, Inc. or its successor Valley International Properties, Inc.

R. G. Valley Inn and Country Club, Inc. was also in charge of organizing and producing the Golf Tournament known as Los Compadres. However, at no time was a profit gained by any of the operations of this non-profit corporation.

**FURTHER AFFIANT SAYETH NOT.**

2

**FURTHER AFFIANT SAYETH NOT.**

Harry Richardson

**SWORN TO AND SUBSCRIBED BEFORE ME THE UNDERSIGNED AUTHORITY on this ___ day of MARCH, 2001.**

KATRINA M. DYER
Notary Public, State of Texas
My Commission Expires 5-05-2004

NOTARY PUBLIC, STATE OF TEXAS

3

Case 1:00-cv-00173  Document 25  Filed in TXSD on 04/02/2001  Page 204 of 318

CAUSE NO. 99-04-02632-A

APR 2 8 1999

| | | |
|---|---|---|
| LOS CAMPEONES, INC., | § | IN THE DISTRICT COURT |
| PLAINTIFF | § | |
| | § | |
| vs. | § | CAMERON COUNTY, TEXAS |
| | § | |
| PATRICIA SMITH-WILLIS, | § | |
| DEFENDANT | § | 107th JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, LOS CAMPEONES, INC., hereinafter referred to as Plaintiff, complaining of

PATRICIA SMITH-WILLIS, hereinafter referred to as Defendant, and, for cause of action, would

respectfully show unto the Court the following:

### I.
### PARTIES

Plaintiff is LOS CAMPEONES, INC., a Texas corporation and the successor in interest to the

development rights of VALLEY INN AND COUNTRY CLUB AKA VALLEY INTERNATIONAL COUNTRY

CLUB located and situated in Brownsville, Cameron County, Texas. Defendant is an individual

residing in Tampico, Tamaulipas, Mexico and may be served with process via *REGISTERED MAIL,*

*RETURN RECEIPT REQUESTED* at *Agua Dulce 907, Colonia Petrolera, Tampico, Tamaulipas,*

*Mexico,* or via *PERSONAL SERVICE* at *258 McFadden Hut, Brownsville, Texas,* which are her last

known mailing addresses according to the records of LOS CAMPEONES, INC.

1



**EXHIBIT**

E-1

## II.
## FACTS

Plaintiff is the developer as defined in the Covenants and Restrictions of Country Club Estates and is charged with the responsibility of providing maintenance, services, membership, and road maintenance to the lot owners of the Country Club property owners. The Defendant is further bound to pay for such amounts as arising for the expenses for maintenance, dues, road maintenance and other services as provided for in those certain Covenants and Restrictions of Country Club Estates recorded in Volume 870, Page 140 of the Deed Records of Cameron County, Texas and also as adopted and ratified in instrument recorded in Volume 61, Page 423 of the Miscellaneous Deed Records of Cameron County, Texas.

### III.

Defendant is the owner of the property which is more particularly described in Warranty Deed With Vendor's Lien from Roman A. Paez, Trustee to PATRICIA SMITH-WILLIS, dated June 17, 1981, as shown on Warranty Deed With Vendor's Lien recorded in Volume 1240, Page 269 of the Official Records of Cameron County, Texas; which property is subject to the above referenced Restrictive Covenants.

### IV.

Plaintiff has filed a Notice of Lien against the property in order to secure the repayment of the amounts as set forth on the attached account. Plaintiff has notified the Defendant of the account and the Defendant has failed and refused and continues to fail and refuses to pay such account when due. The principal amount of the account is *Two Thousand One Hundred Five and 41/100*

2

Dollars($2,105.41) after all just and lawful offsets, credits and payments have been allowed. Plaintiff has demanded payment of these amounts however Defendant has failed to make payments as demanded.

## V.
## ATTORNEY'S FEES

Defendant's default has made it necessary to employ the undersigned attorney to file suit and to seek foreclosure of its lien. This claim was timely presented to the Defendant and remains unpaid. A reasonable fee for the attorney's services rendered and to be rendered is at least *One Thousand Five Hundred and 00/100 Dollars ($1,500.00)*.

## VI.
## FORECLOSURE

In order to secure the repayment of the above amounts, Plaintiff has filed its Notice of Lien and Plaintiff is entitled to such lien as provided in the above referenced Restrictive Covenants pertaining to Country Club Estates. Under the terms of the said Covenants and Restrictions, Plaintiff is entitled to foreclose the lien in the same manner as the foreclosure of a vendor's lien without prejudice to any purchase money liens which may exist. Plaintiff requests upon final judgment that the Court enter an Order of Sale of the above described property in order to satisfy all amounts owed under the judgment.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays:

1. That the Defendant be cited to appear and answer herein.

3

2. That Plaintiff be granted judgment for *Two Thousand One Hundred Five and 41/100 Dollars($2,105.41)* as principal amount of the debt and that Plaintiff be granted judgment for prejudgment and post judgment interest at the rates provided by law.

3. Plaintiff be allowed foreclosure of its lien.

4. Plaintiff be granted judgment for reasonable and necessary attorney's fees in an amount of at least *One Thousand Five Hundred and 00/100 Dollars ($1,500.00).*

5. Plaintiff requests judgment for costs of court.

6. Plaintiff prays for such other and further relief both in law and in equity to which it may prove itself justly entitled to receive.

Respectfully Submitted,
RENTFRO, FAULK & BLAKEMORE, L.L.P.
185 E. RUBEN TORRES, SR. BLVD.
BROWNSVILLE, TEXAS 78520
*TELEPHONE:*     (956) 541-9600
*FACSIMILE:*     (956) 541-9695

BY: _William C. Faulk_

WILLIAM A. FAULK, JR.
STATE BAR No. 06855100
CCB #162701

4

**PATRICIA SMITH-WILLIS - UNIT 305-4**
**ACCOUNT W1999**
305-4 MCFADDEN DRIVE
BROWNSVILLE, TX 78520

BAL. FWD. $1,771.28

| YEAR 1999 | DUES | H.O. SER | OTHER CHGS. | SER. CHG. | PAY. | CURRENT | BAL. FWD |
|---|---|---|---|---|---|---|---|
| JANUARY | $28.15 | $66.27 | $8.00 | $8.74 | | $111.16 | $1,882.44 |
| FEBRUARY | $28.15 | $66.27 | $8.00 | $9.28 | | $111.70 | $1,994.14 |
| MARCH | $28.15 | $66.27 | $8.00 | $8.85 | | $111.27 | $2,105.41 |
| APRIL | $28.15 | $66.27 | $8.00 | $10.38 | | $112.80 | $2,218.21 |
| MAY | $28.15 | $66.27 | $8.00 | $10.21 | | $112.63 | $2,330.84 |
| JUNE | $28.15 | $66.27 | $8.00 | $11.49 | | $113.91 | $2,444.75 |
| JULY | $28.15 | $66.27 | $8.00 | $11.65 | | $114.07 | $2,558.82 |
| AUGUST | $28.15 | $66.27 | $8.00 | $12.62 | | $115.04 | $2,673.86 |
| SEPTEMBE | $28.15 | $66.27 | $8.00 | $12.75 | | $115.17 | $2,789.03 |
| OCTOBER | $28.15 | $66.27 | $8.00 | $13.75 | | $116.17 | $2,905.20 |
| NOVEMBE | $28.15 | $66.27 | $8.00 | $13.85 | | $116.27 | $3,021.47 |
| DECEMBER | $309.65 | $728.97 | $88.00 | $123.57 | $0.00 | $1,250.19 | $0.00 |
| TOTAL | $1,433.57 | $3,093.00 | $757.00 | $297.90 | ($2,560.00) | $3,021.47 | $3,021.47 |

CasePDF - www.texis.com

CASE NO. 98-11-4579-C

_____ PLITT, III, ROBERT C.          §          IN THE 197th JUDICIAL
BROOKS, : ANKJAER JENSEN,            §
          Plaintiffs                 §
                                     §
VS.                      .           §          DISTRICT COURT OF
                                     §                     4(5)
_   _IPEONES, I:                     §
          De___ __t                  §          CAMERON COUNTY, TEXAS

PLAINTIFFS' ORIGINAL PETITION FOR
DECLARATORY JUDGMENT

__ _NORABLE _DGE OF SAID COURT:

C__ _ NOW, WALTER PLITT, III, ROBERT C. BROOKS, and ANKJAER

JENSEN, Plaintiffs, and petition the Court pursuant to the

Uniform D_ _laratory Judgments Act, Chapter 37 of the Texas Civil

Prac_ _ _nd Remedies Code, for a determination of construction

_ghts a_ _ _ relations between the Plaintiffs and LOS

CAMPEONE_ _NC., the Defendant, pertaining to the "Covenants and

Restrict:_ns of Country Club Estates".

I.

_aintiffs, WALTER PLITT, III, ROBERT C. BROOKS, and ANKJAER

_EN_ _re individuals who own real property that restricted

__ su_ _sion know as Country Club Estates, in Cameron

Coun__ _exas. The party having an interest made the matter of

this ac_ _n is LOS CAMPEONES, INC., hereinafter called Defendant,

Texas C_ _poration, and may be served with citation by serving

its reg_ _red agent for service of process, Mr. Ken Plasterer,

_rporation's _gistered office at Highway 77 and F.M.

__, B__ _ _lle, Texas 78520.

II.

_aintiffs are individuals who own real property that

EXHIBIT

E-1

restricted residential subdivision know as Country Club Estates,

ᴀron Count᠁ ᴀ ᴋas. The real property which the Plaintiffs

own subject to cert᠁n restrictive covenants, which are

᠁ in the follo᠁ᴀg documents: "Covenants and

᠁s", ᠁ ᠁ at Volume 793, Pages 691-711; "Covenants

and R᠁ ᴄictions of Country Club Estates, Sections 4, 5, 6, 7,

7A, 8, 8᠁ 8B, 8C, 9, 9A, 13 and 100", located at Volume 870,

Pages 140- 57 of the Deed Records of Cameron County, Texas; and,

an unti᠁ ᠁ document, located at Volume 61, Pages 423-425 of the

M᠁ ᴀᴇous Deed ᠁ ᴀ ᴀ s of Cameron County, Texas.

## III.

Upon information and belief, the Defendant, Los Campeones,

Inc., ᴀs a successor to R.G. Valley Inn & Country Club, Inc.,

᠁ ᴀas the entit᠁ ᴏriginally charged, in the restrictive

cove᠁ ᴀ, with the ᠁ ᴀᴇs of administering the affairs, business

᠁ ᴀd ᴍaintenance of the Country Club. Accordingly,

De᠁ ᴀ, Los Campeones, Inc., has an interest in the matter

made th᠁ subject of this suit.

## IV.

The ᴀᴇementioned restrictive covenants were signed on

Sept᠁ ᴀ0, 1965, Ap᠁ᴀl 1, 1969, and December 1, 1969,

᠁ ᴀᴇly. Th᠁ ᴄᴇᴀᴄᴇictive covenants all contain the following

language:

"Upon the expiration of twenty-five years from date of
execut᠁on of this ᠁ ᴀᴄrument, the owners of a majority of the
᠁ ᴀthin the S ᴀᴇision may execute and acknowledge an
a᠁ ᴀt in writin᠁ ᴇᴀminating, modifying, or revising these
rest᠁ ᴀions and cove᠁ ᴄs and file same in the office ᴏf the
Coun᠁ ᴇᴋ of Camer᠁ ᴄᴀnty, Texas; thereafter said covenants
᠁ ᴄᴇions shal᠁ ᴀᴀ ᴋull and void, or be modified or
᠁ ᴀᴄᴋ agr᠁ ᴀent."

V.

The Plaintiffs herein seek to obtain the consent of a
_ . : ient number o_ property owners to terminate, modify or
revi   he restrictive covenants, however, Plaintiffs are faced
 ·· ··       ·uous lanc ige in that section of the covenants which
p   :  _s the pro  ·s for doing so. The restrictive covenants
state _ it the owners of a majority of the "lots" within the
subdivisi n must agree to terminate or revise the covenants. The
restricti· ovenants do not contemplate that multiple dwelling
units   be constructe  n a single lot, but rather the
       ive cover·     ate: "All lots in the Subdivision and
improveme   thereon shall be used for single family residential
purposes, and for no other purpose." Further, nowhere in the
 ··  · ctive cover·    are the rights of "unit owners" defined.
Ho·     the Defenda_. has permitted multiple dwelling units to
be :   ··· ed on certain lots. Additionally, the Defendant has
       ·ly tre· ed all "unit owners" as if they were "lot
owner.  .nder the restrictive covenants. Plaintiffs, therefore,
contend :hat a majority of "unit owners" is all that is necessary
_ revise  · modify the restrictive covenants.

VI.

       _ntiffs rec ist that this Court declare that in order for
_.e Plai. _ ds, or any other property owners subject to the
restricti e covenants, to revise or terminate the restrictive
cover·  s, only of a majority of the <u>unit owners</u> within the
 _.    .sion need _  ute an agreement terminating, modifying, or
revi       hese restrictions and covenants.

V.

The Plaintiffs herein seek to obtain the consent of a
_ _ _ ient number o_ property owners to terminate, modify or
revi_   he restrictive covenants, however, Plaintiffs are faced
· ·       uous lanc age in that section of the covenants which
p_ _   _s the proc _s for doing so. The restrictive covenants
state _ at the owners of a majority of the "lots" within the
subdivision must agree to terminate or revise the covenants. The
restricti· covenants do not contemplate that multiple dwelling
units    be constructe on a single lot, but rather the
ive coven·     ate: "All lots in the Subdivision and
improveme   thereon shall be used for single family residential
purposes, and for no other purpose." Further, nowhere in the
·· · ctive coven·     are the rights of "unit owners" defined.
Ho·       the Defenc_... has permitted multiple dwelling units to
be ·    ··ed on certain lots. Additionally, the Defendant has
·ly tre. ·ed all "unit owners" as if they were "lot
owner_   _nder the restrictive covenants. Plaintiffs, therefore,
contend _.at a majority of "unit owners" is all that is necessary
_o revise · modify the restrictive covenants.

VI.

_ntiffs re· ·st that this Court declare that in order for
_.e Pla_. ._ ·_, or any other property owners subject to the
restricti· _ covenants, to revise or terminate the restrictive
cover·.us, only of a majority of the unit owners within the
_. .sion need _ _ute an agreement terminating, modifying, or
revi_   _hese rest.rictions and covenants.

REFORE, Plaintiffs request that the Defendant be cited to appear and answer herein, and that on final hearing, Plaintiffs have judgment as follow:

1.    declaration that the restrictive covenants which are part of this    may be revised or terminated through the agreement of a majority  f the unit owners within the subdivision which are subject to the covenants;

2.  Costs of Court; and,

Such other and further relief to which Plaintiffs may be    entitled.

Respectfully submitted,

Rene B. Gonzalez
Attorney at Law
P.O. Box 5134
Brownsville, Texas 78523-5134
Telephone: 956/544-2370
Facsimile: 956/982-1909
State Bar No. 08131380
Cameron County I.D. 278301

ATTORNEY FOR PLAINTIFFS

CAUSE NO. 98-11-4579-C

| | | |
|---|---|---|
| WALTER PLITT, ROBERT C. | § | IN THE 197TH JUDICIAL |
| BROOKS, and ANKJAER JENSEN | § | |
| *Plaintiffs* | § | |
| VS. | § | DISTRICT COURT OF |
| | § | |
| LOS CAMPEONES, INC. | § | |
| *Defendant* | § | CAMERON COUNTY, TEXAS |

## FINAL SUMMARY JUDGMENT

On August 4, 1999, the Court considered Defendant's Motion for Summary Judgment. The parties submitted their pleadings and summary judgment evidence to the Court for a hearing by submission. After considering the pleadings, motion, response, reply, evidence on file and arguments of counsel, the Court grants Defendant's Motion for Summary Judgment.

Therefore, the Court orders that the "Duration of Covenants and Restrictions" section of the Restrictive Covenants were recorded in Volume 793 Page 691 of the Real Property Records of Cameron County, Texas and the Restrictive Covenants recorded in Volume 870 Page 140 of the Real Property Records of Cameron County, Texas is not ambiguous; and

The Court orders that the "Duration of Covenants and Restrictions" section of the Restrictive Covenants were recorded in Volume 793 Page 691 of the Real Property Records of Cameron County, Texas and the Restrictive Covenants recorded in Volume 870 Page 140 of the Real Property Records of Cameron County, Texas allows one vote per lot when terminating, modifying or revising these restrictive covenants; and

The Court further declares that for purposes of determining the right to vote under the above referenced restrictive covenants, a "Unit Owner", whether a sole owner or tenants in common, shall have a pro-rata share of one vote based on the total number of units located and situated on the lot.

This provisions shall be applicable regardless of whether the lot upon which a unit is located has been incorporated into a condominium regime subsequent to the original filing of the restrictive covenants. Accordingly, by way of example if a Unit Owner owns one unit located on a lot and there are a total of four residential units located on the lot, the Unit Owner shall have a 1/4th vote.

The Court orders that the Plaintiffs take nothing by their suit for declaratory judgment; and

The Court denies all relief not granted in this judgment; and

The Court orders execution to issue for this judgment.

SIGNED on ____November 19____, 1999.

PRESIDING JUDGE

NOV 19 1999

AGREED AS TO FORM:

William A. Faulk, Jr., Attorney for Defendant

NOV 19 1999

Rene Gonzalez, Attorney for Plaintiffs

cc: Rentfro Faulk & Blakemore, L.L.P., Mr. William A. Faulk, Jr., 185 E. Ruben Torres, Sr. Blvd., Brownsville, Texas 78526
    Law Offices of Rene B. Gonzalez, Mr. Rene B. Gonzalez, P.O. Box 5134, Brownsville, Texas 78523-5134

J.\Working\LosCam.Gene\Pltt\Final.Summary.Judgment.091699

CAUSE NO. 99-04-2032-A

| | | |
|---|---|---|
| LOS CAMPEONES, INC. | § | IN THE DISTRICT COURT |
|     Plaintiff | § | |
| | § | CAMERON COUNTY, TEXAS |
| VS. | § | |
| | § | |
| PATRICIA SMITH WILLIS | § | 107TH JUDICIAL DISTRICT |
|     Defendant | § | |

## SUMMARY JUDGMENT

On this the 16th day of March, 2000, came on for consideration the Motion for Summary Judgment of the Plaintiff, LOS CAMPEONES, INC. The Court having reviewed such motion is of the opinion that its Motion should be granted and that Final Judgment should be entered against PATRICIA SMITH WILLIS, Defendant.

The Court finds that this cause is for a liquidated amount of damages and is proved by instruments in writing and finds that Defendant PATRICIA SMITH WILLIS is indebted to the Plaintiff in the amount of *Three Thousand Four Hundred Seventy Seven Dollars and 59/100 ($3,477.59)* representing the principal amount of the judgment and that Plaintiff should recover reasonable and necessary attorney's fees, which the Court finds to be in the amount of *One Thousand Five Hundred Dollars and 00/100 ($1,500.00)*.

The Court further finds that the Plaintiff has a secured lien against the property described in the attached Exhibit "A", which is attached to this Judgment and made a part hereof, which Lien secures the repayment of assessments, dues, charges and attorney fees pursuant to the Covenants and Restrictions of Country Club Estates.

It is therefore ORDERED, ADJUDGED and DECREED that LOS CAMPEONES, INC. have and recover judgment of and from Defendant, PATRICIA SMITH WILLIS, in the principal sum of *Three Thousand Four Hundred Seventy Seven Dollars and 59/100 ($3,477.59)* and that Plaintiff

1


**EXHIBIT**

E-2

have judgment in the amount of *One Thousand Five Hundred Dollars and 00/100 ($1,500.00)* as reasonable and necessary attorney's fees through the trial of this cause, together with all costs of court, which presently are in the amount $158.00 of in this behalf expended for a **TOTAL JUDGEMENT OF $5,135.59** together with post-judgment interest at the rate of ten percent (10%) per annum on the total judgment from the date of judgment until paid,

It is further ORDERED, ADJUDGED and DECREED that Plaintiff be awarded additional attorney's fees in the event that Defendant appeals from the judgment to the Court of Appeals, in the amount of $2,500.00 and further fees in the amount of $1,500.00 should Error be granted by the Supreme Court of the State of Texas.

It is further ORDERED, ADJUDGED and DECREED that Plaintiff have foreclosure of its lien securing the above referenced amounts and the District Clerk of this Court is hereby ordered to issue an order of sale of the above referenced property in order to satisfy all amounts as contained in this judgment.

Plaintiff is allowed such writs and processes as may be necessary in the enforcement and collection of this judgment.

All relief requested and not expressly granted herein is denied.

SIGNED FOR ENTRY this the _17th_ day of MARCH, 2000.

JUDGE PRESIDING

**3/20/00 COPIES TO:**

cc:   Renfro, Faulk & Blakemore, LLP, 185 E. Ruben Torres Blvd., Brownsville, Tx 75826
      Ms. Patricia Smith Willis, Agua Dulce #907, Colonia Petrolera, Tampico, Tamp., Mex.
      Ms. Patricia Smith Willis, 258 McFadden Hut Dr., Brownsville, Tx 78520

MAR 1 7 2000

2

CAUSE NO. _____ 08-09-3502-A

| | | |
|---|---|---|
| LOS CAMPEONES, INC., | § | IN THE DISTRICT COURT |
|    PLAINTIFF | § | |
| | § | |
| VS. | § | CAMERON COUNTY, TEXAS |
| | § | |
| MARIA ESTHER SOTO, | § | |
|    DEFENDANT | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, LOS CAMPEONES, INC., hereinafter referred to as Plaintiff, complaining of MARIA ESTHER SOTO, hereinafter referred to as Defendant, and, for cause of action, would respectfully show unto the Court the following:

### I.
### PARTIES

Plaintiff is LOS CAMPEONES, INC., a Texas corporation and the successor in interest to the development rights of VALLEY INN AND COUNTRY CLUB AKA VALLEY INTERNATIONAL COUNTRY CLUB located and situated in Brownsville, Cameron County, Texas.  Defendant is an individual residing in Brownsville, Cameron County, Cameron County, Texas and may be served with process via *CERTIFIED MAIL, RETURN RECEIPT REQUESTED* at the following address: 104 Cowan Terrace East, Brownsville, Texas 78521 which is her last known mailing address according to the records of LOS CAMPEONES, INC.

### II.
### FACTS

Defendant is an owner and resident of the hereinafter described property which property is subject to Restrictive Covenanats which provide for the payment of dues and maintenance fees



EXHIBIT

E-2

established by the Developer of Valley Inn and Club a/k/a Valley International Country Club, which is now the Plaintiff, Los Campeones, Inc.  Such dues and maintenance fees are established from time to time by the Plaintiff pursuant to such Restrictive Covenants.  The Defendant is bound to pay such amounts as provided in those certain Covenants and Restrictions of Country Club Estates recorded in Volume 870, Page 140 of the Deed Records of Cameron County, Texas and also as adopted and ratified in instrument recorded in Volume 61, Page 423 of the Miscellaneous Deed Records of Cameron County, Texas.

## III.

Defendant is the owner of the property which is more particularly described in Warranty Deed with Vendor's Lien from B.R.E.I.T. II to MARIA ESTHER SOTO, dated June 21, 1996, as shown on Warranty Deed with Vendor's Lien recorded in Volume 3931, Pages 1-3 of the Official Records of Cameron County, Texas; which property is subject to the above referenced Restrictive Covenants.

## IV.

Plaintiff has filed a Notice of Lien against the property in order to secure the repayment of the amounts as set forth on the attached account.  Plaintiff has notified the Defendant of the account and the Defendant has failed and refused and continues to fail and refuses to pay such account when due.  The principal amount of the account is *One Thousand Seven Hundred Eighty Six Dollars and $^{55}/_{100's}$ ($1,786.55)* after all just and lawful offsets, credits and payments have been allowed all as such on the attached *Exhibit 'A'.*  Plaintiff has demanded payment of these amounts however Defendant  has failed to make payments as demanded.

## V.
## ATTORNEY'S FEES

2

Defendant's default has made it necessary to employ the undersigned attorney to file suit and to seek foreclosure of its lien. This claim was timely presented to the Defendant and remains unpaid. A reasonable fee for the attorney's services rendered and to be rendered is at least *One Thousand Five Hundred Dollars ($1,500)*.

## VI.
## FORECLOSURE

In order to secure the repayment of the above amounts, Plaintiff has filed its Notice of Lien and Plaintiff is entitled to such lien as provided in the above referenced Restrictive Covenants pertaining to Country Club Estates   Under the terms of the said Covenants and Restrictions, Plaintiff is entitled to foreclose the lien in the same manner as the foreclosure of a vendor's lien without prejudice to any purchase money liens which may exist. Plaintiff requests upon final judgment that the Court enter an Order of Sale of the above described property in order to satisfy all amounts owed under the judgment.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays:

1. That the Defendant be cited to appear and answer herein.

2. That Plaintiff be granted judgment for *One Thousand Seven Hundred Eighty Six Dollars and $^{55}/_{100's}$ ($1,786.55)* as principal amount of the debt and that Plaintiff be granted judgment for prejudgment and post judgment interest at the rates provided by law.

3. Plaintiff be allowed foreclosure of its lien.

4. Plaintiff be granted judgment for reasonable and necessary attorney's fees in an amount of at least *One Thousand Five Hundred Dollars ($1,500)*.

3

CleNPDF - www.lexisu.com

5. Plaintiff requests judgment for costs of court.

6. Plaintiff prays for such other and further relief both in law and in equity to which it may prove itself justly entitled to receive.

Respectfully Submitted,
RENTFRO, FAULK & BLAKEMORE, L.L.P.
185 E. RUBEN TORRES, SR. BLVD.
BROWNSVILLE, TEXAS 78520
*TELEPHONE:*     (956) 541-9600
*FACSIMILE:*     (956) 541-9695

BY: _____
WILLIAM A. FAULK, JR.
STATE BAR NO. 06855100
CCB #162701

4

## MARIA ESTHER SOTO - UNIT 807-4
## ACCOUNT 52127

104 COWAN TERRACE EAST - BROWNSVILLE, TX 78521

| 1998 | DUES | H.O. SBR. | OTHER | SC | PAYMENTS | | |
|---|---|---|---|---|---|---|---|
| | | | | | | | $829.38 |
| JANUARY | $28.15 | $77.43 | $8.00 | $4.09 | $0.00 | $117.67 | $947.05 |
| FEBRUAR | $28.15 | $77.43 | $8.00 | $4.67 | $0.00 | $118.25 | $1,065.30 |
| MARCH | $28.15 | $77.43 | $8.00 | $4.90 | $0.00 | $118.48 | $1,183.78 |
| APRIL | $28.15 | $77.43 | $8.00 | $5.84 | $0.00 | $119.42 | $1,303.20 |
| MAY | $28.15 | $77.43 | $8.00 | $6.43 | $0.00 | $120.01 | $1,423.21 |
| JUNE | $28.15 | $77.43 | $8.00 | $6.78 | $0.00 | $120.36 | $1,543.57 |
| JULY | $28.15 | $77.43 | $8.00 | $7.61 | $0.00 | $121.19 | $1,664.76 |
| AUGUST | $28.15 | $77.43 | $8.00 | $8.21 | $0.00 | $121.79 | $1,786.55 |
| SEPTEMBER | | | | | $0.00 | $0.00 | $1,786.55 |
| OCTOBER | | | | | $0.00 | $0.00 | $1,786.55 |
| NOVEMBER | | | | | $0.00 | $0.00 | $1,786.55 |
| DECEMBER | | | | | $0.00 | $0.00 | $1,786.55 |
| TOTAL | $225.20 | $619.44 | $64.00 | $48.53 | $0.00 | $957.17 | |
| | $450.40 | $1,142.53 | $137.00 | $56.62 | | $1,786.55 | |

EXHIBIT ___A___

## RENTRO, FAULK & BLAKEMORE, L.L.P.
### ATTORNEYS, COUNSELORS AND MEDIATORS

*T. Mark Blakemore*
Also licensed in Florida

*Daniel Rentfro, Jr.*
Member, Attorney-Mediators Institute

*William L. Rentfro*
*William A. Faulk, Jr.*

———

*Jana L. Smith*

*185 E. RUBEN M. TORRES, SR. BOULEVARD*
*(FM 802 AT MCALLEN ROAD)*
*BROWNSVILLE, TEXAS 78520-9136*

———

*Tel: 956-541-9600*
*Fax: 956-541-9695*
*E-Mail: attorneys@rfbllp.com*

*Of Counsel*
*Daniel L. Rentfro*
*William A. Faulk, Sr.*

———

*Kenneth S. Harder*
Board Certified
Immigration & Nationality Law
Texas Board of Legal Specialization

October 19, 1998

3.00

Maria Ester Soto
104 Cowan Terrace East
Brownsville, Texas 78521

*Certified Mail No. P 095 363 146*
*Return Receipt Requested*

Re:     Obligation owed to Valley International Country Club, Unit 807-4     R. Corney

Dear Ms. Soto:

This letter is to confirm our agreement that you will pay to Los Campeones, Inc. the total amount of $228.00 per month which amount will be used to pay your current monthly assessments and any amount over and above that current amount will be applied towards your outstanding balance.

As you know, there has been a lawsuit filed against you in order to secure repayment of the debt. As part of your agreement, an Agreed Judgment will be entered in that case which judgment will not be executed or abstracted unless you fail to make the payments which you have agreed to under the terms of this letter agreement.

If this is not your understanding, please contact me immediately, otherwise please execute this letter in the space provided below for your signature and return one original letter to me for my client's file. If you have any questions regarding this matter, please feel free to contact me at the above referenced address and phone number.

Very truly yours,
RENTFRO, FAULK & BLAKEMORE, L.L.P.

By: _____
**William A. Faulk, Jr.**

Approved and Agreed To:

_____
MARIA ESTER SOTO

WAFJR/sm
cc:     Ken Plasterer

CAUSE NO. 98-09-03502-A

| | | |
|---|---|---|
| LOS CAMPEONES, INC. | § | IN THE DISTRICT C' |
| | § | |
| VS. | § | OF CAMER⸱    ⸱AAS |
| | § | |
| MARIA ESTHER SOTO, | § | 107TH JUDICIA  ⸱⸱ FRICT COURT |

## AGREED JUDGMENT

Came on for consideration the above styled and numbered cause. The Plaintiff LOS CAMPEONES, INC. and the Defendant MARIA ESTHER SOTO, pursuant to the settlement letter on file with this Court, have announced to the Court that they have reached an agreement in this matter. Based upon the agreement of the parties, it is accordingly

ORDERED, ADJUDGED and DECREED that LOS CAMPEONES, INC. have and recover judgment of and from Defendant MARIA ESTHER SOTO in the principal sum of *One Thousand Eight Hundred Twenty-One Dollars and 49/100ths ($1,821.49)* representing the principal amount of the judgment; and that LOS CAMPEONES, INC. have judgment in the amount of *One Tousand Five Hundred Dollars and 00/100ths ($1,500.00)* as reasonable and necessary attorney's fees, together with post judgment interest at the rate of ten percent (10%) per annum on the total judgment from the date of judgment until paid, together with all costs of court.

Plaintiff is allowed such writs and possessions as may be necessary in the enforcement and collection of this judgment.

All relief requested and not expressly granted herein is denied.

SIGNED and ENTERED this _____ day of _____, 1999.

_____
JUDGE PRESIDING

APPROVED AS TO FORM AND CONTENT:

**COPIES TO; 1/21/99**

_____
William A. Faulk, Jr.
RENTFRO, FAULK & BLAKEMORE, L.L.P.
185 E. Ruben M. Torres, Sr. Blvd.
Brownsville, Texas 78520
Telephone:      (956) 541-9600
Facsimile:      (956) 541-9695
State Bar No. 06855100

*Attorney for Plaintiff, LOS CAMPEONES, INC.*

**MARIA ESTHER SOTO**

3:00                    f

CAUSE NO. _____

| | | |
|---|---|---|
| LOS CAMPEONES, INC., | § | IN THE DISTRICT COURT |
|    PLAINTIFF | § | |
| | § | |
| vs. | § | CAMERON COUNTY, TEXAS |
| | § | |
| PATRICIA SMITH-WILLIS, | § | |
|    DEFENDANT | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, LOS CAMPEONES, INC., hereinafter referred to as Plaintiff, complaining of PATRICIA SMITH-WILLIS, hereinafter referred to as Defendant, and, for cause of action, would respectfully show unto the Court the following:

### I.
### PARTIES

Plaintiff is LOS CAMPEONES, INC., a Texas corporation and the successor in interest to the development rights of VALLEY INN AND COUNTRY CLUB AKA VALLEY INTERNATIONAL COUNTRY CLUB located and situated in Brownsville, Cameron County, Texas. Defendant is an individual residing in Tampico, Tamaulipas, Mexico and may be served with process via *REGISTERED MAIL, RETURN RECEIPT REQUESTED* at *Agua Dulce 907, Colonia Petrolera, Tampico, Tamaulipas, Mexico*, or via *PERSONAL SERVICE* at *258 McFadden Hut, Brownsville, Texas*, which are her last known mailing addresses according to the records of LOS CAMPEONES, INC.

1

## II.
## FACTS

Plaintiff is the developer as defined in the Covenants and Restrictions of Country Club Estates and is charged with the responsibility of providing maintenance, services, membership, and road maintenance to the lot owners of the Country Club property owners. The Defendant is further bound to pay for such amounts as arising for the expenses for maintenance, dues, road maintenance and other services as provided for in those certain Covenants and Restrictions of Country Club Estates recorded in Volume 870, Page 140 of the Deed Records of Cameron County, Texas and also as adopted and ratified in instrument recorded in Volume 61, Page 423 of the Miscellaneous Deed Records of Cameron County, Texas.

### III.

Defendant is the owner of the property which is more particularly described in Warranty Deed With Vendor's Lien from Roman A. Paez, Trustee to PATRICIA SMITH-WILLIS, dated June 17, 1981, as shown on Warranty Deed With Vendor's Lien recorded in Volume 1240, Page 269 of the Official Records of Cameron County, Texas; which property is subject to the above referenced Restrictive Covenants.

### IV.

Plaintiff has filed a Notice of Lien against the property in order to secure the repayment of the amounts as set forth on the attached account. Plaintiff has notified the Defendant of the account and the Defendant has failed and refused and continues to fail and refuses to pay such account when due. The principal amount of the account is *Two Thousand One Hundred Five and 41/100*

2

*Dollars($2,105.41)* after all just and lawful offsets, credits and payments have been allowed. Plaintiff has demanded payment of these amounts however Defendant has failed to make payments as demanded.

## V.
## ATTORNEY'S FEES

Defendant's default has made it necessary to employ the undersigned attorney to file suit and to seek foreclosure of its lien. This claim was timely presented to the Defendant and remains unpaid. A reasonable fee for the attorney's services rendered and to be rendered is at least *One Thousand Five Hundred and 00/100 Dollars ($1,500.00)*.

## VI.
## FORECLOSURE

In order to secure the repayment of the above amounts, Plaintiff has filed its Notice of Lien and Plaintiff is entitled to such lien as provided in the above referenced Restrictive Covenants pertaining to Country Club Estates. Under the terms of the said Covenants and Restrictions, Plaintiff is entitled to foreclose the lien in the same manner as the foreclosure of a vendor's lien without prejudice to any purchase money liens which may exist. Plaintiff requests upon final judgment that the Court enter an Order of Sale of the above described property in order to satisfy all amounts owed under the judgment.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays:

1. That the Defendant be cited to appear and answer herein.

3

2. That Plaintiff be granted judgment for *Two Thousand One Hundred Five and 41/100 Dollars($2,105.41)* as principal amount of the debt and that Plaintiff be granted judgment for prejudgment and post judgment interest at the rates provided by law.

3. Plaintiff be allowed foreclosure of its lien.

4. Plaintiff be granted judgment for reasonable and necessary attorney's fees in an amount of at least *One Thousand Five Hundred and 00/100  Dollars ($1,500.00).*

5. Plaintiff requests judgment for costs of court.

6. Plaintiff prays for such other and further relief both in law and in equity to which it may prove itself justly entitled to receive.

> Respectfully Submitted,
> RENTFRO, FAULK & BLAKEMORE, L.L.P.
> 185 E. RUBEN TORRES, SR. BLVD.
> BROWNSVILLE, TEXAS 78520
> *TELEPHONE:*      (956) 541-9600
> *FACSIMILE:*      (956) 541-9695
>
> BY: _William C. Faulk_
>
> WILLIAM A. FAULK, JR.
> STATE BAR No. 06855100
> CCB #162701

## Voluntary Petition (page 2)
*(This page must be completed and filed in every case)*

Name of Debtor(s):  Christopher Lee Phillippe

### Prior Bankruptcy Case Filed Within Last 6 Years (If more than two, attach additional sheet)

| Location Where Filed: | Case Number: | Date Filed: |
|---|---|---|
| Location Where Filed: | Case Number: | Date Filed: |

### Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor (If more than one, attach additional sheet)

| Name of Debtor: | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

### Signatures

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of Title 11, United States Code, understand the relief available under each such chapter, and chose to proceed under chapter 7.

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition

X _____

Christopher Lee Phillippe

X _____

Telephone Number (If not represented by an attorney)

Date  05-31-00

**Signature of Attorney**

X _____
Richard Hoffman          Bar No. 09787200/6147

Richard Hoffman
Attorney At Law
1718 Boca Chica Blvd.,
Brownsville, TX 78520

Phone No. (956) 544-2345     Fax No. (956) 982-1909

Date  5-31-00

### Exhibit A

(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11)

☐ Exhibit A is attached and made a part of this petition

### Exhibit B

(To be completed if debtor is an individual whose debts are primarily consumer debts)  I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner named in the foregoing petition that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.

X _____
Richard Hoffman          Bar No. 09787200/6147

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition

X _____

Printed Name of Authorized Individual

_____

Title of Authorized Individual

_____

Date

**Signature of Non-Attorney Petition Preparer**

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

_____

Printed Name of Bankruptcy Petition Preparer

_____

Social Security Number

_____

Address

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

X _____

Signature of Bankruptcy Petition Preparer

_____

Date
A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both (11 U.S.C. § 110; 18 U.S.C. § 156).

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

IN RE:  Christopher Lee Phillippe                              CASE NO

_Debtor(s)_                                               CHAPTER    7

## DISCLOSURE OF COMPENSATION UNDER 11 U.S.C. SEC. 329 AND B.R. 2016(B)

|  |  |
|---|---|
| Amount paid: |  |
| Amount to be paid: |  |
| Property transferred to attorney: | None |
| Collateral held by attorney: | None |
| Source of compensation: | Current wages |

_I certify that I am the attorney for the above named debtor, and that the compensation paid or agreed to be paid to me for services rendered or to be rendered on behalf of the Debtor in or in connection with a case under Title 11 of the United States Code, such payment or agreement having been made after one year before the date of filing of the petition, is as indicated above._

_I further certify that the Debtor has been informed and has agreed that the compensation paid shall include the following legal services:  (a) All conferences with the Debtor; (b) Preparation of Petition and Schedules; (c) Attendance at 341 First Meeting and attendance at reaffirmation and/or confirmation hearings; (d) Preparation of routine motions._

_I have not agreed to share this compensation with any person other than members of the firm._

Date _____ 5 · 31 · 00 _____

                                                    _Christopher Lee Phillippe_

_Richard Hoffman_
Richard Hoffman
Attorney At Law
1718 Boca Chica Blvd.,
Brownsville, TX 78520

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

IN RE:  Christopher Lee Phillippe                                    CASE NO

        *Debtor(s)*                                                  CHAPTER    7

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

1.  I have filed a schedule of assets and liabilities which includes consumer debts secured by property of the estate.

2.  I intend to do the following with respect to the property of the estate which secures those consumer debts:

### a. Property to Be Surrendered.

| DESCRIPTION OF PROPERTY | CREDITOR'S NAME |
|---|---|
| BMW 528i | BMW Financial Services<br>P.O. Box 78103<br>Phoenix, AZ 85062-8103 |
| 1996 Chevy S10 Pickup | Ford Motor Credit<br>P. O. Box 64001 DJ<br>Dallas, TX 75364-0001 |
| 1997 Pontiac Grand Am | GMAC<br>P. O. Box 901025<br>Fort Worth, TX 76101-2009 |
| Panasonic Copier - Leased | Panasonic Communications & Systems<br>P.O. Box 7023<br>Troy, MI 48007-7023 |

### b. Property to Be Retained.  (Check any applicable statement).

| DESCRIPTION OF PROPERTY | CREDITOR'S NAME | Lien will be avoided pursuant to Sec. 522(f) and property will be claimed as exempt | Property is claimed as exempt and will be redeemed pursuant to Sec. 722 | Debt will be reaffirmed pursuant to Sec. 524(c) | Debtor will continue payments to the creditor without reaffirming |
|---|---|---|---|---|---|
| 307-3 & 4 McFadden Drive<br>Home Mortgage Loan | Advanta National Bank<br>P.O. Box 509011<br>San Diego, CA 92150-9011<br>0011907474 | ☐ | ☐ | ☑ | ☐ |
| 2000 M Coupe<br>Contract Lease | BMW Financial Services<br>P.O. Box 78103<br>Phoenix, AZ 85062-8103<br>2000199188 | ☐ | ☐ | ☑ | ☐ |

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

IN RE:   **Christopher Lee Phillippe**                              CASE NO

*Debtor(s)*                                                  CHAPTER   7

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

*Continuation Sheet No. 1*

Date _____05|31|00_____          Signature _____
                                              *Christopher Lee Phillippe*

Date _____          Signature _____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

IN RE:  Christopher Lee Phillippe                    CASE NO

                                                    CHAPTER    7

## STATEMENT OF FINANCIAL AFFAIRS

### 1. Income from employment or operation of business.

None
☐

State the gross amount of income the debtor has received from employment, trade or profession, or from the operation of the debtor's business from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal year rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse seperately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are seperated and a joint petition is not filed.)

| AMOUNT | SOURCE (if more than one) and YEAR |
|--------|-------------------------------------|
| 2000   | Year to Date $29,170.00 |
| 1999   | Estimated at $35,703.58 |
| 1998   | $92,749.00 |

### 2. Income other than from employment or operation of business.

None
☑

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 and chapter 13 must state income of each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 3. Payments to creditors.

None
☐

a. List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within 90 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|------------------------------|-------------------|-------------|--------------------|
| Advanta National Bank<br>P.O. Box 509011<br>San Diego, CA  92150-9011 | May 2000 | $741.50 | $67,247.25 |
| BMW Financial Services<br>P.O. Box 78103<br>Phoenix, AZ 85062-8103<br><br>For:  2000 M Coupe | May 2000 | $755.46 | $23,419.26 |
| BMW Financial SeRvices<br>P.O. Box 78103<br>Phoenix, AZ 85062-8103<br><br>For:  528i | May 2000 | $725.00 | $7,250.00 |

None
☑

b. List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

IN RE:  Christopher Lee Phillippe

CASE NO

CHAPTER     7

## STATEMENT OF FINANCIAL AFFAIRS

*Continuation Sheet No. 1*

---

### 4. Suits and administrative proceedings, executions, garnishments and attachments.

None
☐

a.  List all suits to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated  and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| Cause No:  204-FD S.B.D.B. Properties vs Phillippe & Rodriguez, PLLC | Forcible Entry and Detainer | Justice Court Precinct 2, Place 2 974 East Harrison St Brownsville, TX | Suggestion of Bankruptcy Filed |
| Case Number:  99-06-2800-A Phillippe & Rodriguez, PLLC dba Phillippe, Grissom, Belton & Sullivan vs James P. Grissom | Partnership dispute | 107 Judicial District Court 974 E. Harrison St Brownsville, TX | Closed |
| Cause No:  00-022718-CK Lease Corporation of America vs Christopher Lee Phillippe, Sr., an Individual | Debt Collection | 6th Judicial Circuit State of Michigan | Suggestion of Bankruptcy filed |

---

None
☑

b.  Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

### 5. Repossessions, foreclosures and returns.

None
☑

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure, or returned to the seller, within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

### 6. Assignments and receiverships.

None
☑

a.  Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case  (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

IN RE:   Christopher Lee Phillippe

CASE NO

CHAPTER   7

## STATEMENT OF FINANCIAL AFFAIRS

*Continuation Sheet No. 2*

---

**None**
☑

b.  List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

### 7. Gifts.

**None**
☑

List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 if value per individual family members and charitable contributions aggregating less than $100 per recipient.  (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

### 8. Losses.

**None**
☑

List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case.  (Married debtors filing under chapter 13 or chapter 12 must list losses of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

### 9. Payments related to debt counseling or bankruptcy.

**None**
☑

List all Payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

---

### 10. Other transfers.

**None**
☑

List all property, other than property transferred in the ordinary course of business or financial affairs of the debtor, transferred either absolutely or as security within one year immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless spouses are separated and a joint petition is not filed.)

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

IN RE:  Christopher Lee Phillippe

CASE NO

CHAPTER    7

## STATEMENT OF FINANCIAL AFFAIRS

*Continuation Sheet No. 3*

---

**11. Closed financial accounts.**

None ☐

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associates, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE AND NUMBER OF ACCOUNT AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|
| Chase Bank of Texas, NA<br>P.O. Box 2179<br>Brownsville, TX  78522 | Account  #<br>03003095007 | Closed:<br>April 13, 2000 |

---

**12. Safe deposit boxes.**

None ☑

List each safe deposit or other box or depository in which the debtor has or had securities, cash or other valuables within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

**13. Setoffs.**

None ☑

List all setoffs made by any creditor, including a bank against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

---

**14. Property held for another person**

None ☐

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|
| William Camp<br>Attorney At Law<br>8300 Douglas Avenue<br>Dallas, TX  75225 | Computer systems $2,500 | 307-3 McFadden Drive<br>Brownsville, TX |
| William Camp<br>Attorney At Law<br>8300 Douglas Avenue<br>Dallas, TX  75225 | Biz Phone system $2,000 | 307-3 McFadden Drive<br>Brownsville, TX |
| William Camp<br>Attorney At Law<br>8300 Douglas Avenue<br>Dallas, TX  75225 | Computer stations &<br>File Cabinets<br>$500.00 | 307-3 McFadden Drive<br>Brownsville, TX |

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

IN RE:  Christopher Lee Phillippe

CASE NO

CHAPTER    7

## STATEMENT OF FINANCIAL AFFAIRS

*Continuation Sheet No  4*

| | | |
|---|---|---|
| Claudia Phillippe<br>307-3 McFadden Drive<br>Brownsville, TX | Oak desk, 1 bedroom set, hat rack, (3) bronzes, ceramics, china , stereo, buffet, 1 dining room set, bar<br>$3,500 | 307-3 McFadden Drive<br>Brownsville, TX |

---

**15. Prior address of debtor.**

None
☑

If the debtor has moved within the two years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case.  If a joint peition is filed, report also any separate address of either spouse.

---

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within the two years immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or otherwise self-employed.

*[An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within the two years immediately preceding the commencement of this case.]*

**16. Nature, location and name of business.**

None
☐

a.  If the debtor is an individual, list the names and addresses of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or was a self-employed professional within the two years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the two years immediately preceding the commencement of this case.

b.  If the debtor is a partnership, list the names and addresses of all businesses in which the debtor was a partner or owned 5 percent or more of the voting securities, within the two years immediately preceding the commencement of this case.

c.  If the debtor is a corporation, list the names and addresses of all businesses in which the debtor was a partner or owned 5 percent or more of the voting securities within the two years immediately preceding the commencement of this case.

| NAME AND ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES OF OPERATION |
|---|---|---|
| Phillippe & Rodriguez, PLLC<br>d/b/a Phillippe, Belton, Sullivan & Carver<br>d/b/a Phillippe, Belton, Sullivan & Cabier<br>d/b/a Phillippe, Grissom, Belton & Sullivan | Law Offices | 1997 through February, 2000 |
| d/b/a Law Offices of Christopher Lee Phillippe<br>3505 Boca Chica Blvd., Suite 144<br>Brownsville, TX  78521 | | |
| Christopher Lee Phillippe<br>Attorney at Law<br>307-3 McFadden Drive<br>Brownsville, TX  78520 | Law Office | February, 2000 - Present |

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

IN RE:   Christopher Lee Phillippe                                              CASE NO

                                                                                 CHAPTER     7

## STATEMENT OF FINANCIAL AFFAIRS

Continuation Sheet No  5

---

**17. Books, records and financial statements.**

None
☐          a. List all bookkeepers and accountants who within the six years immediately preceding the commencement of this case kept or
          supervised the keeping of books of account and records of the debtor

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|
| Long, Chilton, Payte & Hardin, L.L.P.<br>402 E. Tyler<br>Harlingen, TX 78551 | 1992 - 2000 |

---

None
☐          b. List all firms or individuals who within the two years immediately preceding the filing of this bankruptcy case have audited the books of
          accounts and records, or prepared a financial statement of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|
| Long, Chilton, Payte & Hardin. L.L.P.<br>402 E. Tyler<br>Harlingen, TX 78551 | |

---

None
☐          c. List all firms or individuals who at the time of the commencement of this case where in possession of the books of account and records
          of the debtor.  If any of the books of account and records are not available. explain.

| NAME | ADDRESS |
|---|---|
| Long, Chilton, Payte & Hardin, L.L.P | 402 E. Tyler<br>Harlingen, TX 78551 |
| Christopher Lee Phillippe | 307-3 McFadden Drive<br>Brownsville. TX |

---

None
☐          d. List all financial institutions, creditors and other parties, including mercantile and trade agencies. to whom a financial statement was
          issued within the two years immediately preceding the commencement of this case by the debtor.

| NAME AND ADDRESS | DATE ISSUED |
|---|---|
| First Union Small Business Capital (SBA)<br>The Money Store<br>P.O. Box 162247<br>Sacramento, CA  95816 | June, 1999 |
| Chase Bank of Texas<br>P.O. Box 2179<br>Brownsville, TX 78522 | 1997 |
| Texas State Bank<br>629 E. Elizabeth Street<br>Browns :::. TX | 1999 |

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

IN RE:   Christopher Lee Phillippe

CASE NO

CHAPTER   7

## STATEMENT OF FINANCIAL AFFAIRS

*Continuation Sheet No. 6*

---

**18. Inventories.**

None ☑

   a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

---

None ☑

   b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

---

**19. Current Partners, Officers, Directors and Shareholders.**

None ☑

   a. If the debtor is a partnership, list the nature and percentage interest of each member of the partnership.

---

None ☑

   b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting securities of the corporation.

---

**20. Former partners, officers, directors and shareholders.**

None ☑

   a. If the debtor is a partnership, list each member who withdrew from the partnership within one year immediately preceding the commencement of this case.

---

None ☑

   b. If the debtor is a corporation, list all officers, or directors who's relationship with the corporation terminated within one year immediately preceding the commencement of this case.

---

**21. Withdrawals from a partnership or distributions by a corporation.**

None ☑

   If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during one year immediately preceding the commencement of this case.

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

IN RE:  Christopher Lee Phillippe

CASE NO

CHAPTER    7

## STATEMENT OF FINANCIAL AFFAIRS

*Continuation Sheet No. 7*

### *DECLARATION CONCERNING DEBTOR'S STATEMENT OF FINANCIAL AFFAIRS*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto, consisting of _____ **8** _____ sheets, and that they are true and correct.

Date _____ 05/31/00 _____     Signature _____

Christopher Lee Phillippe

Date _____     Signature _____

*Penalty for making a false statement or concealing property:  Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. Sections 152 and 3571*

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

IN RE:  Christopher Lee Phillippe,  Debtor

CASE NO

CHAPTER   7

## SCHEDULE A (REAL PROPERTY)

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| Homestead 307-3 & 4 McFadden Drive Brownsville, TX | Home Mortgae Loan | H | $85,000.00 | $67,247.25 |
| | | | $85,000.00 | $67,247.25 |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

IN RE:  Christopher Lee Phillippe

CASE NO

CHAPTER  7

## SCHEDULE B (PERSONAL PROPERTY)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and home-stead associations, or credit unions, brokerage houses, or cooperatives. | | Texas State Bank<br>Account Number: 300320986<br><br>International Bank of Commerce<br>Account No: 1069802-00 | H<br><br>H | $5.00<br><br>$10.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings including audio, video and computer equipment | | 1 Bedroom set, T.V.'s, V.C.R.'s, 2 chest of drawers, 1 armore, washer/dryer, refrigerator, | H | $3,000.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collect-ions, or collectibles. | | Law Books - Tools of the Trade<br><br>frames, C-D's | H<br><br>H | $750.00<br><br>$400.00 |
| 6. Wearing apparel. | | Suits, dress shirts, jeans, casual shirts, shorts, dress shoes, causal shoes, | H | $500.00 |
| 7. Furs and jewelry. | | 1 watch, 1 wedding band, cuff links | H | $1,250.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | | 1 Glock | H | $250.00 |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender and refund value of each | | State Farm Insurance<br>8900 Amberglen Blvd.,<br>Austin, TX<br>Claudia Phillippe, Universal Life<br><br>First Colony Life | W<br><br><br><br>H | $0.00<br><br><br><br>$0.00 |

Total >                          $6,165.00

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

IN RE:   Christopher Lee Phillippe

CASE NO

CHAPTER   7

## SCHEDULE B (PERSONAL PROPERTY)

*Continuation Sheet No. 1*

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| | | Term Insurance - Christopher Lee Phillippe | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize. | X | | | |
| 12. Stock and interests in incorporated and unincorporated businesses. Itemize. | | 100 % Stock ownership interest Phillippe & Rodriguez, PLLC - firm will be filing a No Asset Chapter 7 bankruptcy | H | $0.00 |
| 13. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 14. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 15. Accounts receivable. | | Accounts Receivable for Phillippe & Rodriguez, PLLC ($192,144.18) See Motion for Relief filed by First Union Bank and Agreed Order attached hereto as Exhibit A | H | $0.00 |
| 16. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 17. Other liquidated debts owing debtor including tax refunds. Give particulars. | X | | | |

Total >    ▓▓▓▓ 16,165.00

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

IN RE:  Christopher Lee Phillippe

CASE NO

CHAPTER    7

## SCHEDULE B (PERSONAL PROPERTY)

*Continuation Sheet No. 2*

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 18. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in the Schedule of Real Property. | X | | | |
| 19. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 20. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims   Give estimated value of each. | | Cause No:  C-5316-99-C<br>Mary Ellen Bussey<br>vs<br>Global Tours<br>139th Judicial District Court<br>Hidalgo County, Texas<br>Case is Pending | H | $0.00 |
| | | Cause No:  99-3287-E<br>Patricia Howell, Individually and as Representative of the Estate of Michael Lance McGlassen, Deceased and Sheryl Ertell, as Next Friend of Jeslin K. Leta Ertell, a Minor<br>vs<br>Baypoint, Ltd. and Callaway Development Corporation<br>vs<br>Metro Electric Service, Inc.,<br>148th Judicial District Court<br>Nueces County, Texas<br>Case is Pending | H | $0.00 |
| | | Cause No:  98-299<br>Nicolasa Clark Vasques, Individually and as Administratrix of the Estate of Julio Calixto Vasquez, Sr., deceased, et al<br>vs<br>Sebastian Cotton Oil, Co., et al<br>357th Judicial District Court | H | $0.00 |

Total >  6,665.00

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

IN RE:  Christopher Lee Phillippe

CASE NO

CHAPTER    7

## SCHEDULE B (PERSONAL PROPERTY)

*Continuation Sheet No. 3*

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| | | Willacy County Texas<br>Case is Pending | | |
| | | Cause No:  C-4877-99-E<br>Guillermina Ortiz, Individually and on Behalf of<br>Luis Ortiz, a Minor<br>vs<br>Rogelio C. Salinas<br>275th Judicial District Court<br>Hidalgo County, Texas<br>Case is Pending | H | $0.00 |
| 21. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 22. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 23. Automobiles, trucks, trailers, and other vehicles and accessories. | | 1997 Pontiac Grand Am<br>Debtor's interest have been surrendered.  Co-Debtor, Eddie Rodriguez,  has collateral and will be making monthly payments. | H | $0.00 |
| | | 2000 M Coupe | H | $23,419.26 |
| | | BMW 528i<br>Debtor's interest have been surrendered.  Co-Debtor, Claudia Phillippe, has collateral and will be making monthly payments. | W | $0.00 |
| 24. Boats, motors, and accessories. | X | | | |
| 25. Aircraft and accessories. | X | | | |
| 26. Office equipment, furnishings, and supplies | | Panasonic Copier - Leased - Not owned | H | $5,036.00 |
| | | 1 personal computer w/Monitor, Keyboard, and Mouse, 1 printer - | H | $350.00 |

Total >                                      $34,970.26

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

IN RE:   Christopher Lee Phillippe

CASE NO

CHAPTER   7

## SCHEDULE B (PERSONAL PROPERTY)

*Continuation Sheet No  4*

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| | | Tools of the Trade | | |
| | | Desk & office equipment, table & chairs - Tolls of the trade | H | $1,750.00 |
| 27. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 28. Inventory. | X | | | |
| 29. Animals. | | 1 schnauzer | W | $0.00 |
| 30. Crops - growing or harvested. Give particulars. | X | | | |
| 31. Farming equipment and implements. | X | | | |
| 32. Farm supplies, chemicals, and feed. | X | | | |
| 33. Other personal property of any kind not already listed   Itemize. | X | | | |

Total >   $36,720.26

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

IN RE:  Christopher Lee Phillippe

CASE NO

CHAPTER    7

## SCHEDULE C (PROPERTY CLAIMED AS EXEMPT)

Debtor elects the exemptions to which debtor is entitled under: (Check one box)

☐ 11 U.S.C. Sec. 522(b)(1):  Exemptions provided in 11 U.S.C. Sec. 522(d). Note: These exemptions are available only in certain states.

☑ 11 U.S.C. Sec. 522(b)(2):  Exemptions available under applicable nonbankruptcy federal laws, state or local law where the debtor's domicile has been located for the 180 days immediately preceding the filing of the petition, or for a longer portion of the 180-day period than in any other place, and the debtor's interest as a tenant by the entirety or joint tenant to the extent the interest is exempt from process under applicable nonbankruptcy law.

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT MARKET VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| Homestead 307-3 & 4 McFadden Drive Brownsville, TX | Const. Art. 16 Secs. 50,51 / Property Code Sec 41.001,41.002 | 100% | $85,000.00 |
| 1 Bedroom set, T.V.'s, V.C.R.'s, 2 chest of drawers, 1 armore, washer/dryer, refrigerator, | Texas Property Code Secs. 42.001(a), 42.002(a)(1) | $3,000.00 | $3,000.00 |
| Law Books - Tools of the Trade | Texas Property Code Secs. 42.001(a), 42.002(a)(4) | $750.00 | $750.00 |
| frames, C-D's | Texas Property Code Secs. 42.001(a), 42.002(a)(4) | $400.00 | $400.00 |
| Suits, dress shirts, jeans, casual shirts, shorts, dress shoes, causal shoes, | Texas Property Code Secs. 42.001(a), 42.002(a)(5) | $500.00 | $500.00 |
| 1 watch, 1 wedding band, cuff links | Texas Property Code Secs. 42.001(a), 42.002(a)(6) | $1,250.00 | $1,250.00 |
| 1 Glock | Texas Property Code Secs. 42.001(a), 42.002(a)(7) | $250.00 | $250.00 |
| 2000 M Coupe | Texas Property Code Secs. 42.001(a), 42.002(a)(9) | $0.00 | $23,419.26 |
| BMW 528i | Texas Property Code Secs. 42.001(a), 42.002(a)(9) | $0.00 | $0.00 |
| 1 personal computer w/Monitor, Keyboard, and Mouse, 1 printer - Tools of the Trade | Texas Property Code Secs 42.001(a), 42.002(a)(4) | $350.00 | $350.00 |
| Desk & office equipment, table & chairs - Tolls of the trade | Texas Property Code Secs. 42.001(a), 42.002(a)(4) | $1,750.00 | $1,750.00 |
| | | $26,002.75 | $669.26 |

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

IN RE:   Christopher Lee Phillippe

CASE NO

CHAPTER   7

## SCHEDULE C (PROPERTY CLAIMED AS EXEMPT)

*Continuation Sheet No. 1*

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT MARKET VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| 1 schnauzer | Texas Property Code Secs  42 001(a), 42.002(a)(11) | $0.00 | $0.00 |
| | | $26,002.75 | $16,669.26 |

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

IN RE: Christopher Lee Phillippe

CASE NO

CHAPTER    7

## SCHEDULE C-1 (SUPPLEMENTAL EXEMPTION ANALYSIS)

**Exemption Totals by Category:**

(Values and liens of surrendered property is NOT included in this section)

Scheme Selected: **State**

| No. | Category | Gross Property Value | Total Encumberances | Total Equity | Total Amount Exempt | Total Amount Non-Exempt |
|-----|----------|---------------------|---------------------|--------------|---------------------|------------------------|
| N/A | Real Property | $85,000.00 | $67,247.25 | $17,752.75 | $17,752.75 | $0.00 |
| 1. | Cash on hand. | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 2. | Checking, savings or other financial accounts, CD's or shares in banks... | $15.00 | $0.00 | $15.00 | $0.00 | $15.00 |
| 3. | Security deposits with public utilities, telephone companies, landlords, others. | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 4. | Household goods and furnishings, including audio, video... | $3,000.00 | $0.00 | $3,000.00 | $3,000.00 | $0.00 |
| 5. | Books, pictures and other art objects, antiques, stamp, coin, records.... | $1,150.00 | $0.00 | $1,150.00 | $1,150.00 | $0.00 |
| 6. | Wearing apparel | $500.00 | $0.00 | $500.00 | $500.00 | $0.00 |
| 7. | Furs and jewelry. | $1,250.00 | $0.00 | $1,250.00 | $1,250.00 | $0.00 |
| 8. | Firearms and sports, photographic and other hobby equipment. | $250.00 | $0.00 | $250.00 | $250.00 | $0.00 |
| 9. | Interests in insurance policies. | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 10. | Annuities. | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 11. | Interests in IRA, ERISA, Keogh... | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 12. | Stock and interests in incorporated... | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 13. | Interests in partnerships.... | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 14. | Government and corporate bonds... | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 15. | Accounts receivable. | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 16. | Alimony, maintenance, support, and property settlement to which the..... | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 17. | Other liquidated debts owed debtor... | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 18. | Equitable or future interests, life estates, and rights or powers..... | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 19. | Contingent and noncontingent interests in estate of decedent, death benefit.... | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 20 | Other contingent and unliquidated claims of every nature..... | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 21. | Patents, copyrights, and other intellectual property. | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

Copyright 1996-2000, LegalPRO Systems, Inc., San Antonio, Texas (210) 561-5300 — All rights reserved.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

IN RE:  Christopher Lee Phillippe

CASE NO

CHAPTER   7

## SCHEDULE C-1 (SUPPLEMENTAL EXEMPTION ANALYSIS)

Continuation Sheet # 1

### Exemption Totals by Category:

(Values and liens of surrendered property is NOT included in this section)

Scheme Selected: **State**

| No. | Category | Gross Property Value | Total Encumberances | Total Equity | Total Amount Exempt | Total Amount Non-Exempt |
|-----|----------|---------------------|---------------------|--------------|---------------------|-------------------------|
| 22. | Licenses, franchises, and other.... | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 23. | Automobiles, trucks, trailers, vehicles.. | $23,419.26 | $42,069.26 | $0.00 | $0.00 | $0.00 |
| 24. | Boats, motors and accessories. | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 25. | Aircraft and accessories. | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 26. | Office equipment, furnishings... | $7,136.00 | $5,036.00 | $2,100.00 | $2,100.00 | $0.00 |
| 27. | Machinery, fixtures used in business. | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 28. | Inventory. | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 29. | Animals. | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 30. | Crops - growing or harvested. | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 31. | Farming equipment and implements. | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 32. | Farm supplies, chemicals, and feed. | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 33. | Other personal property of any kind. | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| | **TOTALS:** | **$121,720.26** | **$114,352.51** | **$26,017.75** | **$26,002.75** | **$15.00** |

### Surrendered Property:

The following property is to be surrendered by the debtor.  Although this property is NOT exempt, it is NOT considered "non-exempt" for purposes of this analysis.  The below listed items are to be returned to the lienholder.

| Property Description | Market Value | Lien | Equity |
|----------------------|--------------|------|--------|
| **Real Property** | | | |
| (None) | | | |
| **Personal Property** | | | |
| (None) | | | |
| **TOTALS:** | $0.00 | $0.00 | $0.00 |

### Non-Exempt Property by Item:

The following property, or a portion thereof, is non-exempt.

| Property Description | Market Value | Lien | Equity | Non-Exempt Amount |
|----------------------|--------------|------|--------|-------------------|
| **Real Property** | | | | |
| (None) | | | | |
| **Personal Property** | | | | |
| Texas State Bank    Account Number: 300320986 | $5.00 | | $5.00 | $5.00 |
| International Bank of Commerce    Account No: 1069802-00 | $10.00 | | $10.00 | $10.00 |

Copyright 1996-2000, LegalPRO Systems, Inc., San Antonio, Texas (210) 561-5300 -- All rights reserved.

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

IN RE:  Christopher Lee Phillippe

CASE NO

CHAPTER   7

## SCHEDULE C-1 (SUPPLEMENTAL EXEMPTION ANALYSIS)
*Continuation Sheet # 2*

| | | | | |
|---|---|---|---|---|
| TOTALS: | $15.00 | $0.00 | $15.00 | $15.00 |

| Summary | |
|---|---|
| A. Gross Property Value (not including surrendered property) | $121,720.26 |
| B. Gross Property Value of Surrendered Property | $0.00 |
| C. Total Gross Property Value (A+B) | $121,720.26 |
| D. Gross Amount of Encumberances (not including surrendered property) | $114,352.51 |
| E. Gross Amount of Encumberances on Surrendered Property | $0.00 |
| F. Total Gross Encumberances (D+E) | $114,352.51 |
| G. Total Equity (not including surrendered property)  /  (A-D) | $26,017.75 |
| H. Total Equity in surrendered items  (B-E) | $0.00 |
| I.  Total Equity  (C-F) | $26,017.75 |
| J. Total Amount of Exemptions Claims | $26,002.75 |
| K.  Total Non-Exempt Property Remaining  (G-J) | $15.00 |

*Copyright 1996-2000, LegalPRO Systems, Inc., San Antonio, Texas (210) 561-5300 — All rights reserved.*

IN RE   Christopher Lee Phillippe                                    CASE NO _____
_____                                          (If Known)
                Debtor
                                                                   CHAPTER  7
_____
              Joint Debtor

## SCHEDULE D (CREDITORS HOLDING SECURED CLAIMS)

☐  Check this box if debtor has no creditors holding secured claims to report on Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCT #: 0011907474<br><br>Advanta National Bank<br>P.O. Box 509011<br>San Diego, CA  92150-9011 | | H | DATE INCURRED        1999<br>NATURE OF LIE :<br>Home Mortgage Loan<br>COLLATERAL<br>307-3 & 4 McFadden Drive<br>REMARKS<br><br><br>COLLATERAL VALUE          $85,000.00 | | | | $67,247.25 | |
| ACCT #: 2000199188<br><br>BMW Financial Services<br>P.O. Box 78103<br>Phoenix, AZ  85062-8103 | | H | DATE INCURRED        1998<br>NATURE OF LIEN.<br>Contract Lease<br>COLLATERAL<br>2000 M Coupe<br>REMARKS.<br><br><br>COLLATERAL VALUE          $23,419.26 | | | | $23,419.26 | $0.00 |
| ACCT #: 2000156191<br><br>BMW Financial Services<br>P.O. Box 78103<br>Phoenix, AZ  85062-8103 | X | W | DATE INCURRED        1998<br>NATURE OF LIEN<br>Contract Lease<br>COLLATERAL<br>BMW 528i<br>REMARKS<br>Co-Debtor has repossessed collateral.<br>Co-Debtor Claudia Phillippe will<br>continue making payments on<br><br>COLLATERAL VALUE          $0.00 | | | | $7,250.00 | $7,250.00 |
| ACCT #: 084-1229-90944<br><br>GMAC<br>P. O. Box 901025<br>Fort Worth, TX  76101-2009 | X | H | DATE INCURRED        10/97<br>NATURE OF LIEN<br>Purchase Money<br>COLLATERAL<br>1997 Pontiac Grand Am<br>REMARKS<br>Co-Debtor has repossessed collateral.<br>Co-Debtor, Eddie Rodriguez, will<br>continue making payments on<br><br>COLLATERAL VALUE          $11,019.00 | | | | $10,853.82 | |
| ACCT #: 007-1268239-000<br><br>Panasonic Communications & Systems<br>P.O. Box 7023<br>Troy, MI  48007-7023 | | H | DATE INCURRED.        1999<br>NATURE OF LIEN<br>Purcahse money - lease<br>COLLATERAL<br>Panasonic Copier - Leased<br>REMARKS<br>Leased equipment - not owned.<br>(Personal Guarantor)<br><br>COLLATERAL VALUE.          $5,036.00 | | | | $5,036.00 | $0.00 |

_____No_____ continuation sheets attached

Total for this Page (Sub-Total) >   $113,806.33       $7,250.00

Running Total >   $113,806.33       $7,250.00

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

IN RE:  Christopher Lee Phillippe

CASE NO

CHAPTER    7

## SCHEDULE E (CREDITORS HOLDING UNSECURED PRIORITY CLAIMS)

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on Schedule E.

**TYPES OF PRIORITY CLAIMS**   (Check the appropriate box(es) if claims in that category are listed on the attached sheets)

☐ **Extensions of credit in an involuntary case**
*Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief.  11 U.S.C. Sec. 507(a)(2).*

☐ **Wages, salaries, and commissions**
*Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees, up to a maximum of $4,300\* per employee, earned within 90 days immediately preceding the filing of the original petition, or the cessation of business, whichever occured first, to the extent provided by 11 U.S.C. Sec. 507(a)(3).*

☐ **Contributions to employee benefit plans**
*Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. Sec. 507(a)(4).*

☐ **Certain farmers and fishermen**
*Claims of certain farmers and fishermen, up to a maximum of $4,300\* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. Sec. 507(a)(5).*

☐ **Deposits by individuals**
*Claims of individuals up to a maximum of $1,950\* for deposits for the purchase, lease or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. Sec. 507(a)(6).*

☐ **Alimony, Maintenance, or Support**
*Claims of a spouse, former spouse, or child of the debtor for alimony, maintenance, or support, to the extent provided in 11 U.S.C. Sec. 507(a)(7).*

☑ **Taxes and certain other debts owed to governmental units**
*Taxes, customs duties, and penalties owing to federal, state, and local government units as set forth in 11 U.S.C. Sec. 507(a)(8).*

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**
*Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. Sec. 507(a)(9).*

☐ **Administrative allowances under 11 U.S.C. Sec. 330**
*Claims bases on services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by such person as approved by the court and/or in accordance with 11 U.S.C Secs. 326, 328, 329 and 330.*

*\* Amounts are subject to adjustment on April 1, 1998, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

_____1_____continuation sheets attached

IN RE   Christopher Lee Phillippe
_____
                    Debtor

_____
                Joint Debtor

CASE NO _____
                              (If Known)

CHAPTER   7

## SCHEDULE E (CREDITORS HOLDING UNSECURED PRIORITY CLAIMS)

*Continuation Sheet No. 1*

| TYPE OF PRIORITY |
|---|

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | TOTAL AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|
| ACCT #: L2122-99-000-000A-09<br>Lori Gruver Robertson<br>Linebarger, Heard, Goggan, Blair<br>P.O. Box 17428<br>Austin, TX  78760-777 | | H | DATE INCURRED   1999<br>CONSIDERATION<br>1999 Personal Property Taxes<br>REMARKS<br>Personal Property Taxes on closed office in Hidalgo County | | | | $288.96 | $288.96 |
| ACCT #: | | | DATE INCURRED<br>CONSIDERATION<br><br>REMARKS | | | | | |
| ACCT #: | | | DATE INCURRED<br>CONSIDERATION<br><br>REMARKS | | | | | |
| ACCT #: | | | DATE INCURRED:<br>CONSIDERATION<br><br>REMARKS. | | | | | |
| ACCT #: | | | DATE INCURRED<br>CONSIDERATION·<br><br>REMARKS | | | | | |
| ACCT #: | | | DATE INCURRED<br>CONSIDERATION:<br><br>REMARKS | | | | | |
| ACCT #: | | | DATE INCURRED<br>CONSIDERATION<br><br>REMARKS | | | | | |

Total for this Page (Sub-Total) >   $288.96   $288.96

Running Total >   $288.96   $288.96

IN RE. Christopher Lee Phillippe

_____
Debtor

_____
Joint Debtor

CASE NO _____
(If Known)

CHAPTER 7

## SCHEDULE E (CREDITORS HOLDING UNSECURED PRIORITY CLAIMS)
*Continuation Sheet No. 2*

TYPE OF PRIORITY | Taxes

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | TOTAL AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|
| ACCT #: L212299000000A09 <br> City of McAllen Tax Office <br> P.O. Box 52240-2240 <br> McAllen, TX  78505 | | H | DATE INCURRED         1999 <br> CONSIDERATION <br> 1999 Personal Property Taxes <br> REMARKS | | | | $29.90 | $0.00 |
| ACCT #: 74-2845680 <br> Internal Revenue Service <br> 300 E. 8th St. STOP 5022AUS <br> Stop 5022AUS <br> Austin, TX  78701 | | H | DATE INCURRED         1999 <br> CONSIDERATION <br> 1999 & 2000 / 941 Taxes <br> REMARKS <br> 1999 - 941 Taxes: $13,501.22 <br> 2000 - 941 Taxes:  $ 4,084.70 | | | | $17,585.92 | $17,585.92 |
| ACCT #: | | | DATE INCURRED <br> CONSIDERATION. <br><br> REMARKS. | | | | | |
| ACCT #: | | | DATE INCURRED <br> CONSIDERATION <br><br> REMARKS | | | | | |
| ACCT #: | | | DATE INCURRED <br> CONSIDERATION <br><br> REMARKS | | | | | |
| ACCT #: | | | DATE INCURRED <br> CONSIDERATION <br><br> REMARKS: | | | | | |
| ACCT #: | | | DATE INCURRED <br> CONSIDERATION <br><br> REMARKS | | | | | |

Total for this Page (Sub-Total) >   $17,615.82   $17,585.92

Running Total >   $17,504.73   $17,874.88

IN RE.  Christopher Lee Phillippe

_____
Debtor

CASE NO  _____
(If Known)

CHAPTER  7

_____
Joint Debtor

## SCHEDULE F (CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS)

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on Schedule F.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #: 160718-0Y Adams & Graham, L.L.P. P.O. Drawer 1429 Harlingen, TX 78551 | | H | DATE INCURRED 1999 CONSIDERATION Personal Guarantor REMARKS: | | | | $4,317.40 |
| ACCT #: 01-0001802 Alegra Print & Imaging fna Quick Print 2200 Boca Chica Blvd., Suite 146 Brownsville, TX 78521 | | H | DATE INCURRED 1999 CONSIDERATION Personal Guarantor REMARKS: | | | | $481.21 |
| ACCT #: America Online Incorporated 2200 Aol Way Sterling, VA | | H | DATE INCURRED 1999 CONSIDERATION Internet services REMARKS: | | | | $300.00 |
| ACCT #: American Bar Association 541 North Fairbanks Court Chicago, IL 60611-3314 | | H | DATE INCURRED May, 1999 CONSIDERATION Dues REMARKS: | | | | $275.00 |
| ACCT #: 3713-812865-52000 American Express a/k/a Platinum Card P. O. Box 29-7879 Fort Lauderdale, FL 33329-7879 | | H | DATE INCURRED 1999 CONSIDERATION Miscellaneous Purchases REMARKS: | | | | $1,280.19 |
| ACCT #: 3728-097948-01005 American Express a/k/a Gold Card P. O. Box 29-7879 Fort Lauderdale, FL 33329-7879 | | H | DATE INCURRED 1999 CONSIDERATION Miscellaneous Purchases REMARKS: | | | | $500.00 |
| ACCT #: 3713-812865-5200 American Express a/k/a Platinum Card Sign & Travel / Special Purchase Account P.O. Box 29-7879 Fort Lauderdale, FL 33329-7879 | | H | DATE INCURRED 1999 CONSIDERATION Miscellaneous Purchases REMARKS: | | | | $1,646.95 |

_____  13  _____ continuation sheets attached

Total for this Page (Sub-Total) >   $8,800.75

Running Total >   $8,800.75

IN RE. Christopher Lee Phillippe

_____
Debtor

CASE NO _____
(If Known)

_____
Joint Debtor

CHAPTER 7

## SCHEDULE F (CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS)

*Continuation Sheet No. 1*

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on Schedule F.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #: 010528<br>Argus Security Systems, Inc.,<br>314 Ash<br>McAllen, TX 78501 | | H | DATE INCURRED 04/01/99<br>CONSIDERATION<br>Personal Guarantor<br>REMARKS | | | | $600.00 |
| ACCT #: 5857 1801 1000 0754<br>Associates Capital Bank<br>P.O. Box 9012<br>Des Moines, IA 50368-9012 | | H | DATE INCURRED 1999<br>CONSIDERATION<br>Personal Guarantor<br>REMARKS. | | | | $27,729.69 |
| ACCT #: 004352<br>Automated Legal Systems, Inc.,<br>962 Coronado Blvd.,<br>Universal City, TX 78148-3228 | | H | DATE INCURRED 1999<br>CONSIDERATION<br>Personal Guarantor<br>REMARKS. | | | | $760.40 |
| ACCT #: 5300-0003-0070-2202<br>Bank of America<br>Department # AZ9-503-02-16<br>P.O. Box 53105<br>Phoenix, AZ 3105 | | H | DATE INCURRED 1998<br>CONSIDERATION<br>Miscellaneous Purchases<br>REMARKS: | | | | $5,796.84 |
| ACCT #: Variuos Invoices See Remarks<br>Bryant & Stingley, Inc.,<br>P.O. Box 3420<br>Harlingen, TX 78551-3420 | | H | DATE INCURRED 1999<br>CONSIDERATION<br>Personal Guarantor<br>REMARKS<br>Invoice Numbers: 9114G; 9178G; 9217B; 9318M; 9287R; and, 9127R | | | | $680.95 |
| ACCT #: 1237221-001<br>Caine & Weiner<br>P.O. Box 8500<br>Van Nuys, CA 91409-8500 | | H | DATE INCURRED 1999<br>CONSIDERATION<br>Collecting for - Pitney Bowes Credit Corp *07<br>REMARKS<br>Personal Guarantor | | | | Notice Only |
| ACCT #: 676626-13-0.77<br>Capital Telecommunications, Inc.,<br>200 West Market Street<br>York, PA 17401-1008 | | H | DATE INCURRED 12/1999<br>CONSIDERATION<br>Personal Guarantor<br>REMARKS | | | | $905.00 |

Total for this Page (Sub-Total) >  $36,472.88

Running Total >  $45,273.63

IN RE.  Christopher Lee Phillippe
_____
Debtor

_____
Joint Debtor

CASE NO _____
(If Known)

CHAPTER  7

## SCHEDULE F (CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS)

*Continuation Sheet No. 2*

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on Schedule F.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #: 164271003<br>CCH Incorporated<br>P.O. Box 4307<br>Carol Stream, IL  60197-4307 | | H | DATE INCURRED:  March 2000<br>CONSIDERATION<br>Personal Guarantor<br>REMARKS. | | | | $87.69 |
| ACCT #: 4099-0170380527<br>Chase Bank of Texas<br>P.O. Box 880102<br>Dallas, TX  75388-0102 | X | H | DATE INCURRED:  01/13/98<br>CONSIDERATION<br>Signature loan<br>REMARKS· | | | | $50,402.06 |
| ACCT #: 009157-00<br>Commercial Law League of America<br>150 North Michigan Ave, Suite 600<br>Chicago, IL  60601-7524 | | H | DATE INCURRED:  2000<br>CONSIDERATION<br>Personal Guarantor<br>REMARKS. | | | | $1,000.00 |
| ACCT #: 956-544-6096<br>Community Telephone Directory, L.L.C.<br>8435 Directors Row, Suite A<br>Dallas, TX  75247 | | H | DATE INCURRED:  1997<br>CONSIDERATION·<br>Personal Guarantor<br>REMARKS:<br>1998 Mid-Valley | | | | $199.62 |
| ACCT #: 956-544-6096<br>Community Telephone Directory, L.L.C.<br>8435 Directors Row, Suite A<br>Dallas, TX  75247 | | H | DATE INCURRED.  1997<br>CONSIDERATION·<br>Personal Guarantor<br>REMARKS:<br>1997 McAllen | | | | $579.04 |
| ACCT #: 40097172<br>Conseco Finance Vendor Services Corp.<br>fna Green Tree Financial Services<br>P.O. Box 957<br>Paramus, NJ  07653 | X | H | DATE INCURRED  03/20/98<br>CONSIDERATION<br>Personal Guarantor<br>REMARKS. | | | | $8,551.00 |
| ACCT #: 166<br>Corporate Express<br>P.O. Box 33265<br>Chicago, IL  60694-3265 | | H | DATE INCURRED·  1999<br>CONSIDERATION<br>Personal Guarantor<br>REMARKS | | | | $92.20 |

Total for this Page (Sub-Total) >   $60,911.61

Running Total >   $106,185.24

IN RE:  Christopher Lee Phillippe
_____
                    Debtor

CASE NO _____
                              (If Known)

_____
                Joint Debtor

CHAPTER  7

## SCHEDULE F (CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS)
*Continuation Sheet No. 3*

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on Schedule F.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #: 117127194-1<br>CPL<br>P.O. Box 2121<br>Corpus Christi, TX  78403-2121 | | H | DATE INCURRED: 08/02/99<br>CONSIDERATION:<br>Personal Services<br>REMARKS | | | | $225.59 |
| ACCT #: 7154279<br>CSC The United States Corporation<br>P.O. Box 13397<br>Philadelphia, PA  19101-3397 | | H | DATE INCURRED: 06/02/98<br>CONSIDERATION:<br>Personal Guarantor<br>REMARKS | | | | $523.44 |
| ACCT #:<br>Custom Built Computers<br>3505 Boca Chica Blvd., Suite 163<br>Brownsville, TX  78520 | | - | DATE INCURRED: 1999&2000<br>CONSIDERATION:<br>Personal Guarantor<br>REMARKS | | | | $2,000.00 |
| ACCT #: 0239937201<br>Deluxe Business Forms and Supplies<br>P.O. Box 64500<br>St. Paul, MN  55164-0500 | | H | DATE INCURRED: 1999<br>CONSIDERATION:<br>Personal Guarantor<br>REMARKS | | | | $307.66 |
| ACCT #: 222999776<br>Department of Veterans Affairs<br>Debt Management Center<br>Bishop Henry Whipple Federal Building<br>P.O. Box 11930<br>St. Paul, MN  55111-1930 | | - | DATE INCURRED: 1987<br>CONSIDERATION:<br>Deficiency claim<br>REMARKS | | | | $36,000.00 |
| ACCT #:<br>Diana M. Woodman<br>Thompson Knight Brown Parker & Leahy<br>1200 Smith Street, Suite 3600<br>Houston, TX  77002 | | - | DATE INCURRED:<br>CONSIDERATION:<br>Notice Only for West Group<br>REMARKS<br>Personal Guarantor | | | | Notice Only |
| ACCT #: 6011-0084-3350-0961<br>Discover<br>P.O. Box 30395<br>Salt Lake City, UT 84130-0395 | | H | DATE INCURRED: 1998<br>CONSIDERATION:<br>Miscellaneous Purchases<br>REMARKS | | | | $8,007.40 |

Total for this Page (Sub-Total) >  $47,064.09

Running Total >  $53,249.33



IN RE  Christopher Lee Phillippe

_____
Debtor

CASE NO _____
(If Known)

_____
Joint Debtor

CHAPTER  7

## SCHEDULE F (CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS)

*Continuation Sheet No. 4*

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on Schedule F.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #:<br>Eduardo V. Rodriguez<br>100 North Expressway 83<br>Brownsville, TX  78520 | | H | DATE INCURRED    1998<br>CONSIDERATION<br>Residual Interest in the firm & payments due Mr. R<br>REMARKS | | | | $200,000.00 |
| ACCT #:  2869<br>El Al Worldwide Litigition<br>3003 Carlisle, Suite 200<br>Dallas, TX  75204 | | H | DATE INCURRED    1998<br>CONSIDERATION<br>Personal Guarantor<br>REMARKS | | | | $230.63 |
| ACCT #:  895519986++11<br>Express I<br>1127 East 9th Street, Suite 111<br>Mission, TX  78572 | | H | DATE INCURRED    1999<br>CONSIDERATION<br>Personal Guarantor<br>REMARKS | | | | $105.70 |
| ACCT #:  1480-6717-1<br>Federal Express<br>P.O. Box 1140<br>Memphis, TN  38101-1140 | | H | DATE INCURRED    1999&2000<br>CONSIDERATION<br>Personal Guarantor<br>REMARKS. | | | | $378.22 |
| ACCT #:  110337359<br>First Union Small Business Capital<br>P.O. Box 162247<br>Sacramento, CA  95816 | X | H | DATE INCURRED    04/16/99<br>CONSIDERATION<br>Personal Guarantor<br>REMARKS | | | | $315,261.02 |
| ACCT #:  DJ A903 3Q30<br>Ford Motor Credit<br>P. O. Box 64001 DJ<br>Dallas, TX  75364-0001 | X | H | DATE INCURRED    03/20/97<br>CONSIDERATION<br>Purchase money<br>REMARKS<br>Co-Debtor repossessed collateral. Co-Debtor Marc Longoria will continue making payments on collateral. | | | | $5,060.00 |
| ACCT #:  AD58661<br>Forwarders List of Attorneys<br>10 Lake Drive<br>Hightstown, NJ  08520 | | H | DATE INCURRED    1997<br>CONSIDERATION<br>Personal Guarantor<br>REMARKS | | | | $500.00 |

Total for this Page (Sub-Total) >  $521,535.57

Running Total >  $574,784.90

IN RE.  Christopher Lee Phillippe

_____
Debtor

_____
Joint Debtor

CASE NO _____
(If Known)

CHAPTER  7

## SCHEDULE F (CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS)

*Continuation Sheet No. 5*

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on Schedule F.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #: 2900479<br>Harvard Collection Services, Inc.,<br>4839 N. Elston Avenue<br>Chicago, IL 60630-2534 | | H | DATE INCURRED: **1999**<br>CONSIDERATION:<br>**Collecting for - Southwestern Bell Co.**<br>REMARKS<br>Personal Guarantor | | | | $108.91 |
| ACCT #: 2407 North 10th, Suites A & B<br>Ignacio Magana, M.D.<br>2403 North 10th Street, B-79<br>McAllen, TX 78501 | | H | DATE INCURRED: **1998**<br>CONSIDERATION:<br>**Personal Guarantor**<br>REMARKS. | | | | $14,355.00 |
| ACCT #: 8019250-70<br>International Bank of Commerce<br>P.O. Box 1831<br>Brownsville, TX 78520-1831 | X | H | DATE INCURRED: **10/06/98**<br>CONSIDERATION:<br>**Signature Loan**<br>REMARKS. | | | | $25,000.00 |
| ACCT #:<br>J & J Locksmith<br>34 Oro Circle<br>Brownsville, TX 78521 | | H | DATE INCURRED: **11/24/99**<br>CONSIDERATION:<br>**Personal Guarantor**<br>REMARKS: | | | | $70.08 |
| ACCT #: 1663381<br>James Publishing, Inc.,<br>P.O. Box 25202<br>Santa Ana, CA 92799-5202 | | H | DATE INCURRED: **08/03/99**<br>CONSIDERATION:<br>**Personal Guarantor**<br>REMARKS. | | | | $107.98 |
| ACCT #: PH1150<br>Jones & Cook Stationers<br>106 S. Broadway<br>McAllen, TX 78501 | | H | DATE INCURRED: **08/04/99**<br>CONSIDERATION:<br>**Personal Guarantor**<br>REMARKS | | | | $121.36 |
| ACCT #: PHILLIPPE GR<br>Jones McClure Publishing, Inc.,<br>P.O. Box 3348<br>Houston, TX 77253-3348 | | H | DATE INCURRED: **12/26/99**<br>CONSIDERATION:<br>**Personal Guarantor**<br>REMARKS | | | | $59.48 |

Total for this Page (Sub-Total) >   $39,822.81

Running Total >   $714,607.71

IN RE.  Christopher Lee Phillippe
_____
Debtor

_____
Joint Debtor

CASE NO _____
(If Known)

CHAPTER  7

## SCHEDULE F (CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS)

*Continuation Sheet No. 6*

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on Schedule F.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #:  LINEB-BRO/PH<br>Jones McClure Publishing, Inc.,<br>P.O. Box 3348<br>Houston, TX  77253-3348 | | H | DATE INCURRED  01/01/00<br>CONSIDERATION<br>Personal Guarantor<br>REMARKS | | | | $59.48 |
| ACCT #:<br>June A. Mann<br>Balcom, Mann & Stevens, PC<br>550 Westcott Street, Suite 560<br>Houston, TX  77007 | | - | DATE INCURRED<br>CONSIDERATION<br>Notice Only - for Money Store<br>REMARKS | | | | Notice Only |
| ACCT #:  1114/115/R<br>KRIS Communications<br>P.O. Box 840<br>Corpus Christi, TX  78403 | | H | DATE INCURRED  09/30/97<br>CONSIDERATION<br>Personal Guarantor<br>REMARKS | | | | $1,326.00 |
| ACCT #:  9786922<br>Ladco Leasing<br>P.O. Box 5029<br>Thousand Oaks, CA  91359 | | H | DATE INCURRED  1998<br>CONSIDERATION<br>Personal Guarantor<br>REMARKS. | | | | $152.40 |
| ACCT #:  9786920<br>Ladco Leasing<br>P.O. Box 5029<br>Thousand Oaks, CA  91359 | | H | DATE INCURRED  1998<br>CONSIDERATION<br>Personal Guarantor<br>REMARKS: | | | | $152.40 |
| ACCT #:  9786921<br>Ladco Leasing<br>P.O. Box 5029<br>Thousand Oaks, CA  91359 | | H | DATE INCURRED  1998<br>CONSIDERATION<br>Personal Guarantor<br>REMARKS | | | | $152.40 |
| ACCT #:  444.0000<br>Law offices of Andrew K. Rozell<br>c/o Andrew K. Rozell<br>323 E. Jackson<br>Harlingen, TX  78550 | | H | DATE INCURRED  1999<br>CONSIDERATION<br>Personal Guarantor<br>REMARKS | | | | $1,301.51 |

Total for this Page (Sub-Total) >          $3,144.19

Running Total >          $157,751.90

IN RE.  Christopher Lee Phillippe
_____
Debtor

CASE NO _____
(If Known)

_____
Joint Debtor

CHAPTER  7

## SCHEDULE F (CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS)

*Continuation Sheet No. 7*

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on Schedule F.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #:  867192<br>Lease Corporation of America<br>340 E. Big Beaver, Suite 560<br>Troy, MI 48083 | | H | DATE INCURRED     12/28/99<br>CONSIDERATION<br>Personal Guarantor<br>REMARKS | | | | $41,422.46 |
| ACCT #:  No.  CL-31,459-D<br>Lee Rodgers, Individually and dba<br>Suburban Accent<br>Robert B. McLeaish Law Firm<br>100 East Hibiscus<br>McAllen, TX  78501 | | - | DATE INCURRED     08/11/1999<br>CONSIDERATION<br>Summary Judgment - vs Phillippe & Rodriguez, PLLC<br>REMARKS | | | | $900.00 |
| ACCT #:  Chris Phillippe<br>Legal Marketing Systems, Inc.,<br>P.O. Box 2009<br>Riverside, CA 92516 | | H | DATE INCURRED     1999<br>CONSIDERATION<br>Personal Guarantor<br>REMARKS: | | | | $1,292.45 |
| ACCT #:  09020<br>Lone Star Overnight<br>P. O. Box 149225<br>Austin, TX  78714-9225 | | H | DATE INCURRED:     2000<br>CONSIDERATION<br>Personal Guarantor<br>REMARKS | | | | $159.65 |
| ACCT #:  0426482<br>Long, Chilton, Payte & Hardin, LLP<br>P.O. Box 2959<br>Harlingen, TX  78551 | | H | DATE INCURRED     1999<br>CONSIDERATION<br>Services Rendered<br>REMARKS: | | | | $525.00 |
| ACCT #:  B252<br>Long, Chilton, Payte & Hardin, LLP<br>Paysmart Payroll Service<br>745 E. St. Charles Street<br>Brownsville, TX  78520 | | H | DATE INCURRED     2000<br>CONSIDERATION<br>Personal Guarantor<br>REMARKS | | | | $64.96 |
| ACCT #:  0021142-1N<br>Long, Chilton, Payte, Hardin, LLP<br>P.O. Box 2959<br>Harlingen, TX  78551 | | H | DATE INCURRED     12/31/99<br>CONSIDERATION<br>Personal Guarantor<br>REMARKS. | | | | $3,410.00 |

Total for this Page (Sub-Total) >     $47,774.52

Running Total >     $765,526.42



IN RE.  Christopher Lee Phillippe

_____
Debtor

_____
Joint Debtor

CASE NO _____
(If Known)

CHAPTER  7

## SCHEDULE F (CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS)

*Continuation Sheet No. 8*

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on Schedule F.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #:  005012940400<br>Martindale-Hubbell<br>P.O. Box 7247-0292<br>Phila, PA  19170-0292 | | H | DATE INCURRED  1999 &2000<br>CONSIDERATION<br>Personal Guarantor<br>REMARKS<br>1999 Martindale-Hubbell Subscription: $3,117.28<br>2000 Martindale-Hubbell Subscription: $4,067.28 | | | | $7,184.56 |
| ACCT #:  0000142177<br>Mathew Bender & Co. Inc.,<br>P. O. Box 22030<br>Albany, NY  12201-2030 | | H | DATE INCURRED  05/1999<br>CONSIDERATION<br>Personal Guarantor<br>REMARKS | | | | $3,408.20 |
| ACCT #:  749-84221-003-409<br>MBNA America<br>P. O. Box 15102<br>Wilmington, DE  19886-5102 | | H | DATE INCURRED  1999<br>CONSIDERATION<br>Unsecured credit line<br>REMARKS | | | | $39,354.69 |
| ACCT #:  749-84167-581-442<br>MBNA America<br>P. O. Box 15102<br>Wilmington, DE  19886-5102 | | H | DATE INCURRED  1999<br>CONSIDERATION:<br>Unsecured line of credit<br>REMARKS | | | | $10,004.20 |
| ACCT #:<br>Melissa S. Hall<br>P.O. Box 2062<br>Mansfield, OH  44905 | | · | DATE INCURRED  2000<br>CONSIDERATION<br>Potential claim against firm<br>REMARKS | | | | $18,000.00 |
| ACCT #: 04 4198 86485 8<br>Neman Marcus<br>P.O. Box 720848<br>Dallas, TX  75372-0848 | | H | DATE INCURRED  1998<br>CONSIDERATION<br>Miscellaneous Purchases<br>REMARKS | | | | $1,692.42 |
| ACCT #:  8041057858<br>OSI Collection Services, Inc.,<br>P.O. Box 6110<br>Westerville, OH  43086-6110 | | H | DATE INCURRED  1999<br>CONSIDERATION<br>Collecting for -  United Parcel Service<br>REMARKS<br>Personal Guarantor | | | | Notice Only |

Total for this Page (Sub-Total) >    $79,644.07

Running Total >    $845,170.49

IN RE:  Christopher Lee Phillippe
_____

_____
                Debtor

CASE NO _____
                          (If Known)

CHAPTER  7

_____
             Joint Debtor

## SCHEDULE F (CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS)

*Continuation Sheet No. 9*

☐  Check this box if debtor has no creditors holding unsecured nonpriority claims to report on Schedule F.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #:  7434590 Schedule No. 502<br>Pitney Bowes Credit Corporation<br>27 Waterview Drive<br>Shelton, CT  06484-4361 | | H | DATE INCURRED  1998<br>CONSIDERATION<br>Personal Guarantor<br>REMARKS | | | | $1,770.49 |
| ACCT #:  1237221<br>Pitney Bowes Credit Corporation<br>27 Waterview Drive<br>Shelton, CT  06484-4361 | | H | DATE INCURRED  1999<br>CONSIDERATION<br>Personal Guarantor<br>REMARKS | | | | $435.14 |
| ACCT #:  810056238<br>Practitioners Publishing Company<br>P. O. Box 966<br>Fort Worth, TX  76101-0966 | | H | DATE INCURRED:  05/28/99<br>CONSIDERATION<br>Personal Guarantor<br>REMARKS. | | | | $130.66 |
| ACCT #:<br>Richard Hoffman<br>Attorney At Law<br>1718 Boca Chica Blvd.,<br>Brownsville, TX  78521 | | H | DATE INCURRED.  1996<br>CONSIDERATION.<br>Personal Guarantor<br>REMARKS. | | | | $12,000.00 |
| ACCT #:  956126<br>Roundtree Associates<br>P. O. Box 3330<br>Plymouth, MA  02361-3330 | | H | DATE INCURRED  1999&2000<br>CONSIDERATION<br>Collecting for - Soutwestern Bell Wireless<br>REMARKS:<br>Personal Guarantor | | | | Notice Only |
| ACCT #:  006357<br>Sarma Collections, Inc.,<br>c/o Argus Security Systems<br>1801 Broadway<br>San Antonio, TX  78215 | | - | DATE INCURRED  1998<br>CONSIDERATION<br>Collecting for - Argus Security Systems<br>REMARKS<br>Personal Guarantor | | | | $612.11 |
| ACCT #:  Suite 144<br>SBDB Properties, Inc.,<br>dba International Plaza<br>Attn:  Fleming & Olvera, P.C.<br>1650 Paredes Line Road, Suite 102<br>Brownsville, TX  78521 | | H | DATE INCURRED  1999<br>CONSIDERATION<br>Personal Guarantor<br>REMARKS. | | | | $71,344.44 |

Total for this Page (Sub-Total) >   $86,292.84

Running Total >   $931,463.33

IN RE. Christopher Lee Phillippe

_____
Debtor

_____
Joint Debtor

CASE NO _____
(If Known)

CHAPTER 7

## SCHEDULE F (CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS)

*Continuation Sheet No. 10*

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on Schedule F.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #: 1100057531<br>Shepard's<br>P. O. Box 790329<br>St. Louis, MO 63179-0329 | | H | DATE INCURRED 1999 &2000<br>CONSIDERATION<br>Personal Guarantor<br>REMARKS.<br>Texas Citations CD ROM Server 1X | | | | $1,836.51 |
| ACCT #: 216201<br>Smart Corporation<br>P. O. Box 1812<br>Alpharetta, GA 30005-9901 | | H | DATE INCURRED 10/07/99<br>CONSIDERATION<br>Personal Guarantor<br>REMARKS | | | | $33.31 |
| ACCT #: 956-668-0690-577-7<br>Southwestern Bell Telephone<br>P.O. Box 4845<br>Houston, TX 77097-0080 | | H | DATE INCURRED. 11/04/99<br>CONSIDERATION<br>Personal Guarantor<br>REMARKS | | | | $147.10 |
| ACCT #: 956-544-6096-519-6<br>Southwestern Bell Telephone<br>Bankrutpcy Dept.<br>P.O. Box 769<br>Arlington, TX 76004 | | H | DATE INCURRED 2000<br>CONSIDERATION<br>Personal Guarantor<br>REMARKS: | | | | $761.88 |
| ACCT #: 750058847<br>Southwestern Bell Wireless<br>P.O. Box 4460<br>Houston, TX 77097-0082 | | H | DATE INCURRED 1999<br>CONSIDERATION<br>Wireless telephone service<br>REMARKS: | | | | $648.55 |
| ACCT #: 708-8775-21003<br>Southwestern Bell Yellow Pages<br>P.O. Box 630052<br>Dallas, TX 75263-0052 | | H | DATE INCURRED 1999<br>CONSIDERATION<br>Personal Guarantor<br>REMARKS: | | | | $3,903.91 |
| ACCT #: 708-8775-21000<br>Southwestern Bell Yellow Pages<br>P.O. Box 630052<br>Dallas, TX 75263-0052 | | H | DATE INCURRED 1999<br>CONSIDERATION<br>Personal Guarantor<br>REMARKS: | | | | $7,702.57 |

Total for this Page (Sub-Total) >    $15,033.83

Running Total >    $946,497.16

IN RE.  Christopher Lee Phillippe

_____
Debtor

_____
Joint Debtor

CASE NO _____
(If Known)

CHAPTER  7

## SCHEDULE F (CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS)

*Continuation Sheet No. 11*

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on Schedule F.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #:  708-8775-21002<br>Southwestern Bell Yellow Pages<br>P.O. Box 500089<br>St. Louis, MO  63150-0089 | | H | DATE INCURRED:  1999<br>CONSIDERATION:<br>Personal Guarantor<br>REMARKS. | | | | $5,507.60 |
| ACCT #:  956-544-6096<br>Southwestern Directory Co.<br>8435 Directors Row, Suite A<br>Dallas, TX  75247 | | H | DATE INCURRED:  1997<br>CONSIDERATION:<br>Personal Guarantor<br>REMARKS:<br>1998 Brownsville | | | | $493.51 |
| ACCT #:  0000072849-4<br>Sprint<br>P.O. Box 219718<br>Kansas City, MO  64121-9718 | | H | DATE INCURRED:  01/17/2000<br>CONSIDERATION:<br>Personal Guarantor<br>REMARKS: | | | | $404.05 |
| ACCT #:<br>Tele-Care Communications<br>3505 Boca Chica Blvd., Suite 233<br>Brownsville, TX  78521 | | H | DATE INCURRED:  1999<br>CONSIDERATION:<br>Personal Guarantor<br>REMARKS: | | | | $2,282.87 |
| ACCT #:  300993<br>Texas State Bank<br>Attn:  Special Assets Dept<br>3900 N. 10th Street<br>McAllen, TX  78501 | X | H | DATE INCURRED:  04/30/98<br>CONSIDERATION:<br>Unsecured credit line<br>REMARKS: | | | | $86,137.46 |
| ACCT #:  6589-1<br>The Columbia List<br>P. O. Box 425007<br>New Hyde Park, NY  11042-9820 | | H | DATE INCURRED:  1999&2000<br>CONSIDERATION:<br>Personal Guarantor<br>REMARKS: | | | | $500.00 |
| ACCT #:  61403-1660<br>The Commercial Bar<br>P. O. Box 2430<br>Easton, MD  21601 | | H | DATE INCURRED  2000<br>CONSIDERATION:<br>Personal Guarantor<br>REMARKS: | | | | $597.50 |

Total for this Page (Sub-Total) >   $95,922.99

Running Total >   $192,420.15

IN RE.  Christopher Lee Phillippe
_____
        Debtor

_____

_____
       Joint Debtor

C/ NO _____
          (If Known)

CHAPTER  7

## SCHEDULE F (CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS)

*Continuation Sheet No. 11*

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on Schedule F.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #:  708-8775-21002<br>Southwestern Bell Yellow Pages<br>P.O. Box 500089<br>St. Louis, MO  63150-0089 | | H | DATE INCURRED.  1999<br>CONSIDERATION:<br>Personal Guarantor<br>REMARKS | | | | $5,507.60 |
| ACCT #:  956-544-6096<br>Southwestern Directory Co.<br>8435 Directors Row, Suite A<br>Dallas, TX  75247 | | H | DATE INCURRED  1997<br>CONSIDERATION:<br>Personal Guarantor<br>REMARKS:<br>1998 Brownsville | | | | $493.51 |
| ACCT #:  0000072849-4<br>Sprint<br>P.O. Box 219718<br>Kansas City, MO  64121-9718 | | H | DATE INCURRED:  01/17/2000<br>CONSIDERATION:<br>Personal Guarantor<br>REMARKS: | | | | $404.05 |
| ACCT #:<br>Tele-Care Communications<br>3505 Boca Chica Blvd., Suite 233<br>Brownsville, TX  78521 | | H | DATE INCURRED:  1999<br>CONSIDERATION:<br>Personal Guarantor<br>REMARKS: | | | | $2,282.87 |
| ACCT #:  300993<br>Texas State Bank<br>Attn:  Special Assets Dept<br>3900 N. 10th Street<br>McAllen, TX  78501 | X | H | DATE INCURRED.  04/30/98<br>CONSIDERATION:<br>Unsecured credit line<br>REMARKS: | | | | $86,137.46 |
| ACCT #:  6589-1<br>The Columbia List<br>P. O. Box 425007<br>New Hyde Park, NY 11042-9820 | | H | DATE INCURRED  1999 & 2000<br>CONSIDERATION<br>Personal Guarantor<br>REMARKS | | | | $500.00 |
| ACCT #:  61403-1660<br>The Commercial Bar<br>P. O. Box 2430<br>Easton, MD  21601 | | H | DATE INCURRED  2000<br>CONSIDERATION:<br>Personal Guarantor<br>REMARKS | | | | $597.50 |

Total for this Page (Sub-Total) >

Running Total >



$95,922.99

$1,042,420.15

IN RE  Christopher Lee Phillippe

_____
Debtor

_____
Joint Debtor

CA    O

CHAPTER  7

(If Known)

## SCHEDULE F (CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS)

*Continuation Sheet No  12*

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on Schedule F.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #: 6239<br>The Sign Factory<br>P. O. Box 3104<br>Harlingen, TX 78551 | | H | DATE INCURRED  2000<br>CONSIDERATION<br>Personal Guarantor<br>REMARKS | | | | $568.32 |
| ACCT #:<br>Thomas J. Lallier<br>Foley & Mansfield<br>200 Lafayette Building<br>1108 Nicollet Mall<br>Minneapolis, MN 55403 | | | DATE INCURRED<br>CONSIDERATION<br>Notice Only - for West Group<br>REMARKS | | | | Notice Only |
| ACCT #: 484<br>Toner Recycling & Service<br>2653 Sequoia Court<br>Brownsville, TX 78521 | | H | DATE INCURRED  1999&2000<br>CONSIDERATION<br>Personal Guarantor<br>REMARKS | | | | $562.08 |
| ACCT #:<br>Ultra Business Machines<br>20 E. Elizabeth Street<br>Brownsville, TX 78520 | | H | DATE INCURRED  1999&2000<br>CONSIDERATION<br>Personal Guarantor<br>REMARKS | | | | $951.97 |
| ACCT #: 8041057858<br>United Parcel Service<br>P.O. Box 4980<br>Hagerstown, MD 21747 | | | DATE INCURRED  1999&2000<br>CONSIDERATION<br>Personal Guarantor<br>REMARKS | | | | $103.72 |
| ACCT #: 308<br>United Way of Southern Cameron County<br>P.O. Box 511<br>Brownsville, TX 78522-0511 | | H | DATE INCURRED  1998<br>CONSIDERATION<br>Pledge<br>REMARKS | | | | $500.00 |
| ACCT #: P1866<br>Valley International Country Club<br>Los Campeones, Inc.,<br>P.O. Box 3850<br>Brownsville, TX 78523-3850 | | H | DATE INCURRED  1999&2000<br>CONSIDERATION<br>Association Dues<br>REMARKS | | | | $571.24 |

Total for this Page (Sub-Total) >  $3,257.33

Running Total >  $1,045,677.48

IN RE.  Christopher Lee Phillippe
_____
Debtor

CAS☐ ☐  (If Known)

CHAPTER  7

_____
Joint Debtor

## SCHEDULE F (CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS)

*Continuation Sheet No 13*

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on Schedule F.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCT #:  131-454-596<br>West Group<br>P.O. Box 64833<br>St. Paul, MN  55164-0833 | | H | DATE INCURRED  1999<br>CONSIDERATION<br>**Personal Guarantor**<br>REMARKS | | | | $76.86 |
| ACCT #:  161-243-214<br>West Group<br>P.O. Box 64833<br>St. Paul, MN  55164-0833 | | H | DATE INCURRED  1999<br>CONSIDERATION<br>**Personal Guarantor**<br>REMARKS | | | | $692.80 |
| ACCT #:  161-243-214 Current Service<br>West Group<br>P.O. Box 64833<br>St. Paul, MN  55164-0833 | | H | DATE INCURRED  1999<br>CONSIDERATION<br>**Personal Guarantor**<br>REMARKS: | | | | $3,493.83 |
| ACCT #:<br>Zun Computers<br>P.O. Box 8404<br>Brownsville, TX 78526 | | H | DATE INCURRED:  1999<br>CONSIDERATION:<br>**Personal Guarantor**<br>REMARKS | | | | $1,472.20 |
| ACCT #: | | | DATE INCURRED<br>CONSIDERATION<br><br>REMARKS | | | | |
| ACCT #: | | | DATE INCURRED<br>CONSIDERATION<br><br>REMARKS. | | | | |
| ACCT #: | | | DATE INCURRED<br>CONSIDERATION<br><br>REMARKS | | | | |

Total for this Page (Sub-Total) >  $5,735.69

Running Total >  $1,051,413.17

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

IN RE:   Christopher Lee Phillippe

CASE NO

CHAPTER    7

## SCHEDULE G (EXECUTORY CONTRACTS AND UNEXPIRED LEASES)

☐  Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT |
|---|---|
| **Conseco Finance Vendor Services Corp.** P.O. Box 957 Paramus, N.J.  07653 | Panasonic Telephones - Telephone Tracking Accounting Systems Contract was REJECTED |
| **Ignacio Magana, M.D.** 2403 North 10th Street, B-79 McAllen, TX  78501 | McAllen Office Lease Contract was REJECTED |
| **International Plaza** 3505 Boca Chica Blvd., Leasing Office Brownsville, TX  78521 | Office Lease Contract was REJECTED Contract is in DEFAULT |
| **Ladco Leasing** P.O. Box 5029 Thousand Oaks, CA  91359 | Visa credit card machine lease Edinburg Office Contract was REJECTED Contract is in DEFAULT |
| **Ladco Leasing** P.O. Box 5029 Thousand Oaks, CA  91359 | Visa Credit Card Machine lease McAllen Office Contract was REJECTED Contract is in DEFAULT |

# ..ITED STATES BANKRUPTCY COU
## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

IN RE:  Christopher Lee Phillippe

CASE NO

CHAPTER  7

## SCHEDULE G (EXECUTORY CONTRACTS AND UNEXPIRED LEASES)

*Continuation Sheet No. 1*

☐ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT |
|---|---|
| Ladco Leasing<br>P.O. Box 5029<br>Thousand Oaks, CA  91359 | Visa credit card machine lease<br>Brownsville office<br>Contract was REJECTED<br>Contract is in DEFAULT |
| Mathew Bender & Co. Inc.,<br>P. O. Box 22030<br>Albany, NY  12201-2030 | Electronic research materials<br>Contract was REJECTED<br>Contract is in DEFAULT |
| Panasonic Communications & Systems<br>P.O. Box 7023<br>Troy, MI  48007-7023 | Panasonic Copy lease<br>Contract was REJECTED<br>Contract is in DEFAULT |
| Pitney Bowes Credit Corporation<br>27 Waterview Drive<br>Shelton, CT  06484-4361 | Meter & Mailing Scale<br>Contract was REJECTED<br>Contract is in DEFAULT |
| Shepard's<br>P. O. Box 790329<br>St. Louis, MO  63179-0329 | Electronic Research materials<br>Contract was REJECTED<br>Contract is in DEFAULT |

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

IN RE:  **Christopher Lee Phillippe**                    CASE NO

                                                        CHAPTER  7

## SCHEDULE G (EXECUTORY CONTRACTS AND UNEXPIRED LEASES)

*Continuation Sheet No. 2*

☐ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT |
|---|---|
| **West Group**<br>P.O. Box 64833<br>St. Paul, MN  55164-0833 | Electronic research access<br>Contract was REJECTED<br>Contract is in DEFAULT |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

IN RE:  Christopher Lee Phillippe

CASE NO

CHAPTER    7

## SCHEDULE H (CODEBTORS)

☐  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| Aliases:  None | |
| Claudia Phillippe<br>307-3 McFadden Drive<br>Brownsville, TX  78520 | International Bank of Commerce<br>P.O. Box 1831<br>Brownsville, TX  78520-1831 |
| Claudia Phillippe<br>307-3 McFadden Drive<br>Brownsville, TX  78521 | BMW Financial Services<br>P.O. Box 78103<br>Phoenix, AZ  85062-8103 |
| Claudia R. Phillippe<br>307-3 McFadden Drive<br>Brownsville, TX  78520 | First Union Small Business Capital<br>P.O. Box 162247<br>Sacramento, CA  95816 |
| Eddie Rodriguez<br>100 N. Expressway 83<br>Brownsville, TX  78520 | GMAC<br>P. O. Box 901025<br>Fort Worth, TX  76101-2009 |
| Eduardo V. Rodriguez<br>100 N. Expressway 83<br>Brownsville, TX  78520 | Conseco Finance Vendor Services Corp.<br>fna Green Tree Financial Services<br>P.O. Box 957<br>Paramus,  NJ  07653 |
| Eduardo V. Rodriguez<br>100 N. Expressway 83<br>Brownsville, TX  78520 | Chase Bank of Texas<br>P.O. Box 880102<br>Dallas, TX  75388-0102 |

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

IN RE:  **Christopher Lee Phillippe**

CASE NO

CHAPTER   7

## SCHEDULE H (CODEBTORS)

*Continuation Sheet No. 1*

☐ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| Eduardo V. Rodriguez<br>100 N. Expressway 83<br>Brownsville, TX  78520 | Texas State Bank<br>Attn:  Special Assets Dept<br>3900 N. 10th Street<br>McAllen, TX  78501 |
| Gabriel M. Longoria<br>2014 W. Knox<br>Harlingen, TX  78552 | Ford Motor Credit<br>P. O. Box 64001 DJ<br>Dallas, TX  75364-0001 |

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

IN RE:  Christopher Lee Phillippe

CASE NO

CHAPTER   7

## SCHEDULE I (CURRENT INCOME OF INDIVIDUAL DEBTOR(S))

| Debtor's Marital Status | Dependents of Debtor and Spouse (Names, Ages and Relationships) | | | | |
|---|---|---|---|---|---|
| | Name | Age Relationship | Name | | Age Relationship |
| **Married** <br><br> Married | | | | | |

| Employment | Debtor | Spouse |
|---|---|---|
| Occupation | Attorney | |
| Name of Employer | Phillippe & Rodriguez, PLLC | |
| How Long Employed | Years | |
| Address of Employer | 307-3 McFadden Drive <br> Brownsville, Texas 78520 | |

| Income:  (Estimate of average monthly income) | DEBTOR | SPOUSE |
|---|---|---|
| Current monthly gross wages, salary, and commissions (pro rate if not paid monthly) | $5,000.00 | $0.00 |
| Estimated monthly overtime | $0.00 | $0.00 |
| SUBTOTAL | $5,000.00 | $0.00 |
| LESS PAYROLL DEDUCTIONS | | |
| A. Payroll taxes (includes social security tax if B. is zero) | $0.00 | $0.00 |
| B. Social Security Tax | $0.00 | $0.00 |
| C. Insurance | $0.00 | $0.00 |
| D. Union dues | $0.00 | $0.00 |
| E. Retirement | $0.00 | $0.00 |
| F. Other (specify)   Income Taxes | $1,400.00 | $0.00 |
| G. Other (specify) | $0.00 | $0.00 |
| SUBTOTAL OF PAYROLL DEDUCTIONS | $1,400.00 | $0.00 |
| TOTAL NET MONTHLY TAKE HOME PAY | $3,600.00 | $0.00 |
| Regular income from operation of business or profession or farm (attach detailed stmt) | $0.00 | $0.00 |
| Income from real property | $0.00 | $0.00 |
| Interest and dividends | $0.00 | $0.00 |
| Alimony, maintenance or support payments payable to debtor for the debtor's use or that of the dependents listed above | $0.00 | $0.00 |
| Social Security or other government assistance (specify) | $0.00 | $0.00 |
| Pension or retirement income | $0.00 | $0.00 |
| Other monthly income (specify below) | | |
| 1. | $0.00 | $0.00 |
| 2. | $0.00 | $0.00 |
| 3. | $0.00 | $0.00 |
| TOTAL MONTHLY INCOME | $3,600.00 | $0.00 |

## TOTAL COMBINED MONTHLY INCOME  $3,600.00      (Report also on Summary of Schedules)

Describe any increase or decrease of more than 10% in any of the above categories anticipated to occur within the year following the filing of this document.

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

IN RE:  Christopher Lee Phillippe

CASE NO

CHAPTER  7

## SCHEDULE J (CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S))

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  If box is checked, complete a separate schedule of expenditures labeled "Spouse."

| | |
|---|---|
| Rent or home mortgage payment (include lot rented for mobile home) | $971.56 |
| Are real estate taxes included?  ☐ Yes  ☑ No | |
| Is property insurance included?  ☐ Yes  ☑ No | |
| Utilities:  Electricity and heating fuel | $300.00 |
| Water and sewer | |
| Telephone | $200.00 |
| Other: | |
| Home maintenance (repairs and upkeep) | $100.00 |
| Food | $250.00 |
| Clothing | $150.00 |
| Laundry and dry cleaning | $80.00 |
| Medical and dental expenses (not covered by insurance) | $100.00 |
| Transportation (not including car payments) | $200.00 |
| Recreation, clubs and entertainment, newspapers, magazines, etc. | $77.27 |
| Charitable contributions | |
| Insurance  (not deducted from wages or included in home mortgage payments) | |
| Homeowner's or renter's | $76.05 |
| Life | $82.66 |
| Health | $142.00 |
| Auto | $115.00 |
| Other: | |
| Taxes (not deducted from wages or included in home mortgage payments) | |
| Specify: | |
| Installment payments:  (In Chapter 12 and 13 cases, do not list payments included in the plan) | |
| Auto | $755.46 |
| Other: | |
| Other: | |
| Other: | |
| Alimony, maintenance, and support paid to others | |
| Payments for support of additional dependents not living at your home | |
| Regular expenses from operation of business, profession, or farm (attach detailed statement) | |
| Other: | |
| Other: | |
| **TOTAL MONTHLY EXPENSES** (Report also on Summary of Schedules) | $3,600.00 |

[FOR CHAPTER 12 AND 13 DEBTORS ONLY]
Provide the information requested below, including whether plan payments are to be made bi-weekly, monthly, annually, or at some other regular interval.

A. Total projected monthly income
B. Total projected monthly expenses (including separate spouse budget if applicable)
C. Excess income (A minus B)
D. Total amount to be paid into plan each                    (interval)

# IITED STATES BANKRUPTCY COU~
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

IN RE:  Christopher Lee Phillippe

CASE NO

CHAPTER    7

## SUMMARY OF SCHEDULES

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | $85,000.00 | | |
| B - Personal Property | Yes | 5 | $36,720.26 | | |
| C - Property Claimed as Exempt | Yes | 2 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | $113,806.33 | |
| E - Creditors Holding Unsecured Priority Claims | Yes | 3 | | $17,904.78 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 14 | | $1,051,413.17 | |
| G - Executory Contracts and Unexpired Leases | Yes | 3 | | | |
| H - Codebtors | Yes | 2 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | $3,600.00 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 1 | | | $3,600.00 |
| Total Number of Sheets of ALL Schedules  > | | 33 | | | |
| Total Assets  > | | | $121,720.26 | | |
| Total Liabilities  > | | | | $1,183,124.28 | |

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

IN RE.   Christopher Lee Phillippe

CASE NO

CHAPTER   7

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### *DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR*

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ____**34**____ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date _____05/31/00_____          Signature _____
                                              *Christopher Lee Phillippe*

Date _____          Signature _____

*Penalty for making a false statement or concealing property:  Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. Sections 152 and 3571*

*Richard Hoffman*
*Christopher Lee Phillippe*
*Attorney At Law*
*307-3 McFadden Drive*
*Brownsville, TX 78520*
*(956) 544-6096*
*Attorney for the Petitioner*

0978, __0/6147

# UNITED STATES BANKRUPTCY COURT FOR THE

*SOUTHERN DISTRICT OF TEXAS*
*BROWNSVILLE DIVISION*

In re:                                          Case No.:
Christopher Lee Phillippe
Debtor                                **Numbered Listing of Creditors**

Address:
**307-3 McFadden Drive**                    Chapter:   **7**
**Brownsville, TX 78520**

Social Security Number:  **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**

| Creditor name and mailing address | Category of claim | Amount of claim |
|---|---|---|
| 1.   Adams & Graham, L.L.P.<br>P.O. Drawer 1429<br>Harlingen, TX 78551<br>160718-0Y | Unsecured Claim | $4,317.40 |
| 2.   Advanta National Bank<br>P.O. Box 509011<br>San Diego, CA 92150-9011<br>0011907474 | Secured Claim | $67,247.25 |
| 3.   Alegra Print & Imaging<br>fna Quick Print<br>2200 Boca Chica Blvd., Suite 146<br>Brownsville, TX 78521<br>01-0001802 | Unsecured Claim | $481.21 |
| 4.   America Online Incorporated<br>2200 Aol Way<br>Sterling, VA | Unsecured Claim | $300.00 |
| 5.   American Bar Association<br>541 North Fairbanks Court<br>Chicago, IL 60611-3314 | Unsecured Claim | $275.00 |
| 6.   American Express<br>a/k/a Platinum Card<br>P. O. Box 29-7879<br>Fort Lauderdale, FL 33329-7879<br>3713-812865-52000 | Unsecured Claim | $1,280.19 |

CutePDF - www.fosia.com

in re.   **Christopher Lee Phillippe**

Debtor | Case No. (if known)

| | Creditor name and mailing address | Category of claim | Amount of claim |
|---|---|---|---|
| 7. | American Express<br>a/k/a Gold Card<br>P. O. Box 29-7879<br>Fort Lauderdale. FL  33329-7879<br>3728-097948-01005 | Unsecured Claim | $500.00 |
| 8. | American Express<br>a/k/a Platinum Card<br>Sign &Travel / Special Purchase Account<br>P.O. Box 29-7879<br>3713-812865-5200 | Unsecured Claim | $1,646.95 |
| 9. | Argus Security Systems. Inc.,<br>314 Ash<br>McAllen. TX  78501<br>010528 | Unsecured Claim | $600.00 |
| 10. | Associates Capital Bank<br>P.O. Box 9012<br>Des Moines. IA  50368-9012<br>5897 1801 1000 0754 | Unsecured Claim | $27,729.69 |
| 11. | Automated Legal Systems. Inc.,<br>962 Coronado Blvd.,<br>Universal City, TX  78148-3228<br>004352 | Unsecured Claim | $760.40 |
| 12. | Bank of America<br>Department # AZ9-503-02-16<br>P.O. Box 53105<br>Phoenix, AZ  3105<br>5300-0003-0070-2202 | Unsecured Claim | $5,796.84 |
| 13. | BMW Financial Services<br>P.O. Box 78103<br>Phoenix. AZ  85062-8103<br>2000199188 | Secured Claim | $23,419.26 |
| 14. | BMW Financial Services<br>P.O. Box 78103<br>Phoenix, AZ  85062-8103<br>2000156191 | Secured Claim | $7,250.00 |
| 15. | Bryant & Stingley, Inc.,<br>P.O. Box 3420<br>Harlingen, TX  78551-3420<br>Variuos Invoices See Remarks | Unsecured Claim | $680.95 |

in re:    **Christopher Lee Phillippe**

_____

Debtor                                          Case No. (if known)

| Creditor name and mailing address | Category of claim | Amount of claim |
|---|---|---|
| 16.   Caine & Weiner<br>P.O. Box 8500<br>Van Nuys, CA  91409-8500<br>1237221-001 | Unsecured Claim | $0.00 |
| 17.   Capital Telecommunications. Inc.,<br>200 West Market Street<br>York, PA  17401-1008<br>676626-13-0.77 | Unsecured Claim | $905.00 |
| 18.   CCH Incorporated<br>P.O. Box 4307<br>Carol Stream. IL  60197-4307<br>164271003 | Unsecured Claim | $87.69 |
| 19.   Chase Bank of Texas<br>P.O. Box 880102<br>Dallas. TX  75388-0102<br>4099-0170380527 | Unsecured Claim | $50,402.06 |
| 20.   City of McAllen Tax Office<br>P.O. Box 52240-2240<br>McAllen, TX  78505<br>L212299000000A09 | Priority Claim | $29.90 |
| 21.   Commercial Law League of America<br>150 North Michigan Ave, Suite 600<br>Chicago, IL  60601-7524<br>009157-00 | Unsecured Claim | $1,000.00 |
| 22.   Community Telephone Directory, L.L.C.<br>8435 Directors Row, Suite A<br>Dallas, TX  75247<br>956-544-6096 | Unsecured Claim | $199.62 |
| 23.   Community Telephone Directory, L.L.C.<br>8435 Directors Row, Suite A<br>Dallas, TX  75247<br>956-544-6096 | Unsecured Claim | $579.04 |
| 24.   Conseco Finance Vendor Services Corp.<br>fna Green Tree Financial Services<br>P.O. Box 957<br>Paramus,  NJ  07653<br>40097172 | Unsecured Claim | $8,551.00 |

Page 3

In re:   **Christopher Lee Phillippe**

| | Creditor name and mailing address | Category of claim | Amount of claim |
|---|---|---|---|
| 25. | Corporate Express<br>P.O. Box 33265<br>Chicago, IL 60694-3265<br>166 | Unsecured Claim | $92.20 |
| 26. | CPL<br>P.O. Box 2121<br>Corpus Christi, TX 78403-2121<br>117127194-1 | Unsecured Claim | $225.59 |
| 27. | CSC The United States Corporation<br>P.O. Box 13397<br>Philadelphia, PA 19101-3397<br>7154279 | Unsecured Claim | $523.44 |
| 28. | Custom Built Computers<br>3505 Boca Chica Blvd., Suite 163<br>Brownsville, TX 78520 | Unsecured Claim | $2,000.00 |
| 29. | Deluxe Business Forms and Supplies<br>P.O. Box 64500<br>St. Paul, MN 55164-0500<br>0239937201 | Unsecured Claim | $307.66 |
| 30. | Department of Veterans Affairs<br>Debt Management Center<br>Bishop Henry Whipple Federal Building<br>222999776<br>St. Paul, MN 55111-1930 | Unsecured Claim | $36,000.00 |
| 31. | Diana M. Woodman<br>Thompson Knight Brown Parker & Leahy<br>1200 Smith Street, Suite 3600<br>Houston, TX 77002 | Unsecured Claim | $0.00 |
| 32. | Discover<br>P.O. Box 30395<br>Salt Lake City, UT 84130-0395<br>6011-0084-3350-0961 | Unsecured Claim | $8,007.40 |
| 33. | Eduardo V. Rodriguez<br>100 North Expressway 83<br>Brownsville, TX 78520 | Unsecured Claim | $200,000.00 |

Page 4

in re:   **Christopher Lee Phillippe**

| | Debtor | | Case No. (if known) |
|---|---|---|---|

| | Creditor name and mailing address | Category of claim | Amount of claim |
|---|---|---|---|
| 34. | El Al Worldwide Litigation<br>3003 Carlisle, Suite 200<br>Dallas, TX 75204<br>2869 | Unsecured Claim | $230.63 |
| 35. | Express 1<br>1127 East 9th Street, Suite 111<br>Mission, TX 78572<br>895519986++11 | Unsecured Claim | $105.70 |
| 36. | Federal Express<br>P.O. Box 1140<br>Memphis, TN 38101-1140<br>1480-6717-1 | Unsecured Claim | $378.22 |
| 37. | First Union Small Business Capital<br>P.O. Box 162247<br>Sacramento, CA 95816<br>110337359 | Unsecured Claim | $315,261.02 |
| 38. | Ford Motor Credit<br>P. O. Box 64001 DJ<br>Dallas, TX 75364-0001<br>DJ A903 3Q30 | Unsecured Claim | $5,060.00 |
| 39. | Forwarders List of Attorneys<br>10 Lake Drive<br>Hightstown, NJ 08520<br>AD58661 | Unsecured Claim | $500.00 |
| 40. | GMAC<br>P. O. Box 901025<br>Fort Worth, TX 76101-2009<br>084-1229-90944 | Secured Claim | $10,853.82 |
| 41. | Harvard Collection Services, Inc.,<br>4839 N. Elston Avenue<br>Chicago, IL 60630-2534<br>2900479 | Unsecured Claim | $108.91 |
| 42. | Ignacio Magana, M.D.<br>2403 North 10th Street, B-79<br>McAllen, TX 78501<br>2407 North 10th, Suites A & B | Unsecured Claim | $14,355.00 |

in re:   **Christopher Lee Phillippe**

| Creditor name and mailing address | Category of claim | Amount of claim |
|---|---|---|
| | Debtor | Case No. (if known) |
| 43. Internal Revenue Service<br>300 E. 8th St. STOP 5022AUS<br>Stop 5022AUS<br>Austin, TX 78701<br>74-2845680 | Priority Claim | $17,585.92 |
| 44. International Bank of Commerce<br>P.O. Box 1831<br>Brownsville, TX 78520-1831<br>8019250-70 | Unsecured Claim | $25,000.00 |
| 45. J & J Locksmith<br>34 Oro Circle<br>Brownsville, TX 78521 | Unsecured Claim | $70.08 |
| 46. James Publishing, Inc.,<br>P.O. Box 25202<br>Santa Ana, CA 92799-5202<br>1663381 | Unsecured Claim | $107.98 |
| 47. Jones & Cook Stationers<br>106 S. Broadway<br>McAllen, TX 78501<br>PH1150 | Unsecured Claim | $121.36 |
| 48. Jones McClure Publishing, Inc.,<br>P.O. Box 3348<br>Houston, TX 77253-3348<br>PHILLIPPE GR | Unsecured Claim | $59.48 |
| 49. Jones McClure Publishing, Inc.,<br>P.O. Box 3348<br>Houston, TX 77253-3348<br>LINEB-BRO/PH | Unsecured Claim | $59.48 |
| 50. June A. Mann<br>Balcom, Mann & Stevens PC<br>550 Westcott Street, Suite 560<br>Houston, TX 77007 | Unsecured Claim | $0.00 |
| 51. KRIS Communications<br>P.O. Box 840<br>Corpus Christi, TX 78403<br>1114/115/R | Unsecured Claim | $1,326.00 |

in re:    **Christopher Lee Phillippe**

| | Debtor | | Case No. (if known) |
|---|---|---|---|

| Creditor name and mailing address | Category of claim | Amount of claim |
|---|---|---|
| 52.   Ladco Leasing<br>P.O. Box 5029<br>Thousand Oaks, CA 91359<br>9786922 | Unsecured Claim | $152.40 |
| 53.   Ladco Leasing<br>P.O. Box 5029<br>Thousand Oaks, CA 91359<br>9786920 | Unsecured Claim | $152.40 |
| 54.   Ladco Leasing<br>P.O. Box 5029<br>Thousand Oaks, CA 91359<br>9786921 | Unsecured Claim | $152.40 |
| 55.   Law offices of Andrew K. Rozell<br>c/o Andrew K. Rozell<br>323 E. Jackson<br>Harlingen, TX 78550<br>444.0000 | Unsecured Claim | $1,301.51 |
| 56.   Lease Corporation of America<br>340 E. Big Beaver, Suite 560<br>Troy, MI 48083<br>867192 | Unsecured Claim | $41,422.46 |
| 57.   Lee Rodgers, Individually and dba<br>Suburban Accent<br>Robert B. McLeaish Law Firm<br>No. CL-31,459-D<br>McAllen, TX 78501 | Unsecured Claim | $900.00 |
| 58.   Legal Marketing Systems, Inc.,<br>P.O. Box 2009<br>Riverside, CA 92516<br>Chris Phillippe | Unsecured Claim | $1,292.45 |
| 59.   Lone Star Overnight<br>P. O. Box 149225<br>Austin, TX 78714-9225<br>09020 | Unsecured Claim | $159.65 |
| 60.   Long, Chilton, Payte & Hardin, LLP<br>P.O. Box 2959<br>Harlingen, TX 78551<br>0426482 | Unsecured Claim | $525.00 |

Page 7

in re: **Christopher Lee Phillippe**

| | Debtor | | Case No. (if known) |
|---|---|---|---|

| | Creditor name and mailing address | Category of claim | Amount of claim |
|---|---|---|---|
| 61. | Long, Chilton, Payte & Hardin, LLP<br>Paysmart Payroll Service<br>745 E. St. Charles Street<br>Brownsville, TX 78520<br>B252 | Unsecured Claim | $64.96 |
| 62. | Long, Chilton, Payte, Hardin, LLP<br>P.O. Box 2959<br>Harlingen, TX 78551<br>0021142-IN | Unsecured Claim | $3,410.00 |
| 63. | Lori Gruver Robertson<br>Linebarger, Heard, Goggan, Blair<br>P.O. Box 17428<br>Austin, TX 78760-777<br>L2122-99-000-000A-09 | Priority Claim | $288.96 |
| 64. | Martindale-Hubbell<br>P.O. Box 7247-0292<br>Phila, PA 19170-0292<br>005012940400 | Unsecured Claim | $7,184.56 |
| 65. | Mathew Bender & Co. Inc.,<br>P. O. Box 22030<br>Albany, NY 12201-2030<br>0000142177 | Unsecured Claim | $3,408.20 |
| 66. | MBNA America<br>P. O. Box 15102<br>Wilmington, DE 19886-5102<br>749-84221-003-409 | Unsecured Claim | $39,354.69 |
| 67. | MBNA America<br>P. O. Box 15102<br>Wilmington, DE 19886-5102<br>749-84167-581-442 | Unsecured Claim | $10,004.20 |
| 68. | Melissa S. Hall<br>P.O. Box 2062<br>Mansfield, OH 44905 | Unsecured Claim | $18,000.00 |
| 69. | Neman Marcus<br>P.O. Box 720848<br>Dallas, TX 75372-0848<br>04 4198 86485 8 | Unsecured Claim | $1,692.42 |

In re:   **Christopher Lee Phillippe**

| | Creditor name and mailing address | Category of claim | Amount of claim |
|---|---|---|---|
| | Debtor | | Case No. (if known) |
| 70. | OSI Collection Services, Inc.,<br>P.O. Box 6110<br>Westerville, OH 43086-6110<br>8041057858 | Unsecured Claim | $0.00 |
| 71. | Panasonic Communications & Systems<br>P.O. Box 7023<br>Troy, MI 48007-7023<br>007-1268239-000 | Secured Claim | $5,036.00 |
| 72. | Pitney Bowes Credit Corporation<br>27 Waterview Drive<br>Shelton, CT 06484-4361<br>7434590 Schedule No. 502 | Unsecured Claim | $1,770.49 |
| 73. | Pitney Bowes Credit Corporation<br>27 Waterview Drive<br>Shelton, CT 06484-4361<br>1237221 | Unsecured Claim | $435.14 |
| 74. | Practitioners Publishing Company<br>P. O. Box 966<br>Fort Worth, TX 76101-0966<br>810056238 | Unsecured Claim | $130.66 |
| 75. | Richard Hoffman<br>Attorney At Law<br>1718 Boca Chica Blvd.,<br>Brownsville, TX 78521 | Unsecured Claim | $12,000.00 |
| 76. | Roundtree Associates<br>P. O. Box 3330<br>Plymouth, MA 02361-3330<br>956126 | Unsecured Claim | $0.00 |
| 77. | Sarma Collections, Inc.,<br>c/o Argus Security Systems<br>1801 Broadway<br>San Antonio, TX 78215<br>006357 | Unsecured Claim | $612.11 |
| 78. | SBDB Properties, Inc.,<br>dba International Plaza<br>Attn: Fleming & Olvera, P.C.<br>1650 Paredes Line Road, Suite 102<br>Suite 144 | Unsecured Claim | $71,344.44 |

in re:   **Christopher Lee Phillippe**

|  | | Debtor | | Case No (if known) |
|---|---|---|---|---|

| | Creditor name and mailing address | Category of claim | Amount of claim |
|---|---|---|---|
| 79. | Shepard's<br>P. O. Box 790329<br>St. Louis, MO 63179-0329<br>1100057531 | Unsecured Claim | $1,836.51 |
| 80. | Smart Corporation<br>P. O. Box 1812<br>Alpharetta, GA 30005-9901<br>216201 | Unsecured Claim | $33.31 |
| 81. | Southwestern Bell Telephone<br>P.O. Box 4845<br>Houston, TX 77097-0080<br>956-668-0690-577-7 | Unsecured Claim | $147.10 |
| 82. | Southwestern Bell Telephone<br>Bankrutpcy Dept.<br>P.O. Box 769<br>Arlington, TX 76004<br>956-544-6096-519-6 | Unsecured Claim | $761.88 |
| 83. | Southwestern Bell Wireless<br>P.O. Box 4460<br>Houston, TX 77097-0082<br>750058847 | Unsecured Claim | $648.55 |
| 84. | Southwestern Bell Yellow Pages<br>P.O. Box 630052<br>Dallas, TX 75263-0052<br>708-8775-21003 | Unsecured Claim | $3,903.91 |
| 85. | Southwestern Bell Yellow Pages<br>P.O. Box 630052<br>Dallas, TX 75263-0052<br>708-8775-21000 | Unsecured Claim | $7,702.57 |
| 86. | Southwestern Bell Yellow Pages<br>P.O. Box 500089<br>St. Louis, MO 63150-0089<br>708-8775-21002 | Unsecured Claim | $5,507.60 |
| 87. | Southwestern Directory Co.<br>8435 Directors Row, Suite A<br>Dallas, TX 75247<br>956-544-6096 | Unsecured Claim | $493.51 |

in re:   **Christopher Lee Phillippe**

| | Debtor | | Case No. (if known) |
|---|---|---|---|

| | Creditor name and mailing address | Category of claim | Amount of claim |
|---|---|---|---|
| 88. | Sprint<br>P.O. Box 219718<br>Kansas City, MO  64121-9718<br>0000072849-4 | Unsecured Claim | $404.05 |
| 89. | Tele-Care Communications<br>3505 Boca Chica Blvd., Suite 233<br>Brownsville, TX  78521 | Unsecured Claim | $2,282.87 |
| 90. | Texas State Bank<br>Attn:  Special Assets Dept<br>3900 N. 10th Street<br>McAllen, TX  78501<br>300993 | Unsecured Claim | $86,137.46 |
| 91. | The Columbia List<br>P. O. Box 425007<br>New Hyde Park, NY 11042-9820<br>6589-1 | Unsecured Claim | $500.00 |
| 92. | The Commercial Bar<br>P. O. Box 2430<br>Easton, MD  21601<br>61403-1660 | Unsecured Claim | $597.50 |
| 93. | The Sign Factory<br>P. O. Box 3104<br>Harlingen, TX  78551<br>6239 | Unsecured Claim | $568.32 |
| 94. | Thomas J. Lallier<br>Foley & Mansfield<br>200 Lafayette Building<br>1108 Nicollet Mall<br>Minneapolis, MN  55403 | Unsecured Claim | $0.00 |
| 95. | Toner Recycling & Service<br>2653 Sequoia Court<br>Brownsville, TX  78521<br>484 | Unsecured Claim | $562.08 |
| 96. | Ultra Business Machines<br>20 E. Elizabeth Street<br>Brownsville, TX  78520 | Unsecured Claim | $951.97 |

in re:   **Christopher Lee Phillippe**

| | Debtor | | Case No. (if known) |
|---|---|---|---|

| | Creditor name and mailing address | Category of claim | Amount of claim |
|---|---|---|---|
| 97. | United Parcel Service<br>P.O. Box 4980<br>Hagerstown, MD 21747<br>8041057858 | Unsecured Claim | $103.72 |
| 98. | United Way of Southern Cameron County<br>P.O. Box 511<br>Brownsville, TX 78522-0511<br>308 | Unsecured Claim | $500.00 |
| 99. | Valley International Country Club<br>Los Campeones, Inc.,<br>P.O. Box 3850<br>Brownsville, TX 78523-3850<br>P1866 | Unsecured Claim | $571.24 |
| 100. | West Group<br>P.O. Box 64833<br>St. Paul, MN 55164-0833<br>131-454-596 | Unsecured Claim | $76.86 |
| 101. | West Group<br>P.O. Box 64833<br>St. Paul, MN 55164-0833<br>161-243-214 | Unsecured Claim | $692.80 |
| 102. | West Group<br>P.O. Box 64833<br>St. Paul, MN 55164-0833<br>161-243-214 Current Service | Unsecured Claim | $3,493.83 |
| 103. | Zun Computers<br>P.O. Box 8404<br>Brownsville, TX 78526 | Unsecured Claim | $1,472.20 |

in re:  **Christopher Lee Phillippe**

_____     _____
                                    Debtor                              Case No. (if known)

(The penalty for making a false statement or concealing property is a fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. secs. 152 and 3571.)

## DECLARATION

I, **Christopher Lee Phillippe** _____, named as debtor in this case, declare under penalty of perjury that I have read the foregoing *Numbered Listing of Creditors* consisting of ___13___ sheets (including this declaration), and that it is true and correct to the best of my information and belief.

Debtor: _____     Date: 05/31/00
         **Christopher Lee Phillippe**

---

**CERTIFICATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (see 11 U.S.C. § 110)**

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

_____     _____
Printed or Typed Name of Bankruptcy Petition Preparer          Social Security Number

_____
Address

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Forms for each person.

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States Bankruptcy Court
Southern District of Texas
ENTERED

APR 28 2000

Michael N. Milby, Clerk of Court

In Re:                                         §
PHILIPPE & RODRIGUEZ PLLC DBA                  §
LAW OFFICES OF CHRISTOPHER LEE                 §      CASE NO. 00-20659-B-11
PHILLIPPE, DBA PHILLIPPE GRISSOM               §      CHAPTER 11
BELTON & SULLIVAN DBA PHILLIPPE                §
BELTON SULLIVAN & CABLER, Debtor               §
                                               §
                                               §
THE MONEY STORE INVESTMENT                     §
CORPORATION, its successors and/or             §
assigns, Movant                                §
                                               §
vs.                                            §
                                               §
PHILIPPE & RODRIGUEZ PLLC DBA                  §
LAW OFFICES OF CHRISTOPHER LEE                 §
PHILLIPPE, DBA PHILLIPPE GRISSOM               §
BELTON & SULLIVAN DBA PHILLIPPE                §
BELTON SULLIVAN & CABLER, Debtor               §
Respondent                                     §

## AGREED ORDER GRANTING MOTION FOR RELIEF
## FROM AUTOMATIC STAY

The Court has considered the Motion for Relief from Automatic Stay filed in this bankruptcy

proceeding by Movant, **THE MONEY STORE INVESTMENT CORPORATION, its successors**

**and/or assigns.** No objections were filed in response to the Motion and all required notices of said Motion

have been properly served.  It is therefore;

**ORDERED** that the automatic stay is hereby terminated as to Movant, to permit said creditor, its

successors and/or assigns to take any all steps necessary  to exercise any and all rights it may have,

including immediate possession, in the collateral described as

ALL MACHINERY, EQUIPMENT, AND ACCOUNTS RECEIVABLE, ALL CONTRACT
RIGHTS, GENERAL INTANGIBLES, ACCOUNTS, CHATTEL PAPER, DOCUMENTS,
DEPOSIT ACCOUNTS, GOODS, INSURANCE POLICIES AND PROCEEDS, AND ALL BOOKS

BMAS NO \CLIENT TMSICLOAN NO 110377359\W\Bankruptcy\APLEADG\2000files\TMS Invesment Corp\Rodriguez Phillippe\Motion 001 wpd

Debtor's
Exhibit "A"



RECEIVED
MAY 0 9 2000

AND RECORDS OF DEBTOR NOW IN FORCE OR HEREAFTER ACQUIRED, WHEREVER LOCATED, NOW OWNED, OR TO BE ACQUIRED, TOGETHER WITH ALL INCREASES TO AND REPLACEMENTS THEREOF. THE SECURITY INTEREST EXTENDS TO ALL PROCEEDS OF THE PROPERTY DESCRIBED HEREIN, INCLUDING, BUT NOT LIMITED TO, INSURANCE PROCEEDS RELATING TO THE ABOVE-DESCRIBED COLLATERAL AS FURTHER DESCRIBED IN THE ATTACHED DOCUMENTS.

It is further ORDERED that the requirements of Rule 4001(a)(3) are hereby waived.

SIGNED: ___APR 0 8 2000___, 2000.

HONORABLE RICHARD S. SCHMIDT
UNITED STATES BANKRUPTCY JUDGE

Movant has Complied with Local Bankruptcy Rule 4001.

BALCOM, MANN & STEVENS, P.C.

By: _____
June A. Mann/TBA No. 12928400
550 Westcott Street, Suite 560
Houston, Texas 77007
(713) 293-3600
(713) 293-3636 (Facsimile)
ATTORNEYS FOR MOVANT

By: _____
Richard Hoffman/TBA No. 09787200
1718 Boca Chica
Brownsville, Texas 77007
(956) 544-2345
(956) 982-1909 (Facsimile)
ATTORNEYS FOR DEBTOR

*signed with permission
by June Mann

Case 1:00-cv-00173  Document 25   Filed in TXSD on 04/11/2001   Page 296 of 318

AND RECORDS OF DEBTOR NOW IN FORCE OR HEREAFTER ACQUIRED, WHEREVER LOCATED, NOW OWNED, OR TO BE ACQUIRED, TOGETHER WITH ALL INCREASES TO AND REPLACEMENTS THEREOF.   THE SECURITY INTEREST EXTENDS TO ALL PROCEEDS OF THE PROPERTY DESCRIBED HEREIN, INCLUDING, BUT NOT LIMITED TO, INSURANCE PROCEEDS RELATING TO THE ABOVE-DESCRIBED COLLATERAL AS FURTHER DESCRIBED IN THE ATTACHED DOCUMENTS.

It is further **ORDERED** that the requirements of Rule 4001(a)(3) are hereby waived.

SIGNED: _____ , 2000.


_____
HONORABLE RICHARD S. SCHMIDT
UNITED STATES BANKRUPTCY JUDGE


Movant has Complied with Local Bankruptcy Rule 4001.

BALCOM, MANN & STEVENS, P.C.


By: _____
June A. Mann/TBA No. 12928400
550 Westcott Street, Suite 560
Houston, Texas 77007
(713) 293-3600
(713) 293-3636 (Facsimile)
ATTORNEYS FOR MOVANT


By: _____
Richard Hoffman/TBA No. 09787200
1718 Boca Chica
Brownsville, Texas 77007
(956) 544-2345
(956) 982-1909 (Facsimile)
ATTORNEYS FOR DEBTOR

FILED

APR -7 2000

UNITED STATES
BANKRUPTCY COURT

# IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | |
|---|---|
| In Re: | § |
| PHILIPPE & RODRIGUEZ PLLC DBA | § |
| LAW OFFICES OF CHRISTOPHER LEE | §     CASE NO. 00-20659-3-11 |
| PHILLIPPE, DBA PHILLIPPE GRISSOM | §     CHAPTER 11 |
| BELTON & SULLIVAN DBA PHILLIPPE | § |
| BELTON SULLIVAN & CABLER, Debtor | § |
| | § |
| THE MONEY STORE INVESTMENT | § |
| CORPORATION, its successors and/or | § |
| assigns, Movant | § |
| | § |
| vs. | § |
| | § |
| PHILIPPE & RODRIGUEZ PLLC DBA | § |
| LAW OFFICES OF CHRISTOPHER LEE | § |
| PHILLIPPE, DBA PHILLIPPE GRISSOM | § |
| BELTON & SULLIVAN DBA PHILLIPPE | § |
| BELTON SULLIVAN & CABLER, Debtor | § |
|      Respondents | § |

## MOTION OF THE MONEY STORE INVESTMENT CORPORATION
## FOR RELIEF FROM AUTOMATIC STAY

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

COMES NOW **THE MONEY STORE INVESTMENT CORPORATION**, its successors and

assigns ("Movant"), to file this Motion for Relief from Automatic Stay ("Motion") against **PHILIPPE &**

**RODRIGUEZ PLLC DBA LAW OFFICES OF CHRISTOPHER LEE PHILLIPPE, DBA**

**PHILLIPPE GRISSOM BELTON & SULLIVAN DBA PHILLIPPE BELTON SULLIVAN &**

**CABLER** ("Debtor"), and in support thereof would show the Court as follows:

### Jurisdiction

1.     On or about **FEBRUARY 29, 2000**, Debtor filed a voluntary petition under Chapter 11

of the Bankruptcy Code.  Debtor is currently a Debtor in possession.

THIS STATEMENT IS PRESENTED TO A FILING OFFICER FOR FILING PURSUANT TO THE UNIFORM COMMERCIAL CODE.

11. ☐ CHECK TO REQUEST SAME DEBTOR SEARCH CERTIFICATE (INSTRUCTION B.11)

TX-503

| | | | |
|---|---|---|---|
| 1. DEBTOR (IF PERSONAL) LAST NAME | FIRST NAME | M.I. | 1A. PREFIX | 1B. SUFFIX |

Phillippe, Grissom, Belt : & Sullivan, Attorneys at Law

| 1C. MAILING ADDRESS | 1D. CITY, STATE | 1E. ZIP CODE |
|---|---|---|
| 3505 boca Chica Blvd., Suite 140 | Brownsville   TX | 78521 |

| | | | |
|---|---|---|---|
| 2. ADDITIONAL DEBTOR (IF PERSONAL) LAST NAME | FIRST NAME | M.I. | 2A. PREFIX | 2B. SUFFIX |

| 2C. MAILING ADDRESS | 2D. CITY, STATE | 2E. ZIP CODE |
|---|---|---|

| | | |
|---|---|---|
| 3. SECURED PARTY (IF PERSONAL) LAST NAME | FIRST NAME | M.I. |

The Money Store Investment Corporation

| 3A. MAILING ADDRESS | 3B. CITY, STATE | 3C. ZIP CODE |
|---|---|---|
| P.O. Box 162247 | Sacramento   CA | 95816-2247 |

| 4. ADDITIONAL SECURED PARTY (IF ANY) |
|---|

| 4A. MAILING ADDRESS | 4B. CITY, STATE | 4C. ZIP CODE |
|---|---|---|

| 5. ORIGINAL FINANCING STATEMENT NUMBER | 6A. ORIGINAL DATE FILED | 6. CHECK IF APPLICABLE | THIS FINANCING STATEMENT CHANGE IS TO BE FILED IN THE REAL ESTATE RECORDS. NO. OF ADDITIONAL SHEETS PRESENTED |
|---|---|---|---|
| 99-056685 | 03/26/1999 | | |

7.  A. ☒ AMENDMENT – THE FINANCING STATEMENT IS AMENDED AS SET FORTH IN ITEM 8 BELOW. (INSTRUCTION B.7(A))

B. ☐ TOTAL ASSIGNMENT – ALL OF SECURED PARTY'S RIGHTS UNDER THE FINANCING STATEMENT HAVE BEEN ASSIGNED TO THE ASSIGNEE WHOSE NAME AND ADDRESS ARE SET FORTH IN ITEM 8 BELOW. (INSTRUCTION B.7(B))

C. ☐ PARTIAL ASSIGNMENT – SOME OF SECURED PARTY'S RIGHTS HAVE BEEN ASSIGNED TO THE ASSIGNEE SHOWN IN ITEM 8 BELOW. (INSTRUCTION B.7(C))

D. ☐ CONTINUATION – THE ORIGINAL STATEMENT IS STILL EFFECTIVE. (INSTRUCTION B.7(D))

E. ☐ TOTAL RELEASE – THE SECURED PARTY RELEASES ALL OF THEIR INTEREST IN THE COLLATERAL. (INSTRUCTION B.7(E))

F. ☐ PARTIAL RELEASE – THE SECURED PARTY RELEASES THE FOLLOWING COLLATERAL DESCRIBED IN ITEM 8 BELOW. (INSTRUCTION B.7(F))

G. ☐ TERMINATION – THE SECURED PARTY(IES) OF RECORD NO LONGER CLAIMS A SECURITY INTEREST AND THE FINANCING STATEMENT IS TERMINATED. (INSTRUCTION B.7(G))

8.  Amend debtor name to: Phillippe & Rodriguez, P.L.L.C.

Ref: 370-201 LISTING

| | | |
|---|---|---|
| 9. SIGNATURE(S) OF DEBTOR(S) | *Ruby Paulas*   as agent, LDS | |
| | Phillippe, Grissom, Belton & Sullivan, Attorneys at Law | 4/16/99   02:36 PM |
| SIGNATURE(S) OF SECURED PARTY(IES) | *April Truter*   as agent, LDS | Texas Secretary of State |
| | The Money Store Investment Corporation | FILED |

10. Return copy to:

NAME
ADDRESS
CITY
STATE
ZIP

99678760

91055356

THIS SPACE FOR USE OF FILING OFFICER

39-053645

3/24/99   02:29 PM

Texas Secretary of State

FILED

**FINANCING STATEMENT — FOLLOW INSTRUCTIONS CAREFULLY**
This Financing Statement is presented for filing pursuant to the Uniform Commercial Code

| A. NAME & TEL. # OF CONTACT AT FILER [optional] | B. FILED UNDER ACCT. # [optional] |
|---|---|

C. RETURN COPY TO: (Name and Mailing Address)

D. OPTIONAL DESIGNATION [if applicable]  ☐ LESSOR/LESSEE  ☐ CONSIGNOR/CONSIGNEE  ☐ NON-UCC FILING

**1. DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (1a or 1b)

TX-SOS

| 1a. ENTITY'S NAME | | | |
|---|---|---|---|
| Phillippe, Grissom, Belton & Sullivan Attorneys at Law | | | |
| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

| 1c. MAILING ADDRESS | CITY | STATE | COUNTRY | POSTAL CODE |
|---|---|---|---|---|
| 3505 Boca Chica Blvd. Suite 144 | Brownsville | TX | USA | 78521 |

| 1d. S.S. OR TAX I.D.# | OPTIONAL ADD'L INFO RE ENTITY DEBTOR | 1e. TYPE OF ENTITY | 1f. ENTITY'S STATE OR COUNTRY OF ORGANIZATION | 1g. ENTITY'S ORGANIZATIONAL I.D.#, if any |
|---|---|---|---|---|
| 500380830 | | | | ☐ NONE |

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (2a or 2b)

| 2a. ENTITY'S NAME | | | |
|---|---|---|---|
| | | | |
| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

| 2c. MAILING ADDRESS | CITY | STATE | COUNTRY | POSTAL CODE |
|---|---|---|---|---|
| | | | | |

| 2d. S.S. OR TAX I.D.# | OPTIONAL ADD'L INFO RE ENTITY DEBTOR | 2e. TYPE OF ENTITY | 2f. ENTITY'S STATE OR COUNTRY OF ORGANIZATION | 2g. ENTITY'S ORGANIZATIONAL I.D.#, if any |
|---|---|---|---|---|
| | | | | ☐ NONE |

**3. SECURED PARTY'S (ORIGINAL S/P or ITS TOTAL ASSIGNEE) EXACT FULL LEGAL NAME** - insert only one secured party name (3a or 3b)

| 3a. ENTITY'S NAME | | | |
|---|---|---|---|
| The Money Store Investment Corporation | | | |
| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

| 3c. MAILING ADDRESS | CITY | STATE | COUNTRY | POSTAL CODE |
|---|---|---|---|---|
| P.O. Box 162247 | Sacramento | CA | USA | 95816-2247 |

**4. This FINANCING STATEMENT covers the following types or items of property:**

All machinery, equipment, and accounts receivable, all contract rights, general intangibles, accounts, chattel paper, documents, deposit accounts, goods, insurance policies and proceeds, and all books and records of Debtor now in force or hereafter acquired, wherever located, now owned, or to be acquired, together with all increases to and replacements thereof. The security interest extends to all proceeds of the property described herein, including but not limited to, insurance proceeds relating to the above described collateral.

| 5. CHECK BOX | This FINANCING STATEMENT is signed by the Secured Party instead of the Debtor to perfect a security interest... | 7. If filed in Florida (check one) ☐ Documentary ☐ Documentary stamp ☐ stamp tax ☐ tax not applicable |
|---|---|---|

| 6. REQUIRED SIGNATURE/S | | 8. This FINANCING STATEMENT is to be filed (for record) (or recorded) in the REAL ESTATE RECORDS ☐ Attach Addendum [if applicable] |
|---|---|---|
| Phillippe, Grissom, Belton & Sullivan Attorneys at Law | as agent for IXXIS Document Services, Attorney in fact | 9. Check to REQUEST SEARCH CERTIFICATE(S) on Debtor(s) [ADDITIONAL FEE] [optional] ☐ All Debtors ☐ Debtor 1 ☐ Debtor 2 |

Registro, Inc.
414 PIERCE ST
P O BOX 250
ANOKA MN 55300

Respectfully Submitted,

BALCOM, MANN & STEVENS, P.C.

By: _____

June A. Mann/TBA No. 12928400
550 Westcott Street, Suite 560
Houston, Texas  77007
(713) 293-3600
(713) 293-3636 (Facsimile)
ATTORNEYS FOR MOVANT

CUMPDF - www.lexisx.com

2.      This Court has jurisdiction of this Motion by virtue of 11 U.S.C. §§105, 361, and 362 and 28 U.S.C. §§1334 and 157 and all other applicable rules and statutes affecting this Court's jurisdiction.

### Factual Background

3.      Movant is the owner and holder of the following Commercial Security Agreement ("Security Agreement") covering certain collateral described as ALL MACHINERY, EQUIPMENT, AND ACCOUNTS RECEIVABLE, ALL CONTRACT RIGHTS, GENERAL INTANGIBLES, ACCOUNTS, CHATTEL PAPER, DOCUMENTS, DEPOSIT ACCOUNTS, GOODS, INSURANCE POLICIES AND PROCEEDS, AND ALL BOOKS AND RECORDS OF DEBTOR NOW IN FORCE OR HEREAFTER ACQUIRED, WHEREVER LOCATED as further described in the loan documents ("Collateral"). Movant duly perfected its security interest in the Collateral.

### Debt and Collateral Description

4.      That certain Security Agreement in the original principal amount of $329,000.00, dated APRIL 16, 1999 was executed by original mortgagor, PHILLIPPE & RODRIGUEZ, P.L.L.C., to THE MONEY STORE INVESTMENT CORPORATION. Debtor is in default of its obligations to Movant in that Debtor has failed to make the installment payments when due and owing pursuant to the terms of the Security Agreement. As of APRIL 5, 2000, Debtor was in default on TWO (2) post-petition monthly payments of $5,356.00 each. As of the date this bankruptcy was filed, the approximate payoff amount owed by Debtor to Movant was $320,594.18. This sum includes principal balance and accrued interest, but does not include attorneys' fees. Moreover, upon information and belief, Debtor desires to surrender the Collateral.

5.      By failing to make the regular monthly installment payments due pursuant to the Note, Debtor has not adequately protected Movant's interest in the Collateral. Therefore, cause exists for terminating the automatic stay pursuant to 11 U.S.C. § 362(d). Further, the landlord where the Collateral

is located has already sought relief from the stay.  It is imperative, therefore, that Movant obtain relief from the stay as soon as possible.  Movant has no remedy available other than to seek relief from the automatic stay.

6.    Movant has had to retain counsel to represent it before this Court and is incurring legal expenses and attorneys' fees for which it is entitled to be reimbursed under the terms of the Security Agreement.

7.    Movant requests that any order granting a motion for relief from automatic stay in accordance with Rule 4001(a)(3) not be stayed until the expiration of 10 days after the entry of the order.

<u>Prayer for Relief</u>

WHEREFORE, PREMISES CONSIDERED, Movant prays that, upon considering this Motion, the automatic stay will be terminated as to Movant's claim permitting Movant to seek its statutory and other available remedies including, but not limited to, allowing Movant to take possession of its Collateral to the exclusion of Debtor, and to sell it and retain the proceeds from the sale, and allowing Movant leave of Court to file a deficiency claim; alternatively, that Movant be afforded adequate protection, including, but not limited to, (i) having all past-due monthly installments brought current on the Collateral, (ii) being reimbursed for its reasonable attorneys' fees and expenses as allowed by law and Security Agreement, and (iii) requiring Debtor to maintain full insurance coverage on the Collateral with Movant being named as loss payee and requiring Debtors to periodically provide proof of same to Movant, and that Movant be granted such other and further relief, both at law and in equity, as is just.

THIS STATEMENT IS PRESENTED TO A FILING OFFICER FOR FILING PURSUANT TO THE UNIFORM COMMERCIAL CODE.

11. ☐ CHECK TO REQUEST NAME DEBTOR SEARCH CERTIFICATE (INSTRUCTION 8.11)

| 1. DEBTOR (IF PERSONAL) LAST NAME | FIRST NAME | M.I. | 1A. PREFIX | 1B. SUFFIX |
|---|---|---|---|---|
| Phillippe, Grissom, Belton & Sullivan, Attorneys at Law | | | | |

| 1C. MAILING ADDRESS | 1D. CITY, STATE | | 1E. ZIP CODE |
|---|---|---|---|
| 3505 Boca Chica Blvd., Suite 111 | Brownsville | TX | 78521 |

| 2. ADDITIONAL DEBTOR (IF PERSONAL) LAST NAME | FIRST NAME | M.I. | 2A. PREFIX | 2B. SUFFIX |
|---|---|---|---|---|
| | | | | |

| 2C. MAILING ADDRESS | 2D. CITY, STATE | 2E. ZIP CODE |
|---|---|---|

| 3. SECURED PARTY (IF PERSONAL) LAST NAME | FIRST NAME | M.I. |
|---|---|---|
| The Money Store Investment Corporation | | |

| 3A. MAILING ADDRESS | 3B. CITY, STATE | | 3C. ZIP CODE |
|---|---|---|---|
| P.O. Box 162247 | Sacramento | CA | 95816-2247 |

| 4. ADDITIONAL SECURED PARTY (IF ANY) | | |
|---|---|---|

| 4A. MAILING ADDRESS | 4B. CITY, STATE | 4C. ZIP CODE |
|---|---|---|

| 5. ORIGINAL FINANCING STATEMENT NUMBER | 5A. ORIGINAL DATE FILED | 6. CHECK IF APPLICABLE | THIS FINANCING STATEMENT CHANGE IS TO BE FILED IN THE REAL ESTATE RECORDS. ☐ NO. OF ADDITIONAL SHEETS PRESENTED |
|---|---|---|---|
| 99-056645 | 03/24/1999 | ☐ | |

7. A. ☒ AMENDMENT – THE FINANCING STATEMENT IS AMENDED AS SET FORTH IN ITEM 8 BELOW. (INSTRUCTION 8.7(A))

B. ☐ TOTAL ASSIGNMENT – ALL OF SECURED PARTY'S RIGHTS UNDER THE FINANCING STATEMENT HAVE BEEN ASSIGNED TO THE ASSIGNEE WHOSE NAME AND ADDRESS ARE SET FORTH IN ITEM 8 BELOW. (INSTRUCTION 8.7(B))

C. ☐ PARTIAL ASSIGNMENT – SOME OF SECURED PARTY'S RIGHTS HAVE BEEN ASSIGNED TO THE ASSIGNEE SHOWN IN ITEM 8 BELOW. (INSTRUCTION 8.7(C))

D. ☐ CONTINUATION – THE ORIGINAL STATEMENT IS STILL EFFECTIVE. (INSTRUCTION 8.7(D))

E. ☐ TOTAL RELEASE – THE SECURED PARTY RELEASES ALL OF THEIR INTEREST IN THE COLLATERAL (INSTRUCTION 8.7(E))

F. ☐ PARTIAL RELEASE – THE SECURED PARTY RELEASES THE FOLLOWING COLLATERAL DESCRIBED IN ITEM 8 BELOW. (INSTRUCTION 8.7(F))

G. ☐ TERMINATION – THE SECURED PARTY(IES) OF RECORD NO LONGER CLAIMS A SECURITY INTEREST AND THE FINANCING STATEMENT IS TERMINATED. (INSTRUCTION 8.7(G))

8. Amend debtor name to: Phillippe & Rodriguez, P.L.L.C.

Ref: 370-201 LISTING

| 9. SIGNATURE(S) OF DEBTOR(S) | Ricky Paula | as agent, LDS | THIS SPACE FOR USE OF FILING OFFICER (DATE, TIME, NUMBER, FILING OFFICER) |
|---|---|---|---|

Phillippe, Grissom, Belton & Sullivan, Attorneys at Law

| SIGNATURE(S) OF SECURED PARTY(IES) | April Truitor | as agent, LDS |
|---|---|---|

The Money Store Investment Corporation

4/16/99   02:36 PM
Texas Secretary of State
FILED

10. Return copy to:
Return To:
NAME ADDRESS CITY STATE ZIP

LEXIS Document Services
801 Adlai Stevenson Drive
Springfield, IL 62703
Phone: (217) 544-5900

1506395  1

UCC-3 (REV. 8/92) © 1992 OFFICE OF THE SECRETARY OF STATE OF TEXAS
REORDER FROM: Register, Inc. 814 PIERCE ST. P.O. BOX 218 ANOKA, MN 553

Search After (UP TO F) - ('J')
Debtor: Phillippe, Grissom, Belton & Sullivan

# LEXIS Document Services

For Courier: 801 Adlai Stevenson Drive, Springfield, Illinois 62703-4261
For Remittance: P.O. Box 2861, Springfield, Illinois 62708-2861
Telephone: 800-634-9738    FAX NO. 800-457-6299

Phillips, Grissom, Belton & Sullivan
Attorneys At Law
3505 Boca Chica Blvd., Suite 144
Brownsville, TX 78521
FEIN: 500300030

Secretary of State, Texas
RETURN TO TEXAS E FOR DAILY COURIER PACKAGE

Original UCC
Assist Form Prep
FILE WATCH
Search to Follow

Confirmation: Fax
Client #: 370-001 LISTING
Cust #: 47452
Letter & Filing        03/23/1999
Phone: (916) 617-1093

Fax:

Courier Service: UPS To
(COMPLETE NAME, ADDRESS, CITY, STATE, ZIP)
ALLEN CLIFFORD
MONEY STORE INVESTMENT CORPORATION – FLAT FEE
2ND FLOOR SOUTH
727 3RD STREET
WEST SACRAMENTO, CA  95605

Origin: 99-056045  03/04/1999

| | | |
|---|---|---|
| ACKNOWLEDGMENT | 03/31/1999 | EXTRA PAGES: 0 |
| SENT | | PAGES BACK: 0 |

CONFIRMATION

| Services: | 10.00 |
|---|---|
| Disbursements: | 20.00 |
| Taxes: | 0.00 |
| Confirmation: | 3.00 |
| Courier Serv: | 12.00 |
| TOTAL | 53.00 |

JBU

A member of the Reed Elsevier plc group

THIS SPACE FOR USE OF FILING OFFICE.

**99-056645**

3.24/99   02:29 PM

Texas Secretary of State

FILED

FINANC
This Financi
and will rem
'A. NAME E

C RET<

Return To:
LEXIS Document Services
801 Adlai Stevenson Drive
Springfield, IL  62703
Phone: (217) 544-5900

FULLY
Code

CCT. C  (radical)

1502524 - 1

Search After          (UP TO F) - ('J)
Debtor: Phillippe, Grissom, Bstton & Sulli a
Juris:  Secretary of State, TX

D. OPTIONAL DESIGNATION (if applicable)   A.3908/AA3902J   C 3908G NONCONSUMER.   NON-UCC FILING

**1. DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (1a or 1b)

| 1a. ENTITY'S NAME | | | |
|---|---|---|---|
| Phillippe, Grissom, Balton & Sullivan Attorneys at Law | | | |

OR

| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|

| 1c. MAILING ADDRESS | CITY | STATE | COUNTRY | POSTAL CODE |
|---|---|---|---|---|
| 1207 Pote Chica Blvd. Suite 14 | Brownsville | TX | USA | 78521 |

| 1d. S.S. OR TAX I.D.# | OPTIONAL ADD'TL INFO RE ENTITY DEBTOR | 1e. TYPE OF ENTITY | 1f. ENTITY'S STATE OR COUNTRY OF ORGANIZATION | 1g. ENTITY'S ORGANIZATIONAL I.D.#, if any   NONE |
|---|---|---|---|---|

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (2a or 2b)

| 2a. ENTITY'S NAME | | | |
|---|---|---|---|

OR

| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|

| 2c. MAILING ADDRESS | CITY | STATE | COUNTRY | POSTAL CODE |
|---|---|---|---|---|

| 2d. S.S. OR TAX I.D.# | OPTIONAL ADD'TL INFO RE ENTITY DEBTOR | 2e. TYPE OF ENTITY | 2f. ENTITY'S STATE OR COUNTRY OF ORGANIZATION | 2g. ENTITY'S ORGANIZATIONAL I.D.#, if any   NONE |
|---|---|---|---|---|

**3. SECURED PARTY'S (ORIGINAL S/P or ITS TOTAL ASSIGNEE) EXACT FULL LEGAL NAME** - insert only one secured party name (3a or 3b)

| 3a. ENTITY'S NAME | | | |
|---|---|---|---|
| The Money Store Investment Corporation | | | |

OR

| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|

| 3c. MAILING ADDRESS | CITY | STATE | COUNTRY | POSTAL CODE |
|---|---|---|---|---|
| P.O. Box 162247 | Sacramento | CA | USA | 05816-2247 |

**4. This FINANCING STATEMENT covers the following types or items of property:**

All machinery, equipment, and accounts receivable, all contract rights, general intangibles, accounts, chattel paper, documents, deposit accounts, goods, insurance policies and proceeds, and all books and records of Debtor now in force or hereafter acquired, wherever located, now owned, or to be acquired, together with all increases to and replacements thereto. The security interest extends to all proceeds of the property and items thereto, including but not limited to, insurance proceeds relating to the above described collateral.

| 5. CHECK BOX | This FINANCING STATEMENT is signed by the Secured Party instead of the Debtor to perfect a security interest (a) in collateral already subject to a security interest in another jurisdiction when it was brought into this state, or when the debtor's location was changed to this state, or (b) in accordance with other statutory provisions (additional data may be required) | 7. If filed in Florida (check one) Documentary stamp tax are paid   Documentary stamp tax not applicable |
|---|---|---|

| 6. REQUIRED SIGNATURE(S) | | 8. This FINANCING STATEMENT is to be filed (for record) (or recorded) in the REAL ESTATE RECORDS  Attach Addendum   [if applicable] |
|---|---|---|

as agent for LEXIS Document
Services, Attorney in Fact

| 9. Check to REQUEST SEARCH CERTIFICATE(S) on Debtor(s)  [ADDITIONAL FEE] [optional]   All Debtors   Debtor 1   Debtor 2 |
|---|

(2) ACKNOWLEDGMENT COPY — NATIONAL FINANCING STATEMENT (FORM UCC1) (TRANS) (REV. 12/18/95)

PROVIDED FROM
Register&, Inc.
819 PE50 ST.
P.O. BOX 948

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

IN RE:  Christopher Lee Phillippe

CASE NO

*Debtor(s)*

CHAPTER    7

## NOTICE TO INDIVIDUAL CONSUMER DEBTOR(S)

> *The purpose of this notice is to acquaint you with the four chapters of the federal Bankruptcy Code under which you may file a bankruptcy petition. The bankruptcy law is complicated and not easily described. Therefore, you should seek the advice of an attorney to learn your rights and responsibilities under the law should you decide to file a petition with the court. Court employees are prohibited from giving you legal advice.*

## Chapter 7: Liquidation   ($200.00 filing fee)

1. Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts.

2. In a Chapter 7 case, a trustee secures for the bankruptcy estate all your assets which the trustee may obtain under the applicable provisions of the Bankruptcy Code.  You may claim certain of your property exempt under governing law.  The trustee may then liquidate the non-exempt property as necessary and uses the proceeds to pay your creditors according to priorities of the Bankruptcy Code.

3. The purpose of filing a Chapter 7 case is to obtain a discharge of your existing debts.  If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, your discharge may be denied by the court, and the purpose for which you filed the bankruptcy petition will be defeated.

4. Even if you receive a discharge, there are some debts that are not discharged under the law.  Therefore, you may still be responsible for such debts as certain taxes and student loans, alimony and support payments, criminal restitution, and debts for death or personal injury caused by driving while intoxicated from alcohol or drugs.

5. Under certain circumstances you may keep property that you have purchased subject to a valid security interest.  Your attorney can explain the options that are available to you.

## Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income
### ($160.00 filing fee)

1. Chapter 13 is designed for individuals with regular income who are temporarily unable to pay their debts but would like to pay them in installments over a period of time.  You are only eligible for Chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

2. Under Chapter 13 you must file a plan with the court to repay your creditors all or part of the money that you owe them, using your future earnings.  Usually, the period of time allowed by the court to repay your debts is three years, but no more than five years.  Your plan must be approved by the court before it can take effect.

3. Under Chapter 13, unlike Chapter 7, you may keep all of your property, both exempt and non-exempt, as long as your continue to make payments under the plan.

4. After completion of payments under your plan your debts are discharged except alimony and support payments, student loans, certain debts including criminal fines and restitution and debts for death or personal injury caused by driving while intoxicated from alcohol or drugs, and long-term secured obligations.

## Chapter 11: Reorganization  ($830.00 filing fee)

Chapter 11 is designed primarily for the reorganization of a business but is also available to consumer debtors.  Its provisions are quite complicated, and any decision by an individual to file a Chapter 11 petition should be reviewed with an attorney.

## Chapter 12: Family Farmer   ($200.00 filing fee)

Chapter 12 is designed to permit family farmers to repay their debts over a period of time from future earnings and is in many ways similar to Chapter 13.  The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm.

### ACKNOWLEDGEMENT

I hereby certify that I have read this notice on this  31st  day of  May  2000

_____
Christopher Lee Phillippe

United States Bankruptcy Court
Southern District of Texas
FILED

JUN - 1 2000

Michael N. Milby, Clerk of Court

# TED STATES BANKRUPTCY CO
## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

IN RE:  **Christopher Lee Phillippe**

*Debtor(s)*

CASE NO

**CHAPTER** 00-21576-B-7

## VERIFICATION OF CREDITOR MATRIX

The above named Debtor hereby verifies that the attached list of creditors is true and correct to the best of his/her knowledge.

Date ___05/31/00___

Signature _____
*Christopher Lee Phillippe*

Date _____

Signature _____

Adams & Graham, L.L.P.
P.O. Drawer 1429
Harlingen, TX  78551


Advanta National Bank
P.O. Box 509011
San Diego, CA  92150-9011


Alegra Print & Imaging
fna Quick Print
2200 Boca Chica Blvd., Suite 146
Brownsville, TX  78521


America Online Incorporated
2200 Aol Way
Sterling, VA


American Bar Association
541 North Fairbanks Court
Chicago, IL  60611-3314


American Express
a/k/a Platinum Card
P. O. Box 29-7879
Fort Lauderdale, FL  33329-7879


American Express
a/k/a Gold Card
P. O. Box 29-7879
Fort Lauderdale, FL  33329-7879


American Express
a/k/a Platinum Card
Sign &Travel / Special Purchase Account
P.O. Box 29-7879
Fort Lauderdale, FL  33329-7879


Argus Security Systems, Inc.,
314 Ash
McAllen, TX  78501

Associates Capital Bank
P.O. Box 9012
Des Moines, IA  50368-9012


Automated Legal Systems, Inc.,
962 Coronado Blvd.,
Universal City, TX  78148-3228


Bank of America
Department # AZ9-503-02-16
P.O. Box 53105
Phoenix, AZ  3105


BMW Financial Services
P.O. Box 78103
Phoenix, AZ  85062-8103


Bryant & Stingley, Inc.,
P.O. Box 3420
Harlingen, TX  78551-3420


Caine & Weiner
P.O. Box 8500
Van Nuys, CA  91409-8500


Capital Telecommunications, Inc.,
200 West Market Street
York, PA  17401-1008


CCH Incorporated
P.O. Box 4307
Carol Stream, IL  60197-4307


Chase Bank of Texas
P.O. Box 880102
Dallas, TX  75388-0102

City of McAllen Tax Office
P.O. Box 52240-2240
McAllen, TX  78505


Commercial Law League of America
150 North Michigan Ave, Suite 600
Chicago, IL  60601-7524


Community Telephone Directory, L.L.C.
8435 Directors Row, Suite A
Dallas, TX  75247


Conseco Finance Vendor Services Corp.
fna Green Tree Financial Services
P.O. Box 957
Paramus, NJ  07653


Conseco Finance Vendor Services Corp.
P.O. Box 957
Paramus, N.J.  07653


Corporate Express
P.O. Box 33265
Chicago, IL  60694-3265


CPL
P.O. Box 2121
Corpus Christi, TX  78403-2121


CSC The United States Corporation
P.O. Box 13397
Philadelphia, PA  19101-3397


Custom Built Computers
3505 Boca Chica Blvd., Suite 163
Brownsville, TX  78520

Deluxe Business Forms and Supplies
P.O. Box 64500
St. Paul, MN  55164-0500

Department of Veterans Affairs
Debt Management Center
Bishop Henry Whipple Federal Building
P.O. Box 11930
St. Paul, MN  55111-1930

Diana M. Woodman
Thompson Knight Brown Parker & Leahy
1200 Smith Street, Suite 3600
Houston, TX  77002

Discover
P.O. Box 30395
Salt Lake City, UT 84130-0395

Eduardo V. Rodriguez
100 North Expressway 83
Brownsville, TX  78520

El Al Worldwide Litigition
3003 Carlisle, Suite 200
Dallas, TX  75204

Express 1
1127 East 9th Street, Suite 111
Mission, TX  78572

Federal Express
P.O. Box 1140
Memphis, TN  38101-1140

First Union Small Business Capital
P.O. Box 162247
Sacramento, CA  95816

Ford Motor Credit
P. O. Box 64001 DJ
Dallas, TX  75364-0001


Forwarders List of Attorneys
10 Lake Drive
Hightstown, NJ  08520


GMAC
P. O. Box 901025
Fort Worth, TX  76101-2009


Harvard Collection Services, Inc.,
4839 N. Elston Avenue
Chicago, IL  60630-2534


Ignacio Magana, M.D.
2403 North 10th Street, B-79
McAllen, TX  78501


Internal Revenue Service
300 E. 8th St. STOP 5022AUS
Stop 5022AUS
Austin, TX  78701


International Bank of Commerce
P.O. Box 1831
Brownsville, TX  78520-1831


International Plaza
3505 Boca Chica Blvd., Leasing Office
Brownsville, TX  78521


J & J Locksmith
34 Oro Circle
Brownsville, TX  78521

James Publishing, Inc.,
P.O. Box 25202
Santa Ana, CA  92799-5202


Jones & Cook Stationers
106 S. Broadway
McAllen, TX  78501


Jones McClure Publishing, Inc.,
P.O. Box 3348
Houston, TX  77253-3348


June A. Mann
Balcom, Mann & Stevens, PC
550 Westcott Street, Suite 560
Houston, TX  77007


KRIS Communications
P.O. Box 840
Corpus Christi, TX  78403


Ladco Leasing
P.O. Box 5029
Thousand Oaks, CA  91359


Law offices of Andrew K. Rozell
c/o Andrew K. Rozell
323 E. Jackson
Harlingen, TX  78550


Lease Corporation of America
340 E. Big Beaver, Suite 560
Troy, MI 48083


Lee Rodgers, Individually and dba
Suburban Accent
Robert B. McLeaish Law Firm
100 East Hibiscus
McAllen, TX  78501

Legal Marketing Systems, Inc.,
P.O. Box 2009
Riverside, CA 92516


Lone Star Overnight
P. O. Box 149225
Austin, TX  78714-9225


Long, Chilton, Payte & Hardin, LLP
P.O. Box 2959
Harlingen, TX  78551


Long, Chilton, Payte & Hardin, LLP
Paysmart Payroll Service
745 E. St. Charles Street
Brownsville, TX  78520


Lori Gruver Robertson
Linebarger, Heard, Goggan, Blair
P.O. Box 17428
Austin, TX  78760-777


Martindale-Hubbell
P.O. Box 7247-0292
Phila, PA  19170-0292


Mathew Bender & Co. Inc.,
P. O. Box 22030
Albany, NY  12201-2030


MBNA America
P. O. Box 15102
Wilmington, DE  19886-5102


Melissa S. Hall
P.O. Box 2062
Mansfield, OH  44905

Neman Marcus
P.O. Box 720848
Dallas, TX   75372-0848


OSI Collection Services, Inc.,
P.O. Box 6110
Westerville, OH   43086-6110


Panasonic Communications & Systems
P.O. Box 7023
Troy, MI   48007-7023


Pitney Bowes Credit Corporation
27 Waterview Drive
Sheltor, CT   06484-4361


Practitioners Publishing Company
P. O. Box 966
Fort Worth, TX   76101-0966


Richard Hoffman
Attorney At Law
1718 Boca Chica Blvd.,
Brownsville, TX   78521


Roundtree Associates
P. O. Box 3330
Plymouth, MA   02361-3330


Sarma Collections, Inc.,
c/o Argus Security Systems
1801 Broadway
San Antonio, TX   78215


SBDB Properties, Inc.,
dba International Plaza
Attn:  Fleming & Olvera, P.C.
1330 Paredes Line Road, Suite 102
Brownsville, TX   78521

Shepard's
P. O. Box 790329
St. Louis, MO  63179-0329

Smart Corporation
P. O. Box 1812
Alpharetta, GA  30005-9901

Southwestern Bell Telephone
P.O. Box 4845
Houston, TX  77097-0080

Southwestern Bell Wireless
P.O. Box 4460
Houston, TX  77097-0082

Southwestern Bell Yellow Pages
P.O. Box 630052
Dallas, TX  75263-0052

Southwestern Bell Yellow Pages
P.O. Box 500089
St. Louis, MO  63150-0089

Southwestern Directory Co.
8435 Directors Row, Suite A
Dallas, TX  75247

Sprint
P.O. Box 219718
Kansas City, MO  64121-9718

Tele-Care Communications
3505 Boca Chica Blvd., Suite 233
Brownsville, TX  78521

CMPDF - www.texliz.com

**Valley International Country Club**
**Los Campeones, Inc.,**
**P.O. Box 3850**
**Brownsville, TX  78523-3850**


**West Group**
**P.O. Box 64833**
**St. Paul, MN  55164-0833**


**Zun Computers**
**P.O. Box 8404**
**Brownsville, TX 78526**

Texas State Bank
Attn:  Special Assets Dept
3900 N. 10th Street
McAllen, TX  78501


The Columbia List
P. O. Box 425007
New Hyde Park, NY 11042-9820


The Commercial Bar
P. O. Box 2430
Easton, MD  21601


The Sign Factory
P. O. Box 3104
Harlingen, TX  78551


Thomas J. Lallier
Foley & Mansfield
200 Lafayette Building
1108 Nicollet Mall
Minneapolis, MN  55403


Toner Recycling & Service
2653 Sequoia Court
Brownsville, TX  78521


Ultra Business Machines
20 E. Elizabeth Street
Brownsville, TX  78520


United Parcel Service
P.O. Box 4980
Hagerstown, MD  21747


United Way of Southern Cameron County
P.O. Box 511
Brownsville, TX  78522-0511