IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 1 1 2001

Michael N. Milby
Clerk of Court

| | |
|---|---|
| ROBERT & GWENDOLYN BROOKS, § | |
| ALICE CESPEDES MADRAZO, § | |
| DAVID & JUDITH CLEMENCE, § | |
| ELISA P. De SIUN aka ELISA P. CHAIX, § | |
| SANDRA MADARIA, § | |
| RONALD L. MANN, § | |
| HECTOR ELIZONDONAJERA § | |
| MARY PEABODY, § | |
| WALTER E. PLITT, III, § | |
| ADOLFO PUMAJERO, § | |
| JEAN & H. REED SMITH, § | |
| MARIA ESTHER SOTO, § | |
| JORGE & BERTHA SUSTAETA, § | |
| JUAN & MARIA del CARMEN CAUDRA, § | |
| PAUL & ROSALYN CHILTON, § | CAUSE NO. . B-00-173 |
| JAMES & LORRAINE DEWAR, § | |
| CARLOS J. FLORES, § | PLAINTIFFS' REPLY TO |
| HUMBERTO RUIZ GARZA, § | DEFENDANTS' REPLY TO |
| ANKJAER JANSEN, § | PLAINTIFFS' RESPONSE TO |
| FOREST & ANN JOSTROM, § | MOTION FOR SUMMARY |
| § | JUDGMENT |
| JOHN S. LIGHT, § | |
| ROBERT LIGHT, § | |
| JOAQUIN & ANDELIA B. de MADERO, § | |
| NORMAN & ELAINE MEISSNER, § | |
| CHRISTOPHER L. PHILLIPPE, § | |
| ILA VIRGINIA PHILLIPPE, § | |
| MONICA K. PIER, § | |
| CHARLES & JESSIE RADLIFF, § | |
| PETE de la ROSA, III, § | |
| PATRICIA SMITH-WILLIS, § | |
| HARRY O. WHITE, Jr. § | |
| and ALLEN & RUTH WOLFE § | |
| § | |
| VS. § | |
| § | |
| KEN PLASTERER and NANCY JEANETTE BAILEY,§ | |
| Each Individually, and LOS CAMPEONES, INC., § | |
| Individually and dba VALLEY § | |
| INN & COUNTRY CLUB § | |

## PLAINTIFFS' RESPONSE TO MOTION FOR SUMMARY JUDGMENT

The Plaintiffs, by and through their attorney, Christopher Lee Phillippe, makes the following Reply to Defendants' Reply to Plaintiffs' Response to Motion for Summary Judgment, and would show unto the Court as follows:

**[A] (3) that Defendants' conduct was not undertaken pursuant to any Condominium Declaration or in contravention of The Texas Condominium Act or The Uniform Condominium Act.**

Defendants continue to assert that they have acted under the Covenants and Restrictions rather than under The Texas Condominium Act or The Uniform Condominium Act. The problem with this posture is that it fails to take into consideration the very purpose and legislative intent behind the Acts. "In enacting the Texas Condominium Act (the Act), Tex.Rev.Civ.Stat.Ann. art. 1301a, the Texas Legislature intended to create "a new method of property ownership."[1] 1963 Tex.Gen.Laws, Ch. 191, § 26 at 512." <u>Dutcher v. Owens</u>, 647 S.W.2d 948, 949 (Tex. 1983). "A condominium regime must be established according to the Act. The declaration must be filed with the county clerk, who must record the instrument in the Condominium Records. Once the declarant has complied with the provisions of the Act, each apartment in the project is treated as an interest in real property. Id. §§ 3, 4, & 7. ***Administration of the regime is established by the Act***. Id. §§ 13, 14 & 15. The condominium association or council is a legislatively created unincorporated association of co-owners having as their common purpose a convenient method of ownership of real property in a statutorily created method of ownership which combines both the concepts of separateness of tenure and commonality of ownership." <u>Dutcher</u> at 950.

---

[1] Condominium ownership is a tenure unknown at common law. Provisions for a form of condominium ownership can be found in the Roman civil law and the Napoleonic Code. 4B *Powell on Real Property* (Part III) ¶¶ 599, 633.1 *et. seq.* (1976).

While the legislative history of the Act is very scant,[2] the obvious intent was to create a unique form of property ownership which "is the merger of two estates in land into one: the fee simple ownership of an apartment or unit in a condominium project and a tenancy in common with other co-owners in the common elements." Scott v. Williams, 607 W.W.2d 267, 270 (Tex.Civ.App.—Texarkana 1980, writ ref'd n.r.e.); Tex. Rev. Civ.Sat. Ann. Art. 1301a; see also Comment, "The Condominium and the Corporation –A Proposal for Texas," 11 Hous.L.Rev. 454 (1974).  Furthermore, the Acts clearly state that administration of the condominium is through the association of owners rather than the Developer.  The Developer, having made the Condominium Declarations must follow the Condominium Acts rather than prior stipulations of the Developers Covenants and Restrictions, as apply to the governance and maintenance of the condominium, which includes the assessment of maintenance fees.

While there is no case law directly on point, the case law speaks to the fact that "the delegation of authority to the condominium association is implicit in the condominium scheme," Pooser v. Lovett Square Townhomes Owners' Assoc., 702 S.W.2d 226, 232-232 (Tex.App.—Houston [1st Dist.] 1985), rehearing denied; that the Developer "turn over" or "relinquish control to the condominium association members" (per the Condominium Acts) and acknowledges the conflicts of interest inherent in the developer's role versus the association's.  That is why the "[m]anaging and maintaining of the common property is the primary business of the association," not the developer once the Declaration has been made. (Restatement 3d Property, Servitudes s 6.20, and following Comments); see also Richard Gill Company v. Jacson's Landing Owners' Assoc., 758 S.W.2d 921 (Tex.App.—Corpus Christi 1988) rehearing denied.

---

[2] Dutcher at 950.

Defendants simply cannot choose to ignore the law to suit their own tastes.

### [B] Waiver, Ratification and Estoppel:

Despite the fact that Los Campeones may have assumed the role of Developer and/or have "at least attempted to undertake the developer's obligations," the fact of the matter is that Defendant failed to live up to *all* of the obligations of the Developer. Defendant cannot have it both ways.

As to Plaintiffs' complaint that Defendants have permitted the dumping of waste into the subdivision's resacas (Complaint, para. 159), that is a separate action in trespass.

### [C] Plaintiffs' RICO Claims are barred by Limitations:

Plaintiffs agree with Defendants that their circumstances are unique, and acknowledge that there is no case law on point, but deny that their action is patently non-suited to the "separate accrual" rule.

### [E] Defendants allege they are entitled to summary judgment upon all of the claims asserted by Plaintiffs Robert Brooks, Walter Plitt, Ankjaer Jensen, Maria Ester Soto, Patricia Smith Willis, and Christopher L. Phillippe because the summary judgment evidence conclusively demonstrates that all of the claims asserted by such Plaintiffs are barred by the Doctrines of *Res Judicata,* Collateral Estoppel and/or Judicial Estoppel:

Defendants' reply consisted of a statement that their reply "upon the issues of *res judicata,* collateral estoppel and/or judicial estoppel *will be forthcoming in detail at the submission of Defendants' Motion.*" Plaintiffs are still in the dark and have no way to prepare any counter-reply.

### [F] Defendant Nancy Jeanette Bailey alleges that she is entitled to summary judgment that Plaintiffs take nothing by their claims that she be held liable for the conduct of Los Campeones, Inc., as the alter-ego of Los Campeones, and such Defendant [sic] as well as Defendant Ken Plasterer alleges that they are entitled to summary judgment that they not be held liable or conspiring with Los Campeones, Inc. or among themselves as Officers of Los Campeones, Inc. because the summary judgment evidence conclusively demonstrated that

**Defendant Nancy Jeanette Bailey was not the alter-ego of Los Campeones, Inc. and that Defendants Bailey and Plasterer, as officers of Los Campeones, Inc. were legally incapable of conspiring with each or with Los Campeones, Inc. to injure the Plaintiffs.**

No discovery has yet been permitted due to the numerous motions to dismiss filed and then withdrawn by Defendants. Any further argument beyond what is set forth in Plaintiffs' original Response to the Motion for Summary Judgment purposes is premature until discovery is permitted.

Except as supplemented herein, Plaintiffs rest and rely on their original Response to Defendants' Motion for Summary Judgment.

RESPECTFULLY SUBMITTED,

_____
Christopher Phillippe
Fed. Bar #709
Law Offices of Christopher Phillippe
307-3 McFadden Drive,
Brownsville, Texas 78520
(956) 544-6096
(956) 982-1921
Attorney for Plaintiffs
STATE BAR NO. 15915400

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiffs' Reply to Defendants' Reply to Plaintiffs' Response to Motion for Summary Judgment has been served upon Mr. Norton A. Colvin, Jr., of Rodriguez, Colvin & Chaney, L.L.P., 1201 East Van Buren, P.O. Box 2155, Brownsville, Texas 78522; facsimile: (956) 541-2170; Mr. Ernesto Gamez, Jr., of the Law Offices of Ernest Gamez, Jr. P.C., 777 E. Harrison, Brownsville, Texas 78520-7118; facsimile: (956) 541-7694; and Mr. William A. Faulk, Jr. of Rentrfro, Faulk & Blakemore, L.L.P., 185 E. Ruben M. Torres, Sr. Blvd., Brownsville, Texas 78520-9135; facsimile: (956) 541-9695, either by facsimile, hand delivery, or certified mail, return receipt requested on this 11th day of July, 2001.

_____
Christopher Phillippe

Plaintiffs Reply to Defendants' Reply to
Plaintiffs' Response to Motion for Summary Judgment
Page 5 of 5