37

United States District Court
Southern District of Texas
FILED

JUL 1 1 2001

Michael N. Milby
Clerk of Court

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ROBERT & GWENDOLYN BROOKS, | § | |
| ALICE CESPEDES MADRAZO, | § | |
| DAVID & JUDITH CLEMENCE, | § | |
| ELISA P. De SIUN aka ELISA P. CHAIX, | § | |
| SANDRA MADARIA, | § | |
| RONALD L. MANN, | § | |
| HECTOR ELIZONDONAJERA | § | |
| MARY PEABODY, | § | |
| WALTER E. PLITT, III, | § | |
| ADOLFO PUMAJERO, | § | |
| JEAN & H. REED SMITH, | § | |
| MARIA ESTHER SOTO, | § | |
| JORGE & BERTHA SUSTAETA, | § | |
| JUAN & MARIA del CARMEN CAUDRA, | § | |
| PAUL & ROSALYN CHILTON, | § | CAUSE NO. . B-00-173 |
| JAMES & LORRAINE DEWAR, | § | |
| CARLOS J. FLORES, | § | FIRST AMENDED |
| HUMBERTO RUIZ GARZA, | § | COMPLAINT and |
| ANKJAER JANSEN, | § | |
| FOREST & ANN JOSTROM, | § | DEMAND FOR |
| JOHN S. LIGHT, | § | JURY TRIAL |
| ROBERT LIGHT, | § | |
| JOAQUIN & ANDELIA B. de MADERO, | § | |
| NORMAN & ELAINE MEISSNER, | § | |
| CHRISTOPHER L. PHILLIPPE, | § | |
| ILA VIRGINIA PHILLIPPE, | § | |
| MONICA K. PIER, | § | |
| CHARLES & JESSIE RADLIFF, | § | |
| PETE de la ROSA, III, | § | |
| PATRICIA SMITH-WILLIS, | § | |
| HARRY O. WHITE, Jr. | § | |
| and ALLEN & RUTH WOLFE | § | |
| | § | |
| VS. | § | |
| | § | |
| KEN PLASTERER and | § | |
| NANCY JEANETTE BAILEY, | § | |
| Each Individually, and | § | |
| LOS CAMPEONES, INC., | § | |
| Individually and dba VALLEY | § | |
| INN & COUNTRY CLUB | § | |

First Amended Complaint

Page 1 of 42

CitiPDF - www.fnsio.com

## FIRST AMENDED COMPLAINT

The Plaintiffs, by and through their attorney, Christopher Lee Phillippe, for their

Complaint against the Defendants state as follows:

## PARTIES AND RELATIONSHIPS

Plaintiffs:

1.      Plaintiffs, **ALICE CESPEDES MADRAZO, ELISA P. De SIUN aka ELIZA P.**

**CHAIX, SANDRA MADARIA, RONALD L. MANN, WALTER E: PLITT, III, ADOLFO**

**PUMAJERO, MARIA ESTHER SOTO, and JORGE & BERTHA SUSTAETA** are

individuals who reside in Cameron County, Texas, and own real property (single family

residences) located in Brownsville, Cameron County, Texas.

2.      Plaintiffs **ROBERT & GWENDOLYN BROOKS** are residents of Duluth,

Minnesota, and own real property (a single family residence and several condominium

units) located in Brownsville, Cameron County, Texas.

3.      Plaintiffs **DAVID & JUDITH CLEMENCE** are residents of Sayner, Wisconsin, and

own or owned real property (a single family residence and a condominium) located in

Brownsville, Cameron County, Texas.

4.      Plaintiff **HECTOR ELIZONDO NAJERA** is a resident of Tampico, Mexico, and

owns real property (a single family residence) located in Brownsville, Cameron County,

Texas.

5.      Plaintiff **MARY PEABODY** is a resident of Ft. Lauderdale, Florida, and owns real

property (a single family residence) located in Brownsville, Cameron County, Texas.

First Amended Complaint

6.      Plaintiffs **JEAN & H. REED SMITH** are residents of Houston, Texas, and owns real property (a single family residence) located in Brownsville, Cameron County, Texas.

7.      Plaintiffs **JUAN I. CAUDRA, PAUL L. CHILTON, JOAQUIN & ANDELIA B. de MADERO, CARLOS J. FLORES, ANKJAER JANSEN, JOHN S. LIGHT, ROBERT LIGHT, NORMAN & ELAINE MEISSNER, CHRISTOPHER L. PHILLIPPE, ILA VIRGINIA PHILLIPPE, MONICA K. PIER, CHARLES & JESSIE RADLIFF, PETE de la ROSA, III, HARRY O. WHITE, Jr., and ALLEN & RUTH WOLFE** are individuals who reside in Cameron County, Texas, and own real property (condominiums) located in Brownsville, Cameron County, Texas.

8.      Plaintiffs **JAMES & LORRAINE DEWAR** is a resident of Eau Claire, Wisconsin, and owns real property (a condominium) located in Brownsville, Cameron County, Texas.

9.      Plaintiff **HUMBERTO RUIZ GARZA and PATRICIA SMITH-WILLIS** are residents of Tampico, Mexico, and own real property (condominiums) located in Brownsville, Cameron County, Texas.

10.     Plaintiffs **FOREST & ANN JOSTROM** is a resident of Spring Park, Minnesota, and owns real property (a condominium) located in Brownsville, Cameron County, Texas.

## Defendants:

11.     Defendant KEN PLASTERER is an individual who rides in Brownsville, Texas and may be served at Highway 77 at F.M. Road 802, Brownsville, Cameron County, Texas 78520.

12.     Defendant NANCY JEANETTE BAILEY formerly known as Nancy Bailey

Plasterer is an individual who currently rides in Bennettsville, South Carolina and may

be served at Jennings Street, Marlboro County, South Carolina 29512.

13.     Defendant LOS CAMPEONES, INC. is a Texas corporation and has filed an

assumed name as doing business as Valley Inn & Country Club, and may be served

with process by serving: Ken Plasterer, registered agent and sole shareholder, at

Highway 77 at F.M. Road 802, Brownsville, Cameron County, Texas 78520.

**COUNT I:**

**RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT
(18 UNITED STATES CODE SECTIONS 1962(a),(b),(c), and (d) )**

**SUBJECT MATTER JURISDICTION**

14.     Plaintiffs repeat and re-allege the allegations contained in paragraphs 1 through

13 of this complaint as fully as if set forth herein.

15.     This Court has jurisdiction over these claims for relief under 18 U.S.C. sec.

1964(a) and 1964(c); and 28 U.S.C. sec. 1331; and has diversity jurisdiction under 28

U.S.C. § 1332 in that this action is between citizens of different states and different

countries.

**PERSONAL JURISDICTION AND VENUE**

16.     Personal jurisdiction and venue are predicated upon 18 U.S.C. sec. 1965(a) and

(b) and 28 U.S.C. sec. 1391(b) since the Defendants are residents of, have an agent or

agents, or transact their affairs in the Southern District of Texas, and the acts and

occurrences in furtherance of the claims alleged herein arose in the Southern District of

Texas, and because the ends of justice require that other parties residing in other districts be brought before the court.

## BACKGROUND/INTRODUCTION

17.     The land in question comprises thousands of acres located in Brownsville, Cameron County, Texas in the general area commonly referred to as Valley Inn & Country Club Estates.  Over the past thirty years, this area has been developed by a number of different entities: Valley Inn & Country Club, Inc., Los·Rios, Valley International Properties, Inc., Los Conquistadores, Ltd. and Valley International Construction Co., Inc.

18.     VALLEY INN & COUNTRY CLUB, INC., a Texas profit corporation, was organized "to deal in all kinds of real and personal property" and incorporated on or about February 15, 1965.  Its Articles of Incorporation were amended on August 28, 1972, changing the number of shares and its name to VALLEY INTERNATIONAL PROPERTIES, INC.  Copies of the Articles of Incorporation and Articles of Amendment are annexed hereto and made a part of this complaint, and are marked ***Exhibits 1 and 2***, respectively.

19.     VALLEY INTERNATIONAL PROPERTIES, INC. was a Texas profit corporation, which was involuntarily dissolved by the Texas Secretary of State on October 23, 1980 for failure to maintain a registered agent.  Pat Stanford, the President and Registered Agent continued to "operate" Valley International Properties Inc. until his death in approximately 1998, during which time Pat Stanford and Valley International Properties, Inc. were additional actors in the enterprise and activities complained of herein.

20.    R.G. VALLEY INN & COUNTRY CLUB, INC. was incorporated on or about

December 21, 1965 to "operate and maintain a private club and country club,"

subsequently known as the Valley Inn & Country Club.  A copy of the Articles of

Incorporation of the R.G. VALLEY INN & COUNTRY CLUB, INC., as a nonprofit

corporation, under the laws of the State of Texas is annexed hereto and made a part of

this complaint, and marked *Exhibit 3*.

21.    The real property constituting the amenities/facilities of Valley Inn & Country Club

was owned (until June 1977) by LOS CONQUISTADORES, LTD., a partnership

comprised of a general partner, Bill D. Bass, and a limited partner, Martin Harper.

22.    R.G. VALLEY INN & COUNTRY CLUB, INC. subsequently forfeited its charter for

failure to pay franchise taxes since. March 13, 1978, and was not in good standing

when its charter was forfeited.  A copy of the Determination of Forfeiture is annexed

hereto and made a part of this complaint, and marked *Exhibit 4.*

23.    VALLEY INTERNATIONAL CONSTRUCTION CO., INC., was incorporated on or

about April 14, 1969; and forfeited its corporate charter for failure to pay franchise taxes

on or about March 16, 1981.  Copies of the Articles of Incorporation and a letter from

the State Comptroller's Office of Public Accounts requesting the forfeiture of the charter

effective March 16, 1981 are annexed hereto and made a part of this complaint, and

marked *Exhibits 5 and 6,* respectively.

24.    Between 1969 and 1977, Valley Inn & Country Club, Inc. (later to be known as

Valley International Properties Inc.), Valley International Construction Company, Inc.,

Rio Properties and Valley International Properties, Inc. developed and/or purchased and

sold real property in the general area commonly known as Valley Inn & Country Club

Estates and Rancho Viejo.  In Covenants and Restrictions and Condominium

Declarations this area has been referred to as Valley Inn & Country Club Estates, as

well as "property located in and adjacent to Brownsville Land and Improvement

Company Subdivision," and tracts out of the "Media Luna Subdivision", subdivisions of

Brownsville, Cameron County, Texas.  Copies of the pertinent Covenants and

Restrictions are annexed hereto and made a part of this complaint, and are marked *as*

***Exhibits 7 and 8.***  Condominium Declarations affecting related real property were filed

of record in Cameron County, Texas; specifically Valley Inn & Country Club

Condominium Nos. 1, 2, 3, 4, 5, 6, and 9.  Copes of the pertinent Condominium

Declarations are annexed hereto and made a part of this complaint, and are marked

respectively, ***Exhibits 9 through 15,*** inclusive.

25.     During this time period certain other real property located in Brownsville,

Cameron County, Texas was allegedly set aside by Valley Inn & Country Club, Inc.,

Valley International Construction Company, Inc. and/or Valley International Properties

Inc. and/or Rio Properties as Condominiums; however no Condominium Declarations

have been located in the real property records of Cameron County, Texas.  Specifically,

Plaintiffs refer to Valley Inn & Country Club Condominiums Nos. 7 and 8.

26.     Regimes, otherwise known as Rules, Regulations and ByLaws, for Valley Inn &

Country Club Condominium Nos. 1 and 5 have been located but they were not

recorded.  Copies of those Regimes are annexed hereto and made a part of this

complaint, and are marked ***Exhibits 16 and 17,*** respectively.  A Regime for

Condominium No. 9 was filed of record in the real property records of Cameron County, Texas, and is annexed hereto and made a part of this complaint, and marked **Exhibit 18.**

27.     Neither Declarations for Condominiums Nos. 7 and 8, nor Regimes for Condominiums Nos. 2, 3, 4, 6, 7 or 8 have been located in the real property records, condominium records or miscellaneous records of Cameron County, Texas.

28.     On December 6, 1976, Valley International Properties, Inc. ("VIP") and Los Conquistadores, Ltd. filed Chapter 11 Proceedings for an Arrangement.  The proceedings were subsequently dismissed on November 30, 1997 for Debtors' failure to post ordered deposit. A copy of that dismissal is annexed hereto and made a part of this complaint, and is marked **Exhibit 19.**  A final determination as to the Estates of VIP and Los Conquistadores, Ltd. was signed on February 8, 1979, and a copy is annexed hereto and made a part of this complaint, and is marked **Exhibit 20.**  The Debtors were not discharged by the bankruptcy court.

29.     On June 6, 1977, at foreclosure sale authorized under Chapter 11 Bankruptcy proceedings, LOS CAMPEONES, INC. purchased the real property on which the amenities/facilities of Valley Inn & Country Club are located.  Also sold at the same foreclosure sale were 250,661 shares of the 424,000 outstanding shares of stock of VIP, which were also purchased by LOS CAMPEONES, INC.  Copies of two articles, *Country Club Tracts Sold*, The Brownsville Herald, June 7, 1977, at 1 and 14, and *Campeones Buys Stock to Control VIP Here*, The Brownsville Herald, June 8, 1977 at 1 and 16-A, are annexed hereto and made a part of this complaint, and are marked **Exhibits 21 and 22,** respectively.

30.    On December 16, 1978, Los Campeones, Inc. filed an Assumed Name
Certificate with the Secretary of State of Texas to transact business in the name of
VALLEY INN & COUNTRY CLUB.  A copy of that certificate is annexed hereto and
made a part of this complaint, and is marked *Exhibit 23.*

31.    On May 13, 1993 Los Campeones, Inc. filed an Assumed Name Certificate with
the Secretary of State of Texas to transact business in the name of VALLEY
INTERNATIONAL COUNTRY CLUB.  A copy of that certificate is annexed hereto and
made a part of this complaint, and is marked *Exhibit 24.*

32.    On May 27, 1993 Los Campeones, Inc. filed an Assumed Name Certificate with
the Secretary of State of Texas to transact business in the name of VALLEY INN &
COUNTRY CLUB.  A copy of that certificate is annexed hereto and made a part of this
complaint, and is marked *Exhibit 25.*

33.    In March 1995, Pat Stanford sold his shares in Los Campeones, Inc. to Ken
Plasterer, making him the sole shareholder of Los Campeones, Inc.  A copy of his
announcement letter is annexed hereto and made a part of this complaint, and is
marked *Exhibit 26.*

34.    Los Campeones, Inc. has declared that it had "bought" the "Valley Inn & County
Club" ("VICC") and has in the past, and continues to illegally collect and attempt to
collect, "social club" fees ( i.e. country club membership fees).  In truth and fact it only
purchased real property, "land," like any other purchaser in the area.  Los Campeones,
Inc. did not purchase R.G. VALLEY INN & COUNTRY CLUB, INC., the business entity

of VICC, and has/had no legal right to assess country club membership fees, nor file liens on real property and foreclose on same for failure to pay assessed membership fees in VICC.

35.    While Los Campeones, Inc. has declared itself to be the successor-in-interest to "the Developer", in truth and fact, it is the successor only of VIP, which was only one of several developers of the real property. Alleging to be *the* successor-in-interest to "the Developer," of the real property commonly known as Valley Inn & Country Club Estates, (including both single family residences and declared condominiums), Los Campeones, Inc. has in the past, and continues to illegally collect and attempt to collect, maintenance fees and other assessments, pursuant to the Deed Restrictions, Covenants and ByLaws of Country Club Estates and as allegedly applicable per the Declarations of Condominiums Nos. 1 through 9, inclusive.  Such illegal activity has included enforced collection of such fees by illegal foreclosures.

36.    Furthermore, assessments of maintenance fees and execution of liens for same by Los Campeones, Inc. against the owners of the condominiums and their property is in direct violation of the provisions of the Texas Condominium Act (Texas Property Code §81.011, *et. seq.*) and the Texas Uniform Condominium Act (Texas Property Code § 82.001, *et. seq.*).

37.    V.I.C.C. HOMEOWNER'S ASSOCIATION, INC. ("VICC HOA") was incorporated on or about December 13, 1982 as a non-profit corporation.  This entity's corporate charter is currently in good standing.  Copies of the Articles of Incorporation the ByLaws

Country Club Inc. and Valley International Properties Inc. in the old abandoned Covenants and Restrictions recorded by the old developer, when in truth and fact LOS CAMPEONES was only a "purchaser" of land pursuant to the Covenants and Restrictions;

b. representing, in numerous mass mailings, that LOS CAMPEONES had the right to collect the maintenance fees and social club fees which it assessed, when in truth and fact it had no right to do so;

c. representing, in numerous mass mailings, that LOS CAMPEONES had the right to collect maintenance fees, unilaterally set by LOS CAMPEONES, based on the rights of Valley Inn & Country Club, Inc. and Valley International Properties Inc. ("VIP") in the old Covenants and Restrictions;

d. representing, in numerous mass mailings, that LOS CAMPEONES was taking control of the subdivision and country for the purpose of developing it into the "Premier Resort in the Southwest", including numerous improvements, discussed infra, when in truth and fact LOS CAMPEONES intended to defraud lot and condominium owners and purchasers.

41.    For the purpose of executing the scheme to infiltrate and maintain control of the area commonly referred to as Valley Inn & Country Club subdivision, Pat Stanford, and Defendant KEN PLASTERER, both individually and as the sole shareholders of LOS CAMPEONES, utilizing Los Campeones, Inc. as their alter ego, together with together with NANCY JEANETTE BAILEY formerly known as Nancy Bailey Plasterer, devised a fraudulent tradename, scheme, device, artifice to defraud, and/or representation by appropriating the old developer's tradename "Valley Inn & Country Club" and its logo

and using same for the purpose of holding themselves out as the legal successors to VALLEY INN & COUNTRY CLUB, INC. ("VICC Inc.") and/or Valley International Properties, Inc. ("VIP"), with the right to enforce the covenants and restrictions recorded by VICC Inc. and/or VIP., when in truth and fact the Defendants only purchased the land and a portion of VIP stock, which had been foreclosed by VIP and Los Conquistadores, Ltd.'s mortgagee.  They did not purchase all of the stock of VIP; are not successors to the other developers of title record, and made no purchase of stock or personal property of R.G. Valley Inn & Country Club Inc.  Defendants caused to be mailed numerous letters through the U.S. Postal Service using this fraudulent device, as detailed infra.

42.     VIP, NANCY JEANETTE BAILEY formerly known as Nancy Bailey Plasterer, PAT STANFORD and KEN PLASTERER, using the corporate fiction of LOS CAMPEONES as their alter ego, refused to recognize the power and authority of the Property Owners Association, V.I.C.C. Homeowner's Association Inc.  In furtherance of this scheme to infiltrate and maintain control of the subdivision, VIP, Pat Stanford, NANCY JEANETTE BAILEY formerly known as Nancy Bailey Plasterer, KEN PLASTERER and LOS CAMPEONES made numerous misrepresentations to the various property owners of both single family residences and condominiums, stating that they/he/it had sole power and authority as the "successor-in-interest to the Developer" for maintenance and assessment purposes concerning the country club, the single family residences, and the condominiums.

43.     A copy of the **Condominium Declaration** for Valley International **Condominium No. 1,** recorded by Valley Inn & Country Club Inc. and Rio Properties, a partnership, in

the Condominium Records of Cameron County, Texas, Vol. 1, Page 203, *et seq.*, has been previously annexed hereto and made a part of this complaint, and marked **Exhibit 9.**

44.    A copy of the **Condominium Declaration** for Valley International **Condominium No. 2,** executed on December 30, 1971 by Bill Bass as President of Valley Inn & Country Club Inc., and together with Anne Glenn and J. M. Heaner, on behalf of Rio Properties, a partnership, and recorded on January 18, 1972, in·the Condominium Records of Cameron County, Texas, Vol. 2, Page 135, *et seq.*, has been previously annexed hereto and made a part of this complaint, and marked **Exhibit 10.**

45.    A copy of the **Condominium Declaration** for Valley Inn & Country Club **Condominium No. 3** executed on June 19, 1972 by J. M. Heaner, President of Valley International Construction Company, Inc., and recorded on June 20, 1972, in the Condominium Records of Cameron County, Texas, Vol. 2, Page 443, *et seq.*, has been previously annexed hereto and made a part of this complaint, and marked **Exhibit 11.**

46.    A copy of the **Condominium Declaration** for Valley Inn & Country Club **Condominium No. 4** executed on June 19, 1972 by J. M. Heaner, President of Valley International Construction Company, Inc., and recorded on June 20, 1972, in the Condominium Records of Cameron County, Texas, Vol. 2, Page 405, *et seq.*, has been previously annexed hereto and made a part of this complaint, and marked **Exhibit 12.**

47.    A copy of the **Condominium Declaration** for Valley Inn & Country Club **Condominium No. 5,** executed on December 14, 1972 by J. M. Heaner, President, of Valley International Construction Company, Inc., and recorded on February 22, 1973, in

the Condominium Records of Cameron County, Texas, Vol. 2, Page 679, *et. seq.*, has previously been annexed hereto and made a part of this complaint, and marked *Exhibit 13*.

48.    A copy of the **Condominium Declaration** for Valley Inn & Country Club **Condominium No. 6,** executed on March 8, 1973 by J. M. Heaner, President of Valley International Construction Company, Inc., and recorded on March 19, 1973, in the Condominium Records of Cameron County, Texas, Vol. 3, Page 1, *et. seq.* has previously been annexed hereto and made a part of this complaint, and marked *Exhibit 14*.

49.    A copy of the **Condominium Declaration** for Valley Inn & Country Club **Condominium No. 9,** executed on June 14, 1974 by Bill Bass, President of Valley International Properties, Inc., and recorded on November 7, 1974, in the Condominium Records of Cameron County, Texas, together with the attendant Regime ("Management Association Rules, Regulations and By-Laws), Vol. 5, Page 164, *et. seq.*, have previously been annexed hereto and made a part of this complaint, and marked *Exhibits 15 and 18*, respectively.

50.    An unrecorded copy of the **Regime** for Valley Inn & Country Club **Condominium No. 1,** executed on September 20, 1971 by Bill D. Bass, President of Valley Inn & Country Club, Inc., as well as by Bill D. Bass, Anne H. Glean and J.M. Heaner on behalf of Rio Properties, a partnership, has previously been annexed hereto and made a part of this complaint, and marked *Exhibit 16*.

51.    An unrecorded copy of the **Regime** for Valley Inn & Country Club **Condominium No. 5,** executed on September 20, 1971 by Bill D. Bass, President of Valley Inn &

Country Club, Inc., as well as by Bill D. Bass, Anne H. Green and J.M. Heaner on behalf

of Rio Properties, a partnership, has previously been annexed hereto and made a part

of this complaint, and marked **Exhibit 17.**

52.     The foregoing Covenants and Restrictions, and Condominium Declarations and

Regimes are devices used to commit numerous extortion schemes, and contain various

provisions contrary to Texas condominium law.  VIP, Pat Stanford, NANCY JEANETTE

BAILEY formerly known as Nancy Bailey Plasterer, KEN PLASTERER and LOS

CAMPEONES, INC. had no right to unilaterally control the entire subdivision or to

collect maintenance fees based on these covenants and restrictions, particularly since

an active property owner's association, V.I.C.C. Inc. has been in existence since

December 13, 1982.

53.     Furthermore, VIP, Pat Stanford, NANCY JEANETTE BAILEY formerly known as

Nancy Bailey Plasterer, KEN PLASTERER and LOS CAMPEONES, INC. had no right

to unilaterally control the various condominiums through a Board of Managers or the

Board of Directors of VICC, which boards were unilaterally picked and controlled by the

Defendants, contrary to Texas condominium law.  Defendants, through fraudulent

misrepresentations and coercion had no right prevent the proper establishment and

organization of property owners associations for the various condominiums pursuant to

Texas law.

54.     In furtherance of these schemes, since June 7, 1977, VIP and Pat Stanford acted

with NANCY JEANETTE BAILEY formerly known as Nancy Bailey Plasterer, KEN

PLASTERER and LOS CAMPEONES, INC., and KEN PLASTERER and LOS

CAMPEONES, Inc. have subsequently continued to the present and caused numerous

mailings to be placed in the U.S. Postal Service and mailed through the U.S. in order to carry out defendants extortion plan for purposes of obtaining money:

(a)    collecting from property owners "past due charges," and current charges, including but not limited to various maintenance fees, social club fees, and street maintenance/repair assessments, which many property owners had refused to pay since they had not received the services promised for;

(b)    to extort from property owners fees, including but not limited to, various maintenance fees, social club fees, and street maintenance/repair assessments for future periods in which VIP, PAT STANFORD, KEN PLASTERER and LOS CAMPEONES, INC. failed to provide the promised services; and

(c)    threatened and/or carried-out foreclosure based upon false and illegal liens for such fees.

55.    As part of the extortion schemes of Defendants, Defendants took enforcement action by illegally placing liens on properties, and charging numerous fees for services not rendered, such as maintenance fees for water and lawn mowing, where no such maintenance was done.  Additionally, instead of maintaining all of the common areas and amenities, Defendants have, without the required property owners' approval, closed a number of the swimming pools.

56.    As part of the extortion schemes of Defendants, Defendants continue to assess and collect alleged "mandatory" social fees for the "private" country club and its facilities, but have subsequently opened the facilities to the public at large, without prior "member" (i.e. property owners) approval.  Defendants have continued to bill fraudulent charges, and this practice continues to the present time.

## ENTERPRISE

57.    The racketering enterprise, within the meaning of 18 U.S.C. Section 1961, is an association in fact of Valley International Properties, Inc. ("VIP"), Pat Stanford, NANCY JEANETTE BAILEY formerly known as Nancy Bailey Plasterer and KEN PLASTERER and LOS CAMPEONES, INC., organized around the Valley Inn & Country Club subdivision and country club based on each defendant's particular function within the enterprise.  These various associates function as a continuing unit.

58.    In the alternative, the racketeering enterprise is VIP, Pat Stanford, NANCY JEANETTE BAILEY formerly known as Nancy Bailey Plasterer and KEN PLASTERER, employed and/or formerly employed by LOS CAMPEONES, INC. and is associated with LOS CAMPEONES, INC. and x, y, z are associated with the enterprise.

59.    The enterprise is an entity separate and apart from the pattern in which it engages, to wit:

a. the enterprise has a distinct structure based on the essential functions of operating what defendants refer to as the "Valley Inn & Country Club", e.g. marketing functions, security functions, financing functions, etc.;

b. the enterprise has employed numerous employees in order to discharge the functions of the "Valley Inn & Country Club";

c. the enterprise has a distinct structure including the Valley Inn & Country Club administration building, security and marketing force;

d. the enterprise has fraudulently enforced covenants and restrictions and rules and regulations in support of the enterprise.

60.     The common purpose of the enterprise is to extort yearly maintenance fees and

social club fees from property owners while failing to provide the promised maintenance

and other services.

61.     The enterprise is engaged in interstate or foreign commerce.

## MAIL FRAUD (18 U.S.C.§ 1341)

62.     From on or about November 1, 1990, and continuing through the present date, in

the Southern District of Texas and elsewhere, the Defendants, knowingly devised

and/or intended to devise a scheme or artifice to defraud Plaintiffs, in order to obtain

money and property by means of false and fraudulent pretenses, representations and

promises, through the mailing of false and fraudulent invoices for maintenance fees,

social club fees and road assessments, and dunning and collection notices.

63.     The effect of the scheme and artifice was that, based on false and fraudulent

invoices for maintenance fees, social club fees, and road assessments, the Plaintiffs,

have paid funds to the Defendants, under threat of legal action and foreclosure on real

property, which funds were not legally due and owing to the Defendants.

64.     The manner and means of the scheme and artifice to defraud and to obtain

money and property by means of false and fraudulent pretenses, representations and

promises included preparing monthly invoices for maintenance fees, social club fees,

road assessments and other sundry services.  Plaintiffs would pay these fraudulent

invoices, usually by check.  If Plaintiffs failed to pay these invoices, they received

dunning and collection notices, including letters that foreclosure actions on their

property would be taken if the invoices and amounts outstanding, as alleged by

Defendants, were not paid.

65.    On or about the 15th of each month, in the Southern District of Texas and elsewhere, Defendants, for the purpose of executing and attempting to execute the above described scheme and artifice to defraud, and to obtain money and property by means of false and fraudulent pretenses, representations and promises, knowingly placed in post office(s) or other authorized depositories for mail matter, invoices, dunning notices, and liens and/or foreclosure notices, which are been sent and continue to be sent or delivered by the Postal Service, or deposited or caused to be deposited invoices, dunning notices, and liens and/or foreclosure notices, to be sent or delivered by any private or commercial interstate carrier, and have taken and received therefrom, and continue to take and receive therefrom, invoices, dunning notices, and liens and/or foreclosure notices, and have knowingly caused and continue to be caused to be delivered by mail or such carrier according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed invoices, dunning notices, and liens and/or foreclosure notices, in violation of Title 18 United States Code Section 1341.

66.    Annexed hereto and made a part of this complaint, and marked as *Exhibit 29* are copies of representative invoices/billing statements sent by Defendants to Robert  & Gwendolyn Brooks.

67.    Annexed hereto and made a part of this complaint, and marked as *Exhibit 30* are copies of representative dunning notices sent by Defendants to Robert & Gwendolyn Brooks.

68.     Annexed hereto and made a part of this complaint, and marked as *Exhibit 31*
are copies of representative invoices/billing statements sent by Defendants to Alicia
Cespedes Madrazo.

69.     Annexed hereto and made a part of this complaint, and marked as *Exhibit 31a*
are copies of representative dunning notices sent by Defendants to Alicia Cespedes
Madrazo.

70.     Annexed hereto and made a part of this complaint, and marked as *Exhibit 32*
are copies of representative invoices/billing statements sent by Defendants to Paul &
Rosalyn Chilton.

71.     Annexed hereto and made a part of this complaint, and marked as *Exhibit 33*
are copies of representative dunning notices sent by Defendants to Paul & Rosalyn
Chilton.

72.     Annexed hereto and made a part of this complaint, and marked as *Exhibit 34*
are copies of representative invoices/billing statements sent by Defendants to David &
Judith Clemence.

73.     Annexed hereto and made a part of this complaint, and marked as *Exhibit 35*
are copies of representative invoices/billing statements sent by Defendants to Juan &
Maria Cuadra.

74.     Annexed hereto and made a part of this complaint, and marked as *Exhibit 36*
are copies of representative invoices/billing statements sent by Defendants to Elisa de
Siun (aka Elisa Chaix).

75.    Annexed hereto and made a part of this complaint, and marked as ***Exhibit 37***
are copies of representative invoices/billing statements sent by Defendants to James &
Lorraine Dewar.

76.    Annexed hereto and made a part of this complaint, and marked as ***Exhibit 38***
are copies of representative invoices/billing statements sent by Defendants to John S.
Light.

77.    Annexed hereto and made a part of this complaint, and marked as ***Exhibit 39***
are copies of representative dunning notices sent by Defendants to John S. Light.

78.    Annexed hereto and made a part of this complaint, and marked as ***Exhibit 40***
are copies of representative invoices/billing statements sent by Defendants to Norman
& Elaine Meissner.

79.    Annexed hereto and made a part of this complaint, and marked as ***Exhibit 41***
are copies of Notice of Lien for Unpaid Maintenance Assessments, Trustee's Deed,
Collection letters and Petition for Declaratory Judgment to Remove Cloud of Title sent
by Defendants' legal representative to Hector Elizondo Najera.

80.    Annexed hereto and made a part of this complaint, and marked as ***Exhibit 42***
are copies of representative invoices/billing statements sent by Defendants to Mary
Peabody.

81.    Annexed hereto and made a part of this complaint, and marked as ***Exhibit 43*** is
a copy of a representative dunning notice sent by Defendants' legal representative to
Mary Peabody.

82.    Annexed hereto and made a part of this complaint, and marked as ***Exhibit 44*** is
a copy of a lawsuit filed on Defendants' behalf against Mary Peabody.

First Amended Complaint                                                    Page 23 of 42

83.     Annexed hereto and made a part of this complaint, and marked as **Exhibit 45**
are copies of representative invoices/billing statements sent by Defendants to Walter E.
Plitt, III.

84.     Annexed hereto and made a part of this complaint, and marked as **Exhibit 46**
are copies of representative invoices/billing statements sent by Defendants to Charles &
Jessie Radliff.

85.     Annexed hereto and made a part of this complaint, and marked as **Exhibit 47**
are copies of representative invoices/billing statements sent by Defendants to Patricia
Smith-Willis.

86.     Annexed hereto and made a part of this complaint, and marked as **Exhibit 48**
are copies of representative invoices/billing statements sent by Defendants to Harry O.
White, Jr.

87.     Annexed hereto and made a part of this complaint, and marked as **Exhibit 49**
are copies of representative invoices/billing statements sent by Defendants to Allen &
Ruth Wolfe

## **WIRE FRAUD (18 U.S.C. § 1343)**

88.     Defendants having devised or intending to devise a scheme or artifice to defraud
Plaintiffs, have obtained and continue to obtain money or property by means of false or
fraudulent pretenses, representations, or promises, and have transmitted and continue
to transmit by means of wire in interstate and foreign commerce, various writings for the
transfer of currency, for the purpose of executing such scheme or artifice.  Defendants
have received, accepted and deposited into their accounts, checks, money orders,
money wires and bank wires falsely solicited from Plaintiffs in payment of false and

the developer with all legal rights to assess and collect fees and assessments from property owners, with the attendant enforcement right of foreclosure upon real property. As such, Valley International Properties Inc. has engaged with the other Defendants in the enterprise of extorting yearly maintenance fees and social club fees from property owners while failing to provide the promised maintenance and other services. Defendant has committed mail fraud under 18 U.S.C. §1341 and wire fraud under 18 U.S.C. § 1343 in carrying out this enterprise.

96.  LOS CAMPEONES, INC. has joined with the other Defendants named herein in falsely representing itself as the "successor-in-interest" of developer and of Valley Inn & Country Club, with all legal rights to assess and collect fees and assessments from property owners, with the attendant enforcement right of foreclosure upon real property. As such, Valley International Properties Inc. has engaged with the other Defendants in the enterprise of extorting yearly maintenance fees and social club fees from property owners while failing to provide the promised maintenance and other services. Furthermore, LOS CAMPEONES, INC. controls 50% or more of Defendant VALLEY INTERNATIONAL PROPERTIES, INC.   Defendant has committed mail fraud under 18 U.S.C. §1341 and wire fraud under 18 U.S.C. § 1343 in carrying out this enterprise.

97.    Prior to March 1995, LOS CAMPEONES, INC. served as the alter ego of its two shareholders, PAT STANFORD and KEN PLASTERER. NANCY JEANETTE BAILEY formerly known as Nancy Bailey Plasterer, was a Director of Los Campeones, and wife of KEN PLASTERER.  As such, NANCY JEANETTE BAILEY formerly known as Nancy Bailey Plasterer was a key actor in running LOS CAMPEONES, INC. which was the alter ego for NANCY JEANETTE BAILEY formerly known as Nancy Bailey Plasterer,

Ken Plasterer and Pat Stanford. In March 1005 PAT STANFORD sold stock interest in

Los Campeones, Inc. to KEN PLASTERER.  See copy of Letter from PAT STANFORD

owners annexed hereto as **Exhibit 26.**  Since March 1995, KEN PLASTERER and

NANCY JEANETTE BAILEY formerly known as Nancy Bailey Plasterer operated LOS

CAMPEONES, INC., using the corporate form as their alter ego.   PAT STANFORD,

KEN PLASTERER and NANCY JEANETTE BAILEY formerly known as Nancy Bailey

Plasterer have joined with the other Defendants named herein in falsely representing

themselves as the "successor-in-interest" of the developer and Valley Inn & Country

Club, with all legal rights to assess and collect fees and assessments from property

owners, with the attendant enforcement right of foreclosure upon real property.  As

such, PAT STANFORD, KEN PLASTERER, and NANCY JEANETTE BAILEY formerly

known as Nancy Bailey Plasterer have engaged with the other Defendants in the

enterprise of extorting yearly maintenance fees and social club fees from property

owners while failing to provide the promised maintenance and other services.

Defendants have committed mail fraud under 18 U.S.C. §1341 and wire fraud under 18

U.S.C. § 1343 in carrying out this enterprise.


## SUMMARY OF EACH PLAINTIFF'S INJURY
## TO BUSINESS OR PROPERTY

98a.   Plaintiffs, **ROBERT & GWENDOLYN BROOKS,** purchased Lot No. 427 from Ival

W. & Doris McIlvain, recorded in the Cameron County Deed Records, Vol. 989, Page

477 to Page 479 (**Exhibit 51**) on or about  April 15, 1974, and have resided on the

property, and were injured in their business and/or property as a direct result of the pattern of racketeering.

98b.   Plaintiffs, **ROBERT & GWENDOLYN BROOKS,** purchased Condominium 309-7 in from Warren F. & Clara May Keller, recorded in the Cameron County Deed Records, Vol. 2564, Page 256 to Page 257 (***Exhibit 52***) on or about September 9, 1993, and were injured in their business and/or property as a direct result of the pattern of racketeering.

98c.   Plaintiffs, **ROBERT & GWENDOLYN BROOKS,** purchased Condominiums 309-7 & 309-8 from A. Ronald & Elizabeth S. Johnson, recorded in the Cameron County Deed Records, Vol. 1195, Page 153 to Page 156 (***Exhibit 53***) on or about May 30, 1990, and were injured in their business and/or property as a direct result of the pattern of racketeering.

98d.   Plaintiff, **ROBERT BROOKS,** purchased Condominium 313-5 from Daniel Alexander, Independent Administr4ator of the Estate of Jack M. Alexander, Deceased, recorded in the Cameron County Deed Records, Vol. 4456, Page 207 to Page 210 (***Exhibit 54***) on or about July 23, 1997, and was injured in his business and/or property as a direct result of the pattern of racketeering.

98e.   Plaintiffs, **ROBERT & GWENDOLYN BROOKS,** purchased Condominium 323-4 from Karin M. Sumser, recorded in the Cameron County Deed Records, Vol. 1362, Page 152 to Page 155 (***Exhibit 55***) on or about November 13, 1990, and were injured in their business and/or property as a direct result of the pattern of racketeering.

98f.   Plaintiffs, **ROBERT & GWENDOLYN BROOKS,** purchased Condominiums 402-7 and 402-8 from United Savings Association of Texas, recorded in the Cameron

County Deed Records, Vol. 302, Page 78 to Page 79 (*Exhibit 56*) on or about

December 18, 1987, and were injured in their business and/or property as a direct result

of the pattern of racketeering.

98g.   Plaintiffs, **ROBERT & GWENDOLYN BROOKS,** purchased Condominium 418-3

from United Savings Association of Texas, recorded in the Cameron County Deed

Records, Vol. 352 Page 267 to Page 269 (*Exhibit 57*) on or about February 12, 2000

and were injured in their business and/or property as a direct result of the pattern of

racketeering.

98h.   Plaintiffs, **ROBERT & GWENDOLYN BROOKS,** purchased Condominium 428-3

from VICC Special Properties Inc., recorded in the Cameron County Deed Records, Vol.

4102, Page 108 to Page 110 (*Exhibit 58*) on or about March 6, 1996, and were injured

in their business and/or property as a direct result of the pattern of racketeering.

98i.   Plaintiffs, **ROBERT & GWENDOLYN BROOKS,** purchased Condominiums 448-

5 and 448-6 from Fernando A. and Alicia Villarreal and Eduardo A. Villarreal, recorded

in the Cameron County Deed Records, Vol. 3768, Page 106 to Page 107 (*Exhibit 59*)

on or about March 14, 1996, and were injured in their business and/or property as a

direct result of the pattern of racketeering.

98j.   Plaintiffs, **ROBERT & GWENDOLYN BROOKS,** purchased Condominium 811-3

from Frederick W. & Judith Piper and Walter L. & Mary Ann Nilsen, recorded in the

Cameron County Deed Records, Vol. 1180, Page 90 to Page 91 (*Exhibit 60*) on or

about May 16, 1990, and were injured in their business and/or property as a direct result

of the pattern of racketeering.

98k.   Plaintiffs, **ROBERT & GWENDOLYN BROOKS,** purchased Condominium No.

813-1 from Areminda Aceves de Altamirano, Individually and as Attorney-in-Fact on

behalf of Carlos Altamirano (Salazar), recorded in the Cameron County Deed Records,

Vol. 5316, Page 301 to Page 302 (*Exhibit 61*) on or about December 9, 1998, and were

injured in their business and/or property as a direct result of the pattern of racketeering.

99a.   Plaintiff, **ALICIA CESPEDES MADRAZO,** purchased Lot No. 465 from D & D

Trust, recorded in the Cameron County Deed Records, Vol. 945, Page 224 to Page 226

(*Exhibit 62*) on or about  October 30, 1972, and has resided on the property, and was

injured in her business and/or property as a direct result of the pattern of racketeering.

99b.   Plaintiff, **ALICIA CESPEDES MADRAZO** purchased Lot No. 814 from William A.

Faulk, Trustee, recorded in the Cameron County Deed Records, Vol. 3485, Page 60 to

Page 61 (*Exhibit 63*) on or about January 12, 1995, and has resided on the property,

and was injured in her business and/or property as a direct result of the pattern of

racketeering.

100a. Plaintiffs, **DAVID B. CLEMENCE and JUDITH C. CLEMENCE,** his wife,

purchased Condominium No. 428-6, recorded in the Cameron County Deed Records,

Vol. 4792, Page 300 to Page 302  (*Exhibit 64*) on or about March 10, 1998, and have

resided on the property, and were injured in their business and/or property as a direct

result of the pattern of racketeering.

100b. Plaintiffs, **DAVID B. CLEMENCE and JUDITH C. CLEMENCE,** his wife,

purchased Lot No. 431 from Ronald & Mary Forbes, recorded in the Cameron County

Deed Records, Vol. 6183, Page 62 to Page 65 (*Exhibit 65*) on or about March 23,

2000, and have resided on the property, and were injured in their business and/or property as a direct result of the pattern of racketeering.

101.   Plaintiff, **ELISA P. DeSIUN aka ELISA CHAIX,** purchased Lot No. from J. Kenneth & Mary Elene Stringer, recorded in the Cameron County Deed Records, Vol. 1222, Page 107 to Page 110 (*Exhibit 66*) on or about February 10, 1981,  and has resided on the property, and was injured in her business and/or property as a direct result of the pattern of racketeering.

101a. Plaintiff, **ELISA P. DeSIUN aka ELISA CHAIX,** purchased Condominium No. 813-4 from Joaquin & Maria Luisa Fernanded, recorded in the Cameron County Deed Records, Vol. 1171, Page 527 to Page 529 (*Exhibit 66a*) on or about September 27, 1979, and has resided on the property, and was injured in her business and/or property as a direct result of the pattern of racketeering.

102.   Plaintiff, **SANDRA MADARIA,** as heir of Lottie Harper Diaz Ceballos, who purchased 0.064 acres of land, partially out of Lot No. 453 from Los Campeones, Inc., recorded in the Cameron County Deed Records, Vol. 402, Page 307 to Page 308 (*Exhibit 67*) on or about March 8, 1988, and has resided on the property, and was injured in her business and/or property as a direct result of the pattern of racketeering.

103.   Plaintiff, **RONALD L. MANN,** purchased Lot No. 467, Country Club Estates, recorded in the Cameron County Deed Records, Vol. 946, Page 553 to Page 556 (*Exhibit 68*) on or about and has resided on the property, and was injured in his business and/or property as a direct result of the pattern of racketeering.

104.   Plaintiff, **HECTOR ELIZAONDO NAJERO,** purchased Lot No. 501 from Hal T. Baylor Company, recorded in the Cameron County Deed Records, Vol. 1048, Page 347

to Page 376 (*Exhibit 69)* on or about April 22, 1976, and has resided on the property, and was injured in his business and/or property as a direct result of the pattern of racketeering.

105.   Plaintiff, **MARY PEABODY,** purchased Lots Nos. 139 & 140 from Jeannette Margaret Grant, recorded in the Cameron County Deed Records, Vol. 4005, Page 64 to Page 68 (*Exhibit 70*) on or about August 24, 1996, and has resided on the property, and was injured in her business and/or property as a direct result of the pattern of racketeering.

106.   Plaintiff, **WALTER E. PLITT, III,** purchased Lot No. 107 from Walter E. Plitt, Jr., recorded in the Cameron County Deed Records, Vol. 990, Page 452, et. seq. (*Exhibit 71)* on or about November 7, 1969, and has resided on the property, and was injured in his business and/or property as a direct result of the pattern of racketeering.

107.   Plaintiffs, **ADOLFO & LUZ MARIA F. PUMAJERO,** purchased Lot Nos. 137 & 138 from Hans J. & Hildeard Rosenlund, recorded in the Cameron County Deed Records, Vol. 1273, Page 333 to Page 338 (*Exhibit 72*) on or about April 13, 1982, and have resided on the property, and were injured in their business and/or property as a direct result of the pattern of racketeering.

108.   Plaintiffs, **JEAN & H. REED SMITH,** purchased Lot No. 425 from Valley Inn & County Club, Inc., a Texas Corporation, recorded in the Cameron County Deed Records, Vol. 922, Page 835 to Page 838  (*Exhibit 73*) on or about December 20, 1971, and have resided on the property, and were injured in their business and/or property as a direct result of the pattern of racketeering.

109.   Plaintiff, **MARIA ESTHER SOTO,** purchased Condominium No. 807-4 from

B.R.E.I.T.II, recorded in the Cameron County Deed Records, Vol. 3931, Page 1 to Page

3 (*Exhibit 74*) on or about July 10, 1996, and has resided on the property, and was

injured in her business and/or property as a direct result of the pattern of racketeering.

110.   Plaintiff, **JORGE & BERTHA SUSTAETA,** purchased Lot No. 443 from United

Savings Association of Texas (formerly Brownsville Savings and Loan Association),

recorded in the Cameron County Deed Records, Vol. 755, Page 621, et seq. (*Exhibit*

*75*) on or about  March 23, 1978, and have resided on the property, and were injured in

their business and/or property as a direct result of the pattern of racketeering.

111.   Plaintiffs, **JUAN & MARIA DEL CARMEN CAUDRA,** purchased Condominium

No. 609-2 from Chylde & Doreis Schmachtenberger, recorded in the Cameron County

Deed/Condominium Records, Vol. 1398, Page 243 to Page 244 (*Exhibit 76*) on or

about  January 25, 1985, and have resided on the property, and were injured in their

business and/or property as a direct result of the pattern of racketeering.

112.   Plaintiffs, **PAUL & ROSALYN CHILTON,** purchased Condominium Nos. 510-1 &

510-2 from United Savings Association of Texas, recorded in the Cameron County

Deed/Condominium Records, Vol. 218, Page 918 to Page 919 (*Exhibit 77*) on or about

August 11, 1987, and have resided on the property, and were injured in their business

and/or property as a direct result of the pattern of racketeering.

113.   Plaintiffs, **JAMES & LORRAINE DEWAR,** purchased Condominium No. 315-5

from Suszanne R. Gillen & Carole R. Vukelic, recorded in the Cameron County

Deed/Condominium Records, Vol. 1154, Page 551 (*Exhibit 78*) on or about May 16,

1979, and have resided on the property, and were injured in their business and/or property as a direct result of the pattern of racketeering.

114.   Plaintiff, **CARLOS J. FLORES,** purchased Condominium No. 813-4 from Elisa P. De Chaix, recorded in the Cameron County Deed Records, Vol. 1229, Page 511 to Page 514 (**Exhibit 79**) on or about April 21, 1981, and has resided on the property, and was injured in his business and/or property as a direct result of the pattern of racketeering.

115.   Plaintiff, **HUMBERTO RUIZ GARZA,** purchased Condominium No. 804-2 from M.D. LaGrone and wife Jane LaGrone, recorded in the Cameron County Deed/Condominium Records, Vol. 1255, Page 711 to Page 712 (**Exhibit 80**) on or about November 13, 1981, and has resided on the property, and was injured in his business and/or property as a direct result of the pattern of racketeering.

116.   Plaintiff, **ANKJAER JANSEN,** purchased Condominum No. 317-4 from James & Lorraine Dewar, recorded in the Cameron County Deed/Condominium Records, Vol. 1112, Page 203 to Page 206 (**Exhibit 81** on or about March 13, 1990, and has resided on the property, and was injured in his business and/or property as a direct result of the pattern of racketeering.

117.   Plaintiffs, **FOREST & ANN JOSTROM,** purchased Condominium No. 444-5 from Alfred John Diebold, Jr., individually and as Independent Executory of the Estate of Wanda Roppele Diebold, Deceased, recorded in the Cameron County Deed/Condominium Records, Vol. 1476, Page 39 to Page 42 (**Exhibit 82**) on or about March 6, 1991, and have resided on the property, and were injured in their business and/or property as a direct result of the pattern of racketeering.

118.   Plaintiffs, **DONNA & JOHN S. LIGHT, Jr.,** purchased Condominium Lot No. 4481 (consisting of 4481 & 4482) from Johnny & Norma Solis, recorded in the Cameron County Deed/Condominium Records, Vol. 2535, Page 328 to Page 330 (*Exhibit 83*) on or about August 17, 1993, and have resided on the property, and were injured in their business and/or property as a direct result of the pattern of racketeering.

119.   Plaintiffs, **DONNA & JOHN S. LIGHT, Jr.,** purchased Condominium Unit No. 715-1 from Texas Commerce Bank, N.A., recorded in the Cameron County Deed/Condominium Records, Vol. 2973, Page 154 to Page 156 (*Exhibit 84*) on or about July 11, 1994, and have resided on the property, and were injured in their business and/or property as a direct result of the pattern of racketeering.

120.   Plaintiff, **ROBERT S. LIGHT,** purchased Condominium No. 812-3 from Refugio & Sylvia Covarrubias, recorded in the Cameron County Deed/Condominium Records, Vol. 6079, Page 145 to Page 148 (*Exhibit 85*) on or about February 1, 2000, and has resided on the property, and was injured in his business and/or property as a direct result of the pattern of racketeering.

121.   Plaintiffs, **JOAQUIN & ANDELIA B. de MADERO,** purchased Condominium No. 605-1 from Rio Grande Plasma Proudcts Inc., recorded in the Cameron County Deed/Condominium Records, Vol. 1246, Page 318, et seq. (*Exhibit 86*), and have resided on the property, and were injured in their business and/or property as a direct result of the pattern of racketeering.

122a. Plaintiffs, **NORMAN & ELAINE MEISSNER,** purchased Condominium No. 514-2 from International Bank, N.A., recorded in the Cameron County Deed/Condominium Records, Vol. 220, Page 663 to Page 664 (*Exhibit 87*) on or about August 17, 1987,

and have resided on the property, and were injured in their business and/or property as a direct result of the pattern of racketeering.

122b.  Plaintiffs, **NORMAN & ELAINE MEISSNER,** purchased Condominium No. 517-2 from Kenneth & Anita Stafford (Anita aka Spicer), recorded in the Cameron County Deed/Condominium Records, Vol. 4863, Page 80 to Page 81 (*Exhibit 88*) on or about April 17, 1998, and have esided on the property, and were injured in their business and/or property as a direct result of the pattern of racketeering.

123.  Plaintiff, **CHRISTOPHER L. PHILLIPPE,** purchased Condominiums Nos. 307-3 & 307-4 from Robert B. Benton, recorded in the Cameron County Deed/Condominium Records, Vol. 2435, Page 273 to Page 276 (*Exhibit 89*) on or about June 1, 1999, and has resided on the property, and was injured in his business and/or property as a direct result of the pattern of racketeering.

124.  Plaintiffs, **ILA VIRGINIA PHILLIPPE & CHRISTOPHER PHILLIPPE,** purchased Condominium No. 307-6 on Lot. 307-5 from Josephine White, recorded in the Cameron County Deed/Condominium Records, Vol. 5195, Page 165 to Page 167 (*Exhibit 90*) on or about October 8, 1998, and has resided on the property, and was injured in her business and/or property as a direct result of the pattern of racketeering.

125.  Plaintiff, **MONICA K. PIER,** purchased Condominium No. 813-3 from Joaquin & Maria Luisa L. Fernandez, recorded in the Cameron County Deed/Condominium Records, Vol. 829, Page 100 to Page 105 (*Exhibit 91*) on or about September 10, 1979, and has resided on the property, and was injured in her business and/or property as a direct result of the pattern of racketeering.

126. Plaintiffs, **CHARLES & JESSIE RADLIFF,** purchased Condominium No. 810-1 from The Estate of Keith A. & Olive Dolors Keller, recorded in the Cameron County Deed/Condominium Records, Vol. 4998, Page 194 to Page 195 (*Exhibit 92*) on or about June 19, 1998, and have resided on the property, and were injured in their business and/or property as a direct result of the pattern of racketeering.

127. Plaintiff, **JESSIE RADLIFF,** purchased Condominium No. 709-1 from Donald & Julie Field Snodgrass, recorded in the Cameron County Deed/Condominium Records, Vol. 2845, Page 84 to Page 85 (*Exhibit 93* on or about April 7, 1994, and has resided on the property, and was injured in her business and/or property as a direct result of the pattern of racketeering.

128. Plaintiff, **PETE de la ROSA, III** purchased Condominium No. 801-4 from Donald J. & Elizabeth Baier Lobdell, recorded in the Cameron County Deed/Condominium Records, Vol. 2219, Page 36 to Page 38 (*Exhibit 94)* on or about December 2, 1992, and has resided on the property, and was injured in his business and/or property as a direct result of the pattern of racketeering.

129. Plaintiff, **PATRICIA SMITH-WILLIS,** purchased Condominium No. 305-4 from Roman Paez, Trustee, recorded in the Cameron County Deed/Condominium Records, Vol. 1240, Page 269 to Page 271 (*Exhibit 95*) on or about July 13, 1981, and has resided on the property, and was injured in her business and/or property as a direct result of the pattern of racketeering.

130. Plaintiff, **HARRY O. WHITE, Jr.,** purchased Condominium No. 800-4 from Allen J. Wolfe, recorded in the Cameron County Deed/Condominium Records, Vol. 1925, Page 3 to Page 4 (*Exhibit 96*) on or about April 1, 1992, and has resided on the

property, and was injured in his business and/or property as a direct result of the pattern of racketeering.

131a. THIS WAS LEFT BLANK ON PURPOSE.

131b. Plaintiffs, ALLEN & RUTH WOLFE, purchased Condominium Nos. 8051, 8052, 8053, and 8054 from Harold & Leonora Colin, recorded in the Cameron County Deed/Condominium Records, Vol. 5389, Page 266 to Page 270 (*Exhibit 98*) on or about February 1, 1999, and have resided on the property, and were injured in their business and/or property as a direct result of the pattern of racketeering.

## COUNT II

## COMMON LAW FRAUD AND DECEIT

132. Plaintiffs repeat and re-allege the allegations contained in COUNT I of this complaint as fully as if set forth here.

133. COUNT II of this complaint is brought by all Plaintiffs against Defendants VALLEY INTERNATIONAL PROPERTIES, INC., PAT STANFORD and KEN PLASTERER, Individually, and LOS CAMPEONES, INC., Individually and doing business as VALLEY INN & COUNTRY CLUB for common law fraud and deceit.

134. The court has jurisdiction of this state claim under the doctrine of pendent jurisdiction.

135. Defendants' acts, schemes, misrepresentations, etc., constitute common law fraud under the law of the State of Texas.

136. Defendants acted intentionally, willfully, wantonly, maliciously, for profit, and without just cause or excuse.

137. Plaintiffs suffered damages as a result of Defendants wrongful actions.

## III

## BREACH OF FIDUCIARY DUTY

138.   Plaintiffs repeat and re-allege the allegations contained in COUNT I of this complaint as fully as if set forth here.

139.   COUNT III of this complaint is brought by all Plaintiffs against NANCY JEANETTE BAILEY formerly known as Nancy Bailey Plasterer and KEN PLASTERER, Individually, and LOS CAMPEONES, INC., Individually and doing business as VALLEY INN & COUNTRY CLUB for breach of fiduciary duty.

140.   The court has jurisdiction of this state claim under the doctrine of pendent jurisdiction.

141.   Defendants owed a fiduciary duty to the Plaintiffs for the monies collected for maintenance fees and road assessments, which under state law were to be keep in separate accounts and subject to annual independent audits.  Defendants failed to maintain such separate accounts and/or have such audits performed.  Defendants' acts, omissions, schemes, misrepresentations, etc., constitute a breach of the fiduciary duty owed to Plaintiffs.

142.   Defendants acted intentionally, willfully, wantonly, maliciously, for profit, and without just cause or excuse.

143.   Plaintiffs suffered damages as a result of Defendants wrongful actions.

## COUNT IV

## TRESPASS and DAMAGE TO PROPERTY

144.   Plaintiffs repeat and re-allege the allegations contained in COUNT I of this complaint as fully as if set forth here.

145.   COUNT IV of this complaint is brought by all Plaintiffs against NANCY

JEANETTE BAILEY formerly known as Nancy Bailey Plasterer and KEN PLASTERER,

Individually, and as LOS CAMPEONES, INC., Individually and doing business as

VALLEY INN & COUNTRY CLUB for trespass and damage to property.

146.   The court has jurisdiction of this state claim under the doctrine of pendent

jurisdiction.

147.   Defendants having assessed maintenance fees and separate assessments for

road maintenance have not been properly/adequately maintained the private roads.

Additionally, improper re-surfacing has caused flood and damage to various property

owners.  Many recreational facilities have been closed, while other facilities have not

been adequately maintained.  Defendants' acts and omissions constitute trespass and

damage to the Plaintiffs' property, both to common elements and to individually owned

property, to Plaintiffs' damage.

148.   Furthermore, commencing on or about September 23, 1999, Defendant KEN

PLASTERER, both Individually and using the corporate form of LOS CAMPEONES,

INC., permitted dumping of waste in the resacas of the subdivision, in contravention of

local and state health laws, to all Plaintiffs' damage, as well as trespass and damage to

the property of ROBERT & GWEN BROOKS and ALICE CESPEDES MEDRAZO

specifically.

   a. Copy of City of Brownsville Building Inspections Department Building Permit

dated September 23, 1999 is annexed hereto and made a part of this complaint, and

marked *Exhibit 99*.

b.  Copy of City of Brownsville Police Department Offense/Incident Report dated February 10, 2000 is annexed hereto and made a part of this complaint, and marked *Exhibit 100*.

c.  Copy of Texas Natural Resource Conservation Commission Inspect Report on Complaint Number 150000068 dated February 16, 2000 is annexed hereto and made a part of this complaint, and marked *Exhibit 101*.

d.  Copy of Letter by Robert C. Brooks to Marie Pattillo, U.S. Army Corp of Engineers, Regulatory Field Office, dated February 25, 2000 is annexed hereto and made a part of this complaint, and marked *Exhibit 102*.

e.  Copies of photographs taken February 26, 2000 of dumped concrete are annexed hereto and made a part of this complaint, and marked *Exhibit 103*.

f.  Copy of Letter from attorney, René B. González on behalf of Robert Brooks, to attorney, William A. Faulk, Jr. on behalf of VICC, dated March 6, 2000 is annexed hereto and made a part of this complaint, and marked *Exhibit 104.*.

149.  All Plaintiffs generally, and Plaintiffs Robert & Gwen Brooks and Alice Cespedes, specifically, have suffered damages as a result of Defendants wrongful actions.

### PRAYER FOR RELIEF

**WHEREFORE** the Plaintiffs pray on for relief on behalf of themselves against Defendants as follows, in general:

1.  Compensatory damages, for a sum duly trebled, plus interest;

2.  Punitive damages;

3.  Declaratory and injunctive relief;

4.  Reasonable attorney's fees;

5.    Together with all costs and expenses, and

6.    For such other further relief as the Court deems proper.

## JURY DEMAND

Plaintiffs demand a trial by jury with respect to all triable issues.

RESPECTFULLY SUBMITTED,

Christopher Phillippe
Fed. Bar #709
Law Offices of Christopher Phillippe
307-3 McFadden Drive,
Brownsville, Texas 78520
(956) 544-6096
(956) 982-1921
Attorney for Plaintiffs
STATE BAR NO 15915400

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiffs' Motion for Leave to Amend Complaint has been served upon Mr. Norton A. Colvin, Jr., of Rodriguez, Colvin & Chaney, L.L.P., 1201 East Van Buren, P.O. Box 2155, Brownsville, Texas 78522; facsimile: (956) 541-2170; Mr. Ernesto Gamez, Jr., of the Law Offices of Ernest Gamez, Jr. P.C., 777 E. Harrison, Brownsville, Texas 78520-7118; facsimile: (956) 541-7694; and Mr. William A. Faulk, Jr. of Rentrfro, Faulk & Blakemore, L.L.P., 185 E. Ruben M. Torres, Sr. Blvd., Brownsville, Texas 78520-9135; facsimile: (956) 541-9695, either by facsimile, hand delivery, or certified mail, return receipt requested on this 11th day of July , 2001.

Christopher Phillippe