43

United States District Court
Southern District of Texas
ENTERED

NOV 15 2001

Michael N. Milby, Clerk of Court
By Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# -BROWNSVILLE DIVISION-

| | |
|---|---|
| ROBERT & GWENDOLYN BROOKS, ALICIA CESPEDES MADRAZO, DAVID & JUDITH CLEMENCE, ELISA P. DeSIUN aka ELISA P. CHAIX, SANDRA MADARIA, RONALD L. MANN, HECTOR ELIZONDO NAJERA, MARY PEABODY, WALTER E. PLITT, III, ADOLFO PUMAJERO, JEAN & H. REED SMITH, MARIA ESTHER SOTO, JORGE & BERTHA SUSTAETA, JUAN & MARIA del CARMEN CUADRA, PAUL & ROSALYN CHILTON, JAMES & LORRAINE DEWAR, CARLOS J. FLORES, HUMBERTO RUIZ GARZA, ANKJAER JANSEN, FOREST & ANN JOSTREM, JOHN S. LIGHT, ROBERT LIGHT, JOAQUIN & ANDELIA B. de MADERO, NORMAN & ELAINE MEISSNER, CHRISTOPHER L. PHILLIPPE, ILA VIRGINIA PHILLIPPE, MONICA K. PIER, CHARLES & JESSIE RADLIFF, PETER DE LA ROSA, III, PATRICIA SMITH-WILLIS, HARRY O. WHITE, JR., and ALLEN & RUTH WOLFE<br><br>Plaintiffs,<br><br>VS.<br><br>KEN PLASTERER and NANCY JEANETTE BAILEY, Each Individually, and LOS CAMPEONES, INC., Individually and dba VALLEY INN & COUNTRY CLUB.<br><br>Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § CIVIL ACTION NO. B-00-173 |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pending before the Court is Defendants' Ken Plasterer and Nancy Jeanette Bailey, Each

Individually, and Los Campeones, Inc., Individually and dba Valley Inn & Country Club (collectively

"Defendants") Motion for Summary Judgment pursuant to FED. R. CIV. P. 56 (Docket No. 25). For the reasons below, the motion should be GRANTED.

## FACTS

This dispute concerns thousands of acres located in Brownsville, Cameron County, Texas, commonly referred to as Valley Inn & Country Club Estates ("Country Club Estates"). Over the past thirty years, a number of different entities developed the Country Club Estates, including Valley International Properties, Inc. ("VIP") (formerly known as Valley Inn & Country Club, Inc. ("VICC").

VICC was incorporated as a Texas profit corporation on February 15, 1965, and organized "...to deal in all kinds of real and personal property." (Exhibit A-3, Defendants' Motion for Summary Judgment, Docket No. 25). On August 28, 1972, VICC amended its Articles of Incorporation, changing the number of outstanding shares and its name to VIP. The Texas Secretary of State involuntarily dissolved VIP on October 23, 1980, for failure to maintain a registered agent; however, the president of VIP, Pat Stanford, continued to "operate" VIP until his death in 1998.

On December 6, 1976, VIP fka VICC filed Chapter 11 Bankruptcy. Under the proceedings, the court authorized a foreclosure sale in which Los Campeones, Inc., ("Los Campeones") purchased the real property including the amenities and facilities of the Country Club Estates. Los Campeones also purchased 250,661 shares of the 424,000 outstanding shares of VIP stock. Subsequently, Los Campeones filed an Assumed Name Certificate with the Secretary of State of Texas to transact business in the name of Valley Inn & Country Club. On May 13, 1993, Los Campeones filed an Assumed Name Certificate to transact business in the name of Valley International Country Club.

In their First Amended Complaint[1] (Docket No. 37), the plaintiffs allege that Los Campeones

---

[1] The plaintiffs filed their First Amended Complaint (Docket No. 37) after all the papers relating to the motion for summary judgment were filed by the parties. In their First Amended Complaint, the plaintiffs withdrew their allegations that the Defendants violated their civil rights contrary to 42 U.S.C. § 1983. An amended complaint

has wrongfully declared itself as the successor-in-interest to "the Developer," as declared by the Covenants and Restrictions ("Covenants") of the Country Club Estates. The plaintiffs contend Los Campeones "...only purchased [the] real property, 'land,' like any other purchaser in the area" and "did not purchase [RGVICC], the business entity of VICC." Accordingly, it "...had no legal right to assess country club membership fees, nor file liens on real property and foreclose on same for failure to pay assessed membership fees in VICC."

Based on the Defendants' alleged conduct, the plaintiffs claim that the Defendants' actions violated the Racketeer Influenced and Corrput Organizations Act ((RICO) 18 U.S.C. §§ 1962(a)-(d)) and were undertaken pursuant to certain condominium declarations and regimes and in violation of the Texas Condominium Act and the Uniform Condominium Act. The plaintiffs also contend that the Defendants' communications and representations of their authority to exercise such rights constituted mail fraud in violation of 18 U.S.C. § 1341, wire fraud in violation of 18 U.S.C. § 1343, and common-law fraud and deceit. The plaintiffs further assert that in exercising such rights Defendants breached fiduciary duties to the Defendants as collectors of the maintenance fees and road assessments, and trespassed upon and damaged the plaintiffs' property by failing to properly maintain the roadways for which some fees and assessments had been collected. Finally, the plaintiffs claim that defendant Nancy Jeanette Bailey ("Bailey") was the alter ego of Los Campeones and that Bailey and defendant Ken Plasterer conspired together or with Los Campeones to injure the plaintiffs.

## SUMMARY JUDGMENT STANDARD

---

supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading. *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). Although the civil rights claims were fully briefed by the parties in the papers relating to summary judgment, the plaintiffs failed to reallege their civil rights claims in their amended complaint. Consequently, these claims are waived, and the Court will not discuss the merits of this issue.

Summary judgment evidence is viewed in the light most favorable to the nonmovant. *Eastman Kodak v. Image Technical Servs.*, 504 U.S. 451, 456-58 (1992). Summary judgment is proper only when it appears that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). An alleged factual dispute will not defeat a motion unless it is genuine and material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is "material" if it involves a fact that might affect the outcome of the suit under governing law. *Douglass v. United Auto Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996). Once the movant establishes the absence of a factual dispute, the burden shifts to the nonmovant to show that summary judgment is inappropriate.

The nonmoving party may not rest upon the mere allegations or denials of its pleadings. *Anderson*, 477 U.S. at 256. Instead, the nonmovant must "make a showing sufficient to establish the existence of each essential element of its case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). This evidence must do more than create a metaphysical doubt. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87 (1986). Unsubstantiated or conclusory assertions that a fact issue exists will not suffice. *Anderson*, 477 U.S. at 256.

### A.      *Los Campeones is the lawful successor to VIP fka VICC.*

According to the plaintiffs, Los Campeones is not the lawful successor to VIP fka VICC because Los Campeones neither acquired the "common areas" formerly owned by VIP fka FICC nor acquired a controlling interest in VIP fka VICC. However, the plaintiffs admitted in their First Amended Complaint (Docket No. 37) that "[o]n June 6, 1977, at [a] foreclosure sale authorized under Chapter 11 Bankruptcy proceedings, LOS CAMPEONES, INC. (sic) purchased the real property on which the amenities/facilities of Valley Inn & Country Club are located [and] 250,661 shares of the 424,000 outstanding shares of VIP[.]" Factual assertions in pleadings are judicial

admissions that conclusively bind the party who made them. *Campbell v. Sonat Offshore Drilling, Inc.*, 979 F.2d 1115, 1119 (5th Cir. 1992), *rehearing denied by* 986 F.2d 1420 (5th Cir. 1993). The plaintiffs' statements in their First Amended Complaint constitute judicial admissions that Los Campeones was the lawful successor to VIP fka VICC as a result of its purchase of the Country Club Estates and its common areas. Moreover, the Trustee's Deeds are sufficient summary judgment evidence demonstrating that Los Campeones acquired all the Country Club Estates property of VIP fka VICC, including the Country Club and its amenities. *Exhibit A-6*, Trustee's Deed, Cameron County Deed Records, Defendant's Motion for Summary Judgment (Docket No. 25).

**B.     *Los Campeones did not illegally exercise any rights that belonged to RGVICC.***

The plaintiffs rely on certain provisions of the Covenants to contend that RGVICC was given the express right to enforce the covenants and restrictions, assess dues and fees, and place or foreclose liens upon any Country Club Estates property. In particular, the Plaintiffs argue that the Covenants

> granted to Developer *and the Country Club* an express lien against each lot to secure all obligations of the [owners] of said lots to Developer *and said Country Club*, as well as all obligations at any time imposed upon the [owners] of said lots *to the Country Club* by virtue of membership therein. [Emphasis added in Plaintiffs' Response to Motion for Summary Judgment (Docket No. 31).]

*See Exhibit A-1*, Covenants and Restrictions, 13, Defendants' Motion for Summary Judgment (Docket No. 25). Apparently, the plaintiffs contend that the phrase "Country Club" in the Covenants and Restrictions refers to RGVICC. The plaintiffs, however, have disregarded the provision that provides that, for purposes of the Covenants, RGVICC is referred to as the "Corporation." *See id.* at 1-2, Defendants' Motion for Summary Judgment (Docket No. 25). The "Country Club" in the Covenants and Restrictions refers to the property "comprising, but not limited to, a golf course, swimming pool, club house, and the like which adjoins the Subdivisions." *See id.* at 1, Defendants'

Motion for Summary Judgment (Docket No. 25). As shown from the various Trustee's Deeds, Los Campeones purchased the Country Club Estates, including the Country Club. *See Exhibit A-6*, Trustee's Deed, Cameron County Deed Records, vol. 1086, p. 191-199, Defendants' Motion for Summary Judgment (Docket No. 25).

C.   *Los Campeones did not undertake actions in contravention of the Condominium Declarations or in contravention of the Texas Condominium Act or the Uniform Condominium Act.*

The plaintiffs further contend that the Defendants' actions were taken in contravention of the Condominium Declarations and in contravention of the Texas Condominium Act and the Uniform Condominium Act. This court disagrees. Section 82.006 of the TEX. PROP. CODE states that:

> A zoning, subdivision, building code, or other real property use law, ordinance, or regulation may not prohibit the condominium form of ownership . . . *[o]therwise, this chapter does not invalidate or modify any provision of any zoning, subdivision, building code, or other real property use law, ordinance, or regulation.* [Emphasis added.]

The latter portion of this section provides that Condominium Declarations are subject to existing recorded subdivision covenants and restrictions. In this case, the Condominium Declarations of the Country Club Estates did not alter or diminish the powers under the Covenants granted to the VIP fka VICC and its successor in interest, Los Campeones.

Under the Covenants, VIP fka VICC was the "Developer." *See Exhibit A-1*, Covenants and Restrictions, 1, Defendants' Motion for Summary Judgment (Docket No. 25). As the Developer, it was the owner of the real property subdivision designated as the Country Club Estates as well as the Country Club. *See id.* The use of the term Developer in the Covenants include successors-in-interest and assignees. *See id.* at 3. Los Campeones became VIP fka VICC's successor-in-interest of the Country Club Estates and the Country Club when it purchased VIP fka VICC at the Chapter 11 foreclosure sale. *Exhibit A-6*, Defendant's Motion for Summary Judgment, Docket No. 25. The

Covenants granted the Developer and the Country Club "an express lien against each lot to secure *all obligations* of the owner[s] of [the] lots to Developer and the . . . Country Club, as well as all obligations at any time imposed upon the owner[s] of [the] lots to the Country Club by virtue of membership therein." Consequently, Los Campeones had authority to collect maintenance fees and country club dues and assessments.

**D.**      ***Defendants Nancy Jeanette Bailey and Ken Plasterer are entitled to summary judgment because the summary judgment evidence demonstrates that Bailey was not the alter-ego of Los Campeones and that the Bailey and Plasterer did not conspire with each other or with Los Campeones to injure the plaintiffs.***

The facts pled in the plaintiffs' Amended Original Complaint only supported an alter ego theory as a basis for piercing the corporate veil of Los Campeones and holding Defendant Nancy Jeanette Bailey liable for the acts of the corporation. In their response to the motion for summary judgment (Docket No. 31), the plaintiffs argue that further discovery is needed in order to find Bailey liable on a basis *other than* alter ego. According to the plaintiffs:

> Bailey's involvement, first with Brownsville Savings & Loan Association (the bank entity which (sic) foreclosed against VIP and Los Compadres, the bankruptcy debtors), then with Pat Stanford as owner of Los Campeones, Inc. (sic) and Ken Plasterer, then an employee of Los Campeones, then as the wife of Ken Plasterer (ultimately the sole shareholder of Los Campeones), is a crucial factual issue as to the issue of control, *whether or not she was ever an actual shareholder, officer or agent of the corporation*, or in any other way involved in any of a multiple of "appropriate circumstances" for disregarding the corporate entity despite a lack of stock ownership, in basis *other than alter ego*. . . . There are numerous bases for disregarding the corporate fiction–alter ego being only one of them. [Emphasis added] (citations omitted)

The plaintiffs did not plead any other theory other than alter ego as a ground for piercing the corporate veil. Consequently, this Court will only address the plaintiffs' alter ego theory with respect to the motion for summary judgment.

The corporate form normally insulates shareholders, officers, and directors from liability for

corporate obligations. *Castleberry v. Branscum*, 721 S.W.2d 270, 271 (Tex. 1987). When these individuals abuse the corporate privilege, however, courts will disregard the corporate fiction and hold them individually liable. *Id.* Alter ego applies when there is such unity between the corporation and the individual that the separateness of the corporation has ceased and holding only the corporation liable would result in injustice. *Id.* at 272. It is shown from the total dealings of the corporation and the individual, including the degree to which corporate formalities have been followed and corporate and individual property have been kept separately, the amount of financial interest, ownership and control the individual maintains over the corporation, and whether the corporation has been used for personal purposes. *Id.* at 272.

There is no summary judgment evidence indicating that Bailey had any financial, controlling, or ownership interest in the corporation. As demonstrated from the summary judgment evidence, Bailey was not even a shareholder or a director of Los Campeones to enable this court to pierce the corporate veil and hold her personally liable. The plaintiffs have failed to provide any summary judgment evidence contesting that Ken Plasterer "...was the sole shareholder of Los Campeones [and] at no time [did] Nancy Jeanette Bailey own stock, much less a controlling interest, in Los Campeones . . . and at no time has she in any other manner exercised financial or other control over Los Campeones[.]" *Exhibit A-7*, Affidavit of Ken Plasterer, Defendants' Motion for Summary Judgment (Docket No. 25).

Moreover, the plaintiffs do not have a viable claim that the defendants Plasterer and Bailey conspired together or with Los Campeones to injure the plaintiffs. The defendants correctly cite *Fojtik v. First Nat'l Bank of Beeville*, 752 S.W.2d 669, 673 (Tex.App.–Corpus Christi 1988, *writ denied*), for the proposition that officers of a corporation are, as officers, legally incapable of conspiring among themselves or with their corporation.

In *Fojtik*, Felix Fojtik, a farmer and rancher in the auction and equipment business, brought an action against a bank and its board of directors, alleging several causes of action including civil conspiracy. *Fojtik*, 752 S.W.2d at 670. One of the board of directors, Jack Chestnut, was also the president of an International Harvester dealership and a competitor of Fojtik. *Id.* The court reaffirmed the general principle that because, by definition, a corporation and its agents constitute a single person, a corporation cannot conspire with itself, no matter how many of its agents may participate in the corporate action. *Id.* at 673. The court, however, found this principle inapplicable to the case, concluding that:

> Fojtik's petition asserts Chestnut was "on the Board of Directors of Defendant Beeville Bank," *and* was "the owner of an International Harvester dealership-franchise in the Beeville area which was in direct competition with Plaintiff Fojtik." . . . Hence, it is conceivable that Chesnut, if he had in fact conspired with the bank, did so in his capacity not as a corporate agent but as an independent equipment dealer.

*Id.* The plaintiffs urge that this court arrive to a similar conclusion, arguing that "...it is conceivable that Bailey and Plasterer, while possibly corporate agents could have conspired with each other and/or other named parties, not as corporate agents but as independent individuals." Plaintiffs' Response to Motion for Summary Judgment (Docket No. 31). The plaintiffs' argument, however, is flawed. The court in *Fojtik* held that a civil conspiracy may have existed because the director was the owner of a dealership-franchise and a competitor of Fojtik, and it was in this capacity that the defendant may have conspired against the plaintiff. 752 S.W.2d at 673. The plaintiffs in this case have not shown how Bailey and Plasterer in their capacity as "independent individuals" may have conspired together to injure the plaintiffs. The defendant in *Fojtik* in his capacity as a competitor at least had a motive to conspire against the plaintiff. The plaintiffs have failed to demonstrate a similar motive in this case. There is no evidence showing that Bailey and Plasterer held other

capacities relative to the plaintiffs which would give rise to a conspiracy claim.

IT IS therefore **RECOMMENDED** that Defendants' Ken Plasterer and Nancy Jeanette Bailey, Each Individually, and Los Campeones, Inc., Individually and dba Valley Inn & Country Club Motion for Summary Judgment pursuant to FED. R. CIV. P. 56 be **GRANTED**. IT IS further **RECOMMENDED** that this case be **DISMISSED** in its entirety.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 14th day of November, 2001.

John Wm. Black
United States Magistrate Judge