4!

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 2 1 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ROBERT & GWENDOLYN BROOKS, | § | |
| ALICE CESPEDES MADRAZO, | § | |
| DAVID & JUDITH CLEMENCE, | § | |
| ELISA P. De SIUN aka ELISA P. CHAIX, | § | |
| SANDRA MADARIA, | § | |
| RONALD L. MANN, | § | |
| HECTOR ELIZONDONAJERA | § | |
| MARY PEABODY, | § | |
| WALTER E. PLITT, III, | § | |
| ADOLFO PUMAJERO, | § | |
| JEAN & H. REED SMITH, | § | |
| MARIA ESTHER SOTO, | § | |
| JORGE & BERTHA SUSTAETA, | § | |
| JUAN & MARIA del CARMEN CAUDRA, | § | |
| PAUL & ROSALYN CHILTON, | § | CIVIL ACTION NO. B-00-173 |
| JAMES & LORRAINE DEWAR, | § | |
| CARLOS J. FLORES, | § | |
| HUMBERTO RUIZ GARZA, | § | |
| ANKJAER JANSEN, | § | PLAINTIFFS' OBJECTIONS |
| FOREST & ANN JOSTROM, | § | TO MAGISTRATE JUDGE'S |
| JOHN S. LIGHT, | § | REPORT AND RECOMMEN- |
| ROBERT LIGHT, | § | DATIONS |
| JOAQUIN & ANDELIA B. de MADERO, | § | |
| NORMAN & ELAINE MEISSNER, | § | |
| CHRISTOPHER L. PHILLIPPE, | § | |
| ILA VIRGINIA PHILLIPPE, | § | |
| MONICA K. PIER, | § | |
| CHARLES & JESSIE RADLIFF, | § | |
| PETE de la ROSA, III, | § | |
| PATRICIA SMITH-WILLIS, | § | |
| HARRY O. WHITE, Jr. | § | |
| and ALLEN & RUTH WOLFE | § | |
| | § | |
| VS. | § | |
| | § | |
| KEN PLASTERER and NANCY JEANETTE | § | |
| BAILEY, | § | |
| Each Individually, and LOS CAMPEONES, INC., | § | |
| Individually and dba VALLEY | § | |
| INN & COUNTRY CLUB | § | |

Comes now Plaintiffs, by and through their attorney of record and makes the following Objections to the Magistrate Judge's Report and Recommendations in this matter, and would show unto the Court the following:

## Recommendation A: Los Campeones is the lawful successor to VIP fka VICC.

Plaintiffs' disagree with the Magistrate Judge's Report. Although Plaintiffs admitted that Los Campeones purchased the real property, and the amenities of the Valley Inn & Country Club, that purchase did <u>not</u> include <u>all common</u> areas previously owned by the developer, VIP fka VICC. While not an easy position to evaluate, this position is upheld by an intensive examination of the various organizational documents of the multitude of <u>different</u> corporations which comprise the <u>various</u> developers in the subject area (most of which were not <u>successors</u> to a predecessor company but are separate corporations),as well as intensive examination of the various Condominium Declarations and Deeds, all of which are attached as Exhibits to Plaintiffs' Amended Complaint.

## Recommendation B: Los Campeones did not illegally exercise any rights that belonged to RGVICC.

The Magistrate Judge's Report rests on the proposition that RGVICC is referred to as the "Corporation" for the purposes of the covenants. However, this position totally ignores that the fact that RGVICC is and was a totally separate and distinct corporation from VIP fka VICC. There is no summary judgment evidence that these corporations are legal predecessors or legal successors. The rights of one corporation are not simply handed over to another with the observance of legal formalities, which do not exist in this case.

## **Recommendation C:** Los Campeones did not undertake actions in contravention of the Condominium Declarations or in contravention of the Texas Condominium Act or the Uniform Condominium Act.

The Magistrate Judge's Report rests solely on the partial citation of Section 82.006 of the Tex. Prop. Code (otherwise known at the Uniform Condominium Code), while totally ignoring other provisions of the Texas Property Code. Section 82.006, as cited, states:

> A zoning, subdivision, building code, or other real property use law, ordinance, or regulation may not prohibit the condominium form of ownership ... *[o]therwise, this chapter does not invalidate or modify any provision of any zoning, subdivision, building code, or other real property use law, ordinance, or regulation.* (Emphasis in the Magistrate's Judge's Report cite).

The Magistrate Judge's Report therefore concluded that the Condominium Declarations are subject to existing recorded subdivision covenants and restrictions. And therefore did not alter or diminish the powers under the Covenants granted to VIP fka VICC or its successor, whomever that may be. This position completely ignores the overall purpose of the Texas Condominium Act and the Texas Uniform Condominium Act, both of which are applicable, either in whole or in part, to the condominium portions of real property the subject of certain of the Plaintiffs' Complaint. Once the developer(s) writes and records the Condominium Declaration, the condominium group covered in <u>each, separate declaration</u> are subject to the Covenants and Restrictions of the Declaration, and not the original covenants and restrictions. It is subject to the Covenants and Restrictions of the ***Condominium Declaration*** that unit owners take possession. <u>Raymond v. Aquarius Condominium Owners Association, Inc.</u>, 662 S.W.2d 82, 87 (Tex. App.—Corpus Christi 1983, no writ); <u>Board of Directors of By the Sea Council of Co-Owners, Inc. v. Sondock</u>,

644 S.W.2d 774, 780 (Tex.App.—Corpus Christi 1982, writ ref'd n.r.e.). But that is <u>not</u> the issue at hand.

The issue is that by making a Condominium Declaration as to certain properties, the developer(s) are subject to the Texas Condominium Act (Tex. Prop. C. §81.001, *et. seq.*) and the Texas Uniform Condominium Act (Tex. Prop. C. §82.001, *et. seq.*) as concerning issues of <u>management of the condominiums and the subsequent enforcement of granted liens powers</u>. Plaintiffs' argument in this matter is upheld by §§ 81.202 and 82.053 (c) of the Tex. Prop. Code, and other applicable sections within the Acts:

> The bylaws of a condominium regime govern the administration of the buildings that comprise the regime. §81.202
>
> If there is a conflict between the provisions of the declaration and bylaws, the declaration prevails *except to the extent the declaration is inconsistent with this chapter.*" §82.053(c) (emphasis added).

A condominium is governed by a counsel of owners (§81.201 and §82.102) as defined in §81.002(4) Tex. Prop. C.), **not** as dictated by the Developer, for in this regard the Condominium Declaration/Regime/Bylaws are inconsistent with the Texas Condominium Act and the Texas Uniform Condominium Act. Once a developer has filed a condominium regime, it is the owners association that has the right of enforcement of liens for assessments and maintenance of the common areas belonging to the condominium. "The <u>association's lien</u> for assessments <u>is created by recordation of the declaration</u>, which constitutes record notice and perfection of the lien. ..." (emphasis added) (§82.113(c). "The membership of the association at all times consists exclusively of all the unit owners ..." (§82.101). Furthermore, " 'unit' means a physical portion of the condominium designated for separate ownership or occupancy, the boundaries of which are described by the declaration." (§82.003(23)) AND " 'unit owner' means a

declarant or other person who owns a unit, or a lessee of a unit in a leasehold condominium whose lease expires simultaneously with any lease the expiration or termination of which will remove the unit from the condominium." (§82.003(24)). Therefore Los Campeones undertook actions violative of the Texas Condominium Act and the Texas Uniform Condominium Act. Additionally, because of the statutory provisions cited herein, the former district state court state ruling as to "what constitutes a unit" and how to split a unit's votes is bad law as it ignores the plain language of the Condominium Acts, set forth for specifically that purpose; and thus are subject to collateral attack in Plaintiffs' Complaint herein.

**Recommendation D:  Defendants Nancy Jeanette Bailey and Ken Plasterer are entitled to summary judgment because the summary judgment evidence demonstrates that Bailey was not the alter-ego of Los Campeones and that the (sic) Bailey and Plasterer did not conspire with each other or with Los Campeones to injure the plaintiffs.**

The Magistrate Judge's Report on this issue is entirely based upon the lack of summary judgment evidence supporting Plaintiffs' allegations. However, Plaintiffs' have from the initial filing of Defendants' Motion for Summary Judgment claimed that the summary judgment motion was premature because Plaintiffs have not been allowed to go forward with the necessary discovery in order to produce the evidence. The issue of the lack of a scheduling order, and the ability or inability of proceeding with discovery has been raised at hearings and in chambers but has never been resolved. Rather "a wait and see attitude has prevailed". To grant summary judgment on the lack of evidence, when Plaintiffs have not been allowed to go forward with discovery is not an act in the interest of justice and goes against the summary judgment standard of viewing summary

judgment evidence in the light most favorable to the nonmovant. Plaintiffs are the nonmovants.

Ruling on the summary judgment motion is premature until Plaintiffs are allowed to complete all reasonable discovery processes. Plaintiffs have raised genuine issues of material fact which deny Defendants entitlement to judgment as a matter of law.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs object to the Magistrate Judge's Report and Recommendations" and respectfully pray that Defendants' Motion for Summary Judgment be denied, or in the alternative, the ruling on the summary judgment motion be held in abatement until a proper scheduling order is developed and Plaintiffs permitted to complete discovery in this matter.

RESPECTFULLY SUBMITTED,

*Christopher Lee Phillippe*
Christopher Phillippe
Fed. Bar No. 709
Law Offices of Christopher Phillippe
307-3 McFadden Drive,
Brownsville, Texas 78520
(956) 544-6096
(956) 982-1921
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiffs' Motion for Leave to Amend Complaint has been served upon Mr. Norton A. Colvin, Jr., of Rodriguez, Colvin & Chaney, L.L.P., 1201 East Van Buren, P.O. Box 2155, Brownsville, Texas 78522; facsimile: (956) 541-2170; Mr. Ernesto Gamez, Jr., of the Law Offices of Ernest Gamez, Jr. P.C., 777 E. Harrison, Brownsville, Texas 78520-7118; facsimile: (956) 541-7694; and Mr. William A. Faulk, Jr. of Rentrfro, Faulk & Blakemore, L.L.P., 185 E. Ruben M. Torres, Sr. Blvd., Brownsville, Texas 78520-9135; facsimile: (956) 541-9695, either by facsimile, hand

delivery, or certified mail, return receipt requested on this 21st day of November, 2001.

*Christopher Lee Phillippe*
Christopher Phillippe